# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, NATIONAL CONSUMER LAW CENTER, and ALLIANCE FOR JUSTICE, for themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Defendant*. | Case No. 16-745 |

**DECLARATION OF DEEPAK GUPTA IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Deepak Gupta, declare as follows:

1.      I am lead counsel for the plaintiffs. This declaration details my experience,

and that of my firm, relevant to this litigation. In particular, this declaration highlights

our distinctive experience with a relatively rare type of litigation—nationwide class

actions against the federal government under the Tucker Act and Little Tucker Act:

- A case in which our firm successfully represented a class of all of the nation's federal bankruptcy judges and their surviving spouses, estates, and beneficiaries, recovering $56 million in illegally withheld judicial pay and benefits;

- A case in which I successfully represented a class of veterans challenging the Army Air Force Exchange Service's withholding of federal benefits to collect old debts arising out of purchases of military uniforms, recovering $7.4 million in illegal charges;

- A case in this Court, recently granted class certification by Judge Lamberth, in which our firm (with co-counsel at Motley Rice) represent tax preparers bringing illegal-exaction claims to recover unlawfully excessive fees paid to the IRS.

This declaration also details the qualifications of two colleagues with whom I am working

closely on this case: Jonathan Taylor and Rachel Bloomekatz. Mr. Taylor is a principal of

the firm who has played a leading role in all aspects of the judicial-compensation and IRS-fee cases, and will be playing a similar role here. Ms. Bloomekatz, also a principal, has been assisting us on legal issues in this case, and will continue to do so.

2.      In addition, this declaration discusses the qualifications of two other co-counsel: Michael Kirkpatrick, a former senior trial lawyer at the U.S. Department of Justice who currently co-directs Georgetown Law's Institute for Public Representation, and Brian Wolfman, a class-action expert currently at Stanford Law School, who worked with me on the veterans' benefits and judicial-compensation cases.

2.      We envision this team working in concert to litigate the case, along with the other co-lead firm, Motley Rice LLC. Our team will take a lead role in briefing, argument, research, and legal analysis, while Motley Rice will take a lead role in case management and discovery and, if necessary, trial or settlement of the case.

### My Background and Relevant Experience

2.      I am the founding principal of Gupta Wessler PLLC, a boutique law firm in Washington, DC, focusing on Supreme Court, appellate, and complex litigation on behalf of plaintiffs and public-interest clients, with an emphasis on class actions and constitutional law. I have also taught courses on public interest law and appellate advocacy as an adjunct professor at both Georgetown and American universities. My complete biography is attached as Exhibit A.

3.      Class actions are a particular focus of my work. I have argued numerous appeals on class-action issues at all levels of the federal courts, and much of our firm's docket is occupied by appeals arising from class actions. As described more fully below, our firm also initiates select class-action cases, like this one, from the ground up—typically in collaboration with large, sophisticated class-action firms like Motley Rice.

4.     ***Bankruptcy Judges' Compensation Litigation.*** In November 2012, I was approached by the National Conference of Bankruptcy Judges about whether I would agree to represent the nation's federal bankruptcy judges in preparation for class-action litigation over salary and benefits that the United States allegedly owed to the judges and their beneficiaries. Over a number of years, Congress had violated the U.S. Constitution's Compensation Clause with respect to the salaries of federal district judges. The bankruptcy judges wanted to explore potential statutory claims, under the Tucker Act, arising from those constitutional violations. The Conference had appointed members of a litigation committee, led by Chief Bankruptcy Judge Barbara Houser of the Northern District of Texas (herself a former experienced complex litigator).

5.     This committee of federal bankruptcy judges conducted a nationwide search for the counsel most qualified to represent them. They sought lawyers experienced in both litigation with the federal government and class actions, and capable of handling any appellate proceedings. After soliciting recommendations and interviewing several firms, they chose our firm to represent them and asked me to serve as lead counsel.

6.     As a result, between 2012 and the present, our firm has served as sole counsel to a certified nationwide class of current and former federal bankruptcy judges and their surviving spouses, life-insurance beneficiaries, and estates in *Houser v. United States*, No. 13–607C (Fed. Cl.)—one of the few certified class actions of federal judges in U.S. history. We litigated the case from start to finish, ultimately securing a judgment of approximately $56 million in November 2014 in the Court of Federal Claims, and working thereafter to administer a comprehensive claims process.

7.     I served as lead class counsel in *Houser*, working closely with Jonathan Taylor. Brian Wolfman also assisted on various legal issues that arose throughout the

litigation. The case required us to interact on a constant basis with our counterparts at the Department of Justice. Our formal litigation work eventually included successful briefing and argument on the government's motion to dismiss, cross-motions for summary judgment on liability, a motion for class certification, and a class-notice plan. Our work did not end with the certification of a class and the court's determination of liability. To the contrary, we retained damages experts, vetted the government's damages calculations, continued to respond to class members' inquiries, and negotiated with the government over a stipulated judgment and a class-claims process that has delivered our clients one hundred cents on the dollar.

8.      In recognition of our successful efforts in the litigation, Mr. Taylor and I both received the President's Award from the National Conference of Bankruptcy Judges. On March 22, 2016, *The American Lawyer* reported on our role in this litigation, observing that "[i]t's hard to imagine a higher compliment than being hired to represent federal judges" in this important class-action litigation against the United States.

9.      ***IRS Tax Preparer Fees Litigation.***  We currently serve as co-counsel for the plaintiffs in *Steele v. United States*, No. 14-cv-01523-RCL (D.D.C.), another case in this Court with many similarities to this litigation. In that case, we represent a certified nationwide class of tax-return preparers suing the federal government under the Little Tucker Act for excessive user fees.

10.      As in the litigation here, the plaintiffs in *Steele* bring an illegal-exaction claim against the government. A team from the national class-action firm Motley Rice LLC (co-lead in this case) serves as lead counsel in *Steele*, and brought us into the case because of our relevant expertise with litigation involving the federal government. On June 30, 2015, Judge Lamberth issued a decision appointing our team as interim class

counsel in *Steele*. In his decision, he noted that he was "thoroughly impressed by the qualifications" of counsel—including previous work on "class actions against the government" and "illegal exaction claims." *Steele*, Dkt. 37, at 7. On February 9, 2016, Judge Lamberth certified a nationwide class and named us class counsel. Dkt. 54

11. ***Experience Defending the Federal Government in Litigation.*** Before founding Gupta Wessler in 2012, I served as Senior Litigation Counsel in the U.S. Department of the Treasury, setting up the new Consumer Financial Protection Bureau (CFPB), and then in the Office of the General Counsel at the CFPB, where I successfully defended the agency in litigation. That work included serving as lead counsel in a successful defense in this Court—against an APA and Fifth Amendment challenge—of federal regulations that established nationwide licensing and regulation of mortgage brokers for the first time. *Neighborhood Assistance Corp. of Am. v. Consumer Fin. Prot. Bureau*, 907 F. Supp. 2d 112 (D.D.C. 2012). I was also responsible for setting up the new agency's appellate litigation and amicus programs, and working with the Office of the Solicitor General on cases before the U.S. Supreme Court. Finally, my duties included advising senior government officials on issues of constitutional and administrative law, including issues related to the launch of the new federal agency. *See* Deepak Gupta, *The Consumer Protection Bureau and the Constitution*, 65 ADMIN. L. REV. 945 (2013).

12. Before my stint in government service (and following my federal judicial clerkship), I spent seven years at Public Citizen Litigation Group in Washington, DC—one of the nation's preeminent public-interest organizations. There, as a staff attorney and director of the Consumer Justice Project, I focused on litigating cutting-edge class actions and appeals nationwide. I also spent my first year at the organization as the Alan Morrison Supreme Court Fellow, working on litigation before the U.S. Supreme Court.

13.    ***Veterans' Withholding Litigation.*** Much of my litigation at Public Citizen involved the federal government. In *Briggs v. Army & Air Force Exchange Service*, No. C 07–05760, 2009 WL 113387 (N.D. Cal. Jan. 16, 2009), for example, I successfully represented a nationwide class of veterans challenging the government's illegal withholding of federal benefits to collect old debts arising out of purchases of military uniforms. I took the lead in briefing and arguing several issues relevant to this litigation— including Little Tucker Act jurisdiction, and the interaction between the class-action device and the special venue rules applicable to the federal government. My co-counsel and I ultimately obtained a $7.4 million settlement for our clients.

14.    I also served as lead counsel for three national consumer groups in a successful and groundbreaking APA unreasonable-delay suit against the U.S. Department of Justice, resulting in the creation and implementation of the National Motor Vehicle Title Information System. *See Public Citizen, et al v. Mukasey*, 2008 WL 4532540 (N.D. Cal.).

15.    Finally, I served as co-counsel (with lead counsel Michael Kirkpatrick) in a case in which we successfully represented survivors of Hurricanes Katrina and Rita in an APA and constitutional due-process challenge to FEMA's denial of federal disaster assistance. *See Ass'n of Community Orgs. for Reform Now v. Fed. Emergency Mgmt. Agency*, 463 F. Supp. 2d 26 (D.D.C. 2006).

**Jonathan Taylor**

17.    As he has in the bankruptcy judges' and IRS fees litigation, Jonathan Taylor will play a key role in assisting me on all aspects of this litigation. Mr. Taylor was the lead associate representing the class in *Houser*, and is now a principal of Gupta Wessler. He drafted most of the pleadings and briefing in the bankruptcy judges' litigation, and assumed a lead role in working with the Department of Justice throughout

the litigation. Mr. Taylor has also personally argued two appeals involving administrative-law issues and has briefed numerous appeals arising out of class actions in the federal courts, including one that he argued before the Ninth Circuit earlier this year.

18.     Mr. Taylor is a graduate of Harvard Law School who clerked for a judge on the U.S. Court of Appeals for the Sixth Circuit before joining Gupta Wessler. His law firm biography is attached as Exhibit B.

**Rachel Bloomekatz**

18.     We expect that Rachel Bloomekatz, also a principal at Gupta Wessler, will be working with us on various legal issues as the case moves forward.

19.     Ms. Bloomekatz is a gradate of UCLA who has completed judicial clerkships on the Supreme Court of the United States, the Massachusetts Supreme Judicial Court, and the U.S. Court of Appeals for the Second Circuit. She recently joined Gupta Wessler from the Issues and Appeals group at Jones Day, where she worked on class-action issues for defendants in a variety of cases. Ms. Bloomekatz's law firm biography is attached as Exhibit C.

**Brian Wolfman**

19.     In addition to our core team at Gupta Wessler, we expect to consult on this litigation with Brian Wolfman, who is currently Professor of the Practice of Law at Stanford Law School. Mr. Wolfman is also a Lecturer on Law at Harvard Law School, where he has taught a course on appellate advocacy for over a decade. He was previously a professor at Georgetown Law, where he also taught the standard course on Federal Courts. Mr. Wolfman's biography and curriculum vitae are attached as Exhibit D.

20.     In addition to his recent work on *Houser*, on which he spent significant time analyzing the legal issues and reviewing the pleadings and motions filed, Mr. Wolfman

has unusually extensive experience litigating cases against the federal government. He is the former Director of Public Citizen Litigation Group, where he worked with me on numerous cases, including *Briggs*, argued several cases against the federal government in the U.S. Supreme Court, and litigated many complex cases against the federal government in the lower courts.

22.    Mr. Wolfman is also a nationally recognized expert on class actions. He served as Advisor to the American Law Institute's PRINCIPLES OF THE LAW OF AGGREGATE LITIGATION (2010), a pathbreaking project akin to a restatement of the law of class actions. He has also testified before Congress on class actions, before the Civil Rules Committee of the Judicial Conference on proposed amendments to Rule 23, and before the Third Circuit Task Force of the Selection of Class Counsel at the request of Chief Judge Edward M. Becker.

### Michael Kirkpatrick

23.    Mr. Kirkpatrick, an experienced class-action litigator—and a former senior trial attorney at the Civil Rights Division of the U.S. Department of Justice—is also working as co-counsel with the team at Gupta Wessler on this litigation. Currently a co-director of Georgetown Law's Institute for Public Representation, Mr. Kirkpatrick has also worked as an attorney with Public Citizen Litigation Group and Texas RioGrande Legal Aid. He focuses his practice on class actions, administrative law, constitutional law, and civil rights. Mr. Kirkpatrick's curriculum vitae is attached as Exhibit E.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

*/s/ Deepak Gupta*

Executed on May 2, 2016.                                 _____

Deepak Gupta

# EXHIBIT A

Gupta / Wessler

Browse: Home » People » Deepak Gupta

# DEEPAK GUPTA

deepak@guptawessler.com

**T**el.  202.888.1741 | **F**ax  202.888.7792 | 1735 20th Street, NW, Washington, DC 20009

Legal Assistant: Stephanie Garlock, stephanie@guptawessler.com

Testimonials | Supreme Court Cases | Appeals | Other Litigation | Speaking Appearances



Deepak Gupta is the founding principal of Gupta Wessler PLLC. He specializes in Supreme Court, appellate, and complex litigation on a wide range of issues, including constitutional law, class actions, access to the civil justice system, and consumers' and workers' rights. He has also taught courses on public interest law and appellate advocacy as an Adjunct Professor of Law at both Georgetown and American universities.

Judges and lawyers alike praise Deepak's clear and simple writing style, and the *National Law Journal* has singled out his "calm, comfortable manner that conveys confidence" in oral argument. He has personally handled well over a hundred appeals, and has briefed or argued cases before the U.S. Supreme Court, all of the federal circuits, federal district courts nationwide, and seven state supreme courts. He has successfully opposed dozens of significant petitions for certiorari in the Supreme Court, preserving important victories for plaintiffs and the public interest. In a small number of cases, Deepak also works with clients and co-counsel to initiate constitutional challenges and class actions from the ground up.

Deepak's clients have included sitting federal judges, members of Congress, classes of consumers and workers, technology companies, retail merchants, professional athletes, individual lawyers, and national non-profit organizations. He is frequently sought out by leading trial lawyers to defend their clients' most consequential victories or to resurrect worthy claims on appeal, often after years of hard-fought, high-stakes litigation. He approaches each matter with a fresh perspective, a bird's-eye view of the law, and a creative and strategic sense of how to reframe the issues for success on appeal.

Recent highlights include:

- As lead counsel to a certified class of federal judges (one of the few such classes in U.S. history), obtained a $56 million judgment arising out of Congress's violation of the

Constitution's Comparative Clause, Received the
President's Award from the National Conference of
Bankruptcy Judges for his work on this litigation

- As lead appellate counsel to 34 former professional football
  players, currently challenging the proposed class-action
  settlement of claims that the NFL deliberately hid the long-
  term dangers of concussions

- As appellate counsel to Everytown for Gun Safety–the
  nation's largest gun-violence-prevention organization–
  opposing Second Amendment challenges to common-sense
  gun laws, such as waiting periods and public-carry
  restrictions

- As counsel to the family of an unarmed Mexican teenager
  shot by a U.S. border patrol agent, petitioning the U.S.
  Supreme Court to clarify whether the Constitution applies
  to a no-man's land along the U.S.-Mexico border

- As lead counsel to merchants in the wake of the $7 billion
  Visa swipe-fee antitrust settlement, designed and
  successfully prosecuted First Amendment challenges to
  credit-card surcharge statutes in New York and California,
  currently defending those victories on appeal, and arguing
  parallel appeals over identical Texas and Florida statutes

- As lead appellate counsel in *Chevron v. Donziger*, opposed
  Chevron's efforts to collaterally attack an $8.6 billion oil
  pollution judgment won by indigenous residents of
  Ecuador's Amazon rainforest

- As appellate counsel to a coalition of tech companies and
  non-profits, defending the FCC's net-neutrality rule in the
  D.C. Circuit

- As an advocate in key battles over forced arbitration, argued
  before the U.S. Supreme Court for the respondents in *AT&T
  Mobility v. Concepcion,* represented a nationwide class of
  merchants in *American Express v. Italian Colors,* and
  supported policy solutions through Congress and the
  Executive Branch

- As appellate counsel in major wage-and-hour cases,
  successfully obtained a Second Circuit ruling that a New
  York billionaire was personally liable to his workers for $3.5
  million in Fair Labor Standards Act violations, and
  challenged Major League Baseball's claim that its
  promotional events are exempt from the FLSA

- As counsel to an information-services company, briefed and
  argued a U.S. Supreme Court case on the reach of the
  Constitution's Privileges and Immunities Clause and
  dormant Commerce Clause

Before founding the firm in 2012, Deepak served as Senior
Litigation Counsel and Senior Counsel for Enforcement Strategy
at the Consumer Financial Protection Bureau during the agency's
historic founding. As the first appellate litigator hired under
Elizabeth Warren's leadership, he was instrumental in launching

the Bureau's amicus program, defending its regulations in court,
and working with the Solicitor General's office on Supreme Court
matters. For seven years previously, Deepak was an attorney at

Public Citizen Litigation Group, where he worked as a director of the Consumer Justice Project and was the Alan Morrison Supreme Court Project Fellow.

During law school, Deepak worked on voting rights litigation at the U.S. Department of Justice, church-state litigation at Americans United for Separation of Church and State, and prisoners' rights litigation at the American Civil Liberties Union, and then spent two years as a law clerk to the Honorable Lawrence K. Karlton of the U.S. District Court for the Eastern District of California. He received his law degree from Georgetown, studied Sanskrit for one year at Oxford, and received his undergraduate degree in philosophy from Fordham, where he was elected to Phi Beta Kappa and competed in numerous parliamentary debate tournaments including the World Universities Debating Championships in Manila, Philippines and Athens, Greece.

In addition to his litigation work, Deepak has testified before the U.S. Senate and the U.S. House of Representatives, appeared on television and radio including CNN, FOX News, ABC's *World News* and *Good Morning America*, and NPR's *All Things Considered* and *Marketplace*, and has been quoted regularly by publications including *The New York Times*, *Washington Post*, *Los Angeles Times*, *Wall Street Journal*, and *USA Today*. Deepak occasionally writes for *Consumer Law & Policy Blog* and *SCOTUSblog,* participates in moot courts at Georgetown's Supreme Court Institute, and frequently speaks at legal conferences and law schools on topics including the Supreme Court, class actions, and consumers' and workers' rights. He is a member of the Board of Directors of the Alliance for Justice.



Deepak Gupta



---

*"Deepak possesses sharp legal acumen, an invaluable strategic sense, a clear, uncluttered and persuasive writing style, and an easy manner that makes him a pleasure to work with. He is one of the few lawyers I know who can distill the essence of a complicated issue into a couple of sentences, and propose the resolution of that issue in both an evocative and logically appealing argument."* – John Roddy, Partner, Bailey & Glasser, Boston, MA

*"Deepak Gupta is truly one of the finer appellate lawyers in the country, with an abiding interest in consumer rights and justice. I have been lucky enough to have worked with him on several cases, and he may be the best lawyer I have ever worked with. He has my unhesitating endorsement." – Paul Arons, Friday Harbor, WA*

*"Deepak is an extraordinary attorney, with great strategic vision and deep insights into effective advocacy. He is one of the most capable lawyers with whom I have worked, and a person with a strong moral compass and enormous integrity." – Paul Bland, Executive Director, Public Justice*

*"Deepak is a brilliant, tireless advocate for consumers. In a matter he handled in the United States Supreme Court, he gave one of the best-prepared, most compelling arguments I'd ever heard. Put simply, Deepak is an outstanding lawyer." – Jeffrey Fazio, Partner, Fazio Micheletti LLP, San Ramon, CA*

*"Deepak is an outstanding attorney and a quick study who possesses a strong working knowledge of Supreme Court practice. His analytical and brief writing skills are excellent! In addition to all of this, Deepak is a great guy with whom I really enjoyed working." – M. Reid Estes, Member, Dickinson Wright, Nashville, TN*

*"Deepak and his team handled an appeal before the Supreme Court of the United States for our firm and our clients, from start to finish, including oral argument before the High Court. We worked closely together for over one year and I had the privilege of seeing first hand the exceptional and detail-oriented approach Deepak brought to this all-important task. His work product was and is of the highest caliber and was met or exceeded only by his professionalism and enthusiasm for the task." – Alex Tomasevic, Nicholas & Butler, LLP, San Diego, CA*

*"Deepak is an exceedingly bright, thoughtful, and resourceful attorney. I had the pleasure of seeing him argue before the U.S. Supreme Court and with humility and grace, he dominated the courtroom and easily outperformed his prestigious adversary. Beyond the argument, Deepak has always impressed me with his ability to quickly grasp and articulate complex concepts and demonstrate excellent judgment in his dealings with co-counsel and adversaries. I have no doubt that he will accomplish much over his career. Deepak has the skills and strong moral compass to be*

*a true leader and credit to our profession. He has my respect and highest recommendation." – Steve Berk, Principal, Berk Law, Washington, DC*

*"Deepak Gupta has a well deserved reputation as one of the best and brightest consumer lawyers in the*

*country. He has a gift for thinking of the policy ramifications, issues, and arguments. Like a master chess player he is able to think several steps ahead of most people to anticipate adversaries, judges, and other people. Mr. Gupta quickly gets to the heart of complex legal issues. He is able to communicate issues in a compelling persuasive manner that the average lay person can understand and appreciate. If I were assembling a team of top lawyers for an important case, he is one of the first people that I would pick to be on my team. He is a capable and dedicated advocate for consumer rights." – Michael Halbfish, Woodbridge, New Jersey*

*"Deepak is an excellent attorney. I have relied on his counsel on several health policy issues. His advice was instrumental in helping us craft a strong national menu labeling bill, which was signed into law in March 2010." – Margo Wootan, Ph.D., Director of Nutrition Policy, Center for Science in the Public Interest, Washington, DC*

