UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL VETERANS LEGAL | ) | |
| SERVICES PROGRAM, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-745 ESH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Defendant hereby moves, pursuant to Fed. R. Civ. P. 12(b)(1)
and (6), to dismiss this action for failure to state a claim within
this Court's jurisdiction and under the "first-to-file" rule.  In
the alternative, Defendant moves for summary judgment in its favor,
pursuant to Fed. R. Civ. P. 56, because there is no genuine issue
as to any material fact and the Defendant is entitled to judgment
as a matter of law.

The Court is respectfully referred to the accompanying

memorandum, declarations and statement of material facts which accompany this motion.

Respectfully submitted,

CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By: _____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 16-745 ESH ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

This is the third recent civil action instituted as a class action challenging the fees charged by the Administrative Office of United States Courts ("AO") on the theory that it has overcharged for access to information made available through its Public Access to Court Electronic Records ("PACER") system.  See Complaint at 2, fn.1; Fisher v. United States, U.S. Court of Federal Claims Case No. 1:15-cv-01575-TCW; Fisher v. Duff, Case No. C15-5944 BHS (W.D. Wash).[1]  Accordingly, it should be dismissed under the first-to-file rule.  In any event, a prerequisite to an action challenging PACER

---

[1] On December 28, 2015, Bryndon Fisher ("Fisher") filed a class action complaint against the United States in the Court of Federal Claims ("CFC Complaint").  See June 15, 2016 Order in Fisher v. Duff, Case No. C15-5944 BHS (W.D. Wash)  (Exhibit 5) at 1.  In the June 15, 2016 Order, the earlier District Court action was dismissed based upon the first-to-file rule, because the district court action was filed after the CFC Complaint and the putative class members could obtain relief in the Court of Federal Claims suit.  Id.

fees is the requirement that the entity billed for such fees has,
within 90-days of the date of the PACER bill, alerted the PACER
Service Center to any errors in billing.  <u>See</u> Declaration of Anna
Marie Garcia.  Docket No. 18 in <u>Fisher</u> v. <u>Duff</u> (Exhibit 1), ¶¶ 3-4.
As Plaintiffs do not allege that they have satisfied this contractual
obligation, the action should be dismissed for failure to state a
claim.  At a minimum, the claims should be limited to those
plaintiffs who have timely but unsuccessfully attempted to resolve
the alleged overbilling by alerting the PACER Service Center, as
required.[2]

BACKGROUND

PACER is an electronic public access service that allows users
to obtain case and docket information online from federal appellate,
district, and bankruptcy courts, and the PACER Case Locator.  <u>See</u>
Complaint (ECF No. 1), ¶ 7-8; https://www.pacer.gov/.  "PACER is
provided by the Federal Judiciary in keeping with its commitment to
providing public access to court information via a centralized
service."  <u>Id</u>.  To that end, PACER allows users to access Court
documents for $0.10 per page, up to a maximum charge of $3.00 per

---

[2] Moreover, the Plaintiff class members would have to exclude
those PACER users whose downloads exceeded the $3.00 maximum download
charge sufficiently to reduce the per page charge to that deemed
acceptable to Plaintiffs.

transaction; and PACER fees are waived if a user does not exceed $15 in a quarter.  Id. (Exhibit 4) at 2; Complaint, ¶ 73.

The terms provided to all PACER users during the registration process include a requirement that users "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill."  https://www.pacer.gov/documents/pacer_policy.pdf (PACER Policies).  Similarly, the PACER User Manual states, "If you think there is an error on your bill, you must submit the Credit Request Form.  Requests may also be faxed to the PACER Service Center. . ."  https://www.pacer.gov/documents/pacermanual.pdf (PACER User Manual) at 5.  The Credit Request Form requires users to "Complete this form and submit it along with a letter of explanation in support of the credit request."  It also requires users to provide a "detailed explanation in support of the request for credit," a "list of transactions in question" and a "completed refund request form if payment has been made on the account."  Plaintiff does not allege that he, or any other member of the purported class, submitted any claim to the PACER Service Center for the overcharges he alleges in his complaint.

