The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYNDON FISHER,

                Plaintiff,

      v.

JAMES C. DUFF, et al.,

                Defendants.

CASE NO.  3:15cv5944-BHS

DECLARATION OF ANNA MARIE GARCIA

I, Anna Marie Garcia, am competent to testify and declare as follows based on my personal knowledge:

1.  My current title is Chief, PACER Support Branch, and my position involves managing the PACER Service Center.  As part of my duties, I am familiar with Public Access to Court Electronic Records ("PACER").

2.  To obtain an account with PACER, individuals must register using the website https://www.pacer.gov/

3.  During the registration process, the user must check a box to "acknowledge that you have read and understand the policies and procedures listed above."  A

EXHIBIT
1
CA 16-745 ESH

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

person cannot obtain a PACER account without checking the box. The

"policies and procedures listed above" include the following statement: "I must

alert the PACER Service Center to any errors in billing within 90 days of the

date of the bill." Attached as Exhibit A is true and correct copy of a screenshot

showing the acknowledgment and the Policies and Procedures that a user sees

when he or she registers for a PACER account. (On the website, an individual

user must scroll down to view the complete Policies and Procedures, so they

are not all visible in the attached screenshot). A complete set of the same

Pacer Policies and Procedures that a registrant would see when he or she

registers are also on the website at

https://www.pacer.gov/documents/pacer_policy.pdf and a true and correct

copy is attached hereto as Exhibit B.

4. The PACER website also includes the PACER User Manual for ECF Courts at

https://www.pacer.gov/documents/pacermanual.pdf. The User Manual states

at p. 5, "If you think there is an error on your bill, you must submit the Credit

Request Form. Requests may also be faxed to the PACER Service Center at

(210) 301-6441." The Credit Request Form can be found on PACER's website

at: https://www.pacer.gov/documents/creditreqform.pdf If payment has

already been made, users may request a refund using the Refund Request form

found on the website at:

https://www.pacer.gov/documents/PSC_RefundForm.pdf

Declaration
3:15cv5944-BHS - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. Plaintiff Bryndon Fisher has had a PACER account since 08/26/2013. At the time he registered for an account, PACER required individuals to click to acknowledge the policies and procedures, which included the same requirement to alert the PACER Service Center of any errors within 90 days of the date of the bill.

6. I have reviewed records kept in the ordinary course of business, which show that Mr. Fisher has never submitted a claim to the Pacer Service Center regarding any alleged overcharge or dispute with his PACER bill.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this _29_ day of February, 2016 at _____San Antonio, Texas_____.

_____
Anna Marie Garcia

Declaration
3:15cv5944-BHS - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# Exhibit A

Manage My Account | Manage My Appellate Filer Account | Case Search Sign In



HOME    REGISTER    FIND A CASE    E-FILE    QUICK LINKS    HELP    CONTACT US          Browse Aloud    RSS

**REGISTER**

PACER - Case Search Only
  Register Now
Attorney Filers
Non-Attorney Filers
Appellate Filers (Legacy)
District/Bankruptcy Filers (Legacy)
Firm Billing

## PACER - CASE SEARCH ONLY REGISTRATION

| Acknowledgment of Policies and Procedures |
| --- |

There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to information in PACER. All registered users will be charged as follows:

- Use of the PACER system will generate a $.10 per-page charge.
- Audio files of court hearings retrieved via PACER will generate a $2.40 per-file charge.

**Acknowledgment of Policies and Procedures**
I understand that:

- There is a charge for accessing information in PACER. See the Fee Information section above. PACER provides electronic access to case information in U.S. federal courts. By registering for a PACER account, I assume responsibility for all fees incurred through the usage of this account.
- Certain accounts may be designated, under Judicial Conference policy, as exempt from fees. If my account is exempt from the fee, it is my responsibility to use the account only within the scope of the fee exemption.
- I must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill.
- The per-page charge applies to the number of pages that result from any search, regardless of the number of pages viewed, printed, or downloaded. Searches that result in no matches incur a charge for one page of data.
- Users who provide a valid credit or debit card at the time of registration will receive immediate access to court

**Click here to download a printable version of the Policies and Procedures**

' Required Information
  Check here to acknowledge you have read and understand the policies and procedures listed above. '

If you did not complete the CREDIT CARD INFORMATION, you will receive instructions at the address entered on the personal information page with your activation code by US Mail in 7-10 business days. If you have any questions, call the PACER Service Center at (800) 676-6856.

      Submit      Back      Reset      Cancel

Contact Us | Privacy | Policies and Procedures | Browse Aloud | About Us

This site is maintained by the Administrative Office of the U.S. Courts, PACER Service Center.
The purpose of this site is to provide information about locating and filing cases in U.S. federal courts.

**Exhibit A**
**Page 1 of 1**   3/3/2016

# Exhibit B

**Fee Information**                                                                                                    Last Updated: August 18, 2014

There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to information in PACER. All registered users will be charged as follows:

* Use of the PACER system will generate a $.10 per-page charge.
* Audio files of court hearings retrieved via PACER will generate a $2.40 per-file charge.

## Acknowledgement of Policies and Procedures

I understand that:

- There is a charge for accessing information in PACER. See the Fee Information section above. PACER provides electronic access to case information in U.S. federal courts. By registering for a PACER account, I assume responsibility for all fees incurred through the usage of this account.
- Certain accounts may be designated, under Judicial Conference policy, as exempt from fees. If my account is exempt from the fee, it is my responsibility to use the account only within the scope of the fee exemption.
- I must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill.
- The per-page charge applies to the number of pages that results from any search, regardless of the number of pages viewed, printed, or downloaded. Searches that result in no matches incur a charge for one page of data.
- Users who provide a valid credit or debit card at the time of registration will receive immediate access to court records. Users who do not provide a card number during registration will receive an authentication token via U.S. mail in 7-10 business days.
- Usage is billed on a quarterly basis. Pursuant to Judicial Conference policy, no account is billed for usage of less than $15 in a quarter.
- Statements, which contain a summary of the charges the account has incurred, are sent in January, April, July, and October. Detailed transaction information is available in the Manage My Account section of the PACER Service Center website (www.pacer.gov).
- All new accounts automatically default to email billing.
- If a credit card or debit card is provided during registration, usage is automatically billed quarterly to that card. These charges will be billed to the card up to 7 days before the due date listed on your quarterly invoice. Electronic statements will be generated and sent via email. Paper statements will not be mailed to accounts with automatic billing.
- If a credit card or debit card number is not provided at the time of registration, quarterly invoices will be emailed to the email address submitted with this registration request. Users must remit payment through the mail or online via the PACER Service Center website (www.pacer.gov).
- PACER bills that are not paid on time are subject to federal debt collection measures. These measures include, but are not limited to, referral to a private collection agency or the U.S. Department of Treasury for collection. Accounts that are referred to a private collection agency will be assessed substantial collection fees in addition to the outstanding debt owed to the PACER Service Center.

I must provide accurate and complete information in registering for this account. I will promptly inform the PACER Service Center of any changes to that information.

The PACER account being registered is for my use only, unless specifically designated otherwise on the registration form. I am responsible for preventing unauthorized use of the account. If I believe there has been unauthorized use, I must notify the PACER Service Center immediately by emailing pacer@psc.uscourts.gov or calling (800) 676-6856.

The PACER Service Center and/or a U.S. federal court reserve(s) the right to

- Suspend service to any account in which the amount due is not paid by the due date.
- Demand immediate payment, outside of the regularly scheduled billing cycles, of an account at any time that the PACER Service Center determines the action is necessary.
- Notify and seek payment from the firm listed on my account registration if my account balance is not paid by the due date.
- Reject an account registration request that the PACER Service Center determines to be related to an existing PACER account with a past-due balance.
- Suspend service to an account if any part of the information provided to the PACER Service Center as part of this account registration process is fraudulent. Information about the account and any accounts determined to be related to it may be turned over to law enforcement authorities.
- Deny accounts to requesters who have delinquent debts to any federal government agency, in accordance with 31 U.S.C. § 3720B(a).
- Suspend or reduce service to, or otherwise restrict access to PACER by, any account that causes an unacceptable level of congestion or a disruption to the operations of the PACER Service Center, a U.S. federal court, or another PACER user.
- Suspend service to an account at any time that the PACER Service Center or a U.S. federal court determines the action is necessary to prevent fraud or to maintain the security of its computer systems and networks.
- Require prepayment as a condition to resume service for any account that has:
  1. Had service suspended or restricted for any reason.
  2. Had multiple instances of late payments.
  3. Been requested to make immediate payment of fees incurred.

Public Access to Court Electronic Records is supported by user fees. Any attempt to collect data from PACER in a manner that avoids billing is strictly prohibited and may result in criminal prosecution or civil action. PACER privileges will be terminated if, in the judgment of judiciary personnel, they are being misused. Misuse includes, but is not limited to, using an automated process to repeatedly access those portions of the PACER application that do not assess a fee (i.e., calendar events report or case header information) for purposes of collecting case information.

An account determined by the PACER Service Center to be related to an account that has been subject to an action outlined above may also be subject to the same action.

