IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM, NATIONAL
CONSUMER LAW CENTER, and
ALLIANCE FOR JUSTICE, for themselves
and all others similarly situated,
                *Plaintiffs*,

v.

UNITED STATES OF AMERICA,
                *Defendant*.

Case No. 16-745-ESH

**JOINT MOTION TO EXTEND BRIEFING SCHEDULE
AND SUPPORTING MEMORANDUM**

The parties hereby jointly request extensions, under Federal Rule of Civil Procedure 6(b)(1), of the time in which to file their responses to the two motions now pending in this case: plaintiffs' motion for class certification (Dkt. 8) and the government's motion to dismiss (Dkt. 11).

**1. The plaintiffs' motion for class certification.** The plaintiffs' class-certification motion was filed on May 2, 2016, making the government's response originally due on May 16, 2016. With plaintiffs' consent, the government previously sought and obtained an eight-week extension of its response deadline, through July 11, 2016. The government maintains that deferral of the class-certification issue is warranted because the issue of numerosity can best be briefed, in its view, only after the Court has decided what claims will remain after resolution of the motion to dismiss. In addition, counsel for defendant has been unable to complete the needed response to the class-certification motion because he has been busy drafting the dispositive motion in this case and working on several other actions, including discovery in two unrelated employment-discrimination actions that have involved several depositions in the past month.

Counsel for defendant has also been called upon to devote nearly all of his time in the past three weeks (when he was not in, or preparing for, depositions) to the completion of a complex summary-judgment motion in another case involving classified information that has required him to work nearly every day since mid-June.

The plaintiffs consent to the government's additional two-week extension request. In the plaintiffs' view, however, an indefinite stay or deferral of class-certification briefing would be inappropriate and counterproductive because the Court can decide both motions after they are briefed in parallel. Moreover, in plaintiffs' view, any further deferral would be unduly dilatory because the government has already requested and obtained an eight-week extension on its class-certification motion and is now requesting an additional two weeks—cumulatively a full ten weeks from the government's original deadline.

Accordingly, defendant now seeks an additional 14 days, through July 25, 2016, to respond to the class-certification motion (if briefing is not stayed indefinitely pending resolution of the motion to dismiss). The plaintiffs consent to the government's request for 14 more days, provided that the government takes no further extensions.

**2. The government's motion to dismiss.** After obtaining the eight-week extension on its class-certification response, the government filed its motion to dismiss on June 27, 2016. Absent an extension, the plaintiffs' response would be due on July 11, 2016. Plaintiffs now seek an initial 18-day extension of their time to respond, through July 29, 2016. Good cause exists for the extension because lead counsel for the plaintiffs, Deepak Gupta, has an unusually large number of obligations that have prevented, and will continue to prevent, him from devoting sufficient attention to the brief absent an extension. Those obligations include assisting with a brief due on July 5 in the U.S. Court of Appeals for the Ninth Circuit (in a complex tax appeal); preparing an opposition to intervention due on July 7 in California Superior Court (in an

environmental dispute over oil drilling in Los Angeles); and a brief due in the D.C. Circuit on July 13 (in defense of the District of Columbia's gun laws in the face of a Second Amendment challenge). In addition, Mr. Gupta is assisting with a brief due on July 14 in the Sixth Circuit (in an appeal concerning the 2016 presidential election) and the other lead attorney on this case from him firm, Jonathan Taylor, is out of the country for a pre-planned vacation from July 1-10.

Accordingly, the plaintiffs seek an initial extension of 18 days of the time to respond to the government's motion to dismiss. The government consents to this initial extension request.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the government's deadline to respond to the plaintiffs' motion for class certification be extended to July 25, 2016 (if briefing on the motion is not stayed indefinitely), and further request that the plaintiffs' deadline to respond to the government's motion to dismiss be extended to July 29, 2016. A proposed order accompanies this motion.

Respectfully submitted,

 /s/ Deepak Gupta
DEEPAK GUPTA (D.C. Bar No. 495451)
GUPTA WESSLER PLLC
1735 20th Street, NW
Washington, DC 20009
(202) 888-1741

William H. Narwold (D.C. Bar No. 502352)
MOTLEY RICE LLC
3333 K Street NW, Suite 450
Washington, DC 20007
202) 232-5504
*Attorneys for Plaintiffs*

CHANNING D. PHILLIPS (D.C. Bar No. 415793)
United States Attorney
DANIEL F. VAN HORN (D.C. Bar No. 924092)
Chief, Civil Division

*/s/ W. Mark Nebeker*
W. MARK NEBEKER (D.C. Bar No. 396739)
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536
*Attorneys for Defendant*

July 8, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2016, I filed this joint motion for an extension of time to file through this Court's CM/ECF system, which will send a notice of electronic filing to all counsel required to be served.

*/s/ Deepak Gupta*
Deepak Gupta