UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, <u>et al.</u>, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Civil Action No. 16-745 ESH |
| | ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

<u>OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>

<u>INTRODUCTION</u>

Plaintiffs have brought this suit against the United States seeking to represent a class of "[a]ll individuals and entities who have paid fees for the use of PACER within the past six years, excluding class counsel and agencies of the federal government." Plaintiffs' Motion For Class Certification ("Pl. Class Motion") at 1. Defendant asserts that this action encompasses some of the claims being pursued in the Court of Federal Claims in <u>Fisher</u> v. <u>United States</u>, U.S. Court of Federal Claims Case No. 1:15-cv-01575-TCW (ECF No. 11-1 at 24-42), and that any claim based on asserted PACER overcharges should be pursued in that action. Moreover, Plaintiffs have failed to establish numerosity, a commonality of claims, that the claims of the named Plaintiffs are typical of all members of the class, that questions common to the class predominate, that they will

fairly and adequately represent the class or that this action would be superior to other available methods to adjudicate the controversy.  Certification should therefore be denied.

As the Court of Appeals has reiterated, such a conclusion would be set aside only if deemed an abuse of discretion, see Garcia v. Johanns, 444 F.3d 625, 631 (D.C. Cir. 2006) ("we review a certification ruling conservatively only to ensure against abuse of discretion or erroneous application of legal criteria, and we will affirm the district court even if we would have ruled differently in the first instance.") (citations and internal quotations omitted); Love v. Johanns, 439 F.3d 723, 727-28 (D.C. Cir. 2006) (D.C. Cir. Feb. 6, 2006).  This Court would act well within its discretion in declining class certification in this instance.

The Fisher Class-Action

In the class action pending before the Court of Federal Claims since December 28, 2015, Bryndon Fisher alleges that he was overcharged by the AO for downloading certain docket sheets from PACER.  Docket No. 1 in Fisher v. United States, (Exhibit 2), ¶¶ 1-5, 37-45.  On May 12, 2016, Mr. Fisher filed an amended Complaint in the case, but still pursues class action claims that Fisher and the class he purports to represents (PACER users) were overcharged by the Administrative Office of United

States Courts ("AO") and that the fees were not in compliance with the limitations placed on fees by the Judicial Appropriations Act of 1992, Pub. L. 102-140, title III, § 303, 105 Stat. 810 (1991), and the E-Government Act of 2002, Pub. L. 107-347, title II, § 205(e), 116 Stat. 2915 (2002).  Docket No. 8 (Amended Complaint) in Fisher v. United States, (Exhibit 3) ¶¶ 14-16 (ECF No. 11-1 at 27).[1]

Based on what Plaintiffs in the instant action allege are PACER overcharges, Plaintiffs similarly assert class action claims for illegal exaction, on one of the theories shared in the Fisher litigation.  Plaintiffs here, like those in Fisher, similarly assert that the fees charged through PACER are in excess of those authorized by the E-Government Act of 2002 and its limitation allowing fees "only to the extent necessary." Complaint, ¶¶ 11-12, 27-29, 33-34; Exhibit 3, ¶¶ 15, 29-41, 45(E) (ECF No. 11-1 at 27, 31-34).[2]  The purported class of users

---

[1] According to the Amended Complaint in Fisher v. United States, "Congress expressly limited the AO's ability to charge user fees for access to electronic court information by substituting the phrase "only to the extent necessary" in place of "shall hereafter" in the above statute. E-Government Act of 2002, § 205(e).  See ECF 11-1, ¶ 16.

