```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL        )
  SERVICES PROGRAM, et al.,    )
                               )
          Plaintiffs,          )
                               )
     v.                        )  Civil Action No. 16-745 ESH
                               )
UNITED STATES OF AMERICA,      )
                               )
          Defendant.           )
                               )
_____)
```

## DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant hereby moves, pursuant to Fed. R. Civ. P. 6(b), 26 and 30(d), as well as the inherent power of the Court, for a protective order staying discovery in this action until after resolution of pending dispositive motion in the case and the motion for class certification.  Plaintiffs' counsel, William H. Narwold, Esq., has indicated that Plaintiffs are unwilling to agree to a stay in the case.

The Court is respectfully referred to the attached memorandum in support of this motion.

                Respectfully submitted,

                CHANNING D. PHILLIPS, DC Bar #415793
                United States Attorney

                DANIEL F. VAN HORN, DC Bar #924092
                Chief, Civil Division

By: _____/s/
                W. MARK NEBEKER, DC Bar #396739
                Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL       )
   SERVICES PROGRAM, et al.,  )
                              )
          Plaintiffs,         )
                              )
     v.                       ) Civil Action No. 16-745 ESH
                              )
UNITED STATES OF AMERICA,     )
                              )
          Defendant.          )
                              )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO STAY DISCOVERY

On June 27, 2016, Defendant filed a Motion To Dismiss Or, In The Alternative, For Summary Judgment.  Plaintiffs' response is currently due on July 29, 2016.  Also pending is Plaintiffs' Motion For Class Certification, which has not yet been fully briefed.[1]  In the meantime, Plaintiffs have sought to confer regarding the scope of discovery, as would be called for under Fed. R. Civ., P. 26(f) and Local Civ. R. 16.3.  In conferring on the matters reflected in those rules, Plaintiffs have indicated that they would oppose a stay of discovery, which Defendant has proposed should await a ruling from the Court regarding what issues, if any, will remain to be addressed in discovery and who the Plaintiffs will be.[2]

---

[1] Defendant opposed the motion for class certification only yesterday; thus Plaintiffs' reply is due on August 4, 2016.

[2] Discovery is generally limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Before resolution of the two other pending motions, it is difficult, if not impossible,

Defendant asks the Court for an Order staying discovery. This Court has broad authority to regulate discovery and "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Fed. R. Civ. P. 26(c). It is particularly appropriate to stay discovery pending the outcome of dispositive motions. See Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977). When "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions." O'Brien v. Avco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969).

Indeed, staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1982), citing Westminster Investing Corp. v. G.C. Murphy Co., 434 F.2d 521, 526 (D.C. Cir.

---

to ascertain what issues will remain in the case and what could be seen as proportional to a case that is either a case with three plaintiffs (who can seek a waiver of PACER fees as non-profit organizations) or a class-action involving every paying PACER user but plaintiffs' counsel and the government for the past six years. In addition, the discovery sought may well be duplicative of discovery that would be taken in the other pending, purported class action regarding PACER fees, Fisher v. United States, U.S. Court of Federal Claims Case No. 1:15-cv-01575-TCW.

1970).

WHEREFORE, Defendant asks that the Court stay discovery and establish a new date for the parties to meet and confer under Local Civ. R. 16.3 only after resolution of the pending dispositive motion and motion for class certification.

                Respectfully submitted,

                CHANNING D. PHILLIPS, DC Bar #415793
                United States Attorney

                DANIEL F. VAN HORN, DC Bar #924092
                Chief, Civil Division

By:                                           /s/
                W. MARK NEBEKER, DC Bar #396739
                Assistant United States Attorney
                555 4th Street, N.W.
                Washington, DC  20530
                (202) 252-2536
                mark.nebeker@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Stay Discovery, supporting memorandum, and a proposed Order has been made through the Court's electronic transmission facilities on this 26th day of July, 2016.

                                              /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 252-2536
mark.nebeker@usdoj.gov