UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL           )
  SERVICES PROGRAM, et al.,        )
                           )
        Plaintiffs,            )
                           )
     v.                          ) Civil Action No. 16-745 ESH
                           )
UNITED STATES OF AMERICA,         )
                           )
        Defendant.              )
                           )
_____)

REPLY IN SUPPORT OF MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant has filed a Motion To Dismiss Or, In The Alternative, For Summary Judgment. Plaintiffs' Opposition does not provide any proper basis to deny the motion.

Plaintiffs assert that this action should not be dismissed under the "first to file rule" because, in Plaintiffs' opinion, the Fisher case[1] "is nothing like this one." Plaintiffs' Opposition To The Government's Motion To Dismiss ("Pl. Opp.") at 2. In fact, as Plaintiffs have pointed out, the successful motion in the earlier District Court action was adopted largely verbatim in pressing Defendant's dispositive motion here. (See Pl. Opp. at 1 and Exh. A). That is precisely because this case and the Fisher the case are

_____

[1] Fisher v. United States, No. 15-1575C (Fed. Cl).

so similar.  A non-exhaustive list of issues common to both cases would include the following:

- What did the government charge PACER users in the last six years?

- Which PACER users were among those who were charged for the PACER downloads, given the avenues to receive free downloads?

- What should the government have charged the PACER users for PACER downloads under the E-Government Act?

- If PACER users were overcharged, were they required to first present the overcharges to the PACER Service Center within 90 days, as they agreed?

- If PACER users were overcharged, by what amount were they overcharged?

- Which PACER users over the past six years have presented their claimed overcharges to the PACER Service Center, as they agreed to do?

- Of the PACER users that presented their claims to the PACER Service Center, which were denied, and which received, relief?

- Whether the Plaintiffs (who have relied on the E-Government Act) have alleged a statutory remedy that supports an illegal exaction claim?

<u>See</u> Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue ("Def. SMF") ¶¶ 1-6; Def. Exhibit 2 (<u>Fisher</u> Complaint) (ECF No. 11-1); Pl. Exhibit A (Fisher Motion To Dismiss) (ECF No. 15-1).  In addition, if, as Plaintiffs appear to allege, the government is only able to charge for the actual cost of providing

-2-

the information downloaded through PACER, this Court would have to address how much those costs would be affected by any change in what can be collected for PACER Docket sheets as a result of a judgment in the Fisher case.  This confluence of issues, despite Plaintiffs' bald assertion to the contrary (see Pl. Opp. at 3) should make clear that both actions involve the same facts.

Plaintiffs also assert that the parties are different in both actions.  Pl. Opp. at 3.  Perhaps the named parties currently differ, but if, as Plaintiffs seek, the class includes all PACER users who paid a fee during the relevant period and do not opt out, it would, of necessity, include Mr. Fisher unless and until he opts out. Fisher Amended Complaint (Pl. Exhibit C, ECF No. 15-3), ¶¶ 7, 30-32, 41.

Plaintiffs argue that the Fisher class action involves a narrower issue, an overcharge for printing the PACER Docket sheets in excess of 850 characters.  Pl. Opp. at 2.  Plaintiffs do not assert that the potential members of the class in this case (all who "have paid fees for the use of PACER within the past six years, excluding class counsel and agencies of the federal government", see Complaint, ¶ 27, have not, within that six-year period, downloaded at least one PACER Docket sheet with a caption over 850 characters, the basis for at least part of the claims in Fisher.  See Pl. Opp.

at 2.[2]  Thus, likely every member of this purported class would also be a potential member of the Fisher class action, if certified.

Accordingly, Plaintiffs who downloaded a PACER Docket Sheet of typical length would be allowed, under Plaintiffs' theory, to proceed in two separate federal court actions to recover for alleged overbilling for the same docket sheet(s).  This is not likely to lead to the efficiency sought in class action litigation.  See Fed. R. Civ. P. 23(b).

Plaintiffs argue that the cases are completely distinct and that they do not need to first seek to resolve their billing issues with the PACER Service Center, despite their admitted agreement to do so (see Def. SMF, ¶ 6),[3] because they are not suing over a "billing error".  Pl Opp. at 2-4.  First, the agreement was "to alert the PACER Service Center to any errors in billing within 90 days of the date of the bill."  Def. SMF, ¶ 6.  Plaintiffs' effort to couch their claim that they were overcharged on the bills as something other than

---

[2] For comparison purposes, counsel undertook to count the characters in the PACER caption from this case (copy attached), a relatively typical caption.  The number of characters counted was 1476.  Counsel notes that these are the characters printed in a PACER docket sheet.  The calculation of the cost for a Docket sheet is based on the bytes of data extracted.  See Fisher Amended Complaint, ¶ 23.

