IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM, *et al.*,
        *Plaintiffs*,

v.

UNITED STATES OF AMERICA,
        *Defendant*.

Case No. 16-745-ESH

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The decision earlier this week in *Fisher v. United States*, No. 15-1575C (Ct. Cl. Sept. 26, 2016) (attached), confirms why the government's motion to dismiss this case should be denied.

*First*, the government contends that our case should be dismissed under the first-to-file rule because *Fisher* also involves PACER fees. But, as the Court of Federal Claims made clear, the plaintiff in *Fisher* advances an entirely different claim based on an entirely different legal theory. He narrowly alleges that "a 'systemic error' in PACER's billing system causes PACER to count the bytes in the case caption section of an HTML-formatted docket report five times when the case caption is more than 850 characters long"—a billing error that he claims has led to a contractual violation of the judiciary's own "ten-cents-per-page fee structure" for certain PACER users (those who "were charged for at least one docket report in HTML format that included a case caption containing 850 or more characters"). Op. 2–3.

The plaintiffs here, by sharp contrast, challenge the legality of the fee structure *itself*, claiming that it exceeds the costs of providing records, in violation of the E-Government Act of 2002. And whereas the plaintiff in *Fisher* has not yet sought class certification (and his class, even assuming it were ascertainable, would consist of only those who affirmatively agree to join), the plaintiffs here have already moved for certification of a Rule 23 opt-out class of all PACER users.

*Second*, the government in *Fisher* contended (as it did here) that a one-sentence provision in PACER's terms and conditions—that users "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill"—creates an administrative-exhaustion requirement and precludes an illegal-exaction claim. Op. 4. But the Court of Federal Claims squarely rejected these arguments, holding that this sentence does "not require a plaintiff to exhaust administrative remedies before filing suit," nor does it preclude an illegal-exaction claim. *Id.* (internal capitalization omitted). If that is true there—in an actual "billing error" case—then it is certainly true here. The government's motion to dismiss should be denied.

Respectfully submitted,

*/s/ Deepak Gupta*
DEEPAK GUPTA
JONATHAN E. TAYLOR
GUPTA WESSLER PLLC
1735 20th Street, NW
Washington, DC 20009
Phone: (202) 888-1741
*deepak@guptawessler.com, jon@guptawessler.com*

WILLIAM H. NARWOLD
MOTLEY RICE LLC
3333 K Street NW, Suite 450
Washington, DC 20007
Phone: (202) 232-5504
*bnarwold@motleyrice.com*
*Attorneys for Plaintiffs*

October 1, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2016, I filed the foregoing notice of supplemental authority through this Court's CM/ECF system, and that all parties required to be served have been thereby served.

*/s/ Deepak Gupta*
Deepak Gupta