# In the United States Court of Federal Claims

No. 15-1575C

(Filed: September 26, 2016)

```
*************************************
                                    *
BRYNDON FISHER,                     *
                                    *
              Plaintiff,            *
                                    *  Motion to Dismiss; Conditions
v.                                  *  Subsequent; Illegal Exaction; Implied
                                    *  Covenant of Good Faith and Fair Dealing
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

*Noah M. Schubert*, Schubert, Jonckheer & Kolbe, LLP, San Francisco, California, for Plaintiff.

*Peter A. Gwynne*, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Steven J. Gillingham*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

This case is a putative class action against the Government that involves the Public Access to Court Records ("PACER") system. Plaintiff Bryndon Fisher alleges that PACER overcharges users because of a faulty pricing formula. Pursuant to Rule 23 of the Court of Federal Claims ("RCFC"), he seeks to represent a proposed class of PACER users who have been similarly overcharged.

The Government moved to dismiss Fisher's First Amended Complaint pursuant to RCFC 12(b)(1) and 12(b)(6) on June 15, 2016. It argues primarily that Fisher's failure to satisfy a condition in the alleged PACER contract means this Court has no subject matter jurisdiction over this case, or, alternatively, means Fisher's Complaint fails to state a claim upon which relief may be granted. Fisher filed his opposition to the Government's motion

on July 13, 2016, and the Government filed its reply on August 22, 2016.  Fisher filed his sur-reply with the Court's leave on September 6, 2016.[1]  On September 15, 2016, the Court heard oral argument on the Government's motion.

After reviewing the parties' arguments during oral argument and in their filings, the Court finds the Government's position meritless.  Accordingly, Defendant's motion to dismiss is DENIED.

Background[2]

Fisher brought this case to recover for overcharges caused by a "systemic error" in the Federal Judiciary's PACER system.  FAC ¶ 1, 9.  The PACER system allows the public to access records from all federal appellate, district, and bankruptcy courts, as well as the Court of Federal Claims.  Id. ¶ 9.  The Programs Division of the Administrative Office of the U.S. Courts ("AO") maintains PACER and, "through the PACER Service Center, provides centralized billing, registration, and technical support services for the Judiciary and the public."  Id. ¶ 12.  There are over two million PACER user accounts.  Id. ¶ 13.

The Judicial Conference of the United States sets PACER's fees.  Id. ¶ 14.  According to the governing statute, codified at 28 U.S.C. § 1913, "the Judicial Conference may, only to the extent necessary, prescribe reasonable fees . . . for access to information available through automatic data processing equipment."  Id. ¶ 15.  The current PACER fee schedule shows that access to any case document or docket sheet costs ten cents per page, up to a maximum charge of three dollars per document or docket viewed (subject to certain non-applicable exceptions).  Id. ¶ 17–18.; 28 U.S.C. § 1914.  The AO also communicates the ten-cents-per-page fee to users when they sign up for PACER accounts.  FAC ¶ 20.

Although the ten-cents-per-page fee structure applies throughout the PACER system, PACER uses a formula to bill users for access to HTML-formatted reports (as opposed to PDF-formatted reports).  Id. ¶ 21–25.  For HTML-formatted reports, "a formula determines the number of pages" per report.  Id. ¶¶ 21–23 (citing the PACER website, https://pacer.psc.uscourts.gov/Pscof/regWizard.jsf).  For such reports, "[t]he information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted."  Id.  The PACER user manual elaborates further on the formula, and shows that "[b]illable pages for docket reports, case reports, and search results are calculated using a formula based on the number of bytes extracted (4,320 bytes = 1

---

[1] These filings are referred to herein respectively as "Mot.," "Opp'n," "Reply," and "Sur-Reply."  They may be found at Docket Numbers 11, 12, 15, and 19.  Additionally, Fisher's First Amended Complaint (Dkt. No. 8) is referred to herein as "FAC."

[2] The Court draws the facts as stated in the Background section of this Opinion from the FAC.  For the purposes of the pending motion, these facts are assumed to be true.

