# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

NATIONAL VETERANS LEGAL
SERVICES PROGRAM, *et al.*,
                    Plaintiffs,

v.                                                    Civil Action No. 16-745 (ESH)

UNITED STATES OF AMERICA,

                    Defendant.

---

## MEMORANDUM OPINION

Plaintiffs, organizations and individuals who have paid fees to obtain records through the

Public Access to Court Electronic Records system (PACER), claim that PACER's fee schedule

is higher than necessary to cover the costs of operating PACER and therefore violates the E-

Government Act of 2002, Pub. L. No. 107-347, § 205(e), 116 Stat. 2899, 2915 (codified as 28

U.S.C § 1913 note).  (Compl. at 2, ECF No. 1.)  They have brought this class action suit against

the United States under the Little Tucker Act, 28 U.S.C. § 1346(a), to recover the allegedly

excessive fees that they have paid over the last six years.  (*Id.* at 14-15, ¶¶ 33-34.)  Defendant has

moved to dismiss the suit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), claiming

that it is barred by the first-to-file rule and does not state a claim within this Court's jurisdiction

under the Little Tucker Act.  (Def.'s Mot. Dismiss, ECF. No. 11; *see also* Pls.' Opp., ECF No.

15; Def.'s Reply, ECF No. 20.)  For the reasons herein, the Court will deny the motion.[1]

---

[1] Defendant has also moved for summary judgment, but it has not offered any grounds upon
which summary judgment should be granted if the motion to dismiss is denied.  (*See* Def.'s Mot.
at 1, 19.)  Therefore, the Court will deny defendant's unsupported motion for summary
judgment.

## BACKGROUND

According to plaintiffs, "PACER is a decentralized system of electronic judicial-records databases" operated by the Administrative Office for the U.S. Courts ("AO"). (Compl. at 1, ¶ 7.) "Any person may access records through PACER" but "must first agree to pay a specific fee." (*Id.* at ¶ 7.) Congress has authorized the Judicial Conference that it "may, only to the extent necessary, prescribe reasonable fees . . . for access to information available through automatic data processing equipment." 28 U.S.C. § 1913 note. The fees "shall be deposited as offsetting collections . . . to reimburse expenses incurred in providing these services." *Id.*

Plaintiffs allege that the fee was $.07 per page in 1998, with a maximum of $2.10 per request introduced in 2002. (Compl. at ¶ 8.) The AO increased the fee to $.08 per page in 2005 and to $.10 per page in 2012. (*Id.* at ¶¶ 13, 19.) The current fee is $.10 per page, with a maximum of $3.00 per record. (*Id.* at ¶ 7.) Plaintiffs claim that these fees are "far more than necessary to recover the cost of providing access to electronic records." (*Id.* at ¶ 9.) For example, in 2012 the judiciary spent $12.1 million generated from public access receipts on the public access system, while it spent more than $28.9 million of the receipts on courtroom technology. (*Id.* at ¶ 20.) "In 2014 . . . the judiciary collected more than $145 million in fees, much of which was earmarked for other purposes such as courtroom technology, websites for jurors, and bankruptcy notification systems." (*Id.* at ¶ 21.)

Named plaintiffs are nonprofit organizations that have incurred fees for downloading records from PACER. (Compl. at ¶¶ 1-3.) Plaintiff National Veterans Legal Services Program (NVLSP) "has represented thousands of veterans in individual court cases, educated countless people about veterans-benefits law, and brought numerous class-action lawsuits challenging the legality of rules and policies of the U.S. Department of Veterans Affairs." (*Id.* at ¶ 1.) Plaintiff

National Consumer Law Center (NCLC) conducts "policy analysis, advocacy, litigation, expert-witness services, and training for consumer advocates." (*Id.* at ¶ 2.)  Plaintiff Alliance for Justice (AFJ) "is a national association of over 100 public-interest organizations that focus on a broad array of issues" and "works to ensure that the federal judiciary advances core constitutional values, preserves unfettered access to the courts, and adheres to the even-handed administration of justice for all Americans." (*Id.* at ¶ 3.)

