IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM, NATIONAL
CONSUMER LAW CENTER, and
ALLIANCE FOR JUSTICE, for themselves
and all others similarly situated,
        *Plaintiffs*,

v.

UNITED STATES OF AMERICA,
        *Defendant*.

Civil Action No. 16-745 ESH

# [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties stipulate as follows for an order, pursuant to Federal Rule of Civil Procedure 26(c), to protect the confidentiality of class member data:

1.    As used in this Stipulated Protective Order, these terms have the following meanings:

    a.    "Action" means the case styled *National Veterans Legal Services Program v. United States*, Case No. 16-745, in the United States District Court for the District of Columbia.

    b.    "Attorneys" means any counsel that represents or advises a Party in the Action.

    c.    "Class Administrator" means the entity chosen by Class Counsel to provide notice to potential Class Members.

    d.    "Class Member" means any person or entity who paid fees for the use of PACER between April 21, 2010 and April 21, 2016, according to records maintained by the

Administrative Office of the U.S. Courts, excluding the Attorneys and federal government entities.

   e. "Class Member Data" means the information specified in the Court's Order Approving Plan of Class Notice that Defendant shall produce to Plaintiffs' Counsel for production under the terms of this Stipulated Protective Order to the Class Administrator for purposes of providing notice of the Action to potential Class Members.

   f. "Party" or "Parties" means any of the named Plaintiffs and named Defendant in this Action.

 2. The Class Member Data shall be used solely for the purpose of this Action and no other separate proceeding of any kind, and no one receiving it shall, directly or indirectly, use, transfer, disclose, or communicate it to any person other than those specified in ¶ 3 of this Stipulated Protective Order. Any other use is prohibited. Counsel for Plaintiffs shall provide a copy of this order to the Class Administrator before the Class Member Data is provided to the Class Administrator. A representative of the Class Administrator shall then sign and date a copy of this Order affirming that the Class Administrator agrees to be bound by this Order's provisions. Counsel for Plaintiffs shall provide counsel for Defendant with a copy of the signed Order prior to transmission of Class Member Data to the Class Administrator.

 3. Access to the Class Member Data shall be limited to:

   a. The Court and its staff;

   b. The Attorneys and their support staff; and

   c. The Class Administrator.

 4. If a Party files with the Court a document containing Class Member Data, the data shall be redacted or filed in compliance with the Electronic Case Filing Procedures for the

District of Columbia, as they pertain to filing Documents under seal, or with respect to Documents filed pursuant to ¶ 7(b), the Electronic Case Filing Procedures for the court in which the proceeding is pending.

5. This Stipulated Protective Order shall not apply to any documents or information requested or produced in discovery.

6. Any Party may apply to the Court for a modification of this Stipulated Protective Order, and nothing in this Stipulated Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate. This Stipulated Protective Order shall apply only to Class Member Data, and shall not apply to any documents or information requested or produced in discovery.

7. No action taken in accordance with this Stipulated Protective Order shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability or admissibility of evidence.

8. The obligations imposed by this Stipulated Protective Order shall survive the termination of the Action.

**IT IS SO STIPULATED.**

Dated: March 31, 2017.

| | |
|---|---|
| *By: /s/ William H. Narwold*<br>MOTLEY RICE LLC<br><br>William H. Narwold<br>bnarwold@motleyrice.com<br>DC Bar No. 502352<br>One Corporate Center<br>20 Church Street, 17th Floor<br>Hartford, CT  06103<br>Telephone: (860) 882-1676 | CHANNING D. PHILLIPS<br>DC Bar No. 415793<br>United States Attorney<br><br>DANIEL F. VAN HORN<br>DC Bar No. 924092<br>Chief, Civil Division<br><br>*By: /s/ W. Mark Nebeker*<br>W. MARK NEBEKER, DC Bar No. 396739 |

Facsimile: (860) 882-1682

GUPTA WESSLER PLLC

Deepak Gupta, Esq.
deepak@guptawessler.com
Jonathan E. Taylor
jon@guptawessler.com
1735 20th Street, NW
Washington, DC  20009
Telephone:  (202) 888-1741
Facsimile:  (202) 888-7792

*Counsel for Plaintiffs and the Class*

Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2536
mark.nebeker@usdoj.gov

*Counsel for Defendant*

 

Finding good cause, the parties' Consent Motion for Entry of Stipulated Protective Order is **GRANTED**.

**IT IS SO APPROVED AND ORDERED.**

Dated: _____        _____
                            The Honorable Ellen Segal Huvelle
                            United States District Judge