UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM , et al
    Plaintiffs
v.
UNITED STATES OF AMERICA
    Defendant(s)

CASE NO. 16-745-ESH
J: Ellen Huvelle

------------------------------------

# PETITIONER'S, AS A LIMITED CLASS MEMBER AND AMICUS, MOTION FOR LEAVE TO FILE AMICUS CURIAE QUALIFYING COMPLAINT AND SETTLEMENT AND TO APPEAR TELEPHONICALLY AT THE NEXT RELEVANT HEARING

COMES NOW, Petitioner Don Kozich (Kozich), pro se, as a Limited Class Member and Amicus (Friend of Court0, who files his Motion for Leave to File Amicus Curiae Qualifying Complaint and Settlement pursuant to Fed.R.App.P. 29 and 37, and LCvR 7(o), and to Appear Telephonically at the Next Relevant Hearing, and states,

1. The complaint and any pending settlement are limited in scope and appear to address only those PACER users who have actually paid PACER user fees but do not address those PACER users who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into collection, or all.



1

2. Kozich is before this court as a Limited Class Member and Amicus:

   a. As a class member because he utilized and paid excessive PACER user fees during the relevant time.

   b. As a limited class member and amicus because PACER closed his account and put it into collection because he has an outstanding balance of $354.60 plus $94.26 in collection fees for a total of $448.86 (Exhibit "A") owed to PACER resulting from PACER overcharging on its fees, and not allowing free looks and copy and paste to pro se persons while allowing attorneys free looks and free copy and paste (Exhibit "B").

3. Pursuant to LCvR 7(o):

   a. **The Nature of Kozich's interest:** The complaint and any pending settlement are limited in scope and appear to address only those PACER users who have actually paid PACER user fees but do not address those PACER users who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into collection, or all

   b. **Identifying the Party(ies) Supported:** Kozich supports the Plaintiffs to the extent they seeking damages for excessive fees paid by PACER users.

c. **Reason(s) Why an Amicus is Desirable:** The complaint and any pending settlement are limited in scope and appear to address only those PACER users who have actually paid PACER user fees but do not address those PACER users who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into collection, or all

d. **Reason(s) Why Kozich's And Similarly Situated Persons' Position are Not Adequately Represented by a Party:** The complaint and any pending settlement are limited in scope and appear to address only those PACER users who have actually paid PACER user fees but do not address those PACER users who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into collection, or all

e. **Reason(s) Why the Matters Asserted Are Relevant to the Disposition of the Case:** The case cannot be fully and fairly adjudicated without including those PACER users who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into collection, or all

f. **Statement of Position of Each Party As to the Amicus:** All parties are opposed to the Amicus. The Plaintiffs because it requires the Plaintiffs to

open the class to PACER users who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into collection, or all. The Defendant naturally because opening the class to include users who have **not** paid the excessive PACER fees opens the Defendant to higher damages.

**4. Motion to Appear Telephonically:**

a. Kozich is before this court pro se and IFP, and resides in Fort Lauderdale, FL.

b. Kozich requests telephonic appearance to explain, clarify and answer any questions that the court may have regarding the facts and circumstance surrounding PACER fees.

**WHEREFORE**, Kozich respectfully requests an order of court,

1. Granting this Motion for Leave to File Amicus Curiae Qualifying Complaint and Settlement pursuant to Fed.R.App.P. 29 and 37, and LCvR 7(o), and to Appear Telephonically at the Next Relevant Hearing.

2. Or such further and other relief the court deems just and equitable.

I HEREBY CERTIFY that the foregoing was filed with the court and a copy served to all parties on July 17, 2017.

Don Kozich, Class Member and Amicus
PO Box 2032
Fort Lauderdale, FL 33303-2032
954.709.0537
dtkctr@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the following was served on all counsel or parties of record attached.

