# EXHIBIT D

# Calendar No. 439

| 107TH CONGRESS 2d Session | SENATE | REPORT 107–174 |
|---|---|---|

# E-GOVERNMENT ACT OF 2001

# R E P O R T

OF THE

## COMMITTEE ON GOVERNMENTAL AFFAIRS UNITED STATES SENATE

TO ACCOMPANY

## S. 803

TO ENHANCE THE MANAGEMENT AND PROMOTION OF ELECTRONIC GOVERNMENT SERVICES AND PROCESSES BY ESTABLISHING A FEDERAL CHIEF INFORMATION OFFICER WITHIN THE OFFICE OF MANAGEMENT AND BUDGET, AND BY ESTABLISHING A BROAD FRAMEWORK OF MEASURES THAT REQUIRE USING INTERNET-BASED INFORMATION TECHNOLOGY TO ENHANCE CITIZEN ACCESS TO GOVERNMENT INFORMATION AND SERVICES, AND FOR OTHER PURPOSES



JUNE 24, 2002.—Ordered to be printed

U.S. GOVERNMENT PRINTING OFFICE
99–010         WASHINGTON : 2002

COMMITTEE ON GOVERNMENTAL AFFAIRS

JOSEPH I. LIEBERMAN, Connecticut, Chairman

| | |
|---|---|
| CARL LEVIN, Michigan | FRED THOMPSON, Tennessee |
| DANIEL K. AKAKA, Hawaii | TED STEVENS, Alaska |
| RICHARD J. DURBIN, Illinois | SUSAN M. COLLINS, Maine |
| ROBERT G. TORRICELLI, New Jersey | GEORGE V. VOINOVICH, Ohio |
| MAX CLELAND, Georgia, | THAD COCHRAN, Mississippi |
| THOMAS R. CARPER, Delaware | ROBERT F. BENNETT, Utah |
| JEAN CARNAHAN, Missouri | JIM BUNNING, Kentucky |
| MARK DAYTON, Minnesota | PETER G. FITZGERALD, Illinois |

JOYCE A. RECHTSCHAFFEN, *Staff Director and Counsel*
KEVIN J. LANDY, *Counsel*
RICHARD A. HERTLING, *Minority Staff Director*
ELLEN B. BROWN, *Minority Senior Counsel*
MORGAN P. MUCHNICK, *Minority Professional Staff Member*
DARLA D. CASSELL, *Chief Clerk*

**Calendar No. 439**

| 107TH CONGRESS | | REPORT |
|---|---|---|
| 2d Session | SENATE | 107–174 |

# E-GOVERNMENT ACT OF 2001

JUNE 24, 2002.—Ordered to be printed

Mr. LIEBERMAN, from the Committee on Governmental Affairs, submitted the following

# R E P O R T

[To accompany S. 803]

The Committee on Governmental Affairs, to whom was referred the bill (S. 803) to enhance the management and promotion of electronic Government services and processes by establishing a Federal Chief Information Officer within the Office of Management and Budget, and by establishing a broad framework of measures that require using Internet-based information technology to enhance citizen access to Government information and services, and for other purposes, reports favorably thereon with an amendment and an amendment to the title and recommends that the bill as amended do pass.

## CONTENTS

|  | Page |
|---|---|
| I. Purpose and Summary | 1 |
| II. Background and Need for Legislation | 4 |
| III. Legislative History | 9 |
| IV. Section-by-Section Analysis | 14 |
| V. Regulatory Impact | 36 |
| VI. CBO Cost Estimate | 36 |
| VII. Changes to Existing Law | 38 |

## I. PURPOSE AND SUMMARY

S. 803 is a bipartisan bill to enhance the management and promotion of electronic government services and processes. The bill establishes an Office of Electronic Government within the Office of Management and Budget (OMB); it also establishes a broad framework of measures that require using Internet applications and other information technologies to enhance access to Government information and services and to boost the effectiveness and efficiency

nature compatibility, or for other purposes consistent with the section.

The term electronic signatures is defined in the Government Paperwork Elimination Act as "a method of signing a message that— (A) identifies and authenticates a particular person as the source of the electronic message; and (B) indicates such person's approval of the information contained in the electronic message." (Public Law 105–277, Section 1710) A digital signature is one type of electronic signature, often involving the use of trusted third parties. The federal bridge certification authority has recently begun limited operations. The federal bridge certification authority can be a unifying element to link otherwise unconnected agency certification authorities.

