# EXHIBIT E



LEONIDAS RALPH MECHAM
Director

CLARENCE A. LEE, JR.
Associate Director

ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS

WASHINGTON, D.C. 20544

October 21, 2004

**MEMORANDUM TO:**   CHIEF JUDGES, UNITED STATES COURTS
　　　　　　　　　　　CLERKS, UNITED STATES COURTS

**SUBJECT:**   Electronic Public Access (EPA) Fee Schedule Change (INFORMATION)

　　　　The Judicial Conference, at its September 21, 2004 session, amended the language of Section I of the Electronic Public Access Fee Schedule for the appellate, district, and bankruptcy courts, the United States Court of Federal Claims, and the Judicial Panel on Multidistrict Litigation (adopted by the Judicial Conference pursuant to sections 1913, 1914, 1926, 1930, and 1932 of Title 28, United States Code).  The amendment increases the PACER Internet access fee from seven cents per page to eight cents per page.

　　　　This increase is predicated upon Congressional guidance that the judiciary is expected to use PACER fee revenue to fund CM/ECF operations and maintenance.  The fee increase will enable the judiciary to continue to fully fund the Electronic Public Access Program, in addition to CM/ECF implementation costs until the system is fully deployed throughout the judiciary and its currently defined operations and maintenance costs thereafter.

　　　　The fee increase will be **effective on January 1, 2005**.  CM/ECF software, which includes the necessary changes to implement the fee increase, will be provided to the courts in mid-November.  All courts must install this software release by the end of the calendar year to effect the increase on January 1, 2005.  A copy of the new EPA Fee Schedule is attached.

A TRADITION OF SERVICE TO THE FEDERAL JUDICIARY

EPA Fee Schedule Change                                                                 Page 2

      If you have any questions on these matters, please contact Mary M. Stickney, Chief of the EPA Program Office via email at *Mary Stickney/DCA/AO/USCOURTS* or Susan Del Monte, EPA Program Attorney-Advisor via email at *Susan Del Monte/DCA/AO/USCOURTS* or we may be contacted in the Office of Court Administration at (202) 502-1500.

                Leonidas Ralph Mecham
                Director

Attachment

cc:    Circuit Executives
       District Court Executives
       Clerks, Bankruptcy Appellate Panels

**ELECTRONIC PUBLIC ACCESS FEE SCHEDULE**    (eff. 1/1/05)

As directed by Congress, the Judicial Conference has determined that the following fees are necessary to reimburse expenses incurred by the judiciary in providing electronic public access to court records.  These fees shall apply to the United States unless otherwise stated.  No fees under this schedule shall be charged to federal agencies or programs which are funded from judiciary appropriations, including, but not limited to, agencies, organizations, and individuals providing services authorized by the Criminal Justice Act, 18 U.S.C. § 3006A, and bankruptcy administrator programs.

I.    For electronic access to court data via dial up service: sixty cents per minute. For electronic access to court data via a federal judiciary Internet site: eight cents per page, with the total for any document, docket sheet, or case-specific report not to exceed the fee for thirty pages– provided however that transcripts of federal court proceedings shall not be subject to the thirty-page fee limit.  Attorneys of record and parties in a case (including *pro se* litigants) receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer.  No fee is owed under this provision until an account holder accrues charges of more than $10 in a calendar year.  Consistent with Judicial Conference policy, courts may, upon a showing of cause, exempt indigents, bankruptcy case trustees, individual researchers associated with educational institutions, courts, section 501(c)(3) not-for-profit organizations and pro bono ADR neutrals from payment of these fees.  Courts must find that parties from the classes of persons or entities listed above seeking exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information.  Any user granted an exemption agrees not to sell for profit the data obtained as a result.  Exemptions may be granted for a definite period of time and may be revoked at the discretion of the court granting the exemption.

II.    For printing copies of any record or document accessed electronically at a public terminal in the courthouse: ten cents per page.  This fee shall apply to services rendered on behalf of the United States if the record requested is remotely available through electronic access.

III.    For every search of court records conducted by the PACER Service Center, $20.

**JUDICIAL CONFERENCE POLICY NOTES**

Courts should not exempt local, state or federal government agencies, members of the media, attorneys or others not members of one of the groups listed above. Exemptions should be granted as the exception, not the rule.  A court may not use this exemption language to exempt all users.  An exemption applies only to access related to the case or purpose for which it was given.

  The electronic public access fee applies to electronic court data viewed remotely from the public records of individual cases in the court, including filed documents and the docket sheet. Electronic court data may be viewed free at public terminals at the courthouse and courts may provide other local court information at no cost. Examples of information that can be provided at no cost include: local rules, court forms, news items, court calendars, opinions, and other information – such as court hours, court location, telephone listings – determined locally to benefit the public and the court.