**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NATIONAL VETERANS LEGAL
SERVICES PROGRAM, et al.,

      Plaintiffs,

      v.

UNITED STATES OF AMERICA,

      Defendant.

Civil Action No. 16-745 (ESH)

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND [PROPOSED] *AMICI CURIAE* BRIEF OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND 17 MEDIA ORGANIZATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY**

---

                         Bruce D. Brown (D.C. Bar No. 457317)
                         *Counsel of record for Amicus Curiae*
                         Caitlin Vogus (D.C. Bar No. 988826)
                         REPORTERS COMMITTEE FOR
                             FREEDOM OF THE PRESS
                         1156 15th Street NW, Ste. 1250
                         Washington, D.C. 20005
                         (202) 795-9301

**INTRODUCTION**

Pursuant to Local Civ. Rule 7(o)(1)–(2), the Reporters Committee for Freedom of the Press and 17 other news media organizations (collectively, the "News Media Movants") respectfully move for leave to file the attached brief in support of Plaintiffs as *amici curiae* in the above captioned case.  The other organizations are:  American Society of News Editors, Associated Press Media Editors, Association of Alternative Newsmedia, The Center for Investigative Reporting, First Amendment Coalition, First Look Media Works, Inc., International Documentary Assn., Investigative Reporting Workshop at American University, The Media Consortium, MPA - The Association of Magazine Media, National Press Photographers Association, Online News Association, Radio Television Digital News Association, Reporters Without Borders, The Seattle Times Company, Society of Professional Journalists, and Tully Center for Free Speech.

Plaintiffs consent to the filing of this brief.  Defendant takes no position on the News Media Movants' request for consent to file this brief.

**ARGUMENT**

I. **The News Media Movants can offer timely, useful, and unique information to the Court.**

District courts have inherent authority, derived from Federal Rule of Appellate Procedure 29, to allow participation as *amicus curiae*.  *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (quoting *Smith v. Chrysler Fin. Co., L.L.C.*, No. Civ.A. 00-6003(DMC), 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003)).  In deciding whether to grant a third party leave to file an amicus curiae brief, the Court's discretion is "broad."  *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007).

"Generally, 'a court may grant leave to appear as an *amicus* if the information offered is timely and useful.'" *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (quoting *Waste Mgmt. of Pa., Inc. v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (internal quotation omitted)). And, an *amicus* brief should be allowed "'when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). Moreover, "[t]he filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Northern Mariana Islands v. United States*, Civil Action No. 08-1572(PLF), 2009 WL 596986, at *3-4 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003)).

The News Media Movants have a strong interest in upholding First Amendment principles that impact the news media. This case concerns the ability of the press and public to access to court records. Reporters rely on access to court records to understand the facts and arguments of a case so that they can accurately convey that information to the public. Public Access to Court Electronic Records system ("PACER") fees in excess of those permitted by law hinder and in some cases may prevent journalists from accessing these records. Facing significant financial stress, both established news organizations as well as smaller news outlets and freelance reporters are impacted by higher PACER fees. Thus, the resolution of this case will affect reporters' ability to access these essential primary documents in order to inform the public about matters of public concern.

The News Media Movants will present arguments and insights that are not found in the parties' briefs and are especially relevant to the Court's disposition of this case. The News

Media Movants will provide important context by explaining how the news media and the public benefit from ready access to court documents. The News Media Movants will also illuminate the First Amendment interests that underlay the statutory requirement that PACER fees be reasonable and no greater than necessary. Finally, the News Media Movants will describe the extensive negative effects that excessive PACER fees have on the news media and its ability to serve the public. Because each of these arguments is timely, useful, and unique, the Court should grant the News Media Movants permission to file the attached brief of *amici curiae*.

II.    **The News Media Movants potential membership in the class does not preclude the Court from granting their motion for leave to file their brief.**

Many of the News Media Movants paid fees for the use of PACER between April 21, 2010, and April 21, 2016 and thus fall within the class certified by this Court. *See* Order, *Nat'l Veterans Legal Servs. Program, et al. v. United States*, 1:16-cv-00745-ESH (D.D.C. Jan. 24, 2017), ECF No. 32. However, the News Media Movants should still be permitted to file their brief because the Court should not consider them parties for the purpose of the filing of an *amici* brief. "Nonnamed class members … may be parties for some purposes and not for others. The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002) (holding that nonnamed class members who object in timely manner to approval of settlement at fairness hearing can bring appeal without first intervening).

For the purpose of filing this brief, the News Media Movants serve "as 'friend[s] of the court,' . . . [and do] not represent the parties but participate[] only for the benefit of the Court.'" *Cobell*, 246 F. Supp. 2d at 62 (granting leave to file *amicus* brief by one entity representing many Native American tribes and presenting unique arguments but denying leave to file *amicus* brief

by entity representing only a single Native American tribe that had filed its own independent civil action against defendants) (quoting *United States v. Microsoft Corp.*, No. Civ.A.98-1232(CKK), 2002 WL 319366 (D.D.C. Feb. 28, 2002)).  As members of the news media or organizations who advance the interests of journalists and the press, the News Media Movants seek to inform the Court of their independent insight into the effect of excessive PACER fees on the news media's ability to accurately convey information to the public, and, as noted above, will provide unique information and arguments that have not been presented by Plaintiffs. Accordingly, the Court should not deny News Media Movants' motion to participate as *amici* based on their payment of PACER fees between April 21, 2010, and April 21, 2016.

## CONCLUSION

For the foregoing reasons, the News Media Movants respectfully request that this motion for leave to file the accompanying brief be granted.

Dated: September 5, 2017

/s/ *Bruce D. Brown*
Bruce D. Brown (D.C. Bar No. 457317)
*Counsel for Amici Curiae*
THE REPORTERS COMMITTEE
    FOR FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310
Email: bbrown@rcfp.org

Case 1:16-cv-00745-ESH   Document 53   Filed 09/05/17   Page 6 of 6

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2017, I electronically filed the foregoing document with United States Court for the District of Columbia by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF filers and that they will be served through the CM/ECF system to parties.

Dated: September 5, 2017

/s/ Bruce D. Brown
*Counsel for Amici Curiae*