**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 16-745-ESH |

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF AND PROPOSED *AMICI CURIAE* BRIEF OF THE AMERICAN ASSOCIATION OF LAW LIBRARIES, *ET AL.* IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

---

                                          Sasha Samberg-Champion
                                          (D.C. Bar No. 1026113)
                                          Stephen M. Dane
                                          (DC Bar No. 982046)
                                          RELMAN, DANE & COLFAX PLLC
                                          1225 19th Street, N.W., Suite 600
                                          Washington, D.C. 20036
                                          (202) 728-1888
                                          (202) 728-0848 (fax)
                                          ssamberg-champion@relmanlaw.com
                                          Counsel for *Amici Curiae*

## INTRODUCTION

Pursuant to Local Civil Rule 7(o), the American Association of Law Libraries and four legal scholars with an interest in the subject matter of this case respectfully move for leave to file the attached brief as *amici curiae* in support of Plaintiffs' motion for summary judgment.

Plaintiffs consent to the filing of this brief. Counsel for proposed *amici curiae* advised Defendant's counsel of their intent to file this brief and has received no response.

## ARGUMENT

**I.    Movants have an interest in this matter**

Movants have a strong interest in this Court ruling consistent with the Plaintiffs' position that current PACER fees are unreasonable such that they do not conform to the requirements of the E-Government Act of 2002. As set forth in greater detail in the attached brief, Movants are dedicated to studying or increasing public understanding of court documents and proceedings. High PACER fees frustrate their mission.

For example, the American Association of Law Libraries represents nearly 4,500 law librarians and other legal information professionals who are committed to providing people timely access to relevant legal information. The need to ration PACER use to conserve money makes it harder for them to do this job. The AALL helped draft the statutory provision at issue on this motion in order to remedy that problem, and has since worked closely with the Administrative Office of the U.S. Courts to make various judicial documents more readily available to the public.

The four legal scholars similarly engage in activities that are hampered by excessive PACER fees, as described in detail in the attached brief. These scholars and the institutions with which they are affiliated build innovative systems for using technology to access, teach, and

practice the law. They also study societal issues and contribute to jurisprudential development by examining the legal record in ways that would be made easier by greater access to PACER records. Several of them also lead clinical work where, again, they confront limitations caused by excessive PACER fees.

## II.     Movants' proposed brief satisfies the requirements of Local Rule 7(o)(2)

Movants' proposed brief presents arguments and information that are not found in the parties' briefs and that are timely and relevant to the question of what are reasonable PACER fees. In particular, the Movants' proposed brief describes specific ways in which PACER fees that are far higher than required to recoup the marginal cost of downloading documents have harmful effects extending beyond the damage done to individual PACER users who are overcharged. Bloated PACER fees also disserve the public interest by preventing or making more difficult vital work by libraries and scholars.

For example, the proposed brief describes how PACER fees make it difficult for scholars to rigorously study vast numbers of pleadings and decisions to ascertain the practical effects of the Supreme Court's *Iqbal* and *Twombly* decisions, even though the Judicial Conference has made clear that such study is necessary to evaluate whether legislation to alter these decisions is warranted.  In considering whether current fees are reasonable, this Court may find relevant the kinds of beneficial and creative uses that those fees are precluding.

This motion is timely made in accordance with the timetable specified in Federal Rule of Appellate Procedure 29 (which this Court's Local Rules incorporate by reference). Specifically, it is made within 7 days of the filing of Plaintiffs' motion for summary judgment, consistent with the treatment of a holiday under Fed. R. Civ. P. 6(a)(1)(C). Consideration of this motion and the attached brief will not unduly delay this Court's ability to rule on the matter.

**<u>CONCLUSION</u>**

For the foregoing reasons, Movants respectfully request that this motion for leave to file the accompanying brief be granted.

Dated: September 5, 2017

/s/ Sasha Samberg-Champion
Sasha Samberg-Champion
(DC Bar No. 1026113)
Stephen M. Dane
(DC Bar No. 982046)
RELMAN, DANE & COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Tel: (202) 728-1888
Fax: (202) 728-0848
ssamberg-champion@relmanlaw.com
Counsel for *Amici Curiae*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2017, I electronically filed the foregoing document with United States Court for the District of Columbia by using the CM/ECF system. I certify that all parties or their counsel of record are registered as ECF filers and that they will be served through the CM/ECF system.

      Dated: September 5, 2017

      /s/ Sasha Samberg-Champion
      Counsel for *Amici Curiae*