UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL      CASE NO. 16-745-ESH
SERVICES PROGRAM, et al     J: Ellen Huvelle
    Plaintiffs
v.
UNITED STATES OF AMERICA
    Defendant(s)
------------------------------

**PETITIONER'S MOTION FOR RECONSIDERATION OF OCTOBER 17, 2017 ORDER [ECF 68] DENYING PETITIONER'S MOTION FOR CLARIFICATION OF SEPTEMBER 13, 2017 ORDER [ECF 67] AND DENYING PETITIONER'S MOTION TO FILE AMICUS CURIAE [ECF 49]**

COMES NOW, the Petitioner, Don Kozich (Kozich), who files this Motion for Reconsideration of October 17, 2017 Order [ECF 68] Denying Petitioner's Motion for Clarification of September 13, 2017 Order {ECF 67] and Denying Petitioner's Motion to File Amicus Curiae [ECF 49], and further states:

1. With its October 17, 2017 Order [ECF 68] the court acknowledged its inherent authority to appoint or deny amici.

2. However, with due respect the court is mistaken when it stated that "Kozich's interest as a class member are adequately represented by plaintiff's counsel."

3. With further due respect the court is reminded that in response to Kozich's motions [ECF 49, 64] and upon agreement with Kozich [ECF 65] class counsel only posted the docket for all to see including those who for one reason or another do not

1



have access to or have been cut off from utilizing PACER due to a delinquent PACER account because of PACER's overcharging.

4. Kozich is a retired disabled Vietnam era veteran living on fixed low income social security and VA pension.

5. In the Florida Court system, the public does not have to pay to see, review or copy the docket, the filed documents or the orders, and can electronically file documents utilizing the Florida E-PORTAL filing system.

6. Kozich is not an attorney and does not have access to the court's electronic court filing system (ECF). While Kozich had been receiving documents and orders via USPS snail mail, given the fast pace of the federal court system that notice procedure is much too slow. Therefore, Kozich had to subscribe to PACER in order to keep timely current on the docket, filings and orders relating to his federal cases.

7. As Kozich stated with his Motion for Leave to file Amicus Curiae [ECF 49] the complaint and any pending settlement are limited in scope and appear to address only those PACER users who have actually paid PACER user fees but do not address those PACER users who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into collection, or all.

8. Kozich is before this court as a limited class member and amicus because PACER closed his account and put it into collection because he has an outstanding

balance of $354.60 plus $94.26 for services of a private debt collector for a total of $448.86 (Exhibit "C") owed to PACER resulting from PACER overcharging on its fees, and not allowing free looks and copy and paste to pro se persons while allowing attorneys free looks and free copy and paste (Exhibit "B").

9. Back on July 10, 2015 Kozich received a $174.50 bill from PACER for the period from April 1, 2015 through June 30, 2015 reflecting his apparent usage from May 1, 2015 through June 30, 2015 (Exhibit "A"). Being that Kozich allegedly owed PACER $174.50 in fees for which PACER had overcharged him, PACER cut Kozich off from being able to utilize PACER.

10. Then on November 19, 2015 Kozich received the $448.76 bill including $94.26 collection fee for services of a private debt collector from PACER **for the same period** from April 1, 2015 through June 30, 2015 reflecting his apparent usage from May 1, 2015 through June 30, 2015 (Exhibit "C"). PACER was never able to adequately explain the increase in charges.

11. PACER requires that Kozich obtain an order waiving the fees and granting Kozich free access to PACER (Exhibit "B", pg. 2.). However the courts are not cooperative and have never granted Kozich waiver of PACER fees.

**WHEREFORE**, Kozich respectfully requests an order of court,

1. Granting this Motion for Reconsideration of October 17, 2017 Order [ECF 68] Denying Petitioner's Motion for Clarification of September 13, 2017 Order [ECF 67] and Denying Petitioner's Motion to File Amicus Curiae [ECF 49].

2. Granting Kozich leave to file a brief as amicus curiae.

3. Granting Kozich leave to serve his amicus curiae brief 10 days after the Plaintiffs' file their Reply to Defendant's Response to Plaintiffs' Motion for Summary Judgment as to Liability [ECF 52].

4. Or such further and other relief the court deems just and equitable.

I HEREBY CERTIFY that the foregoing was filed with the court on October 27, 2017.

| | |
|---|---|
| Jackie Francis Case Administrator<br>202.354.3174<br>202.354.3190 | Don Kozich, Class Member and Amicus<br>PO Box 2032<br>Fort Lauderdale, FL 33303-2032<br>954.709.0537<br>dtkctr@gmail.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel or parties of record in accordance with the Service List attached.

Don Kozich, Class Member and Amicus