IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL     }    No.: 1:16-cv-00745-ESH

SERVICES PROGRAM, et al.,      }

              Plaintiff's     }

                       }    MOTION

v.                      }    With BRIEFING

                       }

UNITED STATES OF AMERICA,

               Defendant's.

---

# PETITIONER'S VERIFIED MOTION

## WITH BRIEFING

---

Rosemarie Elizabeth Anne VIKARA-Howell

Pro Se Petitioner

9504 N.E. 5th Street

Vancouver, WA 98664-3307

(360) 953-0798

OCT 30 2017

U.S. D.

Verified MOTION With BRIEFING -

FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))

w/ attached CERTIFICATE OF SERVICE - 1

ROSE HOWELL

9504 N.E. 5th Street

Vancouver, WA  98664

(360) 953-0798

## Table of Contents

I.      IDENTITY OF PETITIONER: ...................................................................................... 3

II.     RELIEF SOUGHT: ................................................................................................ 3

III.    OBJECTION: ......................................................................................................... 7

IV.     DECISIONS & DENIALS OF REVIEW: ............................................................... 7

V.      ISSUES PRESENTED: ........................................................................................ 27

VI.     RELEVANT FACTS: ............................................................................................ 28

MESSAGE of Testimonial from the Petitioner, ......................................................... 36

VII.    ARGUMENT: ...................................................................................................... 43

A.      Petitioner Has Demonstrated Why Judgment As A Matter Of Law  Should Be Granted. .......... 49

B.      Petitioner Has Demonstrated Why This Court WRIT Jurisdiction Is  Necessary And Appropriate.
        55

C.      Petitioner Has Demonstrated Why Eliminating The Restraints Should  Be Accelerated ............... 59

D.      Petitioner Has Demonstrated Why The Pre-Existing Sovereignty Should  Be Granted ............. 64

E.      Petitioner Has Demonstrated Why This Court Should Grant Further  Relief. ............................. 66

VIII.   CONCLUSION: ................................................................................................... 67

IX.     AFFIRMATION: ................................................................................................. 67

CERTIFICATE OF SERVICE ................................................................................... 72

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 2

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

## I.     IDENTITY OF PETITIONER:

Petitioner, Rosemarie E. A. VIKARA-Howell, representing *pro se* **and** on behalf of Petitioner's ex-rel[1], on *cross-claim and counter-claim,* respectfully asks this Court to GRANT this Petitioner the relief sought "as a matter of law" in a just and speedy manner.

## II.     RELIEF SOUGHT:

1.)     GRANT "JUDGMENT AS A MATTER OF LAW" on all Issues presented[2] (APP. No.'s 1, 63-64[3]) in Petitioner's claims FRCP 50(a)(1)(B) *under the controlling law* of TITLE 48 RCW[4]. Making "all" Transfers[5] to Petitioner as cited

---

[1] *See*, APP. No. 2, at pgs. 2-4.

[2] *See*, APP. No.'s 1, 63-64.

[3] *See, e.g.*, Unlawful Restraints (APP. No.'s 4-37, 40-61) and grant of relief (APP. No's 1, 63-64, *ref.* No. 2). Controlling law of TITLE 48 RCW triggers APP. No. 11, 45, 49-51.

[4] *See, e.g.*, RCW 48.31.151, and RCW 48.31B.060, and RCW 48.30.015(2), and RCW 48.30.230, and those triggered under Washington Criminal Statute (RCW 9A.20, and RCW 9A.28, and RCW 9A.32, and RCW 9A.40, and RCW 9A.42, and RCW 9A.50, and RCW 9A.56, and RCW 9A.60, and RCW 9A.82, and RCW 9A.83).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 3

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

(APP. No.'s 1-2, 63-64) ***with immediate availability***[6] (emphasis added). <u>28 U.S.C.</u> <u>§1651</u>[7].

2.)     GRANT **"All"** WRITS <u>28 U.S.C. §1651</u> that are necessary and appropriate to: (1) tender satisfied (APP. No.'s 1, 63-64) complete[d] through transfer and *physical possession* "to" the Petitioner (various writs bring closure[8]) while curing the "frauds"[9] and "unlawful restraint(s)"[10]; and (2) secure the immediate **return**

---

[5] <u>28 U.S.C. §1651</u>. <u>RCW 48.99.010-.080</u> (*quoting,* <u>RCW 48.31B.060</u>, and <u>31 U.S.C. §9304</u>, §9705, and <u>RCW 48.30.230</u> (*quoting,* <u>31 U.S.C. §3729</u>, §3802)), and <u>RCW 6.17</u>, and <u>RCW 6.25</u>, and <u>RCW 6.26</u>, and <u>RCW 6.27</u>, and <u>RCW 6.32</u>, and <u>RCW 6.36</u>, and <u>RCW 6.40A</u>, and <u>RCW 6.44</u>.

[6] <u>28 U.S.C. §2243</u> (*quoting* <u>RCW 7.36..040</u>) (*quoting,* <u>VIII Amendment</u> "Cruel & Unusual Punishments Clause" of the U.S. Constitution; and <u>XIV Amendment, §I</u> "Due Process Clause" of the U.S. Constitution).

[7] <u>FRCP 58(a)(5)</u> (*quoting,* <u>FRCP 60</u>). APP. No.'s 3-62; and, <u>FRCP 50(a)(1)(B)</u> (*quoting,* <u>RCW 48.31.151</u>, and RCW 48.31B.060, and <u>RCW 48.30.015(2)</u>. APP. No.'s 1, 63-64.

[8] <u>FRCP 58</u> (<u>FRCP 54</u>, and <u>FRCP 50(a)(1)(B)</u> under <u>TITLE 48 RCW</u>).

[9] <u>FRCP 58(a)(5)</u> (<u>FRCP 60</u>).

[10] APP. No.'s 3-62, and.......

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 4

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

(unlawful custody[11] of person and property's)[12]. FRCP 6(b)(2) (28 U.S.C. §2243); and (3) close this matter "entirely" from the public, ""et al.""[13] while enforcing Petitioner's Privacy[14]; and (4) "take" whatever action is necessary to secure the *re-taking*[15] of (APP. No.'s 1, 63-64) **and** *that which is deemed* further just and equitable[16].

3.)     GRANT "All" the RESTRAINT(s) ""Eliminated"" by (1) *scrubbing the records* (APP. No.'s 1-62 (include, unknown); and (2) issue orders[17]; and (3) **grant**

---

[11] Petitioner is the Authority not the State or the Government (foreign or domestic).

[12] *Citing,* RCW 9A.40.020 and RCW 9A.40.060 (*quoting* RCW 7.36..020, .040, and 28 U.S.C. §§2254-55, §2243).

[13] Nothing should've ""ever"" been opened up to the public[.] 5 U.S.C. §552a; and IV Amendment "Privacy Clause" of the U.S. Const.; and Art. I, §7, of the Wash. Const. "Privacy Clause" (APP. No.'s 1-64).

[14] 5 U.S.C. §552a (*quoting,* IV Amendment of the U.S. Const.; and Art. I, §7, of the Washington State Const. "Privacy Provisions").

[15] RCW 48.31B.060 (*see also,* n. 5).

[16] APP. No. 1, at pg. 24. FRCP 58(a)(3) (FRCP 54).

[17] FRCP 58 (28 U.S.C. §1651).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 5

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

*the relief requested with transfers* (APP. No.'s 1, 63-64) in a very accelerated fashion[18]; and (3) issue *formal apologies*[19]. 28 U.S.C. §2243 (RCW 7.36.040).

4.)     RE-ESTABLISH and GRANT and ACKNOWLEDGE Petitioner's *pre-existing*[20] ""Sovereignty(s)""[21] which has always been a "protected" BIRTH right[22].

5.)     For Such Other Relief As The Court Deems Just and Equitable[23]. FRCP 60.

---

[18] FRCP 6(b)(2) (28 U.S.C. §§2254-55).

[19] FRCP 58(a)(5) (*citing*, FRCP 60). 28 U.S.C. §1651 (28 U.S.C. §2243). *Citing*, the VI Amendment "Just Speedy Clause" of the U.S. Constitution; and 18 U.S.C. §3161.

[20] *See*, APP. No. 2, at pgs. 2-5, n. 1-3.

[21] Sovereignty -
1.      Supremacy of authority or rule as exercised by a sovereign.
2.      Royal rank, authority, or power.
3.      Complete independence and self-government.
4.      A territory existing as an independent state (©The Free Dictionary by Farlex).

[22] *See*, APP. No. 1, at pgs. 10-12. Art. VI, Cl. 1 "Ex Post Facto Clause" of the United States Constitution ("pre-existing"); and IX Amendment "Enumeration of Rights Clause" of the U.S. Constitution ("cannot be denied or disparaged"); and BIRTH[r] rights IX Amendment "Rights Retained By The People Clause" of the U.S. Constitution ("protected rights retained at BIRTH").

[23] FRCP 55(d) (*citing*, 22 U.S.C. §2668(a)), and FRCP 54. *Quoting*, VIII Amendment "Cruel & Unusual Punishments Clause" of the U.S. Constitution (*quoting*, U.S. 5th, 6th, and 14th Amendment Substantive "Due Process Clause" of the U.S. Const.; and Art. I,

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 6

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

## III.   OBJECTION:

Petitioner **Objects** to "all" previous decision(s), *known or unknown* because, they are "all" are based upon the FRAUD(s) of deceptive "for-profit" *statutory* thieves (lacking credibility) and violated Just Speedy[24] giving way to manufactured intrusions that made for further damages. THEREFORE, "As A Matter Of Law" THIS COURTS **extra-ordinary WRITS** 28 U.S.C. §1651 are the sole remedy.

## IV.   DECISIONS & DENIALS OF REVIEW:

In October of 2017, Petitioner served "demand(s)" on the STATE Of WASHINGTON *consolidated with* the STATE Of OREGON (APP. No. 64), and on August 8, on the STATE Of CALIFORNIA (APP. No. 63). That was around the time of October 14, that Petitioner *discovered* that the Clark County Treasurer Office had **recorded** Judgments against Petitioner No. 1 on June 5, 2014 (APP. No.

---

§10, Cl. 1, "Contract Clause" of the U.S. Const. (*see,* APP. No. 2, at pgs. 32-33, n. 47). FRCP 60(b); and 18 U.S.C. §1962 (18 U.S.C. §§1958-59, and RCW 9A.28.010-.040 (*quoting,* 28 U.S.C. §2674¶2).

[24] *Quoting* 18 U.S.C. §3161, *quoting* the U.S. VI Amendment "Speedy Trial Clause" of the U.S. Constitution.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 7

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

47) which was after the Order of January 12, 2012 (APP. No. 49). Another

Judgment against Petitioner's No. 1-2 had *recorded* on June 30, 2009 (APP. No. 48) which was after the Order of September 18, 2008 (APP. No. 45). These

Judgments are after Liens (APP. No. 46) *recorded* in 1999, subsequent to

Petitioner No. 1 being "hit" and injured on March 3 of that same year, which

Satisfied[25] on June 15, and 18, of 2001 (APP. No. 46). These *recordings* were

made *without notice, or service, or* Petitioner's[26] participation (APP. No. 38 *ref:* No. 35, and No.'s 45, 52, 57). FRCP 60(b), (d).

On November 17, 2016, in Washington State Pierce County Superior Court, the ""Washington State AG, Bob Ferguson, et al."" issued a  SUBPOENA (APP.

---

[25] Those **Liens are Satisfied** (APP. No. 46) the same time Clark County, who had previously *been forced* to file bankruptcy (*quoting* 18 U.S.C. §§1960-68), began Un-Justly Enriching itself; and right after Petitioner's execution via licensed medical professionals had been determined which almost ended in tragedy November of 2003 (emphasis added). KEITH PLOTNER representative and spouse ARLIS PLOTNER acting attorney was SCOTT SWINDELL (APP. No. 44) who spoke to the Judge Woolard via telephone prior to wrongful Judgment and Order of Forefeiture (APP. No.'s 33, 34, 35 *ref.* 38), and who also had been a long time tenant on the SW Washington Medical Center Board previously St. Joseph Hospital.

[26] FRCP 60(d)(2-3) (*citing* FRCP 60(b), and FRCP 6(b)(2), and FRCP 50(a)(1)(B)) (*quoting* RCW 48.31.151).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 8

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

No. 3) demanding Petitioner's No. 1-2 appear on Tuesday November 22, at 11:00 AM[27]. **Right BEFORE** that hearing was scheduled to occur on November 21, a LETTER issued, *received email* (APP. No. 4) stating the hearing for November 22, had been CANCELLED that the matter had been resolved, although that's a false assumption (emphasis added). FRCP 60(b), (d).

> **PETITIONER,** filed petitions on July 14, 2017, in U.S. Dist CT. N. Georgia, No. 1:15-CV-01058; and on  July 17, in U.S. Dist. CT. Columbia, No. 1:16-CV-00745; and on August 20, in U.S. Dist. CT. Cent. California, West, No. 2:12-CV-08388; and on September 21, in U.S. Dist. CT. Cent. California, South, No. 8:16-CV-00278.

That Pierce County matter was in reference to the February 8, 2016, Clark County Superior Court matter *pre-determined* on or just after, Jan. 10-12, 2012[28] (APP. No. 49) that brought about Order(s) (APP. No. 5-6) and *incognito* "unlawful

---

[27] Petitioner's No. 1-2 did not attend as the clear ""instruction"" was that the hearing had been CANCELLED (*e.g.,* an under the table deal (FRCP 60(b)) on a matter WA AG, BOB FERGUSON, "'et al.'" have "no" authority whatsoever), *citing* RCW 9A.28.010-.040, and RCW 9A.40-.020, .040, .060, .102-.106, .110, .120, and RCW 9A.60.020, .040, .050, .060, .070, and RCW 9A.56.030, .120, .150, .310 (APP. No. 37), .320, .330, .400 (APP. No.'s 4-11)[.]

[28] RCW 48.30.230, triggering RCW 9A.28.010-.040 (APP. No. 49-51).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 9

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

restraint(s)"[29] with transports (APP. No. 7, and 10)[30], and although on October 26,

an Order of Dismissal (APP. No. 8-9) had issued, on November 2, the court issued

another Order of detainment (APP. No. 10). Sometime later, on June 30, 2017, a

Notice of Release (APP. No. 11)[31] had been filed *without notification* (discovered)

which again triggers Washington Insurance Statutes under <u>TITLE 48 RCW</u> to

---

[29] *See, e.g.*, APP. No. 2, at pg. 10, n. 9; and pgs. 27-29, n. 40-43; and pgs. 37-42, n. 54, 56-57). <u>Harris</u>, 495 U.S., at 19 (*quoting* <u>United States v. Crews</u>, 445 U.S. 463, 471, 100 S. Ct. 1244, 63 L. Ed.2d 537 (1980) (a product of illegal government activity).

[30] *See, e.g.*, <u>18 U.S.C. §241</u>; <u>§242</u>; <u>§872</u>; <u>§1201</u>, *and as such:*
**18 U.S.C. §872** - **EXTORTION** *by officers or employees* **of the United States:**
    Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such, under color or pretense of office or employment commits or attempts an act of extortion, shall be fined under this title or imprisoned not more than *three years, or both*; ......................;
**18 U.S.C. §1201** - **KIDNAPPING:**
    (a) Whoever *unlawfully seizes, confines*, inveigles, decoys, *kidnaps, abducts, or carries away and holds for ransom or reward* or otherwise any person, except in the case of a minor by the parent thereof, when -
        (1) the person is willfully transported.........or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;
    (d) Whoever attempts to violate subsection (a) *shall be punished by imprisonment for not more than twenty years*.

[31] <u>28 U.S.C. §2252</u>.

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 10

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

(APP. No.'s 1, 63-64). Nonetheless, the protracted "unlawful restraint(s)"[32] continue (28 U.S.C. §2254-55) *without cause.*

While the *above-stated commenced* on August 15, 2016, the United States Federal Claims Court issued an Opinion[33] (APP. No. 14) and an Order directing the Clerk to return Petitioner's July 11, submissions "un-filed" (APP. No. 13) and entered Judgment (APP. No. 12) pursuant to FRCP 58. Shortly thereafter, on September 13, the Court issued an Order Dismissing Petitioner's action (APP. No. 15) circumventing Petitioner's motions (filed & unfiled and post-judgment) without

---

[32] **18 U.S.C. §1203 - HOSTAGE TAKING:**
  (a) Except as provided in subsection (b) of this section, whoever, whether inside outside the United States, *seizes or detains* and threatens to kill, or injure, *or to continue to detain another person in order to compel a third person* or a government organization *to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained, or attempts or conspires to do so, shall be punished by imprisonment for any term of years or for life* and, *if the death of any person results, shall be punished by death or life imprisonment* (*see,* APP. No. 2, at pg. 28, n. 42; and pgs. 37-38, n. 54; and pgs. 39-40, n. 56; and pgs. 40-42, n. 57) (APP. No. 6-7, 10-11).

[33] Unworthy the Judiciary or the LAW (APP. No.'s 35, 38) (*citing* FRCP 60(d)(3)).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 11

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

consideration of the facts and/or controlling law[34]. FRCP 60. Shortly before this the Washington State Clark County Treasurer's Office had **recorded** Judgment (APP. No. 47) on June 5, 2014 *without service or notification or cause shown*.

