# APPENDIX 44

**FILED**

**OCT 2 8 2005**

JoAnne McBride, Clerk, Clark Co.

IN THE SUPERIOR COURT OF WASHINGTON FOR CLARK COUNTY

| | | |
|---|---|---|
| In the Estate of: | ) | NO.  05-4-00421-6 |
| | ) | |
| KEITH WALTER PLOTNER, | ) | AFFIDAVIT REGARDING |
| | ) | CREDITOR'S CLAIMS |
| Deceased. | ) | |

STATE OF WASHINGTON     )
                        : ss.
County of Clark          )

1.    I am the duly appointed Personal Representative herein and the statements made in this affidavit are based on my own personal knowledge and belief.

2.    During the four-month time limitation for filing creditor's claims against the estate, which expired on October 8, 2005. I have done the following in order to ascertain the nature and extent of all indebtedness and debts the decedent had at the time of his death:

A    Reviewed the decedent's correspondence, including the correspondence received after the date of death,

B.    Reviewed the decedent's financial records, including but not necessarily limited to check books, bank statements, and income tax returns; and

C.    Inquired of the decedent's heirs, devisees and legatees regarding claimants.

3.    All persons who might possess a claim against the estate have been given notice of these proceedings and delivered a copy of the Notice to Creditors as required by law or paid in full.

OCT 3 0 2007

18

AFFIDAVIT REGARDING CREDITOR'S CLAIMS - 1
(SWS\Clients\Plotner\AffCrClm)

Scott W. Swindell, Attorney at Law, P.C.
Suite 200
105 West Evergreen Boulevard
Post Office Box 264
Vancouver, Washington 98666-0264
Telephone (360) 693-5883

4.     The undersigned has exercised reasonable diligence within the meaning of RCW 11 40.040.

5.     I have received the following described creditor's claims, the originals of which are on file herein:

| Creditor | Amount of Claim | Date of Claim |
|----------|-----------------|---------------|
| Rose Howell | $ 10,500,000.00 | 07/22/05 |
| Bank One | 9,039.44 | 08/25/05 |
| MBNA America | 213.76 | 09/20/05 |

To the best of my knowledge the Rose Howell claim will be satisfied by the proceeds of an automobile insurance policy if it is found that the decedent is liable for any damages arising out of the automobile accident to which this claim is related. The remaining claims have been satisfied by me as Personal Representative out of funds held by the estate. I have not received any other creditor's claims and to the best of my knowledge no other creditor's claims have been filed herein

_____
Arlis J. Plotner / Personal Representative

SIGNED AND SWORN TO before me this 27th day of October, 2005, by Arlis J. Plotner

_____
NOTARY PUBLIC
My Commission Expires: 8-1-08

AFFIDAVIT REGARDING CREDITOR'S CLAIMS - 2
(SWS-Clients\Plotner\AffCrClm)

Scott W. Swindell, Attorney at Law, P.C.
Suite 200
105 West Evergreen Boulevard
Post Office Box 264
Vancouver, Washington 98666-0264
Telephone (360) 693-5883

# APPENDIX 45

**STATE OF WASHINGTON**



**OFFICE OF
INSURANCE COMMISSIONER
HEARINGS UNIT**
Fax: (360) 664-2782

Phone: (360) 725-7000
www.insurance.wa.gov

# FILED

## SEP 1 8 2008

Hearings Unit, OIC
Patricia D. Petersen
Chief Hearing Officer

MIKE KREIDLER
STATE INSURANCE COMMISSIONER OF MAILING
I declare under penalty of perjury
under the laws of the State of
Washington that on the date listed
below, I mailed or caused delivery
of a true copy of this document to
parties listed
DATED this 19th day of Sept 2008
at Tumwater, Washington.

Signed: W Holloway

Patricia D. Petersen
Chief Hearing Officer
(360) 725-7105

Wendy Galloway
Paralegal
(360) 725-7002
Wendyg@oic.wa.gov

BEFORE THE STATE OF WASHINGTON
OFFICE OF INSURANCE COMMISSIONER

In the Matter of the Acquisition of Control of:

SAFECO INSURANCE COMPANY OF AMERICA, GENERAL INSURANCE COMPANY OF AMERICA, FIRST NATIONAL INSURANCE COMPANY OF AMERICA, and SAFECO SURPLUS LINES INSURANCE COMPANY,

by

LIBERTY MUTUAL HOLDING COMPANY, INC., LMHC MASSACHUSETTS HOLDINGS, INC., LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY INSURANCE HOLDINGS, INC., and LIH US P&C CORPORATION.

No. G08-0084

FINAL ORDER APPROVING ACQUISITION OF CONTROL

TO:   Richard P. Quinlan
      Liberty Mutual
      Sr. Vice President & Deputy General Counsel
      175 Berkeley Street
      Boston, Massachusetts 02117-0140

1   Melvin N. Sorensen, Esquire
    Carney, Badley Spellman, PS
2   701 Fifth Avenue, Suite 3600
    Seattle, Washington 98104-7010
3

4   James F. Williams, Esquire for Safeco
    Perkins Coie LLP
5   1201 Third Avenue, Suite 4800
    Seattle, Wa 98101-3099
6

7   DeAnn F. Work
    Safeco Insurance Companies
8   Sr. Associate General Counsel
    Safeco Plaza
9   1001 4th Avenue, Floor 27
    Seattle, WA 98154
10

11  Christina Beusch, Assistant Attorney General
    Office of the Attorney General
12  Attorney for the Insurance Commissioner's Staff
    PO Box 40100
13  Olympia, WA 98504-0100

14  **COPY TO:**  Mike Kreidler, Insurance Commissioner
               Vernon Stoner, Chief Deputy Insurance Commissioner
15             James T. Odiorne, Deputy Commissioner, Company Supervision Div.
               Ronald Pastuch, Holding Manager, Company Supervision Div.
16             Carol Sureau, Deputy Commissioner, Legal Affairs Division
               Charles D. Brown, Sr. Staff Attorney, Legal Affairs Division
17             Office of the Insurance Commissioner
               PO Box 40255
18             Olympia, WA 98504-0255

19

20                    I.   **INTRODUCTION**

21

22  Pursuant to Chapter 48.04 RCW, Chapter 34.05 RCW, RCW 48.31B.015, and Chapter 284-

    18 WAC, and after notice to interested parties and persons (see notice detailed below), the

23  above-entitled matter came on regularly for hearing before the undersigned commencing at

24  10:00 a.m., on September 10, 2008, in the Office of the Insurance Commissioner, 5000

25  Capitol Boulevard, Tumwater, Washington 98501, and continued through September 11,

Final Order Approving Acquisition of Control
G08-0084 – Page 2

2008. All persons to be affected by the above-entitled matter were given the right to be present at such hearing, during the presentation of testimony, and had reasonable opportunity to inspect all documentary evidence, to examine witnesses and present oral and written statements. The Office of the Insurance Commissioner Staff ("OIC Staff") was represented by Christina Beusch, Assistant Attorney General, and Charles D. Brown, Sr. Staff Attorney, Legal Affairs Division. Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation, were represented by Richard P. Quinlan, Sr. Vice President & Deputy General Counsel of Liberty Mutual Group of Boston, Massachusetts, and local counsel Melvin N. Sorensen, Esq. of Carney Badley Spellman P.S., Seattle, Washington. Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company, were represented by DeAnn F. Work, Sr. Associate General Counsel, and James F. Williams, Esquire of Perkins Coie, LLP, 1201 Third Avenue, Suite 4800, Seattle, Washington.

## II.   NATURE OF PROCEEDING

On May 16, 2008, the Applicants, by and through their counsel, Richard P. Quinlan and Melvin N. Sorenson, filed a Form A Statement Regarding the Proposed Acquisition of Control of or Merger with a Domestic Insurer with the Washington State Insurance Commissioner ("Commissioner"), which is the preacquisition notification and application for approval of this proposed acquisition, asking for the Commissioner's approval of its proposed acquisition of control of Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company, all Washington domiciled insurers. On August 5, 2008, Applicants filed an Amended Form A (original Form A and Amended Form A together referred to as "Form A"). As part of the overall transaction, the Applicants also propose to acquire control of Barrier Ridge LLC of Delaware, Safeco Insurance Company of Illinois including its subsidiary Insurance Company of Illinois,, American Economy Insurance

Final Order Approving Acquisition of Control
G08-0084 – Page 3

Company of Indiana including its subsidiary American States Insurance Company of Texas, American State Insurance Company of Indiana, American State Preferred Insurance Company of Indiana, Safeco National Insurance Company of Missouri, Safeco Properties, Inc. of Washington including its subsidiaries, Open Seas Solutions, Inc. of Washington including its subsidiary and General America Corporation of Washington including its subsidiaries.   The portion of the proposed transaction that involves acquisition of the Delaware, Illinois, Indiana, Missouri and Texas corporations is subject to the jurisdiction of those domiciliary states and is therefore not the subject of the proceeding herein although the approval of those states is largely contingent upon approval of this state.

The Applicants propose to acquire Safeco Corporation, the domestic insurers, and all other subsidiaries of Safeco Corporation for the purchase price of approximately $6.2 billion cash.

On August 5, 2008, the Commissioner designated the undersigned to conduct the proceeding and make the final decision in this matter, with no input from the Commissioner or members of his staff involved in this case.  Should this proposed acquisition be approved, Safeco Corporation, including all of its subsidiaries, would become an indirect wholly-owned subsidiary of Liberty Mutual Holding Company Inc., which is the ultimate parent corporation, and a direct wholly-owned subsidiary of LIH US P&C Corporation, resulting in a change of control of Safeco Corporation and all of its subsidiaries.  Further, should this proposed acquisition be approved, Safeco Corporation would cease to be a publicly traded stock corporation and become a privately held corporate subsidiary of Liberty Mutual Group, a privately held corporation.

RCW 48.31B.015, part of the Washington Insurer Holding Company Act, requires that the Commissioner hold a hearing to examine the evidence and determine whether the proposed acquisition of control of these Washington domestic insurance companies satisfies the applicable statutory criteria and should be approved.  The requested effective date of the proposed acquisition of control is as soon as possible after the entry of the Final Order herein.

Final Order Approving Acquisition of Control
G08-0084 – Page 4

## III. FINDINGS OF FACT

Having considered the written and oral evidence presented at the hearing, and the documents filed herein, including the Form A Statement Regarding the Merger and Acquisition of Control of a Domestic Insurer filed with the Commissioner May 16, 2008, the Amended Form A Statement Regarding the Merger and Acquisition of Control of a Domestic Insurer filed August 5, 2008, the exhibits to the Form A and the Amended Form A, and the entire hearing file, the undersigned finds as follows:

1.      The Commissioner has duly and properly appointed the undersigned to conduct the adjudicative proceeding in this matter and to make the final decision herein. The hearing was duly and properly convened and all substantive and procedural requirements under the laws of the state of Washington have been satisfied.

2.      The entities being proposed to be acquired, insofar as this proceeding is concerned, are Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company (together, "Domestic Insurers"). They are all active domestic Washington insurers, holding Washington Certificates of Authority Nos. 621, 446, 440, and 1538, respectively.  They are all wholly owned subsidiaries of Safeco Corporation, a Washington insurance holding corporation. [Ex. 1, Form A, Organizational and Entity Chart 3.]

3.      The Applicants are Liberty Mutual Holding Company Inc. ("LMHC"), a Massachusetts mutual holding company and the ultimate parent corporation of the affiliated Liberty Mutual Group of companies; LMHC Massachusetts Holdings Inc. ("LMHC MA"), a Massachusetts corporation and a direct wholly-owned subsidiary of LMHC; Liberty Mutual Group Inc. ("LMGI," a Massachusetts corporation and a direct wholly-owned subsidiary of LMHC MA; and Liberty Mutual Insurance Company ("LMIC"), a Massachusetts stock insurance company and a direct wholly-owned subsidiary of LMGI; Liberty Insurance Holdings, Inc. ("LIHI"), a Delaware corporation and a direct wholly-owned subsidiary of LMIC; and LIH US P&C Corporation (LIH US), a Delaware corporation and a direct wholly-owned subsidiary of LIHI (together, the "Applicants").   [Ex. 1, Form A, Organizational Charts 1, 2, 3.]  LMHC currently has 50 subsidiaries, and in 2007 was the

000010

sixth largest property and casualty insurance entity in the United States and held 94th place among Fortune 500 companies. [Testimony of Fallon.]

4.     The Applicants propose to pay the $6.2 billion purchase price for the Safeco organization and all of its subsidiaries cash on hand throughout the Liberty Mutual Organization.   Briefly, LMIC is purchasing $5.545 billion of LIHI stock, Employers Insurance Company of Wausau is contributing $350 million, and Liberty Mutual Fire Insurance Company is contributing $250 million. [Ex. 1.]

5.     If this proposed acquisition of control is approved, the result will be that Safeco Corporation, the Washington domestic insurers, and all other Safeco affiliates will be wholly owned by LIH US. [Ex. 1, Form A; Testimony of Fallon; Testimony of Quinlan.] Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company will remain active Washington domiciled insurance companies and will continue to be subject to the jurisdiction of the Commissioner.   [Ex. 1, Form A; Testimony of Fallon; Testimony of Quinlan; Testimony of Michael Hughes.]

6.     Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company have agreed to be acquired by Applicants. [Ex. 1, Form A; Testimony of Michael Hughes.]

7.     On May 16, 2008, the Applicants filed their Form A with the Commissioner. Said Form A was filed over 60 days prior to the proposed effective date of the proposed acquisition. Said Form A was amended by filing on August 5, 2008. In response to orders of the undersigned entered subsequently, Applicants furnished further material information necessary to review this matter on August 29, 2008 and September 3, 2008; additionally, on August 29, 2008, furnished further material information necessary to review this matter. All of this additional information is also included in the hearing file. Said Form A, with stated supplemental information, includes substantial information and agreements concerning this proposed acquisition as required, including a copy of their Agreement and Plan of Merger Dated as of April 23, 2008 Among Liberty Mutual Insurance Company, Big Apple Merger

**Final Order Approving Acquisition of Control**
G08-0084 – Page 6

Corporation and Safeco Corporation.   The Applicants request that approval of this transaction be granted as soon as possible, and request that the effective date of this proposed acquisition of control or merger is as soon as possible after the entry of the Order herein, if approval is granted.  [Ex. 1, Form A.]

### A.   Safeco Insurance Company of America

8.    After the proposed acquisition of control, Safeco Insurance Company of America will continue to be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which the company is presently licensed. [Ex. 1; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

9.    The effect of this proposed acquisition of control of Safeco Insurance Company of America would not be substantially to lessen competition in insurance in this state or to create a monopoly therein. [Ex. 1; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

10.    The financial condition of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation is not such as might, after completion of the proposed acquisition, jeopardize the financial stability of Safeco Insurance Company of America or prejudice the interests of Safeco Insurance Company of America policyholders.  [Ex. 1; Testimony of Rudmose; Testimony of Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

11.    After completion of this proposed acquisition, there are no plans to liquidate Safeco Insurance Company of America, sell its assets, consolidate or merge it with any person, or make any other material change in its business or corporate structures or management which are unfair and unreasonable to policyholders of the insurer or not in the public interest. [Ex. 1; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.] Applicants intend to retain the Safeco name, and intend to retain the corporate headquarters of the Domestic Insurers in Seattle.  [Testimony of Fallon; Ex. 1, Agreement and Plan of Merger.]

Final Order Approving Acquisition of Control
G08-0084 – Page 7

12.    It cannot be found that the competence, experience, and integrity of those persons who would control the operation of Safeco Insurance Company of America after the proposed acquisition are such that it would not be in the interest of the insurer's policyholders and of the public to permit the acquisition of control. [Ex. 1; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

13.    It is not likely that this proposed acquisition of Safeco Insurance Company of America is hazardous or prejudicial to the insurance-buying public. [Ex. 1; Testimony of Rudmose; Testimony of Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

### B.    General Insurance Company of America

14.    After the proposed acquisition of control, General Insurance Company of America will continue to be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which the company is presently licensed. [Ex. 1; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

15.    The effect of this proposed acquisition of control of General Insurance Company of America would not be substantially to lessen competition in insurance in this state or to create a monopoly therein. [Ex. 1; Testimony of Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

16.    The financial condition of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation is not such as might, after completion of the proposed acquisition, jeopardize the financial stability of General Insurance Company of America or prejudice the interests of General Insurance Company of America policyholders. [Ex. 1; Testimony of Rudmose; Testimony of Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

17.    After completion of this proposed acquisition, there are no plans to liquidate General Insurance Company of America, sell its assets, consolidate or merge it with any person, or make any other material change in its business or corporate structures or management which are unfair and unreasonable to policyholders of the insurer or not in the public interest. [Ex.

000013

1; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.] Applicants intend to retain the Safeco name, and intend to retain the corporate headquarters of the Domestic Insurers in Seattle. [Testimony of Fallon; Ex. 1, Agreement and Plan of Merger.]

18.  It cannot be found that the competence, experience, and integrity of those persons who would control the operation of General Insurance Company of America after the proposed acquisition are such that it would not be in the interest of the insurer's policyholders and of the public to permit the acquisition of control. [Ex. 1; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

19.  It is not likely that this proposed acquisition of General Insurance Company of America is hazardous or prejudicial to the insurance-buying public. [Ex. 1; Testimony of Rudmose; Testimony of Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

## C.  First National Insurance Company of America

20.  After the proposed acquisition of control, First National Insurance Company of America will continue to be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which the company is presently licensed. [Ex. 1; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

21.  The effect of this proposed acquisition of control of First National Insurance Company of America would not be substantially to lessen competition in insurance in this state or to create a monopoly therein. [Ex. 1; Testimony of Noller; Testimony of Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

22.  The financial condition of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation is not such as might, after completion of the proposed acquisition, jeopardize the financial stability of First National Insurance Company of America or prejudice the interests of First National Insurance Company of America policyholders. [Ex. 1; Testimony of Rudmose; Testimony of

000014

Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

23.     After completion of this proposed acquisition, there are no plans to liquidate First National Insurance Company of America, sell its assets, consolidate or merge it with any person, or make any other material change in its business or corporate structures or management which are unfair and unreasonable to policyholders of the insurer or not in the public interest. [Ex. 1; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]  Applicants intend to retain the Safeco name, and intend to retain the corporate headquarters of the Domestic Insurers in Seattle.  [Testimony of Fallon; Ex. 1, Agreement and Plan of Merger.]

