# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES, et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 16-745 (ESH) |
| UNITED STATES OF AMERICA | |
| *Defendant*. | |

## MOTION FOR EXTENSION OF TIME

Pursuant to Federal Rule of Civil Procedure 6, Defendant respectfully requests a 60-day extension of time in which to file the status report currently due on May 11, 2018.   This is Defendant's first request to extend this deadline.   Pursuant to Local Civil Rule 7(m), the Parties have conferred and Plaintiffs' counsel stated that Plaintiffs oppose the relief requested in this Motion.[1]

---

[1] Specifically, Plaintiffs requested that Defendant include the following statement of their position:

> It is the plaintiffs' position that the case should move forward on the Court's current schedule—including the May 11 deadline to file a status report and the May 18 status conference. Under the Court's order (ECF No. 92), the parties are required only to update the Court on the status of three things. In the plaintiffs' view, there is no need for an extension. If the government has no final decision to report on one or more of these things—including the approval process for any appeal—the government can simply inform the Court of that fact at that time. Moreover, by the time of the status conference, the government will have had a full month to consider these matters, which should be enough time to decide, for example, whether the government "wish[es] to pursue mediation." ECF No. 92.

> The plaintiffs have also been informed that the government's counsel (Mark Nebeker and Brian Field) are "now scheduled to be traveling on the 18th," so the government "will be including a request that the Court vacate and reschedule the 5/18 status conference in any event." Based on this language, it appears that the

Good cause exists to grant the relief requested:

1.     On March 31, 2018, this Court ruled that certain expenditures by the Judicial Conference of the United States were unauthorized by Congress and that the plaintiff class is therefore entitled to damages under the Little Tucker Act for an illegal exaction of PACER fees. *See* ECF No. 89.

2.     On April 18, 2018, the Court ordered the Parties to file a status report on or before May 11, 2018, to advise the Court of their positions as to further proceedings, including specifically (1) whether they have been able to reach agreement on what Courtroom Technology expenses were permissible uses of PACER fees; (2) whether they are willing to file an application for appeal on the issue of liability pursuant to 28 U.S.C. § 1292(b); and (3) whether they wish to pursue mediation and, if so, whether they have identified potential mediators.

3.     Defendant respectfully requests a 60-day extension of time, to and including July 10, 2018, in which to file the status report.   The requested extension is necessary to allow adequate time for the appropriate high-level officials to consider the questions posed by this Court. The United States may not pursue an appeal without authorization by the Solicitor General, *see* 28 C.F.R. § 0.20(b), who makes such determinations in consultation with all interested components of the Federal Government.   Similarly, with respect to settlement authority, a payment by the

---

travel plans for Mr. Nebeker and Mr. Field materialized after the Court scheduled the status conference for May 18. But even if they did not, the plaintiffs oppose the request because the Court specifically asked the parties if May 18 would work and counsel for both parties said that it would. If the Court is nevertheless inclined to reschedule the status conference, the plaintiffs would prefer that the Court move it to an earlier date, rather than a later date, because one of the plaintiffs' lead lawyers, Jonathan Taylor, has a previously planned vacation for the week after May 18—a vacation that he cut short when the Court scheduled the status conference for May 18 so that he would be able attend.

government exceeding $4 million must be authorized by the Associate Attorney General or the Deputy Attorney General.   *See* 28 C.F.R. §§ 0.160(a)(3), 0.161.   These high-level officials have had no prior involvement in this case and have many other responsibilities.

4.      Given the likelihood that both of these approval processes will still be ongoing by May 11, Defendant will likely be unable to provide the Court with any position regarding either interlocutory appeal or mediation in a May 11 status report or May 18 status conference.   In analogous circumstances, Chief Judge Braden of the Court of Federal Claims granted the government's request for a 90-day extension of time in which to provide its position with respect to interlocutory appeal and mediation in a significant Tucker Act case.   *See St. Bernard v. United States*, No. 05-1119 L (Order of May 13, 2015) (attached to this motion as Exhibit A).

5.      For those reasons, Defendant requests that the Court extend the May 11 status report deadline to July 10, 2018, and vacate the May 18, 2018 status conference and reschedule it for a date after July 10, 2018, that is convenient for the Court.

6.      Additionally, since the April 18 Status Conference, unexpected obligations have arisen and both AUSAs Field and Nebeker are now scheduled to be traveling on May 18, 2018. Accordingly, Defendant respectfully requests that, even if the Court denies the request to extend the status report deadline, it still vacate the status conference and reschedule it for a date that is convenient for the Court.   Counsel for Defendant is available to participate in a status conference in this matter on May 15–17, 21–25, or May 28–June 1.

For the foregoing reasons, Defendant requests that the Court enter the relief requested in this Motion.   A proposed order accompanies this motion.

April 26, 2018                    Respectfully submitted,

                                                JESSIE K. LIU
                                                D.C. Bar #472845
                                                United States Attorney

                                                DANIEL F. VAN HORN
                                                D.C. Bar # 924092
                                                Chief, Civil Division

By:      */s/ Brian J. Field*
                                                  W. MARK NEBEKER, DC Bar #396739
                                                  BRIAN J. FIELD, D.C. Bar #985577
                                                  Assistant United States Attorney
                                                  555 4th Street, N.W.
                                                  Washington, D.C. 20530
                                                  Tel: (202) 252-2551
                                                  E-mail: Brian.Field@usdoj.gov

# In the United States Court of Federal Claims

No. 05-1119 L
Filed: May 13, 2015

```
*******************************************
                                          *
ST. BERNARD PARISH GOVERNMENT             *
AND OTHER OWNERS OF REAL                  *
PROPERTY IN ST. BERNARD PARISH            *
OR THE LOWER NINTH WARD OF THE            *
CITY OF NEW ORLEANS,                      *
                                          *
        Plaintiffs,                       *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
        Defendant.                        *
                                          *
*******************************************
```

**ORDER**

On May 6, 2015, the court convened a settlement conference at the United States District Court for the Eastern District of Louisiana, during which the parties discussed three options: mediation; certification or interlocutory appeal of the court's May 1, 2015 Memorandum Opinion And Order On Liability Regarding A Temporary Taking By Flooding to the United States Court of Appeals for the Federal Circuit; or proceeding to final judgment.

On May 13, 2015, the Government informed the court that it would need ninety days to determine which of these options to pursue.

Accordingly, the Government is ordered to file a notice informing the court of its decision on or before August 10, 2015.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES, et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 16-745 (ESH) |
| UNITED STATES OF AMERICA | |
| *Defendant*. | |

**[PROPOSED] ORDER**

Upon consideration of Defendant's Motion for Extension of Time, and the entire record herein, it is hereby

**ORDERED** that Defendant's Motion for Extension of Time be and is **GRANTED**; and it is

**FURTHER ORDERED** that the parties shall file the Status Report by July 10, 2018; and it is

**FURTHER ORDERED** that the May 18, 2018 status conference is vacated.

_____
Date

_____
United States District Judge