**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>*Defendant*. | Civil Action No. 16-745 (ESH) |

**JOINT STATUS REPORT**

Pursuant to this Court's April 18, 2018 Order, the Parties provide this Status Report regarding their positions as to further proceedings. *See* ECF No. 92. Specifically, the Court requested that the Parties address three questions, each of which the Parties address below.

1. <u>Whether they have been able to reach agreement on what Courtroom Technology expenses were permissible uses of PACER fees.</u>

*Defendant's Position*: On April 11, 2018, Defendant provided Plaintiffs with a summary of the expenditures related to digital audio equipment (the "eight-row table" Plaintiffs mention below). Specifically, this table showed that between FY10 and FY16, approximately $5.8 million of the Courtroom Technology expenditures went toward digital audio equipment. Since then, Defendant has explained that these expenditures included all obligations incurred for the acquisition and replacement of digital audio recording equipment. As Defendant further explained, these expenses included digital audio recording equipment purchases and replacement, including equipment for judges converting from using court reporters to digital audio recording equipment, as well as for new judges. Excluded from these expenditures are analog recording equipment, wiring, maintenance, or computer servers not used exclusively for

recording. It appears that Plaintiffs wish to engage in discovery on this issue. Defendant believes that any such discovery should await resolution of the question as to whether the Parties will seek appeal under 28 U.S.C. § 1292(b).

*Plaintiffs' Position*: The government thus far has provided the plaintiffs with an eight-row table that lists on an annual basis the "Allotment" and "Total Obligation" for "Digital Audio Recording Equipment." The plaintiffs believe that some confirmatory discovery—especially of contemporaneous materials—will be necessary to determine exactly what equipment is included in this category, the costs associated with that equipment, and what was done with the apparent surplus.

2. <u>Whether they are willing to file an application for appeal on the issue of liability pursuant to 28 U.S.C. § 1292(b).</u>

*Defendant's Position*: The Defendant does not yet have a position with respect to this question. As explained previously, the United States may not pursue an appeal without authorization from the Solicitor General. The process of considering the Court's question remains ongoing.

*Plaintiffs' Position*: The plaintiffs await the Solicitor General's decision.

3. <u>Whether they wish to pursue mediation and, if so, whether they have identified potential mediators.</u>

*Defendant's Position*: Defendant has determined that it does not wish to participate in mediation at this time.

*Plaintiffs' Position*: In light of the risk to both sides in the wake of the Court's recent summary-judgment decision, and for many of the reasons already identified by the Court at the last status conference, the plaintiffs continue to believe that the parties should engage in

mediation. The plaintiffs' counsel have made inquiries to identify local mediators qualified to assist the parties in this matter. If the government remains unwilling to even discuss settlement, however, the plaintiffs will have no choice but to move forward with discovery.

May 11, 2018                                                  Respectfully submitted,

                                        JESSIE K. LIU
                                        D.C. Bar #472845
                                        United States Attorney

                                          DANIEL F. VAN HORN
                                        D.C. Bar #924092
                                        Chief, Civil Division

By:    */s/ Brian J. Field*
           BRIAN J. FIELD
           D.C. Bar #985577
           Assistant United States Attorney
           555 4th Street, N.W.
           Washington, D.C. 20530
           Tel: (202) 252-2551
           E-mail: Brian.Field@usdoj.gov

           *Counsel for Defendant*


By:    */s/ Deepak Gupta*
           Deepak Gupta (D.C. Bar No. 495451)
           Jonathan E. Taylor (D.C. Bar No. 1015713)
           **GUPTA WESSLER PLLC**
           1900 L Street, NW
           Washington, D.C. 20036
           Phone: (202) 888-1741
           Fax: (202) 888-7792
           *deepak@guptawessler.com, jon@guptawessler.com*

           Elizabeth Smith (D.C. Bar No. 994263)
           **MOTLEY RICE LLC**
           401 9th Street, NW, Suite 1001
           Washington, D.C. 20004
           Phone: (202) 232-5504
           Fax: (202) 232-5513

           William H. Narwold (D.C. Bar No. 502352)

**MOTLEY RICE LLC**
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Phone: (860) 882-1681
Fax: (860) 882-1682
*bnarwold@motleyrice.com*

Meghan S.B. Oliver (D.C. Bar No. 493416)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Phone: (843) 216-9000
Fax: (843) 216-9450

*Counsel for Plaintiffs*