**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> *Defendant*. | Civil Action No. 16-745 (ESH) |

**JOINT STATUS REPORT**

Pursuant to this Court's May 17, 2018 Order, the Parties provide this Status Report regarding their positions as to further proceedings. *See* ECF No. 97.

1.   Digital Audio Equipment

*Defendant's Position*: The Court directed Defendant to "respond to plaintiffs' request for the contemporaneous budget documents that support the figures defendant previously provided to plaintiffs concerning the portion of courtroom technology expenditures related to digital audio equipment for FY 2010-2016." Order ¶ 1 (May 17, 2018) (ECF No. 97). Previously, Defendant provided Plaintiffs with a summary of the expenditures related to digital audio equipment showing that between FY10 and FY16, approximately $5.8 million of the Courtroom Technology expenditures went toward digital audio equipment.

After the Court's May 17 Order, Plaintiffs sent Defendant their First Set of Requests for Production to Defendant. In addition to requesting the records identified in the Court's Order, Plaintiffs also requested "budget and accounting information for fiscal years 2017 and 2018." On June 22, 2018, Defendant provided Plaintiffs with 124 pages of contemporaneous budget

documents from FY10 – FY16 reflecting all expenditures made on digital audio equipment, including software, within the Judicial Conference's Courtroom Technology expenditures.[1]

Accordingly, it is Defendant's position that no additional discovery is needed with respect to the expenditures related to digital audio equipment for FY10 – FY16.

*Plaintiffs' Position*:  In light of the government's decision to seek an interlocutory appeal (discussed in more detail below), the plaintiffs do not think that any additional discovery is warranted at this time, and do not intend to seek additional discovery while any appeal is pending. The plaintiffs will determine whether additional discovery is necessary after any appeal has been resolved.

   2.   Interlocutory Appeal

*Defendant's Position*:  The Solicitor General has authorized interlocutory appeal in this case.  Specifically, the Solicitor General has authorized interlocutory appeal of both the Court's December 5, 2016 Order denying Defendant's Motion to Dismiss and also the Court's March 31, 2018 Order granting in part and denying in part Defendant's Motion for Summary Judgment. Accordingly, contemporaneous with this Status Report, the Defendant is filing a motion to certify both Orders for interlocutory appeal.  As explained in the United States' Motion, both orders satisfy the standards for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Federal Circuit should be given the opportunity to address the controlling legal issues before any further proceedings are conducted in this case.  Accordingly, Defendant's Motion also requests a stay of proceedings in this Court pending resolution of proceedings in the Federal Circuit.

---

[1] Defendant did not provide Plaintiffs with a response to their request for FY17 or FY18 budget documents as that information is beyond the scope of the narrow question for which this Court ordered discovery. *See* May 17 Order.

*Plaintiffs' Position*: As a general matter, the plaintiffs do not oppose an interlocutory appeal in this case. That said, the plaintiffs have not yet had the opportunity to review the government's forthcoming motion, so they cannot provide a definitive position on how they will respond. The plaintiffs will be able to provide the Court with their position at the next status conference, set for five days from now, and will follow up with a formal filing shortly thereafter.

For now, the plaintiffs simply note that they do not anticipate opposing the government's motion to certify the Court's summary-judgment order. That order rejected both parties' proposed interpretations of 28 U.S.C. § 1913 note, the key statute at issue in this case. Any appeal from that order would present the question whether the government has violated the statute, and should allow the Federal Circuit to interpret the statute as either party has urged. As for the Court's nearly two-year-old order denying the government's motion to dismiss the named plaintiffs' claims, that order must independently satisfy the requirements for immediate review under 28 U.S.C. § 1292(b), including the requirement that it "involve[] a controlling question of law as to which there is substantial ground for difference of opinion." The plaintiffs do not believe that there is "substantial ground for difference of opinion" as to whether that 2016 order was correct.

    3.    <u>Mediation</u>

*Defendant's Position*: Defendant has determined that it does not wish to participate in mediation at this time.

*Plaintiffs' Position*: As explained in the last status report (ECF No. 94), the plaintiffs continue to believe that the parties should engage in mediation given the risk to both sides in the wake of the Court's summary-judgment decision. In particular, the plaintiffs think that this case

would be a good candidate for the Federal Circuit's mediation program in the event that this Court certifies (and the Federal Circuit permits) an interlocutory appeal.

July 13, 2018           Respectfully submitted,

          JESSIE K. LIU
          D.C. Bar #472845
          United States Attorney

          DANIEL F. VAN HORN
          D.C. Bar #924092
          Chief, Civil Division

By:    */s/ Brian J. Field*
       BRIAN J. FIELD (D.C. Bar #985577)
       W. MARK NEBEKER (D.C. Bar #396739)
       Assistant United States Attorney
       555 4th Street, N.W.
       Washington, D.C. 20530
       Tel: (202) 252-2551
       E-mail: Brian.Field@usdoj.gov;
       mark.nebeker@usdoj.gov

       *Counsel for Defendant*

By:    */s/ Deepak Gupta*
       Deepak Gupta (D.C. Bar No. 495451)
       Jonathan E. Taylor (D.C. Bar No. 1015713)
       **GUPTA WESSLER PLLC**
       1900 L Street, NW
       Washington, D.C. 20036
       Phone: (202) 888-1741
       Fax: (202) 888-7792
       *deepak@guptawessler.com, jon@guptawessler.com*

       Elizabeth Smith (D.C. Bar No. 994263)
       **MOTLEY RICE LLC**
       401 9th Street, NW, Suite 1001
       Washington, D.C. 20004
       Phone: (202) 232-5504
       Fax: (202) 232-5513

       William H. Narwold (D.C. Bar No. 502352)
       **MOTLEY RICE LLC**

One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Phone: (860) 882-1681
Fax: (860) 882-1682
*bnarwold@motleyrice.com*

Meghan S.B. Oliver (D.C. Bar No. 493416)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Phone: (843) 216-9000
Fax: (843) 216-9450

*Counsel for Plaintiffs*