IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM, NATIONAL
CONSUMER LAW CENTER, and
ALLIANCE FOR JUSTICE, for themselves
and all others similarly situated,
                *Plaintiffs*,

v.

UNITED STATES OF AMERICA,
                *Defendant*.

Case No. 16-745-ESH

**PLAINTIFFS' RESPONSE TO THE GOVERNMENT'S MOTION FOR
CERTIFICATION OF AN INTERLOCUTORY APPEAL**

The plaintiffs join the government in requesting that this Court certify its March 31, 2018 order for an interlocutory appeal under 28 U.S.C. § 1292(b). As the parties explained in their joint report on July 20, that order satisfies the criteria for an interlocutory appeal. *See* ECF No. 101.

But the plaintiffs oppose certification of this Court's December 5, 2016 order. The Court indicated at the July 18 status conference that it would not certify that order for an interlocutory appeal. The plaintiffs agree that the order does not satisfy the standards for such an appeal.

That is true for several reasons. *First*, the order is nearly two years old, so the request is not timely. *See Weir v. Propst*, 915 F.2d 283 (7th Cir. 1990). *Second*, the controlling question of law asserted by the government—whether the plaintiffs have an illegal-exaction claim—was neither presented in the government's motion to dismiss nor analyzed by this Court, so it would not be "fairly included within the certified order." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996). The same goes for the government's attempt to invoke the voluntary-payment doctrine, which is even further afield. That non-jurisdictional issue has not been preserved and falls outside the scope of any appeal. *Third*, and in any event, there is not "substantial ground for difference of

1

opinion" as to the issues the government identifies. *Id.* In a precedent that the government neglects to cite, the Federal Circuit has made clear that the Little "Tucker Act provides jurisdiction to recover an illegal exaction by government officials when the exaction is based on an asserted statutory power," regardless of whether the statute itself creates an express cause of action. *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–74 (Fed. Cir. 1996) (allowing illegal-exaction claim for excess user fees); *see also Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). There is no basis for a different result here. And contrary to the government's argument that excessive PACER fees cannot be recovered, on the theory that they were paid "voluntar[ily]," *see* ECF No. 99-1, at 4–5, it has long been settled that "[i]f a statute prescribes certain fees for certain services, and a party assuming to act under it insists upon having more, the payment cannot be said to be voluntary." *Swift & Courtney & Beecher Co. v. United States*, 111 U.S. 22, 30 (1884).

Respectfully submitted,

*/s/ Deepak Gupta*
DEEPAK GUPTA (D.C. Bar No. 495451)
JONATHAN E. TAYLOR (D.C. Bar No. 1015713)
**GUPTA WESSLER PLLC**
1900 L Street, NW, Suite 312
Washington, DC 20036
Phone: (202) 888-1741 / Fax: (202) 888-7792
*deepak@guptawessler.com, jon@guptawessler.com*

WILLIAM H. NARWOLD (D.C. Bar No. 502352)
**MOTLEY RICE LLC**
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 882-1681
*bnarwold@motleyrice.com*

Elizabeth Smith (D.C. Bar No. 994263)
**MOTLEY RICE LLC**
401 9th Street, NW, Suite 1001
Washington, DC 20004
(202) 232-5504

Meghan S.B. Oliver (D.C. Bar No. 493416)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9000
*moliver@motleyrice.com*

July 27, 2018        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I filed this response through this Court's CM/ECF system, and that all parties required to be served have been thereby served.

*/s/ Deepak Gupta*
Deepak Gupta
