**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>*Defendant*. | Civil Action No. 16-0745 (ESH) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO CERTIFY THE**
**COURT'S ORDER OF DECEMBER 5, 2016 FOR INTERLOCUTORY APPEAL**

On July 27, 2018, Plaintiffs filed their partial opposition to Defendant's Motion to Certify the Court's Orders of December 5, 2016, and March 31, 2018. *See* ECF No. 102. In their partial opposition, Plaintiffs "join[ed] the government in requesting that this Court certify its March 31, 2018 order" but "oppose[d] certification of this Court's December 5, 2016 order." *Id.* at 1. Defendant respectfully submits this short reply in support of the contested portion of its § 1292(b) Motion. *See* ECF No. 99.

In moving to dismiss the Complaint, Defendant argued (as relevant here) that this Court lacked jurisdiction under the Little Tucker Act. *See* ECF No. 11 at 15–19. Defendant explained that to invoke the Court's jurisdiction over an illegal exaction claim, "a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by 'necessary implication,' that 'the remedy for its violation entails a return of money unlawfully exacted.'" *Id.* at 16 (quoting *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (quoting *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1373 (Fed. Cir. 2000)). Defendant argued that Plaintiffs "failed to allege that the statute and associated regulations provide a remedy for the

specific exactions they allege." *Id*. at 17.  In its Reply, Defendant reiterated that Plaintiffs "have failed to identify an applicable statute to support their unlawful exaction claim."  ECF No. 20 at 6.

As Defendant explained in its § 1292(b) Motion, and also during the July 18, 2018 Status Conference, Defendant intends to renew this argument on appeal.  If the issue is jurisdictional, as Defendant contends, a decision to certify only the March 31 Order will not preclude the Federal Circuit from addressing this threshold issue.[1]  However, Defendant respectfully maintains that it would be most efficient for this Court to certify both Orders to ensure that this important threshold question is properly presented to the Federal Circuit.  Doing so would simplify the Federal Circuit's inquiry by removing any doubt that the threshold question is properly before the panel on the interlocutory appeal.[2]

There are important reasons for the Federal Circuit to address that question first, even if it were not jurisdictional.  As this Court recognized, federal judges have an inherent conflict of interest in this case, in which Plaintiffs contend that the Judiciary has been impermissibly using PACER fee revenues to support services such as CM/ECF.  Those services benefit the courts themselves as well as the public.  Although this Court invoked the "rule of necessity" as reason to adjudicate this case, *see* 1/18/2017 Tr. at 2, there is no such necessity if, as the Defendant submits, Congress never authorized a damages cause of action in the first place.  Accordingly, it remains Defendant's position that the Court's March 31 Order should only be reviewed alongside the antecedent issue of whether Plaintiffs have a viable illegal exaction claim.  If the Federal Circuit concludes that it cannot address that antecedent question in an interlocutory appeal, it would be

---

[1] Similarly, the Federal Circuit would be required to address this issue even if Defendant had waived it by not raising it during the District Court proceedings.

[2] Although Plaintiffs contend that Defendant did not preserve this issue, *see* ECF No. 102 at 1, Defendant maintains that it preserved this issue by raising it in both its Motion to Dismiss and its Reply in Support of its Motion.  *See supra*; *see also* ECF No. 99-1 at 1–2.

better served by deferring review until after the entry of final judgment, so that it can consider the controlling legal issues in an appropriate sequence.[3]

For the foregoing reasons, Defendant maintains that it would be the best use of the Court's and the Parties' resources to address each of these issues now before the Parties proceed to extensive discovery.  Accordingly, Defendant respectfully requests that the Court certify both its December 5, 2016 Order and its March 31, 2018 Order.

August 2, 2018                              Respectfully submitted,

                                            JESSIE K. LIU
                                            D.C. Bar #472845
                                            United States Attorney

                                            DANIEL F. VAN HORN
                                            D.C. Bar #924092
                                            Chief, Civil Division

                            By:    */s/ Brian J. Field*
                                   BRIAN J. FIELD (D.C. Bar #985577)
                                   W. MARK NEBEKER (D.C. Bar #396739)
                                   Assistant United States Attorney
                                   555 4th Street, N.W.
                                   Washington, D.C. 20530
                                   Tel: (202) 252-2551
                                   E-mail: Brian.Field@usdoj.gov;
                                   mark.nebeker@usdoj.gov

                                   *Counsel for Defendant*

---

[3] Of note, Defendant intends to request that the Federal Circuit deny the 1292(b) petitions if it concludes that it cannot decide at this juncture the threshold question of whether Plaintiffs have a cognizable illegal exaction claim.