NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NATIONAL VETERANS LEGAL SERVICES PROGRAM, NATIONAL CONSUMER LAW CENTER, ALLIANCE FOR JUSTICE,**
*Plaintiffs-Respondents*

v.

**UNITED STATES,**
*Defendant-Petitioner*

_____

2018-154

_____

On Petition for Permission to Appeal pursuant to 28 U.S.C. Section 1292(b) from the United States District Court for the District of Columbia in No. 1:16-cv-00745-ESH, Judge Ellen S. Huvelle.

-------------------------------------------------------------------------------

**NATIONAL VETERANS LEGAL SERVICES PROGRAM, NATIONAL CONSUMER LAW CENTER, ALLIANCE FOR JUSTICE,**
*Plaintiffs-Petitioners*

v.

**UNITED STATES,**
*Defendant-Respondent*

_____

2018-155

On Petition for Permission to Appeal pursuant to 28 U.S.C. Section 1292(b) from the United States District Court for the District of Columbia in No. 1:16-cv-00745-ESH, Judge Ellen S. Huvelle.

**ON PETITION**

Before PROST, *Chief Judge*, NEWMAN and LOURIE, *Circuit Judges*.

LOURIE, *Circuit Judge*.

**O R D E R**

The parties both petition for permission to appeal an order of the United States District Court for the District of Columbia concerning the extent to which fee revenue generated by the federal judiciary's Public Access to Court Electronic Records ("PACER") system may be used for purposes other than the operation of PACER.

This case arises out of a class action brought by National Veterans Legal Services Program, National Consumer Law Center, and Alliance for Justice (collectively, "the plaintiffs") against the United States, alleging that fees charged for using PACER from 2010 to 2016 violated 28 U.S.C. § 1913 note, as amended by the E-Government Act of 2002. That provision states, in relevant part, "[t]he Judicial Conference may, only to the extent necessary, prescribe reasonable fees . . . for collection by the courts . . . for access to information available through automatic data processing equipment. . . . [These fees] shall be deposited as offsetting collections to the Judiciary Automation fund . . . to reimburse expenses incurred in providing these services." 28 U.S.C. § 1913 note.

After the district court denied the United States' motion to dismiss the complaint for failing to establish a cognizable claim for damages under the Little Tucker Act, 28 U.S.C. § 1346(a), the parties filed cross-motions for summary judgment of liability. The plaintiffs argued that the E-Government Act barred the judiciary from using PACER fees for anything other than the marginal cost of operating PACER. The government asserted that PACER fees can be spent on any expenditure involving the dissemination of information through electronic means.

The district court adopted neither party's position. Instead, it determined that revenue from the PACER system may be used only for "expenses incurred in providing services . . . that are part of providing the public with access to electronic information maintained and stored by the federal courts on its CM/ECF docketing system." *Nat'l Veterans Legal Servs. Program v. United States,* 291 F. Supp. 3d 123, 149 (D.D.C. Mar. 31, 2018). On this basis, the district court ruled that several categories of the judiciary's expenditures were impermissible but also rejected the plaintiffs' position that the class was entitled to fees paid in excess of the amount necessary to recoup the total marginal cost of operating PACER.

At the request of both parties, the district court certified its summary judgment order for interlocutory appeal and stayed further proceedings. The district court noted that the issue to be appealed was a purely legal one, that the issue was one of first impression, and that interlocutory appeal would materially advance the litigation because "before proceeding to a potentially lengthy and complicated damages phase based on an interpretation of the statute that could be later reversed on appeal, it is more efficient to allow the Federal Circuit an opportunity first to determine what the statute means."

Under 28 U.S.C. § 1292(b), a district court may certify that an order that is not otherwise appealable is one involving a controlling question of law as to which there is

substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order. *See In re Convertible Rowing Exerciser Patent Litig.*, 903 F.2d 822, 822 (Fed. Cir. 1990). Having considered the petitions, we agree with the parties and the district court that interlocutory review is appropriate here.

Accordingly,

IT IS ORDERED THAT:

The petitions are granted.

> FOR THE COURT
>
> /s/ Peter R. Marksteiner
> Peter R. Marksteiner
> Clerk of Court

s25