Michael T. Pines
619-771-5302
magicalmichael100@gmail.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et. al.<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Case No.  1:16-cv-00745-PLF<br><br><br>**OPPOSITION/DECLARATION TO MOTION OF UNITED STATES FOR EXTENSION OF TIME** |

### PINES DISPUTE WITH PACER

Michael T. Pines has had a dispute with Pacer for a long time. A charge for $1900 was made to his Pacer account which was fraudulent and done by criminals. Pines promptly notified Pacer of this less than 90 days after the charge was made and reported it as a crime to both Pacer and law enforcement. Pines requested the charge be removed or that he be given a new Pacer account. Pacer stated there was nothing that could be done. Pacer failed and refused to do anything even up until now.

In August 2020, needing to file in federal courts, Pines sought to open a new Pacer account and was prevented for a time from doing so. However, he was ultimately able to even though the

government lied stating there was an offer and compromise that would allow for this.

**PERTINENT PROCEEDINGS IN THIS CLASS ACTION**

From the start, the Plaintiffs made it clear in the complaint they were seeking money consisting of an amount equal to alleged overcharges by Pacer in excess of the direct costs to run Pacer.

Although various methods for calculating overcharges was a central issue, initially, specific amounts were not discussed. A motion to dismiss did not mention this.

It appears discovery was later done about specific expenses. Pines cannot find anything indicating the defendant revealed at any time that there were problems with the accounting methods used related to this, and in fact stated the numbers it provided could be relied upon for the court to make rulings. The court's opinion on summary judgement (Docket 89) included an attachment (Docket 90). It included information about Pacer expenses with specific numbers. It seems this may be the central document regarding specific expenses.

In its Memorandum Opinion ruling on summary judgment, the court went through the exhibit in detail and identified expenses it decided were appropriate and which were overcharges. The court found that overcharges were only appropriate to be awarded for expenses related to the State of Mississippi Study, VCCA, Web-Juror, and most of the expenditures for CourtroomTechnology.

The court ordered the parties to submit a status report concerning their position on further proceedings (Docket 92). A Joint Status Report was submitted to the court (Docket 94). In it, the parties described specific information exchanged about specific expenses in light of the court's summary judgment ruling. The parties said nothing about any problems that might exist due to accounting methods even though several years of litigation had occurred with enormous expenses

including court time having been used.

Then the parties commenced an appeal.

At oral argument, after apparently saying nothing in the briefs on appeal, the defendant made a startling revelation.

> ". . . that the accounting method employed by the government made it impossible to figure out how much, if any, of the collected fees were acquired through overcharging, it was similarly impossible to calculate any possible user reimbursements for PACER users."

There does not seem to be anything showing why this was concealed by the government for the several years the case had been pending prior to this.

The government was aware from the start the complaint was seeking money damages for specific amounts. Yet, it said nothing about the fact there might be any problem calculating these amounts.

There were two other class actions concerning the same issues filed before this one. (Fisher v. United States, U.S. Court of Federal Claims Case No. 1:15-cv-01575-TCW; Fisher v. Duff, Case No. C15-5944 BHS (W.D. Wash). It appears the government did not reveal in those cases there might be any problem calculating overcharges.

Had it been the slightest bit honest, it would have saved an enormous amount of money and court time.

Obviously, this changes the entire case. If overcharges can't be calculated some other method of determining damages will have to be found and/or an entirely new basis for liability will have to be alleged (i.e. the failure of the government to properly account and report for Pacer).

## <u>NOW THE GOVERNMENT WANTS TO DELAY AND WASTE EVEN MORE TIME</u>

Instead of facing up to this, all parties have remained silent. Pines pointed out this startling admission by the government that it did not follow proper accounting procedures over a year ago. Pines seeks to intervene in part to bring this to the attention of the court.

The United States Attorney has filed a motion for extension of time to respond to Pines' motion to intervene, decertify the class, and for sanctions. This was expected. In support, counsel claims he has been, and is busy and goes into great detail about what he has been doing and has to do. But, this was not really necessary even though it is what lawyers usually do in seeking extensions. No one doubts counsel is busy like most lawyers are. But the United States has designated a team of four attorneys as counsel of record and nothing is mentioned about what the other lawyers are doing. The office of the U.S. Attorney for the District of Columbia has many more attorneys if needed. Surely one attorney in the office has some time to devote to this case. With all due respect, if counsel doesn't have time, he should not have substituted in.

Not one thing is said by counsel regarding what he needs to do with this extra time or why he needs it other than he "requires additional time to review the motion, confer with agency counsel and prepare a response to the motion". Nothing is said about why he is asking for an extension until the end of October which is a long way off. Hopefully he already read the motion and if he hasn't it probably won't take him long as it is pretty short. Maybe one of the other three counsel of record can tell him what is in it. With all due respect, Mr. Simon should not have to confer about anything except perhaps that it is time for his client to tell the truth instead of continuing to lie to the court.

The facts are clear and beyond dispute and have been known to the parties for over a year.

4

Counsel in this class action have to deal with some very inconvenient truths. They have had over a year to think about and deal with these things. It is time they did.