*"Deepak is an outstanding appellate advocate who has expansive knowledge of consumer issues, preemption law, and federal courts. He is a top-notch lawyer." – Michael Donovan, Managing Principal, Donovan Axler, LLC, Philadelphia, PA*

*"Deepak is an extraordinary appellate advocate. Through his excellent writing, he reduces complex legal theories to clear and easily comprehensible arguments. Deepak's creativity and extensive knowledge of substantive constitutional law and appellate procedure make him an exemplary consumer and plaintiff's advocate." Nina Simon, former Director of Litigation, Center for Responsible Lending*

*"Deepak Gupta ranks among the brightest, most articulate and astute lawyers in the consumer law field today. His appellate briefwriting is insightful, focused, and highly persuasive. It has been a pleasure to get to work with him." – Bob Hobbs, National Consumer Law Center, Boston, MA*

*"Deepak is one of the most insightful and dedicated lawyers I have ever encountered. His passion for his work manifests in every aspect of the cases he litigates. On several occasions, I have read and discussed at length multiple drafts of a single sentence in a brief. One can see the result of such single-minded focus in Deepak's performance in the Supreme Court case of AT&T v. Concepcion, in which an entire team of lawyers was unable to match Deepak's preparation for and mastery of the case." – Michael Page, Williams & Connolly, Washington, DC*

*"Deepak is one of the nation's most well-respected consumer advocates. I've known Deepak for more than 15 years and, more recently, have worked with him on several projects. In 2005, 2007, and 2010, he assisted*

*me in preparing to argue three cases before the U.S. Supreme Court involving the federal regulation of employer provided health insurance or retirement benefits. Each time, Deepak's input and advice was invaluable. Subsequently, I watched as Deepak litigated AT&T Mobility v. Concepcion before the Court. I couldn't image a better choice to represent the interests of consumers in that landmark case. Deepak is a fantastic attorney with a unique combination of talent and experience." – Peter Stris, Principal, Stris & Maher, Los Angeles, CA*

*"Deepak is one of the most brilliant people I know. He is an amazing writer who can say clearly what most people write in a confusing manner. He is committed to consumer issues and to businesses doing the right thing. He is an effective appellate advocate who is a force to be reckoned with. If you have an appeal that you need help with or stakes are high and you need the court to 'get it right,' call Deepak. You won't go wrong." – Ronald Frederick, Frederick & Associates, Cleveland, OH*

*"Gupta has a calm, comfortable manner that conveys confidence [in oral argument.] . . . No one who knows Gupta seems to doubt that he can make the case against preemption." – The National Law Journal*

---

### Cases Briefed and Argued

#### U.S. Supreme Court Cases

**Hernández v. Mesa** (In the case of the cross-border shooting of an unarmed Mexican teenager by a U.S. Border Patrol agent, does the Fourth Amendment apply extraterritorially and does the officer enjoy qualified immunity?) (counsel for petitioner)

**Triple Canopy v. United States ex rel Omar Badr** (Is a defense contractor liable under the False Claims Act, on a "false certification" theory, for defrauding the U.S. military out of $10 million dollars worth for security services at an airbase in Iraq?) (counsel for respondents)

**Zwicker & Associates v. Wise** (whether the *Noerr-Pennington* doctrine and the Petition Clause of the First Amendment preclude liability under the Fair Debt Collection Practices Act for attorney conduct in collection litigation)

**U.S. Legal Services Group v. Atalaese** (Does the Federal Arbitration Act prevent the New Jersey Supreme Court from declining to enforce an arbitration agreement on the grounds that it fails to inform consumers that they are giving up their right to go to court?) (counsel for successful respondents at petition stage)

**Penske v. Dilts** (Does the federal law that deregulated the trucking industry preempt longstanding state law requiring employers to provide meal and rest breaks to employees?) (lead counsel for successful respondents at petition stage)

**Spokeo v. Robins** (To what extent does Congress have the power to create injuries cognizable under Article III?) (lead counsel for respondent at petition stage)

**Texas Department of Housing v. Texas Inclusive Communities Project** (Are disparate-impact claims cognizable under the Fair Housing Act?) (lead counsel for current and former Members of Congress, presenting historical analysis ultimately adopted in the Court's opinion)

**Keiran v. Home Capital** (Is written notice within three years of consummation of the loan sufficient to exercise the right to rescind under the Truth in Lending Act or does the consumer also need to sue for rescission within that three-year period?) (lead counsel for petitioners)

**Republic of Argentina v. NML Capital Ltd.**, 134 S.Ct. 2819 (2014) (interpretation of sovereign bonds in litigation arising out of Argentina's fiscal crisis) (lead counsel for amicus Joseph Stiglitz, Nobel laureate in economics and former President of the World Bank)

**Mount Holly v. Mount Holly Gardens Citizens,** 134 S. Ct. 636 (2013) (Are disparate-impact claims cognizable under the Fair Housing Act?) (lead counsel for current and former Members of Congress)

**Geneva-Roth Ventures v. Kelker,** 134 S. Ct. 734 (2013) (Did the Montana Supreme Court run afoul of the Federal Arbitration Act in refusing to enforce an arbitration clause in an online payday loan contract?) (lead counsel; obtained favorable settlement after filing brief in opposition but before Court's consideration of the petition)

**Charvat v. First National Bank**, 134 S. Ct. 1515 (2014) (To what extent does Congress have the power to create injuries cognizable under Article III?) (lead counsel for respondents; successful brief in opposition)

**Catsimatides v. Irizarry**, 134 S. Ct. 1516 (2014) (To what extent does the Fair Labor Standards Act authorize personal liability for owners or officers of corporate employers?) (lead counsel for respondents; successful brief in opposition)

**Zinni v. Convergent Outsourcing**, 133 S. Ct. 2337 (2013) (Does a defendant's informal, unaccepted offer to settle a plaintiff's Fair Debt Collections Practices Act claims deprive a federal district court of jurisdiction to decide those claims, where the defendant has neither tendered the offered settlement amount nor agreed to entry of an enforceable judgment?) (co-counsel; successful brief in opposition)

**McBurney v. Young**, 133 S. Ct. 1709 (2013) (Does a state law restricting public-records access to citizens of that state violate the Privileges and Immunities Clause or dormant Commerce Clause of the U.S. Constitution?) (lead counsel; briefed and argued on the merits)

**American Express v. Italian Colors (In re American Express Merchants Litigation),** 133 S. Ct. 2304 (2013) (May an arbitration clause preventing class-action litigation be held unenforceable where it would effectively preclude any action seeking to vindicate the plaintiffs' federal statutory rights?) (co-counsel at certiorari and merits stage)

**First American Financial v. Edwards**, 132 S. Ct. 2536 (2012) (Do consumers have Article III standing to seek statutory damages for a violation of an anti-kickback statute where they allege kickbacks but no effect on the price or quality of services?) (dismissed as improvidently granted) (co-counsel for

**Freeman v. Quicken Loans,** 132 S. Ct. 2034 (2012) (Does the Real Estate Settlement Services Act prohibit a defendant from charging fees for services it did not perform, or does the Act prohibit only arrangements in which the defendant shares fees with another company?) (co-counsel for United States)

**Mims v. Arrow Financial Services,** 132 S. Ct. 740 (2012) (Do state and federal courts have concurrent jurisdiction over private actions under the

Telephone Consumer Protection Act?) (lead counsel at petition stage; successful petition for certiorari)

**Compton Unified School District v. Starvenia Addison,** 132 S. Ct. 996 (2012) (Are claims under the Individuals with Disabilities Education Act limited to intentional conduct?) (lead counsel; successful brief in opposition)

**AT&T Mobility v. Concepcion,** 131 S. Ct. 1740 (2011) (Are state-law decisions striking down class-action bans as unconscionable preempted by the Federal Arbitration Act?) (lead counsel; briefed and argued on the merits)

**Chase Bank USA v. McCoy,** 131 S. Ct. 871 (2011) (Do Truth-in-Lending regulations require notice of a credit-card rate increase, where the cardholder agreement authorizes a maximum default rate?) (co-counsel at the merits stage; lead counsel at petition stage)

**Mills v. Midwest Title Loans,** 131 S. Ct. 83 (2010) (Is an Indiana law regulating car title loans unconstitutional extraterritorial regulation under the dormant Commerce Clause?) (lead counsel for cert-stage amici)

**U.S. Bank National Association v. Thomas,** 130 S. Ct. 3504 (2010) (Are state-law usury claims against federally insured state-chartered banks completely preempted by the Federal Deposit Insurance Act?) (lead counsel for respondents; successful brief in opposition)

**Rent-a-Center v. Jackson,** 130 S. Ct. 2772 (2010) (May an arbitration agreement delegate the question of the arbitration agreement's validity to the arbitrator?) (co-counsel at merits stage)

**Stolt-Nielsen v. Animalfeeds International,** 130 S. Ct. 1758 (2010) (Where the parties have asked the arbitrators to decide whether class arbitration is permissible and the arbitrators have answered in the affirmative, have the arbitrators exceeded their powers?) (amicus at merits-stage)

**Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA,** 129 S. Ct. 2863 (2009) (Is ignorance of the law a complete defense to civil liabilty for abusive collection practices?) (lead counsel for amici national consumer groups at merits stage)

**Cassens Transport Co. v. Brown,** 130 S. Ct. 795 (2009) (May workers sue their employers for workers' compensation fraud, or are such suits reverse-preempted by the McCarran-Ferguson Act?) (lead counsel for respondents; successful brief in opposition)

**Mohawk v. Carpenter,** 130 S. Ct. 599 (2009) (Are denials of attorney-client privilege claims immediately appealable through the federal courts?) (author of successful merits briefing)

**The Coffee Beanery v. WW, Welshans, and Williams,** 130 S. Ct. 81 (2009) (May arbitration awards be vacated based on manifest disregard of the law?) (lead counsel for respondents; successful brief in opposition)

**Friends of Pinto Creek v. Carlota Copper Company,** 129 S. Ct. 896 (2009) (Did the EPA's issuance of a permit for an open-pit copper mine on one of the nation's most endangered rivers violate Clean Water Act regulations?) (lead counsel for respondents; successful brief in opposition)

**T-Mobile USA, Inc. v. Laster,** 128 S. Ct. 2500 (2008) (Are decisions striking down class-action bans as unconscionable under state law preempted by Federal Arbitration Act?) (lead counsel for respondents; successful brief in opposition)

**R.J. Reynolds Tobacco Company v. Tuazon,** 549 U.S. 1076 (2006) (Does general jurisdiction based on sales-related contacts alone violate the Due Process Clause?) (lead counsel; successful brief in opposition)

**John Hancock Insurance Company v. Patten,** 549 U.S. 975 (2006) (Should the manifest-disregard-of-law standard for judicial review of arbitration awards be narrowed?) (co-counsel, successful brief in opposition)

**Garry Ioffe v. Skokie Motor Sales, Inc.,** 546 U.S. 121 (2006) (Does the Motor Vehicle Safety and Information Act, also known as the Odometer Act, extend to title fraud unrelated to mileage?) (unsuccessful petition for certiorari)

**Dolan v. United States,** 546 U.S. 481 (2006) (To what extent does the United States Postal Service have sovereign immunity from personal-injury suits under the Federal Tort Claims Act?) (co-counsel, successful merits briefing)

**Jones v. Flowers,** 547 U.S. 220 (2006) (Does due process require the state to take additional steps to notify a property owner upon return of a certified-mail notice of a tax sale or property forfeiture?) (co-counsel, successful petition for certiorari and merits briefing)

**Will v. Hallock,** 546 U.S. 345 (2006) (Does the collateral-order doctrine allow an interlocutory appeal from a decision denying the federal government's invocation of the Federal Tort Claims Act judgment bar?) (co-counsel, successful merits briefing)

**General Motors v. Delmas Ford,** 546 U.S. 935 (2005) (Does the application of one state's law in a nationwide products-liability class action violate the Commerce Clause or Due Process Clause?) (successful brief in opposition)

**Arpaio v. Demery,** 545 U.S. 1139 (2005) (Do 24-hour Internet video broadcasts of the activities of pretrial jail detainees violate their right to substantive due process?) (successful brief in opposition)

**Bayer AG v. Paul,** 544 U.S. 919 (2005) (Do federal appellate courts have jurisdiction to review remand orders where the reasons for remand are different from those identified in the motion to remand?) (successful brief in opposition)

**SSA Gulf, Inc. v. Magee,** 544 U.S. 904 (2005) (Does the Longshore and Harbor Workers' Compensation Act completely preempt state law?) (successful brief in opposition)

**Johanns v. Livestock Marketing Association,** 544 U.S. 550 (2005) (Can an advertising program that all beef producers are compelled by the government to support can be saved from invalidation as compelled speech on

the theory that it is government speech under the First Amendment's, (pending at the briefing stage)

**Lockhart v. United States**, 546 U.S. 142 (2005) (May the federal government withhold a person's Social Security disability benefits to collect on old student loan debt?) (drafted successful petition for certiorari; case was

unsuccessful on the merits)

**Correctional Services Corporation v. Malesko**, 534 U.S. 61 (2001) (May a prisoner sue a private prison corporation under Bivens for violating his or her constitutional rights under the Eighth Amendment?) (drafted ACLU's amicus brief)

## State and Federal Appeals

**In re NFL Concussion Litigation** (3d Cir.) (lead appellate counsel to 34 former professional football players challenging the national class-action settlement of claims that the NFL deliberately hid the effects of brain injuries from concussions)

**United States Telecom Ass'n v. FCC** (D.C. Cir.) (representing intervenors defending the FCC's net neutrality rules) (counsel to Credo Mobile, Inc., Demand Progress, Fight for the Future, and ColorofChange.org, as part of a coalition of intervenor tech companies and non-profit advocacy groups)

**Wrenn v. District of Columbia** (D.C. Cir) (opposed Second Amendment challenge to District of Columbia's restrictions on the public carrying of firearms) (counsel to Everytown for Gun Safety, the nation's largest gun-violence-prevention organization)

**Chevron v. Donziger** (2nd Cir.) (lead appellate counsel for U.S. lawyer Steven Donziger, the principal defendant in Chevron Corporation's RICO action against Amazon communities and their advocates in an effort to collaterally attack an $8.6 Billion Ecuadorian judgment holding Chevron accountable for decades of pollution of an area of the rainforest the size of Rhode Island) (pending)

**Peruta v. County of San Diego** (9th Cir.) (en banc) (opposing Second Amendment challenge to California's restrictions on the public carry of firearms) (counsel to Everytown for Gun Safety)

**Silvester v. Harris** (9th Cir.) (opposing Second Amendment challenge to California's law imposing a 10-day waiting period on firearms purchases) (counsel to Everytown for Gun Safety)

**Expressions Hair Design v. Schneiderman** (2nd Cir.) (defending a victory in a constitutional challenge to New York's credit-card surcharge law, which Judge Rakoff struck down on First Amendment and vagueness grounds) (briefed and argued)

**Rowell v. Pettijohn** (5th Cir.) (appeal challenging Texas's credit-card surcharge law on First Amendment and vagueness grounds) (briefed and argued)

**Dana's Railroad v. Bondi** (11th Cir.) (successful constitutional to Florida's credit-card surcharge law on First Amendment and vagueness grounds) (briefed and argued)

**Setara Tyson v. Sterling Rental** (6th Cir) (defending favorable judgment under Equal Credit Opportunity Act and cross-appealing on application of

common-law economic loss doctrine to state statutory claims.)

**Evankavitch v. Green Tree Servicing** (3d Cir.) (successfully defended a jury verdict in an appeal raising a question of first impression under the Fair Debt Collection Practices Act: who bears the burden of proof as to whether a collector's phone calls fell within a safe harbor for contacts seeking location information?) (briefed and argued)

**Chen v. Major League Baseball** (2nd Cir.) (retained to argue appeal over whether Major League Baseball is exempt from the Fair Labor Standards Act) (briefed and argued)

**Moran v. The Screening Pros** (9th Cir.) (retained to appeal a decision striking down California's Investigative Consumer Reporting Agencies Act, one of the nation's strongest protections against abuses by background-screening companies, on due process vagueness grounds) (briefed and argued)

**Kingery v. Quicken Loans** (4th Cir) (retained to brief and argue appeal concerning a question of first impression under the Fair Credit Reporting Act: what does it mean for a mortgage lender to "use" a credit score so as to trigger disclosure requirements?) (pending)

**Cabral v. Supple** (9th Cir.) (retained to defend a district court's decision certifying a class of purchasers of Supple, a fruit juice that claims to cure

arthritis) (briefed and argued)

**Murphy v. DCI Biologicals,** (11th Cir.) (retained to seek reversal of a decision interpreting the Telephone Consumer Protection Act "prior express consent" requirement to permit implied consent to autodialed text messages based on an interpretation of Federal Communications Commission rulings) (briefed and argued)

**Hayes v. Delbert Services Corp.** (4th Cir.) (retained to brief and argue appeal over enforceability of internet payday lender's "tribal arbitration" scheme) (pending)

**Ambridge v. Alaska Trustee** (Alaska Supreme Court) (retained to defend a decision holding that foreclosure activity is covered by the Fair Debt Collection Practices Act and the state consumer-protection statute) (pending)

**Mais v. Gulf Coast Collection Bureau,** 768 F.3d 1110 (2014) (defended a decision holding that routine hospital admission forms do not supply the consent necessary to satisfy the Telephone Consumer Protection Act's "prior express consent" requirement under Federal Communications Commission rulings)

**Russell v. Absolute Collection Service, Inc.,** 763 F.3d 385 (4th Cir. 2014) (successfully obtained decision affirming jury verdict in collection-abuse case and rejecting argument that consumers must first make a dispute before invoking the protections of the Fair Debt Collection Practices Act) (briefed and argued)

**Brady v. Deloitte & Touche LLP** (9th Cir.) (retained to handle an interlocutory appeal of a decision decertifying a class of salaried non-licensed accounting firm employees alleging overtime violations) (briefed and argued)

**Dreher v. Experian** (4th Cir. 2014) (successfully defeated Experian's petition for interlocutory review, primarily on Article III standing grounds, of a decision granting class certification in a Fair Credit Reporting Act action)

**Dilts v. Penske**, 769 F.3d [...] of a string of decisions holding that a provision of the California labor code requiring meal and rest breaks is preempted, as applied to a class of truck

drivers, by the Federal Aviation Authorization Act of 1994–a transportation deregulation measure that expressly preempts state law relating to "prices, routes, or services") (briefed and argued)

**Clark v. Absolute Collection Service, Inc.**, 741 F.3d 487 (4th Cir. 2014) (prevailed on appeal in a class action under the Fair Debt Collection Practices Act on an issue that has divided the circuits: whether consumers may orally dispute the validity of a debt or whether the statute imposes a writing requirement) (briefed and argued)

**Catsimatides v. Irizarry**, 722 F.3d 99 (2nd Cir. 2013) (successfully obtained published Second Circuit decision holding that New York billionaire John Castimatides is personally liable–as an "employer" under the Fair Labor Standards Act–for millions of dollars in wage-and-hour violations to a class of workers at a chair of grocery stores that he owns; Castimatides is represented on appeal by former Solicitor General Walter Dellinger) (briefed and argued)

**Charvat v. Mutual First Federal Credit Union**, 725 F.3d 819 (8th Cir. 2013) (successfully obtained published Eighth Circuit decision reversing district court's dismissal of two consumer class actions on the grounds that that consumers lack injury-in-fact for purposes of Article III standing to pursue a claim for statutory damages arising out of federal notice requirements) (briefed and argued)

**Cabala v. Crowley**, 736 F.3d 226 (2nd Cir. 2013) (successfully obtained published Second Circuit decision holding that a defendants' offer of full relief including attorneys' fees –but lacking a formal offer of judgment — does not moot or otherwise preclude the prevailing plaintiffs' entitlement to further fees)

**Bayer v. Carrera**, 727 F.3d 300 (3d Cir. 2013) (retained to prepare petition for rehearing en banc seeking review of Third Circuit decision on "ascertainability" in consumer products class actions and organize amicus strategy; resulted in an unusual four-judge dissent from denial recommending action by the Federal Rules Committee)

**Manno v. Healthcare Revenue Recovery** (11th Cir.) (successfully opposed a petition for interlocutory review of a class certification decision)

**Crouser v. BAC Home Loans Servicing LP** (11th Cir.) (represented the debtor in an appeal raising an unsettled question of bankruptcy law: whether settlement proceeds from a violation of the automatic stay are the property of the debtors' Chapter 13 bankruptcy estate)

**Soutter v. Equifax**, 498 Fed.Appx. 260 (4th Cir. 2012) (retained, after the completion of briefing, to argue opposite former Solicitor General Paul Clement in this post-Wal-Mart appeal arising out of a Fair Credit Reporting Act class action; defending a district court decision certifying a statewide class of consumers whose credit reports indicated that they had outstanding judgments when in fact those judgments had been vacated, satisfied, or dismissed) (briefed and argued)

**Grayson v. AT&T**, 15 A.3d 219 (D.C. 2011) (en banc decision concerning whether consumers must suffer injury-in-fact to sue under D.C.'s Consumer Protection Act)

**Lee v. Carter-Reed**, 203 N.J. 496 (2010) (in a case concerning deceptive-

trade-practices claims against a dietary-supplement manufacturer, the New Jersey Supreme Court reversed the lower court's denial of class certification and adopted our brief's analytical framework based on the economic concept of "credence goods") (counsel for amici curiae consumer groups)

**Salinger v. Colting**, 607 F.3d 68 (2d Cir. 2010) (arguing that copyright does not protect the character Holden Caulfield independently of the work in which the character is fixed) (counsel for amicus curiae)