On December 28, 2015, Bryndon Fisher instituted a purported class action against the United States based on allegations that he was overcharged by the AO for downloading certain documents from

PACER.  Docket No. 1 in <u>Fisher</u> v. <u>United States</u>, (Exhibit 2), ¶¶ 1-5,
37-45.  On May 12, 2016, Mr. Fisher filed an amended Complaint in
the case, but still pursues class action claims that he and the class
he represents (PACER users) were overcharged by the AO and that the
fees were not in compliance with the limitations placed on fees by
the Judicial Appropriations Act of 1992, Pub. L. 102-140, title III,
§ 303, 105 Stat. 810 (1991), and the E-Government Act of 2002, Pub.
L. 107-347, title II, § 205(e), 116 Stat. 2915 (2002).  Docket No.
8 (Amended Complaint) in <u>Fisher</u> v. <u>United States</u>, (Exhibit 3) ¶¶
14-16.[3]

Based on what Plaintiffs in the instant action allege are PACER
overcharges, Plaintiffs similarly assert class action claims for
illegal exaction, on one of the theories shared in the <u>Fisher</u>
litigation.  Plaintiffs here, like those in <u>Fisher</u>, similarly assert
that the fees charged through PACER are in excess of those authorized
by the E-Government Act of 2002 and its limitation allowing fees "only
to the extent necessary."  Complaint, ¶¶ 11-12, 27-29, 33-34;

---

[3] According to the Amended Complaint in <u>Fisher</u> v. <u>United States</u>,
"Congress expressly limited the AO's ability to charge user fees for
access to electronic court information by substituting the phrase
"only to the extent necessary" in place of "shall hereafter" in the
above statute. E-Government Act of 2002, § 205(e).  Exhibit 3, ¶ 16.

Exhibit 3, ¶¶ 15, 29-41, 45(E).[4]  The purported class of users in

Fisher v. United States, consists of "All PACER users who, from

December 28, 2009 through present, accessed a U.S. District Court,

U.S. Bankruptcy Court, of the U.S. Court of Federal Claims and were

charged for at least one docket report in HTML format that included

a case caption containing 850 or more characters."  Exhibit 3, ¶ 41.

In the instant action, Plaintiffs seek to certify a class of "All

individuals and entities who have paid for the use of PACER within

the past six years, excluding class counsel and agencies of the

federal government." Complaint, ¶ 27.   Thus, the class in this action

would encompass all Plaintiffs in Fisher.

ARGUMENT

Standard Of Review

  Federal courts are courts of limited jurisdiction.
They possess only that power authorized by Constitution
and statute, see Willy v. Coastal Corp., 503 U.S. 131,
136-137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992);
Bender v. Williamsport Area School Dist., 475 U.S. 534,
541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which

---

  [4] Paragraph 45(E)-(F) of the Amended Complaint in Fisher v.
United States posits as an issue common to all of the purported class
members the following: Whether the AO's conduct constituted an
illegal exaction by unnecessarily and unreasonably charging PACER
users more than the AO and the Judicial Conference authorized under
Electronic Public Access Fee Schedule and the E-Government Act of
2002; [and] Whether Plaintiff and the Class have been damaged by the
wrongs alleged and are entitled to compensatory damages."  Exhibit
3, ¶ 45(E)-(F).