Accounts may be determined to be related based on information obtained by the PACER Service Center during registration or other contact with CM/ECF, PACER, or the PACER Service Center.

If these policies and procedures change in a significant way, information regarding the changes will be posted on the PACER Service Center website (www.pacer.gov). It is the account holder's responsibility to check these policies and procedures regularly for changes. Continued use of PACER following the posting of changes will mean that the account holder accepts and agrees to the changes.

## PACER Administrative Account (PAA) Billing

Many organizations have asked for their employees to have individual PACER accounts, with the capability to consolidate billing at an organizational level. The PAA will allow an organization to receive a single invoice for charges from all accounts under its PAA.

- The firm must establish a PAA to manage all logins at the PACER Service Center website.
- All charges associated with each individual account are accrued to the PAA. The organization will be financially responsible for all associated accounts. If the balance due on the PAA is not paid in full each quarter, PACER service for all accounts linked to the PAA will be suspended. The PAA will be subject to the collection procedures described in these terms.
- For those who use the PAA, the $15 waiver per quarter will only apply in the event that the firm billing account total for a quarter is less than $15.
- If there is a past-due balance associated with a PAA, the account administrator cannot link any new individual accounts until the balance has been paid in full.

Case 1:16-cv-00745-ESH   Document 11-1   Filed 06/27/16   Page 8 of 51
Case 1:15-cv-01575-CORIGINALL1   Filed 12/28/15   Page 1 of 15
3983126098

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**FIELD**

**DEC 28 2015**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| **Bryndon Fisher**, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | No.  **15-1575C** |
| **The United States of America,** | |
| Defendant. | |

### CLASS ACTION COMPLAINT

Upon personal knowledge as to his own acts and status, and based upon his investigation, his counsel's investigation, and information and belief as to all other matters, plaintiff Bryndon Fisher ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

### SUMMARY OF ACTION

1.      This is a class action brought on behalf of users of the Public Access to Court Electronic Records system ("PACER"), the system that all all federal district and bankruptcy courts use to provide public access to court records. Based on an extensive investigation into PACER's billing practices, PACER exhibits a systemic error that overcharges users for accessing docket reports in violation of its stated policies and procedures.

2.      The basic problem is simple. PACER claims to charge users $0.10 for each page in a docket report, up to a maximum charge of $3.00 per transaction. Since by default, these docket



EXHIBIT

**2**

CA 16-745 ESH

reports are displayed in HTML format, PACER uses a formula based on the number of bytes in a docket to determine the number of billable pages. One billable pages equals 4,320 extracted bytes.

3.      In reality, however, the PACER billing system contains an error. PACER artificially inflates the number of bytes in each extracted page, counting some of those bytes *five times* instead of just once. As a result, users are systematically overcharged for certain docket reports.

4.      The Administrative Office of the United States Courts ("AO"), which administers and maintains PACER, therefore breached the terms of its contract with Plaintiff and the Class and owes Plaintiff and the Class damages as compensation for the overcharges.

5.      The AO improperly collected these overcharge payments from Plaintiff and the Class in contravention of relevant statutes and regulations, including the E-Government Act of 2002, 28 U.S.C. § 1913 note, and the Electronic Public Access Fee Schedule. These overcharge payments, therefore, also constitute an illegal exaction in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action, and venue is proper in this Court pursuant to 28 U.S.C. § 1491(a).

## PARTIES

7.      Plaintiff Bryndon Fisher ("Fisher") is a citizen of the State of Washington and a resident of Camas, Washington. During the Class Period, as described *infra*, Fisher accessed PACER, viewed docket reports in HTML format, and was overcharged for docket reports by the AO. Fisher has not been reimbursed or otherwise compensated for the overcharges.

8.      Defendant United States of America ("United States") includes the

Administrative Office of the United States Courts, which administers and maintains PACER, and

agents acting at the direction or on behalf of the AO.

<div align="center">

FACTUAL ALLEGATIONS

**The PACER System**

</div>

9.      According to the AO's website, PACER is an electronic public access service that

allows users to obtain case and docket information online from federal appellate, district, and

bankruptcy courts. PACER is provided by the Federal Judiciary in keeping with its commitment

to providing public access to court information via a centralized service.

10.     PACER's mission is to facilitate and improve electronic public access to court

information at a reasonable cost, in accordance with legislative and judicial policies, security

requirements, and user demands.

11.     PACER hosts millions of case file documents and docket information for all

district, bankruptcy, and appellate courts. As of 2010, PACER hosted over 500 million documents

that were filed in federal courts.

12.     The AO's Programs Division manages the development and maintenance of

PACER and, through the PACER Service Center, provides centralized billing, registration, and

technical support services for the Judiciary and the public.

13.     In 2015, PACER surpassed over two million user accounts. Users include licensed

attorneys; state and local governments, including city, state, and federal employees; educational

institutions, including students, educators, and staff; journalists and media organizations; judges

and court staff; and the general public.

<div align="center">

3

</div>

## PACER Prescribes User Fees

14.     As mandated by Congress, PACER is funded through user fees set by the Judicial

Conference of the United States ("Judicial Conference").

15.     The Judicial Appropriations Act of 1992, Pub. L. 102–140, title III, § 303, 105 Stat.

810 (1991), as amended by the E-Government Act of 2002, Pub. L. 107–347, title II, § 205(e), 116

Stat. 2915 (2002), provides:

### Court Fees for Electronic Access to Information

(a) The Judicial Conference *may, only to the extent necessary, prescribe
reasonable fees*, pursuant to sections 1913, 1914, 1926, 1930, and 1932 of title 28,
United States Code, for collection by the courts under those sections for access to
information available through automatic data processing equipment. ... The
Director of the Administrative Office of the United States Courts, under the
direction of the Judicial Conference of the United States, shall prescribe a
schedule of reasonable fees for electronic access to information which the Director
is required to maintain and make available to the public.

(codified as amended at 28 U.S.C. 1913 note) (emphasis added).

16.     Congress expressly limited the AO's ability to charge user fees for access to

electronic court information by substituting the phrase "only to the extent necessary" in place of

"shall hereafter" in the above statute. E-Government Act of 2002, § 205(e).

17.     In accordance with this statute, the Judicial Conference prescribed user fees for

electronic public access to court records:

### Fees for Public Access to Court Electronic Records (PACER)

(1) Except as provided below, for electronic access to any case document, docket
sheet, or case-specific report via PACER: *$0.10 per page*, not to exceed the fee for
thirty pages.

Electronic Public Access Fee Schedule, 28 U.S.C.A. 1914 (effective December 1, 2013),

https://www.pacer.gov/documents/epa_feesched.pdf (emphasis added).

4

18.     The exceptions, *inter alia*, concern fee exemptions for users who have not yet

incurred $15.00 in a quarterly billing cycle; discretionary exemptions for indigents, *pro bono*

attorneys, and nonprofit organizations; judicial opinions; and parties and attorneys in a case who

receive one "free look." None of these exceptions apply here.

19.     PACER's user fees are contained in PACER's "Policies and Procedures," which

are linked from the home page of PACER's website. These Policies and Procedures state:

> **Fee Information**
> There is no registration fee. However, the Judicial Conference of the United States
> has established a fee for access to information in PACER. All registered users will
> be charged as follows:
>
> * Use of the PACER system will generate a $.10 per-page charge.

PACER Policies and Procedures, https://www.pacer.gov/documents/pacer_policy.pdf.

20.     The AO directly communicates the amount of these fees to users when they sign

up for a PACER account. When a user accesses the "Registration Wizard," the system presents

the following information to the user:

> There is no registration fee. However, the Judicial Conference of the United States
> has established a fee for access to PACER. All registered agencies or individuals
> will be charged the fee. Access to PACER systems will generate a $0.10 per page
> charge.
>
> If you would like to try PACER before registering, visit our free training site. More
> detailed information about how to use PACER is available in the PACER User
> Manual.

PACER Case Search Registration, https://pacer.psc.uscourts.gov/pscof/regWizard.jsf (emphasis

and links in original).

21.     This language describing the "$0.10 per page charge" includes a "tooltip" that

displays additional explanatory text when a user hovers her mouse pointer over it. See below:

> **PACER Case Search Registration**
>
> The View option allows read-only access for viewing, searching, and printing. This option does not allow you to electronically file documents. It is not exclusive to attorneys and is available to everyone. The View option is what most people choose.
>
> To obtain a PACER account, you must complete the online PACER registration form. For immediate access to court records, provide a credit card during registration. If you do not provide a credit card, an activation code will be sent by U.S. mail to the address you provided on the registration form. Please allow 7 to 10 business days for mail delivery. **For security reasons, activation codes cannot be emailed, faxed, or given over the phone.**
>
> There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to PACER. All registered agencies or individuals will be charged the fee. Access to PACER systems will generate a $0.10 per page charge.
>
> If you would like to try PACER before registering, visit our fre[   ] to use PACER is available in the PACER User Manual.
>
> Billable pages are calculated in three ways in PACER: 1) A formula determines the number of pages for an HTML-formatted report. The information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted. 2) For a PDF, the actual number of pages are counted to determine the number of billable pages. 3) On the PACER Case Locator (PCL), 54 lines are counted as one billable page.
>
> Continue

22.     This "tooltip" explains that "[a] formula determines the number of pages for an

HTML-formatted report. The information extracted, such as data used to create a docket sheet,

is billed using a formula based on the number of bytes extracted."