[2] Paragraph 45(E)-(F) of the Amended Complaint in Fisher v. United States posits as an issue common to all of the purported class members the following: Whether the AO's conduct constituted an illegal exaction by unnecessarily and unreasonably charging PACER users more than the AO and the

in <u>Fisher</u> v. <u>United States</u>, consists of "All PACER users who, from December 28, 2009 through present, accessed a U.S. District Court, U.S. Bankruptcy Court, of the U.S. Court of Federal Claims and were charged for at least one docket report in HTML format that included a case caption containing 850 or more characters."  Exhibit 3, ¶ 41 (ECF No. 11-1 at 33).  In the instant action, Plaintiffs seek to certify a class of "All individuals and entities who have paid for the use of PACER within the past six years, excluding class counsel and agencies of the federal government." Complaint, ¶ 27.  Thus, the class in this action would encompass all Plaintiffs in <u>Fisher</u>.

ARGUMENT

I.   PLAINTIFFS HAVE FAILED TO ESTABLISH THAT CLASS CERTIFICATION IS APPROPRIATE

A.   The Standards for Class Certification

A litigant seeking class certification must justify the use of a litigation device that is "an exception to the usual rule." <u>General Telephone Co. of Southwest</u> v. <u>Falcon</u>, 457 U.S. 147, 155 (1982) (quoting <u>California</u> v. <u>Yamasaki</u>, 442 U.S. 682, 700 (1979)).  As a threshold matter, the putative class for which

---

Judicial Conference authorized under Electronic Public Access Fee Schedule and the E-Government Act of 2002; [and] Whether Plaintiff and the Class have been damaged by the wrongs alleged and are entitled to compensatory damages."  Exhibit 3, ¶ 45(E)-(F) (ECF No. 11-1 at 34-35).

certification is sought must meet a standard that is not explicit in Rule 23, but is implicit in the availability of the class action as a tool of judicial efficiency in litigation: the proposed class must be ascertainable and manageable; i.e., susceptible to precise definition.  See, e.g., Lewis v. National Football League, 146 F.R.D. 5, 8 (D.D.C. 1992) (clearly defined class is necessary "to ensure that the class is 'neither amorphous, nor imprecise'") (internal citation omitted). The class definition "must make it 'administratively feasible for the court to determine whether a particular individual is a member.'" Rodriguez v. U.S. Dept. of Treasury, 131 F.R.D. 1, 7 (D.D.C. 1990) (citing cases); see also 7A Wright & Miller, Fed. Practice and Procedure § 1760 at 120-21 (2d ed. 1986) (citing cases).

Plaintiffs must also demonstrate that the proposed class satisfies each of the four requirements of Rule 23(a) of the Federal Rules of Civil Procedure, namely, that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a); Love v. Johanns, 439 F.3d at 727.

In addition, the class claims must fit within at least one of the categories set forth in Rule 23(b).  Id. (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613–16 (1997)).  In this case, Plaintiffs claim that their proposed class satisfies Fed. R. Civ. P. 23(b)(1) and (3).  These provisions provide as follows:

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
> **(1)** prosecuting separate actions by or against individual class members would create a risk of:
> **(A)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> **(B)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> * * *
> **(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
> **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;
> **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
> **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> **(D)** the likely difficulties in managing a

class action.

Fed. R. Civ. P. 23(b).

Plaintiffs bear the burden of proof with respect to satisfying each of the requirements of Rule 23(a) and establishing compliance with Rule 23(b).  See In re American Medical Sys., Inc., 75 F.3d 1069, 1086 (6th Cir. 1996) (reversing the district court which had erroneously asked the defendants to show why a class should not be certified); McCarthy v. Kleindienst, 741 F.2d 1406, 1414 n.9 (D.C. Cir. 1984). "Strict adherence to those prerequisites [of Rule 23] is necessary to avoid unfairness to the defendant and to protect the interests of potential class members who may assert timely, representative claims in the future." Sperling v. Donovan, 104 F.R.D. 4, 9 (D.D.C. 1984).  Plaintiffs must establish that a class action would "advance 'the efficiency and economy of litigation which is a principal purpose of the procedure.'" Falcon, 457 U.S. at 159 (quoting American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553 (1974)).  The Court is to undertake a "rigorous analysis" of whether Rule 23(a) has been satisfied, because "actual, not presumed, conformance with Rule 23(a) [is] . . . indispensable." Falcon, 457 U.S. at 160-61.  Further, while an undue inquiry into the merits of the class claims is not appropriate in adjudicating class certification, "an