[3] Plaintiffs have not addressed the facts proffered by Defendant in Defendant's Statement of Material Facts As To Which There Is No Genuine Issue.  Accordingly, as described further below, those facts should be deemed admitted.  See Local Civ. R. 7(h)(1).

an "error in billing" is weak, at best.  Consider, for example, their analogy to a patron in a restaurant over-billed for wine.  Pl. Opp. at 1-2.  Would not that patron feel that, whatever the reason he was overcharged for the wine, it was an "error"?  And given that the "error" was on the "bill", would it not be readily, and accurately, described by any patron as an "error in billing"?  The PACER Service Center addresses and resolves many issues brought to it, even if those issues can easily be described as not even truly "errors."  They would typically refer to such resolutions, where despite the absence of an actual error on the part of the PACER system, a user is nonetheless still provided a refund, as a "courtesy."  Second Declaration of Anna Garcia, ¶¶3-11.  Plaintiffs' effort to describe the bills that they have received (and paid) in excess of what is allowable, would seem to fit nicely into the category of an claim of an "error in billing."  See Webster's II New Riverside University Dictionary (1994) Definition of "error" ("1. An act, assertion, or belief that unintentionally deviates from what is correctly, right, or true.  2. The state of having false knowledge. 3. A deviation from an accepted code of behavior. 4. A mistake.  5.  The difference between a computed or measured value and a correct value...").

Plaintiffs have made no effort to address the claim made in support of Defendant's dispositive motion that they have not alleged

-5-

a statutory remedy that supports an illegal extraction claim. Def. Mem. at 15-19. Arguments not made in the District Court are deemed waived. See F.T.C. v. Boehringer Ingelheim Pharmaceuticals, Inc., 778 F.3d 142, 158 n.5 (D.C. Cir. 2015); Marymount Hosp., Inc. v. Shalala, 19 F.3d 658 (D.C. Cir. 1994). See also Zolfaghari v. Sheikholeslami, 943 F.2d 451 (4th Cir. 1991). Indeed, as the Court of Appeals has reiterated this general proposition that issues not raised before the district court are usually considered to have been waived on appeal. Kingman Park Civil Association v. Williams, 348 F.3d 1033, 1039 (D.C. Cir. 2003); see also Whelan v. Abell, 48 F.3d 1247, 1253 (D.C. Cir. 1995) (citing Kattan by Thomas v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993)); Yee v. City of Escondito, 503 U.S. 519, 533 (1992). Here, Plaintiff does not contest either the factual assertions made by the Defendant or the argument that Plaintiffs have failed to identify an applicable statute to support their unlawful exaction claim .

Because Plaintiff has failed to respond properly to Defendant's Statement of Material Facts with any citation to record evidence, in contravention of Local Civil Rule 7(h)(1), the Court may treat the proffered statements as established for purposes of summary judgment. See Local Civ. R. 7(h); Fed. R. Civ. P. 56(e)(2); McCauley v. Salazar, 38 F.Supp.3d 35, 38-39 (D.D.C. 2014).

In McCauley, the Court properly observed:

> Under Rule 56(a), "the court shall grant summary
> judgment" where "there is no genuine dispute as to any
> material fact and the movant is entitled to judgment as
> a matter of law." Fed. R. Civ. P. 56(a) (emphasis added).
> The court must "state on the record the reasons for
> granting or denying the motion." Id. A nonmoving party's
> complete failure to come forward with evidence to
> demonstrate the existence of a genuine issue of material
> fact constitutes a "reason" for the grant of summary
> judgment. See Fed. R. Civ. P. 56(a); see also Grimes v.
> District of Columbia, 923 F.Supp.2d 196, 198 (D.D.C.
> 2013).

McCauley v. Salazar, 38 F.Supp.3d at 38-39; see also Local Civ. R.
7(h).  Given that Plaintiffs have failed to demonstrate the
existence of a genuine dispute of material fact or to meaningfully
contest Defendant's motion, Defendant is entitled to judgment as a
matter of law and the Court should grant summary judgment to
Defendant.  See id.; Bruder v. Chu, 953 F. Supp. 2d 234, 236 (D.D.C.
2013).

For these reasons, and those previously set forth in support
of Defendant's Motion To Dismiss Or, In The Alternative, For Summary

Judgment, this action should be dismissed or summary judgment entered in favor of Defendant.

Respectfully submitted,

CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By: _____ /s/
    W. MARK NEBEKER, DC Bar #396739
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, DC  20530
    (202) 252-2536
    mark.nebeker@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Reply In Support

Of Motion To Dismiss Or, In The Alternative, For Summary Judgment,

has been made through the Court's electronic transmission facilities

on this 16th day of August, 2016.

/s/

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536
mark.nebeker@usdoj.gov