billable page)." Id. ¶ 24 (citing PACER User Manual for ECF Courts, https://www.pacer.gov/documents/pacermanual.pdf.). Therefore, PACER users would expect to be charged ten cents per 4,320 bytes extracted whenever they view an HTML-formatted docket report. Id. ¶ 25.

The Government also points to PACER materials in its papers. Specifically, a clause in the PACER policy states that all PACER users "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill." Mot. at 3 (citing PACER Policy, https://www.pacer.gov/documents/pacer_policy.pdf). Further, the PACER manual also states, "If you think there is an error on your bill, you must submit the Credit Request Form. Requests may also be faxed to the PACER Service Center . . . ." Id. (citing PACER User Manual, https://www.pacer.gov/documents/pacermanual.pdf). There is no dispute that Fisher did not submit a claim in accordance with these guidelines.

Fisher is a PACER user. Id. ¶ 29. He agreed to the PACER pricing scheme when he signed up for an account. Id. For two years prior to filing his complaint, Fisher accessed 184 HTML-formatted docket reports through PACER. Id. ¶ 31. He paid $109.40 to the AO to access these reports. Id. According to the "bytes extracted" formula, Fisher alleges that the AO should have charged him only $72.40 for access to the reports—this means that he was overcharged by $37.00 (about 51%). Fisher was only able to discover the billing inaccuracy through "an investigation by expert consultants with advanced degrees in computer science." Id. ¶ 33. These experts found that a "systemic error" in PACER's billing system causes PACER to count the bytes in the case caption section of an HTML-formatted docket report five times when the case caption is more than 850 characters long. Id. ¶ 37–39. A member of the putative class, Carl Malamud, notified the PACER Service Center of this problem, but there is no indication that the Service Center fixed it. Id. ¶ 26–28.

Fisher reasons that if he was overcharged, others likely were as well. Therefore, he seeks pursuant to RCFC 23 to represent a class of "[a]ll PACER users who, from December 28, 2009 through present, accessed a U.S. District Court, U.S. Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one docket report in HTML format that included a case caption containing 850 or more characters." Id. ¶ 41. The proposed class excludes certain government employees and judges. Id. ¶ 42.

Fisher alleges that the Government breached a contract with him and the proposed class by overcharging for the docket reports. Id. ¶¶ 50–59. He also alleges that the Government breached the implied covenant of good faith and fair dealing. Id. ¶¶ 60–69. Finally, Fisher alleges that the Government's collection of excessive PACER user fees amounts to an illegal exaction that violates the Due Process Clause of the Fifth Amendment to the United States Constitution. Id. ¶¶ 70–79.

3

Discussion

The Government argues that this Court lacks subject matter jurisdiction over this case or, in the alternative, that Fisher's complaint fails to state a claim upon which relief may be granted. To support its arguments, the Government points to language in the PACER Policy and PACER User Manual that requires PACER users to submit billing complaints via a "Credit Request Form" and to "alert the Pacer Service Center to any errors in billing within 90 days of the date of the bill." See Mot. at 3. This language, the Government asserts, constitutes a condition precedent in the PACER contract that PACER users must satisfy before they are entitled to compensation from the AO for inaccurate charges. See Mot. at 6–11. Alternatively, it constitutes a requirement that a plaintiff exhaust administrative remedies before filing suit. See Reply at 9–13. Because Fisher did not satisfy this condition precedent, the Government's duty to repay Fisher never arose, so this Court has no subject matter jurisdiction (or, in the alternative, Fisher's complaint fails to state a claim for breach of contract). Id.

The Government further argues that the same language also means there is no statutory remedy for Fisher's illegal exaction claim, so there also is no subject matter jurisdiction over that claim. Id. at 13–15. Finally, the Government argues that Fisher's allegations as to the implied covenant of good faith and fair dealing should be dismissed for failure to state a claim because they are duplicative of Fisher's contract claims. Id. at 11–13. The Court will address each of the Government's arguments in turn.