Plaintiffs claim that the fees they have been charged violate the E-Government Act because they exceed the cost of providing the records.  (Compl. at 2.)  Furthermore, they claim that excessive fees have "inhibited public understanding of the courts and thwarted equal access to justice." (*Id.* at 2.)  Based on the alleged violation of the E-Government Act, plaintiffs assert that the Little Tucker Act entitles them to a "refund of the excessive PACER fees illegally exacted." (*Id.* at ¶¶ 33-34.)  Plaintiffs seek to pursue this claim on behalf of a class of "all individuals and entities who have paid fees for the use of PACER within the past six years, excluding class counsel and agencies of the federal government." (*Id.* at ¶ 27.)  "Each plaintiff and putative class member has multiple individual illegal-exaction claims against the United States, none of which exceeds $10,000." (*Id.* at ¶ 5.)

## ANALYSIS

Defendant seeks dismissal of plaintiffs' complaint on two grounds.  First, defendant argues that this suit is barred because a similar suit was filed first in the Court of Federal Claims.  Second, it argues that plaintiffs have failed to state a claim under the Little Tucker Act because they did not first present their challenge to the PACER Service Center.  The Court rejects both arguments.

# I.      LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a 12(b)(6) motion, a court may consider the complaint, documents incorporated in the complaint, and matters of which courts may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). To survive a motion to dismiss under Rule 12(b)(1), plaintiffs bear the burden of demonstrating that the Court has subject-matter jurisdiction, and the Court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993).

# II.      FIRST-TO-FILE RULE

Under the "first-to-file rule," "when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases." *In re Telebrands Corp.*, 824 F.3d 982, 984 (Fed. Cir. 2016); *see also UtahAmerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) ("[W]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." (quoting *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980))).[2] The rule reflects concerns that "district courts

---

[2] The Federal Circuit has exclusive jurisdiction over appeals from Little Tucker Act suits, and therefore, the law of the Federal Circuit applies to both the merits of those cases and related procedural issues. 28 U.S.C. § 1295(a)(2); *Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951, 952-53 (Fed. Cir. 1990); *United States v. One (1) 1979 Cadillac Coupe De Ville VIN 6D4799266999*, 833 F.2d 994, 997 (Fed. Cir. 1987). Here, the Court would reach the same result on the first-to-file issue under either the Federal Circuit's or the D.C. Circuit's law.

would be required to duplicate their efforts" and "twin claims could generate contradictory results." *UtahAmerican*, 685 F.3d at 1124.  A judge considering a first-to-file challenge to a suit that was filed second and that raises different claims from the first suit should determine "whether the facts and issues 'substantially overlap.'" *Telebrands*, 824 F.3d at 984-85.

Defendant contends that this suit is barred by *Fisher v. United States*, No. 15-1575C, 2016 WL 5362927 (Fed. Cl. Sept. 26, 2016).  According to defendant, both this case and *Fisher* "involve allegations that the same entities utilized the PACER System and were charged more for downloading information than is authorized by the same statutes and agreements."  (Def.'s Mot. at 13.)  Furthermore, defendant asserts that "[t]he class here would include nearly every class member in *Fisher*."  (*Id.*)  Plaintiffs respond that "plaintiff in *Fisher* challenges a particular aspect of the formula that PACER uses to convert docket reports to billable pages" but he "does *not* . . . challenge the PACER fee schedule itself, as our case does."  (Pls.' Opp. at 2.)