_____
Don Kozich, Class Member and Amicus

# PACER Service Center

P.O. Box 71364 Philadelphia, PA 19176-1364

11/19/2015

## DELINQUENCY NOTICE

***3-DIGIT 333-DLQ T:49 F:27701 R:13359
DON KOZICH
DON KOZICH
619 No. Andrews Avenue, #408
FT LAUDERDALE, FL 33311-7447

Account Number:  2792766

Amount Past Due: $354.60

As of today, we have not received payment for an outstanding balance. If the payment has been remitted, please disregard this notice.

To make a payment by credit card, visit the PACER Service Center website at pacer.gov. The PACER Service Center accepts Visa, MasterCard, Discover, and American Express. You can also pay by check or money order. Write your account number on your check or money order and mail it to:

>   PACER Service Center
>   P.O. Box 71364
>   Philadelphia, PA 19176-1364

To check your account balance, review transaction details, or download a copy of your statement, go to pacer.gov. From the home page, select Manage My Account; then enter your username and password.

PACER is a service of the United States Judiciary. The PACER Service Center is managed by the Administrative Office of the United States Courts. Your outstanding debt is owed to the federal government and is subject to federal debt collection measures. These measures include, but are not limited to, referral to a private collection agency or the Department of the Treasury.

Please call the PACER Service Center at 800-676-6856 if you have questions regarding your account. Payment in full must be received by  12/07/2015  or further access to PACER will be denied.

This will be your only reminder.

>   Anna Marie Garcia
>   Chief, PACER Support Branch

Ex A
1/2

## Public Access to Court Electronic Records



don kozich <dtkctr@gmail.com>

## ACCOUNT NO. 2792766

**pacermail@psc.uscourts.gov** <pacermail@psc.uscourts.gov>  Thu, Jul 13, 2017 at 11:59 AM
To: don kozich <dtkctr@gmail.com>

The total due with collection fees is $448.86.

Thank you,
Judi

PACER Service Center
Phone: 210-301-6440
Toll Free: 800-676-6856
For Frequently Asked Questions: http://www.pacer.gov/psc/hfaq.html
For Account Information: https://www.pacer.gov/psco/cgi-bin/psclogin.pl

From:     don kozich <dtkctr@gmail.com>
To:       pacermail@psc.uscourts.gov
Date:     07/13/2017 10:04 AM
Subject:  Re: ACCOUNT NO. 2792766

[Quoted text hidden]

Ex A 2/2

- Rising Stars
- Trial Aces
- Site Menu
- Join the Law360 team
- Search legal jobs
- Learn more about Law360
- Read testimonials
- Contact Law360
- Sign up for our newsletters
- Site Map
- Help

Supreme Court Term In Review
Click Here For Full Coverage

# Pacer User Says Billing Error Causes Overcharges

By Dani Meyer

Law360, New York (January 5, 2016, 1:52 PM EST) -- A glitch in the Public Access to Court Electronic Records billing system is causing it to overcharge users accessing certain docket reports, according to a proposed class action filed in the U.S. Court of Federal Claims.

Pacer is only supposed to charge 10 cents for each page of a docket report up to a maximum charge of $3 per transaction, but Bryndon Fisher alleged in his Dec. 28 complaint that users are systematically overcharged because of an error in Pacer's billing system that miscalculates the number of extracted bytes in certain docket reports accessed in the default HTML format.

"Plaintiff's investigation determined that the source of this overcharge lies in the case caption, the portion of a docket report that contains basic information about a case (e.g., the case number, parties and attorneys of record). Instead of counting the number bytes in the case caption once, Pacer actually counts these bytes approximately five times," Fisher said.

Pacer, a service that allows users to obtain federal case and docket information online, displays docket reports in HTML format by default, according to the complaint.

In order to determine the number of billable pages, Pacer uses a formula based on the number of bytes in a docket to calculate the number of billable pages. One billable page is 4,320 extracted bytes.

But an investigation into Pacer's billing practices by Fisher's counsel revealed that Pacer actually miscalculates the number of extracted bytes, resulting in an overcharge for accessing the docket reports.

"If a user accesses an HTML docket report, and the case caption for that docket is more than 850 characters, the systemic billing error manifests itself. This is because when the caption contains 850 or more characters, the caption contains enough bytes that when overcounted by five times, it triggers at least one additional $0.10 charge to the user," Fisher said.