*Section 204. Federal Internet portal*

This section authorizes the development of an integrated Internet-based system, a Federal Internet portal, to provide the public with consolidated access to government information and services from a single point, organized according to function, topic and the needs of the public rather than agency jurisdiction. Increasingly, the Federal portal should be able to include access to information and services provided by state, local and tribal governments. The portal will continue to improve upon FirstGov.gov, which is administered by the General Services Administration. The Administrator of the Office of Electronic Government will assist the Director by overseeing the work of the General Services Administration and other agencies in maintaining, improving, and promoting the portal. The bill authorizes $15,000,000 to be appropriated in fiscal year 2003 for the maintenance, improvement, and promotion of the portal, and such sums as are necessary for the subsequent four years.

The Committee intends that access to information on a portal web site be consistent with existing laws and policies on privacy. Portal web sites maintained by Federal agencies should only allow access to information on individuals if such access fully complies with privacy protections under existing law and policy.

*Section 205. Federal courts*

Section 205 requires federal courts to provide greater access to judicial information over the Internet. Greater access to judicial information enhances opportunities for the public to become educated about their legal system and to research case-law, and it improves access to the court system. The mandates contained in section 205 are not absolute, however. Any court is authorized to defer compliance with the requirements of this section, and the Judicial Conference of the United States is authorized to promulgate rules to protect privacy and security concerns.

Subsections 205(a) through (c) require the Supreme Court, each circuit court, each district court, and each bankruptcy court of a district to establish a website that would include public information such as location and contact information for courthouses, local rules and standing orders of the court, docket information for each case, and access to written opinions issued by the court, in a text searchable format. Documents filed electronically, and those converted to electronic form, shall also be made available, except that

23

documents not otherwise available to the public shall not be made available online. Under subsection 205(c)(3), the Judicial Conference of the United States may promulgate rules to protect important privacy and security concerns.

Under subsection 205(f), courts are required to establish websites within two years, and to establish access to electronically filed documents within four years. Subsection 205(g) authorizes any court or district to defer compliance with any requirement of section 205 by submitting a notification to the Administrative Office of the United States Courts stating the reasons for the deferral and the alternative methods the court is using to provide greater public access to court information. Every year, the Administrative Office will submit to Congress a report that summarizes and evaluates all notifications it has received in the previous year. The Committee does not intend that the deferral provision will allow courts to avoid their obligations under this section indefinitely. Rather, the Committee recognizes that some courts may have a difficult time meeting the prescribed deadlines, and intends to provide flexibility for courts with different circumstances.

Subsection 205(d) directs the Judicial Conference of the United States to explore the feasibility of technology to post online dockets with links allowing all filings, decisions, and rulings in a given case to be obtained from the docket sheet of that case.

Subsection 205(e) amends existing law regarding the fees that the Judicial Conference prescribes for access to electronic information. In the Judiciary Appropriations Act of 1992, Congress provided that "[t]he Judicial Conference shall hereafter prescribe reasonable fees * * * for collection by the courts * * * for access to information available through automatic data processing equipment." Subsection 205(e) amends this sentence to read, "[t]he judicial conference may, only to the extent necessary, prescribe reasonable fees * * * for collection by the courts * * * for access to information available through automatic data processing equipment." The Committee intends to encourage the Judicial Conference to move from a fee structure in which electronic docketing systems are supported primarily by user fees to a fee structure in which this information is freely available to the greatest extent possible. For example, the Administrative Office of the United States Courts operates an electronic public access service, known as PACER, that allows users to obtain case and docket information from Federal Appellate, District and Bankruptcy courts, and from the U.S. Party/Case Index. Pursuant to existing law, users of PACER are charged fees that are higher than the marginal cost of disseminating the information.

*Section 206. Regulatory agencies*

Electronic Government holds particular promise in the area of enhancing public participation in administrative regulatory processes. Regulatory agencies vary widely in the degree to which they use information technology to disseminate information about regulations, inform the public of opportunities to participate, and facilitate the receipt of public comments.[32] Section 206 will improve per-

---

[32] See "Federal Rulemaking: Agencies' Use of Information Technology to Facilitate Public Participation," General Accounting Office, B–284527, June 30, 2000.