> **PETITIONER** filed claim(s) on March 7, 2016, in the U.S. Federal Claims Court, paying a $400.00 filing fee on March 19, and on April 13, and 28, moves the Court to Join Parties accompanied with Affidavit, Memorandum, Findings and a separate Objection to the Defendants motion, and then on May 31, moves for Judgment which included Writs of Habeas Relief and Seizure, and on August 18 *post-judgment* with a pleadings and those pursuant RCFC 18(a).
>
> **THEN** on May 22, 2017, serves and files the Petitioner's ""Summary of "Demand(s)""" dated May 18, 2017 (APP. No. 1), and subsequently on September 15, mailed revised SS-4's to the Internal Revenue Service and LMHC (clearly stating "EXPEDITE").

BEFORE THAT, on January 28, 2013, the Washington State Court of Appeals, Div. II, issued a Certificate of Finality (APP. No. 16) certifying the Order Dismissing the Personal Restraint Petition of October 30, 2012 final as of

---

[34] FRCP 50(a)(1)(B), *quoting* TITLE 48 RCW *including*, RCW 48.31.151, and RCW 48.31B.060, and RCW 48.30.015(2).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 12

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

November 30 (APP. No. 17) which referenced the trial court decision's (APP. No.'s 33-37, 39-43, 53-60) and the court of appeals decision's (APP. No's 17, 30-31) and the administrative decision's (APP. No.'s 45, 49-51), but made no mention of the Mandates (APP. No.'s 21, 25) of September 24, 2012, and February 24, 2011, or the Order Denying Petitioner's Motion to Recall Mandate (APP. No. 24) of April 11, 2011, that are issues of personal restraint.

   **APPELLANT (Petitioner),** *collaterally attacks* previous agency orders, and trial court decisions, and appellate court decisions and mandates through an original appellate personal restraint petition filed in the Court of Appeals, Div. II, on July 27, 2012, with an existing appeal filed on August 26, 2011, on a related matter of restraint.

   On January 11, 2013, the Washington Supreme Court issued a Certificate of Finality (APP. No. 20), after its January 8, Order Denying Petitioner's Motion to Modify the Court Comm. Ruling (APP. No. 19). That Certificate of Finality referenced the Supreme Court Comm.'s Ruling of October 8, 2012 (APP. No. 18).

   **APPELLANT (Petitioner),** moves the Washington State Supreme Court to Modify the Court Commissioner's Ruling on October 29, 2012, in the above-mentioned personal restraint petition, and on

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 13

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

November 6, files an Objection to the Courts "Deferment" of Habeas Corpus, and on December 13, a Reply (Reply Brief) to the Answer to Motion to Modify.

On September 24, 2012, the Washington Court of Appeals, Div. II, issued Mandate (APP. No. 21) which appealed the trial court's *unfounded* Judgment's (APP. No.'s 33-34) of July 28, 11 subsequent to an Amended Information (APP. No. 35) on July 19, that resulted from the "unauthorized" "Taker(s)"[35] living right next door **at 9508**[36] N.E. 5th Street (APP. No. 38 *ref:* No. 35). That Mandate is based upon the State's failure to conduct an even adequate investigation into the Petitioner's Identity, its out-right abuse of the law, its liberal dealings with the public, ""et al."" in a matter that is completely private, and overt constitutional

---

[35] RCW 48.31.151. *Quoting* the "Takings Clause" of the U.S. 5th Amendment, *citing* RCW 48.30.230, and 31 U.S.C. §3729 (*quoting* RCW 9A.56.030 (felony theft in the first degree, property exceeding $5,000.), and RCW 9A.56.140 (knowingly receive, retain, possess, conceal, or dispose of property with the "intent" to deprive the true owner or person entitled thereto (APP. No. 1, 63-64)).

[36] JULIE and DENNIS WOODS and adult son TIMOTHY WOODS **HOME is 9508 N.E. 5th Street.** *See* at, *gis.clark.wa.gov* (failure to investigate led to cruel & unusual punishments, *quoting* U.S. VIII Amendment).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 14

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

violations[37] that commenced on March 29-30, 2010 (APP. No. 37). That appeal would not have been necessary had the trial court not denied Petitioner's Motion to Dismiss (APP. No. 36) on February 15, almost a year after it had first been brought before the court[38].

That Mandate issued after the May 11, and March 16, 2012, Orders (APP. No.'s 50, 51) that denied Petitioner's requests for administrative remedies (WA OIC) which referenced the Final Order of September 18, 2008, No. G08-0084 (APP. No. 45), and the January 10, 2012, administrative hearing which issued and

---

[37] *Quoting* the II Amendment "Right to Keep and Bear Arms Clause" of the U.S. Const.; and IV Amendment "Warrant Clause" of the U.S. Const.; and IV Amendment "Privacy Clause" of the U.S. Const. (5 U.S.C. §552a); and V Amendment "Takings Clause" and "Just Compensation Clause" of the U.S. Const.; and V Amendment "Due Process Clause" of the U.S. Const.; and VI Amendment "Just Speedy Clause" of the U.S. Const.; and VI Amendment "Due Process Clause" of the U.S. Const.; and VI Amendment "Confrontation Clause" of the U.S. Const.; and VI Amendment "Assistance of Counsel Clause" of the U.S. Const.; and VIII Amendment "Cruel & Unusual Punishments Clause" of the U.S. Const.; and VIII Amendment "Excessive Fines Clause" of the U.S. Const.; and XIV Amendment, §I "Due Process Clause" of the U.S. Const.; and, and Wash. Const. Art. I §3; and Art. I §7; and Art. I §10. **Pretty much obliterated that Constitution[.]**

[38] 18 U.S.C. §3161, *quoting* the VI Amendment "Speedy Trial Clause" of the U.S. Constitution.

---

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 15

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

Order on January 12 (APP. No. 49). That January 10, hearing had been attended by the Petitioner. Those Orders trigger TITLE 48 RCW[39] to (APP. No.'s 1, 63-64) as the controlling LAW (*citing* FRCP 50(a)(1)(B)).

On November 21, 2011, Petitioner filed an Unclaimed Property Affidavit with the State of California (APP. No. 61) following its discovery online (Nov. 17), and subsequently phoned the State of California (Nov. 18) who provided Prudential's phone number. Afterwards, Petitioner phoned Prudential who then after several phone calls provided the Trust Number to the Petitioner *over the phone* along with some very misleading information.

On September 27, 2011, the Washington Supreme Court issued an Order Denying Petitioner's Motion to Modify the Commissioner's Ruling (APP. No. 22) that had been issued on July 1 (APP. No. 23). That Ruling made reference to the court of appeals Order Denying Petitioner's Motion To Recall Mandate of April 11

---

[39] *See, e.g.,* RCW 48.31.151, and RCW 48.31B.060, and RCW 48.30.015(2) (*quoting* RCW 48.30.230, triggering 9A.20 RCW, and RCW 9A.28, and RCW 9A.32, and RCW 9A.40, and RCW 9A.42, and RCW 9A.50, and RCW 9A.52, and RCW 9A.56, and RCW 9A.60, and RCW 9A.82, and RCW 9A.83, and those paralleling Federal Statutes under TITLE 18 U.S.C.).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 16

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

(APP. No. 24) and the Mandate of February 24 (APP. No. 25)[40] which references the court of appeals Opinion of August 5, 2010 (APP. No. 31) that became the decision terminating review as of January 5, 2011.

On February 9, 2011, the Washington Supreme Court issued a Certificate of Finality (APP. No. 26) that certifies the courts Orders of January 5 (APP. No.'s 28, 29) Denying Petitioners motions for Writ and Acceleration as final, and makes reference to the courts Order of February 2, that Denies Petitioner's Motion for Reconsideration (APP. No. 27).

On September 7, 2010, the Washington Court of Appeals, Div. II, issued an Order Denying Petitioner's Motion for Reconsideration (APP. No. 30) of the Opinion of August 5 (APP. No. 31). That Opinion circumvented Petitioner's *post-judgment* motions (APP. No.'s 40-43), and gave weight to the "unauthorized" acts of non-beneficiary(s) (APP. No. 38 *ref:* No. 35) and administrative Taker(s) (APP.

---

[40] In the Court Commissioner's Opinion (APP. No. 23) its declared that the Mandate was issued on January 24, 2011 (APP. No. 23, at pg. 1); however, that Mandate is dated as of February 24, 2011 (APP. No. 25) (FRCP 60(a), (b)(1, 4), (d)(3)).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 17

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

No. 44-48) while granting authority to [t]he unknown (APP. No.'s 44-48, 52-53, 55-61).

Just Prior, on June 10, 2010, in the Circuit Court of Multnomah County Oregon a Foreign Judgment (APP. No. 53) had been issued against Petitioner No. 2 (taking substantial earned income) which was issued *in the same county* that Petitioner No. 1 disability claim had been dismissed (APP. No. 57) on March 13, 2002 *without resolve*. That Summary Dismissal (disability) was before the Clark County District Court issued Default Judgment (APP. No. 60) on June 5, 2002, which was before the Clark County Superior Court Judgment of Dismissal (APP. No. 56) on September 20, 2002, which were after *recorded* Liens had been satisfied (APP. No. 46) June of 2001. "All" without Petitioner's participation[41] or notice made (one doesn't have to be a genius to see the "unauthorized" transferences).

Right before that, on May 14, 2010 Clark County Superior Court issued an Assignment of Judgment (APP. No. 58) which issued after the trial courts

---

[41] FRCP 60(d)(2-3).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 18

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

Memorandum "taking" private property (APP. No. 37) of March 30. That assignment was shortly after the *recorded* Judgment (APP. No. 48) of June 30, 2009[42] (un-served and un-notified) which was after the trial court awarded LMHC for Petitioner's injuries (APP. No. 39-43) which was after the administrative order (APP. No. 45) of September 18, 2008. Those Judgment's and Order's ASSIGNED and TOOK including *earned income*[43] and *private property* to **who** knows (???).

On November 18, 2009, the Washington Supreme Court Clerk (APP. No. 32) determined that the Petitioner's request for review was "pre-mature" for the courts review. That clerical decision denied Petitioner a *timely resolve* "as a matter of law" and a resolution to the trail court bias (APP. No.'s 39-43) which gave way to the unfounded Judgments (APP. No's 33-37) of July 28, 2011 stemming from

---

[42] FRCP 60(d)(2-3) (*citing* FRCP 60(b)). These un-notified and un-authorized actions brought about Judgment (APP. No.'s 33-35) on July 28, 2011 that laid issue on the wrong person (APP. No. 38 *ref*: No.'s 35, 44, 46-48).

[43] *Quoting* the V Amendment "Takings Clause" and "Just Compensation Clause" of the U.S. Const.; and the VIII Amendment "Cruel & Unusual Punishments Clause" of the U.S. Const.; and the XIII Amendment, §I "Involuntary Servitude Clause" of the U.S. Const.; and the XIV Amendment, §I, "Due Process Clause" of the U.S. Const. Judgments that have caused deprivations, cruel & unusual punishments, servitude, and have robbed Petitioner's of life, liberties, properties, and pursuit of happiness.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 19

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

deceptive fraud(s) (multiples) (APP. No. 35 *ref:* 38, and No.'s 44-48, 52, 57, 55-62) and the failure to do an even adequate investigation.

Prior to that, on June 30, 2009, the Clark County Treasurer's Office had **recorded** a Judgment (APP. No. 48) *without notice* (discovered on Oct. 14, 2017) which was after the administrative Order (APP. No. 45) of September 18, 2008. That administrative Order was right after the August 8, Judgment (APP. No. 54) of the minor Petitioner[44] which was just after the trial court Order (APP. 43) on April 11, on Petitioner's motion which was just after a District Court dismissal (APP. No. 62)[45] of February 2, that began with an overt constitutional intrusion[46] (one has to question "what was TAKING[47] place behind the scenes" without any authority?).

---

[44] *See*, APP. No. 2, at pgs. 2-4.

[45] The Court should consider these constitutional violations a plenty **that are based upon others person's frauds** heinous and similar to domestic terrorism; it was not until after November 4, 2014 (receiving an IRS letter) that Petitioner discovered how that fraudulent Trust Indenture, No. BP3019010, came about, *citing* FRCP 60(b)(2). That Trust and its WRONGFUL distributions are from an "unauthorized" transfer of **one of** Petitioner No. 1 accounts, with the "unauthorized" use of Petitioner No. 2 Identity and Injuries (transferred without authority), *quoting* RCW 48.31.151, *citing* RCW 48.30.230, and RCW 9A.28.010-040, and RCW 9A.56.030, .140-.150, .200(1)(a)(iii), .320, .330, .400,

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 20

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

Before that, the Defendant who "hit" and injured Petitioner on March 3, 1999, had been declared deceased and his estate was substituted as the defendant, which then his administrator (spouse) filed a Affidavit Regarding Creditors Claims (APP. No. 44) on October 28, 2005 that was *un-served* on Petitioner (discovered searching records). That Affidavit claims that Petitioner made claim and was paid $10.5M on July 22, 2005; however, that never occurred (APP. No. 1, at pg. 19 "Change")[48], RCW 48.31.151 (emphasis added).

---

and RCW 9A.60.020, .040, .050, and RCW 9A.82.120-.170, and RCW 9A.83.010-.040 (APP. No. 62).

[46] *Quoting*, the IV Amendment "Warrant Clause" of the U.S. Const.; and Washington Constitution Art. I, §7 (Privacy Provisions).

[47] *Quoting*, the V Amendment "Takings Clause" of the U.S. Const., *quoting* RCW 48.31.151, and RCW 48.30.230 (*citing*, RCW 9A.56.020-.060, and RCW 9A.56.140).

[48] Keeping in mind, Liens and Lien Satisfactions (APP. No. 46) had been *recorded* just after Petitioner was "hit" and injured on March 3, 1999, then Judgments *recorded* after Liberty Mutual (LMHC) intervened (APP. No. 47-48) *without notice* (*citing* FRCP 60(d)(2)). Those Claims, Liens and Judgments have Un-Justly Enriched the public, ""et al."" one of which is Petitioner's neighbor (APP. No. 38 *ref* No. 35 (*see also*, APP. No. 46, 47, 48)); but have not provided any restitution to the Petitioner, *citing* RCW 48.31.151 (emphasis added).

---

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 21

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

On June 23, 2004, Clark County District Court issued a Default Judgment (APP. No. 55) which was after Clark County Superior Court's Judgment (APP. No. 59) on September 19, 2003, "taking" earned income and educational savings (WAMU the **Judgment Debtor** (APP. No. 38[49]) or rather, Safeco's bank (*e.g.*, JP MORGAN CHASE). Those Judgments issued *without notice*[50] and/or Petitioner's participation in concert with third party "unauthorized" distribution(s) (SEC Filings). RCW 48.31.151.

That was after Clark County Superior Court issued Summary Judgment of Dismissal (APP. No. 56) on September 20, 2002 in another matter that Safeco is/was [t]he *responsible parties* insurer, which was just after the District Court had

---

[49] *Citing* APP. No. 38, pg. 2, on June 9, 2003, Doc No. 3653049, **JULIE & DENNIS WOODS ascertained a DEED Of TRUST from WAMU BANK** secured by **9508** N.E. 5th Street, Vancouver, WA (those deeds of trust are one of the many way assets have been WRONGFULLY DISTRIBUTED). Petitioner believes that we've already established that **JULIE and DENNIS WOODS** have been "unauthorized" using Petitioner's Identity, *quoting* RCW 48.30.230, and RCW 9A.28.010-.040, and RCW 9A.56.030, .150, and RCW 9A.60.040-.050, and RCW 9A.82.110-.170, and RCW 9A.83.030, and 18 U.S.C. §§1002-1003; §1027; §§1028-1028A; §1031; §1032; §1033; §1038 (*quoting* RCW 48.31.151).

[50] FRCP 60(d)(2-3).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 22

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

issued a Default Judgment (APP. No. 60) on June 5, which was just after Petitioner's disability claim had been Dismissed on Summary (APP. No. 57) in the U.S. District Court of OREGON on March 13 ("all" without Petitioner's participation and/or notice served) which raises the question (??) who was being served, it wasn't the Petitioner (APP. No. 38, 46, 52, 57).

Those Judgments were subsequent to the 1999, "hits" in Clark County Washington that injured the Petitioner (Safeco insured's negligence) which conveniently occurred shortly after JOANN's matter in U.S. District Court, Central District of California, Southern Div. issued Judgment of Verdict (APP. No. 52) on February 6, 1998 (Judg. for GEICO). That Judgment of Verdict was issued right before the sudden demise of Petitioner No. 2 SISTER on March 13, 1998[51], and around the same time (online research) that MICHELE SNOCK (estranged cousin) transferred from Hawaii (1988-1998, before that New York) to San Jose,

---

[51] TINA LEE HOWELL (DOD 03/13/1998). Would that be because Tina was **the first to commit Identity Theft** when admitting into the State Mental Hospital under a assumed name and "Taking" a pay-off to do so (deducted)? That's certainly what it looks like.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 23

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

California (1998) (Silicone Valley). The 1999 "hits" were ""for"" the "unauthorized" transfer of assets (Safeco is part thereof the Petitioner's Estate).