24.     It cannot be found that the competence, experience, and integrity of those persons who would control the operation of First National Insurance Company of America after the proposed acquisition are such that it would not be in the interest of the insurer's policyholders and of the public to permit the acquisition of control. [Ex. 1; Testimony of Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

25.     It is not likely that this proposed acquisition of First National Insurance Company of America is hazardous or prejudicial to the insurance-buying public. [Ex. 1; Testimony of Rudmose; Testimony of Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo .]

**D. Safeco Surplus Lines Insurance Company**

26.     After the proposed acquisition of control, Safeco Surplus Lines Insurance Company will continue to be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which the company is presently licensed. [Ex. 1; Testimony of Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

27.     The effect of this proposed acquisition of control of Safeco Surplus Lines Insurance Company would not be substantially to lessen competition in insurance in this state or to create a monopoly therein.  [Ex. 1; Testimony of Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

Final Order Approving Acquisition of Control
G08-0084 – Page 10

28.     The financial condition of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation is not such as might, after completion of the proposed acquisition, jeopardize the financial stability of Safeco Surplus Lines Insurance Company or prejudice the interests of Safeco Surplus Lines Insurance Company policyholders. [Ex. 1; Testimony of Rudmose; Testimony of Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

29.     After completion of this proposed acquisition, there are no plans to liquidate Safeco Surplus Lines Insurance Company, sell its assets, consolidate or merge it with any person, or make any other material change in its business or corporate structures or management which are unfair and unreasonable to policyholders of the insurer or not in the public interest. [Ex. 1; Testimony of Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.] Applicants intend to retain the Safeco name, and intend to retain the corporate headquarters of the Domestic Insurers in Seattle. [Testimony of Fallon; Ex. 1, Agreement and Plan of Merger.]

30.     It cannot be found that the competence, experience, and integrity of those persons who would control the operation of Safeco Surplus Lines Insurance Company after the proposed acquisition are such that it would not be in the interest of the insurer's policyholders and of the public to permit the acquisition of control. [Ex. 1; Testimony of Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch; Testimony of Cantilo.]

31.     It is not likely that this proposed acquisition of Safeco Surplus Lines Insurance Company is hazardous or prejudicial to the insurance-buying public. [Ex. 1; Testimony of Rudmose; Testimony of Noller; Testimony of Fallon; Testimony of Quinlan; Testimony of Pastuch.]

## E. Notice to Public and Objections

32.     The Notice of Hearing, which contains information concerning this proposed acquisition and the public hearing thereon, was published in its entirety on the Washington State Insurance Commissioner's website on August 26, 2008 and continuously from that time

Final Order Approving Acquisition of Control
G08-0084 – Page 11

1   until at least the date of the hearing herein.  This notice constitutes reasonable and adequate

2   notice to interested parties.

3   33.    As indicated in the subject Notice of Hearing, all interested parties were given the

4   opportunity to submit any comments on, or objections to, this proposed acquisition to the undersigned until 9:30 a.m, Pacific Standard Time on Wednesday, September 10, 2008 by

5   fax, U.S. Mail, personal delivery, or e-mail.  All interested parties were also advised in said

6   Notice of Hearing that they would be given the opportunity to present evidence at hearing

7   and to examine and cross-examine witnesses and offer oral and written arguments, and in

8   connection therewith to conduct discovery proceedings.  One significant complaint/objection

9   was filed on May 1, 2008, by the Greenlining Institute, a non-partisan advocacy organization

10  composed of a multi-ethnic coalition of 38 organizations throughout California representing

11  California's 22 million minorities.  This complaint/objection is to be treated as set forth in the

12  Final Order below.  No other reasonable objection to the proposed acquisition of Safeco

13  Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company exists.

14  34.    Witnesses appearing on behalf of the OIC Staff were Ronald J. Pastuch, Holding

15  Company Manager, of the OIC's Company Supervision Division.  Mr. Pastuch presented his testimony in a detailed and credible manner with no apparent biases.

16  35.    Mr. Dana Rudmose, CPA, CIE, and AIR and Mr. Mark Noller, CPA, CIE, AIRC of

17  Rudmose & Noller Advisors, LLC, were CPA consultants to the OIC for this matter,

18  appeared representing the OIC Staff.   These individuals presented their testimony on a

19  detailed and credible manner with no apparent biases.

20  36.    Patrick Cantilo, Esq. of Cantilo & Bennett, LLP, consultants to the OIC Staff for this

21  matter, appeared as a witness for the OIC Staff.  Mr. Cantilo presented his testimony in a somewhat detailed matter although he lacked some credibility.   This was because 1) in

22  evaluating his demeanor, he tended to look at counsel and officers of Applicants as if for

23  approval following his statements; 2) his oral testimony was somewhat superficial; 3)

24  regarding his treatment of the aforereferenced apparently significant letter from the

25  Greenlining Institute, Mr. Cantilo testified that he had received the complaint/objection from

**Final Order Approving Acquisition of Control**
G08-0084 – Page 12

000017

the Commissioner with instructions to investigate the complaint/objection, and that he so investigated the complaint/objection and concluded that it had no merit; however, upon questioning he admitted that he had made no attempt to contact Greenlining Institute and had no input of any kind from that institution, and further that the Applicants' activities in California have dubious bearing on their activities in Washington.; and 4) because for significant portions of the hearing on both days the witness was inattentive, even though he was subject to recall as a witness at any time, and was in fact recalled. These activities lend themselves to a judgment that this witness lacks a certain amount of credibility.

37.    Michael J. Fallon, Senior Vice President of Liberty Mutual Insurance Company and Mr. Richard P. Quinlan, Senior Vice President and Deputy General Counsel of Liberty Mutual Insurance Company, testified on behalf of the Applicants.  Mr. Fallon and Mr. Quinlan presented their testimony in a detailed and credible manner.

38.    The witness appearing on behalf of Safeco Insurance Companies was Mr. Michael Hughes, Executive Vice President for Insurance Operations for Safeco Corporation.  Mr. Hughes presented his testimony in a detailed and credible manner and exhibited no apparent biases.

## IV.    CONCLUSIONS OF LAW

The undersigned designee of the Insurance Commissioner, having made the above Findings of Fact, hereby makes the following Conclusions of Law:

1.    Pursuant to Chapter 48.31B RCW, the Insurance Commissioner has jurisdiction over the plan of acquisition and change of control of Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company.

2.    On May 16, 2008, the Applicants filed the preacquisition notification, Form A, also dated May 16, 2008, which is a sufficient period before the requested effective date of this proposed acquisition, as required by RCW 48.31B.015(1) and such preacquisition notification, Form A, contains the information required by RCW 48.31B.015(2).  This filing, together with Amended Form A filed August 5, 2008, is determined to be complete.

### F.  Safeco Insurance Company of America

Final Order Approving Acquisition of Control
G08-0084 – Page 13

3.      After the proposed acquisition of control, Safeco Insurance Company of America will continue to be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which the company is presently licensed as contemplated by RCW 48.31B.015(4)(a)(i).

4.      The effect of this proposed acquisition of control of Safeco Insurance Company of America would not be substantially to lessen competition in insurance in this state or to create a monopoly therein as contemplated by RCW 48.31B.015(4)(a)(ii).

5.      The financial condition of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation is not such as might, after completion of the proposed acquisition, jeopardize the financial stability of Safeco Insurance Company of America or prejudice the interests of Safeco Insurance Company of America policyholders as contemplated by RCW 48.31B.015(4)(a)(iii).

6.      After completion of this proposed acquisition, there are no plans to liquidate Safeco Insurance Company of America, sell its assets, consolidate or merge it with any person, or make any other material change in its business or corporate structures or management which are unfair and unreasonable to policyholders of the insurer or not in the public interest as contemplated by RCW 48.31B.015(4)(a)(iv).

7.      It cannot be found that the competence, experience, and integrity of those persons who would control the operation of Safeco Insurance Company of America after the proposed acquisition are such that it would not be in the interest of the insurer's policyholders and of the public to permit the acquisition of control as contemplated by RCW 48.31B.015(4)(a)(v).

8.      It is not likely that this proposed acquisition of Safeco Insurance Company of America is hazardous or prejudicial to the insurance-buying public as contemplated by RCW 48.31B.015(4)(a)(vi).

9.      The application of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty

**Final Order Approving Acquisition of Control**
G08-0084 – Page 14

Insurance Holdings, Inc., and LIH US P&C Corporation for approval of their proposed acquisition of control of Safeco Insurance Company of America should be approved.

### G. General Insurance Company of America

10.    After the proposed acquisition of control, General Insurance Company of America will continue to be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which the company is presently licensed as contemplated by RCW 48.31B.015(4)(a)(i).

11.    The effect of this proposed acquisition of control of General Insurance Company of America would not be substantially to lessen competition in insurance in this state or to create a monopoly therein as contemplated by RCW 48.31B.015(4)(a)(ii).

12.    The financial condition of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation is not such as might, after completion of the proposed acquisition, jeopardize the financial stability of General Insurance Company of America or prejudice the interests of General Insurance Company of America policyholders as contemplated by RCW 48.31B.015(4)(a)(iii).

13.    After completion of this proposed acquisition, there are no plans to liquidate General Insurance Company of America, sell its assets, consolidate or merge it with any person, or make any other material change in its business or corporate structures or management which are unfair and unreasonable to policyholders of the insurer or not in the public interest as contemplated by RCW 48.31B.015(4)(a)(iv).

14.    It cannot be found that the competence, experience, and integrity of those persons who would control the operation of General Insurance Company of America after the proposed acquisition are such that it would not be in the interest of the insurer's policyholders and of the public to permit the acquisition of control as contemplated by RCW 48.31B.015(4)(a)(v).

15.    It is not likely that this proposed acquisition of General Insurance Company of America is hazardous or prejudicial to the insurance-buying public as contemplated by RCW 48.31B.015(4)(a)(vi).

**Final Order Approving Acquisition of Control**
G08-0084 – Page 15

16.     The application of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation for approval of their proposed acquisition of control of General Insurance Company of America should be approved.

### H. First National Insurance Company of America

17.     After the proposed acquisition of control, First National Insurance Company of America will continue to be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which the company is presently licensed as contemplated by RCW 48.31B.015(4)(a)(i).

18.     The effect of this proposed acquisition of control of First National Insurance Company of America would not be substantially to lessen competition in insurance in this state or to create a monopoly therein as contemplated by RCW 48.31B.015(4)(a)(ii).

19.     The financial condition of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation is not such as might, after completion of the proposed acquisition, jeopardize the financial stability of First National Insurance Company of America or prejudice the interests of First National Insurance Company of America policyholders as contemplated by RCW 48.31B.015(4)(a)(iii).

20.     After completion of this proposed acquisition, there are no plans to liquidate First National Insurance Company of America, sell its assets, consolidate or merge it with any person, or make any other material change in its business or corporate structures or management which are unfair and unreasonable to policyholders of the insurer or not in the public interest as contemplated by RCW 48.31B.015(4)(a)(iv).

21.     It cannot be found that the competence, experience, and integrity of those persons who would control the operation of First National Insurance Company of America after the proposed acquisition are such that it would not be in the interest of the insurer's policyholders and of the public to permit the acquisition of control as contemplated by RCW 48.31B.015(4)(a)(v).

22.    It is not likely that this proposed acquisition of First National Insurance Company of America is hazardous or prejudicial to the insurance-buying public as contemplated by RCW 48.31B.015(4)(a)(vi) .

23.    The application of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation for approval of their proposed acquisition of control of First National Insurance Company of America should be approved.

### I. Safeco Surplus Lines Insurance Company

24.    After the proposed acquisition of control, Safeco Surplus Lines Insurance Company will continue to be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which the company is presently licensed as contemplated by RCW 48.31B.015(4)(a)(i).

25.    The effect of this proposed acquisition of control of Safeco Surplus Lines Insurance Company would not be substantially to lessen competition in insurance in this state or to create a monopoly therein as contemplated by RCW 48.31B.015(4)(a)(ii).

26.    The financial condition of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation is not such as might, after completion of the proposed acquisition, jeopardize the financial stability of Safeco Surplus Lines Insurance Company or prejudice the interests of Safeco Surplus Lines Insurance Company policyholders as contemplated by RCW 48.31B.015(4)(a)(iii).

27.    After completion of this proposed acquisition, there are no plans to liquidate Safeco Surplus Lines Insurance Company, sell its assets, consolidate or merge it with any person, or make any other material change in its business or corporate structures or management which are unfair and unreasonable to policyholders of the insurer or not in the public interest as contemplated by RCW 48.31B.015(4)(a)(iv).

28.    It cannot be found that the competence, experience, and integrity of those persons who would control the operation of Safeco Surplus Lines Insurance Company after the proposed acquisition are such that it would not be in the interest of the insurer's

Final Order Approving Acquisition of Control
G08-0084 – Page 17

1  policyholders and of the public to permit the acquisition of control as contemplated by RCW
2  48.31B.015(4)(a)(v).

3  29.    It is not likely that this proposed acquisition of Safeco Surplus Lines Insurance
   Company is hazardous or prejudicial to the insurance-buying public as contemplated by
4  RCW 48.31B.015(4)(a)(vi).

5  30.    The provisions of the Insurance Code of the State of Washington, Chapter 48.31B
6  RCW, and specifically RCW 48.31B.015 governing the approval of acquisitions, have been
7  met. Pursuant to Chapter 48.31B RCW, and specifically RCW 48.31B.015, the application
8  of Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty
   Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Insurance Holdings, Inc.,
9  and LIH US P&C Corporation for approval of their proposed acquisition of control of Safeco
10 Corporation, Safeco Insurance Company of America, General Insurance Company of
11 America, First National Insurance Company of America and Safeco Surplus Lines Insurance
12 Company, herein LIH US P&C Corporation will become the sole shareholder of these
13 entities, should be approved subject to the conditions set forth in the Final Order below.

14
15            V.    **FINAL ORDER**

16     Based on the Findings of Fact and Conclusions of Law, to the effect that the statutory
   criteria for approval of this proposed acquisition have been met, and to the effect that the
17 approval of this proposed acquisition should be granted,

18     **IT IS HEREBY ORDERED** that the application of Liberty Mutual Holding
19 Company, Inc., LMHC Massachusetts Holdings, Inc., Liberty Mutual Group, Inc., Liberty
20 Mutual Insurance Company, Liberty Insurance Holdings, Inc., and LIH US P&C Corporation
   for approval of their proposed acquisition of control of Safeco Insurance Company of
21 America, General Insurance Company of America, First National Insurance Company of
22 America, and Safeco Surplus Lines Insurance Company, wherein these Domestic Insurers
23 will become the direct wholly-owned subsidiaries of LIH US P&C Corporation along with
24 Safeco Corporation and all of its subsidiaries, is hereby approved subject to the conditions
25 contained in this Final Order. Closing of this transaction may be effectuated at any time.

Final Order Approving Acquisition of Control
G08-0084 – Page 18

**IT IS FURTHER ORDERED,**

1.     Within 120 days after closing the transaction which is the subject of this proceeding, and updated quarterly thereafter, for a period of 24 months commencing on the date for filing the next quarterly financial statement, Liberty Mutual Group Inc. and its affiliates and Safeco Corporation and its affiliates shall provide a plan for Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company and Liberty Mutual's Agency Markets SBU sales and marketing plans by line of business/product and specific future plans (including territorial or geographic expansions or regionalizations) to include the following business areas, but not limited to: rates, product design, facilities, reinsurance, business unit structure, market conduct oversight, etc. These plans shall also include a response to the concerns raised in the abovereferenced Greenlining Institute complaint regarding market practices filed with the Insurance Commissioner on May 1, 2008, and a plan how to assure that the activities described therein will not occur in Washington. Additionally, these plans shall include estimated time frames and any methodologies for measuring and monitoring actual results against the strategic plan.  In addition the plan should include forecasted statutory statements of income, balance sheets, changes in surplus and cash flows for Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company for the next two years with detailed assumptions compared to 2008 actual results.  These forecasted financial statements will allow the Insurance Commissioner to more fully understand and monitor all operations of Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, and Safeco Surplus Lines Insurance Company.  Assumptions should address the following:

- Revenue projections;
- Line of business/product mix;
- Distribution channels/commission expense;
- Claims and claims adjustment costs;
- Administrative costs, including any cost reductions; and
- Investment returns.

Final Order Approving Acquisition of Control
G08-0084 – Page 19

000024

1 Information under requirement No. 1 shall be filed with the Financial Analysis section of the
2 OIC's Company Supervision Division.   In addition, upon request of the Insurance
3 Commissioner, the Liberty Mutual group shall promptly furnish any information further
4 required at any time, and the Insurance Commissioner may increase the frequency of the
   period periodic reports as he deems necessary.

5 2.      Within 120 days after closing of the transaction considered herein, and quarterly
6 thereafter for a period of 24 months commencing on the date for filing the next quarterly
7 financial statement, Liberty Mutual and Safeco shall provide a detailed status report and
8 timeline regarding management's efforts to integrate or merge the operations of Safeco
9 Insurance Company of America, General Insurance Company of America, First National
10 Insurance Company of America, and Safeco Surplus Lines Insurance Company and other
11 Safeco subsidiaries into those of Liberty Mutual's Agency Markets SBU including a
   summary of efforts completed and planned regarding the following:

12 • Integration efforts that will impact the Domestic Insurers' and Liberty
13 Mutual's benchmarks for measuring performance and actual results against those
14 benchmarks in the areas of agent retention, claims handling, complaint handling,
   staffing levels and call center activities.  The summary should include assumptions
   supporting these benchmarks;

15 • Integration efforts regarding the Domestic Insurers' and Liberty Mutual's
16 information and systems technology platforms and safeguards which management
17 has or will implement to ensure that timely, accurate and complete information meets
   regulatory needs and will be available to serve policyholders, claimants, consumers,
18 agents and management;

19 • Integration efforts that will impact the agency force including any reductions
20 of agency force or consolidation of the Domestic Insurer's and Liberty Mutual's back
   office operations which serve the agency force;

21 • Integration efforts that will impact the Domestic Insurers' Washington State
22 operation including any changes in office location and workforce with specific
   estimates of the number of workforce reductions, and efforts to transitions those
23 affected as they seek new employment.

24 Information under requirement No. 2 shall be filed with the Market Conduct Oversight
25 section of the OIC's Company Supervision Division.   In addition, upon request of the

**Final Order Approving Acquisition of Control**
G08-0084 – Page 20

000025

Insurance Commissioner, the Liberty Mutual group shall promptly furnish any information further required at any time, and the Insurance Commissioner may increase the frequency of the period periodic reports as he deems necessary.