Michael T. Pines has been communicating with all counsel in this matter for over one year explaining his position in detail as stated in his now redacted declaration filed in support of the intervention motion. The first communication was with a United States Attorney. She replied promptly offering to help Pines get a new Pacer account. However, she failed and refused to do so. A very large number of emails were sent to all counsel shown in the docket.

Pines promptly began stating he wanted to actively participate in the matter and would seek intervention if necessary. He was, and is, very concerned he may be bound by what happens since he did not opt out. As a class member who might be bound, and who was damaged by Pacer in many ways, Pines has a direct interest. Pines began to state most of the things set forth in the motion to intervene and the other pleadings filed in this matter. This  included his personal situation and potential claims (sealed by the court so far). Draft pleadings were sent to counsel that Pines might file.

Pines expressed his concern that his disputes with Pacer and the federal government involved a lot more than just overcharging based on the fact it was only supposed to  collect enough money to cover the actual cost of running Pacer. This could mean members of Pacer may have many varied claims for more damages than for the type of overcharges alleged in this case.

Most importantly, Pines pointed out the startling admission made by the United States Attorney during oral argument at the court of appeal and kept asking what counsel planned to do about it.

Pines further explained the federal and state government had ruined his life and rendered him homeless. He asked repeatedly for all counsel to at least talk to him. No one did. Not one

single attorney even had the courtesy to respond to emails.Their silence is strong evidence they knew they had done wrong and continue to do so.

Counsel are so afraid to talk to Pines, they recently went so far as to violate the local rule requiring counsel to confer to try to resolve or at least narrow the issues regarding non-dispositive motions. Had they conferred with Pines, he would have told them it is time to tell the court the truth about it being "impossible" to identify overcharges. It is long past time for them to say something about what Pines has been saying for over a year.

The impossibility of calculating overcharges (or apparently accurately calculating anything else) should have been done in the voluminous briefing on summary judgement or in the briefs on appeal. Instead the courts were led to believe the government could identify certain specific categories of expenses that might be overcharges. This information was provided by it as mentioned in the Joint Status Report (Docket 94). But, the defendant and its lawyers concealed from the court that there were any problems calculating overcharges.

This whole case was premised on the idea that Pacer overcharged beyond what was necessary to actually run it day to day, and there was enormous time and money spent on debating what those expenses might be, and what additional charges might be that were overcharges.

The startling admission by the government that it did not use proper accounting methods implies the government tried to do some calculations and failed. Maybe it tried to do this when the district court initially made its ruling. Maybe it tried to identify and calculate the amounts of the specific categories of expenses the court specified in ruling on summary judgment and it couldn't. Presumably all counsel knew, and know, about this.

Why in the heck didn't the government admit the deficient accounting from the very start

of this case? Hopefully, it read the complaint and did some investigation. In fact, why did all counsel let the court think the defendant did keep track of expenses so specific overcharges could be identified and determined?  Why didn't the plaintiffs and the many other attorneys supporting plaintiffs point out to the court a long time ago that the government stated it is "impossible" to calculate anything including overcharges because of its deficient accounting. This would have saved everyone, including this court and the court of appeal a lot of time and money. This misleading of the courts was and is outrageous yet they want to go on wasting enormous amounts of time and money, and keep Pines quiet until the end of October apparently pretending they might settle which currently is the only thing going on in the case.

The case has been stayed since December 2020 because the parties were supposedly exploring settlement. Liability had been pretty much determined based on the representations of the parties and the intentional concealment of the truth by the government.

Interestingly, even the court of appeal apparently ignored this startling admission in oral argument and confirmed the finding that overcharges existed for certain categories of items as found by the district court. It is very puzzling why no one but Pines appears to have noticed this and thought it was important. But, Pines has a long history or exposing wrongdoing by very powerful entities that everyone else is afraid to reveal.

The case would have been simple to settle if what the court and parties assumed to be true had in fact been true. The categories of expenses found to be overcharges could have been identified and then an amount to be paid to class members could have been determined. Likely negotiation would have been necessary to work out many details as with any settlement of this type, but there would have at least been a basis for discussing some amounts for a settlement. But, since it had been admitted it was and is "impossible" to discuss any specific amounts for a

settlement it is unknown why the parties have wasted about nine months pretending they were trying to settle.

This class action case, at least in its current posture is over, and should have been over a long time ago. The dishonest lawyers have made a mess. Counsel knew this case has been a complete farce since the admission by the government it can't calculate overcharges. With all due respect, the court should consider punishing counsel.

Obviously, this case cannot proceed as a class action on the basis of what was alleged in the complaint for many reasons. Plaintiff's counsel also knew or should have known tha from the start. In the complaint they describe wrongful conduct by Pacer for an entity (journalists) and an individual (a poor woman) who had claims for far more than the limited categories of overcharges which the court found to exist. It is not clear from the complaint if these "examples" of wrongful conduct by Pacer, which was apparently alleged to emphasize how bad Pacer is, are class members or not. But from the description of what happened they suffered more damages, and damages of a different kind, than those sought in the class action.

It was probably very expensive for the plaintiffs to give notice to an estimated two million putative class members, if they did so. If the class is decertified, counsel will have to explain to the plaintiffs' individual members what happened.