**Pepper v. Routh Crabtree**, 219 P.3d 1017 (Alaska 2009) (in case of first impression nationwide, won reversal of lower court's dismissal on grounds that the First Amendment's Petition Clause and the Noerr-Pennington doctrine immunize unfair and deceptive trade practices carried out in the context of litigation) (briefed and argued)

**West v. Carfax**, 2009-Ohio-6857 (Ohio App. 2009) (won reversal on appeal of a nationwide class-action settlement) (briefed and argued)

**Harris v. Mexican Specialty Foods**, 564 F.3d 1301 (11th Cir. 2009) (won reversal of lower-court decision striking down Fair Credit Reporting Act's statutory-damages provision as unconstitutional under the Due Process Clause) (briefed and argued)

**Danow v. Borack**, 2009 WL 2883469 (11th Cir. 2009) (successfully defended jury verdict in collection harassment case) (lead appellate counsel)

**Picard v. Credit Solutions, Inc.**, 564 F.3d 1249 (11th Cir. 2009) (whether the Credit Repair Organizations Act's anti-waiver provision precludes mandatory binding arbitration) (amicus)

**New York State Restaurant Ass'n v. New York City Bd. of Health**, 556 F.3d 114 (2nd Cir. 2009) (holding New York City's regulation requiring posting of calorie counts on fast food menus is not preempted by the Nutrition Labeling and Education Act and does not violate the First Amendment's prohibition on compelled speech) (lead counsel for amici Congressman Henry Waxman, former FDA Commissioner David Kessler, American Medical Association, American Public Health Association, American Diabetes Association, Center for Science in the Public Interest, and professors of medicine, nutrition, and public health)

**Del Campo v. Kennedy**, 517 F.3d 1070 (9th Cir. 2008) (won precedent establishing that private government contractors may not be shielded by state sovereign immunity under the Eleventh Amendment) (briefed and argued)

**Sidun v. Wayne County Treasurer**, 481 Mich. 503, 751 N.W.2d 453 (Mich. 2008) (won constitutional due-process challenge to foreclosure of client's home) (briefed and argued)

**Reichert v. National Credit Systems, Inc.**, 531 F.3d 1002 (9th Cir. 2008) (defeated a debt collector's novel reliance-on-the-creditor defense to liability under Fair Debt Collection Practices Act) (briefed and argued)

**Palmer v. Friendly Ice Cream Corp.**, 285 Conn. 462, 940 A.2d 742 (Conn. 2008) (whether denials of class certification are appealable final orders under the "death knell" theory) (briefed and argued)

**Griffin v. Bierman**, 403 Md. 186, 941 A.2d 475 (Md. 2008) (unsuccessful constitutional due-process challenge to Maryland's home mortgage foreclosure procedures; in response to the decision, procedures were subsequently reformed by the Maryland Legislature) (briefed and argued)

**Jones v. Flowers**, 373 Ark. 213 (Ark. 2008) (established, on remand from a U.S. Supreme Court victory in a constitutional challenge to state tax foreclosure procedures, that attorney's fees may be recovered under federal civil rights law even when the plaintiff's original complaint did not cite the federal statute) (briefed, co-counsel)

**Rosario v. American Corrective Counseling Services**, 506 F.3d 1039 (11th Cir. 2007) (won reversal of a lower-court decision dismissing a statewide class action; the court, distinguishing its own prior precedent, held that a private corporation under contract with Florida state prosecutors was not entitled to state sovereign immunity under the Eleventh Amendment) (briefed and argued)

**Beuter v. Canyon State Professional Services**, 261 Fed. Appx. 14 (9th Cir. 2007) (successful appeal establishing that debt collectors cannot avoid liability under the Fair Debt Collection Practices Act based on reliance on their clients) (lead appellate counsel)

**Danow v. Borack**, 197 Fed.Appx. 853 (11th Cir. 2006) (obtained reversal of a district court's improper sua sponte dismissal of a consumer's complaint of telephone harassment by a debt collector) (lead appellate counsel)

**Luessenhop v. Clinton County**, 466 F.3d 259 (2nd Cir. 2006) (adopting amicus brief's argument that the federal Tax Injunction Act does not preclude plaintiffs from bringing constitutional due-process challenges to state tax foreclosure procedures in federal court) (amicus)

**Stackhouse v. McKnight**, 168 Fed. Appx. 464 (2nd Cir. 2004) (reversing magistrate judge's approval of a consumer class-action settlement on grounds that objectors had not waived their right to decision by an Article III judge) (briefed, co-counsel)

**American Civil Liberties Union of Ohio v. Capitol Square Review and Advisory Board**, 243 F.3d 289 (6th Cir. 2001) (en banc) (co-authored brief of Americans United for Separation of Church and State and Anti-Defamation League as amici curiae in constitutional challenge to Ohio's Biblical motto)

### Other Litigation:

**Houser v. United States**, 114 Fed.Cl. 576 (Fed. Cl. 2014) (as lead counsel for a certified class of all federal bankruptcy judges in the United States, obtained a judgment entitling class members to approximately $56 million in back pay stemming from Congress's violation of the Constitution's Compensation Clause; received President's Award from National Conference of Bankruptcy Judges)

**Youth for Environmental Justice v. City of Los Angeles** (Cal. Superior Ct.) (action challenging city's rubber-stamping of applications to drill oil in urban neighborhoods and racially disparate imposition of conditions on drilling)

**Heldt v. Payday Financial LLC & Western Sky Financial LLC (D.S.D.)** (counsel to intervenors challenging nationwide class action settlement of usury claims against tribal online payday lender)

**Steele v. Lew (D.D.C.)** (serve as interim class counsel, with Motley Rice LLC, to a putative national class of approximately 700,000 tax-return preparers challenging the Internal Revenue Service's collection of millions of dollars in fees absent statutory authority)

**Expressions Hair Design, et al. v. Schneiderman,** 975 F. Supp. 2d 430 (S.D.N.Y. 2013) (as lead counsel for a group of merchants, prevailed in a constitutional challenge to New York's credit-card surcharge law on First Amendment, void-for-vagueness, and antitrust-preemption grounds)

**Italian Colors v. Harris, Attorney General of California** (E.D. Cal.) (lead counsel to merchants challenging constitutionality of California's credit-card surcharge law)

**Rowell v. Abbott, Attorney General of Texas** (W.D. Tex.) (lead counsel to merchants challenging constitutionality of Texas's credit-card surcharge law)

**Dana's Railroad Supply v. Bondi** (N.D. Fla.) (lead counsel to merchants challenging constitutionality of Florida's credit-card surcharge law; case is currently on appeal)

**Breazeale v. Victim Services, Inc.** (N.D. Cal.) (class action against for-profit debt collection company that rents out the prosecutors' letterhead to threaten consumers with criminal prosecution in an effort to collect civil debts)

**Cavnar v. Bounceback** (E.D. Wash.) (class action against for-profit debt collection company that rents out prosecutors' letterhead to threaten consumers with criminal prosecution in an effort to collect civil debts)

**First Premier Bank v. Evolution Finance** (D.S.D.) (as lead counsel for a consumer-review website accused of trademark infringement by a bank specializing in subprime credit cards, mounted a First Amendment defense and successfully defeated bank's preliminary-injunction motion)

**Animal Legal Defense Fund v. Wasden** (D. Idaho 2015) (free speech and equal protection challenge to Idaho's "Ag Gag" law, intended to suppress covert investigations of inhumane conditions at agricultural facilities) (counsel to constitutional scholar Erwin Chemerinsky)

**Neighborhood Assistance Corporation of America v. Consumer Financial Protection Bureau**, 907 F.Supp.2d 112 (D.D.C. 2012) (lead counsel for CFPB in successful defense of regulations governing licensing of mortgage loan originators against a challenge under the Administrative Procedure Act and Fifth Amendment).

**Koch Industries v. Does (Youth for Climate Truth)**, 2011 WL 1775765 (D. Utah 2011) (lead counsel in a successful First Amendment defense of climate-change activists responsible for a spoof website and press release concerning Koch Industries' position on climate change, accused by the conglomerate of trademark infringement, cybersquatting, computer hacking, or breach of contract)

**Chamber of Commerce v. Servin (Yes Men)** (D.D.C) (whether a parody Chamber of Commerce press conference by climate-change activists constitutes trademark infringement)

**Public Citizen, et al v. Mukasey**, 2008 WL 4532540 (N.D. Cal.) (lead counsel for three national consumer groups in a successful APA unreasonable-delay suit against the U.S. Department of Justice, resulting in creation and implementation of the National Motor Vehicle Title Information System)

**Briggs v. Army & Air Force Exchange Service** (N.D. Cal.) (obtained $7.4 Million settlement for a nationwide class of soldiers and veterans in a case challenging the government's illegal withholding of veterans' federal benefits to collect old debts arising out of purchases of military uniforms)

**Rosario v American Corrective Counseling Services** (M.D. Fla.),
Hamilton v. American Corrective Counseling Services (N.D. Ind.), and Del
Campo v. American Corrective Counseling Services (N.D. Cal.) (represented
statewide classes of consumers in Florida, Indiana, and California challenging
the abusive practices of a debt collector that operates collection programs
under contract with local prosecutors, using false threats of prosecution and
jail to coerce payment of collection fees)

**Schwarm v. District Attorney Technical Services**, 552 F. Supp. 2d 105
(E.D. Cal. 2008) (successfully represented a statewide class of plaintiffs in
California challenging the abusive practices of a debt collector that operated
collection programs under contract with local prosecutors)

**New York State Restaurant Ass'n v. New York City**, 509 F. Supp. 2d 351
(S.D.N.Y. 2007) and **NYSRA v. NYC II**, 2008 WL 1752455, stay denied, 545
F. Supp. 2d 363 (S.D.N.Y. 2008) (lead counsel for Congressman Henry
Waxman, former FDA Commissioner David Kessler, the American Medical
Association, the American Public Health Association, the American Diabetes
Association, other public health groups, and leading professors of medicine
and public health, as amici curiae, in defense of New York City's calorie
labeling law against challenges based on federal preemption and First
Amendment)

**Dynetech v. Leonard**, 523 F. Supp. 2d 1344 (M.D. Fla. 2007) (successfully
represented two consumer-review websites in this Internet free speech dispute,
in which an infomercial company attempted to invoke trademark law to stifle
critical commentary about its questionable investment software products)

**Association of Community Organizations for Reform Now v.
Federal Emergency Management Agency**, 463 F. Supp. 2d 26 (D.D.C.
2006) (successfully represented survivors of Hurricanes Katrina and Rita in a
constitutional due process challenge to FEMA's procedures for denying federal
disaster assistance)

---

### Speaking Appearances

American Law Institute, The Future of Aggregate Litigation, at NYU School of
Law, April 12, 2016

Annual Consumer Financial Services Institute, PLI, New York, April 4-5, 2016

Appellate Advocacy Seminar, Practicing Law Institute, New York, March 21,
2016

"High Stakes: Anticipating the Supreme Court's Decisions in *Tyson*, *Spokeo*,
and *Campbell-Ewald*," with Paul Bland and Scott Nelson, The Impact Fund
Class Action Conference, San Francisco, February 19, 2016

"Trial and Error: The NFL Concussion Settlement," 92nd Street Y, New York,
February 2, 2016 (sponsored by the Forum on Law, Culture & Society at NYU
School of Law)

The Supreme Court at Midterm Conference, Stanford Law School, January 29-
30, 2016

ABA National Institute on Class Actions, panels on appellate advocacy and the
Supreme Court's docket, New Orleans, October 17, 2015

"Barriers to Justice," Yale ACS Conference on Law and Inequality, Yale Law School, October 17, 2015

Testimony on before the U.S. House of Representatives, Committee on Financial Services, "The Dodd-Frank Act Five Years Later," September 17, 2015

"Supreme Court and Appellate Advocacy for the Little Guy," Cosmos Club, Washington, DC, September 16, 2015

Testimony before the U.S. Senate Judiciary Committee, Subcommittee on the Constitution, "The Administrative State v. The Constitution: Dodd-Frank at Five Years," July 23, 2015

Film screening and panel discussion, "Lost in the Fine Print," with Rep. Suzan DelBene (D-WA), Nan Aron, Lorena Gonzalez, and Beth Terrell, Seattle, June 30, 2015

"Seeking and opposing discretionary review," Appellate Advocacy Seminar, Practicing Law Institute, New York, June 2, 2015

Roundtable on Consumer Arbitration, Center for the Study of Private Law, Yale Law School, New Haven, April 8, 2015

"The Supreme Court, Article III Standing, and Class Actions," Annual Consumer Financial Services Institute, New York, April 6-7, 2015

"Appellate advocacy essentials: framing issues, briefing, and oral argument," National Consumer Law Center, presentation to seminar for experienced consumer lawyers in fair debt collection cases, Washington, March 13, 2015

Panel discussion with U.S. District Judge Denise Cote (S.D.N.Y.), Professor Sam Issacharoff (NYU Law) and John Beisner (Skadden Arps) on "The Future of Class Actions," New York City Bar, Federal Courts Committee, March 3, 2015

"Ascertainability," a panel discussion with Elizabeth Cabraser and Scott Nelson, Consumer Class Action Symposium, Tampa, Florida, Nov. 9, 2014

"Appellate strategies and developments," with Brian Wolfman, National Consumer Rights Litigation Conference, Tampa, Florida, Nov. 7, 2014

Panel discussion with Nan Aron (Alliance for Justice), Linda Lipsen (AAJ), and Julianna Forlano accompanying D.C. premiere of "Lost in the Fine Print," Washington, DC, Oct. 9, 2014

"The First Amendment meets consumer finance, or 'Don't like your review: Sue!'," California State Bar, Aug. 21, 2014

"What plaintiffs' lawyers need to know about appellate advocacy in an era of conservative courts," Inner Circle of Advocates Annual Meeting, Washington, DC, August 14, 2014

"Recent Developments in the U.S. Supreme Court," Class Action Litigation Group, American Association for Justice Annual Convention, Baltimore, MD, July 29, 2014

"Appellate Advocacy in Cases Seeking Corporate Accountability: Appealing to Conservative Judges," Business Torts Section, American Association for Justice Annual Convention, Baltimore, MD, July 27, 2014

Law Seminars International's 10th Annual Class Actions Conference, Seattle, WA, June 12 & 13, 2014

"Seeking and Opposing Discretionary Review," Practicing Law Institute's 2014 Appellate Advocacy program, New York, May 8, 2014

Co-Chair, 18th Annual Consumer Financial Services Institute, Chicago, April 28-29, 2014

Guest lecturer on class actions and the Supreme Court, Cardozo Law School, New York, NY, April 23, 2014

"2014 Great Conversations Roundtable: Reforming Non-Bank Financial Institutions," University of Maryland Law School, Baltimore, April 16, 2014

"Mass Claims and Class Claims in Arbitration," Institute for Transnational Arbitration of The Center for American and International Law and the American Society of International Law, Washington, DC, April 9, 2014

Co-Chair, 18th Annual Consumer Financial Services Institute, New York, April 7-8, 2014

"Making the Fine Print Fair," symposium at Georgetown Law, sponsored by the Georgetown Consumer Law Society and Citizen Works, Washington, DC, April 4, 2014

"Supreme Court Review," ABA National Conference on Equal Employment Opportunity Law, Rancho Mirage, March 28, 2014

"Ascertainability as a Growing Threat to Class Certification," The Impact Fund, Annual Class Action Conference, Oakland, February 28, 2014

"Plaintiff-Side Appellate Advocacy," lecture at Yale Law School, sponsored by the American Constitution Society, New Haven, November 21, 2013

Debate with U.S. Senator David Vitter on the Consumer Financial Protection Bureau and the Dodd-Frank Act, Lousiana Bar Association, New Orleans, LA, November 15, 2013

"Regulatory Cases on the Supreme Court's Docket," panel with Tony Mauro, Andy Pincus, and Rachel Brand, National Law Journal Regulatory Summit, Washington, DC, November 13, 2013

National Consumer Law Center Class Action Symposium, Washington, DC, November 10, 2013

"Appellate Advocacy for Consumer Advocates," National Consumer Rights Litigation Conference, Washington, DC, November 7, 2013

"Supreme Court Roundup: What The Court's Latest Opinions Mean for the World of Class Actions," with Andy Pincus of Mayer Brown LLP, moderated by Professor Suzette Malveaux, at the 9th Annual Class Actions Conference, Washington, DC, October 4, 2013

Consumer Perspective, American Bar Association 4th Annual Institute on Consumer Financial Services Basics at the University of Maryland Law School, October 1, 2013

"Will Class Actions Survive the Roberts Court?," lecture at Loyola Law School, Chicago, September 27, 2013

"Supreme Court Labor and Employment Law Update," Section of Labor and Employment Law, American Bar Association Annual Meeting, San Francisco, August 8, 2013

"Arbitration Developments," Class Action Litigation Group, American Association for Justice Annual Convention, San Francisco, July 23, 2013

"U.S. Supreme Court Developments in Civil Rights," Civil Rights Section, American Association for Justice Annual Convention, San Francisco, July 22, 2013

"American Express v. Italian Colors," Law Seminars International program with Archis Parasharami and Prof. Tom Stipanowich, July 23, 2013

"Dodd-Frank and Beyond," panel with law professor Todd Zywicki and former SEC Commissioner Kathleen Casey, Federalist Society's First Annual Executive Branch Review Conference, Washington, DC, June 11, 2013

"McBurney v. Young: the Supreme Court and Public Records Access," seminar with Chris Mohr and Yianni Pantis, Law Seminars International, May 22, 2013

Co-Chair, 18th Annual Consumer Financial Services Institute, Chicago, May 2-3, 2013

"The New Era of Arbitration," 46th Annual Pacific Coast Labor and Employment Conference, Seattle, April 25, 2013

"Public Law Practitioners," panel at American University, Washington College of the Law, April 10, 2013

Co-Chair, 18th Annual Consumer Financial Services Institute, New York, April 8-9, 2013

"Fair Lending," American Bar Association, Business Section Spring Meeting, April 5, 2013

"The Constitutional Challenge to the Consumer Financial Protection Bureau: A Debate" (with C. Boyden Gray, and sponsored by the Georgetown Center on the Constitution, the Federalist Society, and Consumer Law Society), Georgetown Law, March 21, 2013

"Seeking and Opposing Discretionary Review in the U.S. Supreme Court and State and Federal Appellate Courts," 2013 Appellate Advocacy seminar, Practicing Law Institute, New York, March 20, 2013

"Is the CFPB Constitutional?" (debate with C. Boyden Gray), American Bar Association, Consumer Financial Services Committee, Naples, FL, January 7, 2013

"The U.S. Supreme Court and Arbitration Wars," American College of Business Court Judges, December 10, 2012

"The CFPB's Amicus Program," a joint Ballard Spahr and Gupta Beck webinar, November 21, 2012

"Arbitration and the Supreme Court," National Asian Pacific American Bar Association, November 16, 2012

"Appellate and Supreme Court Advocacy on Behalf of Consumers" and

Appellate and Supreme Court...