> is not to be expanded by judicial decree, American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of North America, America, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party party asserting jurisdiction, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion to dismiss for lack of jurisdiction may be presented as a facial or factual challenge.  "A facial challenge attacks the factual allegations of the complaint that are contained on the face of the complaint, while a factual challenge is addressed to the underlying facts contained in the complaint." Al-Owhali v. Ashcroft, 279 F. Supp. 2d 13, 20 (D.D.C. 2003) (internal quotations and citations omitted.)  When defendants make a facial challenge, the the district court must accept the allegations contained in the complaint as true and consider the factual allegations in the light most favorable to the non-moving party.  Erby v. United States, 424 F. Supp. 2d 180, 182 (D.D.C. 2006).  With respect to a factual challenge, the district court may consider materials outside of the pleadings to determine whether it has subject matter jurisdiction over the claims.  Jerome Stevens Pharmacy, Inc. v. FDA, 402 F.3d 1249, 1249, 1253 (D.C. Cir. 2005).  The plaintiff bears the responsibility

of establishing the factual predicates of jurisdiction by a preponderance of evidence.  <u>Erby</u>, 424 F. Supp. 2d at 182.

In order to survive a Rule 12(b)(6) motion, the plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 555 (2007).  As with facial challenges to subject-matter jurisdiction under Rule 12(b)(1), a district court is required to deem the factual allegations in the complaint as true and consider those allegations in the light most favorable to the non-moving party when evaluating a motion to dismiss under Rule 12(b)(6).  <u>Trudeau</u> v. <u>FTC</u>, 456 F.3d 178, 193 (D.C. Cir. 2006). However, where "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" <u>Ashcroft</u> <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557).  Further, a "court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at 679.  While "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  <u>Id.</u> at 678-79.  Finally,

Finally, as a general matter, the Court is not to consider matters outside the pleadings, per Rule 12(b), without converting a defendant's motion to a motion for summary judgment.  In interpreting interpreting the scope of this limitation, however, the D.C. Circuit has instructed that the Court may also consider "any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997).  For example, the D.C. Circuit has approved judicial notice of public records on file.  In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (statements attached to complaint that undermined inference advocated by plaintiff). Defendant specifically asks that the Court take judicial notice of the documents accompanying this filing.  See Fed. R. Evid. 201.

Summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Washington Post Co. v. U.S. Dept. of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every

action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).   Summary Summary judgment is appropriate, under Rule 56, if the pleadings on file, as well as the affidavits submitted, evidence that there is no genuine issue of any material fact and that movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c); see also Mendoza Mendoza v. Drug Enforcement Admin., 465 F.Supp.2d 5 (D.D.C. 2006).

Courts are required to view the facts and inferences in a light most favorable to the non-moving party.   See Flythe v. District of Columbia, 791 F.3d 13, 19 (D.C. Cir. 2015)(citing Scott v. Harris, 550 U.S. 372, 383 (2007).   However, the party opposing the motion cannot simply "rest upon the mere allegations or denials of the adverse party's pleading, but. . . must set forth specific facts showing that there is a genuine issue for trial." Mendoza, 465 F.Supp.2d at 9 (quoting Fed R. Civ. P. 56(e).   A non-moving party must show more than "that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

In Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court recognized that "any factual assertions in the movants affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Since the Court is constrained to "treat the complaint's factual allegations as true", Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000), the facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level." Schuer v. Rhodes, 416 U.S. 232, 236 (1974).

Finally, where the District Court has employed the first-to-file rule, its action has been reviewed on appeal only for abuse of discretion.  See Washington Metro. Area Transit Auth. v. Ragonese, 617 F.2d 828, 830 (D.C. Cir. 1980) (judge acted within his discretion when he dismissed the action).

First-To-File

Where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.  Food Fair Stores v. Square Deal Mkt. Co., 187 F.2d 219, 220-21 (D.C. Cir. 1951).  Relying on principles of comity, the Court of Appeals has affirmed that a District Court acts within its discretion when it dismisses an action under the "first-to-file rule." Washington Metro. Area Transit Auth. v. Ragonese, 617 F.2d at 830-31.