23.     The PACER Service Center's public help pages contain similar language. In the

billing area, PACER presents a frequently-asked questions section that asks:

> **HOW IS A "PAGE" DETERMINED FOR BILLING PURPOSES?**
>
> 1. A formula determines the number of pages for an HTML-formatted report. The information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted.
> 2. For a PDF, the actual number of pages are counted to determine the number of billable pages.
> 3. On the PACER Case Locator (PCL), 54 lines are counted as one billable page.

PACER Billing, https://www.pacer.gov/billing/.

6

24.     The PACER User Manual, which the Registration Wizard references and links to,

explains this formula in greater detail:

> **Dockets, Case Reports, and Search Results**
>
> Docket reports are generated with the number of pages for a docket sheet before
> the document is reformatted as a webpage.
>
> Billable pages for docket reports, case reports, and search results are calculated
> using a formula based on the number of bytes extracted (4,320 bytes = 1 billable
> page).

PACER User Manual for ECF Courts (Updated September 2014), https://www.pacer.gov/

documents/pacermanual.pdf.

25.     Based on PACER's stated policies and procedures, including incorporated

disclosures on its web site and in the PACER User Manual, a user would expect to be charged

$0.10 for each 4,320 bytes extracted from a docket report.

### PACER Overcharged Plaintiff Fisher for Access to Court Dockets

26.     Plaintiff Bryndon Fisher registered for access to the PACER system and agreed to

be charged $0.10 per page for access to court dockets, based on the formula contained in the

PACER User Manual.

27.     Over the past several years, Fisher accessed numerous court dockets and

documents, always accessing court dockets in HTML format using PACER's default options.

Fisher was charged and paid for that access, and his docket access did not qualify for the

exceptions or exclusions listed in the Electronic Public Access Fee Schedule.

28.     During the past two years, Fisher accessed 184 court docket reports using PACER

and was charged and paid a total of $109.40 to the AO for this access. These charges do not

include access to the individual PDF documents, only access to the docket reports.

29.     Over this two-year period, based on the formula contained in the PACER User

Manual, Fisher should have been charged $72.40, representing an overcharge of $37.00 or

approximately 51%.

30.     Fisher has not been reimbursed or otherwise compensated for these overcharges.

## PACER Exhibits a Systemic Billing Error That Overcharges Users

31.     PACER's overcharges to Fisher are not an isolated incident. On the contrary,

based on Plaintiff's counsel's investigation, PACER systematically overcharges users for access to

court dockets in breach of its stated policies, including the PACER User Manual.

32.     To discover why and how PACER overcharges users, Plaintiff's counsel retained

expert consultants with advanced degrees in computer science and substantial experience in the

field. These consultants conducted an investigation into the overcharges, including who is

affected, when and under what circumstances the overcharges manifest, and the nature of the

underlying error in the PACER system.

33.     Based on this investigation, PACER exhibits a systemic billing error that affects

the vast majority of users who access docket reports in the default HTML format. For these

docket reports, PACER uses a formula based on the number of bytes extracted, purporting to

charge users $0.10 per 4,320 bytes. But the PACER system actually miscalculates the number of

extracted bytes in a docket report, resulting in an overcharge to users.

34.     Plaintiff's investigation determined that the source of this overcharge lies in the

case caption, the portion of a docket report that contains basic information about a case (e.g., the

case number, parties, and attorneys of record). Instead of counting the number bytes in the case

caption once, PACER actually counts these bytes approximately *five times*.

8

35.     If a user accesses an HTML docket report, and the case caption for that docket is
more than 850 characters, the systemic billing error manifests itself. This is because, when the
caption contains 850 or more characters, the caption contains enough bytes that, when
overcounted by five times, it triggers at least one additional $0.10 charge to the user. An exception
to this rule applies when the docket is so large that users will have already reached the $3.00
maximum charge regardless of any overcounting of bytes in the case caption.

36.     This systemic billing error for docket reports affects the PACER system that is
used in all U.S. District Courts, U.S. Bankruptcy Courts, and the U.S. Court of Federal Claims.

### CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this class action on behalf of themselves and all others similarly
situated as members of a proposed Class defined as follows:

> **All PACER users who, within the last six years, accessed a U.S. District
> Court, U.S. Bankruptcy Court, or the U.S. Court of Federal Claims and
> were charged for at least one docket report in HTML format that
> included a case caption containing 850 or more characters.**

38.     Excluded from the Class are the United States government and the agencies and
officers thereof and any judges, justices, or judicial officers presiding over this matter, the
members of their immediate families, and their judicial staff.

39.     This action is brought and may properly be maintained as a class action pursuant
to Rule 23 of the U.S. Court of Federal Claims. This action satisfies the numerosity,
commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

40.     *Numerosity Under Rule 23(a)(1).* The Class is so numerous that the individual
joinder of all members is impracticable. While the Class's exact number is currently unknown and
can only be ascertained through appropriate discovery, PACER currently has over two million

9

users. This is more than sufficient to satisfy the numerosity requirement. Each of these Class

Members can also be ascertained by referencing the AO's business records, which include the

contact information for Class Members.

41.     ***Commonality Under Rule 23(a)(2).*** Common legal and factual questions exist that

predominate over any questions affecting only individual Class Members. These common

questions, which do not vary among Class Members and which may be determined without

reference to any Class Member's individual circumstances, include, but are not limited to:

> A.     Whether the AO owed a duty to Plaintiff and the Class to
>
>         accurately bill them for access to PACER docket reports;
>
> B.     Whether PACER contains a systemic error that miscalculates the
>
>         charges to Plaintiff and the Class for accessing docket reports;
>
> C.     Whether the AO systematically overbilled Plaintiff and the Class
>
>         for access to docket reports in breach of its contract;
>
> D.     Whether the AO's conduct constituted an illegal exaction by
>
>         unnecessarily and unreasonably charging PACER users more than
>
>         the AO and the Judicial Conference authorized under Electronic
>
>         Public Access Fee Schedule and the E-Government Act of 2002;
>
> E.     Whether Plaintiff and the Class have been damaged by the wrongs
>
>         alleged and are entitled to compensatory damages.

42.     Each of these common questions is also susceptible to a common answer that is

capable of classwide resolution and will resolve an issue central to the validity of the claims.

43.     ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiff is an adequate Class

representative because he is a Class Member, and his interests do not conflict with the Class's

interests. Plaintiff has retained counsel who are competent and experienced in prosecuting class

actions. Plaintiffs and his counsel intend to prosecute this action vigorously for the Class's benefit

and will fairly and adequately protect the Class's interests.

44.      ***Rule 23(b)(2) Generally Applicable Grounds.*** The Class can be properly

maintained under Rule 23(b)(2). Through a systemic billing error, the AO has overcharged each

Class Member for accessing docket reports.  Defendant, therefore, has acted or refused to act,

with respect the issues presented in this Complaint, on grounds generally applicable to the Class.

45.      ***Rule 23(b)(3) Predominance and Superiority.*** The Class can be properly

maintained under Rule 23(b)(3), because the above common questions of law and fact

predominate over any questions affecting only individual Class Members. A class action is also

superior to other available methods for the fair and efficient adjudication of this litigation because

individual litigation of each Class Member's claim is impracticable. Even if each Class Member

could afford individual litigation, the court system could not. It would be unduly burdensome

if thousands of individual cases were to proceed. Individual litigation also presents the potential

for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk

of an inequitable allocation of recovery among those with equally meritorious claims. Individual

litigation would increase the expense and delay to all parties and the courts because it requires

individual resolution of common legal and factual questions. By contrast, the class-action device

presents far fewer management difficulties and provides the benefit of a single adjudication,

economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

46.      Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

47.      As part of the process to register and access PACER, Plaintiff and the Class entered into a contract with the AO, which had actual authority to bind the United States.

48.      This contract incorporated the terms provided to Plaintiff and the Class during the registration process for PACER, including the PACER User Manual.

49.      Plaintiff and the Class performed their duties under the contract or were excused from doing so by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through a breach of the covenant of good faith and fair dealing.

50.      All conditions required by the contract for the United States' performance have occurred or were excused by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through a breach of the covenant of good faith and fair dealing.

51.      Under the terms of the contract, the United States was required to charge Plaintiff and the Class $0.10 per page for accessing docket reports. The contract's terms defined pages in a docket report accessed in HTML format as 4,320 extracted bytes.

52.      By charging Plaintiff and the Class more than $0.10 per page for accessing docket reports in HTML format by miscounting the number of extracted bytes in each docket, the United States violated the express terms of the contract. As a result, the United States breached its contract with Plaintiff and the Class.

53.      As a direct and proximate cause of the United States' breach of the contract, Plaintiff and the Class were harmed and are owed compensatory damages.

## SECOND CLAIM FOR RELIEF

### Illegal Exaction

54.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of
the allegations contained in the preceding paragraphs of this Complaint.