-7-

analysis of the nature of the proof which will be required at trial is 'directly relevant to the determination of whether the matters in dispute are principally individual in nature or are susceptible of proof equally applicable to all class members.'" Rodriguez, 131 F.R.D. at 8 (internal citation omitted); see also, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978) ("class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action'") (internal citations omitted); Wagner v. Taylor, 836 F.2d 578, 587 (D.C. Cir. 1987) ("some inspection of the circumstances of the case is essential to determine whether the prerequisites of . . . Rule 23 have been met. Necessarily, the Court must examine both the claims presented and the showing in support of class certification for their adherence to the requirements of Rule 23.") (footnotes omitted). In addition, even if the requirements of Rule 23 are satisfied, the decision of whether to certify a class is firmly committed to the trial court's discretion. See Yamasaki, 442 U.S. at 703; Love v. Johanns, 439 F.3d at 727-28.

For the reasons stated herein, Plaintiffs are unable to carry their heavy burden of showing that class certification is appropriate. Specifically, Plaintiffs have failed to satisfy the requirements of Rule 23(a)(1), (3), (4) and Rule 23(b)(1) or

(3).

B.   The Numerosity Requirement (Rule 23(a)(1))

The "numerosity" requirement of Rule 23(a) states that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  "The numerosity requirement 'imposes no absolute limitations,' but rather 'requires examination of the specific facts of each case.' " [Cohen v.] Chilcott, 522 F.Supp.2d [105, 114 (D.D.C. 2007)]  (quoting Gen. Telephone Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980)).  "Courts in this District have generally found that the numerosity requirement is satisfied and that joinder is impracticable where a proposed class has at least forty members." Id.; see also McKinney v. U.S. Postal Serv., 11-cv-631, 2013 WL 164283, at *5 (D.D.C. Jan. 16, 2013) (numerosity satisfied when class would "likely exceed" 40); Smith v. Wash. Post Co., 962 F.Supp.2d 79, 91 (D.D.C. 2013) ("Plaintiff's complaint states a plausible claim for class-wide relief" at approximately 60 class members); Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd., 246 F.R.D. 293, 307 (D.D.C. 2007) (numerosity requirement satisfied for a class with 30 members).

Alvarez v. Keystone Plus Constr. Corp., 303 F.R.D. 152, 160 (D.D.C. 2014).

Plaintiffs have failed to establish that there exist sufficient numbers of would-be class members who may pursue viable claims for alleged overpayment of PACER fees, because all PACER users agree that they will raise any concerns with their PACER bills with the PACER Service Center within 90 days of receiving their bills.  See Memorandum Of Points And Authorities In Support Of Motion To Dismiss Or, In The Alternative, For

-9-

Summary Judgment ("Def. Mem.") (ECF No. 11) at 13-15 and Exhibit
1 (ECF No. 11-1) at 1-2; Declaration of Anna Garcia ("Garcia
Decl."), ¶¶ 3-4 (a copy of which accompanies this memorandum).
Plaintiffs have made no effort to identify what number of
potential Plaintiffs have properly presented their claims to the
PACER Service Center as required.  Similarly, as set forth in
greater detail below, Plaintiffs are only able adequately to
represent the interests of non-profit PACER users (i.e., users
who can seek PACER fee exemptions under the current system for
assessing PACER fees), as they are unlike other users because
they have the ability to request PACER fee exemptions.  If the
exemption is granted, this would allow the named Plaintiffs to
avoid all user fees.3  This, in effect, shifts the fees to those
not eligible for a waiver of fees.  The named Plaintiffs have
made no attempt to identify the number of non-profit
organizations who would share their claims in the case and their
priorities.  Thus, Plaintiffs' claim of numerosity fails to
satisfy Fed. R. Civ. P. 23(a)(1).