I.  The PACER Policy and User Manual do not Require a Plaintiff to Exhaust Administrative Remedies Before Filing Suit

If a statute requires a plaintiff to exhaust his administrative remedies before filing suit, "a party's failure to exhaust administrative remedies precludes judicial review of [his] claim." Palladian Partners, Inc. v. United States, 783 F.3d 1243, 1255 (Fed. Cir. 2015). Still, this requirement means that an adequate administrative remedy must exist. In other words, there must at bare minimum be some inkling of an adversarial process in the administrative proceeding. See Sims v. Apfel, 530 U.S. 103, 109 (2000).

Here, the Government points to the PACER Policy and PACER User Manual, which require parties to submit notice of billing errors to PACER for review within ninety days of discovering such errors. First, it is not even clear from the language in the PACER documents that parties must submit claims before filing suit. The documents merely state that all PACER users "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill," and that if a party discovers a billing error, he "must submit the Credit Request Form." See Mot. at 3. Second, there is plainly no administrative remedy in place here. There is no adversarial process after a PACER user submits the Credit Request Form, and there is no review process in place for the AO's decisions. In sum,

nothing in the two sentences the Government cites qualifies as an administrative remedy, so the Court may review Fisher's claims.

II. This Court has Subject Matter Jurisdiction Over Fisher's Contract Claims

A. Standard of Review

Under the Tucker Act, 28 U.S.C. § 1491(a)(1), this Court has subject matter jurisdiction to hear claims against the Government "founded . . . upon any express or implied contract with the United States." Where a plaintiff alleges that he entered into a contract with the Government, the plaintiff need only allege a "non-frivolous *allegation* of a contract with the government." Mendez v. United States, 121 Fed. Cl. 370, 378 (2015) (quoting Engage Learning, Inc. v. Salazar, 660 F.3d 1346, 1353 (Fed. Cir. 2011)) (emphasis in original). Therefore, a plaintiff merely must allege that "either an express or implied-in-fact contract underlies [his] claim." Id. (quoting Trauma Serv. Grp. v. United States, 104 F.3d 1321, 1352 (Fed. Cir. 1997)) (collecting additional cases). Accordingly, to show jurisdiction, a plaintiff must plead the elements of a contract: "(1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government." Biltmore Forest Broad. FM, Inc. v. United States, 555 F.3d 1375, 1380 (Fed. Cir. 2009) (citation omitted).

B. Fisher has Met His Burden of Pleading Subject Matter Jurisdiction Over his Contract Claims

Here, Fisher has met his burden of pleading jurisdiction. The contract at issue is the contract all PACER users enter into with the Government when they sign up for PACER accounts. According to this contract, PACER users and the Government agree (mutual agreement, offer, and acceptance) that the users will pay ten cents per page for access to court records (consideration). Further, the AO, which operates under the Judicial Conference of the United States, is specifically authorized by statute to administer the PACER program, so it has actual authority to contract on behalf of the Government. See 28 U.S.C. § 1913. Thus, Fisher has sufficiently alleged that a contract with the Government underlies his claims.

The existence of any alleged condition in the contract is irrelevant to this Court's jurisdiction because it is a merits issue in this case. See Mendez, 121 Fed. Cl. at 379 (collecting cases in which "a merits inquiry has bled inappropriately into a jurisdictional inquiry"). The existence of a condition determines whether Fisher may or may not recover. This issue goes to whether his complaint states a claim upon which relief may be granted, not whether this Court may exercise jurisdiction. Therefore, this Court has subject matter jurisdiction over Fisher's contract claims.

III.   Fisher's Contract Claims State a Claim Upon Which Relief may be Granted

   A. Standard of Review

   A complaint fails to state a claim upon which relief may be granted within the meaning of RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Briseno v. United States, 83 Fed. Cl. 630, 632 (2008) (citation omitted). The Court also must construe allegations in the complaint favorably to the plaintiff. See Extreme Coatings, Inc. v. United States, 109 Fed. Cl. 450, 453 (2013). Still, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)). Further, a plaintiff may not simply plead "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

   B. No Condition in the Contract Prevents Fisher from Recovering

   To plead a breach of contract claim, a plaintiff must allege (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989). The issue of whether or not Fisher has sufficiently alleged a breach of contract claim therefore rests on elemental principles of contract law, so it is necessary to clarify the nature of Fisher's alleged contract.