The Court agrees that the first-to-file rule does not apply here.  According to the class action complaint in *Fisher*, "PACER claims to charge users $0.10 for each page in a docket report" and calculates pages by equating 4,320 extracted bytes to one page, thus "purporting to charge users $0.10 per 4,320 bytes.  But the PACER system actually miscalculates the number of extracted bytes in a docket report, resulting in an overcharge to users."  First Am. Class Action Compl. at ¶¶ 2, 37, *Fisher v. United States*, No. 15-1575C (Fed. Cl. May 12, 2016), ECF No. 8. In their illegal exaction claim, the *Fisher* plaintiffs assert that "[t]he Electronic Public Access Fee Schedule only authorizes fees of $0.10 per page," but "[b]y miscalculating the number of bytes in a page, the AO collected charges from Plaintiff and the Class in excess of $0.10 per page . . . ."  *Id.* at ¶¶ 73-74.  In other words, *Fisher* claims an *error in the application* of the PACER fee schedule to a particular type of request.  In contrast, plaintiffs here challenge the

*legality* of the fee schedule.  (Compl. at 2.)  These are separate issues, and a finding of liability in

one case would have no impact on liability in the other case.  Therefore, the Court will not

dismiss the suit based on the first-to-file rule.

## III.   FAILURE TO STATE A LITTLE TUCKER ACT CLAIM

The Little Tucker Act gives district courts jurisdiction over a "civil action or claim

against the United States, not exceeding $10,000 in amount, founded either upon the

Constitution, or any Act of Congress, or any regulation of an executive department, or upon any

express or implied contract with the United States."  28 U.S.C. § 1346(a)(2).  Interpreting the

identical wording of the Tucker Act, which applies to claims that exceed $10,000, the Federal

Circuit has held that a plaintiff can "recover an illegal exaction by government officials when the

exaction is based on an asserted statutory power" and "was improperly paid, exacted, or taken

from the claimant in contravention of the Constitution, a statute, or a regulation."  *Aerolineas*

*Argentinas v. United States*, 77 F.3d 1564, 1572-73 (Fed. Cir. 1996) (quoting *Eastport S.S. Corp.*

*v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967)); *Norman v. United States*, 429 F.3d 1081,

1095 (Fed. Cir. 2005).  The statute causing the exaction must also provide "either expressly or by

'necessary implication,' that 'the remedy for its violation entails a return of money unlawfully

exacted.'"  *Norman*, 429 F.3d at 1095 (quoting *Cyprus Amax Coal Co. v. United States*, 205 F.3d

1369, 1373 (Fed.Cir.2000)); *see also N. Cal. Power Agency v. United States*, 122 Fed. Cl. 111,

116 (2015).

According to defendant, plaintiffs have failed to state a claim under the Little Tucker Act

and that failure warrants dismissal under Federal Rules of Civil Procedure 12(b)(6) and also

12(b)(1), because the Little Tucker Act is the source of the Court's jurisdiction.  (Def.'s Mot. at

1, 16 n.6.)  Defendant asks this Court to take judicial notice of the fact that users cannot obtain a

PACER account without agreeing to the PACER policies and procedures, which include a statement that users "must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill." (*Id.* at 10, 13.)  On the basis of this policy, defendant argues that (1) plaintiffs have not performed a condition precedent in the contract, which is akin to an administrative exhaustion requirement, and (2) plaintiffs have no statutory remedy when they have failed to fulfill the contractual condition.  (Def.'s Mot. at 13-19.)  Plaintiffs do not dispute the PACER policy statement or object to this Court's taking judicial notice of it, but they argue that the statement is irrelevant because they are not claiming a billing error.  (Pls.' Opp. at 4-5.)

The court in *Fisher* has already rejected defendant's arguments that the PACER notification requirement is a contractual condition or creates an administrative exhaustion requirement.  *Fisher*, 2016 WL 5362927, at *3, *5-*6 (reasoning that contractual conditions must be expressly stated in conditional language and that there can be no administrative exhaustion requirement unless the suggested administrative proceeding involves some adversarial process).  This Court need not reach those legal issues because, unlike *Fisher*, plaintiffs here do not claim a billing error.  Therefore, even if the notification requirement constituted a contractual condition, it would not apply to the plaintiffs' challenges to the legality of the fee schedule.  Likewise, even if users were required to exhaust their claims for billing errors, that requirement would not apply to the claim in this case.  In sum, the PACER policy statement provides no basis for dismissing this suit.

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss or, in the alternative, for summary judgment is denied.  A separate Order accompanies this Memorandum Opinion.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   December 5, 2016