During the past two years, Fisher has accessed 184 court docket reports and was charged a total of $109.40, according to the complaint. But based on the formula laid out by Pacer, Fisher should have been charged only $72.40.

Ex B 1/2

resulting in a $37 overcharge.

Fisher said that the Pacer system used in the U.S. district courts, U.S. bankruptcy courts and the U.S. Court of Federal Claims is affected by the billing error.

He seeks the certification of a class of all Pacer users in the last six years who were overcharged for at least one docket report in HTML format that has a case caption of 850 or more characters.

The suit asserts claims for breach of contract and illegal exaction and asks for compensatory damages and any other damages authorized by the court, prejudgment and post-judgment interest and attorneys' fees and costs.

A representative for Fisher declined to comment on Tuesday, and representatives for Pacer didn't immediately respond to a request for comment.

Fisher is represented by Noah M. Schubert, Robert C. Schubert and Miranda P. Kolbe of Schubert Jonckheer & Kolbe LLP.

Counsel information for the government wasn't immediately available on Tuesday.

The case is Fisher v. The United States of America, case number 1:15-cv-01575, in the U.S. Court of Federal Claims.

--Editing by Stephen Berg.

View comments

## Law360: Get Ahead of the Curve

from Law360

01:25

- Add to Briefcase
- Printable Version
- Rights/Reprints
- Editorial Contacts

## Documents

- Complaint

## Related

**Sections**



Ex B 2/2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM , et al
    Plaintiffs
v.
UNITED STATES OF AMERICA
    Defendant(s)

CASE NO. 16-745-ESH
J: Ellen Huvelle

----------------------------------

SERVICE LIST: EFF: 170714        CERTIFICATE OF SERVICE

deepak@guptawessler.com; jon@guptawessler.com; michael.kirkpatrick@law.georgetown.edu; bnarwold@motleyrice.com; mark.nebeker@usdoj.gov

Deepak Gupta
Jonathan E. Taylor
Gupta Wessler PLLC
1735 20th Stree NW
Washington DC 2009
Ph 202.88.1741
Fax 202.888.7792
deepak@guptawessler.com
jon@guptawessler.com

Michael T. Kirkpatrick
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, Suite 312
Washington DC 20001
Ph 202.662.9535
Fax 202.662.9634
michael.kirkpatrick@law.georgetown.edu

William Narwold
Motley Rice LLC
3333 K Street NW, Suite 450
Washington DC 2007
Ph 202.232.5504
Fax 202.232.5513
bnarwold@motleyrice.com

W. Mark Nebeker
Assistant US Attorney
555 4th Street NW
Washington DC 20530
Ph 202.252.2536
mark.nebeker@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL  
SERVICES PROGRAM , et al  
    Plaintiffs  
v.  
UNITED STATES OF AMERICA  
    Defendant(s)

CASE NO. 16-745-ESH  
J: Ellen Huvelle

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

EFF: 170714

Alliance for Justice

Attorney General of the United States

Georgetown University Law Center

Gupta Deepak

Gupta Wessler PLLC

Institute for Public Representation

Kirkpatrick Michael T.

Motley Rice LLC

Narwold William

National Consumer Law Center

National Veterans Legal Services Program

Nebeker W. Mark

Taylor Jonathan E.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL　　　　　　　　CASE NO. 16-745-ESH
SERVICES PROGRAM , et al　　　　　　　　　J: Ellen Huvelle
　　Plaintiffs
v.
UNITED STATES OF AMERICA
　　Defendant(s)

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

United States Attorney

　　I HEREBY CERTIFY that the foregoing was filed with the court and a copy served to all Parties on ___7/14___, 2017.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Don Kozich, Petitioner/Amicus
　　　　　　　　　　　　　　　　　　　　　PO Box 2032
　　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33303-2032
　　　　　　　　　　　　　　　　　　　　　954.709.0537
　　　　　　　　　　　　　　　　　　　　　dtkctr@gmail.com