Those Judgments and Decisions (plural) are after that Fraudulent TRUST INDENTURE, <u>No. BP3019010</u>[52] (numerical sequence issues sometime ABT

---

[52] That Fraudulent TRUST INDENTURE, <u>No. BP3019010</u> somehow started with JOANN, ""et al."" and the IN-LAW(s), ""et al."" from HELL *co-conspiring* (emphasis added) with *co-conspirators* that include the FLEMING, ""et al." and SNOCKS, "'et al."" (records don't lie) which looks like JOANN, ""et al.""anticipated otherwise, but were double crossed by the IN-LAW(s) from HELL.....................;

**FACT:**
JOANN coerced Petitioner No. 2 until he aided to acquire JOANN's first husband SALVATORE BUONO GHIANNI (DOD 01/06/2003) a job at GEBERAL DYNAMICS which would've been in "anticipation" giving JOANN "unauthorized" access (likely through forgery) to Petitioner No. 2 employment file and benefits which were TAKEN; and/or, providing for one of several individuals who would've for Un-Just Enrichment committed Identity Theft. <u>V Amendment</u> "Takings Clause" of the U.S. Const.; and <u>RCW 48.31.151</u>, and <u>RCW 9A.28</u>, and <u>RCW 9A.35</u>, and <u>RCW 9A.56</u>, and <u>RCW 9A.60</u>.........................;

**FACT:**
SALVATORE BUONO GHIANNI (DOD 01/06/2003 **- *SUDDEN demise*** is just after APP. No.'s 57, 56, 60) which led to third party non-beneficiary distributions in 2003 (APP. No.'s 38, 59, 55 after 56 & 60) bringing about APP. No. 61)................;

**FACT:**
Petitioner No. 2 suffering a brain injury and many other problems that resulted December 26, 1984 "hit" was coerced to return to employ (by GD). It's not difficult to conclude that the GOVERNMENT, ""et al."" *did something under the table* denying

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 24

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

March of 1990)[53], which issued after the injuries that Petitioner No. 2 (also, Petitioner No. 1, 3-4) sustained on December 26, 1984 at the hands of "his" own parent's (PAUL, SANDRA, and STEVEN HOWELL, ""et al."" (emphasis added)); but, that TRUST wasn't the beginning of the FRAUD(s)[54]. Subsequent to December 26, 1984 Petitioner No. 2 had been instructed by legal counsel that "he could ""not"" get restitution" (witnessed by Petitioner No. 1) even though debilitated for life; nonetheless somehow, the person's who inflicted the injuries were amply rewarded (18 U.S.C. §§1958-59, and RCW 9A.28-010-.040).

---

Petitioner No. 2 recovery. Mary Barra of GENERAL MOTORS is also the BENEFITS AMINISTRATOR for GENERAL DYNAMICS a GOVERNMENT CONTRACTOR (GEICO, APP. No. 52). JOANN has been the GOVERNMENTS TOOL being satisfied to render HELL on Petitioner No. 1 in whatever way possible since her BIRTH (whether its lies, slander, forgery, deaths, theft, life-altering injuries it makes no difference whatsoever). HOW MANY WAYS CAN THE GOVERNMENT STEAL (APP. No. 1-64)??

[53] That Fraudulent TRUST INDENTURE, No. BP3019010 caused the wrongful death of PAYSON JOHN FLEMING (Petitioner No. 1 maternal grandfather). 28 U.S.C. §2674¶2, and 18 U.S.C. §§1958-59, and RCW 9A.32.030 (citing, RCW 48.30.230).

[54] That FRAUD began BEFORE that Fraudulent TRUST INDENTURE, No. BP3019010, which deliberately circumvented the Petitioner (RCW 9A.28.010-.040) which begins with JIMMY & MAE FLEMING, ""et al." Un-Paid DEBTS and Wrongfully TAKINGS in Santa Ana, California that preceded WATER GATES, ""et al."" (emphasis added).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (citing FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 25

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

Something has been rotten in SOUTHERN CALIFORNIA[55] (*e.g.*, Los Angeles, and Santa Ana, and San Diego, etc.) that liberally escalated with **""WATER GATES, ""et al.""""** which just kept on TAKING[56] (emphasis added).

BEFORE THAT on October 25, 1980, Brain Paul Howell married Rosemarie Elizabeth Anne Vikara[.]  The result of which, are Petitioner's (Ex-Rel, No. 3-7), and this legal venture which would not be taking place had the Government disclosed and disbursed as required (22 U.S.C. §2668(a)) and/or conducted an even semi-adequate investigation into **who** they were really dealing with "unauthorized" **BEFORE** breaching the Petitioner's Sovereign Authority[57]

———————————————

[55] Santa Ana, CALIFORNIA (Disneyland and ABC) was HOME to PAYSON JAMES FLEMING and MAE PURSLEY, ""et al."" right BEFORE WATER GATES, ""et al."". Petitioner No. 1 grandmother (PAULINE CAMERON HILL FLEMING) told Petitioner No. 1 that "Jimmy got himself into some financial trouble and that's why he moved to OREGON" (quote) (APP. No. 53, 57 *ref:* No. 52).

[56] *Quoting* V Amendment "Takings Clause" of the U.S. Const. (APP. No. 2, at pgs. 6-10, n. 4-8; and pgs. 17-18, n. 19; and pgs. 19-21,n. 22-25; and pg. 22, n. 27; and pgs. 27-28, n. 39-40; and pgs. 32-35, n. 47-51).

[57] *See*, Fraudulent TRUST INDENTURE, No. BP3019010, *quoting* FRCP 60(b)(3-4), (d)(2-3).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 26

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

(Art. VI, Cl. 1, of the U.S. Const.) and Privacy(s) (5 U.S.C. §552a) that has brought forth THIS END-RESULT (APP. No.'s 1, 63-64).

## V.   ISSUES PRESENTED:

1.)   Shouldn't Judgment "as a matter of law" be granted on Petitioner's claim's, if not, fraud supersedes the law?

2.)   Isn't the controlling law TITLE 48 RCW, if not, the triggering event's never occurred even though there are orders, opinions, and notices to reflect otherwise?

3.)   Isn't this Court's Writ jurisdiction necessary and appropriate, at this juncture, to fully resolve and grant Petitioner's claim's and eliminate the unlawful restraint(s), if not, the law and courts aren't the appropriate or expedient remedy?

4.)   Shouldn't the restraints be eliminated in an accelerated fashion, if not, doesn't that give weight to fraud?

5.)   Aren't the fraud's void ab intio, if so, why are they being acted upon?

6.)   Does the Government have jurisdiction to determine what rights are "retained" at birth, if so, doesn't that infringe on the constitutionally protected rights that are exempt from future legislative change?

7.)   Isn't the Petitioner entitled to the pre-existing sovereignty, if not, doesn't that circumvent the constitutional prohibitions and earlier Supreme Court decisions?

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (citing FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 27

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

8.)   Are the Petitioner's entitled further relief, if not, doesn't this Court give weight to the recalcitrant tactics, "intentional" deception, and deliberate fraud's that have resulted unfounded Judgments, unlawful restraints, protracted policies, defamatory filings, and out-right "takings" of life, liberties, properties, and the pursuit of happiness; none of which can be restored by this Court?

## VI.   RELEVANT FACTS:

The Trust Indenture Number[58] wasn't disclosed until **after** November 18, 2011, and 'only' **after** Petitioner had discovered an unclaimed property dividend *online* (APP. No. 61); however, Petitioner's father did not have "any" dividends (fact) which raises the question (??) as to who was "forging" documents and "taking" assets with the "unauthorized" use of "false and stolen identities" (*e.g.*, JOANN, ""et al."" method[59]).   That knowledge is what led the Petitioner, sometime

---

[58] *See*, APP. No. 1, at pgs. 16-18 (Slush Fund attaches, *citing* <u>FRCP 60(b)(2-4,6)</u>, <u>(d)(2-3)</u>).

[59] JOANN has been forging since the 1970's, lying with slanderous fiction since abt. 1968 (spreading it vigorously), and stealing since abt. 1972, with many other undesirable attributes, then add *undisclosed* estate(s) and inheritance(s) that belong to the Petitioner (*i.e.*, a recipe for HELL inflicted, just as has been).........................;

Verified MOTION With BRIEFING -
<u>FRCP  50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP  60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 28

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

Abt. December 12, 2003, **JOANN made an utterance** to the Petitioner stating that **"I can sign your signature" (quote).** Had the Government disclosed and disbursed, *citing* 22 U.S.C. §2668(a), *quoting* RCW 48.31.151, and RCW 48.30.230, and RCW 9A.28, and RCW 9A.56, and RCW 9A.60, and RCW 9A.82, and RCW 9A.83, nonetheless whatever s/he done is buried, under the Judicial bench, in that Case filed against GEICO (APP. No. 52).............;

Which might explain **JOANN's utterance** abt. July 12, 2006, made to the Petitioner stating **"don't worry LUARA took care of it for you" (quote)** (*i.e.,* LAURA M. PALMER spouse to PAUL VIKARA, *see, e.g.,* U.S. District CT., S. CA, No. 08-09257-JM7 (bankruptcy, *see* EFC 1, where JOANN is declared as a Debtor in the amount of $30,000.) of which is either fictional or STOLEN ASSETS, *quoting* RCW 48.30.230, and RCW 9A.28.010.040, and RCW 9.56.030, .060, .150)). At that time, when Petitioner asked "what LAURA do?" JOANN's eyes lit up with that deceitful look she gets when she knows something that Petitioner does not know (RCW 9A.28.010-.040). Whatever s/he has done is buried, under the judicial bench, in that *un-resolved* disability cases (APP. No. 57) which conveniently is right in MAE & PAYSON JAMES "Jimmy" FLEMING, ""et al."' backyard (also, LMHC backyard) and likely additionally buried in that 2008 bankruptcy case, No. 08-09257-JM7..............................;

Which raises the question(s) as to what kind of FRAUD(s) were "intentionally" made on the COURT(s) (*citing*, FRCP 60(d)(3)), and;

Which FRAUD(s) did the COURT'S know about, ex-parte, but looked the other direction, and;

What kind of FRAUD(s) were "intentionally" made on the PETITIONER (*citing*, FRCP 60(b)(2,3-4,6)) which have caused considerable *life-altering injuries* and substantial *defamatory records* (some known and most probably many unknown, as Petitioner wasn't the participant) and *foreseeable futuristic damages* associated to that case filed against GEICO (APP. No. 52), that was subsequent to that fraudulent TRUST INDENTURE, No. BP3019010, which was subsequent to WATER GATES, ""et al."", and that has brought about such *devastating life-altering injuries* and *wrongful deaths*

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 29

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

later (prox. 2012-2013), to discover that it wasn't ("not") Petitioner's parents (VIKARA) (APP. No. 49-51) who produced that Fraudulent TRUST INDENTURE, <u>No. BP3019010</u>; but rather, it was the IN-LAW(s), "'et al.'"' (HOWELL) from HELL[.]

PRUDENTIAL gave the Trust Number 'only' along with some very false and misleading information to the Petitioner *over the phone* sometime between November 18, 2011 and January 10, 2012. Petitioner has never seen that Trust Document, does not know its contents, took "no" part in its production, has "no" idea how it was constructed *without* the Petitioner, nor gave permission to anyone to act on her or her husband's (POA recorded) or her children's[60] (custodial interference) behalf in that capacity (or, other). Petitioner having lived it, does

---

(*citing*, <u>28 U.S.C. §1346(b), 2671-2680</u>, and <u>28 U.S.C. §§1605-06</u> (*quoting* <u>28 U.S.C. §2674¶2</u>)...............; *and*
Which might further explain **JOANN'S utterance stating "things change"** (abt. December 12, 2003). Not without the aid & abet of the UNITED NATIONS, "'et al.'"', and Government's (foreign & domestic), and Church and its parishioners, and CONGRESS, "''et al.'"', and Judiciary apparently, *quoting* <u>28 U.S.C. §1330</u>; <u>§1332</u>.

[60] *Citing* <u>RCW 9A.40.060,</u> and <u>RCW 9A.60.020</u>, <u>.030</u>, <u>.050</u>, <u>.060</u>, <u>.070</u> (APP. No.'s 4-11, 54).

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 30

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

however, know what it has accomplished in the name of greed and ignorance and control (emphasis added).

The Petitioner's Account Number(s) were not released or known about until September 13, 2012[61], and November 4, 2014[62] (dated) when the Petitioner requested EIN Numbers from the Internal Revenue Service (IRS). The later made the picture much clearer. Petitioner has no access to those accounts, nor has ever been given any access to those accounts, nor has ever received anything from those accounts, nor anything else that *in fact legally belongs* to Petitioner No. 1.

Somehow the State of Washington is under *some fictitious delusion* that Petitioner's <u>neighbors HOME at **9508** N.E. 5th Street</u> is in fact where the Petitioner lives (APP. No. 38 *ref:* No. 35). Petitioner has **never** lived at **9508** N.E. 5th Street. Petitioner **has lived at 9504** N.E. 5th Street since October 15, 1995. Petitioner's neighbors (JULIE, and DENNIS, and TIMOTHY WOODS) are likely the ones **who** *receiving* Petitioner's court filings that have been un-received by Petitioner all

---

[61] *See,* APP. No. 1, at pgs. 8-10.

[62] *See,* APP. No. 1, at pgs. 6-8.

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 31

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

these decades, mail, assets, ***recorded*** Liens and Judgments, and account information[63], and other (???) (likely not the 'only' ones) (APP. No.'s 52, 57). <u>5 U.S.C. §552a</u>.

The Internal Revenue Service (IRS) had ask Petitioner over the phone, a couple of years ago, if Petitioner had another local address (the answer being "NO"). Someone has been filing tax returns from a local address with the "unauthorized" use of Petitioner's Identity (emphasis added). That would explain JULIE, DENNIS and TIMOTHY WOODS of **9508** N.E. 5th Street **over-night** wealth, new vehicles, Recreational Vehicles, etc. (APP. No. 44, 46-48, 53) that Petitioner's neighbors suddenly came into possession of escalating in 2008 (APP. No. 45). Nonetheless, that is the same neighbor **who** has been wrecking havoc on Petitioner's pup (expenditures and injuries and "cruel & unusual punishments", *quoting* the <u>U.S. VIII Amend</u>.). The State Of Washington aiding & abetting is ""not"" appreciated[.]

------

[63] *See, e.g.,*   <u>5 U.S.C. §552a</u> (*quoting* U.S. <u>4th</u> Amendment; and Wash. Const. <u>Art. I, §7</u> (Privacy Provisions)), , *quoting* <u>RCW 48.30.230</u>, triggering <u>RCW 9A.28.010-.040</u>.

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 32

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

In clarification of Petitioner's legal references, no parent does what Petitioner witnesse[d] on December 25-26, 1984, and consecutively thereafter unless the resolve is/was anticipated[64] as stated (emphasis added). No In-Law gets away with the acts of which are punishable (extensively so) unless the Government and Municipality and State(s) are acting in concert (emphasis added).

That December 26, 1984, "hit" (call it what it was) and the subsequent life-altering injuries were deliberate with "intent" to create a situation to "take" assets *not legally belonging thereto* (assets that had "unauthorized" earlier been "taken"), transfer those assets, and control those assets through fraud(s) (based on records the In-Laws, et al. and Joann, et al, were "taking" at the same time, therefore acting in concert as co-conspirator(s)). Petitioner knew the acts were exactly as legally stated, but the why (??) factor was always missing. Petitioner No. 2 response has always been "my parents are just dumb drunks"[.]

The "hits" (deliberate to aid & abet "unauthorized" transferences) and malice aforethought (a plenty) **thereafter** were a direct result of that fraudulent and

---

[64] RCW 9A.28.010-.040 (RCW 9A.82.001-170, and RCW 9A.83.010-.040).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 33

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

"unauthorized" TRUST INDENTURE, <u>No. BP3019010</u>. However, it is now clear

that when JOANN filed a case against GEICO (APP. No. 52) something was done

and/or constructed **under the table** (per se) that has caused the subsequent "hits"

of 1999 and the life-altering injuries and defamatory records (private, medical,

government, and church) and "unlawful restraint(s)" and as such the foreseeable

futuristic malice aforethought and injuries that will result.

Since Petitioner is well versed on the IN-LAWS, ""et al."" and JOANN, ""et

al."" malicious demented mind-set ("intent(s)") not to mention the neighbors

psychosis (APP. No. 38 *ref:* No. 35, and No's 33-36) it's not difficult to conclude

the rest (emphasis added). Had the Government disclosed and disbursed none of

the injuries would have been sustained; however, that never occurred[65]. Had the

Government not deceitfully offered the "INFANT" Petitioner[66] up to the public,

---

[65] *Quoting,* <u>22 U.S.C.§2668(a)</u>.

[66] <u>I Amendment</u> "Establishment Clause" which states "Congress shall have no law
respecting an establishment of religion......" NONETHELESS, at Petitioner's BIRTH
Church and State were JOINED (KENNEDY ADMIN.) to facilitate the "Takings" back
and forth never to find its RIGHTFUL HEIR (OWNER) although, the comingling is
forbidden under the "Establishment Clause". <u>Everson v. Board of Education</u>, 330 U.S. 1,

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP
6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 34

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

""et al."" as a ***coerced peace deal***[67] through Un-Just Enrichment(s) then the lives, liberties, property, and the pursuit of happiness would not have been wrongfully TAKEN[68]; none of which can be restored by THIS COURT (emphasis added).