3.      Within 120 days after closing the transaction considered herein, for a period of 24 months commencing on the date for filing the next quarterly financial statement, the Agency Markets SBU shall provide its latest market conduct annual statement information for the State of Washington according to the NAIC instructions. The information should be provided in electronic format such as Access database, Excel worksheets, or CSV format and annually as required by the NAIC handbook:

- Market Conduct Annual Statement for Personal Lines business;
- Market Conduct Annual Statement for Homeowners business.

Annually, in the same format used to report the Personal Lines and Homeowners business, the companies shall submit data on the following lines of business:

- Commercial Property;
- Liability; and
- Commercial Automobile.

Annually, the companies shall submit the following data on the Surety line of business:

- Number of claims closed to claims opened during the reporting period;
- Number of policies nonrenewed to the number of policies in force during the reporting period;
- Number of policies cancelled to the number of policies in force during the reporting period; and
- Number of policies cancelled within the first 60 days to new policies issued during the reporting period.

Quarterly, the companies shall submit the following data:

- Policy counts by company and line of business in the following format:
- Number of policies in force at the beginning of the quarter;
- Number of new policies issued during the quarter;
- Number of policies terminated or non-renewed for any reason during the quarter; and
- Number of policies in force at the end of the quarter.
- Complaint logs by company;
- Aged claims report by company and line of business;

**Final Order Approving Acquisition of Control**
G08-0084 – Page 21

000026

- Staffing reports by company.

Information under requirement No. 3 shall be filed with the Market Conduct Oversight herein. Additionally, upon request of the Insurance Commissioner, the Liberty Mutual group shall promptly furnish any additional information the Insurance Commissioner deems necessary at any time, and the Insurance Commissioner may increase the frequency of the period periodic reports as he deems necessary.

4.    For a period of 24 months commencing on the date of closing of the transaction at issue herein, neither ordinary nor extraordinary dividends shall be declared by Safeco Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, or Safeco Surplus Lines Insurance Company without prior approval of the Insurance Commissioner.

5.    Liberty Mutual Group Inc. and its subsidiaries, and Safeco Corporation and its subsidiaries shall be available to meet with the Insurance Commissioner and his staff promptly regarding the information included in, or related to, their filed reports outlined in this Final Order, or regarding any other information which the Insurance Commissioner deems necessary.

6.    To the extent that the information submitted pursuant hereto is nonpublic as determined by specific statutes, it can be deemed to be nonpublic and withheld from public inspection after the Insurance Commissioner has examined the material and made a determination as to which specific materials are nonpublic based upon specific statutes concerning preservation of trade secrets, right to privacy, and prevention of unfair competition.

7.    The Commissioner and his staff may request enforcement of any part of this Final Order under jurisdiction of this Final Order. Appeals and requests for enforcement as may

Final Order Approving Acquisition of Control
G08-0084 – Page 22

arise shall be filed with the undersigned and adjudicated in accordance with RCW 48.04, Title 34 RCW and regulations applicable thereto.

**THIS ORDER IS ENTERED** this 18th day of September, 2008, at Tumwater, Washington, pursuant to Title 48 RCW, and particularly RCW 48.04 and RCW 48.31B.015, Title 34 RCW, and regulations applicable thereto, and is effective immediately.


PATRICIA D. PETERSEN
Presiding Officer
Chief Hearing Officer

Final Order Approving Acquisition of Control
G08-0084 – Page 23

# APPENDIX 46

# Recorded Document Detail

| | |
|---|---|
| **Document** | 3136433 |
| **Title** | L — LIEN |
| **Grantor(s)** | HOWELL ROSE A, |
| **Grantee(s)** | SOUTHWEST WASH MED CENTER, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Aug 02, 1999 |
| **Recorded By** | SOUTHWEST WASH MED CENTER |
| **View Excise** | |
| **Related Document(s)** | 3332686 |

Back to Results     New Search

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

**Terms of Use (http://www.clark.wa.gov/terms-of-use)**
**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**
**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-notification)**

# Recorded Document Detail

| | |
|---|---|
| **Document** | 3141076 |
| **Title** | L — LIEN |
| **Grantor(s)** | HOWELL ROSE A, |
| **Grantee(s)** | SOUTHWEST WASH MED CENTER, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Aug 16, 1999 |
| **Recorded By** | SOUTHWEST WASH MED CENTER |
| **View Excise** | |
| **Related Document(s)** | 3333384 |



| Back to Results | New Search |
|---|---|

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

<u>**Terms of Use (http://www.clark.wa.gov/terms-of-use)**</u>
<u>**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**</u>
<u>**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-notification)**</u>

# Recorded Document Detail

| | |
|---:|:---|
| **Document** | 3151858 |
| **Title** | L — LIEN |
| **Grantor(s)** | HOWELL ROSE A, |
| **Grantee(s)** | SOUTHWEST WASH MED CENTE, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Sep 17, 1999 |
| **Recorded By** | SOUTHWEST WASH MED CENTER |
| **View Excise** | |
| **Related Document(s)** | 3333853 |



| Back to Results | New Search |
|:---:|:---:|

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

**Terms of Use (http://www.clark.wa.gov/terms-of-use)**
**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**
**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-notification)**

# Recorded Document Detail

| | |
|---|---|
| **Document** | 3162673 |
| **Title** | L — LIEN |
| **Grantor(s)** | HOWELL ROSE A, |
| **Grantee(s)** | SOUTHWEST WASH MED CENTER, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Oct 25, 1999 |
| **Recorded By** | SOUTHWEST WASH MED CENTER |
| **View Excise** | |
| **Related Document(s)** | 3334240 |



| Back to Results | New Search |
|---|---|

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

**Terms of Use (http://www.clark.wa.gov/terms-of-use)**
**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**
**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-notification)**

# Recorded Document Detail

| | |
|---|---|
| **Document** | 3332686 |
| **Title** | SL — SATISFACTION OF LIEN |
| **Grantor(s)** | SOUTHWEST WASH MED CENTER, |
| **Grantee(s)** | HOWELL ROSE, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Jun 15, 2001 |
| **Recorded By** | SOUTHWEST WASH MED CENTER |
| **View Excise** | |
| **Related Document(s)** | 3136433 |



Back to Results    New Search

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

**Terms of Use (http://www.clark.wa.gov/terms-of-use)**
**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**
**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-notification)**

# Recorded Document Detail

| | |
|---|---|
| **Document** | 3333384 |
| **Title** | SL — SATISFACTION OF LIEN |
| **Grantor(s)** | SOUTHWEST WASH MED CENTER, ., |
| **Grantee(s)** | HOWELL ROSE, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Jun 18, 2001 |
| **Recorded By** | SOUTHWEST WASH MED CENTER |
| **View Excise** | |
| **Related Document(s)** | 3141076 |

Back to Results    New Search

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County
Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

**Terms of Use (http://www.clark.wa.gov/terms-of-use)**
**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**
**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-notification)**

# Recorded Document Detail

| | |
|---|---|
| **Document** | 3333853 |
| **Title** | SL — SATISFACTION OF LIEN |
| **Grantor(s)** | SOUTHWEST WASH MED CENTER, |
| **Grantee(s)** | HOWELL ROSE, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Jun 18, 2001 |
| **Recorded By** | SOUTHWEST WASH MED CENTER |
| **View Excise** | |
| **Related Document(s)** | 3151858 |



| Back to Results | New Search |
|---|---|

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County
Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

**Terms of Use (http://www.clark.wa.gov/terms-of-use)**
**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**
**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-
notification)**

# Recorded Document Detail

| | |
|---|---|
| **Document** | 3334240 |
| **Title** | SL — SATISFACTION OF LIEN |
| **Grantor(s)** | SOUTHWEST WASH MED CENTER, |
| **Grantee(s)** | HOWELL ROSE, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Jun 18, 2001 |
| **Recorded By** | SOUTHWEST WASH MED CENTER |
| **View Excise** | |
| **Related Document(s)** | 3162673 |



| Back to Results | New Search |
|---|---|

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

**Terms of Use (http://www.clark.wa.gov/terms-of-use)**
**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**
**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-notification)**

# APPENDIX 47

# Recorded Document Detail

| | |
|---:|:---|
| **Document** | 5077613 |
| **Title** | J — JUDGMENT |
| **Grantor(s)** | HOWELL ROSEMARIE, |
| **Grantee(s)** | UNIFUND CCR PARTNERS, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Jun 05, 2014 |
| **Recorded By** | SUTTELL & HAMMER PS |
| **View Excise** | |
| **Related Document(s)** | |



| Back to Results | New Search |
|:---:|:---:|

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

**Terms of Use (http://www.clark.wa.gov/terms-of-use)**
**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**
**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-notification)**

# APPENDIX 48

# Recorded Document Detail

| | |
|---|---|
| **Document** | 4578420 |
| **Title** | J — JUDGMENT |
| **Grantor(s)** | HOWELL BRIAN P, HOWELL ROSE A, |
| **Grantee(s)** | COLUMBIA COLLECTORS INC, |
| **Parcel(s)** | |
| **Excise No.** | |
| **Date Recorded** | Jun 30, 2009 |
| **Recorded By** | COLUMBIA COLLECTORS INC |
| **View Excise** | |
| **Related Document(s)** | |



| Back to Results | New Search |
|---|---|

**Washington State Archives**

**Recording Guide for Documents**

If you have any questions concerning the data on this page, please contact Clark County Auditor's Office. Main Phone: (360) 397-2208, Email: **recording@clark.wa.gov**

© 2015 Clark County Washington

**Terms of Use (http://www.clark.wa.gov/terms-of-use)**
**Privacy Policy (http://www.clark.wa.gov/privacy-policy)**
**Health Information Privacy Notice (http://www.clark.wa.gov/health-information-privacy-notification)**

# APPENDIX 49

**STATE OF WASHINGTON**

MIKE KREIDLER
STATE INSURANCE COMMISSIONER



**OFFICE OF**
**INSURANCE COMMISSIONER**
**HEARINGS UNIT**
Fax: (360) 664-2782

Phone: (360) 725-7000

FILED

2012 JAN 12  P 12:00

Hearings Unit, OIC
Patricia D. Petersen
Chief Hearing Officer

Patricia D. Petersen
Chief Hearing Officer
(360) 725-7105

Kelly A. Cairns
Paralegal
(360) 725-7002
KellyC@oic.wa.gov

BEFORE THE STATE OF WASHINGTON
OFFICE OF INSURANCE COMMISSIONER

In the Matter of the Application of Redomestication of:

SAFECO INSURANCE COMPANY OF AMERICA, GENERAL INSURANCE COMPANY OF AMERICA, FIRST NATIONAL INSURANCE COMPANY OF AMERICA, and SAFECO SURPLUS LINES INSURANCE COMPANY

No. 11-0261

FINAL ORDER APPROVING APPLICATIONS FOR REDOMESTICATION FROM THE STATE OF WASHINGTON TO THE STATE OF NEW HAMPSHIRE

**TO:**   Richard P. Quinlan, Esq.
Deputy General Counsel
Senior Vice President and Manager, Corporate Group
Liberty Mutual Group, Inc.
175 Berkeley Street
Boston, MA  02116

Tara Colby, CPCU
Counsel-Liberty Mutual Agency Corporation
Liberty Mutual Group, Inc.
175 Berkeley Street
Boston, MA  02116

Melvin N. Sorensen, Esq.
Carney Badley Spellman, P.S.
701 Fifth Avenue, #3600
Seattle, WA  98104-7010

Mailing Address: P.O. Box 40255 • Olympia, WA 98504-0255
Street Address: 5000 Capitol Blvd. • Tumwater, WA 98501

**COPY TO:**   Mike Kreidler, Insurance Commissioner
Michael G. Watson, Chief Deputy Insurance Commissioner
Carol Sureau, Deputy Commissioner, Legal Affairs Division
Charles Brown, Staff Attorney, Legal Affairs Division
James Odiorne, Deputy Commissioner, Company Supervision
Office of the Insurance Commissioner
PO Box 40255
Olympia, WA 98504-0255

Pursuant to Chapter 48.04 RCW, Chapter 35.05 RCW, RCW 48.07.210, and specifically RCW 48.07.210(2), and after notice to interested parties and persons (see facts found concerning notice, below), the above-entitled matter came on regularly for hearing before the Insurance Commissioner of the state of Washington commencing at 10:00 a.m. on Tuesday, January 10, 2012. All persons to be affected by the above-entitled matter were given the right to be present at such hearing, during the giving of testimony, and had reasonable opportunity to inspect all documentary evidence, to examine witnesses and present oral and written statements. The Insurance Commissioner was represented by Charles D. Brown, Esq., Senior Staff Attorney in its Legal Affairs Division. The Applicants, Safeco Insurance Company of America, Safeco Surplus Lines Insurance Company, First National Insurance Company of America, and General Insurance Company of America, were represented by Melvin N. Sorensen, Esq., of Carney Badley Spellman, P.S., in Seattle, Washington.

## NATURE OF THE PROCEEDING

On August 19, 2011, the Washington State Insurance Commissioner ("Insurance Commissioner") received Applications from Safeco Insurance Company of America, Safeco Surplus Lines Insurance Company, First National Insurance Company of America, and General Insurance Company of America (hereinafter collectively referred to as "the Applicants" unless

1   otherwise indicated), requesting approval to transfer their state of incorporation (corporate
2   domicile) from the state of Washington to the state of New Hampshire.
3       Applications for redomestication are controlled by Title 48 RCW and specifically RCW
4   48.07.210(2).  Pursuant to RCW 48.07.210(2), *[t]he commissioner shall approve any proposed*
5   *transfer of domicile unless the commissioner determines after a hearing, pursuant to such notice*
6   *as the commissioner may require, that the transfer is not in the best interests of the public or the*
7   *insurer's policyholders in this state.*  On November 8, 2011 the undersigned received and filed a
8   request for hearing from the Insurance Commissioner relative to this Application for
9   Redomestication, which commenced the administrative hearing process.   Should this
10  Application be approved, the Applicants would cease to be domestic insurers of Washington
11  State and would become domestic insurers of the state of New Hampshire.

12
13              **FINDINGS OF FACT**
14
15      Having considered the written and oral evidence presented at the hearing, and the
16  documents on file herein, the undersigned presiding officer designated to hear and determine
17  this matter finds as follows:

18
19  1.  The hearing was duly and properly convened and all substantive and procedural
20      requirements under the laws of the state of Washington have been satisfied;

21
22  2.  The Applicants are active Washington domestic property and casualty insurance
23      companies, with total gross annual written premiums as of December 2010 of
24      $280,227,208 written in Washington State.   [Ex. 1, Application and Organization
25      Charts; Testimony of Gayle D. Pasero, Company Licensing Manager, Office of the
26      Washington State Insurance Commissioner.]

3. On August 19, 2011, pursuant to RCW 48.07.210, the Applicants filed an Application for Redomestication, with detailed attachments concerning the Applicants' history, personnel, and financial status. The proposed effective date is to be scheduled, should approval be granted herein, to occur after the effective date of said approval. The Applicants have, therefore, provided the Insurance Commissioner with at least thirty days advance written notice of their proposed plans to redomesticate.

4. If the proposed redomestication is approved, the result will be that the Applicants will have their state of incorporation (be domiciled) in the state of New Hampshire and will no longer have their state of incorporation in the state of Washington. The State of New Hampshire Insurance Department has advised the Applicants and the Insurance Commissioner that the Applicants qualify to be approved in New Hampshire as domestic insurers conditioned upon approval of their Applications for Redomestication by the undersigned. [Applicants' Exhibit A, December 30, 2011 Letter from the New Hampshire Insurance Department; Testimony of Richard P. Quinlan, Senior Vice President and Deputy General Counsel of Liberty Mutual Group, Inc., the ultimate parent company of the Applicants; Testimony of Pasero]. Further, the Applicants will be qualified to be admitted to do business in Washington as foreign insurers as of the date they are admitted by the New Hampshire Insurance Department as domestic insurers. [Testimony of Pasero.]

5. The Applicants have applied for redomestication consistent with an effort by Liberty Mutual Holding Company Inc., their current ultimate parent company, to reduce the complexity of Liberty Mutual's corporate structure, including reducing the number of domiciliary states of its insurance companies. Additionally, the redomestication will result in significant corporate and capital efficiencies. [Testimony of Quinlan; Testimony of Pasero.]

6.  In reliance upon the assertions of the Applicants during testimony, the proposed redomestications will be seamless and virtually invisible to the Applicants' Washington policyholders if the redomestications are approved because at this time there are no planned changes to the Applicants' producer base or to their methods and ability to handle claims and service policyholders. Further, in reliance upon the assertions of the Applicants during testimony, if the proposed redomestications are approved, there will be no impact on the contractual or statutory rights of the Applicants' Washington policyholders: the rights and privileges of Washington policyholders will not change. [Testimony of Quinlan; Testimony of Pasero.] Further, in reliance upon the assertions of the Applicants during testimony, the redomestications will have no impact on any pending litigation filed in Washington involving the Applicants' Washington policyholders. [Testimony of Quinlan; Testimony of Pasero].

7.  The Applicants have filed a request to redomesticate to New Hampshire with the New Hampshire Insurance Department. The New Hampshire Department of Insurance has advised the Washington State Insurance Commissioner that it has completed its review process and is prepared to approve the redomestication of the Applicants from the state of Washington to the state of New Hampshire, subject only to the final approval of the referenced redomestications by the Washington State Insurance Commissioner. [Applicants' Exhibit A; Testimony of Quinlan; Testimony of Pasero]. Further, the Washington State Insurance Commissioner has determined that the Applicants will be qualified to be admitted to do business in Washington State as foreign insurers as of the effective date that they become domestic insurers in the state of New Hampshire. [Testimony of Pasero]

8.  The Notice of Hearing on Application for Redomestication herein entered by the undersigned on December 8, 2011, which contains detailed information concerning the

proposed redomestications and the administrative hearing to be held, and links the

reader to all of the documents which were filed in this proceeding prior to the hearing

date (and currently since the hearing date), were published in its entirety on the

Insurance Commissioner's website since at least December 12, 2011 and remained there

continuously through the date of the hearing, January 10, 2012. Therefore, reasonable

and adequate notice of the hearing concerning the proposed redomestications was

provided. [OIC Exhibit A, Notice of Hearing; Testimony of Pasero.] Further, in the

Notice of Hearing as published, all interested individuals and entities were advised of

their right to submit either support for, or objections to, the proposed redomestications

by letter on or before 10:00 a.m. on January 10, 2012. The Insurance Commissioner

received two objections: The first was from Joseph Manning, an individual who advised

he opposed the redomestication because he believed the state of Washington better

regulated insurance companies than New Hampshire; he did not leave his telephone

number. [Testimony of Pasero.] The second objection was from Rose Howell, a

Washington resident, in the form of telephone calls and an electronic filing of a

document entitled "Creditor Objection and Notice to Show Cause for the Immediate

Action of the Insurance Commissioner" on January 3, 2012, together with subsequent

supplemental submissions from Ms. Howell. The objections submitted by Ms. Howell,

while taken at face value are certainly serious concerns regarding her private claims

against Safeco Insurance Company of Illinois, fail to be sufficiently relevant to the

statutory criteria for approval set forth in RCW 48.07.210(2) and provides no evidence

that those criteria are not met. [Testimony of Pasero]. It is noted here that both the

Applicants and the Insurance Commissioner argued that the documents submitted by

Ms. Howell should not be admitted because they were not relevant to this proceeding.