What this case did reveal is that things at Pacer are probably far worse than anyone apparently thought at the outset. Not only does it engage in wrongful conduct alleged in the complaint by overcharging for certain categories of expenses as found by the court, it also commits wrongful conduct of the sort committed against Pines and in the two "examples" regarding the journalists and indigent woman.

Pines is by no means an expert or even knowledgeable about accounting. But apparently,

the Government Accounting Standards Board (GASB) sets forth standards by which government agencies and others must keep track of money, apparently called GAAP accounting.  Certainly, GAAP accounting would require identifying what certain expenses were for. It seems basic that when money was spent on things like the "Mississippi Study ",  those expenses would be identified as having been used for that purpose with specific amounts indicated so it is not clear why the accounting method made calculating this amount "impossible". The case cries out for someone to do an investigation into what the government meant. In fact, perhaps the court should order the government to reveal this.

The United States and its attorneys have never explained what this mysterious "accounting method" is but it doesn't sound like much of an accounting method at all. Maybe it didn't even properly keep track of most or  all of the money it spent. The plaintiffs talk about the hundreds of millions of dollars that flows through Pacer. Maybe the government  is liable to the members of Pacer for all the money it spent but did not properly track. That should have been the focus of this case at least from the day the government admitted that on appeal.

Pines has only begun to research the ramifications of this. Pines is far from an accountant and knows practically nothing about accounting. So, his thinking to date is very primitive and based on nothing other than general legal principles and common sense.

It does appear the Federal Accounting Standards Advisory Board (FASB) was created to establish the financial reporting and accounting standards for the federal government and others. It appears both the FASB and SEC have responsibility for enforcing the GAAP rules made by the GASB. The SEC typically enforces violations by publicly traded companies who do not keep financial records in conformance with the rules but it is unclear exactly what the FASB does. The FASB is controversial and has been sued many times.

Class actions have been brought for violations of accounting rules. It seems likely the damages could be enormous in this case. Maybe all expenses not properly tracked and accounted for have to be reimbursed to Pacer members.  If the government can't even identify what a certain expense was for and the amount, how can it justify the expense as being legitimate for anything at all, no less if it was an overcharge or not?

This occurred to Pines over a year ago when he first found out about the admissions made by the government in oral argument at the court of appeal. Pines contemplated the idea of suggesting to the Plaintiffs they investigate this, and perhaps this might lead to seeking to amend the complaint to allege the wrongful acts of Pacer related to improper accounting practices. But, it seems plaintiffs had and have something to hide. They conspired with the defendant to give the impression there was a way to determine what overcharges were. Plaintiffs' counsel refused to talk to Pines at all, evidencing their complicity in misleading the courts.

In fact, it is amazing that there are such a large number of lawyers in this case including those who are "interested parties" and those who filed amicus who have remained silent. Many claim to represent large organizations and many consider themselves public interest lawyers. Pines has been emailing each and every one of them. Yet, not one stepped forward to point out what was admitted at the court of appeal except Pines. Instead, they hid.

Interestingly, the FASB, like most related to the federal government, decided to try to help the "Too Big To Fail Banks" recently. Helping the big banks commit crimes has been an area of concern for Pines for a long time and something he would like to know more about. As the court knows from the sealed documents, this is something Pines does.

It seems the court wants to take this in small steps by first finding out what the parties have to say about intervention. There does not seem to be any basis Pines can think of for him being

denied the right to participate in these proceedings. He is a class member whose rights could be affected. If there were any settlement, the parties would have to explain the basis for it and they obviously could not do that since according to the government it is "impossible". Pines would of course object to any settlement but there is no use wasting any more time. So far, Pines seems to be the only one interested in telling the truth.

Everything Pines has stated in his motion is true and well supported. The admission by the government at oral argument is part of the record. The parties cannot deny anything Pines said in the motion without risking a violation of Rule 11.

Pines tried to think of anything the Plaintiffs or the United States might say in response to his motion to defeat it or what they might say that would be good for them. There is no basis for keeping Pines from having a say in a class action he has been forced to be a member of. It seems unlikely any good faith argument will be made about that.

In response to desertification and sanctions, the parties may want to finally explain what this "accounting method" is that makes it impossible to calculate overcharges.  It seems likely some information was given to the plaintiffs and concealed by them as well.

The law requires cases be handled expeditiously and as efficiently as possible. Unnecessary delay is to be avoided. It appears the parties may have wasted the court's time on this case since 2016. It should not take until the end of October to read the motion, consult with an agency, and prepare a response. It is pretty simple. The parties will either admit what was said on the record about an improper and deficient accounting method and what they propose to do about it or they won't. It is long past the time when the parties should admit this case as it was alleged is over since it is impossible to even argue about what specific amount any overcharges might be. It never was possible from the start, and the government and its attorneys knew this and

hid it. That is now what should be important.

Five years of wasting time is more than enough. The motion for further delay should be denied.

I, Michael T. Pines, declare under penalty of perjury the facts stated in the foregoing document are true and correct.

Dated:  September 9, 2021                                      /s/ Michael T. Pines