"Litigating Preemption," Annual Consumer Rights Litigation Conference, National Consumer Law Center, Seattle, October 25-28, 2012

"Stacking the Deck: Consumer Rights in the Financial Marketplace," event sponsored by Senator Al Franken, U.S. Senate, Washington, DC, October 17, 2012

"How to Win Consumer Cases on Appeal," National Association of Consumer Advocates, National Webinar, September 12, 2012

"Grappling with the Supreme Court's Blockbuster Arbitration Cases," Annual Meeting of the American Bar Association, Chicago, August 3, 2012

"Litigating Preemption Issues," Summer Mortgage Conference of the National Consumer Law Center / National Association of Consumer Advocates, Washington, DC, July 18, 2012

"Significant Changes in Consumer Law," The Florida Bar Annual Convention, Orlando, June 21, 2012

"Consumer Arbitration Update," Teaching Consumer Law Conference, Center for Consumer Law, University of Houston, May 18, 2012

Symposium on "AT&T v. Concepcion: One Year Later," Cardozo Law School, New York, April 26, 2012

Co-Chair, Annual Consumer Financial Services Institute, Practicing Law Institute, New York, April 9-10 and Chicago, May 3-4, 2012 (sessions on arbitration, preemption, and the CFPB)

"Fine Print, Federalism, and the Fate of the Class Action," Public Lecture, John Marshall Law School, Chicago, March 22, 2012 (also guest taught administrative law class focused on agency design and CFPB)

"Federal Preemption Doctrine from a Consumer Perspective," Symposium on Mass Torts in the Federal Courts, Charleston, South Carolina, February 24, 2012

"Consumer Financial Protection After Dodd-Frank: The New Legislation's Enhanced Enforcement Structure," New York City Bar, March 8, 2012

"Plenary Address: Life After Concepcion," 20th Consumer Rights Litigation Conference, Chicago, November 4, 2012

"The Future of Consumer Arbitration & Class Action Waivers," ABA Business Section, Boston, April 15, 2011

Faculty, PLI Annual Consumer Financial Services Institute, Chicago, March 31-April 1, 2011

Guest Lecturer, University of Houston Law School, Houston, Texas, Mar. 28, 2011

"The Future of Arbitration," George Washington University Law School, March 17, 2011

Guest Lecturer, Capital University School of Law, Columbus, Ohio, March 11, 2011

Guest Lecturer, University of Toronto Faculty of Law, Toronto, Canada, March

Faculty, PLI Annual Consumer Financial Services Institute, New York,
February 28-March 1, 2011

Speaker, "Arbitration and Class Actions," Symposium on Consumer Class
Actions, Boston, November 14, 2010

"AT&T v. Concepcion: A Panel Discussion," (with Randy Barnett, Brian

Wolfman, and Ira Rheingold), Georgetown University Law Center,
Washington, DC, November 9, 2010

"Appellate Advocacy From Desk to Podium, A Panel Discussion with
Washington's Finest Appellate Advocates" (with David Frederick, Irv
Gornstein, Leondra Kruger, Cate Stetson, and Dori Bernstein), Georgetown
Law Barristers' Counsel, October 27, 2010

"Consumer Law in the Supreme Court," Consumer Law Society, Georgetown
University Law Center, September 2010

Guest Faculty (with Carter Philips and Robin Conrad), "The Business of
Justice: Corporate and Business Cases in the Roberts Court," Summer Institute
on Law and Government, American University, June 2010

Guest lecturer (with Ralph Nader), "Topics in Consumer Protection,"
Washington College of Law, American University, June 2010

"Consumer and Civil Justice Cases in the U.S. Supreme Court: The October
2009 Term," Conference on Teaching Consumer Law in the New Economy,
Center for Consumer Law, University of Houston, May 21-22, 2010

"Class-Silent Arbitration Clauses and Stolt-Nielsen: A View from the Supreme
Court," American Bar Association, Section of Litigation Annual Conference,
New York, April 22, 2010

"The National Motor Vehicle Title Information System" National Consumer
Law Center, Webinar, Boston, March 18, 2010

Consumer Arbitration Study Group, American Bar Association, Section of
Dispute Resolution, Washington, DC, January 2010

"National Motor Vehicle Title Information System," 18th Consumer Rights
Litigation Conference, National Consumer Law Center, Philadelphia,
November 2009

"Fighting for Consumer Justice: Challenges in a Changing Economy"
(moderator), Equal Justice Works Conference, Washington, DC, October 2009

"Arbitration: Has It Fulfilled Its Promises?" American Bar Association Annual
Meeting, Chicago, July 2009

"Ending Mandatory Arbitration: Strategies for Restoring Access to the Courts,"
Symposium on "The Future of Public Rights Litigation," Fordham Law School,
New York, March 2009

"Consumer Fraud Class Actions on Life Support," American Bar Association,
National Institute on Class Actions, Washington, DC, November 2008

"The Petition Clause, the Noerr-Pennington Doctrine, and Debt Collection
Litigation," 17th Consumer Rights Litigation Conference, National Consumer

Litigation," 17th Consumer ⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯
Law Center, Portland, OR, November 2008

"Conscientious Objectors: The Ethics of Representing Objectors to Class Action
Settlements" Symposium on Consumer Class Actions, National Consumer Law
Center, Washington, DC, November 2007

"Fair Debt Collection Practices Act Developments," National Consumer Rights
Conference, Miami, November 2006

Edit

# EXHIBIT B

Gupta / Wessler

# JONATHAN E. TAYLOR

jon@guptawessler.com

**T**el.  202.888.1741 | **F**ax  202.888.7792 | 1735 20th Street, NW, Washington, DC 20009



Jonathan E. Taylor is a principal at Gupta Wessler PLLC in Washington, DC, where he focuses on representing plaintiffs and public-interest clients in Supreme Court, appellate, and constitutional litigation.

Jon is from St. Louis and is a *cum laude* graduate of Harvard Law School. He joined the firm in 2012 following his clerkship with the Honorable Ronald Lee Gilman of the U.S. Court of Appeals for the Sixth Circuit.

Since joining the firm, Jon has argued significant appeals before the Supreme Court of Alaska and the U.S. Courts of Appeals for the Ninth and Eleventh Circuits and has been a principal author of dozens of briefs filed at all levels of the state and federal judiciaries. His work has spanned a wide range of topics, including the First Amendment, Second Amendment, Fourth Amendment, Article III standing, class certification, civil rights, administrative law, and a broad array of issues involving consumers' and workers' rights. He has represented federal judges, Members of Congress, classes of consumers and workers, retail merchants, national nonprofit advocacy organizations, former NFL players, and the family of a Mexican teenager killed

by a U.S. border guard.

Jon's experience at the firm includes the following significant matters:

- Jon played a leading role in *Houser v. United States* (U.S. Court of Federal Claims), in which the firm represented a class of current and former federal bankruptcy judges and their beneficiaries in a suit against the federal government under the Constitution's Judicial Compensation Clause. His work helped obtain class certification and a $56 million judgment on behalf of his clients. Jon also took the lead in

coordinating the administration of the class claims process with the Department of Justice. The National Conference of Bankruptcy Judges presented Jon with its President's Award for his work on the case. Summary Judgment Brief | Complaint

- Jon has played a key role in the firm's briefing in *Chevron v. Donziger* (Second Circuit), a RICO action brought by Chevron in an effort to avoid paying an $8.6 billion Ecuadorian judgment holding the company accountable for decades of pollution of the Amazon rainforest. Among other things, Jon drafted a brief on Article III standing that garnered praise from commentators covering the case. Opening brief | Reply Brief | Post-Argument Letter Brief | Motion for Judicial Notice | Motion to Dismiss for Lack of Subject Matter Jurisdiction | Reply in Support of Motion to Dismiss | More Filings in This Matter

- Jon has been a critical part of all of the firm's First Amendment challenges to state credit-card surcharge laws brought in the wake of a $7 billion swipe-fee antitrust settlement with the major credit-card companies. Jon's work helped obtain victories in California and Florida, where courts struck down the laws as unconstitutional. The cases are *Expressions Hair Design v. Schneiderman* (Second Circuit), *Dana's Railroad Supply v. Bondi* (Eleventh Circuit), *Rowell v. Pettijohn* (Fifth Circuit), and *Italian Colors v. Harris* (Ninth Circuit). Second Circuit Brief | Eleventh Circuit Brief | Eleventh Circuit Reply | Eleventh Circuit Opinion | Fifth Circuit Brief | Fifth Circuit Reply | Ninth Circuit Brief | More Filings in These Matters

- Jon has been a principal author of the firm's briefing in the U.S. Supreme Court in *Hernández v. United States*, a case arising out of a close-range, cross-border shooting of an unarmed Mexican teenager by a U.S. border patrol agent standing on U.S. soil. The petition presents the question whether the Constitution applies to unjustified killings that occur at the U.S.-Mexico border, or whether border guards may instead shoot unarmed civilians with impunity. The Supreme Court has ordered the Solicitor General to respond to the firm's petition. Petition for Certiorari | Reply Brief | Supplemental Brief

- Jon currently represents three nonprofit legal organizations (National Veterans Legal Services Program, National Consumer Law Center, and Alliance for Justice) in their challenge to the federal judiciary's PACER fee structure as excessive. The case, filed in April 2016, is *National Veterans Legal Services Program v. United States* (District Court for the District of Columbia). Complaint

- Jon has played a leading role in representing the 34 former NFL players currently challenging the proposed global settlement of all claims against the NFL related to brain injuries caused by professional football. The case is *In re National Football League Players Concussion Injury Litigation* (Third Circuit). Opening Brief | Reply Brief

- Jon has written *amicus* briefs on behalf of Everytown for Gun Safety, the nation's largest gun-violence-prevention organization, in more than half a dozen Second Amendment cases threatening common-sense gun laws, including *Peruta v. San Diego County* (en banc Ninth Circuit), *Wrenn v. District of Columbia* (D.C. Circuit), *Kolbe v. Hogan* (en banc Fourth Circuit), *Silvester v. Harris* (Ninth Circuit), and *Peña v. Lindley* (Ninth Circuit). The briefs in these cases oppose challenges to public-carry regulations in California and the District of Columbia, as well as Maryland's assault-weapons ban and California's 10-day waiting period and "microstamping" law. Peruta Amicus Brief | Wrenn Amicus Brief | Kolbe Amicus Brief (en banc) | Kolbe Amicus Brief (petition stage) | Silvester Amicus Brief | Peña Amicus Brief

- Jon has written two U.S. Supreme Court *amicus* briefs on behalf of the co-sponsors of the Fair Housing Act of 1968 and other current and former Members of Congress, explaining why Congress intended the Act to permit disparate-impact liability. His work was quoted in a New Yorker article discussing the issue. In June 2015, the Supreme Court issued a surprise opinion upholding disparate-impact liability, in which Justice Kennedy adopted the firm's historical analysis. Texas Department of Housing Amicus Brief | Mount Holly Amicus Brief | U.S. Supreme Court Opinion in Texas Department of Housing

- Jon played a key role in the firm's high-profile petition for en banc review in *Carrera v. Bayer* (Third Circuit), a controversial class-action case about the ascertainability requirement. Jon's efforts helped persuade four judges to dissent from the denial of en banc review and to call on the Federal Rules Committee to examine the issue. Jon has continued to focus on ascertainability issues since *Carrera*, most recently successfully opposing a petition filed by former Solicitor General Paul Clement in *Souter v. Equifax* (Fourth Circuit). Carrera Petition | Souter Answer to Interlocutory Appeal Petition

- Jon has been the lead author of briefs filed in a number of important appeals concerning workers' and consumers' rights, including *Alaska Trustee v. Ambridge* (Supreme Court of Alaska), in which he successfully obtained a ruling that the Fair Debt Collection Practices Act covers

foreclosures, and *Mais v. Gulf Coast Collection Bureau* (Eleventh Circuit), concerning the meaning of the Telephone Consumer Protection Act's "prior express consent" requirement. He presented oral argument in both cases. He also presented argument before the Ninth Circuit in *Koby v. ARS National Services*, in which he argued a

novel question of class-action jurisdiction, objecting to the ability of absent class members to consent to oversight by a magistrate judge. Ambridge Brief | Alaska Supreme Court Opinion in Ambridge | Oral Argument Video in Ambridge | Mais Brief | Mais Answer to Interlocutory Appeal Petition | Objector's Brief in Koby | Objector's Reply Brief in Koby | Oral Argument Video in Koby

- Jon was also a principal drafter in several other cases

  concerning workers' and consumers' rights, such as *Brady v. Deloitte & Touche* (Ninth Circuit), an appeal from decertification of a class of unlicensed audit employees at Deloitte & Touche who allege overtime violations; *Kingery v. Quicken Loans* (Fourth Circuit), an appeal addressing what it means for a credit-reporting agency to "use" a credit score for purposes of the Fair Credit Reporting Act; *Cole v. CRST* (Ninth Circuit), a petition involving the application of the Supreme Court's *Tyson Foods* decision to California wage-and-hour class actions; and *Dreher v. Experian* (Fourth Circuit), in which Jon twice helped defeat petitions for interlocutory review raising questions of Article III standing, class certification is statutory-damages cases, and application of the Supreme Court's decision in *Safeco v. Burr*. Brady Reply Brief (other briefing in this case filed under seal) | Cole Rule 23(f) Petition | Kingery Opening Brief | Kingery Reply Brief | Dreher Answer to Rule 23(f) Petition | Dreher Answer to § 1292(b) Petition

- Jon was the primary draftsman of the firm's brief opposing

  certiorari in *American Express v. Italian Colors* (U.S. Supreme Court), a major antitrust case asking whether courts must enforce arbitration even when doing so would preclude the plaintiffs from vindicating their federal statutory rights. Jon also assisted the firm's co-counsel, former Solicitor General Paul Clement, in writing the merits brief and helped coordinate amicus briefs in support of the respondents filed by the United States, 22 States, and various scholars, trade groups, and public-interest organizations. Brief in Opposition

- Jon was a primary drafter of *amicus* briefs filed on behalf of

  leading nonprofit organizations in two important Supreme Court cases. The first is *Tyson Foods v. Bouaphakeo*, in which the Supreme Court adopted the firm's argument for why the Court should not decertify a class of workers at a

slaughterhouse seeking overtime compensation improperly
denied to them. The second is *Sheriff v. Gillie*, in which the
firm represents three consumer-advocacy groups
supporting a challenge to debt-collecting law firms'
misleading practice of using Attorney General letterhead to
collect debts owed to the state constituted clear violations of
the Fair Debt Collection Practices Act. Brief of Nonprofit
Organizations in Tyson | U.S. Supreme Court Opinion in
Tyson | Brief of Consumer-Advocacy Groups in Gillie

- Jon wrote an *amicus* brief on behalf of former Congressman
  Patrick Kennedy, the author and lead sponsor of the Mental
  Health Parity and Addiction Equity Act, in an important
  test case concerning the Act's scope, in which the Second
  Circuit held that the Act applies to claims administrators.
  The case is called *New York State Psychiatric Association
  v. UnitedHealth* (Second Circuit). Amicus Brief of Former
  Congressman Kennedy | Second Circuit Opinion

- Jon helped draft the firm's merits briefing in *McBurney v.
  Young* (U.S. Supreme Court), a constitutional challenge
  under the Privileges and Immunities Clause and dormant
  Commerce Clause to a provision of the Virginia Freedom of
  Information Act denying non-residents the same right of
  access to public records that Virginia affords its own
  citizens. Merits Brief for Petitioners | Merits Reply for
  Petitioners

Before his judicial clerkship, Jon spent a year at Public Citizen
Litigation Group on a Redstone Fellowship from Harvard. While
there, Jon worked with Deepak Gupta to prepare for his Supreme
Court argument in *AT&T Mobility v. Concepcion*, served as
principal author of a Supreme Court amicus brief concerning the
False Claims Act, wrote a Ninth Circuit brief in a consumer case,
and helped advise a public-health nonprofit on federal

preemption of food-labeling laws. Jon also worked as an intern at
Public Citizen during law school, where he worked with Deepak
Gupta and Brian Wolfman on their successful Supreme Court
merits brief in *Mohawk Industries v. Carpenter* and assisted
with the brief filed on behalf of Senators John McCain and
Russell Feingold in *Citizens United v. Federal Election
Commission*.

Jon has previously worked on microfinance and antipoverty
issues in Ethiopia, studied Spanish in Chile, and helped prepare a
Medicaid fraud case against drug companies as an intern in the
Missouri Attorney General's Office. During law school, he helped
teach legal writing as a member of the Board of Student Advisers,
competed in the Upper-Level Ames Moot Court Competition,
and had the Best Appellee Brief in his first-year legal writing
section. Jon received his undergraduate degree, *magna cum
laude*, from the University of Southern California, where he was

elected to Phi Beta Kappa, won a Truman Scholarship, and was a National Merit Scholar. He is a member of the bar of the District of Columbia and the Supreme Court of the United States.

# EXHIBIT C

Gupta / Wessler

# RACHEL BLOOMEKATZ

rachel@guptawessler.com

**T**el.  202.888.1741 | **F**ax  202.888.7792
*Washington Office*: 1735 20th Street, NW, Washington, DC 20009
*Ohio Office*: 1148 Neil Avenue, Columbus, OH 43201



Rachel Bloomekatz is a principal at Gupta Wessler PLLC, where she focuses on Supreme Court, appellate, and complex litigation.

Rachel's practice draws on her extensive appellate experience in both the public and private sectors and insights gained from her clerkships with Justice Stephen Breyer of the U.S. Supreme Court, Chief Justice Margaret Marshall of the Massachusetts Supreme Judicial Court, and Judge Guido Calabresi of the U.S. Court of Appeals for the Second Circuit.

Rachel has argued constitutional issues and complex appeals in state and federal appellate courts nationwide, and she regularly practices before the U.S. Supreme Court. She has handled cases on a wide range of issues, including class actions, workers' rights, immigrants' rights, juvenile justice, public health, and voter protection.

Highlights of Rachel's experience include:

- Briefed and argued an Ohio Supreme Court appeal challenging the 112-year sentence of a juvenile defendant on Eighth Amendment grounds. Former Judge and Ohio Supreme Court expert Marianna Brown Bettman reported:

    *Moore's counsel, Rachel Bloomekatz was absolutely spectacular—one of the best oral arguments I have heard. She took control of the argument right from the outset, carefully led the court away from the procedural*

*hurdles, defined the jurisprudential issue for the court as requiring a juvenile non-homicide offender (which she repeatedly emphasized) a meaningful opportunity for release, and stayed on message throughout. She was clear, articulate, focused, and totally non-defensive, even in the light of some very tough questioning.*

- Advised the City of Detroit on the reorganization of health care policies and the intricacies of the Affordable Care Act so as to maintain coverage for City retirees despite the City's bankruptcy.

- In the litigation following the BP Deep Water Horizon Oil Spill, defended class settlement administrator consultant Brown Greer from attempts by BP to discredit its work administering settlements to individuals and businesses harmed by the oil spill.

- Served as counsel to dozens of detained mothers and children in immigration detention in Artesia, New Mexico, and was the first attorney to obtain release for immigrant children there under a novel theory using a class-action settlement against the Immigration and Naturalization Service from the 1990s.

- Briefed and argued an appeal in a complex contracts matter in the U.S. Court of Appeals for the Third Circuit, obtaining reversal of decisions by the bankruptcy court and district

  court.

- In an environmental-protection and tax dispute, briefed critical administrative-law issues in the Ohio Supreme Court regarding a regional sewer district's authority to implement a comprehensive stormwater plan.

- On behalf of women's and veterans' groups, filed a brief asking the U.S. Supreme Court to overturn the *Feres* doctrine, which prevents military families from obtaining medical-malpractice recovery for birth injuries sustained by children of active duty mothers (but not fathers) at military hospitals.

Rachel joined Gupta Wessler in March 2016 from Jones Day, where she was a member of that firm's renowned Issues and Appeals group. Previously, as an Assistant Attorney General in Massachusetts, she defended the Commonwealth's gun laws, child protection statutes, and other state laws and regulations in appellate courts.

Rachel is a *magna cum laude* graduate of Harvard University and a graduate of the Epstein Program in Public Interest Law and Policy at UCLA. During law school, she worked at the Southern Poverty Law Center, helping to litigate several class actions under the Fair Labor Standards Act on behalf of immigrant workers conducting post-Katrina cleanup operations in New Orleans. She also worked at the Los Angeles civil rights firm Hadsell Stormer and Rennick, fighting for housekeepers denied breaks at LAX hotels, rocket scientists harmed by discriminatory Bush-era security policies, and other workers, employees, and whistleblowers.

During college, Rachel learned about the critical impact that law can have on the lives of working families, immigrants, and children while volunteering at the nation's first Medical-Legal Partnership at Boston Medical Center. She was inspired by a small group of female attorneys hired by the Chairman of the Pediatrics Department to help low income families address social and legal issues that needed a lawyer (or an assertive college student) rather than a doctor. This experience has always guided her legal career.

Rachel divides her time between Washington, DC and Columbus, Ohio, where she teaches a course on community lawyering as an adjunct law professor at Ohio State University. She also serves as an advisor to a number of progressive candidates and state officeholders, and was the Legal Director for U.S. Senator Sherrod Brown's 2012 re-election campaign. She is a member of the Board of Directors for Columbus Jewish Family Services and serves on the executive board of the Columbus Chapter of the American Constitution Society.

# EXHIBIT D

Stanford Law School

# Brian Wolfman



Professor of the Practice of Law

Co-Director, Supreme Court Litigation Clinic

bwolfman@law.stanford.edu
(mailto:bwolfman@law.stanford.edu)

650 498.8229 (tel:650 498.8229)
Room N136, Neukom Building

Download Curriculum Vitae (https://www-cdn.law.stanford.edu/wp-content/uploads/2015/06/Brian-Wolfman-Resume-September-2015-1.pdf)

## Expertise

Access to Justice
Class Actions & Mass Litigation
Complex Litigation
Employment Discrimination
Federal Courts & Federal Jurisdiction
Federalism
Separation of Powers
Supreme Court

## Biography

Professor Wolfman joined the Stanford Law School faculty in 2014 in the school's Supreme Court Litigation Clinic. Before coming to SLS, Professor Wolfman taught at Georgetown Law, where he served as a co-Director of the law school's Institute for Public Representation, a student clinic that handles complex trial court and appellate litigation focused on civil rights and other public-interest litigation. While at Georgetown, he also taught the standard doctrinal course on Federal Courts and the Federal System and a course on appellate courts. Before Georgetown, he spent nearly 20 years at the national public interest law firm Public Citizen Litigation Group, serving the last five years as the Group's Director. Earlier in his career, he conducted trial and appellate litigation as a staff lawyer at a rural poverty law program in Arkansas. Professor Wolfman has handled a broad range of litigation, including cases involving health and safety regulation, class action governance, court access issues, federal preemption, consumer law, public benefits law, and government transparency. He has argued five cases before the Supreme Court (winning four) and dozens of other cases before federal and state appellate courts and trial courts around the country. He directed Public Citizen's Supreme Court Assistance Project, which helps "underdog" public interest clients litigate before the U.S. Supreme Court. He has testified before Congress and federal rules committees on a wide range of issues, and he was an Advisor to the American Law Institute's recently-published Principles of the Law of Aggregate Litigation. Since 2004, he has taught an intensive Appellate Courts Workshop during the January Term at Harvard Law School. Professor Wolfman has authored articles on a variety of subjects, often on the intersection of state tort law and federal preemption doctrine and class actions.