Just as was the case in Fisher v. Duff, the claims here overlap with those in the Claims court litigation.  Both cases involve allegations that the same entities utilized the PACER system and were charged more for downloading information than is authorized by the same statutes and agreements.  The class here would include nearly every class member in Fisher,[5] and the Fisher litigation was filed first, on December 28, 2015.  Accordingly, this action should be dismissed to allow the Claims Court litigation to proceed.  See Docket No. 25 in Fisher v. Duff (Exhibit 5); Food Fair Stores v. Square Deal Mkt. Co., 187 F.2d at 220-21; Washington Metro. Area Transit Auth. v. Ragonese, 617 F.2d at 830-31.

Plaintiffs Do Not Allege They Timely
Alerted The PACER Service Center

Under their agreements with the Defendant, the Plaintiffs, when using PACER, agree that if there is an error in the user's PACER bill, the user "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill."  Exhibit 1, ¶ 3.  Essentially, the submission of claims to the PACER Service Center

---

[5] Plaintiffs' Motion For Class Certification recognizes that the class would be limited to those charged within the six-year limitations period.  ECF No. 8 at 1; Complaint at 15 (limiting the demanded monetary recovery to "the past six years that are found to exceed the amount authorized by law").  Thus, the class would exclude those whose PACER fees were charged before April 21, 2010.  The limitations period in Fisher v. United States would presumably go back six years from the filing of the original complaint on December 28, 2015, an extra few months.

-13-

is, by the plain terms of the agreement between Plaintiffs and the Defendant, a condition precedent to any duty to refund billing errors.   See 13 *Williston on Contracts* § 38:7 (4th ed.) ("A condition precedent is either an act of a party that must be performed or a certain event that must happen before a contractual right accrues or a contractual duty arises.").  Because Plaintiffs have not alleged that this condition precedent was performed, they have not stated a claim for relief.

    As with exhaustion of statutory administrative remedies, there are sound policy reasons to require the plaintiffs to fulfill their contractual duty to submit any claim to the PACER Service Center. As the Supreme Court noted in McKart v. United States, such reasons "are not difficult to understand."  Id., 395 U.S. 185, 193 (1969). Since agency decisions "frequently require expertise, the agency should be given the first chance to . . . apply that expertise."  Id. "And of course it is generally more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages." Id.; see Thomson Consumer Elecs., Inc. v. United States, 247 F.3d 1210, 1214 (Fed. Cir. 2001) (citing McKart while explaining that administrative remedies are sometimes preferable to litigation because "courts may never have to intervene if the complaining party

-14-

is successful in vindicating his rights" and "the agency must be given a chance to discover and correct its own errors.").

Here, the billing errors at issue are clearly a matter of highly specific expertise.  If Plaintiffs would fulfil their obligations and submit a claim for a specific alleged overcharge to the PACER Service Center, they could engage in a dialog with those at the PACER Service Center and allow the Defendant to exercise its expertise regarding the workings of the PACER system and respond directly to Plaintiffs' concerns about the accuracy of the PACER bill.  Such a result is required by the agreement, and would also be more efficient than testing Plaintiff's theories in Court.

Plaintiffs Have Not Alleged A Statutory
Remedy That Supports An Illegal Exaction Claim

In both the Tucker Act, 28 U.S.C. § 1491, and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), Congress has waived sovereign immunity for certain actions for monetary relief against the United States. United States v. Mitchell, 463 U.S. 206, 212–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).  The pertinent portions of the Tucker Act and the Little Tucker Act waive sovereign immunity for claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); id. § 1346(a)(2).  The Little Tucker Act permits an action to be brought in a district court, but only if a claim does not exceed $10,000 in amount; the Tucker Act contains no such monetary restriction but authorizes actions to be brought only in the Court of Federal Claims.

Doe v. United States, 372 F.3d 1308, 1312 (Fed. Cir. 2004).   Because
Plaintiff has relied upon the Little Tucker Act for this Court's
jurisdiction, Complaint, ¶ 5, any review of the final judgment will
likely be in the United States Court of Appeals for the Federal
Circuit.   28 U.S.C. § 1295(a)(2).