55.     The United States, acting through the AO, improperly collected user fees from
Plaintiff and the Class in excess of those authorized by Congress under the E-Government Act of
2002, 28 U.S.C. 2002 note, and in excess of those authorized by the AO and the Judicial
Conference under the Electronic Public Access Fee Schedule.

56.     The E-Government Act of 2002 provides that "[t]he Judicial Conference may,
*only to the extent necessary*, prescribe reasonable fees ... for collection by the courts ... for access
to information available through automatic data processing equipment" and that "[t]he Director
of the [AO], under direction of the Judicial Conference ... shall prescribe a schedule of *reasonable*
fees for electronic access to information ...." 28 U.S.C.A. 1913 (emphasis added).

57.     The Electronic Public Access Fee Schedule only authorizes fees of $0.10 per page,
not to exceed the fee for thirty pages, for electronic access to any case document, docket sheet, or
case-specific report.

58.     By miscalculating the number of bytes in a page, the AO collected charges from
Plaintiff and the Class in excess of $0.10 per page for accessing electronic docket sheets, in direct
contravention of the E-Government Act's mandate that the Judicial Conference "may, only to the
extent necessary, prescribe reasonable fees." Overcharging Plaintiff and the Class for these
charges was both unnecessary and *per se* unreasonable under the Act.

59.     The AO also collected charges from Plaintiff and the Class in excess of the $0.10
per page fee for accessing electronic docket sheets in direct contravention of the Electronic Public

Access Fee Schedule, as well as further policies and procedures promulgated by the AO in the PACER User Manual.

60.     By necessary implication, the E-Government Act of 2002, the Electronic Public Access Fee Schedule, and other related policies and procedures promulgated by the AO provide that the remedy for their violation entails a return of money unlawfully exacted. By directly prescribing the limits on fees charged by the AO and the Judicial Conference to Plaintiff and the Class, these laws lead to the ineluctable conclusion that they provide a monetary remedy for fees charged in excess of the prescribed limits.

61.     Plaintiff and the Class are intended beneficiaries of the E-Government Act of 2002, the AO, and the PACER system, as PACER's "mission is to facilitate and improve electronic public access to court information at a reasonable cost, in accordance with legislative and Judiciary policies, security requirements, and user demands."

62.     The United States has retained the funds it unlawfully collected from Plaintiff and the Class and has not reimbursed or otherwise compensated Plaintiff and the Class.

63.     Plaintiff and the Class seek return of all funds improperly paid, exacted, or taken from them in contravention of federal statutes and regulations.

### PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests that the Court order the following relief and enter judgment against the United States of America as follows:

A.     An order certifying the proposed Class under R.C.F.C. 23;

B.     An order appointing Plaintiff and his counsel to represent the Class;

C.     A finding that the United States breached its contract with Plaintiff and the Class;

D.   A finding that the United States illegally exacted money from Plaintiff and the
Class in violation of the Due Process Clause of the Fifth Amendment;

E.   A judgment awarding Plaintiff and the Class compensatory damages and any other
damages authorized by law in amounts to be proven at trial;

F.   Prejudgment and postjudgment interest at the maximum allowable rate;

G.   Attorneys' fees and expenses and the costs of this action; and

H.   All other relief, including equitable and injunctive relief, that this Court deems
necessary, just, and proper.

DATED: December 24, 2015              SCHUBERT JONCKHEER & KOLBE LLP


                                     BY:    /s/ Noah M. Schubert
                                            NOAH M. SCHUBERT

                                     Noah M. Schubert
                                     Attorney of Record
                                     *nschubert@schubertlawfirm.com*

                                     Three Embarcadero Ctr Ste 1650
                                     San Francisco, CA 94111-4018
                                     Ph: 415.788.4220
                                     Fx: 415.788.0161


OF COUNSEL:                          SCHUBERT JONCKHEER & KOLBE LLP

                                     Robert C. Schubert
                                     *rschubert@schubertlawfirm.com*

                                     Miranda P. Kolbe
                                     *mkolbe@schubertlawfirm.com*

                                     Three Embarcadero Ctr Ste 1650
                                     San Francisco, CA 94111-4018
                                     Ph: 415.788.4220
                                     Fx: 415.788.0161

                                     *Attorneys for Plaintiff, Individually and
                                     on Behalf of All Other Similarly Situated*

15

FORM 2
COVER SHEET

# In The United States Court of Federal Claims

## Cover Sheet

Plaintiff(s) or Petitioner(s)
Bryndon Fisher, Individually and on Behalf of All Others Similarly Situated

_If this is a multi-plaintiff case, pursuant to RCFC 20(a), please attach an alphabetized, numbered list of all plaintiffs._

Name of the attorney of record (See RCFC 83.1(c)):   Noah M. Schubert

    Firm Name:   Schubert Jonckheer & Kolbe LLP

Contact information for pro se plaintiff/petitioner or attorney of record:

Post Office Box:

Street Address:   3 Embarcadero Ctr Ste 1650

City-State-ZIP:   San Francisco, CA 94111

Telephone:   415-788-4220

E-mail Address:   nschubert@schubertlawfirm.com

Is the attorney of record admitted to the Court of Federal Claims Bar?   ☑ Yes   ☐ No
Does the attorney of record have a Court of Federal Claims ECF account?   ☑ Yes   ☐ No
If not admitted to the court or enrolled in the court's ECF system, please call (202) 357-6402 for admission papers and/or enrollment instructions.

Nature of Suit Code:   ①③④
Select only one (three digit) nature-of-suit code from the attached sheet.
If number 213 is used, please identify partnership or partnership group. If numbers 118, 134, 226, 312, 356, or 528 are used, please explain.

Agency Identification Code:   ⓪☐☐
See attached sheet for three-digit codes.

Amount Claimed:   $ 50 million (estimate)
Use estimate if specific amount is not pleaded.

Disclosure Statement:
Is a RCFC 7.1 Disclosure Statement required?   ☐ Yes   ☑ No
If yes, please note that two copies are necessary.

Bid Protest:
Indicate approximate dollar amount of procurement at issue:  $
Is plaintiff a small business?   ☐ Yes   ☐ No

Vaccine Case:
Date of Vaccination:

Related Cases:
Is this case directly related to any pending or previous case?   ☐ Yes   ☑ No
If yes, you are required to file a separate notice of directly related case(s). See RCFC 40.2.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Bryndon Fisher**, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

    v.

**The United States of America,**

                Defendant.

No. 15-1575C
(Judge Wheeler)

## FIRST AMENDED CLASS ACTION COMPLAINT

Upon personal knowledge as to his own acts and status, and based upon his investigation,
his counsel's investigation, and information and belief as to all other matters, plaintiff Bryndon
Fisher ("Plaintiff" or "Fisher"), individually and on behalf of all others similarly situated,
alleges as follows:

### SUMMARY OF ACTION

1.      This is a class action brought on behalf of users of the Public Access to Court
Electronic Records system ("PACER"), the system that all all federal district and bankruptcy
courts use to provide public access to court records. Based on an extensive investigation into
PACER's billing practices, PACER exhibits a systemic error that overcharges users for accessing
docket reports in violation of its stated policies and procedures.


EXHIBIT
3
CA 16-745 ESH

2.      The basic problem is simple. PACER claims to charge users $0.10 for each page in a docket report, up to a maximum charge of $3.00 per transaction. Since by default, these docket reports are displayed in HTML format, PACER uses a formula based on the number of bytes in a docket to determine the number of billable pages. One billable page equals 4,320 extracted bytes.

3.      In reality, however, the PACER billing system contains an error. PACER artificially inflates the number of bytes in each extracted page, counting some of those bytes *five times* instead of just once. As a result, users are systematically overcharged for certain docket reports.

4.      The Administrative Office of the United States Courts ("AO"), which administers and maintains PACER, therefore breached the terms of its contract with Plaintiff and the Class and owes Plaintiff and the Class damages as compensation for the overcharges.

5.      The AO improperly collected these overcharge payments from Plaintiff and the Class in contravention of relevant statutes and regulations, including the E-Government Act of 2002, 28 U.S.C. § 1913 note, and the Electronic Public Access Fee Schedule. These overcharge payments, therefore, also constitute an illegal exaction in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action, and venue is proper in this Court pursuant to 28 U.S.C. § 1491(a).

### PARTIES

7.      Plaintiff Bryndon Fisher is a citizen of the State of Washington and a resident of Camas, Washington. During the Class Period, as described *infra*, Fisher accessed PACER,

viewed docket reports in HTML format, and was overcharged for docket reports by the AO.

Fisher has not been reimbursed or otherwise compensated for the overcharges.

8.      Defendant United States of America ("Defendant" or "United States") includes

the Administrative Office of the United States Courts, which administers and maintains PACER,

and agents acting at the direction or on behalf of the AO.

<div align="center">

FACTUAL ALLEGATIONS

**The PACER System**

</div>

9.      According to the AO's website, PACER is an electronic public access service that

allows users to obtain case and docket information online from federal appellate, district,

bankruptcy courts, and the U.S. Court of Federal Claims. PACER is provided by the Federal

Judiciary in keeping with its commitment to providing public access to court information via a

centralized service.

10.     PACER's mission is to facilitate and improve electronic public access to court

information at a reasonable cost, in accordance with legislative and judicial policies, security

requirements, and user demands.