    C.   Typicality of Claims/Fair and
        Adequate Representation (Rule 23(a)(3)-(4))

The absence of typical claims gives rise to inadequate

---

3 The named Plaintiffs do not allege that they have even
tried to secure a waiver for their non-profit work.  Had they
done so, they may have secured the relief they seek without the
need to pursue this litigation.

representation because class representatives lack incentive to pursue fully the claims of the other class members.  <u>See</u> <u>Falcon</u>, 457 U.S. at 158 n.13 (commonality and typicality tend to merge with adequacy of representation); <u>American Medical</u>, 75 F.3d at 1083 ("adequate representation requirement overlaps with the typicality requirement").  <u>See</u> Garcia Decl., ¶¶ 5-6 (noting that many PACER users do not pay fees or pay reduced fees, leaving 37% of PACER users to pay for the cost of maintenance and operation of the system).

Plaintiffs have described themselves as "three of the nation's leading nonprofit legal advocacy organizations," concerned about "unfettered access to the courts" and ensuring that "court records are 'freely available to the greatest extent possible'"  Pl. Class Motion at 3-4 (citing S. Rep. No. 107-174, 107th Cong. 2d Sess. 23 (2002).  In this way, they are unlike other PACER users, in that they have the ability to request PACER fee exemptions as non-profits, which would allow them to avoid all user fees.  Garcia Decl., ¶¶ 5-6; Exhibit A[4]; <u>see</u> <u>also</u> Fee Schedules adopted December 1, 2015 and December 1, 2013 (set out in the notes to 28 U.S.C.A. § 1913).  The Electronic Public

---

[4]   Exhibit A is from a website maintained by the Administrative Office of United States Courts, available at https://www.pacer.gov/documents/epa_feessched.pdf.  Defendant asks that the Court take judicial notice of the document pursuant to Fed. R. Evid. 201.

Access ("EPA") program at issue is completely self-funded through the user fees.  Revenues from the fees pay for providing and enhancing the public access system, including designing, implementing, operating, and enhancing the Case Management/Electronic Case Filing ("CM/ECF") system.  When a customer is exempt from the fees, these costs are shifted to other fee-paying users.  That means that the named Plaintiffs' interests in free PACER access to their groups of veterans, elderly and low-income consumers, and other public interest organizations of concern to the named Plaintiffs (see Pl. Class Motion at 15-16) make them far different from those PACER users who do not share the named Plaintiffs' interests in seeing that other users receive free services.  Because the interests of the named Plaintiffs is to ensure that their constituencies receive free PACER access and because the named Plaintiffs are eligible to request free PACER access through the non-profit exception to PACER fees, their interests will diverge from the interests of all of the PACER users whose concern is simply to minimize their costs of accessing PACER.

Plaintiffs' claims are not typical of the class. Plaintiffs seek to limit what services or materials PACER fees may be expended for.  In this way, they would categorize what items may be paid for through the amounts deposited into the

-12-

fund established under 28 U.S.C. § 612 insofar as those amounts
come from PACER fees.  And, one presumes, the named Plaintiffs
would seek to limit the charges of PACER fees for actual pages
of information downloaded plus those costs needed to pay for the
free access for their favored groups of users.  They have not
indicated that they would be seeking to limit PACER fees to
"services rendered" to individual users who do not want to pay
for any portion of "services rendered" to others, such as those
individuals chosen by the named Plaintiffs to warrant free PACER
access.  Thus, while Plaintiffs and other PACER users may share
a desire to reduce PACER fees to a point, Plaintiffs appear
unwilling to push to reduce those fees beyond the limit that
would affect free access to their favored sub-set of PACER
users.  Indeed, if PACER fees are reduced to those able merely
to cover "services rendered" (see Pl. Class Motion at 18-19
("The central argument is that the E-Government Act
unambiguously limits any PACER fees "charge[d] for services
rendered". . .), then free PACER access to non-profits, such as
the named Plaintiffs themselves, would be in jeopardy.