   First, Fisher alleges that the parties entered into a bilateral contract. A bilateral contract exists where both parties exchange promises, whereas a unilateral contract results where one party exchanges a promise for another party's performance—that is, one party may only accept the contractual offer by performing in full. See Restatement (Second) of Contracts § 50 (Am. Law Inst. 1981) ("Restatement"); see also Lucas v. United States, 25 Cl. Ct. 298, 304 (1992) (explaining that a prize competition is a unilateral contract because it requires participants to submit entries in return for a promise to consider those entries and award a prize). Here, Fisher alleges that the AO promised him access to court records in return for Fisher's promise to pay ten cents per page (or, per 4,320 extracted bytes) for this access. See FAC ¶ 57.[3] Therefore, the PACER contract is bilateral.

   This exchange of promises also means that the AO cannot charge more than ten cents per page. In doctrinal terms, if the Government charged more than the agreed-upon amount, it would essentially be forcing a contract modification on Fisher without his knowledge or assent. See Union Pac. R.R. Co. v. Chicago, Milwaukee, St. Paul. & Pac.

---

[3] During oral argument, the Government asserted that it did not concede the existence of a contract in this case. It is difficult to understand why, as it seems clear that Fisher would need some sort of contract to obtain access to court records in exchange for money.

6

R.R. Co., 549 F.2d 114, 118 (9th Cir. 1976) ("One party cannot unilaterally modify a contract without the consent of the other party, or without consideration.") (citations omitted); see also Restatement § 89 (listing requirements for contract modification). Therefore, Fisher essentially has alleged that the Government has breached the PACER contract through its unilateral modification without notice.

The question next becomes whether a condition subsequent in the PACER contract extinguished the Government's duty to perform in this case. Parties generally may include conditions in a contract that extinguish one party's duty to remedy a breach if a certain event occurs. See Restatement § 230. This type of condition is sometimes known as a "condition subsequent." Id. cmt. a.[4] The Government argues that it included just such a term in the PACER contract. It points to language in the PACER policy and manual, and argues that "the submission of claims to the PACER Service Center is, by the plain terms of the alleged contract, a condition [subsequent] to any duty to refund billing errors." Mot. at 7. The exact language the Government cites is: (1) that all PACER users "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill," Mot. at 3 (citing PACER Policy, https://www.pacer.gov/documents/pacer_policy.pdf); and (2) "If you think there is an error on your bill, you must submit the Credit Request Form. Requests may also be faxed to the PACER Service Center . . . ." Id. (citing PACER User Manual, https://www.pacer.gov/documents/pacermanual.pdf). Thus, according to the Government, if Fisher did not submit claims to the PACER Service Center, the Government's duty to remedy its breach of contract by refunding any billing errors is extinguished.

However, courts dislike conditions because they lead to forfeitures, so they generally will not construe contractual language as a condition unless the language leaves no room for doubt. See RT Computer Graphics, Inc. v. United States, 44 Fed. Cl. 747, 756 (1999). Thus, conditions must expressly be stated in conditional language; i.e., if party A does not do X, then party B is not required to do Y. For example, in Park Properties Assocs., L.P. v. United States, the Court found that a condition existed where contractual language stated, "If the owner fails to submit the information required by this Notice at least 60 days before the contract anniversary date, then the rent levels will not be adjusted on the contract anniversary date . . . ." 82 Fed. Cl. 162, 166, 169–170 (2008). This language indicates both a condition and the event that will not happen if the other party does not satisfy the condition. Requiring parties to spell out conditional language in this

---

[4] A condition subsequent is different from a condition precedent (the term both parties use in their briefs). For a condition to be a condition precedent, it must discharge one party's duty to perform under the contract in the first place. See Restatement § 224. Conditions subsequent operate to excuse one party's further performance after the parties have begun performing. For example, they may discharge a party's obligation to remedy a breach. See id. § 230.