---

at 15-16 (1947), the Court stated that "the structure of our government has, for the preservation of civil liberty, rescued the temporal institutions from religious interference. On the other hand, it has secured religious liberty from the invasion of civil authority". Neither a state nor Federal Government ***can, openly or secretly, participate in the affairs of any religious organizations or groups, and vice versa***. In the words of Jefferson, ***the clause against establishment of religion by law was intended to erect "a wall of separation between church and State."*** (quoting, Reynolds v. United States, supra, at 98 U.S. 164).

[67] *See, e.g.,* Civil Rights Movement of the 1961-68 (*e.g.,* Civil Rights Act of 1964 (Pub.L. 88-352, 78 Stat. 241); and Civil Rights Act of 1968 (Pub.L. 90-284, 82 Stat. 73)), *quoting* XIV Amendment, §4, which states: "neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, ***or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void***". Instead, Congress, ""et al."" opened up Petitioner and her estate to the public, ""et al."" as a coerced peace deal absent any authority whatsoever, *quoting* Art. VI, Cl. 1, "Ex Post Facto Clause" of the U.S. Const.; and the IX Amendment "Enumeration of Rights Clause" of the U.S. Const. (sovereign rights cannot be denied or disparaged); and the IX Amendment "Rights Retained by the People Clause" of the U.S. Const. (BIRTH[r] rights are protected and sovereignty is "retained").

[68] *Quoting,* the V Amendment "Takings Clause" of the U.S. Const.; and the U.S. XIV Amendment, §I "Due Process Clause" of the U.S. Const..

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 35

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

DESPITE THAT, it is the Petitioner **who** is the Owner, the Heir, the Sovereign, and the Sole Authority[.] It is the Petitioner who holds the **rightful title** (emphasis added). It's past time that FACT is acknowledged.

--------------------------------

**MESSAGE of Testimonial from the Petitioner,**
TO:
**The COURT and DOJ:**

Whatever JOANN, ""et al."" has done this time (APP. No. 52) fix it ***forthwith*** PLEASE (28 U.S.C. §1651 (*quoting* 28 U.S.C. §2243)) (emphasis added). Although, from Petitioner's vantage point it's impossible to cure the damages that have so liberally been inflicted[69] over such a protracted period, not to mention the life-altering injuries that never should've occurred; but, did because the Government failed to disclose and disburse (*citing* 22 U.S.C. §2668(a)) (reckless and irresponsible).

Petitioner has no idea why (??) anyone would think that they can deal with JOANN, ""et al."" or the IN-LAW(s), ""et al."" from HELL or ""anyone else"" (acting in concert) when the issue is the Petitioner and her accounts and assets (business). However, Petitioner figured out that Clark County, ""et al."" was/had

---

[69] *Quoting,* the VIII Amendment "Cruel & Unusual Punishments Clause" of the U.S. Const..

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 36

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

been acting in concert with JOANN, ""et al.""" ABT. 2011 by the "acts" and defamatory statements (Joann's method) that **"are" judicial liability(S)** (APP. No. 33-37). Let's pray that WA AG BOB FERGUSON, "'et al.""" hasn't been *ignorant and self-serving* enough to deal with JOANN, ""et al.""" (APP. No. 3-11) (emphasis added). That would be "intent" to do great bodily harm to Petitioner, No. 7 (ex-rel)[70] for the "intentional" purpose of causing Petitioner No. 1 heartache that Joann will enjoy for decades to come (emphasis added).

Keeping in mind, that it was March 3, 1999, that Petitioner was "hit" subsequent to (APP. No. 52). Had the Government not been reckless (<u>22 U.S.C. §2668(a)</u>).

> <u>FACT</u>: March 3, is JOANN's birthday; and it's also the birthday of
> PAYSON JAMES FLEMING (Jimmy) spouse of MAE PURSLEY of
> Kentucky who are the proprietors of CLACKAMUS GOLD & SILVER
> (OREGON) (App. No. 57 *ref*: No. 52)[71] which based on Oregon Secretary
> of State Records was established ABT. the same time that Petitioner No. 2
> was injured on December 26, 1984 (convenient or co-conspirators, *citing*

---

[70] *Quoting* <u>RCW 48.30.230</u>, triggering <u>RCW 9A.04.010</u>, <u>.020</u>, <u>.030</u>, <u>.040</u>, <u>.070</u>, <u>.080</u> (*citing* <u>RCW 9A.83.010-030</u>, and <u>RCW 9A.35.020-.060</u>, and <u>RCW 9A.56.030</u>, <u>.060</u>, <u>.150</u>, <u>.320</u>, <u>.330</u>, <u>.400</u> (APP. No. 4-11)).

[71] <u>18 U.S.C. §371</u>, §§<u>1002-1003</u>, §<u>1027</u>, §§<u>1028-1028A</u>, §<u>1031</u>, §<u>1033</u>, §<u>1038</u>, §§<u>1958-60</u> (*quoting* <u>RCW 48.30.230</u>, triggering <u>RCW 9A.28.010-.040</u>, and <u>RCW 9A.56..030</u>, <u>.060</u>, <u>.150</u>, <u>.320-.330</u>, <u>.400</u> (APP. No.'s 4-11), and <u>RCW 9A.60.020</u>, <u>.050</u>, and <u>RCW 9A.83.010-.040</u>; and <u>RCW 9A.32.030</u> ("6" deaths due to their acts stemming from Santa Ana, CA, ""et al."" and WATER GATES, ""et al.""), and <u>RCW 9A.42.020</u> (DOD 9/21/2008).

Verified MOTION With BRIEFING -
<u>FRCP  50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 37

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

<u>RCW 48.30.230</u>). JIMMY is "not" the heir and would've know that fact (so would MAE and his/her children).

Additionally, JOANN, ""et al."" and CHARLENE (daughter of Jimmy Fleming) have always enjoyed the same "intent(s)" toward the Petitioner and the gratifications that "they" both savor from those "intent(s)".

JOANN, ""et al."" (emphasis on ""et al."") will never cease (obvious); and "intentionally" engages everyone s/he comes into contact with (always has). Petitioner life, liberties, property, and pursuit of happiness[72] are not that of JOANN, ""et al."" or the IN-LAW(s), ""et al."" from HELL or MAE & JIMMY FLEMING, ""et al.""[73] or the SNOCKS, ""et al."" or the VIKARA, ""et al."" or anyone else (emphasis added). Apparently the COURT(S) thought otherwise **without ever meeting [t]he Petitioner** (emphasis added) (APP. No. 52 and APP. No. 57). Based on findings this has been the case since WATER GATES, ""et al."" when Petitioner was nothing more than a minor child.

---

[72] *Quoting* <u>XIV Amendment § I</u> "Due Process Clause" of the U.S. Const.

[73] PAYSON JAMES FLEMING is ""not"" the heir of PAULINE CAMERON (nee' HILL) FLEMING and/or PAYSON JOHN FLEMING (Petitioner's maternal grandparents). The HEIR is Petitioner No 1 ("intentionally" locked in *without the ability to contest* on Sept. 11, 1963 anointing). It was requested (Sept. 11, 1963) by Petitioner's parents and maternal grandparents.

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 38

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

**In Reference to APP. No. 57:**

In OREGON which is the FLEMING, "'et al.'" (crime ring) backyard[74] Petitioner's disability claim was dismissed without resolve "zero" (APP. No. 57 *ref:* APP. No.'s 1, 63-64); however, based on SEC FILINGS **there was an under the table deal that totally circumvented the Petitioner**[75]. Then later a Foreign Judgment (APP. No. 53) providing for that **same OREGON county** which TOOK a substantial amount of Petitioner No. 2 *earned income*[76]. Before and after that there are numerous other Judgments (APP. No.'s 55-60) and *recorded* Judgments and/or Liens (APP. No.'s 46-48) ("all" without notice and/or Petitioner's participation) which have totally circumvented the Petitioner while providing for the public, ""et al."" including stolen earned income, savings, and educational

---

[74] MAE & JIMMY FLEMING, ""et al."" moved out-of Santa Ana, California (Disneyland) (APP. No. 2) right around WATER GATES, ""et al." which was after the CIVIL RIGHTS MOVEMENT had commenced which was during the VIETNAM WAR; and "they" have resided in OREGON since (at least to the best of Petitioner's knowledge) (*e.g.*, KENNEDY, ""et al."" liberation of globalization "taking" what never belonged thereto[.]).

[75] RCW 48.31.151, and RCW 48.31B.060, and RCW 48.30.015(2) (*quoting* VIII Amendment "Cruel & Unusual Punishments Clause" of the U.S. Const.).

[76] *Quoting,* the VIII Amendment "Cruel & Unusual Punishments Clause" of the U.S. Const. (*quoting* RCW 48.31.151, and RCW 48.30.230, triggering RCW 9A.28, and RCW 9A.56, and RCW 9A.60, and RCW 9A.82, and RCW 9A.83.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 39

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

funds[77]. "All" of which began just after JOANN had commenced the case against GEICO (APP. No. 52) (it's not hard to figure out WHO is/are having the "unauthorized" party, at Petitioner's expense).

**In Reference to APP. No. 52:**

Being that it was, PAUL VIKARA and his spouse LAURA M. PALMER that were receiving GOLD & DIAMONDS (large diamonds) from MAE & JIMMY FLEMING, ""et al."" (***un-declared in bankruptcy*** No. 08-09257-JM7 (28 U.S.C. §1334, and 18 U.S.C. §1032)) during the late 1990's and 2000's (in concert with APP. No. 52 and APP. No. 57) when ""they were both"" un-employed and living with Petitioner, No. 1 ""parent's"" at 13115 PAM LANE, LAKESIDE, CA (against home**owners** desires). Then it's an excellent bet, the ***un-declared wealth*** is/was a "pay-off" because LAURA committed Identity Theft[78] to aid & abet in the FLEMING, ""et al."" (State Of OREGON (APP. No. 57 *ref:* No.'s 52, 53))

---

[77] *Quoting,* the V Amendment "Takings Clause" and "Just Compensation Clause" of the U.S. Const. (*quoting,* the VIII Amendment "Cruel & Unusual Punishments Clause" of the U.S. Const. (*quoting,* RCW 48.31.151, and RCW 48.31B.060, and RCW 48.30.230, triggering RCW 9A.28, and RCW 9A.56, and RCW 9A.60, and RCW 9A.82, and RCW 9A.83)).

[78] *Quoting,* RCW 48.30.230, triggering RCW 9A.28, and RCW 9A.35, and RCW 9A.56, and RCW 9A.60 (*quoting,* 18 U.S.C. §§1002-1003, §1004, §1005, §1016, §1017, §1018, §1021, §1027, §§1028-1028A, §1031, §1035, §§1037-1038).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 40

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

FELONY THEFT(s) from **both** the Church and State **with** the **"unauthorized"** use of Petitioner's identity and accounts[79].

It's not just Petitioner's neighbor (APP. No. 38 *ref:* No. 35) **who is the cause in fact** of the "unlawful restraint(s)"[80].

Whatever JOANN, ""et al."" have done this time has caused and/or denied:

1.)     The wrongful death(s), *quoting* 28 U.S.C. §2674¶2 which the Defendant's (APP. No.'s 1, 63-64) are liable[81].

2.)     The "hits" that rendered Petitioner the life-altering injuries beg. 1999 (APP. No.'s 12-32, 39-43)  subsequent to (APP. No. 52) which seems to be the **cause in fact** of the "unlawful restraint(s)" (APP. No.'s 33-37, 45, 50-51, 54-62, and in fact No's 1-64).

3.)     Denied Petitioner her rights (APP. No.'s 12-62), but **has more than TREBLE** at this point Un-Justly Enriched non-beneficiary(s) (APP. No. 38 *ref:* No. 35, and No's 44, **45,** 46-48).

---

[79] *Quoting* RCW 48.30.230, triggering RCW 9A.35.010, .020, .030, .040, .060 (APP. No. 4-11), and RCW 9A.56.030, .060, .150, .320, .330, .400, and RCW 9A.60.020, .050, .060, and 18 U.S.C. §§1002-1003; §§1004-1007; §1016; §1017; §1018; §1021; §§1027-1028A; §1031; §1032; §1033; §1035; §1038.

[80] *Quoting* Art. I, §9, Cl. 2, of the U.S. Const.; and 28 U.S.C. §§2254-55, §2243, and RCW 7.36.040 (*citing* RCW 7.36.020) (APP. No. 3-11).

[81] *Citing* 28 U.S.C. §1330, §1332, and 28 U.S.C. §1346(b), 2671-2680, and 28 U.S.C. §§1605-06 (*quoting* 28 U.S.C. §2674¶2.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 41

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

4.)     Manufactured FRAUD (*citing* FRCP 60(b)) which seems to be the **cause in fact** of "everything" *including, not limited:*

(a) MAE & JIMMY FLEMING, ""et al."" business CLACKAMUS GOLD & SILVER (OREGON); and

(b) that Fraudulent TRUST INDENTURE, No. BP3019010; and

(c) the IN-LAW(s) (HOWELL) **only** daughter TINA admitting into a State Mental Facility (abt. 1982-83) under an assumed name (bet on it); and

(d) JOANN. ""et al."" inference in a private sovereign matter that is "not" any of her (their) business nor, that s/he has any lineage to (emphasis added).

Whatever "they've" done this time **the Judiciary has aided & abetted** (APP. No. 3-62).

I (Petitioner) want these people prosecuted to the furthest extent of the LAW[.] Prosecuting under State Statue and Federal Statute does not cause duplicity.

Whatever "they've" done it was with "intent" and "anticipated" (through coercion and pay-offs over a very protracted period) which amongst many endeavors has made certain that Petitioner has/had no assistance of legal counsel[82].

_____

[82] *Quoting,* VI Amendment "Right to Assistance of Counsel Clause" of the Constitution which has force Petitioner to represent "*pro se*". That was "intentional"  that Petitioner never able to acquire even adequate legal counsel. From the looks of it, they've been "taking" and getting paid-off under the table with Petitioner assets to aid in the violations of Petitioner. "I" want these people prosecuted and disbarred[.]

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 42

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

The ultimate "intent" being Petitioner, No. 1 death (emphasis added). The "anticipation" being **open-ended** Un-Just Enrichment(s) at the cost of Petitioner's life, liberties, property, and pursuit of happiness[83].

On December 13, 2003, **JOANN made an utterance** to PAUL **stating "It doesn't matter she's going to be dead anyways" (quote).** Petitioner, No. 1 was on her death bed ABT. November 11, 2003 (un-authorized inference)[84].

## VII.   ARGUMENT:

I Amendment "Freedom of Petition Clause" of the Constitution grants Petitioner the right to petition the Government for redress of grievances[85] (APP.

---

[83] *Quoting,* XIV Amendment, §I "Due Process Clause" of the U.S. Const. (*quoting,* MAGNA CARTA).

[84] RCW 9A.36.021(f), and RCW 9A.28.010-.040).

[85] Irreparable harm may be *presumed* with the finding of a violation of the First Amendment. Klein v. City of San Clamente, 584 F.3d 1196, 1208 (9th Cir. 2009) (""The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."" (*quoting* Elrod v. Burns, 427 U.S. 347, 373 (1976))). Because Petitioner can succeed "as a matter of law" FRCP 50(a)(1)(B) (APP. No.'s 1, 63-64 (*citing,* APP. No. 2), and APP. No. 1-64) with the balance being a *bi-product* of fraud(s) FRCP 60 (APP. No.'s 3-37, 39-62) it would cause irreparable harm not to grant the Petitioner's requests. FRCP 58 (28 U.S.C. §1651) (*see also,* APP. No. 2, at pgs. 17-18, n. 19; and pg. 26, n. 37; and pgs. 28-30, n. 42-43; and pgs. 32-35, n. 47-51; and pgs. 37-43, n. 54-58).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 43

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

No.'s 1-64). There is technically a further dispute pending "as a matter of law"[86] (APP. No.'s 1-64) pursuant to FRCP 50(a)(1)(B) which under the controlling law of TITLE 48 RCW[87] will result a favorable outcome for the Petitioner (APP. No.'s 1, 63-64) with the remainder *by-products* of fraud FRCP 60 that "as a matter of law" are 'unconstitutional' malice aforethought stemming from the Government

---

[86] *see, e.g.,* Samuel's Furniture Inc. v. Dep't of Ecology, 147 Wn.2d 440, 54 P.3d 1194, 63 P.3d 764 (2002) (*quoting* Black's Law Dictionary 567 (5th ed. 1979)); *and "as a matter of law":*

*In,* Carr v. United States, 560 U.S. at 18 (2010) (*C.f.,* Arlington Central School Dist. Bd. of Ed. v. Murphy, 548 U.S. 291, 296 (2006), "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the statutory language is plain, the sole function of the courts - at least where the disposition required by text is not absurd - is to enforce it according to its terms" (internal quotation marks and citations omitted));

*In accord:*

*In,* Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-254 (1992) (citations and internal quotation marks omitted), "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, the first canon is also the last: judicial inquiry is complete" (Sacalia, J.) (*see also,* APP. No. 2, at pg. 27, n. 39; and pgs. 42-43, n. 58).

[87] *Citing,* RCW 48.31.151, and RCW 48.31B.060, and RCW 48.30.015(2), and RCW 48.99.010-.070.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 44

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

and its officer's supervisory negligence(s)[88] (APP. No.'s 3-37, 40-62)[89]. This Courts

writ jurisdiction (28 U.S.C. §1651) disposes of this matter *in its entirety* on order

---

[88] In a similar matter **contending a claim for supervisory liability** the Court granted summary judgment for the responsible party (APP. No.'s 42, 52, 53, 55-57, 59-60) Salazar-Limon v. Houston, 581 U.S., at 3, n. 1 (2017), *disent*, Sotomayor, J. (*citing* Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978) (APP. No.'s 3-11). If not for, the government and its officer's supervisory negligence and failure to disclose (22 U.S.C. §2668(a)) the matters would not have occurred whatsoever, particularly since Petitioner has never been a party to the 99% of the issues nor received service or notice (APP. No.'s 3-11, 35 *ref:* 38, 44, 45, 46-48, 52-53, 55-61) (FRCP 60(d)(2-3)) (APP. No. 2, at pg. 15, n. 18; and pgs. 19-20, n. 22; and pg. 26, n. 37; and pgs. 31-33, n. 45-48; and pg. 39, n. 55).

[89] The Supreme Court grants review in cases stemming from the unconstitutional acts of the government and its officers. Salazar-Limon v. Houston, 581 U.S., at 2 (2017), *concurring* Alito, J. (*citing*, White v. Pouly, 580 U.S. ____(2017) (*per curiam*); and Mullenix v. Luna, 577 U.S. ____(2015) (per curiam); and Taylor v. Barkes, 575 U.S. ____(2015) (*per curiam*); and Carroll v. Carman, 574 U.S. ____(2014) (*per curiam*); and Stanton v. Sims, 571 U.S. ____(2013) (*per curiam*) (APP. No.'s 1-64, *citing*, Art. VI, Cl. 1, of the Const.; and IX Amendment of the Const.; and VIII Amendment "Cruel & Unusual Punishments Clause" of the Const. (*quoting* 28 U.S.C. §§2254-55); and XIV Amendment, §I, of the Const.; and Art. I, §10, Cl. 1, of the Const. (*quoting*, 5th, 6th, and 14th Amend. Substantial "Due Process Clause", of the Const., *quoting* 4th Amend. "Privacy Clause" and "Warrant Clause" of the Const.; and Art. I, §7, of the Wash. Const. "Privacy Clause"; and 5 U.S.C. §552a) (*quoting*, the V Amendment "Takings Clause" of the Const., *citing* RCW 48.31.151, and RCW 48.30.230, triggering RCW 9A.28.010-.040, and RCW 9A.56.030, .060, .120, .150, .280, .300, .320, .330, .400 (APP. No's 4-11), and RCW 9A.60.020-.070, and RCW 9A.82..020-.170, and RCW 9A.83.010-.040))).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 45

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

of Petitioner's motions under <u>FRCP 58</u> bringing a just speedy closure (*quoting*, the

<u>VI Amendment</u> "Just Speedy Clause" of the Const.; and <u>18 U.S.C. §3161</u>).

 *In*, <u>Salazar-Limon v. Houston</u>, 581 U.S. 5-6 (2017), *dissent*, Sotomayor, J.,

the Court reasoned that summary judgment is appropriate only where "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." <u>FRCP 56(a)</u> (*quoting*, <u>FRCP 50(a)(1)(B)</u>, and <u>RCW 48.31.151</u>). A

"judge's function" in evaluating a motion on summary judgment is not "to weigh

the evidence and determine the truth of the matter but to determine whether there is

a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 249

(1986); *see also*, <u>First Nat. Bank of Ariz. v. Cities Service Co</u>., 391 U.S. 253, 289

(1968) (the question at summary judgment is whether a jury should "resolve the

parties' differing versions of the truth at trial"). In doing so, the court must "view

the facts and draw reasonable inferences 'in the light most favorable to the party

opposing the......motion.'"<u>Scott v. Harris</u>, 550 U.S. 372, 378 (2007) (*quoting*,

<u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962) (*per curiam*)).

---

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 46

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

Applying that rule to this case is easy work. The question before the lower court's was whether the facts, taken in the light most favorable to the Petitioner, entitled the United States or Liberty Mutual Holding Co., ""et al.""" (LMHC) or *one of its countless predecessors* to judgment on Petitioner's claims (ex post facto, damages, ownership, etc.) (APP. No.'s 4, 12-15, 33-34, 40-42, 45, 52-53, 55-60[90]). Saucier v. Katz, 533 U.S. 194, 201 (2001); Graham v. Connor, 490 U.S. 386, 394 (1989). Although such cases generally require courts to wade through the "factbound quagmire of 'reasonableness,'" Scott, 550 U.S., at 383, here the question whether LMHC, ""et al."" acted reasonably without an agreement (RCW 48.31.151) turns in large part to Petitioner's motion for default (APP. No. 43) that was denied anticipatorily (FRCP 55) **right before** the administrative hearings (APP. No. 45) which were conducted in the public arena ""on the subject matter of the Petitioner's private property" (5 U.S.C. §552a) and "without notice on the *de-jure* OWNER (Petitioner)"" (FRCP 60(d)(2-3)). The Court need now ask only one

---

[90] *See, e.g.,* Loeffelholz v. Univ. of Wash., No. 86511-6 (Sept. 13, 2012) (*citing,* Mohr v. Grantham, 172 Wn.2d 844, 859, 262 P.3d 490 (2011) (orders on summary judgment are reviewed *de novo*).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 47

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

question: "did LMHC, ""et al."" act without an agreement (<u>RCW 48.31.151</u>) from Petitioner, or not?? If so, the "taking" is "unauthorized" and Petitioner's claims must be tendered satisfied, interest accrued without delay? <u>FRCP 60(b)</u> (*citing*, <u>FRCP 6(b)(2)</u>).

V Amendment "Takings Clause" does not permit "taking" Petitioner's "private property" without "just compensation" at the time of the "taking" (*quoting*, <u>V. Amend.</u> "Takings Clause" and "Just Compensation Clause" of the Const.), although that never occurred[91][.]

<u>Article III, Section 1</u> of the Constitution grants judicial power of the United States to the supreme Court, and such inferior Court [district courts].

<u>Article III, Section 2</u> of the Constitution permits federal courts to consider "cases" and "controversies", Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority - to Controversies to which the United States shall be a party - to Controversies between two or more States; - [between a State and citizens of

---

[91] APP. No. 2, at pgs. 6-22, n. 4-27.

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 48

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

another State;-]* between Citizens of different States, between Citizens of the same State claiming Lands under Grants of different States, [and between a State, or the Citizen thereof; - and foreign States, Citizens or Subjects.]* (*Citing,* 28 U.S.C. §1330; and 28 U.S.C. §1332).

THEREFORE, under Art. III, §2 this Court has jurisdiction over the Petitioner's claims (APP. No.'s 1-64) with the resolve "as a matter of law". FRCP 56(a) (*citing,* FRCP 50(a)(1)(B), and RCW 48.31.151, and those cited); and the authority to execute that which is necessary to bring closure under FRCP 58 (*citing,* 28 U.S.C. §1651).

## A.     Petitioner Has Demonstrated Why Judgment As A Matter Of Law Should Be Granted.

Article VI, Clause 1 of the Constitution ***guarantees that all debts[92] and engagements*** entered into, before the adoption of the Constitution, shall be as

---

[92] APP. No. 2, at pgs. 2-3, n. 1; and pgs. 4-5, n. 3; and pgs. 9-10, n. 8; and pg. 15, n. 18; and pgs. 17-21, n. 19-25; and pg. 22, n. 27).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 49

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

**valid against the United States** under this Constitution, as under the Confederation[93] (APP. No. 1, at pgs. 1-24).

Pursuant to, FRCP 50(a)(1)(B) and the XIV Amendment "Due Process Clause" and all others cited herein "Judgment as a Matter of Law" may be granted

---

[93] Articles of Confederation (1781), Art. II, each state *retains its sovereignty, freedom and independence, and every power, jurisdiction and right* which is *not* by this Confederation *expressly delegated* (*e.g.*, APP. No. 1, at pgs. 10-12) to the United States in Congress assembled; *and*

Articles of Confederation (1781), Art. III, The said states hereby *severally enter into a firm league of friendship with each other*............binding themselves to assist each other against all force offered to, *or attacks made upon them, or any of them, on account of religion* (*e.g.*, First Amendment "Establishment Clause"), *sovereignty* (*e.g.*, APP. No. 1, at pgs. 10-12), trade, or any other pretence whatever; *and*

Articles of Confederation (1781), Art. IX, ....All controversies concerning the private right of soil claim under different grants of two or more states, whose jurisdiction as they may respect such lands, and the states which passed such grants are adjusted, the said grants or either of them being at the same time claimed *to have originated antecedent* (APP. No. 1) to such settlement of jurisdiction, shall on the petition of either party to the Congress of the United States, *be finally determined as near as may be* in the same manner as is before prescribed for deciding disputes respecting territorial jurisdiction between the different states.....; *and*

Articles of Confederation (1781), Art. XII, *ALL bills of credit emitted, moneys borrowed and debts contracted by, or under the authority of Congress, before the assembling of the United States,* in pursuance of the present Confederation, *shall be deemed and considered as a charge against the United States, for payment and satisfaction* whereof the said United States and *the public faith are hereby solemnly pledged* (APP. No. 1).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 50

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

on Petitioner's claims (APP. No.'s 1, 63-64), ***under the controlling law***[94], because

it can be maintained on that issues.

Petitioner No. 1, is the Owner, the Heir, and the Sovereign (*ex post facto*;

and *as admin*. Sept. 11, 1963) who holds the **"rightful title"** (BIRTH[r] rights).

Petitioner has "no" legally binding agreement with anyone (RCW 48.31.151)

therefore, pursuant to FRCP 50(a)(1)(B) this matter can be defeated with a

favorable finding (for the Petitioner), under the controlling law, on "all" the issues

(APP. No. 1, 63-64)[95] (*see*, APP. No. 2, at pg. 19, n. 21).

---

[94] *See, e.g.*, TITLE 48 RCW *including*, RCW 48.31.151, and RCW 48.31B.060, and RCW 48.30.015(2).

[95] *See, e.g.*, Maziarski v. Bair, 83 Wn. App. 835, 841 n.8, 924 P.2d 409 (1996) (*citing* Helfend v. Southern California Rapid Transit District, 465 P.2d 62 (Cal. 1970) (*citing* Restatement of Tort §902A) (*quoting* the "collateral source rule doctrine"), does not permit the reduction of debts))); *and as such:*
We've concluded that Case No. G08-0084 has Triggered Title 48 RCW, *and therefore:*
*In*, City of Redmond v. Moore, 151 Wn.2d 664, 668, 91 P.3d 875 (2004); *and* Isla Verde Intern. Holdings, Inc. v. City of Camas, 146 Wn.2d 740, 752, 49 P.3d 867 (2002), the Court established that a determination on statutory grounds circumvents the need for constitutional review; *in conclusion,*
*In*, Clark v. Capital Credit & Collection Servs., 460 F.3d 1162, 1174 (9th Cir. 2006) (*citing* Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999) (*citing* FDCPA §809, Validation of Debts, 15 U.S.C. §1692g, "'Verification of a debt' requires nothing more than the debt

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 51

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

Pursuant to, <u>FRCP 50(a)(1)(B)</u> and the <u>VIII Amendment</u> "Cruel & Unusual Punishments Clause" grants "Judgment as a Matter of Law" on Petitioner's claims (APP. No. 3-62), **under the controlling law,** because they are a *by-product* of FRAUD (<u>FRCP 60</u>) and can be maintained on that issues.

The balance (APP. No. 3-62)[96] cited in (APP.  No.'s 1-2) are the results of frauds that are cured under <u>FRCP 58</u> (*citing,* <u>28 U.S.C. §1651</u> (*quoting,* <u>FRCP 60</u>)). <u>Reeploeg v. Jensen</u>, 81 Wn.2d 541, 547, 503 P.2d 99 (1972), <u>cert. denied,</u> 414 U.S. 839 (1973) (grants relief when "the judgment transmitted, due to inadvertent error, mistake, fraud or lack of jurisdiction, was not in fact the judgment of the court").

<u>TITLE 48 RCW</u> "is" the Controlling LAW[97], which <u>TITLE 48 RCW</u> was triggered subsequent to the orders (APP. No.'s 11,  45, 49-51)[98].

---

collector confirming in writing that the amount being demanded is what the creditor is claiming owed")).

[96] *See,* APP. No. 2, at pgs. 1-43.

[97] <u>FRCP 50(a)(1)(B)</u>.

[98] APP. No. 2, at pgs. 27-30.

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 52

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

RCW 48.31.151 states that Petitioner's claims (APP. No. 1-64) must be tendered satisfied; the "takers" did "not" have an agreement with the Petitioner (APP. No.'s 2, 4-11, 12-15, 21, 25, 33-34, 37, 38, 40-42, 44, 45, 46-48, 52, 53, 55-61). Acting on fraud[99]  is not an agreement nor, is it legally binding on the Petitioner[100][.]

RCW 48.30.015(2) awards treble for the consecutive denials (APP. No. 1-64) (*citing*, 18 U.S.C. §1964(c)).

RCW 48.31B.060, dictates that the ultimate holder(s) are the liable person's;[101] as such, the claims (APP. No's 1, 63-64) are backed by the full faith and credit[102] of the United States (APP. No. 1, at pgs. 2-4).

RCW 48.99.010-.070 grants liquidation of assets, garnishments, and such other acts required to achieve "re-appropriation" under RCW 48.31B.060.

---

[99] TRUST INDENTURE, No. BP301901.

[100] APP. No. 2, at pg. 15, n. 18; and pg. 22, n. 28.

[101] APP. No. 1, at pgs. 2-4; *see also*, APP. No. 2, at pg. 4, n. 2.

[102] APP. No. 2, at pg. 6-7, n. 4.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 53

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

RCW 48.09.360 lays out the granting of liquidation of assets, ownership, and liquidation required to accomplish "re-appropriation" under RCW 48.31B.060.

RCW 48.09.110 describes the membership of the "takers".

RCW 48.30A.070 makes it the duty of all law enforcement to investigate, enforce, and prosecute all violations of insurance fraud[103] (APP. No.'s 3-61[104]).

RCW 48.30.230 triggers statutory punishment for the false claimant(s) who made false claims under 9A.20 RCW (APP. No.'s 38, 44, 46-48, 52-53, 55-61, and the public present at APP. No. 45).

Article IV, Section 2 of the Constitution guarantees that "any" Person, **who flees** from justice, *shall be delivered up* on the claim due.

V Amendment "Takings Clause" prohibits the "takings" of private property (*e.g.,* SAFECO, ""et al."" is/was private property before making it available to the public, ""et al."" through the stock market and fraudulent claims).

---

[103]*See, e.g.,* RCW 9A.60.040, and RCW 9A.40.020, .060, .120, and RCW 9A.82.001-.170, and RCW 9A.83.030.

[104] These fraudulent cases are issued for the anticipated use (RCW 9A.28.010-.040) of "unauthorized" insurance frauds with the "unauthorized" use of Petitioner's identities into the hands of the public, ""et al."" (*e.g.,* "taking" from Petitioner's "private property").

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 54

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

*In,* <u>State v. Jacobs</u>, 154 Wn.2d 596, 600, 115 P.3d 281 (2005) (*citing,* <u>State v. Delgado</u>, 148 Wn.2d 723, 727, 63 P.3d 792 (2003) (*citing,* <u>W. Telepage, Inc. v. Dep't of Financing</u>, 140 Wn.2d 599, 608, 998 P.2d 884 (2000))), the Court articulated that ""when interpreting the words of a statute we seek to determine the legislature's intent", if the language is clear and unambiguous, then the legislative intent is clear and the courts should not force a given construction by imaging a variety of alternative interpretations".

*In accord,* <u>State v. Armendariz</u>, 160 Wn.2d 106, 110, 156 P.3d 201 (2007), the Court stated that "if the statute is unambiguous after review of the plain meaning, the courts inquiry is at an end".

**B.   Petitioner Has Demonstrated Why This Court WRIT Jurisdiction Is Necessary And Appropriate.**

<u>Article III, Section 1</u>, of the Constitution vests the judicial power in the supreme Court, and such inferior Courts established by Congress.

<u>Article III, Section 2</u>, of the Constitution extends that judicial power across state and foreign lands and peoples (*citing,* <u>28 U.S.C. §1330, §1332</u>).

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 55

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

Pursuant to, <u>28 U.S.C. §1651</u>, the Supreme Court and "all courts" established by Act of Congress may issue ***"all writs" necessary or appropriate*** in aid of their respective jurisdictions and agreeable to the usages and principals of law.

Pursuant to <u>FRCP 58</u> (*citing,* <u>28 U.S.C. §1651</u>); and those triggered *including, not limited* pursuant to <u>RCW 48.31.151</u>, and <u>RCW 48.31B.060</u>, and <u>RCW 48.99.010-.070</u> (*citing,* <u>28 U.S.C. §§3101-3105</u>, <u>§§3201-3206</u>, <u>§3304</u>, <u>§3308</u>):

ORDERS[105] Of The COURT (APP. No.'s 1-64), which *include, but do not limit*:

**WRIT Of HABEAS CORPUS** demands the production *to determine lawlessness* of the wrongful possession (<u>28 U.S.C. §§2254-55</u> w/ issuance <u>§2243</u>, and <u>RCW 7.36.040</u>).

------------------------------

[105] There is merely a question of law that "is" required to be executed by this COURT. <u>Samuel's Furniture, Inc. v. Dep't of Ecology</u>, 147 Wn.2d 440, 54 P.3d 1194, 63 P.3d 764 (2002) (*quoting,* <u>Black's Law Dictionary</u> 567 (5th ed. 1979))..........;
The question of damages is a question of law. <u>Shoemake v. Ferrer</u>, 168 Wn.2d 193, 198, 225 P.3d 990 (2010) (*quoting,* <u>Womack v. Von Rardon</u>, 133 Wn. App. 254, 263, 135 P.3d 542 (2006)).

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 56

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

**WRIT Of MANDAMUS** compels a lower court or government officer *to perform mandatory duties correctly.*

**WRIT Of PROHIBITION** directs a subordinate to *stop doing something the law prohibits.* Pursuant to 5 U.S.C. §552a Petitioner's affairs must be closed from the public, ""et al.""[106] and permanent injunctive relief granted.

**WRIT Of QUO WARRANTO** requires a person to *show by what authority* they exercise a power (*quoting,* the V Amendment "Takings Clause" of the U.S. Const.).

**WRIT OF EJECTMENT** claiming land or real estate, against one's who are in *unlawful possession.*

**WRIT OF ATTACHMENT** orders law enforcement to *seize assets,* or pre-judgment freeze assets until resolve.

**WRIT Of SEQUESTRATION** pre-judgment orders *seizing all assets*[107] maintained in the custody of the U.S. Marshall, under court order and supervision.

---

[106] *See, e.g.,* <u>Texas v. United States</u>, 809 F.3d 134, 188 (5th Cir. 2015), "[Because] the Constitution vests [district courts] with 'the judicial Power of the United States '..........., [i]t is not beyond the power of the court, in appropriate circumstances, to issue a nationwide injunction." (*citing* U.S. Const. art. III, §1)), *aff'd by an equally divided Court,* 136 S. Ct. 2271 (2016); *see also* <u>Washington</u>, 847 F.3d at 1167 ("[e]ven if limiting the geographic scope of the 'permanent' injunctive relief (28 U.S.C. §1651) would be acceptable, after the protracted longevity of the Government's "acts" when offering the Petitioner up to the public, ""et al."" as a coerced peace deal, it is evident that it is far too dangerous for the Petitions and ultimately unacceptable, at this juncture.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 57

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

**CLOSED WRIT** *sealing* the matter from public inspection[108].

**WRIT Of WASTE** against *un-paid tenants* who have committed waste[109].

**WRIT Of REPLEVIN** and order of the court *to recover*[110].

**WRIT Of GARNISHMENT** directs a third party to *satisfy the judgment*.

There is no adequate remedy to this matter short of this Court's writ jurisdiction. <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 405, 416 (1975) (*quoting* <u>United States v. Burr</u>, 25 F. Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.) (based on sound legal principals). The "acts" of public, ""et al."" "unauthorized" "takings" have been aided far too long and in far too many calculated ways (emphasis added).

---

[107] *See,* APP. No. 2, at pg. 9, n. 7; and pgs. 11-12, n. 10; and pgs. 14-15, n. 15; and pgs. 17-18, n. 19; and pgs. 19-20, n. 22; and pg. 22, n. 27; and pgs. 27-28, n. 40; and pg. 34, n. 49-50.

[108] *Citing* <u>5 U.S.C. §552a</u> (*quoting* the U.S. <u>4th</u> Amendment; and Washington Constitution <u>Art. I, §7</u> (Privacy Protections)).

[109] *I.e.,* Waste in increments consecutive of generally not less than $500,000.00 each (APP. No. 2, at pgs. 19-23).

[110] *See,* APP. No. 1, at pgs. 5-23.

Verified MOTION With BRIEFING -
FRCP <u>50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 58

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

Under <u>FRCP 55</u> the Government(s) and the Church had already defaulted on its obligation(s) to pay, reimburse, compensate, and disclose (<u>22 U.S.C. §2668(a)</u>) **decades past**. <u>United States v. DuBois Farms</u>, 1 OCAHO 225 (August 29, 1990) at 2; and <u>United States v. Zoeb</u>, Enterprises, supra at 3 (APP. No. 43). Short of granting "Judgment As A Matter Of Law" (<u>FRCP 50(a)(1)(B)</u>) through the exercise of this Court's writ jurisdiction (<u>FRCP 58</u>) the U.S. TREASURY will have again default on its debts and obligations (<u>FRCP 55</u>, and <u>FRCP 54</u>).

## C.   Petitioner Has Demonstrated Why Eliminating The Restraints Should Be Accelerated.

<u>Art. I, §9, Cl. 2</u> of the U.S. Constitution the privilege of the WRIT Of HABEAS CORPUS shall not be suspended (<u>RCW 7.36.040</u> and <u>28 U.S.C. §2243</u>) (forthwith)[111].

Pursuant to, <u>XIV Amendment, §I</u>, "Due Process Clause" a person cannot be denied their life, liberties, or property.

―――――――――――――――――

[111] <u>28 U.S.C. §2252</u> (*quoting* <u>28 U.S.C. §§2254-55</u> w/ §<u>2243</u>) (*quoting,* <u>VIII Amendment</u> "Cruel & Unusual Punishments Clause" of the U.S. Const.).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 59

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

Pursuant to, <u>VIII Amendment</u> "Cruel & Unusual Punishments Clause" a person cannot be denied pursuit of happiness[112].

Its not just persons being held incognito (APP. No.'s 3-11) it's also the Petitioner's "private property" (APP. No.'s 1, 37)[113]. That detainment (hold w/ forfeiture (APP. No.'s 33-34)) is *without any authority* (<u>Art. VI, Cl. 1</u>; and <u>IX Amend.</u>) and *without any legally binding agreement* on the Petitioner (RCW 48.31.151)[114]. FRAUD **as is the case** with TRUST INDENTURE, <u>No. BP3019010</u>

---

[112] <u>In re Pers. Restraint of Woods</u>, Wn.2d, 400, 409, 114 P.3d 607 (2005) (*citing*, <u>In re Pers. Restraint of Cook</u>, 114 Wn.2d 802, 813, 792 P.2d 506 (1990) (*citing*, <u>In re Pers. Restraint of Elmore</u>, 162 Wn.2d 236, 251, 172 P.3d 335 (2007) (complete miscarriage of justice))), the Court held that collateral relief (APP. No.'s 1, 63-64) is granted on a showing of constitutional error that gives rise to actual prejudice (APP. No.'s 3-11, 12-32, 33-34, 35, 37, 40-42, 44, 45, 46-48, 52-53, 54, 55-62) or a non-constitutional error that inherently results in a complete miscarriage of justice (APP. No.'s 1-64 citing APP. No.'s 44, 45, 46-48, 52, 57, 61).

[113] *See*, APP. No. 2, at pgs. 39-43, n. 55-58.

[114] *See, e.g.*, <u>Wash. Asphalt Co. v. Harold Kaeser Co.</u>, 51 Wn.2d 89, 91, 316 P.2d 126 (1957); and, <u>Smyth Worldwide Movers, Inc. v. Whitney</u>, 6 Wn. App. 176, 179, 491 P.2d 1356 (1971) (holding that "non-beneficiary agreements" are "not legally binding" - there is no stipulation or agreement that legally binds (the afore-stated "Listed Person", No. 1, who holds the 'ultimate sovereign authority' "ex post facto") (*quoting* <u>RCW 48.31.151</u>).

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 60

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

and no-doubt countless other(s) is not legally binding on the Petitioner **who** is the

Owner, the Heir, the Sovereign, and sole Authority. FRCP 60.

FRCP 58(a)(5) grants relief of the frauds[115] that are the **cause in fact** of the

"unlawful restraint(s)"[116]. FRCP 60(b)(4) "as a matter of law" grants the

"restraint(s)" eliminated (*void ab intio*) merely *by-products* of deceptive frauds

(FRCP 60(b)(3)) rendered without giving the Petitioner a "say" (FRCP 60(d)(2))

(APP. No. 45) that resulted 'in part' from earlier frauds made on the courts (FRCP

60(d)(3))[117] (APP. No.'s 52, 57). Reeploeg v. Jensen, 81 Wn.2d 541, 547, 503 P.2d

99 (1972), cert. denied, 414 U.S. 839 (1973) (grants relief due to inadvertent error,

---

[115] The frauds are nothing more than judiciary and political illusions created in "anticipation" of "taking" from Church and State and back again into the hands of the public, ""et al."" through "unauthorized" transferences ("unauthorized" transferences of "private property") (RCW 48.30.230, *citing* RCW 9A.82.001-170, and RCW 9A.83.010-.040, and RCW 9A.56.030, .150, .320, and RCW 9A.60.040-.050).

[116] *See, e.g.* RCW 48.30A.015-070, and RCW 48.99.010-.070, and RCW 48.135.005-.110, and 28 U.S.C. §§3101-3105, §§3201-3206, §3304, §3308.

[117] APP. No. 4, 45, 52, 53-61 *ref:* No's 44, 46-48 w/ No.'s 38, 52, and 57 the controlling issues of deceit.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 61

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

mistake, fraud or lack of jurisdiction[118] (*nunc pro tunc*))[119]. FRCP 6(b)(2) forbids

further time to act granting (APP. No.'s 1, 63-64) and/or cure (APP. No.'s 3-62),

therefore this Court is required to render the restraints eliminated without further

delay[.][120]. FRCP 58 (*citing*, 28 U.S.C. §1651).

    Article IV, Section 1 of the Constitution grants Full Faith and Credit in each

State to the public acts, records, and judicial proceedings of every other State,

which shall be proved, and the Effect thereof (28 U.S.C. §§2254-55 (*quoting*, 28

---

[118] There is a complete lack of jurisdiction[.]

[119] Kosten v. Fleming, supra, the remittitur may be recalled (APP. No.'s 21, 25) if it is shown that the court had never acquired jurisdiction and that it may be recalled where the court considers that the judgment transmitted, because of inadvertent error, mistake, fraud or lack of jurisdiction, was not in fact judgment of the court, or where the lower court has entered a judgment not conforming to the mandate; and recognizes the right of an aggrieved party to petition the court to move against judgment, on statutory grounds, after the remittitur has been sent down (Citing, Pacific Tel. & Tel. Co. v. Henneford, 199 Wash. 462, 92 P.2d 214 (1939); and Post v. Spokane, 28 Wash. 701, 69 P. 371 (1902)).

[120] In, Koontz v. St. John River Water Management District, 570 U.S., at 2 (2013), *syllabus*, (*citing*, United States v. American Library Assn., Inc., 539 U.S. 194, 210, P.p. 8-11 (2003), it is settled that the unconstitutional conditions doctrine applies even when the government threatens to withhold gratuitous benefit).

---

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 62

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

U.S.C. §2243, and RCW 7.36.040))[121]. Pursuant to 5 U.S.C. §552a, this matter never should've been in the public arena (Petitioner's BIRTH), *one of the causes in fact of injuries*[122].

In, Kernan v. Hinojosa, 578 U.S., at 2, n. 1 (2016) (*per curiam*) (*citing,* Griggs v. Superior Ct. of San Bernardino Cty., 16 Cal. 3d 341, 347, 564 P.2d 727, 731 (1976), the Supreme Court of California stated that "[a]s 'a general rule,' if a prisoner files a habeas petition challenging the conditions of his confinement in a county other than the one in which he is confined, the court should not deny the petition" unless it fails to state a prima facia case.

---

[121] In, Koontz v. St. Johns River Management District, 570 U.S., at 6-7, 9 (2013) (*quoting,* Regan v. Taxation With Representation of Wash., 461 U.S. 540, 545 (1983) (*citing,* Perry v. Sindermann, 408 U.S., at 597 (1972), the Court explained that the government "*may not deny* a benefit to a person on a basis that infringes her/his constitutionally protected interests") (APP. No.'s 4-11, 33-34, 37, 43, 45-62).

[122] In, Wittman v. Personhuballah, 578 U.S., at 4 (2016) (*citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992)), the Supreme Court stated that a party has standing when showing that s/he suffered an "injury in fact", that the injury is "fairly traceable" to the conduct challenged, and that the injury will likely be "redressed" by a favorable decision (*citing,* FRCP 50(a)(1)(B) (*quoting* RCW 48.31.151), and FRCP 60).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 63

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

**D.  Petitioner Has Demonstrated Why The Pre-Existing Sovereignty Should Be Granted.**

Art. VI, Cl. 1 "Ex Post Facto Clause" of the United States Constitution states

that ALL **Debts** contracted and **Engagements** entered into, ***before*** the adoption of

the Constitution, ***shall be valid*** against the United States under this Constitution, as

under the Confederation, and **remain "valid"**[123]. Those debts and engagements

remaining valid apply retroactively commencing *forthwith.*[124] FRCP 6(b)(2)

(*citing*, FRCP 60).

*In compliance*, IX Amendment, "Enumeration of Rights Clause" of the U.S.

Constitution, guarantees that the Petitioner's BIRTH[r] right to "Sovereignty"

---

[123] *In*, Peugh v. United States, 569 U.S., at 9 (2013), *dissent*, Thomas, J. (*citing*, Kring v. Missouri, 107 U.S. 221 (1883), the Court declared that "any law passed after the commission of an offence (*e.g.*, after the "unauthorized takings", *quoting* V Amend., and RCW 48.31.151) which..........'in relation to that offence, ***or its consequence, alters the situation of a party to his disadvantage*** (*e.g.,* Petitioner's BIRTH[r] right),**'** is an ex post facto law". Id., at 235 (*quoting* Jutice Washington's jury charge in United States v. Hall, 26 F. Cas. 84, 86 (No. 15,285) (CC Pa. 1809)) (emphasis added).

[124] The Court opinioned that "nothing in the Constitution alters the fundamental rule of '*retrospective operation*' that has governed "judicial decisions....for a near thousand years." *Id. at 94* (*quoting* Kuhn v. Fairmont Coal Co., 215 U.S. 349, 372, 30 S. Ct. 140, 54 L. Ed. 228 (1910)).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 64

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

***cannot be denied or disparaged*** because those rights are stated (per se) and supported by the Constitution "Ex Post Facto Clause" <u>Art. VI, Cl. 1</u>. Not to mention "sovereignty" was acknowledged on September 11, 1963, although vigorously avoided[125].

*In accord,* <u>IX Amendment</u>, "Rights Retained By The People Clause" of the U.S. Constitution, even though not stated, the Petitioner ***cannot be denied any*** ***right*** that ***naturally belongs to her*** including her natural born right to "Sovereignty" and as such the government(s) (foreign or domestic) cannot infringe on those sovereign rights because they are "protected" and "retained" by the Petitioner "ex post facto" (Art. VI, Cl. 1, of the Const.)[126]. That BIRTH[r] right is "protected" and "retained" and was acknowledged on Sept. 11, 1963.

---

[125] *See*, APP. No. 2, at pgs. 2-5, n. 1-3.

[126] *In*, <u>Puerto Rico v. Sanchez Valle</u>, 579 U.S. at 11 (2016) (*citing* <u>Worcester v. Georgia</u>, 6 Pet. 515, 559-561 (1832); <u>Talton v. Mayes</u>, 163 U.S. 376, 384 (1896); <u>Michigan v. Bay Mills</u> <u>Indian Community</u>, 572 U.S.__, ___(2014) (slip op., at 4-5), beginning with C.J. Marshall, the Court has held firm and fast to the view that Congress's power does nothing to gainsay the profound importance of '*pre-existing sovereignty*').

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP</u> <u>6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 65

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

**E.     Petitioner Has Demonstrated Why This Court Should Grant Further Relief.**

Pursuant to <u>VIII Amendment</u> "Cruel & Unusual Punishments Clause" Petitioner's pursuit of happiness could not have been "taken" "as a matter of law", but it was and is.

Pursuant to <u>XIV Amendment</u> "Due Process Clause" Petitioner's life, liberties, and properties could not "as a matter of law" be handed up to the public, ""et al."" as a coerced peace deal, but is was and is.

Pursuant to, <u>28 U.S.C. §2202</u> further relief may be granted against any adverse party whose rights have been determined by such judgment. <u>FRCP 58</u> (*citing,* <u>28 U.S.C. §1651</u>).

The reality is: this matter can never resolve the *aching heart*, or *raise the dead*, or *miraculously restore health*, or *restore decades wrongfully taken*, or bring another opportunity to *recapture those robbed memories*, or *even assure that the malice aforethought ceases.* There are too many people over numerous generations (walking around free aided by the political rhetoric) who have made themselves

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 66

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

quite comfortable with what does not belong thereto. IF only this Court could tap their ruby red slippers (per se), but you can't.[127]

The "takings" were not only wrong they are misguided. Therefore, if further relief is granted it should be transferred to the ALPHA-OMEGA FOUNDATION (which Petitioner will establish).

## VIII. CONCLUSION:

**WHEREFORE,** Petitioner respectfully requests that the motions and the relief sought be GRANTED "as a matter of law" with the exercise of this Court Writ Jurisdiction bringing acceleration to an already exploited and mismanaged state of affairs, and for relief as is deemed just and equitable.

## IX.   AFFIRMATION:

PETITIONER, Rosemarie Elizabeth Anne (nee' VIKARA) Howell, representing "*pro se*", files this Verified Motion, and declares the following:

1.)    Petitioner has prepared the Motion herself, *pro se*.

2.)    Petitioner has no formal legal education.

---

[127] APP. No. 2, at pg. 27, n. 39; and pg. 28, n. 42; and pgs. 35-36, n. 52; and pgs. 37-43, n. 54-58.

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 67

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

3.) Petitioner was born Rosemarie Anne Vikara. On September 11, 1963, re-named Rosemarie Elizabeth Anne Vikara (anointed).

4.) Petitioner married Brian Paul Howell on October 25, 1980.

5.) Petitioner No. 1 possesses Power of Attorney in Petitioner No. 2 affairs.

6.) Petitioner had no knowledge of/about the accounts until September 13, 2012, and November 4, 2014. Receiving the accounts numbers when the Petitioner requested EIN Numbers from the Internal Revenue Service (IRS).

7.) Petitioner has "not" received anything from the accounts nor, has been made privy to the accounts. RCW 48.31.151, and RCW 48.31B.060.

8.) Petitioner is the OWNER of the accounts.

9.) Petitioner had no knowledge of the fraudulent TRUST INDENTURE, No. BP3019010, until **after** November 18, 2011. FRCP 60(b)(3-4).

10.) Sometime between November 18, 2011 and January 10, 2012, Petitioner was given *false and misleading information* by PRUDENTIAL *over the phone* at which time Petitioner was provided the Trust Number (via telephone) (APP. No. 49-51). Before that Petitioner had no knowledge of that a Trust.

11.) No-One has nor, had any agreement to produce a TRUST. RCW 48.31.151.

12.) That TRUST Indenture is/was produced without any authority whatsoever FRCP 60(b)(3).

13.) The TRUST Indenture was constructed totally devoid of Petitioner's authority and/or knowledge and/or consent FRCP 60(d)(2). Petitioner is the

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 68

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

sole authority and ultimate sovereign authority (ex post fact; and as was administered Sept. 11, 1963)[128].

14.)   Petitioner is the OWNER of the accounts that are attached to that Fraudulent TRUST INDENTURE, <u>No. BP3019010</u>.

15.)   Petitioner did "not" receive notice (APP. No. 45) <u>FRCP 60(d)(2-3)</u>; although, the hearings were regarding Petitioner's assets and reparations that are yet to be made, interest accrued.

16.)   Petitioner just recently discovered <u>FRCP 60(b)(2)</u> that those hearings (APP. No. 45) were conducted in the public arena breaching Petitioner's rights to privacy. <u>5 U.S.C. §552a</u>[129].

17.)   Petitioner requires immediate resolution and access to funds (*e.g.*, accounts), the living conditions are beyond cruel & unusual (protracted); and the failure

---

[128] <u>IX Amendment</u> "Rights Retained By The People Clause" of the U.S. Const., states that "any rights that naturally belong to a human being, not specifically listed, are still protected rights". The government cannot infringe on these rights, even though the Constitution doesn't specifically say it can't. Those rights are still "retained" under <u>Art. VI, Cl. 1</u>, "Ex Post Facto Clause" of the U.S. Const.................;
<u>IX Amendment</u>, "Enumeration of Rights Clause" of the U.S. Constitution, the Petitioner *cannot be denied or disparaged* from her sovereign rights because those rights are/have been "retained" under <u>Art. VI, Cl. 1</u>, "Ex Post Facto Clause" of the U.S. Const..

[129] *Quoting* <u>IV Amendment</u> of the U.S. Const.; and <u>Art. I, §7</u>, Washington Const. (Privacy Provisions).

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 69

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

to tender (APP. No. 1) is/has been doing nothing but accruing damages, interest accrued.

18.) CLARK COUNTY WASHINGTON (recorded docs) has BILLIONS of dollars pumped into it, since 2001, than again in 2008-09, then again in 2011 (APP. No. 46-48). None of which is with any agreement, *citing* <u>RCW 48.31.151</u>. None of which has ever made its way to the Petitioner (APP. No. 33-36*, ref:* No. 38).

19.) Petitioner requires immediate RETURN and RELEASE of Petitioner, No. 7 (Ex-Rel) who is autistic being detained and hidden "unlawfully" incognito[130] (APP. No. 4-11).

**WHAT's CONCERNING** is a letter filed that Petitioner discover that was likely created then filed by another (APP. No. 38) Evergreen School Dist.

20.) The DEBT(s) are ***past due and owing***, accruing interest.

21.) The Issues of Restraint (APP. No.'s 1-64) would not have occurred had the Government not been so reckless and irresponsible. <u>22 U.S.C. §2668(a)</u>.

22.) The Issues of Restraint (APP. No.'s 1-64) would not have occurred had the Government not chosen to offer the INFANT Petitioner up to the public, ""et al."" as a coerced peace deal.

---

[130] *Quoting* the <u>VIII Amendment</u> "Cruel & Unusual Punishments Clause" of the U.S. Const.. That would be custodial interference (*e.g.,* kidnapping for extortion to better serve fraud(s)) (emphasis added).

Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 70

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

23.) Every Issue of personal restraint (APP. No. 1-64) and those undoubtedly unknown is/are based upon deliberate, intentional, anticipated, malicious defamatory FRAUD(s): (1) Fraudulent TRUST INDENTURE, No. BP3019010; and (2) endless "acts" of JOANN, ""et al."" (APP. No. 52) (FRCP 60(b)); and (3) acts of liberal Government Employees, ""et al."" (APP. No. 38 *ref:* No. 35); and (4) those seeking Un-Just Rewards (APP. No.'s 44-48, 52, 57). None of which the Petitioner had any knowledge of, or participation in, or knowledge of until recently (FRCP 60(d)(2-3)).

I DECLARE under penalty of perjury that the statements made in this Motion are true and correct to the best of my knowledge and recollection.

Dated this 28th day of October, 2017 in Vancouver, Washington

/s/ Rose Howell
Rosemarie Elizabeth Anne (nee' Vikara) Howell a/k/a Rose Howell
9504 N.E. 5th Street
Vancouver, WA. 98664
(360) 953-0798
rosie.howl@gmail.com

///// APPENDIX 1 - 64 , *Enclosed.*

/////RETURN SERVICE, Attached (*see,* William N. Narwold).

///// Certificate Of Service, *Attached.*

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 71

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

### CERTIFICATE OF SERVICE

The undersigned, under the penalty of perjury of the laws of the State of Washington and the United States of America, hereby certifies that on <u>10/28/2017</u>, this **VERIFIED MOTION With BRIEFING** was deposited in the United States Mail, postage pre-paid, as follows:

1.)   U.S. DISTRICT COURT
DISTRICT Of COLUMBIA
E. Barrett Prettyman United States Courthouse
Attn: COURT CLERK
333 Constitution Ave., N.W.
Washington, D.C.  20001

2.)   PACER Fees Class Action Administrator
P.O. Box 43434
Providence, RI  02940-3434

3.)   RICHARD QUINLAN, VP / Gen. Counsel
LIBERTY MUTUAL HOLDING CO., INC.
175 Berkeley Street
Boston, MA  02116

4.)   The EXECUTIVE OFFICE
Office Of The Legal Adviser
600 19th Street, N.W.
Suite 5.600
Washington, D.C.  20522

5.)   UNITED STATES ATTORNEY
For The DISTRICT Of COLUMBIA
555 Fourth Street, N.W.
Washington, D.C.  20530

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 72

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

6.)   ATTORNEY GENERAL Of The UNITED STATES
      United States Department Of Justice
      950 Pennsylvania Ave., N.W.
      Room No. 4400
      Washington, D.C.  20530

7.)   U.S. SOLICITOR GENERAL
      United States Dept. of Justice
      OFFICE Of The SOLICITOR GENERAL
      950 Pennsylvania Ave., N.W.
      Washington, D.C.  20530-0001

8.)   The UNITED NATIONS
      UNITED NATIONS HEADQUARTERS
      Attn: Stephen Mathias
      Asst. Sec-General For Legal Affairs
      405 East 42nd Street, Room No. S-3624
      New York, New York  10017

9.)   FOREIGN CLAIMS SETTLEMENT COMM.
      U.S. Dept. Of Justice
      600 E Street, N.W.
      Suite 6002
      Washington, D.C.  20579

10.)  U.S. COURT Of INTERN'L TRADE
      1 Federal Plaza
      New York, New York  10278-0001

11.)  His Holiness, POPE FRANCIS
      C/O ARCHDIOCESE Of NEW YORK
      Legal Affairs
      Attn:  James P. McCabe
      1011 First Ave., 11th Floor
      New York, New York  10022

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 73

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

12.)   JONATHON E. TAYLOR
       GUPTA WESSLER PLLC
       1735 20th Street, N.W.
       Washington, D.C.  20009
       *deepak@guptawessler.com, jon@guptawessler.com*

13.)   MICHAEL T. KIRKPATRICK
       INSTITUTE FOR PUBLIC REP.
       Georgetown University Law Center
       600 New Jersey Avenue, Suite 312
       Washington, D.C.  20001
       *michael.kirkpatrick@law.georgetown.edu*

14.)   OFFICE Of The ATTORNEY GENERAL
       STATE Of WASHINGTON
       Public Records & Constituent Services
       Attn:  LaDona Jensen
       P.O. Box 40100
       Olympia, WA  98504-0100

15.)   OFFICE Of The ATTORNEY GENERAL
       STATE Of OREGON
       Oregon Dept. of Justice
       1162 Court St., N.E.
       Salem, OR  97301-4096


The following afore-stated documents served EMAIL on <u>October 29, 2017</u>:

1.)   William Mark Nebeker
      *mark.nebeker@usdoj.gov*

2.)   Case View.ECF of the DOJ
      *CaseView.ECF@usdoj.gov*


Verified MOTION With BRIEFING -
<u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u> (*citing* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>)
w/ attached CERTIFICATE OF SERVICE - 74

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA  98664
(360) 953-0798

3.)   Reginald Rowan
      *reginald.rowan@usdoj.gov*

4.)   Brian J. Field
      *brian.field@usdoj.gov*

5.)   Joseph Finnigan
      *joseph.finnigan@usdoj.gov*

The following was not served. Return service ("unable to deliver"; "unable to forward"; "return to sender"(quote)) had been made:

1.)   WILLIAM H. NARWOLD[131]
      MOTLEY RICE LLC
      3333 K Street, N.W., Suite 450
      Washington, D.C. 20007
      *bnarwold@motleyrice.com*


Dated, this 28th day of October 2017.

Rose Howell
9504 NE 5th Street
Vancouver, WA 98664

/////
/////APPENDIX 1-64, *Enclosed*.

_____

[131] *See,* the attached (COPY Of RETURN) marked "RETURN SERVICE" (not a listed APPENDIX).

Verified MOTION With BRIEFING -
FRCP 50(a)(1)(B), and 28 U.S.C. §1651 (*citing* FRCP 60(b), and FRCP 6(b)(2))
w/ attached CERTIFICATE OF SERVICE - 75

ROSE HOWELL
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953-0798

# RETURN

# SERVICE

*ATTACHED*

William H. Narwold
Motley Rice LLC
3333 K Street, N.W.
Suite 450
Washington, D.C.  20007



William H. Norwold
Motley Rice LLC
3333 "K" Street, N.W.
Sul
Wo

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

FOREVER

# VIKARA-Howell's APPENDIX

| APPENDIX | DOCUMENT | NUMBER of PAGES |
|---|---|---|
| 1 | Summary Of Demands[1], Dated May 18, 2017 | 27 |
| 2 | Notice to Exclude, Cross & Counter-Claim, Case No. 8:16-CV-00278-DOC-DFM (U.S. Dist. CT., Cent. Cali, South, September 21, 2017) | 48 |
| 3 | Subpoena(s) No. 16-6-01190-0 (Pierce County, Washington, Superior CT., Nov. 17, 2016) | 8 |
| 4 | Letter(s) of CANCELLED Proceedings, No. 16-6-01190-0 (WASH. ATTORNEY GENERAL) | 2 |
| 5 | Order to Examine No. 16-1-00311-7 (Clark County, Washington, Superior CT., Feb. 9, 2016) | 4 |
| 6 | Order to Commit (90 day) No. 16-1-00311-7 (Clark County, Washington Superior CT., Feb. 26, 2016) | 2 |

---

[1] *See, e.g.,* <u>RCW 48.31.151</u>, and <u>RCW 48.31B.060</u>, and <u>RCW 48.30.015(2)</u>, *citing* <u>28 U.S.C. §1330</u>; and <u>§1332</u>, and <u>18 U.S.C. §1964(c)</u> (*quoting* <u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u>) (*quoting,* <u>FRCP 60(b)</u>, and <u>FRCP 6(b)(2)</u>).

| | | |
|---|---|---|
| 7 | Order to Transport (90 day)<br>    No. 16-1-00311-7<br>(Clark County, Washington, Superior CT.,<br>  Feb. 26, 2016) | 2 |
| 8 | Order To Rescind "No Contact"<br>    No. 16-1-00311-7<br>(Clark County, Washington, Superior CT.,<br>  Oct. 26, 2016) | 1 |
| 9 | Order of Dismissal<br>    No. 16-1-00311-7<br>(Clark County, Washington, Superior CT.,<br>  Oct. 26, 2016) | 2 |
| 10 | Order of Dismissal, Detainment & Transport<br>    No. 16-1-00311-7<br>(Clark County, Washington, Superior CT.,<br>  Nov. 2, 2016) | 2 |
| 11 | Notice of Release, Discharge, or Death[2]<br>    No. 16-1-00311-7<br>    No. 16-6-01190-0<br>(STATE Of WASHINGTON, June 30, 2017) | 1 |
| 12 | Judgment<br>    No. 16-316C<br>(U.S. Court Of Federal Claims, Aug. 15, 2016) | 1 |
| 13 | Order<br>    No. 16-316C<br>(U.S. Court Of Federal Claims, Aug. 15, 2016) | 1 |
| 14 | Opinion<br>    No. 16-316C<br>(U.S. Court Of Federal Claims, Aug. 15, 2016) | 20 |

---

[2] *See, e.g.* 28 U.S.C. §2252 (*citing* 28 U.S.C. §§2253-54 w/ §2243).

| | | |
|---|---|---|
| 15 | Order of Dismissal<br>        No. 16-316C<br>(U.S. Court Of Federal Claims, Sept. 13, 2016) | 1 |
| 16 | Certificate Of Finality<br>        No. 43759-7-II<br>C/A No. 01-2-02693-7<br>(Wash. State Appeals CT., Jan. 28, 2013) | 1 |
| 17 | Order Dismissing Personal Restraint<br>Petition,<br>        No. 43759-7-II<br>C/A No. G08-0084; and<br>        No. 01-2-02693-7; and<br>        No. 10-1-00150-6<br>(Wash. State Appeals CT., Oct. 30, 2012) | 2 |
| 18 | Comm.'s Ruling Dismissing Action,<br>and Denying Motions,<br>        No. 87757-2<br>C/A No. 85145-0; and<br>        No. 85347-9; and<br>        No. 85973-6<br>(Wash. State Supreme CT., Oct. 8, 2012) | 4 |
| 19 | Order Denying Motion to Modify<br>the Court Comm.'s Ruling,<br>        No. 87757-2<br>(Wash. State Supreme CT., Jan. 8, 2013) | 1 |
| 20 | Certificate Of Finality<br>        No. 87757-2<br>(Wash. State Supreme CT., Jan. 11, 2013) | 1 |
| 21 | Mandate<br>        No. 42537-8-II<br>C/A No. 10-1-00150-6<br>(Wash. Appeals CT., dated Sept. 24, 2012) | 2 |

| 22 | Order | 1 |
| | No. 85973-6 | |
| | C/A No. 39670-0-II and 40004-9-II (consol) | |
| | (Wash. State Supreme CT., Sept. 27, 2011) | |

| 23 | Ruling Denying Review | 2 |
| | No. 85973-6 | |
| | C/A No. 01-2-02693-7 | |
| | (Wash. State Supreme CT., July 1, 2011) | |

| 24 | Order Denying Motion To Recall Mandate | 1 |
| | No. 39670-0-II | |
| | (Wash. Appeals CT., Div. II, April 11, 2011) | |

| 25 | Mandate | 2 |
| | No. 39670-0-II consol. w/40004-9-II | |
| | C/A No. 01-2-02693-7 | |
| | (Wash. Appeals CT., Div. II, Feb. 24, 2011) | |

| 26 | Certificate of Finality | 1 |
| | No. 85347-9 | |
| | (Wash. Supreme CT., February 9, 2011) | |

| 27 | Order Denying Motion for Reconsideration | 1 |
| | No. 85347-9 | |
| | (Wash. Supreme CT., Feb. 2, 2011) | |

| 28 | Order Denying Accelerate, and Writ | 1 |
| | No. 85347-9 | |
| | (Wash. Supreme CT., Jan. 5, 2011) | |

| 29 | Order | 1 |
| | No. 85145-0 | |
| | C/A No. 39670-0-II, consol w/40004-9-II | |
| | (Wash. Supreme CT., Jan. 5, 2011) | |

| 30 | Order Denying Motion For Reconsideration | 1 |
| | No. 39670-0-II | |
| | C/A No. 01-2-02693-7 | |
| | (Wash. Appeals CT., Sept. 7, 2010) | |

31          Opinion                                                         5
                No. 39670-0-II, consol w/40004-9-II
            C/A No. 01-2-02693-7
                (Wash. Appeals CT., Aug. 5, 2010)

32          Clerks Decision                                                 2
                No. 83875-5
            C/A No. 39670-0-II; and
                No. 01-2-02693-7
            (Wash. Supreme CT., Nov. 18, 2009)

33          Order of Forefeiture[3], Judgment,                             12
            and Sentence
                No. 10-1-00150-6
            (Clark County, Wash., Superior CT.,
             July 28, 2011)

34          Findings of Fact & Conclusions of Law[4],                      5

---

[3] It's ""not"" Petitioner that is required to FORFEIT under the LAW; but rather, the HOLDERS and TAKERS, *citing* <u>RCW 48.31.151</u>, and <u>RCW 48.31B.060</u>, *quoting* <u>FRCP 50(a)(1)(B)</u>, and <u>28 U.S.C. §1651</u>.

[4] **Total Fabrication of Clark County, et al. Imagination** (emphasis added) as nothing stated actually occurred, *citing* <u>FRCP 60(b)(3)</u>..........noting **FACTS:** <u>No. 1</u>, Clark County had issued a "No Contact Restraining Order" *in effect* (*see,* APP. No. 2, at pg. 3)); (*i.e.,* habitual aid)..................;

<u>No. 2</u>, never occurred (fictional), and wouldn't have been permitted (private property)..............................................;

<u>No. 3</u>, no warrant was served, although *a person dressed* in Clark County Sherriff uniform did *force entry* into the **petitioner's HOME**, at **9504** NE 5th Street (*see,* APP. No. 35, and 38), then proceeded to *force himself throughout the residence* (in a dangerous forceful manner), and literally *compelled the petitioner out of the residence* without serving "any" warrant, *no utterance was made* (FACT: the Ford F-350 parked in the driveway, *was purchased with earned income and a loan"* (*i.e.,* Advantis Credit Union ""LOAN"", paid-off in 2014), although *a lawsuit is appropriate* (the games are immature and create damages, they're also extremely malicious and *not becoming anyone responsible under or to the law*)...................................................;



|    | on Order of Forefeiture, Judgment, and Sentence<br>No. 10-1-00150-6<br>(Clark County, Wash., Superior CT.,<br>July 28, 2011) |   |
|----|---|---|
| 35 | Amended Information[5]<br>No. 10-1-00150-6<br>(Clark County, Wash., Superior CT.,<br>July 19, 2011) | 1 |
| 36 | Findings Of Fact & Conclusions Of Law,<br>on Defendant's Motion to Dismiss[6] | 4 |

No. 4, the private property was TAKEN (*quoting* the "Takings Clause" of the U.S. 5th and 6th Amendment's) from a locked cabinet, ***without a warrant or just cause*** (*citing* U.S. 4th Amendment; and Art. I, §7, Wash. Const.), and ***still remains*** "retained" unlawfully in custody.....................................;

No. 5, Miranda ""did apply"" the County had issued a "No Contact Restraining Order" and the residence is petitioner's private PAID-FOR property (emphasis on "paid-for") (*e.g.,* fraud of no doubt of numerous Courts, *citing* FRCP 60(a), (b)(3,4,6), (d)(3)); *and the court should not that:*

The results of this Judgment (APP. No. 22) has bestowed upon Clark County Crime Ring, ""et al."" BILLIONS more of "unauthorized" distribution(s) (APP. No.'s 44, 46-48) (*i.e.,* from property records alone; and Trust Deed allocations have tripled since 2011), *citing* RCW 48.30.230, triggering 9A.20 RCW, and TITLE 18 U.S.C., *see* No. G08-0084) (APP. No. 2, at pgs. 37-43, n. 54-58).

[5] **9508** N.E. 5th St. ""is"" the HOME address of **DENNIS & JULIE WOODS** (*See,* APP. No. 38), not the Petitioner's (emphasis added to "not").

[6] Petitioner's MOTION to DISMISS (ECF 14) was filed ***almost a year before it was ever heard*** (*quoting* 18 U.S.C. §3161) and AFTER ***defamatory lies*** *were entered into the public records system* (emphasis added to "LIES"); LIES *that have life-long damages* (emphasis added) (ECF 15, 16, 17, 20, 21, 25, 27, 28, 98-103, see at, *dw.court.wa.gov*)....................;

**FACT(s):**

(1)    Petitioner was never "at" "or admitted to" or "transferred to" any Wash. State Facility (as stated) nor, ""any other"" (emphasis added).................;

(2)    Petitioner was locked in Clark County Jail ***consecutively*** and ***the entire time stated and for time that was omitted***.................;

No. 10-1-00150-6
(Clark County, Wash., Superior CT.,
Feb. 15, 2011)

---

(3)   Clark County, ""et al."" knew it was *JULIE & DENNIS WOODS* (APP. No. 35, and APP. No. 38 *in re*: ECF 86), that committed the *FELONY THEFT(s)* with the "unauthorized" use of Petitioner's Identity and Personal Identifiable Information, *which could only have been ascertained* from CLARK COUNTY EVERGREEN SCHOOL DIST. RECORDS of Ex-Rel's, No. 3-7, other than the county or state itself;

BECAUSE:

(A)   Clark County kept sending Petitioner's mail to **9508** NE 5th Street (APP. No. 35, and 38) even though Petitioner notified the Prosecutor on the record that that was "not" Petitioner's Home Address...................;

(B)   Clark County **STORMED and Busted in the DOOR at 9504** NE 5th Street on March 29, 2010, not 9508 NE 5th Street (APP. No. 35) because *they knew it was* where they would find the petitioner at **HOME**...............;

(C)   The Information of Feb. 8, 2010 (ECF 1), is issued *the same day* the Wash. CT of Appeals, Div. II, No. 39670-0-II, entered an Order and Ruling on Petitioner's Motions, without action, although Petitioner's Motion For Judgment As A Matter Of Law was filed post-judgment, and has been deferred since July 2009..................;

(D)   During the 15 minutes of jury deliberation **pre-determined by JUDGE DIANE WOOLARD** it was **DENNIS & JULIE WOODS adult son TIMOTHY WOODS** that was in the Courthouse and likely profited quite handsomely by aiding in the Fraudulent WRONGFUL Judgment (APP. No. 33), *quoting* RCW 48.30.230, and RCW 9A.28, and RCW 9A.56, and RCW 9A.60........and;

(E)   That Judgment (APP. No. 33) since 2011 has flushed Clark County Treasurer *additional wrongfully distributing BILLIONS* (APP. No.'s 44, 46-48) into the hands of the Clark County Public, ""et al."" (*e.g.*, records) *not legally belonging thereto and without an agreement whatsoever, quoting* RCW 48.31.151, and RCW 48.31B.060. None of which has ever made it to the Petitioner (emphasis added to the "intent") (*See,* APP. No. 33, 38, 39-42, 44-48, 52-61).

37          Memorandum of Disposition                        1
                No. 10-1-00150-6
            (Clark County, Washington, Superior CT.,
                dated March 30, 2010)

38          Clark County Property Records                    4
                No. 111019018,
            **WOODS, DENNIS & JULIE,** Of
            **9508** N.E. 5th Street[7],
            Vancouver, WA  98664

39          Order For Disbursement Of Funds[8]               3
                No. 01-2-02693-7
            (Clark County, Washington, Superior CT.,
                Oct. 20, 2009)

40          Order On Post-Judgment Motions                   3
                No. 01-2-02693-7
            C/A No. 09-9-05376-5
            (Clark County, Washington, Superior CT.,
                Aug. 07, 2009)

41          Judgment                                         3
                No. 01-2-02693-7
            C/A No. 09-9-05376-5
            (Clark County, Washington, Superior CT.,
                July 17, 2009)

---

[7] *See* APP. No. 35. Petitioner's MOTION To DISMISS (ECF 14) should've been granted and damages awarded BEFORE the LIFE-LONG damages of defamatory LIES were entered into the public records system (APP. No. 2, at pgs. 37-43, n. 54-58).

[8] LMHC, ""et  al."" sought to pay off their attorneys who are/have been assisting them to commit FRUADS (emphasis added). Petitioner's expenses didn't seem to be of concern nor, was restitution for the "acts" of KEITH and ARLIS PLOTNER, "'et al."" whose attorney sat on SW Wash, Medical Ctr. Board (*e.g.,* ""4"" LIENS (APP. No. 46) fraudulently filed and SATISFIED in 2001 (APP. No. 46); 2001, is when SW Wash. Med. Ctr. began building its empire).

| 42 | Order On Defendant's Motion For Summary Judgment<br>   No. 01-2-02693-7<br>(Clark County, Washington, Superior CT.,<br>   April 10, 2009) | 2 |
| 43 | Order Denying Plaintiff's Motion For Default<br>   No. 01-2-02693-7<br>(Clark County, Washington, Superior CT.,<br>   April 11, 2008) | 2 |
| 44 | Affidavit Regarding Creditors Claims[9]<br>   No. 05-4-00421-6<br>(Clark County, Washington, Superior CT.,<br>   Oct. 28, 2005) | 2 |
| 45 | Final Order Approving Acquisition Of Control[10] | 23 |

---

[9] *See* APP. No. 1, at pg. 19 ("CHANGE").

[10] The GOVERNMENT CONTROL:

(1)    TRIGGERED <u>TITLE 48 RCW</u>...............(APP. No.'s 11, 45, 49-51);

(2)    is/was "unauthorized"...................(<u>RCW 48.31.151</u>);

(3)    is/was un-notified, *quoting* <u>FRCP 60(d)(2)</u>, <u>(d)(3)</u>..................;

(4)    ended with Petitioner's Grandmother (PAULINE CAMERON (nee' HILL) FLEMING) demise on Sept. 21, 2008, Gladstone OREGON (*e.g.*, Clackamus & Multnomah County(s)), subsequent to "5" other(s)..................(<u>28 U.S.C. §2674¶2</u>);

(5)    was in concert with Petitioner's court actions and motions, *that were denied*..............(APP. No.'s 12-15, 16-37, 39-43);

(6)    distributed further of Petitioner's Estate Assets to the public, ""et al."" *without any agreement whatsoever*, *quoting* <u>RCW 48.31.151</u>, and <u>RCW 48.31B.060</u>..............(APP. No's 44, 46-48, 53-61);

(7)    was conducted in the public arena (<u>5 U.S.C. §552a</u>) with HILARY CLINTON, ""et al."" *further funding acts of malice aforethought* (<u>FRCP 60(b)(2)</u>)..............(APP. No. 45);

No. G08-0084
(State Of Washington, Office Of The
Insurance Commissioner, Sept. 18, 2008)

46          Liens & Lien Satisfactions,                    8
                  HOWELL, ROSE A.
            **Lien No.'s:**
                  3136433, Aug. 2, 1999;
                  3141076, Aug. 16, 1999;
                  3151858, Sept. 17, 1999;
                  3162673, Oct. 25, 1999;
            **Lien Satisfaction No.'s:**
                  3332686, June 15, 2001;
                  3333384, June 18, 2001;
                  3333853, June 18, 2001;
                  3334240, June 18, 2001[11]
                  (Clark County Auditor's Office)

47          Judgment                                       1
            HOWELL, ROSEMARIE
                  Doc No. 5077613, June 5, 2014
            (Clark County Auditor's Office)

48          Judgment                                       1
            HOWELL BRIAN P., HOWELL ROSE A.
                  Doc No. 4578420, June 30, 2009
            (Clark County Auditor's Office)

---

(8)      deprived the Petitioner *another DECADE* of her LIFE, LIBERTIES, PROPERTIES, and PURSUIT Of HAPPINESS, <u>XIV Amendment, §I,</u> "Due Process Clause"............(APP. No. 45);

(9)      caused the unlawful restraints (persons and property)...........(APP. No.'s 1-64); and

(10)    many more issues (emphasis added).

[11] The recorded DEEDS OF TRUST (allocation of third party distributions, prox. $500,000.00 each) correspond with and attach to, these LIEN SATISFACTIONS (APP. No.'s 46-48); and the LIENS are most likely THIRD PARTY "unauthorized" DEMANDS.

| 49 | Final Order Approving Re-domestication No. 11-0261 (State Of Washington Office Of The Insurance Comm., Jan. 12, 2012) | 11 |
| 50 | Order Dismissing Petition No. 12-0143 (State Of Washington Office Of The Insurance Comm., March 16, 2012) | 4 |
| 51 | Order No. 12-0143 (State Of Washington Office Of The Insurance Comm., May 11, 2012) | 5 |
| 52 | Judgment On Court Verdict[12] No. 96-1171-JM-JFS (U.S. Dist. CT., Cali South, Feb. 6, 1998) | 3 |
| 53 | Foreign Judgment w/ Money Award, w/ attached Debt Calculation No. 100608504 (Circuit Court, Multnomah County, Oregon, June 10, 2010) | 6 |
| 54 | Order Of Disposition[13] No. 08-8-00537-8 C/A JUVIS No. 933008-08-R-027795 | 3 |

---

[12] This Judgment began years earlier in Superior CT., San Diego subsequent to that Fraudulent TRUST INDENTURE, No. BP3019010, and ended in U.S. Dist. CT. South California on Feb. 6, 1998.

[13] Clark County, ""et al."" awarded ""minor"" Ex-Rel, No. 6, Felony Judgment(s); and granted themselves *yet further* ""Taking(s)"", *citing* FRCP 60(b)(3-4) (*e.g.*, discovery when searching juvenille records (trust is noted w/ no supporting docs, *citing* FRCP 60(d)(3)), *quoting*, RCW 48.30.230, triggering 9A.20 RCW, and TITLE 18 U.S.C.. (APP. No. 2, at pg. 9, n. 7-8; and pgs. 19-20, n. 22; and pgs. 27-28, n. 40).

(Clark County, Washington, Superior CT.,
 Aug. 8, 2008)

55      Default Judgment           2
          No. 2907195
      (Clark County, Washington, District CT.,
       June 23, 2004)

56      Judgment Of Dismissal        2
          No. 02-2-00265-3
      (Clark County, Washington, Superior CT.,
       Sept. 20, 2002).

57      Judgment of Dismissal        1
          No. 01-176-JE
      (U.S. Dist. CT., Oregon, March 13, 2002)

58      Assignment Of Judgment       2
          No. 02-2-03215-3
      C/A 02-9-03952-8
      (Clark County, Washington, Superior CT.,
       May 14, 2010)

59      Judgment             2
          No. 02-2-03215-3
      (Clark County, Washington, Superior CT.,
       Sept. 19, 2003)

60      Default Judgment           4
          No. 279966-2
      (Clark County, Washington, District CT.,
       June 21, 2002 (signed),
       recorded June 5, 2002)

61      CALIFORNIA STATE UNCLAIMED   3
      PROPERTY AFFIDAVITS, *notarized*
      VIKARA, JOSEPH J. (Petitioners father)
      13115 Pam Lane., Lakeside, CA
       Property Id No. 964241094
      (Calif. State Comptroller,

Nov. 21[14], and Dec. 20, 2011

| | | |
|---|---|---|
| 62 | Order of Dismissal[15]<br>    No. 12694V (*copy is unclear*)<br>(Clark County, Washington, District CT.,<br>    February 2, 2008) | 2 |
| 63 | CALIFORNIA STATE DEMAND[16]<br>    Account No. 1205987015<br>(State Of California Franchise Tax Board,<br>    August 19, 2017 w/ attachment dated Aug. 8, 2017 | 4 |
| 64 | WASHINGTON STATE DEMAND[17]<br>OREGON STATE DEMAND (consol.)<br>    RE: EXIT PLAN<br>    No. 16-1-00311-7<br>    No. 16-6-01190-0<br>(State of Washington, dated October 10, 2017) | 5 |

---

[14] Nov. 17 or 18, 2011, Petitioner **discovered this unclaimed property online**, then the following morning phoned the State Of California. Then phoned Prudential who *after several calls* gave the Petitioner some **very false and misleading info** and then eventually gave Petitioner the TRUST No. **over the phone** (**before that** Petitioner had no knowledge of any such trust). It was Prudential's misleading lies that Petitioner submitted (APP. No. 49), which is totally "incorrect". Later, Petitioner discovered that it was PAUL, SANDRA, and STEVEN HOWELL, et al. who have absolutely "zero" authority then, now, or anytime, *citing* RCW 48.31.151, that produced that Fraudulent TRUST INDENTURE which has RAPED Petitioner's (ALL) of their LIVES, LIBERTIES, PROPERTIES, and PURSUIT Of HAPPINESS Now DECADES[.]

[15] The County stormed the house without a warrant, forced entry, and forced the Defendant out-of the residence (habitual tactic), *quoting* U.S. 4th Amendment; and Wash. Const. Art. I §7).

[16] *See*, APP. No. 52 (dated, Feb. 6, 1998); and APP. No.'s 1, 61, 63.

[17] *See*, App. No. 4-11, 16-43, 44, 45, 46-48, and 57; and APP. No's 1, 53-61, 64 (*quoting*, APP. No. 57).