The undersigned did admit those documents filed by Ms. Howell into evidence in this

proceeding over the objections of the parties [Ex. 9] but advised that she would review

these documents and give them the proper weight they deserved; i.e., the undersigned

6

Final Order Approving Redomestication
No. 11-0261

000034

ruled that the parties' objections based on relevancy would go to the weight the undersigned gives to this evidence and not to their admissibility. Upon review, while Ms. Howell's information is concerning, and while her claim is against Safeco Insurance Company of Illinois which has the same ultimate parent company, Liberty Mutual Insurance Group, as the Applicants, Safeco Insurance Company of Illinois is not an Applicant herein itself. Further, Ms. Howell's concerns represent her private interest and, best read, do not represent the general interest of Washington policyholders or the public. Additionally, to the extent it is relevant, while Richard P. Quinlan is Senior Vice President and Deputy General Counsel of Liberty Mutual Insurance Group and is a Vice President of each Applicant, he is not an officer or director of Safeco Insurance Company of Illinois. For these reasons, after review of Ms. Howell's documents, while they are of concern, the undersigned determined that little weight should be given to her testimony and the documents she presented because her issues are not the issues in this proceeding for the above stated reasons.

9. Given the above Findings of Facts, it cannot be found that the proposed transfer of domicile of the Applicants from Washington State to the state of New Hampshire is not in the best interests of the public or not in the best interest of the Applicants' Washington policyholders. [Testimony of Quinlan; Testimony of Pasero.]

10. Gayle D. Pasero, Company Licensing Manager in the Company Supervision Division of the Office of the Insurance Commissioner, appeared as the sole witness for the Insurance Commissioner. Ms. Pasero presented her testimony in a detailed and credible manner and exhibited no apparent biases. Ms. Pasero also filed her testimony in written form prior to the hearing as required; said written prefiled testimony, with attachments, is included in the hearing file. [Ex. 7.] Prior to becoming employed by the Insurance Commissioner in April 2008, Ms. Pasero worked for twenty five years for Safeco. She

testified, and in reliance upon her testimony at hearing, it is here found that she has no financial or other interests in Safeco, and that the fact that she worked for Safeco for twenty-five years has had no bearing on her review of the Applications herein, on her prefiled written testimony or on her testimony presented at hearing.

11. Richard P. Quinlan, Senior Vice President and Deputy General Counsel of Liberty Mutual Group Inc., and a Vice President for each of the Applicants, appeared as the sole witness for the Applicants. Mr. Quinlan presented his testimony in a detailed and credible manner and exhibited no apparent biases. Mr. Quinlan also filed his testimony in written form prior to the hearing as required; said written testimony is included in the hearing file. [Ex. 4.]

12. Based upon the above Findings of Fact, it is here found that the Applications for Redomestication filed herein by Safeco Insurance Company of America, Safeco Surplus Lines Insurance Company, First National Insurance Company of America, and General Insurance Company of America, which propose to transfer their state of incorporation from the state of Washington to the state of New Hampshire, to the effect that they would become domestic insurers in the state of New Hampshire and foreign insurers in the state of Washington, and as detailed in their Applications and documents submitted subsequent thereto, are reasonable under the circumstances and the Applicants' Applications for Redomestication should be approved.

## CONCLUSIONS OF LAW

1. Pursuant to Title 48 RCW, and specifically RCW 48.07.210, the Washington State Insurance Commissioner has jurisdiction over Safeco Insurance Company of America,

Safeco Surplus Lines Insurance Company, First National Insurance Company of America, and General Insurance Company of America.

2. Based upon the Findings of Facts, the Applicants filed their Applications for Redomestication with the Insurance Commissioner on August 19, 2011, with a proposed effective date after said Application was reviewed and approved by the Insurance Commissioner. Therefore, the Applicants have provided at least thirty days advance written notice of their plan to the Washington Commissioner as required by RCW 48.07.210(2).

3. Based upon the above Findings of Fact, reasonable and adequate notice of the hearing required by the Insurance Commissioner was given, in compliance with RCW 48.07.210(2).

4. Based upon the above Findings of Fact, after the hearing herein, it cannot be concluded that the proposed transfer of domicile of Safeco Insurance Company of America, Safeco Surplus Lines Insurance Company, First National Insurance Company of America, and General Insurance Company of America from the state of Washington to the state of New Hampshire is not in the interests of the public or the Applicants' Washington policyholders. Therefore, because no such determination has been made, as required by RCW 48.07.210(2), the Insurance Commissioner must approve these Applications for Redomestication.

## ORDER

On the basis of the foregoing Findings of Fact and Conclusions of Law, to the effect that the statutory criteria for approval of these Applications have been met,

Final Order Approving Redomestication
No. 11-0261

000037

1    **IT IS HEREBY ORDERED** that the Applications for Redomestication of Safeco

2 Insurance Company of America, Safeco Surplus Lines Insurance Company, First National

3 Insurance Company of America, and General Insurance Company of America, which seek

4 approval of the Washington State Insurance Commissioner to transfer their state of

5 incorporation from the state of Washington to the state of New Hampshire, thereby becoming

6 domestic insurers in the state of New Hampshire and becoming foreign insurers in the state

7 of Washington, is GRANTED effective as of the date of entry of this Order.

8

9    **IT IS FURTHER ORDERED** that the actual effective date of the transfers of

10 domicile from the state of Washington to the state of New Hampshire shall be the effective

11 date that the state of New Hampshire has determined that Safeco Insurance Company of

12 America, Safeco Surplus Lines Insurance Company, First National Insurance Company of

13 America, and General Insurance Company of America shall become domestic New

14 Hampshire insurers. Likewise, that same date shall be the effective date on which Safeco

15 Insurance Company of America, Safeco Surplus Lines Insurance Company, First National

16 Insurance Company of America, and General Insurance Company of America shall become

17 admitted as foreign insurers in the state of Washington. Thus, these transactions shall

18 become effective on the same date in order to allow no gap in clear state of domicile as

19 between the state of Washington and the state of New Hampshire.

20

21    **ENTERED** at Tumwater, Washington, this 12th day of January, 2012, pursuant to Title 48

22 RCW and specifically RCW 48.04 and 48.07.210, Title 34 RCW, and regulations applicable

23 thereto.

24

25    PATRICIA D. PETERSEN
     Chief Hearing Officer
26   Presiding Officer

<u>Declaration of Mailing</u>

I declare under penalty of perjury under the laws of the State of Washington that on the date listed below, I mailed or caused delivery through normal office mailing custom, a true copy of this document to the following people at their addresses listed above:  Richard P. Quinlan, Esq., Tara Colby, CPCU, Melvin N. Sorensen, Esq., Mike Kreidler, Michael G. Watson, Carol Sureau, Esq., Charles Brown, Esq., Gayle Pasero and James Odiorne.

DATED this 12th day of January 2012.

KELLY A. CAIRNS

Final Order Approving Redomestication
No. 11-0261

11

000039

# APPENDIX 50

**STATE OF WASHINGTON**



Phone: (360) 725-7000

**MIKE KREIDLER**
STATE INSURANCE COMMISSIONER

**FILED**

**OFFICE OF**
**INSURANCE COMMISSIONER** 2012 MAR 16  A 9 31

**HEARINGS UNIT**
Fax:  (360) 664-2782

Received ... ... ...
Pati ... D. ... sen
Chief Hearing Officer

Patricia D. Petersen
Chief Hearing Officer
(360) 725-7105

Kelly A. Cairns
Paralegal
(360) 725-7002
KellyC@oic.wa.gov.

BEFORE THE STATE OF WASHINGTON
OFFICE OF INSURANCE COMMISSIONER

| | |
|---|---|
| In the Matter of Petition for<br>Declaratory Order by<br><br>ROSE HOWELL<br><br>Naming<br><br>SAFECO INSURANCE COMPANY<br>OF ILLINOIS, et al., LIBERTY MUTUAL<br>INSURANCE COMPANY, et al.,<br>CONTINENTAL CASUALTY<br>COMPANY, et al., and STATE FARM<br>MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>           Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER DISMISSING PETITION**<br>**FOR DECLARATORY ORDER** |

TO:      Rose Howell
9504 N.E. 5th Street
Vancouver, WA  98664

Colleen Barrett
Barrett & Worden
2101 4th Avenue, Suite 700
Seattle, WA  98121

Richard Quinlan
Liberty Mutual Ins. Co.
175 Berkeley Street
Boston, MA  02116

Safeco Ins. Co. of Illinois
27201 Bella Vista Parkway, Ste 130
Warrenville, IL  60555



000040

ORDER DISMISSING PETITION FOR
DECLARATORY RULING
Page 2

BNY Mellon Investment Services
480 Washington Blvd. 29th Floor
Jersey City, NJ 07310
Attn: Legal Department

Continental Casualty Company
333 South Wabash
Chicago, IL 60604
Attn: Thomas Corcoran

Hartford Financial Svcs. Group
One Hartford Plaza, HO-1-01
Hartford, CT 06155
Attn: Fraud Dept./Investor Rel.

State Farm Mutual Automobile Ins.
1 State Farm Plaza
Bloomington, IL 61710-0001
Attn: Edward Rust, Jr.

Computer Share
Shareholder Services
250 Royal Street
Canton, MA 02021

Prudential Annuities
Client Relations
2101 Welsh Road
Dresher, PA 19025
Attn: Lisa Hayer

COPY TO:   Mike Kreidler, Insurance Commissioner
Michael G. Watson, Chief Deputy Insurance Commissioner
Carol Sureau, Deputy Commissioner, Legal Affairs Division
Office of the Insurance Commissioner
PO Box 40255
Olympia, WA 98504-0255

## DESCRIPTION OF THE PETITION

On March 5, 2012, a Petition for Declaratory Order (Judgment) was filed with the Hearings Unit of the Office of Insurance Commissioner by Rose Howell. The Petition names four main respondents – Safeco Insurance Company of Illinois, Liberty Mutual Insurance Company, Continental Casualty Company, and State Farm Mutual Automobile Insurance Company – as well as other respondents (named in small print), some of which are related entities to the main respondents (all hereinafter referred to as "Respondents").

The Petitioner's claims against Respondents originate from an automobile accident that occurred on March 31, 1999, which Petitioner alleges was caused by Keith Plotner. Mr. Plotner was insured at the time by Safeco Insurance Company of Illinois. Petitioner sued Mr. Plotner in court and thus the underlying dispute Petitioner had with Mr. Plotner and his insurance company has already been litigated and a judgment rendered (pages 26-27 of the Petition). The Petition also references a trust fund to which Petitioner alleges she is the beneficiary. It appears from the Petition that Petitioner does not believe she has been justly compensated for her injuries, and that payments she allegedly was supposed to receive have been paid to "third parties" without her consent.

ORDER DISMISSING PETITION FOR
DECLARATORY RULING
Page 3

The Petition contains a Statement of Relief Sought where Petitioner enumerates five areas of relief:

(1) An order that requires the Respondents to satisfy the Demands set forth in a Demand Letter by Howell dated January 17, 2012 (attached to the Petition as Appendix 2);

(2) An order requiring immediate transfer of trust assets to Petitioner's brokerage account;

(3) An order to "re-appropriate and/or liquidate enforcing the 'guarantee;'"
(4) Injunctive relief against the respondents, i.e., a cease and desist order; and
(5) Informal proceedings.

(Page 23 of the Petition.)

## DECLARATORY ORDER NOT APPROPRIATE

Under Washington's Administrative Procedures Act, a person can petition an agency for a declaratory order in order to clarify the meaning of an agency's rule, order or statute as it affects a particular situation. The petition must show, among other things, that (1) there is uncertainty in the rule, order or statute, (2) an actual controversy exists arising from such uncertainty, and (3) the uncertainty adversely affects the petitioner. See RCW 34.05.240(1). In this case, the Petitioner does not claim there is uncertainty in any rule or statute under the Insurance Commissioner's scope of authority that requires clarification. Therefore, it is not appropriate to enter a declaratory order in this matter.

## LACK OF SUBJECT MATTER JURISDICTION

Even if Petitioner's request is not considered a petition for declaratory order, the Petition must be dismissed because the undersigned does not have jurisdiction to consider Petitioner's claims. As Chief Hearing Officer for the Insurance Commissioner, the undersigned's power to adjudicate is limited to the subject matter specified by statute. Under 48.04.010, RCW, the Chief Hearing Officer has the authority to hear and decide: (1) applications where a hearing is required by a specific provision within Title 48, RCW, and (2) hearings demanded by a person "aggrieved by any act, threatened act, or failure *of the commissioner* to act . . . , or by any report, promulgation, or order *of the commissioner* . . . ." [Emphasis added.] Petitioner is not challenging an action of the Insurance Commissioner but rather requests that the undersigned adjudicate her claims against Respondents, i.e., a dispute between private parties. The undersigned does not have the authority to direct the insurance companies to pay Petitioner or otherwise satisfy Petitioner's demands. Because the Chief Hearing Officer has limited jurisdiction and does not have statutory authority to hear the case presented or to provide the relief sought, the Petition must be dismissed for lack of subject matter jurisdiction.

Based upon the above activity,

ORDER DISMISSING PETITION FOR
DECLARATORY RULING
Page 4

**IT IS HEREBY ORDERED** that the Petition for Declaratory Order (Judgment), filed by
Rose Howell on March 5, 2012, is dismissed with prejudice.

Entered this 15th day of March, 2012, at Tumwater, Washington, pursuant to Title 48
RCW, Title 34 RCW and regulations pursuant thereto.

PATRICIA D. PETERSEN
Chief Hearing Officer
Presiding Officer

Pursuant to RCW 34.05.461(3), the parties are advised that they may seek
reconsideration of this order by filing a request for reconsideration under RCW 34.05.470
with the undersigned within 10 days of the date of service (date of mailing) of this order.
Further, the parties are advised that, pursuant to RCW 34.05.514 and 34.05.542, this
order may be appealed to Superior Court by, within 30 days after date of service (date of
mailing) of this order, 1) filing a petition in the Superior Court, at the petitioner's option,
for (a) Thurston County or (b) the county of the petitioner's residence or principal place
of business; and 2) delivery of a copy of the petition to the Office of the Insurance
Commissioner; and 3) depositing copies of the petition upon all other parties of record
and the Office of the Attorney General.

Declaration of Mailing

I declare under penalty of perjury under the laws of the State of Washington that on the date listed below, I mailed or
caused delivery through normal office mailing custom, a true copy of this document to the people named above at their
addresses listed above.

DATED this 16th day of March, 2012

KELLY A. CAIRNS

# APPENDIX 51

**MIKE KREIDLER**
STATE INSURANCE COMMISSIONER

**STATE OF WASHINGTON**



**OFFICE OF
INSURANCE COMMISSIONER**

Phone: (360) 725-7000
www.insurance.wa.gov

**FILED**

2012 MAY 11  A 11: 25

~~Received, OIC~~
~~Patricia D. Petersen~~
~~Chief Hearing Officer~~

**HEARINGS UNIT**
Fax: (360) 664-2782

Patricia D. Petersen
Chief Hearing Officer
(360) 725-7105

Kelly A. Cairns
Paralegal
(360) 725-7002
KellyC@oic.wa.gov

**BEFORE THE STATE OF WASHINGTON
OFFICE OF INSURANCE COMMISSIONER**

| | |
|---|---|
| ROSE HOWELL, | ) Order No. 12-0143 |
| | ) |
| Plaintiff, | ) ORDER ON DEMAND FOR HEARING |
| | ) AND RELATED MOTIONS |
| v. | ) |
| | ) |
| SAFECO INS. CO. OF ILLINOIS, et al. | ) |
| in re: the Estate of Plotner; LIBERTY | ) |
| MUTUAL INS. CO., et al.; LIBERTY | ) |
| MUTUAL GROUP, et al.; LIBERTY | ) |
| MUTUAL HOLDING CO., INC., et al.; | ) |
| PRUDENTIAL FINANCIAL, INC., | ) |
| et al.; COMPUTER SHARE | ) |
| SHAREHOLDER SERVICES, et al.; | ) |
| CONTINENTAL CASUALTY | ) |
| COMPANY, et al.; HARTFORD | ) |
| FINANCIAL SERVICES GROUP, INC., | ) |
| et al.; STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE CO., et al.; | ) |
| BNY MELLON, et al., and the solvent | ) |
| Community property comprised thereof, | ) |
| | ) |
| Defendants. | ) |

TO:    Rose Howell
       9504 N.E. 5th Street
       Vancouver, WA  98664

Colleen Barrett
Barrett & Worden
2101 4th Avenue, Suite 700
Seattle, WA  98121



Order on Demand for Hearing
Page 2

Richard Quinlan
Liberty Mutual Ins. Co.
175 Berkeley Street
Boston, MA  02116

Safeco Ins. Co. of Illinois
27201 Bella Vista Parkway, Ste 130
Warrenville, IL  60555

BNY Mellon Investment Services
480 Washington Blvd. 29th Floor
Jersey City, NJ  07310
Attn:  Legal Department

Continental Casualty Company
333 South Wabash
Chicago, IL  60604
Attn:  Thomas Corcoran

Hartford Financial Svcs. Group
One Hartford Plaza, HO-1-01
Hartford, CT  06155
Attn:  Fraud Dept./Investor Rel.

State Farm Mutual Automobile Ins.
1 State Farm Plaza
Bloomington, IL  61710-0001
Attn:  Edward Rust, Jr.

Computer Share
Shareholder Services
250 Royal Street
Canton, MA  02021

Prudential Annuities
Client Relations
2101 Welsh Road
Dresher, PA  19025
Attn:  Lisa Hayer

COPY TO:   Mike Kreidler, Insurance Commissioner
Michael G. Watson, Chief Deputy Insurance Commissioner
Charles Brown, Senior Staff Attorney, Legal Affairs Division
Office of the Insurance Commissioner
PO Box 40255
Olympia, WA 98504-0255

Rose Howell (Howell) filed a Demand for Hearing received via email on April 24, 2012.  In this Demand, Howell demands that the Commissioner consider her private claims against Safeco Insurance Company of Illinois and others (Howell lists ten companies as defendants in the Demand's caption, and in previous filings and communications has also referred to fraudulent acts of her relatives, including her sister) arising from injuries she alleges were caused to her thirteen years ago by a Safeco of Illinois insured (Mr. Plotner).  In this current Demand, Howell demands that the Insurance Commissioner *'immediately' conduct a hearing under RCW 48.04.010(1)(b) and 34.05.240, with respect to the outcome and orders in re:G080-0084 (fraudulent)* [Liberty Mutual's 2008 request for approval to acquire the Safeco group] *... to produce an **informal resolution** ....*  In this current Demand, Howell states that, just as in her previously served 1) *Petition for Declaratory Order; and 2) Motion to Reconsider, she is "NOT" asking the Ins. Comm. to adjudicate this matter, but rather to set a hearing so that we 'as adults' can sit down and determine when, how, and in what increments etc this demands* [sic] [her private claims against Safeco and others] *will be tendered satisfied.*  [All emphases above in original.]  In this current Demand, Howell asserts that she is demanding an *informal resolution,*

000045

Order on Demand for Hearing
Page 3

not a formal adjudication, and that therefore this current Demand should be granted. In fact, just as determined in response to Howell's other filings, the undersigned has no statutory authority or jurisdiction to consider Howell's private claims either formally or informally.

On January 10, 2012, Howell requested to participate in Docket No. 11-0261 [Safeco's request for approval to redomesticate four of the Safeco companies], arguing that the Safeco companies should not be allowed to redomesticate because she believed that she had not been fairly paid by Safeco Insurance Company of Illinois for these same injuries allegedly caused by the Safeco of Illinois insured thirteen years ago. Even so, Howell was allowed to fully participate in No. 11-0261, to file briefs, to appear and testify and to question witnesses at the proceeding in No. 11-0261. As explained to her on the record during that hearing, and as set forth in the Final Order entered therein on January 12, 2012 and in numerous communications since that time, it was determined that Howell's private controversy is not sufficiently relevant to the issue of whether the four named Safeco companies (which in fact did not even include Safeco Insurance Company of Illinois) should not be allowed to redomesticate, and, further, that the undersigned has no statutory authority or jurisdiction to resolve Howell's private claims whether by "adjudication" or "informal resolution," as follows:

- On March 1, 2012, Howell filed a 49 page Petition for Declaratory Order, asking for compensation for the same injuries she alleges the Safeco of Illinois insured caused, and asking for recovery of the same funds she alleges were fraudulently paid to "third parties," i.e., her sister and other relatives, whom she asserts received money that should have been paid to her.
- On March 15, 2012, the undersigned entered an Order Dismissing Howell's Petition for a Declaratory Order, determining that 1) Howell's Petition does not qualify for a Declaratory Order under RCW 34.05.240(1); and 2) even if Howell's Petition were not considered to be a Petition for Declaratory Order but as a Demand for Hearing, that the undersigned had no statutory authority or jurisdiction to consider Howell's private claims against Safeco and others.
- On March 26, 2012, Howell filed a Motion for Reconsideration of the above-referenced Order Dismissing Howell's Petition for a Declaratory Order.
- On April 19, 2012, the undersigned mailed a letter to Howell denying Howell's Motion for Reconsideration, once again stating that she has no statutory authority or jurisdiction to consider Howell's claims.

After a review of Howell's current Demand for Hearing, as above, it is noted that Howell demands a hearing *with respect to the outcome and orders in re: G08-0084* [Liberty Mutual's request for approval to acquire the Safeco group]. First, it is hereby determined that Howell's filing is several years too late: the proceeding in that matter was conducted on September 10, 2008, and a Final Order entered therein on September 18, 2008. Second, it is hereby determined that, as above in response to her earlier filings, Howell has no right to a hearing in this forum under Title 48 RCW or Title 34 RCW, and the undersigned has no statutory authority or jurisdiction to consider Howell's private claims either formally or informally. Finally, Howell's private claims are not sufficiently relevant to the issue in G08-0084 (acquisition).

Order on Demand for Hearing
Page 4

It is noted that Howell has filed repeated Petitions, Demands and/or other pleadings in the Washington State Supreme Court, and in various other courts in Washington and perhaps elsewhere. Based upon the above repeated determinations, Howell is advised that her Demand for Hearing herein is denied on the basis that she has no right to hearing under Title 48 RCW or Title 34 RCW and the undersigned has no statutory authority or jurisdiction to consider Howell's claims whether in an informal or a formal proceeding. Further, it is noted that due to repeated petitions and other pleadings Howell has filed with the Washington State Supreme Court, that court has determined that any further pleadings filed by Howell would be placed in the closed file and not be responded to (see September 29, 2011 letter to Howell from Susan L. Carlson, Supreme Court Deputy Clerk; Exhibit 6 in Docket No. 11-0261). Similarly, Howell is hereby advised that should she file any further pleadings with this agency concerning her private claims, there will be no response provided. This is a final order. Howell is hereby advised that her right to appeal this final order is set forth below.

This Order is entered this _10th_ day of May, 2012, at Tumwater, Washington, pursuant to Title 48 RCW and particularly RCW 48.04; Title 34 RCW; and regulations pursuant thereto.

PATRICIA D. PETERSEN
Chief Hearing Officer

cc:    Melvin N. Sorensen, Esq., Carney Badley Spellman, P.S.
       Nicholas F. Potter, Esq., Devoise & Plimpton LLP
       Warren Buffett, Berkshire-Hathaway
       Warren Babb, Lane Powell, P.C.

Pursuant to RCW 34.05.461(3), the parties are advised that, pursuant to RCW 34.05.514 and 34.05.542, this order may be appealed to Superior Court by, within 30 days after date of service (date of mailing) of this order, 1) filing a petition in the Superior Court, at the petitioner's option, for (a) Thurston County or (b) the county of the petitioner's residence or principal place of business; and 2) delivery of a copy of the petition to the Office of the Insurance Commissioner; and 3) depositing copies of the petition upon all other parties of record and the Office of the Attorney General.

Order on Demand for Hearing
Page 5

---

### Declaration of Mailing

I declare under penalty of perjury under the laws of the State of Washington that on the date listed below, I mailed or caused delivery through normal office mailing custom, a true copy of this document to the people named above at their addresses listed above.

DATED this __11th__ day of May, 2012

_Kelly A Ca___

KELLY A. CAIRNS

---

# APPENDIX 52

USDC SCAN INDEX SHEET











GHIANNI

GOVERNMENT EMPLOYEES

CAG   2/10/98   10:30

3:96-CV-01171

*70*

*JGM.*

FILED

FEB 9 1998

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN GHIANNI,<br><br>       Plaintiff,<br><br>  v.<br><br>GOVERNMENT EMPLOYEES INSURANCE<br>COMPANY; and DOES 1 through 100,<br>inclusive,<br><br>       Defendants. | Case No. 96-1171 JM (JFS)<br><br>JUDGMENT ON COURT VERDICT |

This action came on regularly for trial on January 6, 1998, in Department 6 of the United States District Court, Southern District, the Honorable Jeffrey T. Miller presiding. Plaintiff JoAnn Ghianni represented herself in pro per and defendant Government Employees Insurance Company was represented by Kathryn A. Bernert of Luce, Forward, Hamilton & Scripps LLP.

The evidence and arguments were presented at a two-day bench trial, where the Court sat as trier of fact. After hearing the evidence and arguments on January 6 and 7, 1998, the Court took the case under submission. The Court deliberated and thereafter

ENTERED ON 2.10.98
70

ORIGINAL

96CV1171

returned a Statement of Decision Following Bench Trial on

January 29, 1998.   The Court found as follows:

Defendant Government Employees Insurance Company is entitled

to judgment against plaintiff JoAnn Ghianni on all of plaintiff's

causes of action.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that this

case be dismissed, judgment entered in favor of defendant, and

plaintiff take nothing from defendant.

Dated:   February 6, 1998

Honorable Jeffrey M. Miller
United States District Court

# APPENDIX 53

CIRCUIT COURT COUNTY OF MULTNOMAH, STATE OF OREGON

| | |
|---|---|
| ACCOUNT CONTROL SERVICES, INC | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BRIAN P HOWELL and ROSE A HOWELL | ) |
| 9504 NE 5TH ST | ) |
| VANCOUVER, WA 98664 | ) |
| | ) |
| Defendant. | ) |

**DEBT CALCULATION**

Case No. <u>100608504</u>

TO: **BRIAN P HOWELL and ROSE A HOWELL**  (Debtor)
The following amounts have been calculated to be owing from you to ACCOUNT CONTROL SERVICES, INC  (Creditor).
The amounts are owed by reason of:

A judgment entered against you dated June 10, 2010, in case No. 100608504,
CIRCUIT Court, MULTNOMAH County.

Other debt subject to garnishment under the law (provide details): _____

THE COURT ADMINISTRATOR HAS NOT CALCULATED ANY AMOUNTS FOR PURPOSE OF THIS FORM AND IS NOT LIABLE FOR ERRORS IN THIS FORM OR IN THE WRIT OF GARNISHMENT MADE BY THE CREDITOR OR GARNISHOR.

| | | | | | |
|---|---|---|---|---|---|
| Original Debt Amount | $ | 5,946.24 | Total "Other" from additional sheets (if used) | $ | .00 |
| Pre-adjudication Interest | $ | 1,050.37 | +Past Writ Issuance Fees | $ | 54.00 |
| Attorney Fees | $ | 1,695.00 | +Past Delivery Fees | $ | 51.00 |
| Cost Fees | $ | 1,456.00 | +Transcript and Filing Fees for Other Counties | $ | .00 |
| Post-adjudication Interest | $ | 8,454.68 | | | |
| Delivery Fee for this Writ | $ | 17.00 | | | |
| Issuance Fee for this Writ (Clerk-issued writ only) | $ | 35.00 | =Subtotal | $ | 18,855.29 |
| Financial Search Fee | $ | .00 | | | |
| +Past Financial Search Fee | $ | 30.00 | LESS Payments Made on Debt | ($ | 17,750.21 ) |
| +Sheriff's Fees other than Delivery Fees | $ | .00 | | | |
| +Other (Explain. Attach additional sheets if necessary). | | | =Total Amount Required to Satisfy Debt in Full | $ | 1,105.08 |
| Foreign judgment costs | $ | 66.00 | | | |
| | $ | .00 | | | |

NOTE: INSERTING ITEMS AND AMOUNTS NOT LAWFULLY SUBJECT TO COLLECTION BY GARNISHMENT MAY RESULT IN LIABILITY FOR WRONGFUL EXECUTION.

I certify that I have read this Debt Calculation form and to the best of my knowledge, information and belief the amount shown as owing is correct.

_____
Creditor (Creditor must sign if writ issued by Court Administrator)

_____
Garnishor (Attorney for Creditor or other person authorized by law to issue writ.)

<u>JEFFREY I HASSON /COURTNEY CROSS</u>
<u>12707 NE HALSEY</u>
<u>PORTLAND, OR 97230</u>

<u>503-255-4535</u>
Telephone Number(s)

<u>87241/94282</u>
Oregon State Bar Number (if Attorney)

<u>December 26, 2011</u>
Date of Calculation

DEBTOR'S ORIGINAL

**CIRCUIT COURT COUNTY OF MULTNOMAH, STATE OF OREGON**

| | | |
|---|---|---|
| ACCOUNT CONTROL SERVICES, INC | ) | |
| | ) | |
| Plaintiff, | ) | **DEBT CALCULATION** |
| | ) | |
| vs. | ) | Case No. **100608504** |
| | ) | |
| BRIAN P HOWELL and ROSE A HOWELL | ) | |
| 9504 NE 5TH ST | ) | |
| VANCOUVER, WA 98664 | ) | |
| | ) | |
| Defendant. | ) | |

TO: **BRIAN P HOWELL and ROSE A HOWELL**  (Debtor)
The following amounts have been calculated to be owing from you to ACCOUNT CONTROL SERVICES, INC (Creditor).
The amounts are owed by reason of:

[X]   **A judgment entered against you dated June 10, 2010, in case No. 100608504,**
      **CIRCUIT Court, MULTNOMAH County.**

[ ]   Other debt subject to garnishment under the law (provide details): _____

---

**THE COURT ADMINISTRATOR HAS NOT CALCULATED ANY AMOUNTS FOR PURPOSE OF THIS FORM AND IS NOT LIABLE FOR ERRORS IN THIS FORM OR IN THE WRIT OF GARNISHMENT MADE BY THE CREDITOR OR GARNISHOR.**

| | | | | |
|---|---|---|---|---|
| Original Debt Amount | $ | 5,946.24 | Total "Other" from additional sheets (if used)   $   .00 | |
| +Pre-adjudication Interest | $ | 1,050.37 | | |
| +Attorney Fees | $ | 1,695.00 | +Past Writ Issuance Fees   $   36.00 | |
| +Cost Fees | $ | 1,456.00 | +Past Delivery Fees   $   34.00 | |
| +Post-adjudication Interest | $ | 8,203.30 | +Transcript and Filing Fees for Other Counties   $   .00 | |
| +Delivery Fee for this Writ | $ | 17.00 | | |
| +Issuance Fee for this Writ (Clerk-issued writ only) | $ | 18.00 | =Subtotal   $   18,551.91 | |
| +Financial Search Fee | $ | .00 | | |
| +Past Financial Search Fee | $ | 30.00 | LESS Payments Made on Debt   ($   11,012.86   ) | |
| +Sheriff's Fees other than Delivery Fees | $ | .00 | | |
| +Other (Explain. Attach additional sheets if necessary). | $ | 66.00 | =Total Amount Required to Satisfy Debt in Full   $   7,539.05 | |
| Foreign judgment costs | $ | .00 | | |

**NOTE: INSERTING ITEMS AND AMOUNTS NOT LAWFULLY SUBJECT TO COLLECTION BY GARNISHMENT MAY RESULT IN LIABILITY FOR WRONGFUL EXECUTION.**

I certify that I have read this Debt Calculation form and to the best of my knowledge, information and belief the amount shown as owing is correct.

_____
Creditor (Creditor must sign if writ issued by Court Administrator)

_____
Garnishor (Attorney for Creditor or other person authorized by law to issue writ.)

JEFFREY I HASSON /COURTNEY CROSS
12707 NE HALSEY
PORTLAND, OR 97230

503-255-4535
Telephone Number(s)

87240 /94282
Oregon State Bar Number (if Attorney)

February 28, 2011
Date of Calculation

**DEBTOR'S ORIGINAL**

CIRCUIT COURT COUNTY OF MULTNOMAH, STATE OF OREGON

| | | |
|---|---|---|
| ACCOUNT CONTROL SERVICES, INC | ) | |
| | ) | |
| | **Plaintiff,** ) | **DEBT CALCULATION** |
| | ) | |
| vs. | ) | **Case No.** 100608504 |
| | ) | |
| BRIAN P HOWELL and ROSE A HOWELL | ) | |
| 9504 NE 5TH ST | ) | |
| VANCOUVER, WA 98664 | ) | |
| | ) | |
| | **Defendant.** ) | |

**TO: BRIAN P HOWELL and ROSE A HOWELL (Debtor)**
The following amounts have been calculated to be owing from you to ACCOUNT CONTROL SERVICES, INC (Creditor).
The amounts are owed by reason of:

A judgment entered against you dated June 10, 2010, in case No. 100608504,
CIRCUIT Court, MULTNOMAH County.

Other debt subject to garnishment under the law (provide details):

_____

**THE COURT ADMINISTRATOR HAS NOT CALCULATED ANY AMOUNTS FOR PURPOSE OF THIS FORM AND IS NOT LIABLE FOR ERRORS IN THIS FORM OR IN THE WRIT OF GARNISHMENT MADE BY THE CREDITOR OR GARNISHOR.**

| | | | | | |
|---|---|---|---|---|---|
| Original Debt Amount | $ | 5,946.24 | Total "Other" from additional | | |
| +Pre-adjudication Interest | $ | 1,050.37 | sheets (if used) | $ | .00 |
| +Attorney Fees | $ | 1,695.00 | +Past Writ Issuance Fees | $ | .00 |
| +Cost Fees | $ | 1,456.00 | +Past Delivery Fees | $ | .00 |
| +Post-adjudication Interest | $ | 7,501.60 | +Transcript and Filing | | |
| +Delivery Fee for this Writ | $ | 17.00 | Fees for Other Counties | $ | .00 |
| +Issuance Fee for this Writ | $ | 18.00 | | | |
| (Clerk-issued writ only) | | | =Subtotal | $ | 17,750.21 |
| +Financial Search Fee | $ | .00 | | | |
| +Past Financial Search Fee | $ | .00 | LESS Payments Made on Debt | ($ | 1,814.13 ) |
| +Sheriff's Fees other | | | | | |
| than Delivery Fees | $ | .00 | =Total Amount Required to | | |
| +Other (Explain. Attach | | | Satisfy Debt in Full | $ | 15,936.08 |
| additional sheets if necessary). | | | | | |
| Foreign judgment costs | $ | 66.00 | | | |
| | $ | .00 | | | |

**NOTE: INSERTING ITEMS AND AMOUNTS NOT LAWFULLY SUBJECT TO COLLECTION BY GARNISHMENT MAY RESULT IN LIABILITY FOR WRONGFUL EXECUTION.**

I certify that I have read this Debt Calculation form and to the best of my knowledge, information and belief the amount shown as owing is correct.

_____
Creditor (Creditor must sign if writ issued by Court Administrator)

_____
Garnishor (Attorney for Creditor or other person
authorized by law to issue writ.)

JEFFREY I HASSON /COURTNEY CROSS
12707 NE HALSEY
PORTLAND, OR 97230

503-255-4535
Telephone Number(s)

87241/94282
Oregon State Bar Number (if Attorney)

June 17, 2010
Date of Calculation

**DEBTOR'S ORIGINAL**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY

ACCOUNT CONTROL SERVICES, INC                )        Case No
    Plaintiff,                                                    )
        vs                                                      )        GENERAL  FOREIGN JUDMENT
                                                                     )        WITH MONEY AWARD
                                                                     )
BRIAN  P HOWELL and,                                   )
ROSE A HOWELL,                                            )
Individually and as a marital community,            )
                                                                     )
    Defendant,                                                 )

JUDGMENT. I hereby give judgment in this case for the Judgment Creditor named in the money
judgment/money award below and against the Judgment Debtor(s) named therein.

MONEY JUDGMENT/MONEY AWARD

Judgment Creditor:            Account Control Services
                            PO Box 20912
                            Portland, OR  97294

Judgment Debtor(s):          Brian P Howell and Rose A Howell
                            9504 NE 5th St
                            Vancouver, WA  98664

                            Date of Birth: ▉▉▉▉▉▉▉▉▉▉▉▉
                            Social Security number: ▉▉▉▉▉▉
                            Driver's license number:  unknown; State of issuance:  unknown

Judgment Debtor Attorney:                                  None
Judgment Creditor's Attorney:                          None
Person or public body entitled to any portion of payment made on judgment   None

| | | |
|---|---|---|
| Principal Judgment Amount | $ | 5946.24 |
| Pre-judgment Interest | $ | 1050.37 |
| Attorney Fees | $ | 1695.00 |
| Court Costs | $ | 61.00 |
| Check Collection Fees | $ | 80.00 |
| Statutory Damages | $ | 600.00 |
| Handling Fees | $ | 50.00 |
| Post-judgment costs | $ | 215.00 |
| Post-judgment Interest | $ | 7501.60 |
| Payments | $ | 1814.13 |
| Total Amount of Judgment | $ | 15385.08 |

DATE SIGNED:_____            _____
                                               Circuit Court Judge

                                             _____

                                             Print Judges Name

Submitted by:
Ray Nygren, President    Account Control Services
PO Box 20912, Portland, OR 97294
phone: (503)254-5416

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY

ACCOUNT CONTROL SERVICES, INC,                )          Case No.
                                              )
         Plaintiff,                           )
                                              )          AFFIDAVIT OF LAST
      vs.                                     )          KNOWN ADDRESS AND
                                              )          SINGLE COURT FILING,
BRIAN P HOWELL and                       ,    )
ROSE A HOWELL,                                )
Individually and as a marital community,      )
                                              )
         Defendant,                           )

The undersigned, being first duly sworn, deposes and says:

Desiring to file in the Circuit Court for Multnomah County, judgment in Case No 02 2 C3215 3 Superior Court
of Clark County, State of Washington, against the above named defendant, state:

1.  The judgment creditor's name and address is:

    Account Control Services
    PO Box 20912
    Portland, OR 97294.
         Judgment Creditor Attorney:  None

2.  The name and last known address for the judgment debtor are:

             BRIAN P HOWELL and ROSE A HOWELL
             9504 NE 5th St
             Vancouver, WA  98664

             Date of Birth: ███████████████
             Social Security number: ████████████
             Driver's license number:  unknown
             State of issuance:  unknown
             Judgment Debtor Attorney:  None

3.  Person or Public Body entitled to any portion of payment made on  judgment:  None

The undersigned also states that a copy of the NOTICE OF FILING OF FOREIGN JUDGMENT,  AFFIDAVIT
OF LAST KNOWN ADDRESS AND SINGLE COURT FILING and JUDGMENT SUMMARY were mailed this
date to the defendant at the above address.

I also state that this judgment is being filed exclusively in  Multnomah County and in no other counties.

                                              _____
                                                  Creditor- Assignee

         SUBSCRIBED AND SWORN TO before me this _____ day of  June , 2010



OFFICIAL SEAL
V T WONG
NOTARY PUBLIC - OREGON
COMMISSION NO. 417126
MY COMMISSION EXPIRES JUNE 8, 2011

                                              _____
                                                  Notary Public for Oregon
                                                  My commission expires:  06/08/2011



**ACCOUNT CONTROL SERVICES INC**
**PO Box 20912**
**Portland, OR 97294**
**(503)254-5416**

June 5, 2010

Multnomah County Circuit Court
1021 SW 4th
Portland, OR  97204

RE:  NOTICE OF FILING OF FOREIGN JUDGMENT
     Account Control Services Inc  vs  Howell

We desire to file the enclosed foreign judgment obtained in the Superior Court of Clark County the State of Washington. We have enclosed the following:

1. $41.00 check
2. Exemplified copy of the Judgment
3. Certified copy of the assignment of Judgment
4. Affidavit of Last Known Address and Single Court Filing
5. General Foreign Judgment with Money Award

In order to insure that we  receive a notice that this request has been filed,   PLEASE ADD PLAINTIFF'S (OUR)  NAME AND ADDRESS INTO THE SYSTEM.

Thank you for your assistance in this matter.

Sincerely,


Ray Nygren, President


cc:     Brian P and Rose A Howell
        9504 NE 5th St
        Vancouver, WA  98664

# APPENDIX 54

**FILED**

AUG 0 8 2008

Sherry W. Parker, Clerk, Clark Co.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## JUVENILE DIVISION IN AND FOR THE COUNTY OF CLARK

STATE OF WASHINGTON  vs.                )        SCOMIS NO. 08-8-00537-8
                                        )        JUVIS NO. 933008 082-027795
*Gary B Howell*                         )
DOB: 12-08-90                           )        ***ORDER OF DISPOSITION***
                                        )        ***COMMUNITY SUPERVISION***

### I. HEARING

**THIS MATTER** having come on for hearing this 8 day of _August_, 2008 the
youth being represented personally and by and through his/her attorney, and the State being represented by it's
Deputy Prosecuting Attorney, the youth having previously:

[ x ] entered valid plea(s) of guilty to          [ ] been convicted at trial of

Count 1 & 6 R ✓   Charging _Theft II_ $250        Committed on or about _May 11, 2008_
Count 2 3 - 5 P ✓  Charging _Vehicle Prowl II_    Committed on or about _May 11, 2008_
Count 4 R ✓       Charging _Theft III_            Committed on or about _May 11, 2008_
Count ___ R ___   Charging ___                    Committed on or about ___

### II. FINDINGS

**THE COURT** having afforded each counsel the right to speak; having asked the above youth if he/she
wished to make a statement on his/her behalf; having considered any mitigating and aggravating factors; and the
case record to date; the Court finds that the youth is guilty of the above charge(s).

### III. ORDER

**NOW, THEREFORE,** the Court orders the youth to consecutive terms of community supervision:

12   months, Count _all_ R ___        ___ months, Count ___ R ___
___ months, Count ___ R ___          ___ months, Count ___ R ___

_____ Juvenile Court jurisdiction is extended beyond the juvenile's eighteenth birthday.

**WHILE ON SUPERVISION,** the youth shall abide by the following conditions and directives:

ORDER OF DISPOSITION - 1
(JuCR 7.12; RCW 13.40.130-160, 180, 185, 190)                    JPA04    01-31-2007

Distribution: WHITE-Court   GREEN-Probation   YELLOW-Youth   PINK-Pros. Attorney   GOLD-Counsel

X **A. LAW:** The youth shall not violate any federal, state, or local laws of this or any other jurisdiction, nor shall he/she be in the company of any person known to him /her to be doing or having done so.

X **B. DETENTION SENTENCE:** 15 days total. ( _____ Ct. I, _____ Ct. II, _____ Ct. III, _____ Ct. IV)

    1.  Beginning _____, 20_____.
    2.  Credit for _____ days served.
    3.  Work credit: _____ days are converted to _____ hours of community service/work crew.
    4.  _____ Work/School release is authorized.

X **C. COMMUNITY SERVICE:** 24 hours to be performed.

    1.  Detention credit of _____ hours community service.
    2.  TOTAL COMMUNITY SERVICE ORDERED UNDER DIRECTIVES B AND C ABOVE:
        _____ HOURS.

X **D. TREATMENT:** The youth shall attend and successfully complete a counseling, therapy, or information program as directed by his/her parent or probation counselor.

X **E. EDUCATION:** The youth shall enroll in and attend an educational/vocational program, and comply with the mandatory school attendance provisions of 28.A.225 RCW. Suspension or expulsion from such program may be deemed a violation of community supervision and your probation officer will notify the school of this requirement.

X **F. RESIDENCE:** The youth shall live at a residence approved by his/her probation counselor, shall abide by all reasonable written rules of the residence and shall not move unless given prior permission to move by the court or his/her probation counselor, and shall spend every night at his Court approved residence unless given permission otherwise by his/her probation officer and/or parent.

X **G. FINANCIAL DIRECTIVE:** The youth shall pay the following to the Clark County Clerk:

    1.  A $_____ fine is imposed.
    ✗ 2.  A $ 100 fee for the Crime Victim's Fund.
    ✓ 3.  Restitution in an amount to be determined by the Probation Counselor. If the Probation Counselor and the respondent cannot agree on an amount, the matter may be set for hearing.
    4.  Restitution on all counts listed in the information filed.

Respondent shall remain under the court's jurisdiction for a maximum term of ten (10) years after respondent's 18th birthday (unless the matter is again extended for an additional 10 year period) for the collection of ordered restitution and penalty assessment.

X **H. ASSOCIATION:** The youth shall not associate with any person on probation or parole, nor shall he/she voluntarily associate with or communicate with his/her co-respondent, or with: _____
_____
_____

_____ **I. YOU ARE TO HAVE NO CONTACT WHATSOEVER WITH THE** VICTIM(S)_____

**VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE UNDER CHAPTER 10.99 RCW AND WILL SUBJECT A VIOLATOR TO ARREST. ANY ASSAULT OR RECKLESS ENDANGERMENT THAT IS A VIOLATION OF THIS ORDER IS A FELONY.**

ORDER OF DISPOSITION - 2
(JuCR 7.12; RCW 13.40.130-160, 180, 185, 190)           JPA04   01-31-2007

**X** J. While under community supervision, the youth shall be under the charge of a probation counselor of the Clark County Superior Court Juvenile Department and shall follow the conditions in this order and any other written rules as directed by the Probation counselor. The youth shall fully and truthfully report to such probation counselor at such times and places as directed.

_____ K. Supervision shall be transferred to: _____

_____ L. ADDITIONAL
CONDITIONS/DIRECTIVES:_____

**X** M. That you are required to provide a sample of DNA for identification analysis pursuant to RCW 43.43.754.

_____ N. COUNT(S) _____ is/are dismissed with/without prejudice.

**PURSUANT TO a conviction for a felony level offense, you may not own, have in your possession or control, any firearm until that right is restored by a Court of law. See RCW 9.41.040 and RCW 9.41.047.**

DONE IN OPEN COURT and in the presence of the above-named youth this ___8___ day of
_August___, 2008.

APPROVED AS TO FORM:

_____ 1480
Deputy Prosecuting Attorney

_____ 15858
Defense Attorney

_____ Pro-Tem
SUPERIOR COURT ~~JUDGE~~/COMMISSIONER

**I HAVE RECEIVED A COPY OF THIS ORDER. I UNDERSTAND IT AND HAVE NO FURTHER QUESTIONS TO ASK OF THE COURT.**

_____
Youth

_____
Parent

**TO THE YOUTH WHO IS SUBJECT TO THIS ORDER**

You have certain rights regarding your record. Please read the other side of this Order where such information is provided. In Reference to: _____

I attest that I saw the same youth who appeared in Court on this document affix his/her thumbprints hereto.

SHERRY PARKER, SUPERIOR COURT CLERK.

By:_____
Special Deputy

Left Thumb          Right Thumb

ORDER OF DISPOSITION - 3
(JuCR 7.12; RCW 13.40.130-160, 180, 185, 190)

JPA04   01-31-2007

Distribution: WHITE-Court   GREEN-Probation   YELLOW-Youth   PINK-Pros. Attorney   GOLD-Counsel

# APPENDIX 55

RECEIVED

JUN 24 2004

CPSO1387

COPY

RECEIVED

JUN 1 0 2004

DISTRICT COURT
CLARK COUNTY, WASH.

1

2

3

4

5

6      IN THE DISTRICT COURT OF THE STATE OF WASHINGTON

7                    FOR THE COUNTY OF CLARK

8   CAVALRY PORTFOLIO SERVICES, LLC,   )
    a Delaware Limited Liability       )      Case NO. 2907195
9   Company,                           )
                  Plaintiff,           )
10  v.                                 )      DEFAULT JUDGMENT
                                       )
11  BRIAN P HOWELL,                    )
                                       )
12               Defendant.            )
                                       )
13                                     JUDGMENT SUMMARY

14  ATTY/JUDGMENT CREDITOR:        LAW OFFICE OF NANCY A. SMITH
                                   NANCY A. SMITH, WSB#16002
15                                 J. PATTERSON REECE, WSB#29704

16  JUDGMENT DEBTOR:               BRIAN P HOWELL
    PRINCIPAL:                     $1,712.13
17  PREJUDGMENT INTEREST:          $318.46

18  ATTORNEY FEE:                  $371.21
    COSTS OF SUIT:                 $76.00
19  OTHER AMOUNTS:                 $0.00

20  TOTAL JUDGMENT:                $2,477.80

21       POST JUDGMENT INTEREST RATE: 12%, on total judgment
    amount.

22       THIS MATTER having come before the undersigned on motion

23  of Plaintiff for judgment by default, the Court having

24  reviewed the record and files herein and the Motion with

25  subjoined affidavit in support thereof, finding that a default

26

Page 1 - Default Judgment

Law Office of Nancy A. Smith
Attorneys at Law
2121 S.W. Broadway, Suite 100
Portland, OR 97201-3180
Telephone (503) 227-2518

1  order has been entered and that Defendant failed to appear or

2  serve any responsive pleadings within the period allowed by

3  law, that Plaintiff's claim is for a sum certain or which may

4  by computation be made certain, and to the best of Plaintiff's

5  knowledge and belief, the Defendant is not incompetent or

6  incapacitated persons, nor financially incapable, not in the

7  military service of the United States, it is

8      ORDERED, that Plaintiff have judgment as summarized

9  above.

10     DATED: June 23rd, 2004

11

12                                      Judge/Court Commissioner

13  Presented By:

14  LAW OFFICE OF NANCY A. SMITH

15

16  NANCY A. SMITH, WSB#16002
    J.PATTERSON REECE, WSB#29704
17  Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

Page 2 - Default Judgment

# APPENDIX 56

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF CLARK

ROSE HOWELL                           NO. 02-2-00265-3

                                      ORDER GRANTING SUMMARY
                        Plaintiff,    JUDGMENT OF DISMISSAL

v

CHRISTINA BOLSTER,

                        Defendant.

THIS MATTER came before the Court, the Honorable Roger A Bennett presiding, on the defendant's motion for summary judgment, the defendant appearing by and through her attorney of record, Barry W. Dod, and the plaintiff ~~appearing by and through her attorney of record,~~ not appearing ; and, the Court, having considered the defendant's Motion for Summary Judgment and Memorandum in Support, along with the attached exhibits, having further considered and

////
////
////
////
////
////
////
////

**FILED**

SEP 20 2002

JoAnne McBride, Clerk, Clark Co

PAGE 1 – ORDER GRANTING SUMMARY
JUDGMENT OF DISMISSAL

LAW OFFICES
Robert S. Dorband – Managing Attorney
SAFECO Property & Casualty Insurance Cos
P.O Box 2400 - Lake Oswego, OR 97035-0400
Telephone (503) 675-1400 - Facsimile (503) 697-0484

1

2   noted that the plaintiff has not filed any papers opposing the motion, and having heard the argument of

3   the defendant and of the plaintiff, it is hereby ORDERED that the defendant's motion for summary

4   judgment is GRANTED.

5        DATED this 20th day of September, 2002.

6

7                                                        Roger A. Bennett, Judge

8   **Approved as to form, presentment**
    **waived:**

9

10  *Not appearing*

11  _____ WSBA # _____
    Attorney for Plaintiff

12

13  **Presented By:**

14

15  Barry W. Dod, WSBA # 15063

16  Attorney for Defendant

17

18

19

20

21

22

23

24

25

26

PAGE 2 – ORDER GRANTING SUMMARY
JUDGMENT OF DISMISSAL

LAW OFFICES
Robert S. Dorband – Managing Attorney
SAFECO Property & Casualty Insurance Cos
P O Box 2400 - Lake Oswego, OR 97035-0400
Telephone (503) 675-1400 - Facsimile  (503) 697-0484

# APPENDIX 57

FILED

2002 MAR 13  P 1:35

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ROSE A. HOWELL, | ) | Civil No. 01-176-JE |
| Plaintiff(s), | ) | |
| | ) | **JUDGMENT** |
| v. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, | ) | |
| Defendant(s). | ) | |

Based on the record,

IT IS ORDERED AND ADJUDGED that this case is DISMISSED with prejudice.  Pending

motions, if any, are DENIED AS MOOT.

Dated this ___13___ day of March, 2002.

by _Ancer L. Haggerty_
Ancer L. Haggerty
United States District Judge

# APPENDIX 58

IN THE ~~INFERIOR~~ SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR CLARK COUNTY

COLUMBIA COLLECTORS,
A Washington Corporation,
                    Plaintiff,

                              )
                              )
                              )
                              )
                              )
                              )
                              )
                              )
                              )
                              )

**FILED** Barry W. Parker, Clerk Clark County 2010 MAY 25 PM 2:25

NO. 02 2 03215 3

ASSIGNMENT OF JUDGMENT

VS.

BRIAN P & ROSE A HOWELL
                    Defendants,

02903952 8

FOR VALUE RECEIVED, The above named plaintiff does hereby assign, transfer and set over unto ACCOUNT CONTROL SERVICES, INC., assignee, all of it's rights, title and interest in and to that certain judgment heretofore made and entered in favor of plaintiff and against defendant in the above entitled cause on the 11th day of July, 2002 with power to enforce and collect the same. The balance now claimed and owing upon said judgment is $15,385.08.

Dated this 14th day of MAY, 2010

By _____

SUBSCRIBED AND SWORN to before me this 14 day of May, 2010

_____
Notary Public



My commission expires: 8-4-2013

5

FILED
JUL 29 2002
JoAnne McBride, Clerk, Clark Co.

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CLARK

02 2 03215 3

| | |
|---|---|
| COLUMBIA COLLECTORS, INC | ) Case No.: 279966-2 |
|      Plaintiff, | ) |
|    vs. | ) TRANSCRIPT OF JUDGMENT |
| BRIAN P & ROSE A HOWELL | ) 02 9 03952 8 |
|     Defendant | ) |

This is to certify that this is a transcript of judgment for the above entitled action.

Dated: JULY 11, 2002

By: _____
District Court Clerk

2

TRANSCRIPT - 1

# APPENDIX 59

# FILED

## SEP 1 9 2003

JoAnne McBride, Clerk, Clark Co.

IN THE SUPERIOR COURT FOR CLARK COUNTY, WASHINGTON

COLUMBIA COLLECTORS, INC.,               )
                         Plaintiff,      )   No. 02-2-03215-3
                                         )
        vs                               )   JUDGMENT ON ANSWER OF
                                         )          GARNISHEE
BRIAN P. HOWELL and ROSE A.              )
HOWELL, Individually and as a            )
marital community,                       )
                         Defendant,      )
                                         )
                                         )
WASHINGTON MUTUAL BANK                    )
                         Garnishee.      )

## JUDGMENT SUMMARY

A.  Judgment Creditor COLUMBIA COLLECTORS, INC.,
B.  Garnishment Judgment Debtor    WASHINGTON MUTUAL BANK
C.  Garnishment Judgment amount ................$    1,636.07
D.  Costs Judgment Debtor .........................$
E.  Costs Judgment Amount .........................$      150.00
F.  Judgment to bear interest at ................$    12%
G.  Attorney for Judgment Creditor ..............$    DAVID JAHN

   IT APPEARING THAT garnishee was indebted to defendant in the nonexempt

amount of $1,636.07; that at the time the writ of garnishment was issued

defendant was employed by or maintained a financial institution account

with garnishee, or garnishee had in its possession or control funds,

personal property, or effects of defendant; and that plaintiff has

incurred recoverable costs and attorney fees of $150.00; now, therefore,

it is hereby

JUDGMENT ON ANSWER OF GARNISHEE DEFENDANT
PAGE 1



**ORDERED, ADJUDGED, AND DECREED** that plaintiff is awarded judgment against garnishee in the amount of $1,636.07; that plaintiff is awarded judgment against defendant in the amount of $150.00 for recoverable costs; that,

A. __X__ if this is a superior court order, garnishee shall pay its judgment amount to plaintiff through the registry of the court, and the clerk of the court shall note receipt thereof and forthwith disburse such payment to plaintiff; that,

B. ____ if this is a district court order, **garnishee shall pay its judgment amount to plaintiff directly** or through plaintiff's attorney, and if any payment is received by the clerk of the court, the clerk shall forthwith disburse such payment to plaintiff.

Garnishee is advised that the failure to pay its judgment amount may result in execution of the judgment, including garnishment.

DONE IN OPEN COURT this 19 day of SEPTEMBER, 2003

_____
Judge/Court Commissioner

Presented by:

_____
Attorney for Plaintiff

JUDGMENT ON ANSWER OF GARNISHEE DEFENDANT
PAGE 2

# APPENDIX 60

**FILED**

**JUN 05 2002**

DISTRICT COURT
CLARK COUNTY, WASH.

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON

FOR CLARK COUNTY

COLUMBIA COLLECTORS, INC.,          )
A Washington Corporation,            )          No. **2 7 9 9 6 6 - 2**
                     Plaintiff,      )
                                     )
        vs.                          )
BRIAN P. HOWELL and ROSE A. HOWELL,  )          **DEFAULT JUDGMENT**
Individually and as a marital community, )
                     Defendant.      )
                                     )
                                     )

THIS MATTER having come on regularly this day for hearing before the undersigned Judge of the

above-entitled Court, and the court being fully advised in the premises now makes the following judgment:

### JUDGMENT SUMMARY

| | | |
|---|---|---|
| JUDGMENT AMOUNT | : | $5,946.24 |
| INTEREST TO DATE OF JUDGMENT | : | $1,050.37 |
| JUDGMENT CREDITOR | : | COLUMBIA COLLECTORS, INC. |
| ATTORNEY FOR JUDGMENT CREDITOR | : | DAIVD D. JAHN, WBN #12688 |
| JUDGMENT DEBTOR | : | BRIAN P. HOWELL and ROSE A. HOWELL |
| AMOUNT OF ATTORNEYS FEES | : | $1,695.00 |
| AMOUNT OF COURT COSTS | : | $  61.00 |
| AMOUNT OF CHECK COLLECTION FEES | : | $  80.00 |
| AMOUNT OF STATUTORY DAMAGES | : | $ 600.00 |
| AMOUNT OF HANDLING FEES | : | $  50.00 |
| INTEREST RATE | : | 12% per annum from the date of the entry of the judgment |

DEFAULT JUDGMENT --1-

Heurlin, Potter, Jahn, Leatham & Holtmann, P S
211 E McLoughlin Blvd , Suite 100
P.O. Box 611
Vancouver, WA 98666-0611
360-750-7547

LESS PAYMENT                    :        $    0.00

TOTAL AMOUNT OF JUDGMENT         :        $9,482.61

       IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff be, and hereby is, awarded

judgment against each of the Defendants, individually, and their marital community in the sum of

$5,946.24; for prejudgment interest in the sum of $1,050.37; for reasonable attorney's fees in the

amount of $1,695.00; for Court costs incurred in the amount of $61.00; for check collection fees

incurred in the amount of $80.00; for statutory damages incurred in the amount of $600.00; and for

handling fees incurred in the amount of $50.00; less payment of $0.00; for a total Judgment of

$9,482.61; which Judgment shall accrue interest at the statutory rate from the date of entry of the

Default Judgment herein.

       DATED 21ˢᵗ day of JUNE, 2002

                                           DISTRICT COURT JUDGE

Presented by:

DAVID D. JAHN of Attorneys for Plaintiff
WBN #12688

STATE OF WASHINGTON } ss.
COUNTY OF CLARK
I, Robert A Winsor, Court Administrator and Clerk of the District Court of
Clark County, Washington, DO HEREBY CERTIFY that this document, con-
sisting of _____ page(s), is a true and correct copy of the
original now on file and of record in my office and as Court Clerk I am the
legal custodian thereof.
Signed and sealed at Vancouver, Washington this date.
July 11, 2002
ROBERT A WINSOR, COURT ADMINISTRATOR
BY _____ Deputy

DEFAULT JUDGMENT –2–

Heurlin, Potter, Jahn, Leatham & Holtmann, P S
211 E McLoughlin Blvd , Suite 100
P.O. Box 611
Vancouver, WA 98666-0611
360-750-7547

```
0070105X GEM                CLARK COUNTY DISTRICT COURT          PAGE:      1
 /11/2002  9:47 AM                  D O C K E T
                                                        CASE: 2/4966-02
                                                              Civil
  PLAINTIFF/PETITIONER                  DEFENDANT/RESPONDENT
 PLA 01 COLUMBIA COLLECTORS INC         DEF 01 HOWELL, BRIAN P
        1104 MAIN STREET #311
        VANCOUVER        WA 98660

  TY 01 JAHN, DAVID DUANE              DEF 02 HOWELL, ROSE A
        PO BOX 611
        VANCOUVER        WA 98666-0611
        Work Phone: 3607507547

 TITLE
   COLUMBIA COLLECTORS, INC. VS BRIAN P & ROSE HOWELL, INDIVIDUALLY
   & AS A MARITAL COMMUNITY

   Filed: 05/07/2002  Cause: Goods and Services      DV: N  Amount:
   5,946.24

 TEXT
   S 05/07/2002 2127101087 CIV FILING FEE Received            31.00 LXB
                Paid by: COLUMBIA COLLECTORS INC
                2127101087 DISPUTE RES CV Received            10.00
                Paid by: COLUMBIA COLLECTORS INC
     05/08/2002 Case Filed on 05/07/2002                               GLM
                PLA 1 COLUMBIA COLLECTORS INC Added as Participant
                DEF 1 HOWELL, BRIAN P Added as Participant
                DEF 2 HOWELL, ROSE A Added as Participant
                ATY 1 JAHN, DAVID DUANE Added as Participant
                PLA 1 COLUMBIA COLLECTORS INC Represented by:
                ATY 1 JAHN, DAVID DUANE
   U 06/05/2002 MOTION AND PROPOSED ORDER FOR DEFAULT JUDGMENT FILED    MPW
     06/07/2002 TO SSA
   S 06/21/2002 Judgment  1 Default Judgment entered by Judge SSA       GEM
                          Principal   :             5,946.24
                          Interest    :             1,050.37
                          Reas aty fee:             1,895.00
                          Handling    :                50.00
                          Collection  :                80.00
                          Stat damages:               600.00
                          Other       :                61.00
                            Total Judgment Amount.   9,482.61
                            Balance Due              9,482.61
                            for   PLA 1 COLUMBIA COLLECTORS INC
                            agnst DEF 1 HOWELL, BRIAN P
                            agnst DEF 2 HOWELL, ROSE A
     07/10/2002 2191100600 PREP TRANSCRIPT Received           6.00 LXB
                Paid by: COLUMBIA COLLECTORS INC

 ACCOUNTING SUMMARY
                      Total Due        Paid         Balance
   Judgment 01        9,482.61                      9,482.61

 Docket continued on next page
```

PAGE:      2

INV0105X GEN                    CLARK COUNTY DISTRICT COURT
11/2002  9:47 AM                     D O C K E T                    CASE: 279968-02
                                                                       Civil

PLAINTIFF/PETITIONER                        DEFENDANT/RESPONDENT
PL 01 COLUMBIA COLLECTORS INC               DEF 01 HOWELL, BRIAN P

ADDITIONAL CASE DATA - Continued
  Case Disposition
    Disposition: OPEN

  Judgments                                                            by SSA
    01 Default Judgment       06/21/2002

End of docket report for this case

# APPENDIX 61



**Controller *John Chiang***
California State Controller's Office

SCO Use Only

UNCLAIMED PROPERTY
CLAIM AFFIRMATION FORM

HEIR

10892653

Each of the undersigned claimants certifies, under penalty of perjury, that the claimant has read the claim and knows the contents thereof and that the claimant is the owner of the said claim and the person entitled to receive the money and property set forth in said claim.

Each claimant agrees to indemnify and hold harmless the State, its officers, and employees from any loss resulting from the payment of said claim.

### THE CLAIMANT(S) MUST SIGN THIS CLAIM AFFIRMATION FORM FOR THE CLAIM TO BE PROCESSED

| LAST NAME<br>Howell | FIRST NAME<br>Rose | MIDDLE<br>A | SSN / TAX ID / FEIN<br>550119374 | PROPERTY ID<br>964241094 |
|---|---|---|---|---|
| CURRENT MAILING ADDRESS<br>9504 N.E. 5th Street | CITY<br>Vancouver | STATE<br>WA | ZIP<br>98664 | COUNTRY<br>USA |
| DAYTIME PHONE<br>(360) 953-0798 | CLAIMANT OR AUTHORIZED AGENT SIGNATURE | | | DATE<br>11/17/2011 |

| LAST NAME | FIRST NAME | MIDDLE | SSN / TAX ID / FEIN | PROPERTY ID<br>964241094 |
|---|---|---|---|---|
| CURRENT MAILING ADDRESS | CITY | STATE | ZIP | COUNTRY |
| DAYTIME PHONE | CLAIMANT OR AUTHORIZED AGENT SIGNATURE | | | DATE |

### YOUR SIGNATURE(S) MUST BE NOTARIZED IF THE CLAIM AMOUNT IS $1,000 OR GREATER
### ALL CLAIMS FOR SECURITIES OR SAFE DEPOSIT BOXES MUST BE NOTARIZED

For claims filed for a business, the authorized owner's signature is required. For claims filed for an estate or trust, the signature of the executor, administrator or attorney is required.

State of ~~California~~ Washington
County of Clark

Subscribed and sworn to (or affirmed) before me on this 21 day of November, 2011, by ROSE A Howell
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

### PRIVACY NOTIFICATION

The Information Practices Act of 1977 and the Federal Privacy Act require this Division to inform you that your Social Security number and other documents are requested for property identification and processing of your claim.

You have the right to view your records at this office by sending a request to:
Chief, Unclaimed Property Division, P.O. Box 942850, Sacramento, CA 94250-5873.

(Notary seal)
MALINDA M. MORTEMO...
COMMISSION EXP...
NOTARY PUBLIC
SEPT. 1, 2014
STATE OF WASHINGTON



SCO Use Only

# Controller *John Chiang*
## California State Controller's Office

UNCLAIMED PROPERTY
CLAIM AFFIRMATION FORM

HEIR

10907441

Each of the undersigned claimants certifies, under penalty of perjury, that the claimant has read the claim and knows the contents thereof and that the claimant is the owner of the said claim and the person entitled to receive the money and property set forth in said claim.

Each claimant agrees to indemnify and hold harmless the State, its officers, and employees from any loss resulting from the payment of said claim.

**THE CLAIMANT(S) MUST SIGN THIS CLAIM AFFIRMATION FORM FOR THE CLAIM TO BE PROCESSED**

| LAST NAME | FIRST NAME | MIDDLE | SSN / TAX ID / FEIN | PROPERTY ID |
|---|---|---|---|---|
| Howell (Vikara) | Rosemarie | A | 550119374 | 964241094 |
| CURRENT MAILING ADDRESS | CITY | STATE | ZIP | COUNTRY |
| 9504 N.E. 5th Street | Vancouver | WA | 98664 | USA |
| DAYTIME PHONE | CLAIMANT OR AUTHORIZED AGENT SIGNATURE | | | DATE |
| (360) 953-0798 | | | | 12/3/2011 |

| LAST NAME | FIRST NAME | MIDDLE | SSN / TAX ID / FEIN | PROPERTY ID |
|---|---|---|---|---|
| | | | | 964241094 |
| CURRENT MAILING ADDRESS | CITY | STATE | ZIP | COUNTRY |
| DAYTIME PHONE | CLAIMANT OR AUTHORIZED AGENT SIGNATURE | | | DATE |

**YOUR SIGNATURE(S) MUST BE NOTARIZED IF THE CLAIM AMOUNT IS $1,000 OR GREATER**
**_ALL_ CLAIMS FOR SECURITIES OR SAFE DEPOSIT BOXES MUST BE NOTARIZED**

For claims filed for a business, the authorized owner's signature is required. For claims filed for an estate or trust, the signature of the executor, administrator or attorney is required.

State of ~~California~~ Washington
County of _____ Clark

Subscribed and sworn to (or affirmed) before me on this 30 day of December, 20 11, by Rosemarie Howell proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _Jennifer McBean_

[Notary Seal: JENNIFER M. BOON, COMMISSION EXPIRES, PRIVACY NOTIFICATION, NOTARY PUBLIC, STATE OF WASHINGTON]

The Information Practices Act of 1977 and the Federal Privacy Act require this Division to inform you that your Social Security number and other documents are requested for property identification and processing of your claim.
You have the right to view your records at this office by sending a request to: Chief, Unclaimed Property Division, P.O. Box 942850, Sacramento, CA 94250-5873

SCO Use Only

# Controller *John Chiang*
## California State Controller's Office

**UNCLAIMED PROPERTY
CLAIM DETAILS**

HEIR

10907441

Date: **12/3/2011**        Source: **INT**        Property ID Number: **964241094**

Owner(s) Name: **VIKARA JOSEPH J**
Reported Owner Address: **13115 PAM LN**
**LAKESIDE CA 92040-3330**

Type of Property: **Dividends**
Cash Reported: **$51.98**
Reported By: **PRUDENTIAL FINANCIAL INC**

Please note: If you are claiming multiple properties, you may file one Claim Affirmation Form and attach a copy of the Property Details Screen for each additional property you are claiming. If there are multiple owners for any property, each owner may sign the Claim Affirmation Form or may file a separate Claim Affirmation Form to receive their share of the property.

Please review that your claim is complete and ready to be mailed:

- Did you sign the Claim Affirmation Form?
- Did you read and print a copy of the filing instructions? If not, filing instructions can be found at http://www.sco.ca.gov/upd_claim_filinginstructions.html . Please select from the list that describes your status.
- Did you attach copies of all of the required documents for your type of claim?
- Did you make a copy of the claim package for your records?

**If yes, mail the Claim Affirmation Form and documents to:**
CALIFORNIA STATE CONTROLLER'S OFFICE
UNCLAIMED PROPERTY DIVISION
P.O. BOX 942850
SACRAMENTO, CA 94250-5873

Due to the large volume of claims we receive and process, it may take up to 180 days to process your claim. You may check the status of your claim at any time by selecting the Claims Status Search option at: https://scoweb.sco.ca.gov/UCP/ClaimStatusSearch.aspx. If you have an outstanding debt with a California state agency, your unclaimed property payment may be intercepted to pay the debt. Thank you for your patience.

If you have questions, please contact us:
By Phone: (800) 992-4647 (Nationwide)
(916) 323-2827 (Outside of U.S)

By Mail:    State Controller's Office, Unclaimed Property Division
P.O. Box 942850 Sacramento, CA 94250-5873

# APPENDIX 62

THE DISTRICT COURT OF THE STATE OF WASHINGTON IN AND FOR THE
COUNTY OF CLARK

State of Washington          City of Vancouver    City of Camas      City of Washougal

JUDGMENT AND SENTENCING ORDER      DISMISSED

NAME: HOWELL, BRIAN P        DOB: 3-17-81        ASSIGNED JUDGE _____

| Case No. | LEA | Charges | Fine | Susp/Defer | Jail | Susp/Defer | To Serve | Cost |
|----------|-----|---------|------|------------|------|------------|----------|------|
| 12594V | VCA | ASSAULT IV DV | $ | | | | | |
| | | | $ | | | | | |
| | | | $ | | | | | |
| | | | $ | | | | | |

Total Fines and Costs Due   $ _____   @ $ _____ per month beginning _____

Work Release

## YOU MUST REPORT TO CORRECTIONS WITHIN 24 HOURS OF COURT OR RELEASE.

Work programs:  $ _____   Work programs _____ days.   EHC _____ days

| CM | NM | | CM | NM | |
|----|----|--|----|----|--|
| ☐ | ☐ | Chemical dependency evaluation and comply with recommendations | | | |
| ☐ | ☐ | Alcohol Information School | ☐ | ☐ | SWAY |
| ☐ | ☐ | Offender Accountability Classes | ☐ | ☐ | Victims Panel |
| ☐ | ☐ | Mental Health Evaluation | ☐ | ☐ | Petty Theft Class |
| ☐ | ☐ | Aggression Control Workshop ☐ Level 1 ☐ Level 2 | ☐ | ☐ | Domestic Violence Treatment |
| ☐ | ☐ | YWCA Support Group | ☐ | ☐ | Anger evaluation and comply with recommendations |
| ☐ | ☐ | Restitution: amount and payment schedule to be determined by the Corrections dept. | | | |

☐ All current conditions are reassigned

☐ Other _____

DV Judgment and Sentence/RLH
HOWELL, BRIAN P 12594V
Page 1 of 2

- [ ] Supervised probation for a period of two years or _____ yrs. (See Order of Probation)
- [ ] No Alcohol
- [ ] No driving without a valid drivers license
- [ ] No contact with the Victim: _____ DOB _____
- [ ] Restitution of $ _____ must be paid by _____ paid to _____

**No similar offenses and no further law violations**

Bench probation for a period of 2 years unless otherwise specified.

Date __2/2/0__   Judge _____

Schreiber, Anders, Zimmerman, Eiesland, Melnick, Swanger

I understand that if I violate this Court Order by failing to comply with any of the above conditions, or commit any new offense, the Court may order the imposition of the Suspended/Deferred Sentence. If I do not make all of the payments as promised, the Court may refer this account for collection and I will be responsible for all additional costs. Also, the Court may notify the Department of Licensing, my drivers license may be suspended (if not already suspended), and a warrant may be issued for my arrest.

Defendant's signature: _Brian P. Howell_

Address _____

Phone No. _____

I am fluent in the _____ language and I have translated this entire document for the Defendant from English in that language. The Defendant has acknowledged his or her understanding of both the translation and the subject matter of this document.
I certify under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.
DATED: _____   INTREPRETER: _____

# APPENDIX 63

Saturday, August 19, 2017


STATE OF CALIFORNIA
FRANCHISE TAX BOARD
PO BOX 942840
Sacramento, CA 94240-0040


RE:      **Account No. 1205987015**
          **"""DEMAND"""**

Dear Sir/Madam:

<u>In 2001</u>, in concert with the ""OSAMA BIN LADEN AGENDA"' executed on my "person" with the deliberate calculated "intent" to bring about "my" demise, the **STATE Of CALIFORNIA and INTERNAL REVENUE SERVICE began STEALING the earned income** (something none of you would know anything about) of BRIAN P. HOWELL, by "altering" tax filings beginning back to 1998 and concurrently every year thereafter.

The STATE Of CALIFORNIA and INTERNAL REVENUE SERVICE have been allowing thieves such as PAUL, SANDRA, and STEVEN HOWELL, et al. and <u>basically the entire public population</u> *file fraudulent tax filings with the "unauthorized" use of "my/our" identities and personally identifiable information* (*citing* <u>5 U.S.C. §552a</u>; and the U.S. <u>5th</u> Amendment). I was audited at which time it was established that you people are the ones with the liability and BILLS, interest accrued.
At this point, *my best estimate* is that YOU OWE ME around $20,000.-30,000., *interest accrued* **JUST for the STOLEN EARNED INCOME**; notwithstanding, "all" other DEBTS that YOU, et al and YOUR STATE, et al. owe **to "me"** (*i.e.,* the Owner/Heir).

Based on my research and analysis [] my inlaw(s), et al. (*i.e.,* PAUL, SANDRA, and STEVEN HOWELL, et al. (emphasis on ""et al.""))  *have been stealing and TAKING hand over fist* by/through the "unauthorized" use of

"my" identity consecutively since ABT. 1984 (*citing,* RCW 48.30.230, *triggering* 9A.20 RCW and TITLE 18 U.S.C.).

That's not all they've been stealing (*See,* "APP. No. 1", *attached*). Further than that, ""the inlaw(s), et al. from "HELL""" have been stealing retirement/pension account(s), income of various types, property, and from what I can tell producing *quite an array* of fraud, *citing* TITLE 18 U.S.C.).

My in-law(s), et al. can pay their own bills. We are NOT paying their bills or funding their over-extended retirement(s)[.]

## Additional DEMAND (*See also,* ""APP. No. 1"", *attached*):

1.) **The STATE Of CALIFORNIA is to """REVERSE""" and """REFUND""" every ISSUE** that you manifested through fraud(s), felony theft(s), deception(s), and interstate and foreign racketeering *including, not limited* the attached **TAX BILL**.

And:

    **The STATE Of CALIFORNIA is to "liquidate" that bogus Account No. 1205987015, transferring "all" ASSET(s) to "me" and ALPHA-OMEGA[.]**

2.) The **STATE Of CALIFORNIA is to meet every part thereof** ""**APP. No. 1**"", *attached.*

    That includes, but does not limit the so called HOWELL FAMILY TRUST (admin. Paul & Sandra Howell w/o any authority whatsoever) as it is STOLEN ASSET(s), PROPERTY(s), FUND(s), and STOCK(s), BOND(s), etc., etc. (without a doubt - knowing my inlaw(s), et al. and what they've done with your GOVERNOR's "aid" I have no doubt what it's comprised of) - that HOWELL FAMILY TRUST, et al. belongs to "my" *"Inheritance(s) and Estate(s)"*.

*If, the STATE Of CALIFORNIA has issue with "any" bogus bill particularly a TAX BILL that is nothing but a fraud tool of criminals, then*:

3.) **GOVERNOR JERRY BROWN must** *cut you a check out of his own personal account forthwith* (emphasis on "personal account").

And:

4.)   **The STATE Of CALIFORNIA is to RETURN to "me" and transfer to ALPHA-OMEGA ""everything""** (emphasis on "everything") *that resides inside* the STATE Of CALIFORNIA that belongs to "me", and/or my *"Inheritance(s) and Estate(s)"*, and my pre-deceased family member "Estate(s)" (*citing*, <u>18 U.S.C. §1958</u>; <u>§1959</u>).

And:

5.)   My pre-deceased have to be re-buried appropriately. YOU are DEMANDED to fund and cooperate doing so immediately upon "my" request (which will be as soon as I make the proper arrangements).
The STATE Of CALIFORNIA, et al. & WASHINGTON, et al. & OREGON, et al. & MAINE, et al. are responsible for murder for-profit (*i.e.*, the liberal agenda of ""WATER-GATE's"").

6.)   **The STATE Of CALIFORNIA, et al. and all others are to CEASE & DESIST** helping yourselves to "my" *"Inheritance(s) and Estate(s)"*.
*Going forward* unless you can pay for it **BEFORE TAKING** and ascertain "my" direct notarized signature then you're 'totally and completely' out of luck (*citing*, TAKINGS CLAUSE of the U.S. <u>5th</u> Amendment; and JUST COMPENSATION CLAUSE of the U.S. <u>5th</u> Amendment).

Respectfully,

/s/ Rosemarie Elizabeth Anne (neé VIKARA) Howell a/k/a Rose Howell
9504 NE 5th Street
Vancouver, WA 98664-3307
(360) 953-0798
rosie.howl@gmail.com

ATTACHED as <u>APPENDIX 7</u> w/ Franchise Tax Board <u>Account No. 1205987015</u>, *to:*
NOTICE to EXCLUDE w/ CROSS-CLAIM & COUNTER-CLAIM, U.S. DIST. CT., CENTRAL DIST. CALIF., WEST DIV., <u>No. 2:12-CV-08388-AB-FFM</u>

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 942840
SACRAMENTO CA 94240-0040

Notice Date: 08/08/17

## Account Status Notice

Account:  1205987015

Tax Years:  1998

BRIAN P HOWELL
9504 NE 5TH ST
VANCOUVER WA 98664

We sent you this notice for informational purposes only.

If you are currently in a hardship or have an installment agreement, this notice does not change the agreement. In addition, this notice does not delay or change outstanding collection actions.

Our records show balances as indicated below. Your account balance may include additional debts not reflected below, such as liabilities currently under appeal or protest. Also, your account balance may not reflect adjustments, such as those resulting from a prior or pending bankruptcy.

If you meet the requirements of the Mandatory e-pay Program, **all payments, regardless of the tax year or amount, must be made electronically.** Payments made by other means result in a penalty of one percent of the amount paid. For more information, go to **ftb.ca.gov** and search for **mandatory e-pay.**

If you have questions regarding your account or believe you do not owe this balance, call us at (916) 845-7065, (888) 382-3707, (800) 822-6268 TTY/TDD.
Please have your supporting documents available. Our hours are 8 a.m. to 5 p.m., Monday through Friday.

**To Pay Your Balance:**
**Online and other payment options:** Go to **ftb.ca.gov** and select **payment options.**

**Check or money order:** Make payable to the **Franchise Tax Board.** Include your full name and account number on your payment and mail to:

FRANCHISE TAX BOARD
PO BOX 942840
SACRAMENTO CA 94240-0040

**Credit card** – Call (800) 272-9829 or go to **officialpayments.com** (use jurisdiction code: 1555)

No additional penalties or interest will accrue if we receive full payment within 15 days from the notice date.

### BALANCE SUMMARY FOR ACCOUNT 1205987015

| TAX YEAR | TAX | PENALTY * AMOUNT | CODE | INTEREST * | COLLECTION FEES * | PAYMENTS | ADJUSTMENTS | TAX YEAR AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1998 | $5,010.00 | $2,776.95 | AW | $10,936.76 | $119.00 | $0.00 | $0.00 | $18,842.71 |

| **\*\*OTHER LIABILITY CODES = = >** | **OTHER LIABILITY AMOUNT = = >** |
|---|---|

Balance       $18,842.71

* Penalties, Interest, fees and your rights as a California taxpayer are explained on the enclosed FTB 1140.
\*\* Penalty and other liability codes are listed on the back.
For privacy information, go to **ftb.ca.gov** and search for **privacy notice.** To request this notice by mail, call (800) 338-0505 and enter form code **948** when instructed.

FTB 4076 ARCS (NEW 12-2015)

# APPENDIX 64

Tuesday, October 10, 2017

STATE OF WASHINGTON TREASURER
416 14th Ave., S.E.
Suite No. 230
Olympia, WA 98504

STATE Of WASHINGTON ATTORNEY GENERAL
P.O. Box 40100
Olympia, WA 98504-0100

STATE Of OREGON
Department Of Justice
1162 Court St., N.E.
Salem, OR 97301-4096

RE:     """DEMAND""" in addition to APP. No. 1, 63.

Dear Sir/Madam:

In the late 1880's, the **STATE's** took part in the DNC LIBERAL AGENDA and subsequent progressive constitutional obliterations.

In the 1950's, the **STATE's** took part in the UNITED NATION'S which led to "unauthorized" globalization, the IMF, WORLD BANK, etc., and the present day mess.

In the 1930's, the **STATE's** began acting in concert with FDR (Joseph Kennedy acting Ambassador to the U.K.) and FDR's Cronies who are now WALL STREET (*e.g.*, New York).

In the 1960's, the **STATE'S** began acting in concert with the CIVIL RIGHTS MOVEMENT with its hidden agenda in concert with the VIETNAM WAR (*e.g.*, Kennedy's personal agenda).

In the 1970's, the **STATE's** began acting in concert with WATER GATES, ""et al."" and its RAPING of the Petitioner "sovereign" BIRTH[r] Rights for its interstate and foreign RICO Enterprise (*e.g.*, Carter Admin. humanity).

In 1981-83, the **STATE's** began acting in concert with the REGAN TAKINGS without JUST COMPENSATION (U.S. 5th Amend.) which was around the same time that Petitioner discovered online that Queen Elizabeth had been in San Diego, CA and several other areas visiting REAGAN, ""et al."". The first "hit" that caused life-altering injuries was December 26, 1984 (non-beneficiary(s) over-indulged spending).

In 1990, the **STATE's** began acting in concert with a very Fraudulent TRUST INDENTURE, No. BP3019010.

In 1998, the **STATE's** began acting in concert with ""APP. No. 52"" which has resulted frauds, unlawful restraints, defamatory records and acts on those defamatory lies which stem from Identity Theft(s) (multiples), malice afore-thoughts, life-altering injuries, and wrongful deaths, fraudulent cases galore, and other (emphasis added).
That while the **STATE Of WASHINGTON**, ""et al."" *in concert with its partner's* in the **STATE Of OREGON**, ""et al."" liberally TAKE and violate to protect that "unauthorized" TAKING. An issue that has plagued the area extremely liberally (APP. No. 38, 46-48).

The **STATE Of WASHINGTON** and **STATE Of OREGON** have knowingly for a very protracted period been *permitting non-beneficiary(s)* to STEAL and TAKE "unauthorized" (APP. No's 38 (*ref:* No. 35), 45, 46-48, 52, 53-61) which has led to the injuries and damages that **YOU are liable.** RCW 48.31.151 (statutory racketeering). YOU OWN IT. YOU allowed it. YOU aided & abetted it. YOU took ample part in it making yourselves co-conspirators just as liable as if you'd inflicted the HELL yourself[.]

When the **STATE Of WASHINGTON**, ""et al."" subsequent to the **STATE Of OREGON**, ""et al."" sought out Petitioner's son (No. 7) and subsequently kidnapped him (custodial interference) to commit deliberate

FRAUD (APP. No. 3-11) which began just after January 10, 2012 "anticipatory" (APP. No. 49), and after doing the same to Petitioner's other son (No. 6) in 2008 (APP. No. 54), YOU made yourselves (WASHINGTON & OREGON) further liability(S).

That's not taking into consideration that your *bottom-feeders* have been seeking out Petitioner's children since right around the same time as that FRAUDULENT TRUST INDENTURE, No. BP3019010 (the IN-LAW(s), ""et al."" from HELL that seek to destroy in concert with JOANN, ""et al."").

YOU PEOPLE have destroyed Petitioner's family and manifested damages that are *unconceivable and irreparable.* How you intend to fix those damages, Petitioner would like to know??? Plan on REPAIRING every iota of damages; or you'll be held further ACCOUNTABLE. This is what happens when you deliberately *for profit act* on FRAUD and go into business with JOANN, ""et al."" (emphasis on ""et al."").

**MR. FERGUSON:**
WHERE IS MY SON (No. 7)?? Pray you haven't inflicted injuries with you malicious games of FRAUD and DECEIT.

1.) **YOU**, Mr. FERGUSON, ""et al."" which includes GOVERNOR JAE INSLEE, ""et al."" and SENATOR PATTY MURRAY, "et al."" and BARACK HUSSEIN OBAMA, ""et al."" and BILL & HILARY CLINTON, ""et al."" for your anticipatory deceptive FRAUD and "intended" malice and EXIT PLAN (APP. No. 3, 33-337) are **"DEMANDED" to pay** "me" (Petitioner) in addition to (APP. No.'s 1, 63) **$10.5M a day, interest accrued** for my loss of sleep, anxiety, stress, etc., **FOR EVERY DAY** that you have detained my son beg. Feb. 8, 2016 (anticipated on January 10, 2012 (APP. No. 49).

Those damages cannot be paid out of my assets *they must be paid out of your own personal and state assets.*
I don't joke especially when dealing with such malice aforethought and stress.

Just as Governor Jerry Brown is liable so are YOU.

THEREFORE, because Petitioner wants nothing to do with PEOPLE who think that creating injuries and FRAUDS are acceptable:

Petitioner **"DEMAND(s)"** in addition to (APP. No.'s 1, 63, and the above-stated Bob Ferguson Issue) that the **STATE Of WASHINGTON** and the **STATE Of OREGON**, meet the following **"DEMAND(s)"**, forthwith:

1.) **""REVERSE""** and **""VOID""** and **""REFUND""** and **""SCRUB The RECORDS""** on every **ISSUE** that you manifested through fraud(s), deception(s), malice afore-thoughts, and interstate and foreign racketeering *including, not limited* to (APP. No.'s 1, 3-11, 16-37, 40-48, 53-64, and all those discovered / unknown used for the "unauthorized" transferences).

2.) IMMEDIATELY RETURN Petitioner's son (No. 7) ***unharmed*** (emphasis added).

3.) **"Liquidate"** the assets residing within your corrupt STATE's **TRANSFERRING** those assets to "me" (Petitioner) and ALPHA-OMEGA "Sovereign" HOLDINGS (Delaware)[.]

4.) **MEET every part thereof ""APP. No. 1"", *attached.*** That includes, but does not limit TRUST(s), STOLEN ASSET(s), JEWELRY, FAMILY MEMENTO(s), PROPERTY(s), PHOTO(s), FUND(s), and    STOCK(s), BOND(s), BUSINESS(s), etc., etc. - they belong to "my" *"Inheritance(s) and Estate(s)"*.

5.) **RETURN** to "me" (Petitioner) and TRANSFER to ALPHA-OMEGA "Sovereign" HOLDINGS **""everything""** (emphasis on "everything") *that resides inside* the STATE that belongs to "me",

and/or my *"Inheritance(s) and Estate(s)"*, and my  pre-deceased family member "Estate(s)" (*citing*, <u>18 U.S.C. §1958</u>; <u>§1959</u>).

**6.)**   My pre-deceased have to be re-buried appropriately. YOU are DEMANDED to fund and cooperate doing so immediately upon "my" request (which will be as soon as I make the proper arrangements). **YOU'LL be responsible pro rata** with CALIFORNIA and MAINE.

The STATE Of CALIFORNIA, et al. & WASHINGTON, et al. & OREGON, et al. & MAINE, et al. are responsible for murder for-profit (*i.e.*, the liberal agenda of ""WATER-GATE's"").

**7.)**   **CEASE & DESIST** helping yourselves to "my" *"Inheritance(s) and Estate(s)"*.

*Going forward* unless you can pay for it **BEFORE TAKING** and ascertain "my" direct notarized signature (direct means my person is right in front of you with a notary) then you're 'totally and completely' out of luck (*citing,* TAKINGS CLAUSE of the U.S. <u>5th</u> Amendment; and JUST COMPENSATION CLAUSE of the U.S. <u>5th</u> Amendment).

Respectfully,

/s/ Rosemarie Elizabeth Anne (nee VIKARA) Howell a/k/a Rose Howell
**9564** NE 5th Street
Vancouver, WA  98664-3307
(360) 953-0798
rosie.howl@gmail.com