**Related Organizations**

Supreme Court Litigation Clinic (https://law.stanford.edu/supreme-court-litigation-clinic/)

## Courses

Advanced Supreme Court Litigation Clinic (https://law.stanford.edu/courses/advanced-supreme-court-litigation-clinic/)

Supreme Court Litigation Clinic: Clinical Coursework (https://law.stanford.edu/courses/supreme-court-litigation-clinic-clinical-coursework/)

Supreme Court Litigation Clinic: Clinical Methods (https://law.stanford.edu/courses/supreme-court-litigation-clinic-clinical-methods/)

Supreme Court Litigation Clinic: Clinical Practice (https://law.stanford.edu/courses/supreme-court-litigation-clinic-clinical-practice/)

Courses (https://law.stanford.edu/courses/?instructor=5174&page=1)

Publications (https://law.stanford.edu/publications/?primary_author=Brian%20Wolfman&page=1)

---

© Stanford University, Stanford, California, 94305-8610 | https://law.stanford.edu/directory/brian-wolfman/

**BRIAN WOLFMAN**
(301) 814-2138
bwolfman@law.stanford.edu

## FULL-TIME LEGAL EMPLOYMENT

Stanford Law School, Stanford, CA                                    2014-present
Professor of the Practice of Law
Co-Director, Supreme Court Litigation Clinic
Co-teach student clinic that handles cases in the U.S. Supreme Court

*Georgetown University Law Center*, Washington, DC          2009-2014
Visiting Professor of Law
Co-Director, Institute for Public Representation
Headed civil rights and general public-interest law clinic that handles
federal trial and appellate litigation
Courses: *Federal Courts and the Federal System* and *Appellate Courts*

*Public Citizen Litigation Group*, Washington, DC              1990-2009
Director, *Litigation Group*, 2004-2009
General Counsel, *Public Citizen*, 2004-2009
Staff lawyer, *Litigation Group*, 1990-2004
Practice areas: Public interest Supreme Court and appellate litigation;
consumer health and safety; drug and medical device regulation; federal
preemption; class actions; access-to-the-courts litigation; freedom of
information and open government law; poverty law

*Legal Services of Arkansas*, Little Rock, AR                      1985-1990
Staff lawyer for rural legal services program
Represented poor people in all areas of poverty law in state and federal courts
and before administrative agencies

*U.S. Court of Appeals for the Eleventh Circuit*, Macon, GA        1984-1985
Law clerk to Judge R. Lanier Anderson, III

## PROFESSIONAL APPOINTMENTS

*Institute of Medicine of the National Academies*              2010-2011
Member, Committee on the Public Health Effectiveness of the FDA 510(k)
Clearance Process
Wrote report entitled "Medical Devices and the Public's Health—The FDA 510(k)
Clearance Process at 35 Years"

*American Law Institute*, Philadelphia, PA                          2004-2009
Advisor on the "Principles of the Law of Aggregate Litigation"
Member of expert panel of advisors regarding creation of comprehensive ALI
treatise on the law of class actions and other aggregate litigation

*Clients' Security Fund of the District of Columbia Bar*          1999-2004
Trustee, appointed by D.C. Court of Appeals for five-year term
Chair of Fund, 2003-2004; Vice-Chair, 2002-2003
Investigated and ruled on claims that D.C. Bar members took money or other
property entrusted to them by clients and others

*Wasserstein Public Interest Fellow*, Cambridge, MA          November 1993
Advised students at Harvard Law School on careers in public interest law

## ACADEMIC APPOINTMENTS (ADJUNCT)

*Harvard Law School*, Cambridge, MA          2004-present
Lecturer in Law
Teach course on appellate courts

*Vanderbilt University Law School*, Nashville, TN          November 2008
Adjunct Professor and Distinguished Visiting Practitioner of Law
Taught course on public interest litigation

*Washington College of Law*, Washington, DC          1997-2005, 2009
Adjunct professor
Taught course on appellate courts and advocacy

*Stanford Law School*, Palo Alto, CA          January 2001
Irvine Visiting Lecturer in Law
Taught appellate courts seminar

*Georgetown University Law Ctr.*, Washington, DC          Fall 1995, Fall 1997
Adjunct professor
Taught courses on professional responsibility and appellate advocacy

## EDUCATION

Harvard Law School, J.D., 1984
University of Pennsylvania, B.A., 1978

## PUBLICATIONS

"*Mutual Pharmaceutical Co. v. Bartlett* and Its Implications," 82 U.S.L.W. (BNA)
___ (Nov. 5, 2013), and 41 Prod. Safety & Liab. Rptr. 1236 (BNA) (Oct. 14,
2013) (lead author)

"Judges! Stop Deferring to Class-Action Lawyers," 2 U. Mich. J.L. Reform (on-
line) 80A (2013)

"*PLIVA v. Mensing* and Its Implications," 39 Prod. Safety & Liab. Rptr. (BNA)
972 (Sept. 5, 2011) (lead author)

"*Wyeth v. Levine* and Its Implications," 37 Prod. Safety & Liab. Rptr. (BNA) 550
(May 11, 2009), and 24 Toxics Law Rptr. (BNA) 619 (May 21, 2009)

"Foreword: The National Association of Consumer Advocates—Standards and
Guidelines for Litigating and Settling Consumer Class Actions (Second
Edition)," 255 F.R.D. 215 (2009)

"Why preemption proponents are wrong," 43 *Trial* 20 (March 2007)

"What the *Shutts* Opt-Out Right Is and What It Ought to Be," 74 U. Mo. K.C. Law Rev. 729 (2006) (lead author)

"The FDA's Argument for Eradicating State Tort Law: Why It Is Wrong and Warrants No Deference," 21 Toxics Law Rptr. (BNA) 516 (May 25, 2006), and 34 Prod. Safety & Liab. Rptr. (BNA) 308 (Mar. 27, 2006) (co-author)

"*Bates v. Dow Agrosciences*: Will the Lower Courts Finally Start Listening?" 33 Prod. Safety & Liab. Rptr. (BNA) 949 (Sept. 26, 2005) (co-author)

"Preventing the Subversion of *Devlin v. Scardelletti*," 6 Class Action Litigation (BNA) 453 (June 24, 2005)

"A Section-by-Section Analysis of the Class Action 'Fairness' Act," 6 Class Action Litigation (BNA) 365 (May 27, 2005) (co-author)

"Let a Hundred Cases Wither: Proposal to require opt-in class actions would weaken consumers' weapon, freeing companies to cheat again," *Legal Times* 58 (May 9, 2005) (co-author)

"A real pick-up fix: Response to Thornburgh," *Legal Times*, Aug. 6, 2001, A25

Monograph, *Preemption Under the National Traffic and Motor Vehicle Safety Act of 1966: Strategies for Plaintiffs' Lawyers in Vehicle-Defect Cases* (Independent Counsel Resources 1998) (lead author)

"Preempting the preemption defense," 34 *Trial* 54 (July 1998) (lead author)

"Preserving the Class Action by Fighting its Abuse," 4 *The Consumer Advocate* 10 (May/June 1998)

"Foreword: National Association of Consumer Advocates—Standards and Guidelines for Litigating and Settling Consumer Class Actions," 176 F.R.D. 370 (1998)

"Class actions for the injured classes," *San Diego Union Tribune*, Nov. 14, 1997, B-11 (also published in *San Francisco Daily Journal* and *Los Angeles Daily Journal* on October 17, 1997)

"Representing the Unrepresented in Class Action Settlements," 71 N.Y.U. Law Rev. 439 (1996) (lead author)

"Litigating Pre-emption Issues After *Medtronic v. Lohr*," 11 Toxics L. Rptr. (BNA) 296 (Aug. 1996), and 24 Prod. Safety & Liab. Rptr. (BNA) 832 (Sept. 1996) (abridged and amended versions also published in various state trial bar periodicals) (lead author)

"*Medtronic v. Lohr*: Its Effect on Breast Implant Litigation," Vol 4, No. 8, Med. Legal Aspects of Breast Implants (July 1996)

"Child Care, Work, and the Federal Income Tax," 3 Am. Journ. Tax Pol. 153 (1984)

Contributions to *ALSSC Reporter*, the newsletter of the Arkansas Legal Services Support Center, and op-ed pieces

## CASEWORK

### United States Supreme Court

> (*Not listed: extensive cert-stage work, including approximately 20 petitions for certiorari and 30 oppositions to certiorari on which I was the principal lawyer*)

*Green v. Brennan*, No. 14-613 (U.S.) (pending) (when administrative filing period commences for a Title VII constructive discharge claim) (lead counsel)

*Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (whether federal Natural Gas Act preempts state antitrust claims regarding market manipulation of retail natural gas sales)

*McBurney v. Young*, 133 S. Ct. 1709 (2013) (whether state statute limiting right of access to public records to citizens of the state violates Article IV's Privileges and Immunities Clause and the dormant commerce clause) (principal co-counsel).

*U.S. Airways, Inc. v. McCutchen*, 133 S. Ct. 1537 (2013) (whether ERISA contact abrogates equitable common-fund doctrine) (lead counsel for consumer amicus)

*National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012) (whether the Anti-Injunction Act barred suit seeking to enjoin operation of the Affordable Care Act) (principal co-counsel for amici former commissioners of the Internal Revenue Service)

*Elgin v. Department of Treasury*, 132 S. Ct. 2126 (2012) (whether the Civil Service Reform Act precludes a federal district court from granting a federal employee equitable relief on a constitutional claim against that employee's federal employer) (principal co-counsel)

*Minneci v. Pollard*, 132 S. Ct. 617 (2012) (whether *Bivens* authorizes a suit for damages alleging violations of the Eighth Amendment against employees of a private prison corporation operating a federal prison) (principal co-counsel)

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (whether New York's ban on class actions in certain civil cases applies in federal court under *Hanna* and *Erie*) (principal co-counsel)

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009) (whether a district court's rejection of a claim of attorney-client privilege is immediately appealable under the collateral order doctrine) (principal co-counsel)

*Richlin Security Service Co. v. Chertoff*, 553 U.S. 571 (2008) (whether paralegal services are reimbursable at market rates under the Equal Access to Justice Act) (lead counsel)

*Taylor v. Sturgell*, 553 U.S. 880 (2008) (regarding federal common law and due process limits on *res judicata*, particularly in "public law" litigation) (principal co-counsel)

*Warner-Lambert Co., LLC v. Kent*, 552 U.S. 440 (2008) (equally divided court) (whether state statute authorizing liability arising from prescription drugs, where manufacturer deceived FDA in gaining marketing approval, is preempted by federal law) (principal co-counsel)

*Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008) (whether federal law preempts state-law products liability claim arising from medical device that has received FDA pre-market approval) (principal co-counsel)

*Jones v. Flowers*, 547 U.S. 220 (2006) (whether government has obligation, under due process clause, to take additional reasonable steps to attempt notice to homeowner before selling her property when mailed notice of tax sale is returned unclaimed) (principal co-counsel)

*Lockhart v. United States*, 546 U.S. 142 (2005) (whether Debt Collection Act permits federal government to offset a debtor's social security benefits to collect student loan debt that has been outstanding for more than 10 years) (lead counsel)

*Scarborough v. Principi*, 541 U.S. 401 (2004) (whether statute of limitations under fee-shifting statute applicable in actions against the federal government, the Equal Access to Justice Act, is jurisdictional or, rather, is subject to common-law equitable exceptions) (lead counsel)

*Barnes v. Gorman*, 536 U.S. 181 (2002) (whether punitive damages are available under Title II of the Americans With Disabilities Act and section 504 of the Rehabilitation Act) (principal co-counsel)

*Devlin v. Scardelletti*, 536 U.S. 1 (2002) (whether an absent class member may appeal approval of class action settlement to which he had timely objected without first having intervened in action) (principal co-counsel)

*Norfolk Southern Railway Company v. Shanklin*, 529 U.S. 344 (2000) (whether federal railroad laws and regulations preempt state-law tort claims alleging inadequate warnings at railroad crossings) (principal co-counsel)

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001) (whether "catalyst theory" authorizes recovery of attorney's fees under federal statutes that authorize awards to the "prevailing party") (lead counsel for amici Public Citizen and American Civil Liberties Union)

*Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001) (whether federal law preempts a state-law damages claim alleging injury from a regulated entity's fraud on a federal agency) (principal co-counsel for amicus Public Citizen)

*El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473 (1999) (case concerning the preemptive breadth of the Price Anderson Act amendments to the Atomic Energy Act) (lead counsel for amici Public Citizen et al.)

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) (whether class action settlement seeking to resolve future asbestos personal-injury claims against large segment of asbestos industry can withstand Rule 23, due process, and justiciability challenges), *aff'g Georgine v. Amchem Prods., Inc.*, 83 F.3d 610 (3d Cir. 1996) (lead counsel for respondent labor union, asbestos worker, and advocacy group litigants)

*Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996) (whether federal medical device laws preempt state-law product liability claims) (lead counsel)

*Ticor Title Ins. Co. v. Brown*, 511 U.S. 117 (1994) (per curiam dismissal of writ) (whether Rule 23 and due process require a right to opt out of a damages class action) (co-counsel for amicus Public Citizen)

*Shalala v. Schaefer*, 509 U.S. 292 (1993) (procedural issue under federal attorney's fees statute) (lead counsel)

*Ardestani v. INS*, 502 U.S. 129 (1991) (whether federal fee-shifting statute applies to certain administrative deportation proceedings) (principal co-counsel)

*Melkonyan v. Sullivan*, 501 U.S. 89 (1991) (precursor to *Schaefer* above) (lead counsel)

*Connecticut v. Doehr*, 501 U.S. 1 (1991) (due process challenge to state statute permitting *ex parte* attachment of real property) (principal co-counsel)

**United States Courts of Appeals**

*Freeman v. Dal-Tile Corp.*, 750 F.3d 413 (4th Cir. 2014) (concerning the standard for imputation of liability to employer based on third-party sexual and racial harassment under Title VII) (principal co-counsel)

*Day v. Persels & Assocs., LLC*, 729 F.3d 1309 (11th Cir. 2013) (whether, and in what circumstances, under the Magistrates Act and Article III of the constitution, a non-Article III magistrate judge may enter a final appealable judgment approving a class-action settlement) (sole counsel on relevant issues)

*Hecht v. United Collection Bureau*, 691 F.3d 218 (2d Cir. 2012) (whether to allow a collateral attack on a class-action settlement on the basis of constitutionally inadequate notice)

*McBurney v. Young*, 667 F.3d 454 (4th Cir. 2012) (whether a state freedom of information statute that gives only that state's citizens the right to obtain public records violates Article IV's Privileges and Immunities Clause and the dormant Commerce Clause) (principal co-counsel)

*Klier v. Elf Atochem North America, Inc.*, 658 F.3d 468 (5th Cir. 2011) (whether and in what circumstances the cy pres doctrine may be used to distribute left over class-action settlement funds) (lead counsel)

*McBurney v. Cuccinelli*, 616 F.3d 393 (4th Cir. 2010) (whether plaintiffs had standing to bring constitutional challenge to Virginia law limiting use of Virginia's FOIA to Virginia citizens) (principal co-counsel)

*Public Citizen, Inc. v. Office of Management and Budget*, 598 F.3d 865 (D.C. Cir. 2010) (whether Freedom of Information Act requires release of unredacted versions of documents relevant to question of which government agencies were permitted to bypass OMB's legislative and budgetary clearance processes) (principal co-counsel)

*Alexander v. Cahill*, 598 F.3d 79 (2d Cir. 2010) (whether New York's lawyer advertising restrictions violate the First Amendment) (principal co-counsel)

*Fellner v. Tri-Union Seafoods, L.L.C.*, 539 F.3d 237 (3d Cir. 2008) (whether FDA's statements concerning the risks of eating tuna preempts state-law claims for damages from tuna-related mercury poisoning) (principal co-counsel)

*Del Campo v. Kennedy*, 517 F.3d 1070 (9th Cir. 2008) (whether private debt collector working under contract with prosecutors was an "arm of the state" entitled to Eleventh Amendment immunity) (principal co-counsel)

*Owner-Operator Independent Drivers Ass'n, Inc. v. Federal Motor Carrier Safety Admin.*, 494 F.3d 188 (D.C. Cir. 2007) (second challenge to Department of Transportation regulations on commercial truck drivers' hours of service) (principal co-counsel)

*Peoples v. CCA Detention Centers*, 422 F.3d 1090 (10th Cir. 2005), *effectively aff'd by equally divided en banc court*, 449 F.3d 1097 (10th Cir. 2006) (whether *Bivens* authorizes an Eighth Amendment claim against a prison guard employed by a private prison corporation under contract with the federal government) (principal co-counsel)

*Advocates for Highway and Auto Safety v. Federal Motor Carrier Safety Admin.*, 429 F.3d 1136 (5th Cir. 2005) (challenge to Department of Transportation regulation on entry-level training for commercial truck drivers) (principal co-counsel)

*In re Community Bank of Northern Virginia*, 418 F.3d 277 (3d Cir. 2005) (whether and in what circumstances district courts have authority to abrogate class members' previously exercised opt-outs to bar opt-out clients from consulting with their individually retained lawyers) (lead counsel)

*Public Citizen v. Federal Motor Carrier Safety Admin.*, 374 F.3d 1209 (D.C. Cir. 2004) (first challenge to Department of Transportation regulations on commercial truck drivers' hours of service) (principal co-counsel)

*In re Orthopedic Bone Screw Prods. Liab. Litig. (Custer)*, 350 F.3d 360 (3d Cir. 2003) (whether defendant may be indemnified by class action settlement for costs of defending and settling collateral attacks on that settlement) (lead counsel)

*Martin v. Medtronic, Inc.*, 254 F.3d 573 (5th Cir. 2001) (whether federal medical device laws preempt state-law product liability claims) (lead counsel)

*In re Orthopedic Bone Screw Prods. Liab. Litig. (Sambolin)*, 246 F.3d 315 (3d Cir. 2001) (whether notice and registration deadline in mass-tort class action settlement comported with Rule 23 and due process) (lead counsel)

*In re Telectronics Pacing Systems, Inc.*, 221 F.3d 870 (6th Cir. 2000) (whether non-opt-out class action settlement comported with Rule 23 and due process) (principal co-counsel)

*Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000) (whether Federal Insecticide, Fungicide and Rodenticide Act completely preempts state-law product liability claims and thus establishes federal jurisdiction) (lead counsel)

*Mitchell v. Collagen Corp.*, 126 F.3d 902 (7th Cir. 1997) (whether federal law preempts state-law products liability claim arising from medical device that has received FDA pre-market approval) (lead counsel on remand from Supreme Court)

*Dillon v. United States*, 184 F.3d 556 (6th Cir. 1999) (en banc) (whether Federal Rule of Appellate Procedure 3(c)'s requirement that notice of appeal name the court to which appeal is taken is jurisdictional) (lead counsel for amicus)

*Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1 (1st Cir. 1999) (whether class members in class action that has been settled can enter into side-settlement of their claims without disclosure to, or approval by, district court under Federal Rule of Civil Procedure 23) (lead counsel)

*In re Prudential Ins. Co. of America Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998) (justiciability and class certification challenge to nationwide class action insurance fraud settlement) (lead counsel for arguing amicus Public Citizen)

*Roberts v. Florida Power & Light*, 146 F.3d 1305 (11th Cir. 1998) (whether state-law-based tort claims are preempted by Price Anderson Act amendments to the Atomic Energy Act) (lead counsel)

*Bowling v. Pfizer, Inc.*, 132 F.3d 1147 (6th Cir. 1998) (challenge to fee award methodology for post-settlement monitoring in common-fund class action) (lead counsel)

*Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996), *aff'g Bowling v. Pfizer, Inc.*, 922 F. Supp. 1261 (S.D. Ohio 1996), *recon. denied*, 927 F. Supp. 1036 (S.D. Ohio 1996) (challenge to $33 million fee request in class action settlement regarding defective heart valve implanted in 80,000 patients) (lead counsel)

*Arent v. Shalala*, 70 F.3d 610 (D.C. Cir.  1995) (challenge to regulations concerning labeling of fresh fish and produce) (lead counsel)

*In re General Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir.) (striking down class action settlement concerning 5.7 million owners of allegedly defective GM trucks), *cert. denied*, 516 U.S. 824 (1995) (lead counsel for objectors in Third Circuit; lead counsel in opposition to certiorari)

*Jones v. Brown*, 41 F.3d 634 (Fed. Cir. 1994) (interpretation of 1992 statute applying fee-shifting statute to Court of Veterans Appeals) (follow-up to *Karnas* below) (lead counsel)

*Worm v. American Cyanamid Co.*, 5 F.3d 744 (4th Cir. 1993) (whether state-law tort claims are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act (principal co- counsel)

*Benavides v. Bureau of Prisons*, 995 F.2d 269 (DC Cir. 1993) (whether federal regulation denying access to certain medical records is lawful under the Privacy Act and Freedom of Information Act) (lead counsel)

*Lidy v. Sullivan*, 911 F.2d 1075 (5th Cir. 1990), *cert. denied*, 500 U.S. 959 (1991), *on remand*, No. 92-1035 (5th Cir.) (due process challenge to federal regulation denying right to cross-examine author of adverse medical report in social security disability hearing) (lead counsel in Supreme Court and on remand)

*Miles v. Metropolitan Dade County*, 916 F.2d 1528 (11th Cir. 1990), *cert. denied*, 502 U.S. 898 (1991) (challenge to housing authority policy imposing costs on tenants in non-meritorious eviction proceedings) (lead counsel in Supreme Court)

*Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1991) (challenge to below-market attorney's fees recoveries in social security cases) (sole counsel)

**United States District Court**s

*Batson v. Branch Banking and Trust Co.*, 2012 WL 4479970 (D. Md. 2012) (religious accommodation and discrimination case under Title VII of the Civil Rights Act of 1964) (lead counsel).

*Nicholls v. U.S. Office of Personnel Management*, 863 F. Supp. 2d 4 (D.D.C. 2012) (concerning the scope of agency responsibilities to respond to requests for public records under the Freedom of Information Act) (sole counsel)

*Benavides v. Bureau of Prisons*, 774 F. Supp.2d 141 (D.D.C. 2011) (concerning availability of digital recordings of inmate-lawyer phone calls under Freedom of Information Act) (sole counsel)

*Brigham v. Office of Workers Compensation Programs*, 477 F. Supp.2d 160 (D.D.C. 2007) (whether Energy Employees Occupational Illness Compensation Program Act applies to clean-up efforts at nuclear and other facilities operated by or under contract with Department of Energy) (principal co-counsel)

*In re American Historical Ass'n*, 49 F. Supp.2d 274 (S.D.N.Y. 1999) (whether Alger Hiss grand-jury records should be made public in light of Federal Rule of Criminal Procedure 6(e)) (principal co-counsel)

*Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp.2d 175 (D. Mass. 1998) (whether and under what circumstances fees can be awarded to objectors to class action settlement if their efforts improve the settlement for class as a whole) (lead counsel for objectors)

*Duhaime v. John Hancock Mut. Life Ins. Co.*, 989 F. Supp. 375 (D. Mass. 1997) (whether fees to class action plaintiffs' counsel should be staged to align interests of lawyers and clients) (principal co-counsel for objectors)

*Public Citizen v. Shalala*, 932 F. Supp. 13 (D.D.C. 1996) (challenge to FDA exemption for restaurant menus under nutrient-content and health claims provisions of federal food labeling law) (lead counsel)

*In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 1995 U.S. Dist. Lexis 3507 (E.D. La. 1995) (challenge to class action settlement in case affecting owners of rollover-prone Bronco II vehicle) (lead counsel for objectors)

*South Dakota v. Madigan*, 824 F. Supp. 1469 (D.S.D. 1993), *appeals dismissed*, Nos. 93-2869, et al. (challenge to federal policy adversely affecting food stamp benefits of low-income housing residents) (lead counsel)

*Bowling v. Pfizer, Inc.*, 143 F.R.D. 141 (S.D. Ohio 1992) (represented objector Public Citizen in seeking improvements to worldwide class-action settlement concerning defective heart valve implanted in 85,000 patients) (lead counsel)

*Larry v. Yamauchi*, 753 F. Supp. 784 (E.D. Ark. 1990) (precursor to *South Dakota v. Madigan*) (lead counsel)

*Tolson v. Sheridan School Dist.*, 703 F. Supp. 766 (E.D. Ark. 1988) (whether termination of public employee violated Fourteenth Amendment's Due Process Clause) (sole counsel)

**Other reported federal cases**

*Williams v. Patterson*, 1988 WL 124742 (E.D. Ark. 1988) (class action challenge to regulation that included recoupments of public benefit overpayments as "income" to food stamp recipients) (sole counsel)

*Scarborough v. Nicholson*, 19 Vet.App. 253 (Vet.App. 2005) (attorney's fees litigation on remand from Supreme Court) (lead counsel)

*In re Kissinger*, 106 B.R. 180 (E.D. Ark. Bankr. 1989) (whether debtor met standards for non-discharge of consumer debt in bankruptcy on ground of fraud) (sole counsel)

**Representative state court sases**

*Texas Riogrande Legal Aid, Inc. v. Education and Workforce Development Cabinet of Ky.*, 2010 WL 4316924 (Ky. Cir. Ct. 2010) (whether state regulation barring public access to records of growers who employ migrant workers is invalid under state and federal law) (lead counsel)

*Conte v. Wyeth, Inc.*, 168 Cal.App.4th 89 (Cal.App. 2008) (whether name-brand prescription drug manufacturers have a duty of care to patients who are prescribed the generic version of their drugs) (lead counsel)

*In re Hager*, 812 A.2d 904 (D.C. 2002) (bar disciplinary case regarding ethical obligations of lawyers in class action-like setting, in particular regarding whether ethical rules demand disgorgement of ill-gotten attorney's fees) (lead counsel for Public Citizen)

*R.F. v. Abbott Laboratories*, 745 A.2d 1174 (N.J. 2000) (whether federal law preempts state-law claim that defective HIV screening test resulted in plaintiff's HIV infection) (lead counsel)

*R.T., et al. v. Patterson*, 301 Ark. 400 (1990), *on remand*, No. 87-2689 (Pulaski Cty., Ark. Chancery, 3rd Div.) (challenge to operation of various aspects of Arkansas foster care system) (co-counsel for class)

*Garibaldi v. Dietz*, 25 Ark. App. 136 (1988) (en banc) (standards for termination of parental rights of mentally ill, but medically controlled, parent) (sole counsel)

**Representative unreported litigation**

*Eley v. Gov't Printing Office*, No. 09-2158 (D.D.C.) (Title VII challenge to race- and retaliation-based non-promotion)

*Briggs v. United States*, No. CV-07-5760 (N.D. Cal.) (class action challenge to government agency's practice of debt collection beyond the applicable statute of limitations) (co-counsel for class)

*Hayden v. Atochem North America Inc.*, No. 99-20249 (5th Cir. Feb. 21, 2000) (challenge to mandatory personal-injury class action concerning arsenic exposure) (lead appellate counsel for objectors)

*Karnas v. Derwinski*, No. 92-7046 (Fed. Cir.) (appeal concerning whether attorney's fees are available to prevailing claimants in cases before new Court of Veterans Appeals) (lead counsel)

*People With AIDS Health Group v. Burroughs Wellcome Co.*, No. 91-574-JGP (D.D.C) (consumer challenge to validity of AZT patent) (lead counsel)

*Gulley v. Patterson*, No. LR-C-88-563 (E.D. Ark.) (class action challenge to Arkansas policies regarding the child support "pass through" for AFDC recipients) (sole class counsel)

*Blundell v. Sharp*, No. PB-C-86-268 (E.D. Ark.) (class action challenge to operation of housing project, claiming violations of right to privacy and other constitutional, statutory, regulatory, and common-law rights) (sole class counsel)

*Public Citizen, Inc. v. Shiley Incorporated*, No. C755862 (Los Angeles Sup. Ct.), *aff'd*, No. B051171 (Cal. Ct. App., 2d Dist.) (case under California consumer protection laws seeking worldwide notification of patients implanted with defective heart valve) (lead counsel)

## PRESENTATIONS/SPEECHES AT ACADEMIC AND EDUCATIONAL SEMINARS

The Impact Fund, 2015 13th Annual Class Action Conference, "Protecting Your Plaintiffs and the Class: Rule 68 and Other Pick-Off Tactics," Berkeley, CA, February 27, 2015

National Consumer Law Center, Consumer Rights Litigation Conference, Class Action Symposium, "Ethics Update: The 2014 Edition of the NACA Consumer Class Action Guidelines" and "The Economics of Objecting for All the Right Reasons," Tampa, November 8, 2014

National Consumer Law Center, Consumer Rights Litigation Conference, "How Appellate Developments and Strategies Will Affect Your Practice," Tampa, November 7, 2014

Court of Appeals for Veterans Claims Bar Association, Annual Conference, "Attorney Fees Panel," Washington, DC, June 6, 2014

National Consumer Law Center, Consumer Rights Litigation Conference, "Class Action Developments and Roundtable" and "How Appellate Developments and Strategies Will Affect Your Practice," Washington, DC, November 7, 2013

National Consumer Law Center, Consumer Rights Litigation Conference, "Recent Appellate Decisions That Will Affect Your Practice," Seattle, October 26, 2012

Egyptian American Rule of Law Association (and others), "Rule of Law: Rhetoric vs. Reality in Egypt's Transition to Democracy" (discussing comparative open government law), Washington, DC, October 10, 2012

Association of the Bar of the City of New York, "Supreme Court – A Year in Review," New York, July 18, 2012

National Association of Appellate Court Attorneys, "When Should Judges Raise Issues Sua Sponte," Washington, DC, July 17, 2012

The District of Columbia Bar, Antitrust and Consumer Law Section, "Recent Developments in Mandatory Arbitration," Washington, DC, April 3, 2012

The Food & Drug Law Inst., "An FDLI Dialogue: A First Look at the IOM Study of the 510(k) Clearance Process," Washington, DC, August 4, 2011

Association of the Bar of the City of New York, "Supreme Court – A Year in Review," New York, July 20, 2011

George Washington University Law School, "Can the Google Books Settlement Be Fixed? — A Roundtable Discussion Among Experts," Washington, DC, June 15, 2011

George Washington University Law School, "The Future of Arbitration: Channeling Class Actions into Single Claims Arbitrations," Washington, DC, March 17, 2011

Georgetown Consumer Law Society & the American Constitution Society, "*AT&T v. Concepcion*: Supreme Court Oral Argument Recap & Panel Discussion" (moderator), Washington, DC, November 10, 2010

Uniform Law Commission and George Washington University Law School, "Federalism, Preemption and State Law: Legislating Areas of Shared Federal and State Interest," Washington, DC, October 29, 2010

Georgetown University Law Center, Supreme Court Institute Annual Press Briefing, "Anticipating the Supreme Court's October Term 2010: What to Expect," Washington, DC, September 20, 2010

Association of the Bar of the City of New York, "Supreme Court – A Year in Review," New York, July 21, 2010

National Center for State Courts, General Counsel Business Meeting, "Regulatory Preemption: Erosion of State Tort Law or Protection of the National Economy," Washington, DC, November 19, 2009

University of Maryland School of Law, Emerging Issues in Food & Drug Law, A National Conference for Lawyers, Policy-Makers, and Corporate Leaders, "Preemption and the Impact of *Riegel v. Medtronic* and *Wyeth v. Levine* on Drug and Device Labeling," Baltimore, November 16, 2009

American Bar Association, Section of Litigation, Current Issues in Pharmaceutical and Medical Device Litigation, "Preemption: What's Happening in Congress to Change the Landscape?," Kenilworth, NJ, November 12, 2009

National Consumer Law Center, Consumer Rights Litigation Conference, Class Action Symposium, "*Shady Grove* and Naked Class Action Bans: The Emerging Conflicts Between Federal and State Laws on Class Certification, Multistate Classes and Choice of Law Issues," Philadelphia, October 25, 2009

National Consumer Law Center, Consumer Rights Litigation Conference, "Class Action Roundtable," Philadelphia, October 22, 2009

National Foundation for Judicial Excellence, Fifth Annual Judicial Symposium, "Mapping the Legal Frontier: The Uncertain Boundary Between Federal and State Law, The Role of State and Federal Courts in Federal Preemption Cases—A Spirited Discussion Between Adversaries at the Bar," Chicago, July 11, 2009

American Constitution Society Annual Convention, "The Future of the Civil Jury System," Washington, DC, June 19, 2009

Biotechnology Industry Organization Annual Convention, "Preemption of Product Liability Litigation on FDA-Regulated Products," Atlanta, May 19, 2009

Bureau of National Affairs Audio Conference, "Planning for a Post-*Levine* World: Implications and Strategies for Manufacturers, U.S. Consumers and the Courts," May 12, 2009

The Federal Circuit Bar Association, Horizons Seminar Series, "The Equal Access to Justice Act: History, Principles and Practice," Washington, DC, October 22, 2008

Stanford Law School Chapter of American Constitution Society, "Social Justice on Appeal: Progressive Appellate Litigators in the 21st Century," Stanford, California, September 3, 2008

University of Arkansas School of Law, "Public Interest Advocacy Before the U.S. Supreme Court," Fayetteville, Arkansas, March 3, 2008

American Enterprise Institute, "Federal Preemption and the Supreme Court," Washington, DC, February 21, 2008

New York State Bar Association, Annual Meeting of the Food, Drug and Cosmetic Law Section, Panel on "Preemption (Drug and Device), Understanding Tort Preemption Claims," New York, January 31, 2008

National Consumer Law Center, Class Action Symposium, Panel on Whether Reliance is an Element in UDAP Cases, Washington, DC, November 11, 2007 National Consumer Law Center, Consumer Rights Litigation Conference, "Class Action Roundtable," Washington, DC, November 8, 2007

American Bar Association, "The Supreme Court: Good for Business?" (national teleconference), October 17, 2007

Environmental Law Institute, "Access to Courts After *Massachusetts v. EPA*: Who Has Been Left Standing?," Washington, DC, May 3, 2007

National Association of Attorneys General, 2007 Consumer Protection Seminar, "The Nuts and Bolts of Briefing Preemption Cases," Washington, DC, May 1, 2007

George Washington University Law School, Consumer Class Action Symposium, "Consumer Class Actions: Perspectives, Opportunities and Problems," Washington, DC, March 28, 2007

National Association of Attorneys General, Administrative Law and Preemption: Administrative Law for State Attorneys Handling Preemption Cases, "Practical Advice on Litigating Preemption Cases Involving Federal Agencies," Washington, DC, March 7, 2007

National Consumer Law Center, Class Action Symposium, "*Shutts*, Rule 23, and Other Class Action Issues," Miami, November 13, 2006

National Consumer Law Center, Consumer Rights Litigation Conference, "Litigating Consumer Cases in the Supreme Court," Miami, November 12, 2006

American Bar Association, Section of Administrative Law and Regulatory Practice, Annual Meeting, "Federal Agency Preemption of State Tort Law," Washington, DC, October 26, 2006

University of Missouri at Kansas City, Symposium Commemorating 20th Anniversary of *Phillips Petroleum v. Shutts*, The Right to Opt Out and Rule 23 Reform, Kansas City, Missouri, April 7, 2006

National Consumer Law Center, Class Action Symposium, Panel on the Class Action Fairness Act of 2005, Minneapolis, October 30, 2005

National Hispanic Bar Association National Convention, "The Class Action Fairness Act of 2005: How Does It Affect Your Practice" (moderator), Washington, DC, October 18, 2005

American Bar Association, Section of Litigation, The 9th Annual National Institute on Class Actions, "Class Actions in the Marble Palace: What if the Supremes Took on Rule 23(b)(2)?" (argued objector-petitioner's position in moot court before panel of federal judges and lawyers), Chicago and San Francisco, September 23 and October 7, 2005

Association of Trial Lawyers of America, National College of Advocacy, "The Class Action 'Fairness' Act: What Does This Mean For Your Practice," National Electronic Seminar, March 3, 2005

National Consumer Law Center, Consumer Rights Litigation Conference, "Class Action Settlements in Mortgage Lending Cases: Ethical Responsibilities and Practical Considerations," Washington, DC, November 7, 2004

Federal Trade Commission, Protecting Consumer Interests in Class Actions, "Special Ethics Concerns in Class Action Litigation," Washington, DC, September 13, 2004

American Bar Association, Section of Litigation, The 7th Annual National Institute on Class Actions, "Who Moved My Rule 23?" Washington, DC, November 7, 2003

National Association of Attorneys General, 2003 Fall Consumer Protection Seminar,  Class Actions and the *Hager* Case, Washington, DC, October 22, 2003

Virginia Trial Lawyers Association Conference, 2003 Products Liability and Accident Prevention Retreat, "Class Actions, the FDA, and Federal Preemption," Williamsburg, Virginia, October 17, 2003

District of Columbia Bar, Annual Conference, "Secret Settlements: Should the Ground Rules Be Changed?" Washington, DC, March 28, 2003

National Association of Insurance Commissioners, State Insurance Regulation: Successes, Challenges, and Opportunities, "Class Action Litigation Panel," Washington, DC, February 27, 2003

American Bar Association, Section of Litigation, The 6th Annual National Institute on Class Actions, "Overlapping and Competing Class Actions," New York and Chicago, November 1 and 15, 2002

National Consumer Law Center, Consumer Class Action Seminar, "Class Action Management and Attorneys Fees" (Attorney Fee Auctions), Baltimore, Maryland, October 29, 2001

Advisory Committee on Civil Rules, Class Action Conference, "Settlement Review," Chicago, Illinois, October 22-23, 2001

Harvard Law School—Harvard Journal on Legislation, "Social Reform Through the Class Action," Cambridge, Massachusetts, March 14, 2000

FDLI 43rd Annual Educational Conference, "Should Compliance With FDA Requirements Bar Recovery Of Tort Damages For Harm Resulting From The Use Of An FDA-Regulated Product?" Washington, DC, December 17, 1999

FDLI Law Symposium, "Regulatory Compliance: Should It Be A Bar To Tort Liability?" (commenter on series of papers), Georgetown University Law Center, Washington, DC, October 8, 1999

National Grants Management Association Annual Meeting, Panel Discussion on Ethics of Government Lawyers, Bethesda, Maryland, May 12, 1999

The Federalist Society, 1998 National Lawyers Convention, "Class Action Litigation: Is Reform Needed Before American Business is Strangled?" Washington, DC, November 13, 1998

ABA Annual Meeting, "Hot Issues in Class Action Litigation" (argued objector-appellant's position in moot court before panel of federal appellate judges), Toronto, Ontario, August 4, 1998

FDLI Medical Device Update '98, "FDC Act Preemption & FDA's Proposed Regulation," Washington, DC, June 24, 1998

ABA General Liability and Consumer Law Committee, "Emerging Issues in Motor Vehicle Product Liability Litigation" (Class Actions), Phoenix, Arizona, April 3, 1998

ABA Toxic Tort and Environmental Law Committee, "Mass Tort and Environmental Litigation: Hot Issues in Class Actions," Charleston, South Carolina, March 14, 1998

FDLI 41st Annual Educational Conference, "The Implications of FDA's Tobacco Regulations for FDA Regulated Industry, and Possible New Directions of the Food, Drug, and Cosmetic Act," Washington, DC, December 9, 1997

Trial Lawyers Association of Metropolitan Washington, "David v. Goliath: Litigating for Plaintiffs in the 'Tort Reform' Era—Procedural Pitfalls in Class Action Litigation," Washington, DC, March 21, 1997

"Mealey's Drug and Medical Device Litigation Conference: Preemption and the *Lohr* Case," West Palm Beach, Florida, November 22, 1996
Association of Trial Lawyers of America, "*Gore* and More:  How to Survive Recent Supreme Court Decisions," Washington, DC, July 18, 1996

National Employment Law Project, Unemployment Compensation Advanced Litigation Training: "Recovery of Attorney & Expert Witness Fees," Washington, DC, June 6, 1995

The Institute for Judicial Administration, New York University School of Law, Research Conference on Class Actions and Related Issues in Complex Litigation, New York, April 21-22, 1995

## CONGRESSIONAL AND JUDICIAL TESTIMONY

Testimony on H.R. 1996, The Government Litigation Savings Act, Before the House Judiciary Committee, Subcommittee on Courts, Commercial and Administrative Law, October 11, 2011

Testimony on H.R. 5, the Help Efficient, Accessible, Low-cost, Timely Healthcare (HEALTH) Act of 2011, Before the House Committee on Energy and Commerce, Subcommittee on Health, April 6, 2011

Testimony on H.R. 1115, The Class Action Fairness Act of 2003, Before the House Committee on the Judiciary, May 15, 2003

Testimony on Proposed Amendments to Federal Rule of Civil Procedure 23 Before the Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Washington, DC, January 22, 2002

Testimony Before The Third Circuit Task Force on the Selection of Class Counsel (invited by Chief Judge Edward M. Becker), Philadelphia, June 1, 2001

Testimony on H.R. 1875, The Interstate Class Action Jurisdiction Act of 1999, Before the House Committee on the Judiciary, July 21, 1999

Testimony on H.R. 1283, The Fairness in Asbestos Compensation Act, Before the House Committee on the Judiciary, July 9, 1999

Testimony on H.R. 2112, The Multidistrict, Multiparty, Multiforum Jurisdiction Act of 1999, Before the House Committee on the Judiciary, Subcommittee on Courts and Intellectual Property, June 16, 1999

Testimony on S. 353, The Class Action Fairness Act of 1999, Before the Senate Committee on the Judiciary, Subcommittee on Administrative Oversight and the Courts, May 4, 1999

Testimony on H.R. 3789, The Class Action Jurisdiction Act of 1998, Before the House Committee on the Judiciary, Subcommittee on Courts and Intellectual Property, June 18, 1998

Testimony at oversight hearing on "Class Action Lawsuits: Examining Victim Compensation Attorneys' Fees," Before the Senate Committee on the Judiciary, Subcommittee on Administrative Oversight and the Courts, October 30, 1997

Testimony on H.R. 4558, Regarding Reform of the Equal Access to Justice Act, Before the House Committee on the Judiciary, Subcommittee on Administrative Law and Governmental Relations, October 5, 1994

September 2015

# EXHIBIT E

# MICHAEL T. KIRKPATRICK
600 New Jersey Avenue NW, Suite 312
Washington, DC 20001-2075
202-661-6582
michael.kirkpatrick@law.georgetown.edu

## EMPLOYMENT

*Georgetown University Law Center*, Washington, DC                 Aug. 2014-present
Visiting Professor of Law
Co-Director, Institute for Public Representation
    Direct full-time student clinic engaged in civil rights and general public interest litigation, supervise and train student attorneys, teach clinic seminar and other law school courses, including course on ethics in public interest practice.

*Public Citizen Litigation Group*, Washington, DC                 Feb. 2004-Aug. 2014
Lawyer
    Litigated public interest cases at all levels of the federal and state judiciaries, including the U.S. Supreme Court, with an emphasis on constitutional law, civil rights, class actions, administrative law, and open government.

*Georgetown University Law Center*, Washington, DC                 Sept. 2007-Dec. 2013
Adjunct Professor of Law
    Taught course on ethics in public interest practice and mentored students in the Public Interest Law Scholar program.

*George Washington University Law School*, Washington, DC                 Jan. 2010-May 2010
Professorial Lecturer in Law
    Taught externship seminar on public interest lawyering.

*U.S. Department of Justice, Civil Rights Division*, Washington, DC                 July 1995-Feb. 2004
Senior Trial Attorney, Employment Litigation Section
    Litigated pattern or practice and individual employment discrimination cases against state and local government employers on behalf of racial and ethnic minorities and women. Defended the constitutionality of federal affirmative action procurement programs.

*Texas Rural Legal Aid, Inc.*, Weslaco, TX                 June 1991-June 1995
Staff Attorney, Farm Worker Division
    Litigated employment cases on behalf of migrant, transnational, and contingent workers, including class and collective actions. Bargained for striking workers during labor disputes. Counseled farm worker unions and community organizations.

## PUBLIC SERVICE

*District of Columbia Occupational Safety and Health Board*          Apr. 2014-Apr. 2015
 Appointed by the Mayor and confirmed by the Council to represent the public labor sector.

*AUWCL Public Interest Alumni Advisory Board*          July 2013-present
 Appointed by the Dean to advise the law school on increasing opportunities for students committed to public interest law.

*National Lawyers Guild*
 Litigation Fund Board of Directors          2012-present
 DC Chapter Executive Board          1996-2007
 DC Chapter Co-Chair          2002-2005
 National Executive Committee and Regional Vice President          1996-1998

*Jack Kent Cooke Foundation*, Law and Policy Mentor          June 2008-July 2009
 Guided high-achieving and under-privileged high school students in development of individual projects related to law and policy. Taught one-week intensive course on constitutional law. Lectured on law and policy topics and participated in interdisciplinary discussions with mentors from other fields.

*Harvard Law School*, Wasserstein Public Interest Fellow          Sept. 2007-May 2008
 Advised students on careers in public interest law.

*American Bar Association*, Government Fellow          Feb. 2000-Sept. 2002
 Represented the public law perspective at meetings of the Equal Employment Opportunity Committee, Section of Labor and Employment Law.

## EDUCATION

American University Washington College of Law, Washington, DC
J.D., *cum laude*, May 1991

Texas Christian University, Fort Worth, TX
B.A., Political Science, May 1987

## PUBLICATIONS AND TESTIMONY:

*Avoiding Permanent Limbo: Qualified Immunity and The Elaboration of Constitutional Rights From* Saucier *to* Camreta *(and Beyond)*, with Joshua Matz, 80 Fordham Law Review 643 (2011).

*Title VI Disparate Impact Claims Would Not Harm National Security—A Response to Paul Taylor*, with Margaret Kwoka, 46 Harvard Journal on Legislation 503 (2009).

*Statement to the Senate Homeland Security and Governmental Affairs Committee, Disaster Recovery Subcommittee*, December 16, 2008 (describing relief obtained by hurricane evacuees pursuant to the preliminary injunction entered in *ACORN v. FEMA*, 463 F. Supp. 2d 26 (D.D.C. 2006)).

*Employment Testing: Trends and Tactics*, 10 Employee Rights and Employment Policy Journal 623 (2006).

## REPRESENTATIVE CASES

### U.S. Supreme Court

*King v. Burwell*, 2015 WL 2473448 (2015) (holding that the Affordable Care Act authorizes tax credits for health insurance purchased from federally-established exchanges) (co-counsel for amicus American Thoracic Society in support of respondents).

*Bank of America, N.A. v. Caulkett*, 135 S. Ct. 1995 (2015) (holding that a debtor in a Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506 of the Bankruptcy Code even if the junior lien is wholly unsupported by any equity in the property) (co-counsel for amicus Adam J. Levitin in support of respondents).

*Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422 (2014) (holding that Airline Deregulation Act preempts state common-law claims including claims based on breach of the implied covenant of good faith and fair dealing) (co-counsel for respondent).

*Jefferson County Board of Education v. Phillip C.*, 134 S. Ct. 64 (2013) (denying review of Eleventh Circuit's decision finding that a school district violated the Individuals with Disabilities Education Act by refusing to reimburse the parents of a disabled student for the cost of an independent educational evaluation of their child) (drafted respondent's brief in opposition).

*Limited Liability Company v. Jane Doe*, 133 S. Ct. 2796 (2013) (denying review of Puerto Rico Supreme Court's decision applying general contract law principles to determine that the parties had not agreed to arbitrate claims arising from an employment relationship) (drafted respondent's brief in opposition).

*University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013) (holding that Title VII retaliation claims must be proved according to traditional principles of but-for causation) (drafted respondent's brief in opposition and merits brief).

*RBS Citizens, N.A. v. Ross*, 133 S. Ct. 1722 (2013) (granting certiorari, vacating judgment, and remanding for further proceedings, in light of an intervening Supreme Court decision, in class action alleging violation of state wage and hour law) (co-counsel for respondent).

*Richter v. Advance Auto Parts, Inc.*, No. 12-854 (petition dismissed pursuant to settlement Mar. 1, 2013) (seeking review of Eighth Circuit's decision that an employee must file a new or amended charge alleging retaliation before filing suit under Title VII's anti-retaliation provision even if the

employer's act of retaliation is a result of the employee's filing of an earlier charge) (co-counsel for petitioner).

*Solana Beach School District v. Ka.D.*, 133 S. Ct. 650 (2012)  (denying review of Ninth Circuit's decision  finding that a school district violated the Individuals with Disabilities Education Act by denying a disabled student a free appropriate public education in the least restrictive environment) (drafted respondent's brief in opposition).

*Compton Unified School District v. Addison*, 132 S. Ct. 996 (2012) (denying review of Ninth Circuit's decision that a parent may invoke the due process hearing procedures of the Individuals with Disabilities Education Act to assert a claim that a school district has violated the statute's child-find requirement) (co-counsel for respondent).

*Garden Grove Unified School District v. C.B.*, 132 S. Ct. 500 (2011) (denying review of Ninth Circuit's decision that, under the Individuals with Disabilities Education Act, a school district that fails to provide a free appropriate public education to a disabled student can be required to reimburse a parent for the full cost of enrolling the student in a private program that provides many, but not all, of the special education services that the child needs) (drafted respondent's brief in opposition).

*Best Western Encina Lodge & Suites v. D'Lil*, 557 U.S. 929 (2009) (denying review of Ninth Circuit's decision that plaintiff had standing to maintain an Americans with Disabilities Act claim against a hotel, where plaintiff demonstrated an intent to return to the area where the hotel is located and a desire to stay at the hotel if it were made accessible) (drafted respondent's brief in opposition).

*Flipping v. Reilly*, 555 U.S. 1170 (2009) (denying review of Third Circuit's decision that a public employee's truthful trial testimony is citizen speech protected by the First Amendment) (drafted respondent's brief in opposition).

*Cerqueira v. American Airlines, Inc.*, 555 U.S. 821 (2008) (denying review of First Circuit's decision that airlines are not liable for denial-of-service decisions motivated by a passenger's race unless there is direct evidence of discriminatory animus by the formal decisionmaker) (drafted petition for certiorari).

*Edwards v. Kenyon*, 552 U.S. 1038 (2007) (denying review of Eighth Circuit's decision affirming, by vote of an equally divided court, a district court order denying qualified immunity to a police officer in case alleging excessive force) (drafted respondent's brief in opposition).

*Jones v. Flowers*, 547 U.S. 220 (2006) (holding that due process requires the government to take further action to provide notice of an impending deprivation of property when the government learns that its initial effort has failed) (drafted petition, merits briefs, and argued).

*London v. Fieldale Farms Corp.*, 546 U.S. 1034 (2005) (denying review of Eleventh Circuit's decision that Packers and Stockyards Act bars only those unfair practices that have an anticompetitive effect) (drafted petition for certiorari).

*Dolan v. United States Postal Service*, 546 U.S. 481 (2006) (holding that the postal exception to the Federal Tort Claims Act does not bar all claims for injuries caused by the negligence of government employees engaged in the delivery of mail) (drafted petitioner's merits briefs).

*SSA Gulf, Inc. v. Magee*, 544 U.S. 904 (2005) (denying review of Fifth Circuit's order denying mandamus to review district court's remand order in case removed pursuant to claim that Longshore and Harbor Workers' Compensation Act completely preempts all torts arising from maritime employment) (drafted respondent's brief in opposition).

*Gutierrez v. United Foods, Inc.*, 511 U.S. 1142 (1994) (denying review of Fifth Circuit's decision that employees lack standing under § 301 of the Labor Management Relations Act to challenge employer's violation of the successors and assigns clause of collective bargaining agreement) (drafted petition for certiorari).

**Federal Appellate Cases**

*Chiquita Brands International, Inc. v. United States Securities & Exchange Commission*, No. 14-5030 (D.C. Cir.) (appeal of decision in reverse-Freedom of Information Act (FOIA) case involving Chiquita's efforts to stop the SEC from releasing documents responsive to a FOIA request for records related to illegal payments Chiquita made to a terrorist organization in Colombia) (co-counsel for intervenor-appellee).

*Price v. District of Columbia*, ___ F.3d ___, 2015 WL 3916444 (D.C. Cir. 2015) (holding that attorneys' fees under the fee-shifting provision of the Individuals with Disabilities Education Act must be based on prevailing market rates even if the attorney for the prevailing parties in the underlying administrative actions was appointed under the Criminal Justice Act which caps attorneys' fees at a below-market rate) (lead counsel for amicus supporting appellants).

*Roach v. T.L. Cannon Corp.*, 778 F.3d 401 (2d Cir. 2015) (vacating district court's denial of class certification in wage-and-hour case and holding that individualized damages determinations alone cannot preclude class certification under Rule 23(b)(3)) (co-counsel for appellants).

*Texas RioGrande Legal Aid, Inc. v. Range*, 594 Fed. Appx. 813 (5th Cir. 2014) (affirming district court's dismissal of preemption challenge to state law that conflicts with federal regulation on grounds that the regulation does not create a right enforceable under 42 U.S.C. § 1983 or the Supremacy Clause) (argued for appellants).

*Mendoza v. Perez*, 754 F.3d 1002 (D.C. Cir. 2014) (reversing district court's decision dismissing for lack of standing Administrative Procedure Act challenge to the Department of Labor's "special procedures" for employers seeking to use the H-2A program to hire temporary foreign workers for herder jobs, and holding that the challenged procedures were substantive legislative rules subject to notice-and-comment procedural requirements) (co-counsel for appellants).

*Day v. Persels & Associates, LLC*, 729 F.3d 1309 (11th Cir. 2013) (reversing district court's approval of class action settlement that provided no monetary relief to absent class members) (lead counsel for appellant).

*Tellado v. IndyMac Mortgage Services*, 707 F.3d 275 (3rd Cir. 2013) (reversing decision cancelling mortgage loan under Pennsylvania Unfair Trade Practices and Consumer Protection Law on ground that mortgagors received all documents related to refinancing transaction in English while all prior oral discussions had been conducted in Spanish, because Financial Institutions Reform, Recovery, and Enforcement Act precluded district court's subject-matter jurisdiction due to mortgagors' failure to exhaust administrative remedies) (co-counsel for appellees).

*In Re: Katrina Canal Breaches Consolidated Litigation*, 628 F.3d 185 (5th Cir. 2010) (reversing district court's certification of a limited fund mandatory class and approval of a settlement in a mass tort case because the settlement lacked procedures to ensure that class claimants would be treated equitably amongst themselves, and because the settling parties failed to show that the class members would receive some benefit in exchange for the release of their claims) (lead counsel for appellants).

*Cerqueira v. American Airlines, Inc.*, 520 F.3d 1 (1st Cir. 2008) (reversing verdict for plaintiff in civil rights case challenging racial profiling by an airline and holding that airlines are not liable for denial-of-service decisions motivated by a passenger's race unless there is direct evidence of discriminatory animus by the formal decisionmaker), *reh'g and reh'g en banc denied*, 520 F.3d 20 (Torruella, J., and Lipez, J., dissenting from denial of reh'g en banc) (lead counsel for appellee).

*Sharkey v. Food and Drug Administration*, 250 Fed. Appx. 284 (11th Cir. 2007) (affirming district court decision in Freedom of Information Act case seeking records related to vaccine safety) (lead counsel for appellant).

*Luessenhop v. Clinton County, New York*, 466 F.3d 259 (2d Cir. 2006) (reversing district courts' dismissals for lack of subject matter jurisdiction and holding that Tax Injunction Act does not bar federal court challenges to the adequacy of tax foreclosure notices) (lead counsel for amicus supporting appellants).

*Edmonds v. Department of Justice*, 161 Fed. Appx. 6 (D.C. Cir. May 6, 2005) (affirming dismissal of whistleblower suit pursuant to state secrets privilege) (lead counsel for 14 public interest and 9/11 family groups as amici urging reinstatement of suit).

*Citizens Awareness Network, Inc. v. United States*, 391 F.3d 338 (1st Cir. 2004) (denying petition for review of Nuclear Regulatory Commission rule for reactor licensing proceedings) (lead counsel for petitioners).

*Gutierrez v. United Foods, Inc.*, 11 F.3d 556 (5th Cir. 1994) (affirming district court's dismissal of action brought by 25 freezing plant workers under § 301 of the Labor Management Relations Act to challenge their former employer's breach of the successors and assigns clause of a collective bargaining agreement and holding that employees lack standing under § 301 to pursue such claims) (lead counsel for appellants).

## State Supreme Court and Appellate Cases

*Jenzabar, Inc. v. Long Bow Group, Inc.*, 977 N.E.2d 75 (Mass. App. Ct. 2012) (affirming summary judgment for defendant documentary film-maker on trademark claims challenging use of plaintiff company's name in the meta tags of pages of a film-related web site) (co-counsel for appellees).

*Sidun v. Wayne County Treasurer*, 751 N.W.2d 453 (Mich. 2008) (reversing decision of Court of Appeals and holding that methods employed by county treasurer to notify plaintiff of tax foreclosure proceedings did not satisfy due process) (co-counsel for appellant).

*Jones v. Flowers*, 283 S.W.3d 551 (Ark. 2008) (reversing Circuit Court's denial of attorney's fees and holding that taxpayer who brought successful due process challenge to tax foreclosure sale was entitled to fees under 42 U.S.C. § 1988) (co-counsel for appellant).

*Griffin v. Bierman*, 941 A.2d 475 (Md. 2008) (affirming Circuit Court and holding that notice of foreclosure complied with procedural due process) (co-counsel for appellant).

*Higginbotham v. Bozeman*, 1 So.3d 179 (Table) (Fla. App. 1 Dist. 2008) (affirming Circuit Court's decision in due process challenge to tax foreclosure) (lead counsel for amicus supporting appellant).

*State System of Higher Education v. Association of Pennsylvania State College and University Faculties*, No. 98-1079 (Pa. Commw. Ct. June 19, 1998) (petition for review of an arbitrator's award reinstating an employee terminated for sexual harassment) (drafted amicus brief for United States).

## Federal District Court and State Trial Court Cases

*Tushnet v. United States Immigration and Customs Enforcement*, No. 15-0907 (D.D.C. June 12, 2015) (FOIA case seeking records related to government policies regarding seizure of counterfeit goods) (lead counsel for plaintiff).

*Pineda v. Neighbors' Consejo, Inc.*, No. 14-7196 (Super. Ct. D.C. June 3, 2015) (judgment in favor of plaintiff in action for unpaid wages, breach of contract, and promissory estoppel) (lead counsel for plaintiff).

*Adex Medical Staffing, LLC v. Gu*, No. 14-7055 (Super. Ct. D.C. May 18, 2015) (breach of contract action by employer against former employee, and counterclaims by former employee under civil rights and wage payment statutes, dismissed pursuant to settlement agreement) (lead counsel for defendant/counter-claimant).

*Mbow v. BUEI, LLC*, No. 14-1683 (D.D.C. April 27, 2015) (overtime and retaliation case under the Fair Labor Standards Act, dismissed pursuant to settlement) (lead counsel for plaintiff).

*New Orleans Workers' Center for Racial Justice v. United States Immigration and Customs Enforcement*, No. 15-0431 (D.D.C. Mar. 25, 2015) (FOIA case seeking records related to community immigration enforcement programs) (co-counsel for plaintiffs).

*Wolfman v. United States Dept. of Justice, Executive Office for United States Attorneys*, No. 14-1820 (D.D.C. Jan. 16, 2015) (FOIA case seeking records related to motions for summary affirmance filed by the U.S. Attorney's Office for the District of Columbia, dismissed pursuant to settlement) (co-counsel for plaintiff).

*American Immigration Lawyers Association v. Executive Office for Immigration Review*, ___ F. Supp. 3d ___, 2014 WL 7356566 (D.D.C. Dec. 24, 2014) (granting partial summary judgment for plaintiff in FOIA case seeking records related to complaints against immigration judges) (co-counsel for plaintiff).

*Crockett v. Hybano*, No. 14-7109 (Super. Ct. D.C. Nov. 7, 2014) (action for unpaid wages) (co-counsel for plaintiff).

*Public Citizen v. Food and Drug Administration*, No. 14-751 (D.D.C. Nov. 7, 2014) (APA challenge to agency inaction on petition to revise warnings on proton pump inhibitor label, dismissed as moot following decision on petition) (co-counsel for plaintiff).

*McCrae v. District of Columbia*, No. 13-4758 (Super. Ct. D.C. Sept. 9, 2014) (granting summary judgment for plaintiffs in breach of contract action to enforce attorney fee provision of settlement agreements in cases where attorney was appointed under the Criminal Justice Act to represent indigent students in actions under the Individuals with Disabilities Education Act) (co-counsel for plaintiff).

*Douglas v. District of Columbia*, ___ F. Supp. 3d ___, 2014 WL 4359192 (D.D.C. Sept. 4, 2014) (granting petition for award of market-rate attorneys fees under the fee-shifting provision of the Individuals with Disabilities Education Act and rejecting argument that counsel's hourly rate is capped by the terms of the statute under which counsel was appointed) (co-counsel for plaintiff).

*Hall v. District of Columbia*, No. 13-8368 (Super. Ct. D.C. Aug. 11, 2014) (granting summary judgment for plaintiff in breach of contract action to enforce attorney fee provision of settlement agreements in cases where attorney was appointed under the Criminal Justice Act to represent indigent students in actions under the Individuals with Disabilities Education Act) (co-counsel for plaintiff).

*Price v. District of Columbia*, 61 F. Supp. 3d 135 (D.D.C. 2014) (denying petition for award of market-based attorney fees under the fee-shifting provision of the Individuals with Disabilities Education Act where the attorney for the prevailing parties in the underlying administrative actions was appointed under the Criminal Justice Act) (co-counsel for plaintiff).

*Royer v. Federal Bureau of Prisons*, Nos. 10-1196 and 10-1996 (D.D.C. July 15, 2014) (claims under the Privacy Act, Due Process Clause, and Administrative Procedure Act on behalf of federal prisoner classified as a terrorist inmate and subjected to harsh conditions of confinement based on false information, dismissed pursuant to settlement agreement providing plaintiff full relief) (lead counsel for plaintiff).

*Houser v. Pritzker*, 28 F. Supp. 3d 222 (S.D.N.Y. 2014) (granting class certification in Title VII class action challenging Census Bureau's use of arrest records to screen applicants for temporary jobs for the decennial census); 851 F. Supp. 2d 688 (S.D.N.Y. 2012) (denying motion to dismiss) (co-counsel for plaintiff class).

*Day v. Persels & Associates, LLC*, No. 10-2463 (M.D. Fla. Feb. 14, 2014) (denying approval of class action settlement) (lead counsel for objector).

*Easterling v. Connecticut Department of Correction*, No. 08-826 (D. Conn. Sept. 12, 2013) (judgment for plaintiff class pursuant to final approval of settlement providing over $3 million and 28 priority-hire positions to class of 124 women rejected from consideration for entry-level Correction Officer jobs based on employer's use of discriminatory test); 278 F.R.D. 41 (D. Conn. 2011) (modifying class certification order in light of *Wal-Mart Stores, Inc. v. Dukes*); 783 F. Supp. 2d 323 (D. Conn. 2011) (granting summary judgment for plaintiffs on the issue of liability in Title VII action challenging use of physical fitness test that had disparate impact on women applicants); 265 F.R.D. 45 (D. Conn. 2010) (certifying class) (co-counsel for plaintiff class).

*Mendoza v. Solis*, 924 F. Supp. 2d 307 (D.D.C. 2013) (dismissing for lack of standing Administrative Procedure Act challenge to the Department of Labor's "special procedures" for employers seeking to use the H-2A program to hire temporary foreign workers for herder jobs) (lead counsel for plaintiffs).

*Public Citizen v. Food and Drug Administration*, No. 12-1461 (D.D.C. Nov. 27, 2012) (APA challenge to agency inaction on petition to withdraw marketing approval of Aricept 23, dismissed as moot following decision on petition) (lead counsel for plaintiff).

*Cason v. Central Intelligence Agency*, No. 11-01 (S.D.N.Y. Mar. 29, 2012) (summary judgment for defendant in FOIA case challenging CIA's use of Glomar response) (co-counsel for plaintiff).

*Aziz v. AirTran Airways, Inc.*, No. 10-1995 (D.D.C. Jan. 17, 2012) (civil rights case challenging airline's denial of service to nine Muslim passengers, dismissed pursuant to confidential settlement agreement) (co-counsel for plaintiffs).

*In re Petition of Kutler*, 800 F. Supp. 2d 42 (D.D.C. 2011) (granting petition to unseal the transcript of President Nixon's grand jury testimony and certain associated materials of the Watergate Special Prosecution Force) (co-counsel for petitioner).

*Wilson v. DirectBuy, Inc.*, 2011 WL 2050537 (D. Conn. May 16, 2011) (denying final approval of proposed class action settlement) (lead counsel for objector).

*Jenzabar, Inc. v. Long Bow Group, Inc.*, 2010 WL 7877089 (Mass. Super. Ct. Dec. 7, 2010) (granting summary judgment to defendant documentary film-maker on trademark claims challenging use of plaintiff company's name in the meta tags of pages of a film-related web site) (co-counsel for defendants).

*True v. American Honda Motor Co., Inc.*, 2010 WL 707338 (C.D. Cal. Feb. 26, 2010) (denying final approval of proposed class action settlement) (lead counsel for objectors).

*In re Katrina Canal Breaches Consolidated Litigation*, 263 F.R.D. 340 (E.D. La. 2009) (certifying limited fund class and approving settlement in mass tort case against levee districts for damages resulting from levee failures following Hurricane Katrina) (lead counsel for objectors).

*Public Citizen v. Food and Drug Administration*, No. 08-1051 (D.D.C. July 14, 2009) (APA challenge to agency inaction on petition to withdraw marketing approval of propoxyphene, dismissed as moot following decision on petition) (lead counsel for plaintiff).

*Rivera-Drew v. Department of Health and Human Services*, No. 09-296 (D.D.C. Aug. 30, 2010) (FOIA case seeking documents filed by hospital system pursuant to a Corporate Integrity Agreement, dismissed pursuant to settlement) (lead counsel for plaintiff).

*United Farm Workers v. Department of Labor*, No. 07-2241 (D.D.C. Sept. 11, 2008) (FOIA case seeking documents related to guestworker program and challenging denial of fee waiver, dismissed pursuant to settlement) (lead counsel for plaintiffs).

*Northwest Austin Municipal Utility District Number One v. Mukasey*, 573 F. Supp. 2d 221 (D.D.C. 2008) (upholding constitutionality of Section 5 of the Voting Rights Act), *rev'd on other grounds*, *Northwest Austin Municipal Utility District Number One v. Holder*, 557 U.S. 193 (2009) (co-counsel for defendant-intervenors).

*Public Citizen v. Food and Drug Administration*, No. 08-0005 (D.D.C. July 25, 2008) (APA challenge to agency inaction on petition to enhance warnings regarding risk of tendon injury associated with use of fluoroquinolones, dismissed as moot following decision on petition) (lead counsel for plaintiff).

*ACLU of Delaware v. Danberg*, 2007 WL 901592 (Del. Super. Ct. Mar. 15, 2007) (Delaware FOIA case seeking records related to medical care in Delaware prisons, dismissed pursuant to settlement) (lead counsel for plaintiff).

*Cerqueira v. American Airlines, Inc.*, 484 F. Supp. 2d 232 (D. Mass. 2007) (jury verdict for plaintiff following eight-day trial in civil rights case challenging racial profiling by an airline) (lead counsel for plaintiff).

*ACORN v. FEMA*, 463 F. Supp. 2d 26 (D.D.C. 2006) (granting preliminary injunction in favor of association of hurricane evacuees in due process challenge to the adequacy of notices of ineligibility for housing assistance benefits) (lead counsel for plaintiffs).

*Howell v. United States Department of Justice*, 2006 WL 890674 (D.D.C. Apr. 4, 2006) (granting summary judgment for defendant in FOIA case challenging prison's refusal to permit prisoner to possess a copy of his presentence report) (lead counsel for plaintiff).

*Sharkey v. Food and Drug Administration*, 2006 WL 508044 (M.D. Fla. Mar. 1, 2006) (granting summary judgment for defendants in FOIA case seeking records related to vaccine safety) (lead counsel for plaintiff).

*Asociacion de Trabajadores Fronterizos v. Department of Labor*, No. 04-400 (W.D. Tex. Dec. 30, 2005) (APA challenge to trade adjustment assistance program for dislocated workers who are limited English proficient, dismissed pursuant to settlement) (co-counsel for plaintiffs).

*Public Citizen v. Food Safety and Inspection Service*, No. 04-1749 (D.D.C. Nov. 13, 2005) (FOIA case seeking records related to agency's evaluation of equivalence of foreign meat and poultry regulatory systems, dismissed as moot following production of the records) (co-counsel for plaintiff).

*Project On Government Oversight v. Ashcroft*, 04-01032 (D.D.C. Mar. 9, 2005) (First Amendment challenge to the retroactive classification of information concerning a whistleblower's allegations of misconduct in an FBI translation unit, dismissed as moot) (lead counsel for plaintiff).

*Public Citizen v. Office of Management and Budget*, No. 04-1031 (D.D.C. Feb. 4, 2005) (FOIA case seeking fee waiver and records related to fuel economy standards, dismissed as moot following production of the records) (lead counsel for plaintiff).

*Public Citizen v. Food and Drug Administration*, No. 04-0411 (D.D.C. June 18, 2004) (APA challenge to agency inaction on petition to withdraw marketing approval of nefazadone, dismissed as moot following withdrawal by manufacturer) (lead counsel for plaintiff).

*United States v. City of Garland, Texas*, 2004 WL 741295 (N.D. Tex. Mar. 31, 2004) (verdict for defendant following ten-day bench trial in Title VII disparate impact case challenging discriminatory use of written cognitive tests to select police officers and firefighters); 124 F. Supp. 2d 442 (N.D. Tex. 2000) (holding that order requiring mayor and two city council members to attend mediation session did not violate Texas Open Meetings Act) (lead counsel for plaintiff).

*United States v. Delaware*, 2004 WL 609331 (D. Del. Mar. 22, 2004) (verdict for plaintiff following six-day bench trial in Title VII disparate impact case challenging discriminatory use of a written cognitive test to select state troopers); 2003 WL 21183641 (D. Del. May 20, 2003) (granting partial summary judgment for plaintiff) (lead counsel for plaintiff).

*United States v. City of Belleville, Illinois*, No. 93-799 (S.D. Ill. Jan. 27, 2003) (contested relief proceedings to enforce consent decree in Title VII action alleging a pattern or practice of discrimination in hiring on the basis of race and sex) (co-counsel for plaintiff).

*United States v. City of Canton, Mississippi*, No. 96-0760 (S.D. Miss. Nov. 20, 1997) (jury verdict for defendant following four-day trial in case alleging sex discrimination in promotion) (lead counsel for plaintiff).

*Safeco Insurance Company of America v. City of Whitehouse, Tennessee*, No. 87-0883 (M.D. Tenn. Aug. 5, 1997) (judgment, following a four day combined bench and jury trial, that application of

federal affirmative action procurement guideline did not violate the Constitution) (co-counsel for intervenor U.S. Environmental Protection Agency).

*United States v. City of Forney, Texas*, No. 96-03146 (N.D. Tex. Mar. 24, 1997) (consent decree resolving Title VII action alleging discrimination on account of race) (lead counsel for plaintiff).

*United States v. California University of Pennsylvania*, No. 96-724 (W.D. Pa. Oct. 23, 1996) (consent decree resolving multiple claims of hostile work environment sexual harassment and retaliation) (lead counsel for plaintiff).

*United States v. Borough of Glassboro, New Jersey*, No. 95-01911 (D.N.J. June 19, 1996) (consent decree resolving Title VII action alleging discrimination on account of sex) (lead counsel for plaintiff).

*United States v. City of El Monte, California*, No. 91-6151 (C.D. Cal. May 27, 1992) (enforcement of consent decree in Title VII action alleging a pattern or practice of discrimination in hiring on the basis of race and national origin) (co-counsel for plaintiff).

*Olguin v. Angelica Nurseries, Inc.*, No. 95-006  (S.D. Tex. Sept. 6, 1995) (breach of contract and Agricultural Worker Protection Act case by ten migrant farm workers against a Maryland nursery, dismissed pursuant to settlement) (lead counsel for plaintiffs).

*Campos v. United Foods, Inc.*, No. 93-233  (S.D. Tex. Apr. 17, 1995) (breach of contract and Agricultural Worker Protection Act case by four migrant workers against a Tennessee frozen vegetable company, dismissed pursuant to settlement) (lead counsel for plaintiffs).

*Zapata v. Grasmick*, No. 94-113 (S.D. Tex. Jan. 4, 1995) (action by five migrant farm workers against a Colorado onion grower under the Agricultural Worker Protection Act, and Fair Labor Standards Act, dismissed pursuant to settlement) (lead counsel for plaintiffs).

*Adame v. Holmes*, No. 93-206  (S.D. Tex. Dec. 23, 1994) (breach of contract and Agricultural Worker Protection Act case by 34 migrant workers against a South Carolina peach grower, dismissed pursuant to settlement) (lead counsel for plaintiffs).

*Avendano v. Ousley*, No. 94-112 (S.D. Tex. Dec. 20, 1994) (action by six migrant farm workers against an Indiana grower under the Agricultural Worker Protection Act, Fair Labor Standards Act, and for breach of contract, dismissed pursuant to settlement) (lead counsel for plaintiffs).

*Ousley v. Avendano*, No. 94-157 (S.D. Tex. Sept. 16, 1994) (declaratory judgment action filed by grower in Indiana state court against migrant farm workers who sent demand letter, case removed to federal court, transferred to Texas, and dismissed) (lead counsel for defendants).

*Moreno v. McDonald*, No. 94-2610 (Tex., 332nd Dist. Ct. Aug. 30, 1994) (breach of contract action by three migrant workers against a Michigan pickle farmer) (lead counsel for plaintiffs).

*Balderas v. Holmes*, No. 94-024 (W.D. Tex. June 5, 1994) (action by 29 migrant farm workers against a South Carolina peach grower under the Agricultural Worker Protection Act, Fair Labor Standards Act, and for breach of contract, dismissed pursuant to settlement) (lead counsel for plaintiffs).

*Escutia v. Bloomfield Big Burley Tobacco Warehouse*, No. 93-180 (S.D. Tex. May 4, 1994) (action by five migrant farm workers against Kentucky tobacco farms and warehouses under the Agricultural Worker Protection Act, and Fair Labor Standards Act, dismissed pursuant to settlement) (lead counsel for plaintiffs).

*Sosa v. Wailuku Agribusiness Co.*, No. 92-129 (S.D. Tex. Feb. 17, 1994) (action by 27 migrant farm workers against a Hawaii pineapple company under the Agricultural Worker Protection Act, Fair Labor Standards Act, Title VII, and common law, dismissed pursuant to settlement on the day of trial following grant of partial summary judgment for plaintiffs) (lead counsel for plaintiffs).

*Vilches v. Pace Foods, Inc.*, No. 93-151 (S.D. Tex. Sept. 20, 1993) (class action under Agricultural Worker Protection Act, and collective action under Fair Labor Standards Act, brought by seven jalapeno harvesters against a food processor, settled for individual damages and class-wide consent agreement) (lead counsel for plaintiffs).

*Gaona v. Barker*, No. 93-1573 (Tex., 370th Dist. Ct. Sept. 20, 1993) (judgment for three migrant workers in breach of contract action against a Mississippi combine operator) (lead counsel for plaintiffs).

*Former Employees of Sundor v. Department of Labor*, No. 92-177 (Ct. Int'l Trade Apr. 7, 1993) (judicial review of administrative decision denying eligibility for trade adjustment assistance to 105 former employees of a juice plant, remanded to the agency for further investigation) (lead counsel for plaintiffs).

*Regino v. Falak*, No. 92-176 (S.D. Tex. Jan. 6, 1993) (action by eight migrant farm workers against a Michigan fruit grower under the Agricultural Worker Protection Act, dismissed pursuant to settlement) (lead counsel for plaintiffs).

*Sanchez v. Salazar's Farms, Inc.*, No. 92-217 (S.D. Tex. Dec. 22, 1992) (action brought by striking jalapeno pickers under Agricultural Worker Protection Act, and Fair Labor Standards Act, dismissed as part of strike settlement)  (lead counsel for plaintiffs).

*Quintanilla v. Pioneer Hi-Bred International, Inc.*, No. 92-051 (S.D. Tex. consent agreement entered June 17, 1992) (class action for injunctive relief under disclosure and wage statement provisions of the Agricultural Worker Protection Act, with claims for damages by 22 individuals, settled for individual damages and class-wide consent agreement) (lead counsel for plaintiffs).

*Sanchez v. Harnish*, No. 91-229 (S.D. Tex. Apr. 21, 1992) (agreed judgment for 17 migrant farm workers in breach of contract and Agricultural Worker Protection Act case against an Indiana grower) (lead counsel for plaintiffs).

**STRIKE NEGOTIATIONS**

*Salazar's Farms, Inc.*, 221 Daily Lab. Rep. A-1 (BNA Nov. 16, 1992) (strike by 80 field workers against farm that employed them to pick and destem jalapenos, settled for wage increase of more than fifty percent and other concessions) (lead negotiator for striking workers).

*Santa Sarita, Inc.*, 6 Daily Lab. Rep. A-4 (BNA Jan. 9, 1992) (strike by 175 packing shed workers, settled for change in pay system from piece rate to hourly rate resulting in sixty percent increase in worker earnings and improved working conditions) (lead negotiator for striking workers).

*Rio Grande Valley Sugar Growers, Inc.*, 229 Daily Lab. Rep. A-12 (BNA Nov. 27, 1991) (five-day strike by 120 truck drivers and 245 field workers against a sugar mill, settled for wage increases and other concessions valued at more $560,000 per season) (lead negotiator for striking workers).

**PRESENTATIONS AT ACADEMIC AND EDUCATIONAL SEMINARS**

American University Washington College of Law, "Public Interest Practice: Perspectives from the Field," Washington, DC, March 2015.

National Consumer Law Center, Experienced FDCPA Litigators' Meeting, "Ethical Issues: Individual and Class Action Retainer Agreements, Attorneys' Fees, Incentive Awards, and Settlements," Washington, DC, March 2015.

Low Wage Worker Legal Network, "Using the Administrative Procedure Act to Advance Workers' Rights," Portland, OR, January 2015.

PILnet International Fellowship, "Clinical Legal Education in the United States," Washington, DC, January 2015.

George Washington University Law School, The Tension Between Academic Freedom and State Open Records Laws, "Why the Federal FOIA Does Not Fit the Problem," and "The Rationales for Disclosure and Withholding," Washington, DC, April 2014.

Cardozo School of Law, Winter Seminar on Lawyering in Washington, DC, "Public Interest Lawyering," Washington, DC, January 2012, January 2013, January 2014.

General Services Administration, Federal Advisory Committee Act Management Training Course, "The Public Interest Perspective," Washington, DC, March 2005, May 2005, August 2005, March 2006, June 2006, August 2006, March 2007, June 2007, November 2007, May 2008, August 2008, December 2008, March 2009, June 2009, March 2010, May 2010, November 2010, March 2011, June 2011, November 2011, March 2012, May 2012, June 2012, August 2012, November 2012, March 2013, November 2013, June 2014.

American University Washington College of Law, "Pursuing a Career in Public Interest Law," Washington, DC, February 2009, October 2013.

National Employment Lawyers Association, Preventing Wage Theft: A Guide to Litigating Cases Involving Wages, Hours and Work, "Ethical Considerations In Representing Workers In Wage and Hour Actions," Chicago, IL, March 2013.

Catholic University of America, Columbus School of Law, "Ethical Issues in Externships," Washington, DC, February 2008, March 2010, March 2012, March 2013.

Impact Fund, 10th Annual Class Action Conference, "Litigating Disparate Impact Testing Cases: Opportunities After *Dukes*," Berkeley, CA, March 2012.

Georgetown University Law Center, Institute for Public Representation, "Ethics in Public Interest Law," Washington, DC, October 2011, February 2012.

George Washington University Law School, Student Bar Association, "Public Interest Lawyering: An Introduction," Washington, DC, January 2012.

General Services Administration, 2011 Federal Advisory Committee Act Training Conference, "Transparency and Public Participation in Advisory Committee Meetings," Washington, DC, September 2011.

Fordham Law School, Symposium on Official and Municipal Liability for Constitutional and Intentional Torts, "The Repudiation of *Saucier v. Katz* and Its Consequences in The Courts," New York, NY, April 2011.

George Washington University Law School, National Lawyers Guild, "Progressive Lawyering Career Panel: Successful Attorneys Discus Working in the Law Without Compromising Their Ethics," Washington, DC, February 2011.

U.S. Department of State, International Visitor Leadership Program, "The Role of NGOs in Promoting Government Transparency and Accountability," Washington, DC, September 2010.

Texas RioGrande Legal Aid, Attorney's Fees Basics for Legal Aid Attorneys, "Ethics and Attorney's Fees," "Nuts and Bolts of Seeking Court Awarded Attorney's Fees," and "Common Issues in Attorney's Fees Litigation," San Antonio, TX, March 2010.

Georgetown University Law Center, Institute for Public Representation, "The Client Interview," Washington, DC, September 2009.

U.S. Department of Housing and Urban Development, Manufactured Housing Consensus Committee, "MHCC and the Federal Advisory Committee Community," Arlington, VA, July 2009.

University of Texas School of Law, Recovering Unpaid Wages for Low-Income Workers, "Ethical Issues in Wage Recovery Practice," Austin, TX, June 2009.

Jack Kent Cooke Foundation, Advanced Mentorship Program, "An Introduction to Public Interest Law," and "An Introduction to Constitutional Law," Yale University, New Haven, CT, June 2008.

American University Washington College of Law, First Annual Public Interest Alumni Dinner, Keynote Speech: "Public Interest Law—Where We've Been and Where We're Going," Washington, DC, February 2008.

General Services Administration, Federal Advisory Committee Act Training Conference, "Encouraging Public Participation in Advisory Committee Meetings," Washington, DC, December 2007.

Georgetown University Law Center, Government Accountability Seminar, "Holding the Government Accountable for Failures in Disaster Preparedness and Response," Washington, DC, October 2007.

Georgetown University Law Center, National Lawyers Guild, Law Student Disorientation, "Radical Lawyering in a Corporate Law Environment," Washington, DC, September 2007.

The Texas Lyceum, 22nd Public Conference: Separation of Church and State, "Public Interest Litigation," Austin, TX, July 2007.

National Lawyers Guild, Mid-Atlantic Regional Convention, "Strategies for Pursuing Social Justice in an Era of Economic Globalization," Washington, DC, March 2006.

Harvard Law School, Office of Public Interest Advising, "A Career in Public Interest Law," Cambridge, MA, January 2006.

National Employment Lawyers Association, Impact Litigation: Representing Workers in Class, Collective, and Multiple Plaintiff Actions, "Employment Testing: Trends and Tactics," Cambridge, MA, October 2005.

Society for Industrial and Organizational Psychology, Annual Conference, "Cut Scores in Employment Discrimination Cases: Where We Are Today," Los Angeles, CA, April 2005.

Society for Industrial and Organizational Psychology, Annual Conference, "Retrospective Research in Complex Organizations for Legal Defensibility," Los Angeles, CA, April 2005.

NAACP Legal Defense and Educational Fund, Civil Rights Training Institute, "Practical Issues in Litigating Entry Into the Workforce: Challenging Artificial Barriers Using the Disparate Impact Theory," Warrenton, VA, October 2004.

Department of Justice, Civil Rights Division, "Lessons Learned: Litigation Strategies for Complex Disparate Impact Cases," Washington, DC, January 2004.

Department of Justice, Civil Rights Division, New Lawyer Training, "Trial Strategies for Title VII Cases," Washington, DC, March 2003.

American Immigration Lawyers Association, DC Chapter, "Employment Law for Immigration Lawyers: The Employment Rights of Undocumented Workers After *Hoffman Plastic Compounds, Inc. v. NLRB*," Washington, DC, September 2002.

Department of Justice, Civil Rights Division, New Lawyer Training, "Discovery Techniques for Title VII Cases," Washington, DC, March 2001.

American University Washington College of Law, Office of Career Services, "Opportunities in Public Interest Law," Washington, DC, November 1999.

American University Washington College of Law, Admitted Applicants Day, "Preparing for a Career in Public Interest Law," Washington, DC, April 1999.

Department of Justice, Civil Rights Division, New Lawyer Training, "Investigating the Employment Practices of State and Local Governments," Washington, DC, March 1999.

National Lawyers Guild, National Convention, "The Globalization of Labor," Detroit, MI, October 1998.

U.S. Information Agency, International Visitor Program, "Civil Rights Litigation in the United States," Washington, DC, June 1998.

American University Washington College of Law, Law and Government Society, "Working for Federal Government Agencies," Washington, DC, January 1998.

American University Washington College of Law, Pro Bono Day, "Alumni Experiences in Public Interest Law," Washington, DC, April 1996.

Midwest Migrant Health Project, "An Introduction to Farm Worker Rights Under the Agricultural Worker Protection Act and the Fair Labor Standards Act," Mercedes, TX, March 1995.

Agricultural Employers Mediation Conference, "Special Issues in Agricultural Employment," South Padre Island, TX, February 1995.

National Association for Public Interest Law, National Conference, "Representing Rural Communities," Washington, DC, October 1994.

Texas Rural Legal Aid, Migrant Advocates Annual Meeting, "Long Arm Jurisdiction After *Aviles v. Kunkle*," South Padre Island, TX, June 1994.

National Migrant Legal Services Conference, "Taking the Employer's Deposition," Ft. Worth, TX, March, 1994.

National Lawyers Guild, Tex-Oma Regional Conference, "Post-NAFTA Agenda: A look at the Proposed Labor Side Agreement," San Antonio, TX, January 1994.

Eastern Stream Migrant Advocates Meeting, "Discovery Issues in Joint Employment Cases," Charleston, SC, November 1993.

National Association for Public Interest Law, National Conference, "Fulfilling the Need: Working in Rural Areas," Washington, DC, October 1993.

National Lawyers Guild, Tex-Oma Regional Conference, "Protecting Farm Worker Rights," Austin, TX, February, 1992.

Houston Refugee Pro Bono Project, Representation in Deportation and Asylum Proceedings, "Political Asylum In Canada," Houston, TX, February 1988, July 1988.

**AWARDS**

Peter M. Cicchino Award for Outstanding Advocacy in the Public Interest                 2008

U.S. Department of Justice Special Achievement Award                 Annually 1996-2002

AUWCL Dean's Award for Professional Responsibility, Outstanding Clinical Student         1991

**BAR MEMBERSHIPS**

U.S. Supreme Court; U.S. Court of Appeals for the D.C., First, Fifth, and Eleventh Circuits; U.S. District Court for the District of Columbia; District of Columbia ; Texas (inactive)