To invoke federal court jurisdiction over an illegal exaction
claim, "a claimant must demonstrate that the statute or provision
causing the exaction itself provides, either expressly or by
'necessary implication,' that 'the remedy for its violation entails
a return of money unlawfully exacted.'"   Norman v. United States,
429 F.3d 1081, 1095 (Fed. Cir. 2005) (quoting Cyprus Amax Coal Co.
v. United States, 205 F.3d 1369, 1373 (Fed. Cir. 2000)).[6]

Here, Plaintiffs' illegal exaction claim fails because that
claim expressly recognizes that the liability comes only after an
agreement is reached between the PACER user and the AO.   See
Complaint, ¶ 7 ("each person must agree to pay a specific fee").   The
obligations of those using PACER are further set forth in the PACER
User Manual and the policies and procedures promulgated by the AO,

---

[6]   Because the allegation of a proper statute or provision is
a jurisdictional issue under the Little Tucker Act, Defendant moves
to dismiss the claim under Fed. R. Civ. p. 12(b)(1).   Dismissal is
also warranted under Fed. R. Civ. P. 12(b)(6), because, even if
jurisdiction is present, Plaintiffs have alleged a
statutory/regulatory framework that expressly requires his claims
to be submitted to the PACER Service Center.   See Kipple v. United
States, 102 Fed. Cl. 773, 779 (2012).

which form the basis for Plaintiffs' claim that the user consents 'statute or provision' causing the exaction.  See Complaint ¶ 7-10; Exhibit 1 (Declaration of Anna Marie Garcia), ¶¶ 2-4.  That manual and those regulations, however, require all claims regarding billing errors to be submitted to the PACER Service Center.  The complaint does not allege that the plaintiff took the necessary steps to receive a refund: submitting the requisite paperwork to the PACER Service Center.  Accordingly, Plaintiffs have failed to allege that the statute and associated regulations provide a remedy for the specific exactions they allege.

Plaintiffs cite the "E-Government Act of 2002, the Electronic Public Access Fee Schedule" as well as other policies and procedures promulgated by the AO in the PACER User Manual to suggest that fees adopted and charged are excessive.  See Complaint, ¶ 7-10.  They then allege that these laws and regulations resulted in excessive fees. See Complaint, ¶¶ 11-13, 21.[7]

In fact, Plaintiffs' proposed remedy – the return of all monies (regardless of whether claims are presented to the PACER Service Center) – is contrary to the express terms of the governing

---

[7]   In addition, the statutory authority cited by Plaintiffs they expressly recognize that the PACER Service Center is a part of the regulatory framework, by including "PACER Service Center" fees as part of the "the Electronic Public Access Program"  See Complaint, ¶ 19.

contractual requirements, namely the AO's policies and procedures and the PACER User Manual.  The framework in place expressly limits the monetary remedy to those claims that are submitted to the PACER Service Center within 90 days of the bill.  Pacer Policy (users "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill"); Pacer User Manual at 5 ("If you think there is an error on your bill, you must submit the Credit Request Form."); Exhibit 1, ¶¶ 2-4.

Plaintiffs' claim is dependent on the inclusion of the PACER User Manual and other AO policies and procedures, including the PACER Policy, because the cited statutory authority states only that the Director of the AO and the Judicial Conference may "prescribe reasonable fees" for PACER information, 28 U.S.C. § 1913, and that those fees are $0.10 per "page" for docket reports, not to exceed thirty pages.  28 U.S.C. §§ 1913, 1914, 1926, 1930, 1932.  This language, standing alone, is insufficient to create the remedy of return of all possible claims (including those not submitted to the AO).  See Norman, 429 F.3d at 1096 (dismissing claim where law did not "directly result in an exaction").

Instead, the policies and procedures of the AO are a necessary part of the framework supporting Plaintiffs' alleged exaction.

Those same policies and procedures that establish the fees to be paid, however, are fatal to Plaintiffs' exaction claim, because they also require claims to be submitted to the PACER Service Center within 90 days of the date of the bill.  Accordingly, Plaintiffs' illegal exaction claim fails.

## CONCLUSION

For the foregoing reasons the Complaint should be dismissed or, in the alternative, summary judgment should be granted in favor of the Defendant based both on to the first-to-file rule and as to any claim that was not presented to the PACER Service Center with alleged errors in billing within 90 days of the date of the bill.

Respectfully submitted,

CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By: _____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL         )
  SERVICES PROGRAM, <u>et al.</u>,   )
                             )
        Plaintiffs,            )
                             )
    v.                          ) Civil Action No. 16-745 ESH
                             )
UNITED STATES OF AMERICA,       )
                             )
        Defendant.             )
                             )
_____)

DEFENDANT'S STATEMENT OF MATERIAL FACTS AS
<u>TO WHICH THERE IS NO GENUINE ISSUE</u>

     Pursuant to Local Civil Rule 7(h), the Defendant hereby provides the following statement of material facts as to which there is no genuine dispute:

     1.   On December 28, 2015, Bryndon Fisher instituted a purported class action against the United States based on allegations that he was overcharged by the AO for downloading certain documents from PACER.  Docket No. 1 in <u>Fisher</u> v. <u>United States</u>, (Exhibit 2), ¶¶ 1-5, 37-45.

     2.   On May 12, 2016, Mr. Fisher filed an amended Complaint in the case, but still pursues class action claims that he and the class he represents (PACER users) were overcharged by the AO and that the fees were not in compliance with the limitations placed on fees by the Judicial Appropriations Act of 1992, Pub. L. 102-140, title III,

§ 303, 105 Stat. 810 (1991), and the E-Government Act of 2002, Pub. L. 107-347, title II, § 205(e), 116 Stat. 2915 (2002).  Docket No. 8 (Amended Complaint) in <u>Fisher</u> v. <u>United States</u>, (Exhibit 3) ¶¶ 14-16.

3.  According to the Amended Complaint in <u>Fisher</u> v. <u>United States</u>, "Congress expressly limited the AO's ability to charge user fees for access to electronic court information by substituting the phrase "only to the extent necessary" in place of "shall hereafter" in the above statute. E-Government Act of 2002, § 205(e).  Exhibit 3, ¶ 16.

4.  The purported class of users in <u>Fisher</u> v. <u>United States</u>, consists of "All PACER users who, from December 28, 2009 through present, accessed a U.S. District Court, U.S. Bankruptcy Court, of the U.S. Court of Federal Claims and were charged for at least one docket report in HTML format that included a case caption containing 850 or more characters."  Exhibit 3, ¶ 41.

5.  Paragraph 45(E)-(F) of the Amended Complaint in <u>Fisher</u> v. <u>United States</u> posits as an issue common to all of the purported class members the following: Whether the AO's conduct constituted an illegal exaction by unnecessarily and unreasonably charging PACER users more than the AO and the Judicial Conference authorized under Electronic Public Access Fee Schedule and the E-Government Act of

-2-

2002; [and] Whether Plaintiff and the Class have been damaged by the wrongs alleged and are entitled to compensatory damages."  Exhibit 3, ¶ 45(E)-(F).

6.   Under their agreements with the Defendant, the Plaintiffs, when using PACER, agree that if there is an error in the user's PACER bill, the user "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill."  Exhibit 1, ¶ 3.

Respectfully submitted,

CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By: _____ /s/
    W. MARK NEBEKER, DC Bar #396739
    Assistant United States Attorney

-3-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion To Dismiss Or, In The Alternative, For Summary Judgment, supporting memorandum, statement of material facts, exhibits and a proposed Order has been made through the Court's electronic transmission facilities on this 27th day of June, 2016.

/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536
mark.nebeker@usdoj.gov