11.     PACER hosts millions of case file documents and docket information for all

district, bankruptcy, and appellate courts. As of 2010, PACER hosted over 500 million

documents that were filed in federal courts.

12.     The AO's Programs Division manages the development and maintenance of

PACER and, through the PACER Service Center, provides centralized billing, registration, and

technical support services for the Judiciary and the public.

<div align="center">

3

</div>

13.     In 2015, PACER surpassed over two million user accounts. Users include licensed attorneys; state and local governments, including city, state, and federal employees; educational institutions, including students, educators, and staff; journalists and media organizations; judges and court staff; and the general public.

### PACER Prescribes User Fees

14.     As mandated by Congress, PACER is funded through user fees set by the Judicial Conference of the United States ("Judicial Conference").

15.     The Judicial Appropriations Act of 1992, Pub. L. 102–140, title III, §□ 303, 105 Stat. 810 (1991), as amended by the E-Government Act of 2002, Pub. L. 107–347, title II, §□ 205(e), 116 Stat. 2915 (2002), provides:

> **Court Fees for Electronic Access to Information**
>
> (a) The Judicial Conference *may, only to the extent necessary, prescribe reasonable fees*, pursuant to sections 1913, 1914, 1926, 1930, and 1932 of title 28, United States Code, for collection by the courts under those sections for access to information available through automatic data processing equipment. … The Director of the Administrative Office of the United States Courts, under the direction of the Judicial Conference of the United States, shall prescribe a schedule of reasonable fees for electronic access to information which the Director is required to maintain and make available to the public.

(codified as amended at 28 U.S.C. 1913 note) (emphasis added).

16.     Congress expressly limited the AO's ability to charge user fees for access to electronic court information by substituting the phrase "only to the extent necessary" in place of "shall hereafter" in the above statute. E-Government Act of 2002, § 205(e).

17.     In accordance with this statute, the Judicial Conference prescribed user fees for electronic public access to court records:

### Fees for Public Access to Court Electronic Records (PACER)

4

(1) Except as provided below, for electronic access to any case document, docket sheet, or case-specific report via PACER: *$0.10 per page*, not to exceed the fee for thirty pages.

Electronic Public Access Fee Schedule, 28 U.S.C.A. 1914 (effective December 1, 2013),

https://www.pacer.gov/documents/epa_feesched.pdf (emphasis added).

18.     The exceptions, *inter alia*, concern fee exemptions for users who have not yet

incurred $15.00 in a quarterly billing cycle; discretionary exemptions for indigents, *pro bono*

attorneys, and nonprofit organizations; judicial opinions; and parties and attorneys in a case who

receive one "free look." None of these exceptions apply here.

19.     PACER's user fees are contained in PACER's "Policies and Procedures," which

are linked from the home page of PACER's website. These Policies and Procedures state:

> **Fee Information**
> There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to information in PACER. All registered users will be charged as follows:
>
> * Use of the PACER system will generate a $.10 per-page charge.

PACER Policies and Procedures, https://www.pacer.gov/documents/pacer_policy.pdf.

20.     The AO directly communicates the amount of these fees to users when they sign

up for a PACER account. When a user accesses the "Registration Wizard," the system presents

the following information to the user:

> There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to PACER. All registered agencies or individuals will be charged the fee. Access to PACER systems will generate a $0.10 per page charge.
>
> If you would like to try PACER before registering, visit our free training site. More detailed information about how to use PACER is available in the PACER User Manual.

PACER Case Search Registration, https://pacer.psc.uscourts.gov/pscof/regWizard.jsf (emphasis and links in original).

21. This language describing the "$0.10 per page charge" includes a "tooltip" that displays additional explanatory text when a user hovers her mouse pointer over it. See below:

> The View option allows read-only access for viewing, searching, and printing. This option does not allow you to electronically file documents. It is not exclusive to attorneys and is available to everyone. The View option is what most people choose.
>
> To obtain a PACER account, you must complete the online PACER registration form. For immediate access to court records, provide a credit card during registration. If you do not provide a credit card, an activation code will be sent by U.S. mail to the address you provided on the registration form. Please allow 7 to 10 business days for mail delivery. **For security reasons, activation codes cannot be emailed, faxed, or given over the phone.**
>
> There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to PACER. All registered agencies or individuals will be charged the fee. Access to PACER systems will generate a $0.10 per page charge.
>
> If you would like to try PACER before registering, visit our fr[...] to use PACER is available in the PACER User Manual.
>
> Billable pages are calculated in three ways in PACER: 1) A formula determines the number of pages for an HTML-formatted report. The information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted. 2) For a PDF, the actual number of pages are counted to determine the number of billable pages. 3) On the PACER Case Locator (PCL), 54 lines are counted as one billable page.
>
> Continue

22. This "tooltip" explains that "[a] formula determines the number of pages for an HTML-formatted report. The information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted."

23. The PACER Service Center's public help pages contain similar language. In the billing area, PACER presents a frequently-asked questions section that asks:

> **HOW IS A "PAGE" DETERMINED FOR BILLING PURPOSES?**
>
> 1. A formula determines the number of pages for an HTML-formatted report. The information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted.
> 2. For a PDF, the actual number of pages are counted to determine the number of billable pages.
> 3. On the PACER Case Locator (PCL), 54 lines are counted as one billable page.

PACER Billing, https://www.pacer.gov/billing/.

24.     The PACER User Manual, which the Registration Wizard references and links to,

explains this formula in greater detail:

**Dockets, Case Reports, and Search Results**

Docket reports are generated with the number of pages for a docket sheet before
the document is reformatted as a webpage.

Billable pages for docket reports, case reports, and search results are calculated
using a formula based on the number of bytes extracted (4,320 bytes = 1 billable
page).

PACER User Manual for ECF Courts (Updated September 2014),

https://www.pacer.gov/documents/pacermanual.pdf.

25.     Based on PACER's stated policies and procedures, including incorporated

disclosures on its web site and in the PACER User Manual, a user would expect to be charged

$0.10 for each 4,320 bytes extracted from a docket report.

**PACER Users Notified the AO that PACER Overcharges for Docket Access**

26.     On March 12, 2015, Carl Malamud ("Malamud"), a member of the putative

Class, submitted a Credit Request Form to the PACER Service Center for reimbursement of

overcharges for accessing court dockets. As part of this request for a refund, Malamud included a

detailed explanation of how PACER consistently overcharges PACER users by miscalculating the

number of bytes in billable pages.

27.     An agent for the PACER Service Center responded to Malamud via email on

March 25, 2015 by providing cost-saving tips to reduce docket report charges, but she did not

address Malamud's complaint regarding PACER's persistent pattern of overbilling users for

access to court dockets.

28.     On March 31, 2015, Malamud again informed PACER of its systemic pattern of
overbilling users, by writing a letter to Robert Lowney, Chief of the Programs Division for the
AO. Malamud's letter further put the AO on notice that a systemic billing error overcharged
PACER users for access to Court dockets and included a detailed description of the error.
Malamud noted that PACER's March 25th response did not address his specific complaint
regarding the systemic nature of the billing errors. Malamud also informed PACER that he had
spoken with numerous users who had noted PACER's practice of overbilling for access to court
dockets and reported these errors to the PACER Service Center

### PACER Overcharged Plaintiff Fisher for Access to Court Dockets

29.     Plaintiff Bryndon Fisher registered for access to the PACER system and agreed to
be charged $0.10 per page for access to court dockets, based on the formula contained in the
PACER User Manual.

30.     Over the past several years, Fisher accessed numerous court dockets and
documents, always accessing court dockets in HTML format using PACER's default options.
Fisher was charged and paid for that access, and his docket access did not qualify for the
exceptions or exclusions listed in the Electronic Public Access Fee Schedule.

31.     During the past two years, Fisher accessed 184 court docket reports using PACER
and was charged and paid a total of $109.40 to the AO for this access. These charges do not
include access to the individual PDF documents, only access to the docket reports.

32.     Over this two-year period, based on the formula contained in the PACER User

Manual, Fisher should have been charged $72.40, representing an overcharge of $37.00 or

approximately 51%.

33.     PACER concealed these overcharges from Fisher, thereby hindering Fisher's

ability to discover and report the overcharges to PACER. Furthermore, Fisher could not report

the overcharges to PACER in a timely manner because discovery and confirmation of the

overcharges required an investigation by expert consultants with advanced degrees in computer

science. As a result, any condition precedent in the contract has been excused because of

impracticability or hindrance by Defendant.

34.     Fisher has not been reimbursed or otherwise compensated for these overcharges.

**PACER Exhibits a Systemic Billing Error That Overcharges Users**

35.     PACER's overcharges to Fisher and Malamud are not isolated incidents. On the

contrary, based on Plaintiff's counsel's investigation, PACER systematically overcharges users

for access to court dockets in breach of its stated policies, including the PACER User Manual.

36.     To discover why and how PACER overcharges users, Plaintiff's counsel retained

expert consultants with advanced degrees in computer science and substantial experience in the

field. These consultants conducted an investigation into the overcharges, including who is

affected, when and under what circumstances the overcharges manifest, and the nature of the

underlying error in the PACER system.

37.     Based on this investigation, PACER exhibits a systemic billing error that affects

the vast majority of users who access docket reports in the default HTML format. For these

docket reports, PACER uses a formula based on the number of bytes extracted, purporting to

charge users $0.10 per 4,320 bytes. But the PACER system actually miscalculates the number of extracted bytes in a docket report, resulting in an overcharge to users.

38.      Plaintiff's investigation determined that the source of this overcharge lies in the case caption, the portion of a docket report that contains basic information about a case (e.g., the case number, parties, and attorneys of record). Instead of counting the number bytes in the case caption once, PACER actually counts these bytes approximately *five times*.

39.      If a user accesses an HTML docket report, and the case caption for that docket is more than 850 characters, the systemic billing error manifests itself. This is because, when the caption contains 850 or more characters, the caption contains enough bytes that, when overcounted by five times, it triggers at least one additional $0.10 charge to the user. An exception to this rule applies when the docket is so large that users will have already reached the $3.00 maximum charge regardless of any overcounting of bytes in the case caption.

40.      This systemic billing error for docket reports affects the PACER system that is used in all U.S. District Courts, U.S. Bankruptcy Courts, and the U.S. Court of Federal Claims.

## CLASS ACTION ALLEGATIONS

41.      Plaintiff brings this class action on behalf of himself and all others similarly situated as members of a proposed Class defined as follows:

> **All PACER users who, from December 28, 2009 through present, accessed a U.S. District Court, U.S. Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one docket report in HTML format that included a case caption containing 850 or more characters.**

42.      Excluded from the Class are the United States government and the agencies and officers thereof and any judges, justices, or judicial officers presiding over this matter, the members of their immediate families, and their judicial staff.

43.     This action is brought and may properly be maintained as a class action pursuant

to Rule 23 of the U.S. Court of Federal Claims. This action satisfies the numerosity,

commonality, typicality, adequacy, predominance, and superiority requirements of this rule.

44.     *Numerosity Under Rule 23(a)(1).* The Class is so numerous that the individual

joinder of all members is impracticable. While the Class's exact number is currently unknown

and can only be ascertained through appropriate discovery, PACER currently has over two

million users. This is more than sufficient to satisfy the numerosity requirement. Each of these

Class Members can also be ascertained by referencing the AO's business records, which include

the contact information for Class Members.

45.     *Commonality Under Rule 23(a)(2).* Common legal and factual questions exist that

predominate over any questions affecting only individual Class Members. These common

questions, which do not vary among Class Members and which may be determined without

reference to any Class Member's individual circumstances, include, but are not limited to:

> A.     Whether the AO owed a duty to Plaintiff and the Class to
>
>          accurately bill them for access to PACER docket reports;
>
> B.     Whether PACER contains a systemic error that miscalculates the
>
>          charges to Plaintiff and the Class for accessing docket reports;
>
> C.     Whether the AO systematically overbilled Plaintiff and the Class
>
>          for access to docket reports in breach of its contract;
>
> D.     Whether the AO breached the implied covenant of good faith and
>
>          fair dealing by knowingly and repeatedly overcharging PACER
>
>          users;

E.     Whether the AO's conduct constituted an illegal exaction by

unnecessarily and unreasonably charging PACER users more than

the AO and the Judicial Conference authorized under Electronic

Public Access Fee Schedule and the E-Government Act of 2002;

F.     Whether Plaintiff and the Class have been damaged by the wrongs

alleged and are entitled to compensatory damages.

46.     Each of these common questions is also susceptible to a common answer that is

capable of classwide resolution and will resolve an issue central to the validity of the claims.

47.     ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiff is an adequate Class

representative because he is a Class Member, and his interests do not conflict with the Class's

interests. Plaintiff has retained counsel who are competent and experienced in prosecuting class

actions. Plaintiffs and his counsel intend to prosecute this action vigorously for the Class's

benefit and will fairly and adequately protect the Class's interests.

48.     ***Rule 23(b)(2) Generally Applicable Grounds.*** The Class can be properly

maintained under Rule 23(b)(2). Through a systemic billing error, the AO has overcharged each

Class Member for accessing docket reports.  Defendant, therefore, has acted or refused to act,

with respect the issues presented in this Complaint, on grounds generally applicable to the Class.

49.     ***Rule 23(b)(3) Predominance and Superiority.*** The Class can be properly

maintained under Rule 23(b)(3), because the above common questions of law and fact

predominate over any questions affecting only individual Class Members. A class action is also

superior to other available methods for the fair and efficient adjudication of this litigation because

individual litigation of each Class Member's claim is impracticable. Even if each Class Member

could afford individual litigation, the court system could not. It would be unduly burdensome

if thousands of individual cases were to proceed. Individual litigation also presents the potential

for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk

of an inequitable allocation of recovery among those with equally meritorious claims. Individual

litigation would increase the expense and delay to all parties and the courts because it requires

individual resolution of common legal and factual questions. By contrast, the class-action device

presents far fewer management difficulties and provides the benefit of a single adjudication,

economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF

### Breach of Contract

50.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of

the allegations contained in the preceding paragraphs of this Complaint.

51.     As part of the process to register and access PACER, Plaintiff and the Class

entered into a contract with the AO, which had actual authority to bind the United States.

52.     This contract incorporated the terms provided to Plaintiff and the Class during

the registration process for PACER, including the PACER User Manual.

53.     Plaintiff and the Class performed their duties under the contract or were excused

from doing so by waiver, impossibility, impracticability, and/or prevention or hindrance of the

contract through a breach of the covenant of good faith and fair dealing.

54.     All conditions required by the contract for the United States' performance have

occurred or were excused by waiver, impossibility, impracticability, and/or prevention or

hindrance of the contract through a breach of the covenant of good faith and fair dealing by the
United States.

55.     The contract did not contain any condition precedent for litigation, but if it did
any such condition was excused because the United States breached the covenant of good faith
and fair dealing and/or compliance with the condition would have been impracticable or was
prevented or hindered because the United States concealed the overcharges from PACER users.

56.     To the extent there is any requirement that Plaintiff or the Class exhaust
administrative remedies prior to the filing of this action, Plaintiff and the Class have fully
complied with all such requirements, including by vicariously notifying the AO of the systemic
billing errors with PACER and providing the AO with ample opportunity to address and correct
the systemic billing errors.

57.     Under the terms of the contract, the United States was required to charge Plaintiff
and the Class $0.10 per page for accessing docket reports. The contract's terms defined pages in
a docket report accessed in HTML format as 4,320 extracted bytes.

58.     By charging Plaintiff and the Class more than $0.10 per page for accessing docket
reports in HTML format by miscounting the number of extracted bytes in each docket, the
United States violated the express terms of the contract. As a result, the United States breached
its contract with Plaintiff and the Class.

59.     As a direct and proximate cause of the United States' breach of the contract,
Plaintiff and the Class were harmed and are owed compensatory damages.

## SECOND CLAIM FOR RELIEF

## Breach of the Implied Covenant of Good Faith and Fair Dealing

60.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of
the allegations contained in the preceding paragraphs of this Complaint.

61.     Federal common law imposes a duty of good faith and fair dealing in the
performance of all contracts.

62.     As part of the process to register and access PACER, Plaintiff and the Class
entered into a contract with the AO, which had actual authority to bind the United States.

63.     This contract incorporated the terms provided to Plaintiff and the Class during
the registration process for PACER, including the PACER User Manual.

64.     Plaintiff and the Class performed their duties under the contract or were excused
from doing so by waiver, impossibility, impracticability, and/or prevention or hindrance of the
contract through a breach of the covenant of good faith and fair dealing by the United States.

65.     All conditions required by the contract for the United States' performance have
occurred or were excused by waiver, impossibility, impracticability, and/or prevention or
hindrance of the contract through breach of the covenant of good faith and fair dealing by the
United States.

66.     The contract did not contain any condition precedent for litigation, but if it did
any such condition was excused because the United States breached the covenant of good faith
and fair dealing and/or compliance with the condition would have been impracticable or was
prevented or hindered because the United States concealed the overcharges from PACER users.

67.     To the extent there is any requirement that Plaintiff or the Class exhaust
administrative remedies prior to the filing of this action, Plaintiff and the Class have fully
complied with all such requirements, including by vicariously notifying the AO of the systemic

billing errors with PACER and providing the AO with ample opportunity to address and correct the systemic billing errors. Under the terms of the contract, the United States was required to charge Plaintiff and the Class $0.10 per page for accessing docket reports. The contract's terms defined pages in a docket report accessed in HTML format as 4,320 extracted bytes.

68.     By knowingly and repeatedly charging Plaintiff and the Class more than $0.10 per page for accessing docket reports in HTML format by miscounting the number of extracted bytes in each docket, the United States breached the implied covenant of good faith and fair dealing.

69.     As a direct and proximate cause of the United States' breach of the implied covenant of good faith and fair dealing, Plaintiff and the Class were harmed and are owed compensatory damages.

### THIRD CLAIM FOR RELIEF

### Illegal Exaction

70.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

71.     The United States, acting through the AO, improperly collected user fees from Plaintiff and the Class in excess of those authorized by Congress under the E-Government Act of 2002, 28 U.S.C. 2002 note, and in excess of those authorized by the AO and the Judicial Conference under the Electronic Public Access Fee Schedule. These improperly collected user fees constitute an illegal exaction in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

72.     The E-Government Act of 2002 provides that "[t]he Judicial Conference may, *only to the extent necessary*, prescribe reasonable fees ... for collection by the courts ... for access

to information available through automatic data processing equipment" and that "[t]he Director

of the [AO], under direction of the Judicial Conference ... shall prescribe a schedule of

*reasonable* fees for electronic access to information ...." 28 U.S.C.A. 1913 (emphasis added).

73. The Electronic Public Access Fee Schedule only authorizes fees of $0.10 per page,

not to exceed the fee for thirty pages, for electronic access to any case document, docket sheet, or

case-specific report.

74. By miscalculating the number of bytes in a page, the AO collected charges from

Plaintiff and the Class in excess of $0.10 per page for accessing electronic docket sheets, in direct

contravention of the E-Government Act's mandate that the Judicial Conference "may, only to

the extent necessary, prescribe reasonable fees." Overcharging Plaintiff and the Class for these

charges was both unnecessary and *per se* unreasonable under the Act.

75. The AO also collected charges from Plaintiff and the Class in excess of the $0.10

per page fee for accessing electronic docket sheets in direct contravention of the Electronic

Public Access Fee Schedule, as well as further policies and procedures promulgated by the AO in

the PACER User Manual.

76. By necessary implication, the E-Government Act of 2002, the Electronic Public

Access Fee Schedule, and other related policies and procedures promulgated by the AO provide

that the remedy for their violation entails a return of money unlawfully exacted. By directly

prescribing the limits on fees charged by the AO and the Judicial Conference to Plaintiff and the

Class, these laws lead to the ineluctable conclusion that they provide a monetary remedy for fees

charged in excess of the prescribed limits.

77.     Plaintiff and the Class are intended beneficiaries of the E-Government Act of

2002, the AO, and the PACER system, as PACER's "mission is to facilitate and improve

electronic public access to court information at a reasonable cost, in accordance with legislative

and Judiciary policies, security requirements, and user demands."

78.     The United States has retained the funds it unlawfully collected from Plaintiff and

the Class and has not reimbursed or otherwise compensated Plaintiff and the Class.

79.     Plaintiff and the Class seek return of all funds improperly paid, exacted, or taken

from them in contravention of federal statutes and regulations.

### PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests that the Court order the following

relief and enter judgment against the United States of America as follows:

A.     An order certifying the proposed Class under R.C.F.C. 23;

B.     An order appointing Plaintiff and his counsel to represent the Class;

C.     A finding that the United States breached its contract with Plaintiff and the Class;

D.     A finding that the United States breached the implied covenant of good faith and

fair dealing in its contractual dealings with Plaintiff and the Class;

E.     A finding that the United States illegally exacted money from Plaintiff and the

Class in violation of the Due Process Clause of the Fifth Amendment;

F.     A judgment awarding Plaintiff and the Class compensatory damages and any other

damages authorized by law in amounts to be proven at trial;

G.     Prejudgment and postjudgment interest at the maximum allowable rate;

H.     Attorneys' fees and expenses and the costs of this action; and

I.     All other relief, including equitable and injunctive relief, that this Court deems

necessary, just, and proper.

DATED: May 12, 2016

SCHUBERT JONCKHEER & KOLBE LLP


BY:      /s/ Noah M. Schubert


NOAH M. SCHUBERT

Noah M. Schubert
Attorney of Record
*nschubert@schubertlawfirm.com*

Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415.788.4220
Fx: 415.788.0161


OF COUNSEL:

SCHUBERT JONCKHEER & KOLBE LLP

Robert C. Schubert
*rschubert@schubertlawfirm.com*

Miranda P. Kolbe
*mkolbe@schubertlawfirm.com*

Kathryn Y. Schubert
*kschubert@schubertlawfirm.com*

Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415.788.4220
Fx: 415.788.0161

*Attorneys for Plaintiff, Individually and
on Behalf of All Other Similarly Situated*



- Manage My Account
- Manage Your Appellate Filer Account
- Case Search Sign In

Digital Audio Recordings
Digital audio recordings are available to the public. In March 2010, the Judicial Conference approved the plan to make digital audio recordings available on PACER after a two-year pilot project.

More »

**Need an account?**
**Forgot Your Username/Password?**

**Contact the PACER Service Center**
Call: (800) 676-6856
E-mail: pacer@psc.uscourts.gov

Register Now    Forgot Password    Forgot Username

**Other Court Links**

Supreme Court
U.S. Courts Home
More »

# PACER
## PUBLIC ACCESS TO COURT ELECTRONIC RECORDS

UNITED STATES
COURTS

- HOME
- REGISTER
- FIND A CASE
- E-FILE
- QUICK LINKS
- HELP
- CONTACT US

- Login
- RSS
- Browse Aloud

Public Access to Court Electronic Records (PACER) is an electronic public access service that allows users to obtain case and docket information online from federal appellate, district, and bankruptcy courts, and the PACER Case Locator. PACER is provided by the Federal Judiciary in keeping with its commitment to providing public access to court information via a centralized service.

## CM/ECF **Frequently Used**

### NextGen CM/ECF

The Federal Judiciary has developed a Next Generation (NextGen) Case Management/ Electronic Case Files (CM/ECF) system that will allow you to use the same account for both PACER and electronic filing access.

More information on the improvements to PACER and CM/ECF is available. Check back for updates as courts go live on the new system.

Click here if you received a notice about **NextGen CM/ECF** from a federal court or just have questions about **NextGen CM/ECF.**

Court Links
Forgot Your Password?
Billing Information
Register for a PACER Account
Frequently Asked Questions
Manage My Account
Manage My Appellate Filer Account
Case Search Sign In
Free PACER Training
Fee Schedule

### PACER Case Locator

The PACER Case Locator is a national index for U.S. district, bankruptcy, and appellate courts. A subset of information from each case is transferred to the PACER Case Locator server each night.

The system serves as a locator index for PACER. You may conduct nationwide searches to determine whether or not a party is involved in federal litigation.
Search Now

### PACER Announcements

Online Payment Service Interruption on June 25, 2016 (06/23/2016)

April 2016 Newsletter (04/06/2016)

Notice of possible PACER and CM/ECF disruption on November 30 (11/25/2015)

New Limit for Credit Card Payments Effective June 1, 2015 (07/23/2015)

Exemption from PACER Fee Increase for Government Users Expires on April 1, 2015 (02/01/2015)

Training on Changes to PACER (12/08/2014)

Restoration of Access to Legacy Case Information (10/31/2014)

More »

Who can access PACER?

How do I access PACER?

When can I access PACER?

What information is available on PACER?

Is all case information available to the public?



EXHIBIT
4
CA 16-745 ESH

**How much does PACER cost?**

Access to case information costs $0.10 per page. ∧
The cost to access a single document is capped at
$3.00, the equivalent of 30 pages. The cap does
not apply to name searches, reports that are not
case-specific, and transcripts of federal court
proceedings.

By Judicial Conference policy, if your usage does ∨
not exceed $15 in a quarter, fees are waived.

**What is CM/ECF?**

**How do I get more information about PACER?**

| Search This Site | | Submit Query |

**Learn more about . . .**

Contact Us | Privacy | Policies and Procedures | Browse Aloud | About Us

This site is maintained by the Administrative Office of the U.S. Courts, PACER Service Center.
The purpose of this site is to provide information about locating and filing cases in U.S. federal courts.

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYNDON FISHER,

    Plaintiff,

    v.

JAMES C. DUFF, et al.,

    Defendants.

CASE NO. C15-5944 BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS

13   This matter comes before the Court on Defendants James Duff, Administrative

14 Office of the United States Courts, and the United States' (collectively "Defendants")

15 motion to dismiss (Dkt. 17). The Court has considered the pleadings filed in support of

16 and in opposition to the motion and the remainder of the file and hereby grants the

17 motion for the reasons stated herein.

18                         **I. PROCEDURAL HISTORY**

19   On December 28, 2015, Plaintiff Bryndon Fisher ("Fisher") filed a class action

20 complaint against the United States in the Court of Federal Claims ("CFC Comp."). *See*

21 *Fisher v. United States*, U.S. Court of Federal Claims Case No. 1:15-cv-01575-TCW.

22

ORDER - 1



EXHIBIT
5
CA 16-745 ESH

1    The next day, Fisher filed a class action complaint against Defendants in this Court.  Dkt.

2    1.

3         In both suits, Fisher alleges that the Public Access to Court Electronic Records

4    ("PACER") system systematically overcharges users for accessing docket reports.  CFC

5    Comp. ¶ 1; Dkt. 16 ("Comp.") ¶ 1.  Fisher claims that over the last two years he accessed

6    184 docket reports on PACER and was overcharged $37.  CFC Comp. ¶¶ 28–29; Comp.

7    ¶¶ 33–34.

8         Based on the alleged overcharges, Fisher asserts claims for breach of contract and

9    illegal exaction.  CFC Comp. ¶¶ 46–63; Comp. ¶¶ 51–59, 70–79.  Fisher claims this

10   Court has jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2).  Comp. ¶ 6.

11   The Little Tucker Act provides that district courts have concurrent jurisdiction with the

12   Court of Federal Claims over claims seeking $10,000 or less against the United States.

13   *McGuire v. United States*, 550 F.3d 903, 910–11 (9th Cir. 2008).

14        In the Court of Federal Claims suit, Fisher seeks to represent the following class

15   under Court of Federal Claims Rule ("RCFC") 23:

16            All PACER users who, within the last six years, accessed a U.S.
             District Court, U.S. Bankruptcy Court, or the U.S. Court of Federal Claims
17           and were charged for at least one docket report in HTML format that
             included a case caption containing 850 or more characters.
18
     CFC Comp. ¶ 37.  In this suit, Fisher seeks to represent the following class under Federal
19
     Rule of Civil Procedure ("FRCP") 23:
20
21            All PACER users who, within the last six years, accessed a U.S.
             District Court, U.S. Bankruptcy Court, or the U.S. Court of Federal Claims
             and were charged for at least one docket report in HTML format that
22           included a case caption containing 850 or more characters.

1

2             Expressly excluded from the Class are PACER users who have been damaged in excess of $10,000 as a result of the conduct alleged herein.

3 Comp. ¶ 42.  RCFC 23 provides an opt-in class certification procedure, while FRCP 23

4 provides an opt-out procedure.  *See Bright v. United States*, 603 F.3d 1273, 1284 (Fed.

5 Cir. 2010).

6         On March 7, 2016, Defendants moved to dismiss.  Dkt. 14.  On March 28, 2016,

7 Fisher filed an amended complaint, which added a claim for breach of the implied

8 covenant of good faith and fair dealing.  Comp. ¶¶ 60–69.

9         On April 6, 2016, Defendants moved to dismiss Fisher's amended complaint.  Dkt.

10 17.  On May 2, 2016, Fisher responded.  Dkt. 22.  On May 13, 2016, Defendants replied.

11 Dkt. 23.

12                       **II. DISCUSSION**

13         Defendants contend this suit should be dismissed under the "first-to-file" rule

14 because Fisher has already filed a substantially similar suit in the Court of Federal

15 Claims.  Dkt. 17 at 5–13.  Fisher opposes the motion, arguing the rule does not apply.

16 Dkt. 22 at 10.  Alternatively, Fisher argues this suit should be stayed rather than

17 dismissed.  *Id.* at 11.

18         The first-to-file rule "allows a district court to transfer, stay, or dismiss an action

19 when a similar complaint has already been filed in another federal court."  *Alltrade, Inc.*

20 *v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  To determine whether the

21 first-to-file rule applies, the Court considers three factors: (1) the chronology of the two

22 suits; (2) the similarity of the parties; and (3) the similarity of the issues.  *Kohn Law Grp.,*

1   *Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "When applying

2   the first-to-file rule, courts should be driven to maximize economy, consistency, and

3   comity." *Id.* (internal quotation marks omitted). Although the first-to-file rule should not

4   be disregarded lightly, the Court may decline to apply the rule when there is evidence of

5   bad faith, anticipatory suit, or forum shopping. *Alltrade*, 946 F.2d at 625, 628.

6          Here, all three factors weigh in favor of applying the first-to-file rule. With

7   respect to the first factor, it is undisputed that the Court of Federal Claims suit was filed

8   before this suit. Fisher, however, argues that the importance of the earlier filing date is

9   diminished because he filed this suit only one day after the Court of Federal Claims suit.

10  Dkt. 22 at 11. Although the time period between the two filings is short, the policy

11  rationales behind the first-to-file rule—economy, consistency, and comity—are "just as

12  valid when applied to the situation where one suit precedes the other by a day as they are

13  in a case where a year intervenes between the suits." *Genentech, Inc. v. Eli Lilly & Co.*,

14  998 F.2d 931, 939 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls*

15  *Co.*, 515 U.S. 277, 289 (1995); *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d

16  93, 95 (9th Cir. 1982) ("Normally sound judicial administration would indicate that when

17  two identical actions are filed in courts of concurrent jurisdiction, the court which first

18  acquired jurisdiction should try the lawsuit and no purpose would be served by

19  proceeding with a second action.").

20         As to the second factor, both suits involve substantially similar parties. *See Kohn*,

21  787 F.3d at 1240 ("[T]he first-to file rule does not require exact identity of the

22  parties. . . . only substantial similarity of parties."). Fisher is the named plaintiff in both

1    suits and the defendants are effectively the same. The classes Fisher seeks to represent

2    are identical, with one exception: the putative class before this Court excludes PACER

3    users with claims over $10,000, while the putative class before the Court of Federal

4    Claims includes those users. *Compare* CFC Comp. ¶ 37, *with* Comp. ¶ 42. Thus, the

5    putative class members in this suit fall within the putative class before the Court of

6    Federal Claims.

7        Fisher nevertheless argues "the putative classes are different due to the different

8    treatment of tolling the statute of limitations" in the Court of Federal Claims. Dkt. 22 at

9    12. Both the Court of Federal Claims suit and this suit are subject to a six-year statute of

10   limitations period. *See* 28 U.S.C. §§ 2401, 2501. The problem, Fisher argues, is when

11   tolling begins for putative class members. Dkt. 22 at 12. According to Fisher, class

12   action tolling began in this suit when the complaint was filed. *Id.* (citing *Am. Pipe &*

13   *Construction Co. v. Utah*, 414 U.S. 538, 554 (1974)). Meanwhile, Fisher argues tolling

14   will not begin in the Court of Federal Claims suit until class certification is sought. *Id.*

15   (citing *Bright*, 603 F.3d at 1290). Fisher therefore contends that this suit includes class

16   members whose claims may be time barred in the Court of Federal Claims suit. *Id.*

17       Fisher's argument is not supported by *Bright* and its progeny. In *Bright*, the

18   Federal Circuit addressed whether tolling applied to class actions brought in the Court of

19   Federal Claims. 603 F.3d at 1281. The *Bright* court answered in the affirmative, holding

20   that "when a class action complaint is filed and class certification is sought prior to the

21   expiration of [the] limitations period, the limitations period is subject to class action

22   tolling during the period the court allows putative plaintiffs to opt in to the class." *Id.* at

1   1290.  In so holding, the *Bright* court explained that it sought to ensure consistency

2   between class actions proceeding before the Court of Federal Claims and those

3   proceeding before district courts under the Little Tucker Act.  *Id.* at 1289 ("[I]f section

4   2501 is not subject to class action tolling, a situation can exist where one class-action

5   complaint, filed . . . in federal district court under the Little Tucker Act, can cover the

6   putative class, while the same class-action complaint, filed . . . in the Court of Federal

7   Claims, cannot provide jurisdiction over the identical putative class members.").  The

8   court further explained that it sought to avoid multiplicity of suits.  *Id.* at 1286.

9       Since *Bright*, lower courts have determined that the filing of a timely class action

10  complaint tolls the statute of limitations even if the motion for class certification is filed

11  after the statute of limitations has run.  *See, e.g.*, *Geneva Rock Prods., Inc. v. United*

12  *States*, 100 Fed. Cl. 778, 783 (2011); *Toscano v. United States*, 98 Fed Cl. 152, 154–55

13  (2011); *see also Bell v. United States*, 123 Fed. Cl. 390, 400 n.6 (2015); *Klamath*

14  *Irrigation Dist. v. United States*, No. 01-591-FMA, 2014 WL 4946996, at *2 n.2 (Fed.

15  Cl. Oct. 2, 2014); *Abernethy v. United States*, 108 Fed. Cl. 183, 187, 189 (2012).

16      With regard to the third factor, both suits present the same issue: whether PACER

17  overcharges users for accessing docket reports.  *See* CFC Comp. ¶ 1; Comp. ¶ 1.  Fisher

18  also asserts the same claims for breach of contract and illegal exaction.  CFC Comp.

19  ¶¶ 46–63; Comp. ¶¶ 51–59, 70–79.  Although Fisher amended his complaint to add a

20  third claim in this suit, the first-to-file rule does not require identical claims.  *See Kohn*,

21  787 F.3d at 1210 ("The issues in both cases also need not be identical, only substantially

22  similar.").  Finally, there is no evidence of bad faith, anticipatory suit, or forum shopping.

1    In sum, the Court concludes that the first-to-file rule applies.[1]   Although Fisher

2  argues this suit should be stayed rather than dismissed, Dkt. 22 at 15, the Court finds that

3  dismissal is more appropriate because the putative class members in this suit can obtain

4  relief in the Court of Federal Claims suit.  *See Intersearch Worldwide, Ltd. v. Intersearch*

5  *Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("Dismissal is proper where the

6  court of first filing provides adequate remedies." (citing *Alltrade*, 946 F.2d at 627–68)).

### III. ORDER

8    Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 17) is

9  **GRANTED**.  The Clerk shall close this case.

10    Dated this 15th day of June, 2016.

BENJAMIN H. SETTLE
United States District Judge

---

22    [1] Having concluded that the first-to-file rule applies, the Court declines to address
Defendants' alternative arguments.  *See* Dkt. 17.

ORDER - 7