Federal Rule of Civil Procedure 23(a)(4) requires
that a certified class have adequate representation.
This requirement involves both adequacy of the named
plaintiffs and adequacy of counsel.  The requirement
is met when: (1) there is no conflict of interest
between the legal interests of the named plaintiffs
and those of the proposed class; and (2) counsel for

-13-

the class is competent to represent the class. *Twelve John Does* v. *District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997). The adequacy of representation requirement involves a constitutional due process dimension because of the binding effect of a final judgment on absent class members. *See* *Nat'l Ass'n of Regional Med. Programs, Inc.* v. *Mathews*, 551 F.2d 340, 345-46 (D.C. Cir. 1976).

*Bame* v. *Dillard*, No. Civil Action No. 05-1833 RMC, 2008 WL 2168393, at *7 (D.D.C. May 22, 2008).

Plaintiffs also bear the burden of showing that they can "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4). *See* Fed. R. Civ. P. 23(a)(4). The adequacy of representation requirement involves a constitutional due process dimension because of the binding effect of a final judgment on absent class members. *National Ass'n of Regional Medical Programs, Inc.* v. *Mathews*, 551 F.2d 340, 345-46 (D.C. Cir. 1976). Accordingly, the Court should "undertake a stringent and continuing examination of the adequacy of representation." *Kas* v. *Financial General Bankshares, Inc.*, 105 F.R.D. 453, 462 (D.D.C. 1984). The two requirements for determining the adequacy of representation: are (1) the named plaintiffs must not have antagonistic or conflicting interests with unnamed class members, and (2) the named plaintiffs must be able to vigorously and competently pursue the interests of the class through qualified counsel. *Twelve John Does* v. *District*

of Columbia, 117 F.3d 571, 575-76 (D.C. Cir. 1997).  As set
forth herein, the named Plaintiffs cannot satisfy these
criteria.  Their interests in free PACER access for their
favored subset of PACER users diverge from the interests of
those PACER fees seeking to minimize their costs of PACER use.
Defendant challenges the ability of the named Plaintiffs
adequately to represent the interests of those who are not non-
profit, public interest organizations, or who may not share the
goals of providing free access to a substantial number of PACER
users.

And, with respect to counsel, Defendant does not dispute
the abilities of Plaintiffs' counsel.  However, what appears to
be a potential conflict with some clients, and the
impracticality of securing waivers from the clients, suggests
that Plaintiffs' counsel cannot fulfill the obligations of
representing all members of the proposed class in the instant
action.  As recounted herein, the named Plaintiffs have
interests that diverge from the typical PACER user, who is
simply interested in minimizing costs.  A separate set of
counsel would be required for the profit-minded PACER users, or,
at a minimum, waivers would have to be secured for those class
members who are not non-profit organizations with similar
interests as the named Plaintiffs.

-15-

The logistical hurdle would make it impractical for counsel to continue to represent the Plaintiffs in the instant action. See, e.g., District of Columbia Rules Of Professional Responsibility, Rule 1.7.  That Rule provides:

(a) A lawyer shall not advance two or more adverse positions in the same matter.

(b) Except as permitted by paragraph (c) below, a lawyer shall not represent a client with respect to a matter if:

(1) That matter involves a specific party or parties and a position to be taken by that client in that matter is adverse to a position taken or to be taken by another client in the same matter even though that client is unrepresented or represented by a different lawyer;

(2) Such representation will be or is likely to be adversely affected by representation of another client;

(3) Representation of another client will be or is likely to be adversely affected by such representation;

(4) The lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests.

(c) A lawyer may represent a client with respect to a matter in the circumstances described in paragraph (b) above if

(1) Each potentially affected client provides informed consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation; and

(2) The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client.

(d) If a conflict not reasonably foreseeable at the

-16-

outset of representation arises under paragraph (b)(1)
after the representation commences, and is not waived under
paragraph (c), a lawyer need not withdraw from any
representation unless the conflict also arises under
paragraphs (b)(2), (b)(3), or (b)(4).

D.C. Rules of Professional Conduct, Rule 1.7.  The divergence of

the interests of the purported class members would appear to

warrant caution in assessing whether a single team of lawyers

can adequately represent all members of the class (including

those bent of securing for their constituents free PACER access

and those seeking only to minimize their PACER fees).  Moreover,

the practical problems associated with securing waivers from all

unnamed class members (assuming that any claims are allowed to

proceed where the class members have not exhausted their

administrative remedies) would prove unworkable.

The named Plaintiffs' claims are, therefore, not typical of

the class and they cannot adequately represent the class as a

whole, as required by Fed. R. Civ. P. 23(a)(3) and (4).

D.   Plaintiff's Fail to Meet The Requirements of Rule 23(b)

Plaintiffs incorrectly argue that they can satisfy the

requirements of Fed. R. Civ. P. 23(b)(1) and (3).  They argue

that a class action, rather than multiple actions, is preferable

here, because "[i]f there were separate actions for equitable

relief, the AO could be 'forced into a 'conflicted position''".

Pl. Class Motion at 18 (citing Benjamin Kaplan, Continuing Work

of the Civil Committee: 1966 Amendments of the Federal Rules of
Civil Procedure, 81 Harv. L. Rev. 356, 388 (1967)).  Plaintiffs
fail to grasp, however, that allowing this class action to
proceed, will have exactly the same potential for inconsistent
judgments.  Plaintiffs' theory of recovery appears to require
the Court to establish what costs may and may not be assessed
against the fund into which PACER fees are deposited.[5]  Any
accounting into such proper expenses must, therefore, include an
assessment of the fees properly assessed against the
plaintiff(s) in Fisher.  In essence, if this action and Fisher
are allowed to proceed, there will be two Courts deciding what
excess PACER fees have been collected and then both Courts will
purport to spread those fees among its plaintiffs.  If differing
calculations are reached by both courts as to the amount of fees
properly collected for the PACER docket sheets at issue in

---

[5] Plaintiffs' burden is likely to be a substantial one,
given that expenditures from the fund into which PACER fees are
deposited (the Judiciary Automation Fund established pursuant to
28 U.S.C. § 612(c)(1)(A)) are defined by Congress in that
statute.  See Complaint, ¶ 12 (citing Pub. L. No. 107-347, §
205(e), 116 Stat. 2899, 2915 (Dec. 17, 2002) (28 U.S.C. § 1913
note)).  That is, in establishing the Judiciary Automation Fund,
Congress specifically identified the categories of items that
its coffers could be used to purchase. 28 U.S.C. § 612.  These
include the purchases to which Plaintiffs object in this action.
Defendant, however, will address these merits issues at the
appropriate time.

Fisher,[6] then the AO may be unable to satisfy the relief ordered by both Courts.  In short, Plaintiffs have admitted that only one Court should be assessing whether (or how much) the fees collected for PACER access are in excess of those allowed by the E-Government Act of 2002, Pub. L. 107-347, title II, § 205(e), 116 Stat. 2915 (2002).  See Pl. Class Motion at 18.  That issue is, in some measure, before the Federal Circuit, and a separate action (a class action or otherwise), would potentially interfere with the orderly resolution of both cases.[7]  See Amended Complaint in Fisher v. United States, (ECF No. 11-1) ¶¶ 14-16, 45.[8]

Defendant does not believe that Plaintiffs have adequately

---

[6] The Amended Complaint in Fisher includes among its requests for relief unspecified equitable and injunctive relief. See ECF No. 11-1 at 41, ¶ I.

[7] Plaintiffs concede that they are seeking "return of all PACER fees paid in the last six years. . . ."  Pl. Class Motion at 18.  Both here (Complaint at 1) and in Fisher's Amended Complaint (ECF No. 11-1 at 35, ¶ 45), the plaintiffs seek to challenge the PACER fees exacted as in excess of the fees allowed by the E-Government Act of 2002.  Thus, Plaintiffs here seek the same relief that is already at issue in Fisher but on a broader scale.

[8] According to the Amended Complaint in Fisher v. United States, "Congress expressly limited the AO's ability to charge user fees for access to electronic court information by substituting the phrase "only to the extent necessary" in place of "shall hereafter" in the above statute. E-Government Act of 2002, § 205(e).  Exhibit 3, ¶ 16 (ECF No. 11-1 at 27).

established that legal or factual questions predominate over the questions affecting the individual members. As noted, the Court will have to assess whether and in what degree the individual Plaintiffs were able to secure free pages in excess of the 30 pages for which they were charged for lengthy documents. If the individual plaintiff's downloads of these documents operate to decrease the per page cost to below that sought by Plaintiffs, then there will be no liability to the class-member. Thus, the assessment of liability will be unique to each user, and would not lend itself to class-wide resolution.

Courts have concluded that the predominance requirement called for in Fed. R. Civ. P. 23(b)(3) is not satisfied and class certification is improper when individualized consideration would be required for one or more issues. See Castano v. American Tobacco Co., 84 F.3d 734, 745 (5th Cir. 1996) (predominance requirement of Rule 23(b)(3) cannot be satisfied in a fraud case where individual reliance will be an issue); McCarthy, 741 F.2d at 1415 (district court properly denied class certification to persons allegedly wrongfully arrested at a mass demonstration where individualized issues, such as whether probable cause existed for each arrest, had to be resolved); Simer v. Rios, 661 F.2d 655, 673 (7th Cir. 1981) (issue of whether the regulation challenged by plaintiffs was

inconsistent with the authorizing statute would be common to the class, but could be expeditiously resolved by the trial court; in contrast, the issue of the effect of the allegedly illegal regulation on each class member would require individualized and time-consuming proof); Davenport v. Gerber Products Co., 125 F.R.D. 116, 119-20 (E.D. Pa. 1989); Polich v. Burlington Northern, Inc., 116 F.R.D. 258, 262-63 (D. Mont. 1987).

In this case, the class action vehicle is especially inappropriate because individualized adjudication would be required of each class member's very entitlement to prevail. Moreover, the Rule's language is focused on the virtues of "a class action." Fed. R. Civ. p. 23(b)(3). This suggests that class action litigation was not intended to facilitate two class actions, which would result if this case proceeds as a class and the Fisher case is similarly prosecuted. Nor would there be any efficiency in pursuing claims of alleged PACER fees collected in excess of those allowed by the same statute in two courts. The Fisher action is in its relatively early stages; no order has issued as yet on the class certification issue. And having a single court decide the issues in both cases would protect against inconsistent judgments and, at the same time, afford for whatever efficiency can be garnered by pursuing a class action. Thus, the considerations reflected in Rule 23(b)(3)(A) through

-21-

(D) all counsel in favor of requiring the Plaintiffs to pursue any class claims in the pending <u>Fisher</u> case.

<u>CONCLUSION</u>

In sum, certifying Plaintiffs' requested class would neither satisfy the explicit requirements of Rule 23, nor serve the Rule's purpose of "achiev[ing] economies of time, effort, and expense." <u>See</u> <u>Amchem Products, Inc.</u> v. <u>Windsor</u>, 521 U.S. 591, 615 (1997). Also, it does not appear practical for current counsel to proceed to represent all class members, where there are diverging interests involved. Instead, should the plaintiffs wish to pursue class claims, they should do so in the pending <u>Fisher</u> case. For the reasons stated herein and in support of Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, Plaintiffs' Motion For Class Certification should be denied.

Respectfully submitted,

CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By: _____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Opposition

To Plaintiffs' Motion For Class Certification and a proposed

Order has been made through the Court's electronic transmission

facilities on this 25th day of July, 2016.

                                                              /s/
                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney
                              555 4th Street, N.W.
                              Civil Division
                              Washington, DC  20530
                              (202) 252-2536
                              mark.nebeker@usdoj.gov