7

way makes sense, as the parties to a contract should explicitly be made aware that the possibility of forfeiture exists.

Here, however, the case is not close, and there is plenty of room for doubt. The language in the PACER documents cannot be construed as conditional. The closest it comes is "if you think there is an error on your bill, you must submit the Credit Request Form." Still, there is no indication in this sentence that submitting a claim in a different way (other than via the Credit Request Form) means that PACER users must forfeit their overpaid money. The sentence is not conditional. Had the Government written "you must submit the Credit Request Form or else you will not be paid," then the sentence would have been a condition. As no such language appears in the PACER documents, however, the Government's claim that a condition subsequent prevents Fisher's recovery in this case fails. Therefore, Fisher has stated a claim for breach of contract.

    IV.    <u>Fisher's Implied Covenant of Good Faith and Fair Dealing Claims are Not Duplicative of his Contract Claims</u>

The Government also argues that Fisher cannot maintain claims for both breach of contract and breach of an implied covenant of good faith and fair dealing. <u>See</u> Mot. at 11–13. In response, Fisher argues that his breach of contract claim "addresses Defendant's overcharges in violation of the express terms of the PACER contract," but his "claim for breach of the implied covenant addresses defendant's knowledge and concealment of the manner in which certain bytes were calculated for billing purposes." Opp'n at 15 (citing FAC ¶¶ 58, 68).

The Court finds that Fisher's implied covenant claims merely supplement his express contract claims. The implied covenant of good faith and fair dealing "is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." <u>Metcalf Const. Co. v. United States</u>, 742 F.3d 984, 994 (Fed. Cir. 2014) (citations omitted). Applied to the contract at issue here, this means that an implied covenant existed in the PACER contract pursuant to which the Government agreed not to frustrate Fisher's ability to detect billing errors. This implied covenant is not duplicative of Fisher's express contract claims, which allege that the overcharges themselves violate the PACER contract's express terms. Therefore, Fisher's complaint does not fail to state a claim on these grounds.

    V.    <u>The Court has Subject Matter Jurisdiction over Fisher's Illegal Exaction Claims</u>

The Government argues that this Court lacks subject-matter jurisdiction over Fisher's illegal exaction claims because Fisher has not alleged a statutory remedy that supports an illegal exaction claim. Specifically, the Government argues that Fisher's ten-

8

cents-per-4,320-bytes allegation stems from the "policies and procedures of the AO," which makes those policies part of the governing statute for purposes of determining a statutory remedy. See Mot. at 15. These same policies require claimants to submit claim forms within 90 days, and Fisher did not do this; therefore, Defendant argues, his illegal exaction claims must fail.

The Court does not agree. Under the Tucker act, 28 U.S.C. § 1491(a)(1), this Court may adjudicate claims "made for recovery of monies that the government has required to be paid contrary to law." Aerolineas Argentinas v. United States, 77 F.3d 1564, 1572 (Fed. Cir. 1996) (citation omitted). A plaintiff may maintain a claim for illegal exaction if he "has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." Id. at 1572–73 (citation omitted).

Here, Fisher alleges that PACER's governing statutes, codified at 28 U.S.C. § 1913–14, and its policies require the AO to charge no more than ten cents per page (or, per 4,320 bytes extracted) for access to PACER. Under Fisher's theory, any money charged over ten cents per page would be paid "contrary to law." Id. at 1572. As noted above, the AO's requirements for claim submission do not constitute a condition subsequent that discharges the Government's duty to refund any overcharged amount. See Part III, supra. Therefore, Fisher has sufficiently alleged that the Government illegally overcharged him contrary to PACER's governing statutes and policies, and his complaint states a claim for illegal exaction.

## Conclusion

The Court finds that it has subject matter jurisdiction over all of Plaintiff's claims, and that Plaintiff's First Amended Complaint states claims upon which relief may be granted. Accordingly, Defendant's motion to dismiss is DENIED. Defendant is directed to file its Answer to the Amended Complaint within 14 days, on or before October 11, 2016.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge