IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM, NATIONAL
CONSUMER LAW CENTER, and
ALLIANCE FOR JUSTICE, for themselves
and all others similarly situated,
               *Plaintiffs*,

v.

UNITED STATES OF AMERICA,
               *Defendant*.

Case No. 16-cv-00745-PLF

**PLAINTIFFS' RESPONSE TO MICHAEL PINES'S MOTION FOR
INTERVENTION, TO MODIFY THE CLASS DEFINITION, AND FOR SANCTIONS**

This is a certified class action that challenges the lawfulness of user fees charged by the federal judiciary to access records via PACER. In January 2017, this Court certified a nationwide class of everyone who "paid fees for the use of PACER between April 21, 2010, and April 21, 2016" and a single class claim alleging that the fees exceeded the amount authorized by statute and seeking recovery of past overpayments. ECF No. 32. The Court found the named plaintiffs— three national legal-advocacy nonprofits—to be "particularly good class representatives," and appointed Gupta Wessler PLLC and Motley Rice LLC as class counsel. ECF No. 32.

After informal discovery, both sides sought summary judgment on liability. In 2018, this Court held that PACER fees were unlawfully set above the amount authorized by Congress and found the government liable. *NVLSP v. United States*, 291 F. Supp. 3d 123, 140 (D.D.C. 2018). On appeal, the Federal Circuit "agree[d] with the district court's determination that the government is liable for the amount of [PACER] fees used to cover" four specific categories of expenses. *NVLSP v. United States*, 968 F.3d 1340, 1357 (Fed. Cir. 2020). The case was then remanded to this Court,

1

and it has been stayed since December 2020 as the parties engaged in mediation. The parties have made progress and continue to negotiate a potential global settlement.

Michael Pines, a purported class member, now asks this Court to undo all this—to impose sanctions on the attorneys for both sides, to let him intervene in the case, and to decertify the class. Mr. Pines freely admits that he is a "disbarred" attorney who has been "jailed twelve times" since 2011, and who has filed a string of lawsuits in various courts throughout the country that were promptly dismissed "like the proverbial 'hot potato,' as soon as [the judge] read the file." ECF No. 116-1, at 1–5. Yet he claims that, as a purported class member, his interests are not being adequately represented by the appointed class counsel in this case.

Mr. Pines has not shown an entitlement to any of the relief requested.

*First*, Mr. Pines seeks $25,000 in sanctions—against both the U.S. Department of Justice and class counsel—under 28 U.S.C. § 1927, which covers any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." This statute does not support him. The plaintiffs filed this case as a single action that was certified by this Court as a nationwide class action, and it has resulted in a Federal Circuit decision of considerable importance. *See* Adam Liptak, *Attacking a Pay Wall That Hides Public Court Filings*, N.Y. Times, Feb. 4, 2019, https://perma.cc/3QDW-8JNE (discussing the five amicus briefs supporting the plaintiffs, including one by distinguished former federal judges). The proceedings have been streamlined, not multiplied, by the parties.

*Second*, Mr. Pines seeks intervention under Rule 24. But he has not shown that he submitted a "timely motion," or that "existing parties [will not] adequately represent [his] interest." Fed. R. Civ. 24(a)(2), 24(b)(1). He expresses concerns about a future hypothetical settlement, and contends that "it would be equitable to award him $10,000 for each time he incurred a charge by Pacer during the applicable time period" (even though the maximum PACER fee is $3 per document).

2

ECF No. 116, at 5. But if he actually paid any PACER charges, and thus is a real class member, he will have the right to object to any settlement the parties may reach. And he has already stated his intention to do so, sight unseen. *See* ECF No. 116-1, at 9 ("I will object to any settlement.").

*Finally*, Mr. Pines seeks to decertify the class. He does not identify any defect in the class definition or class claim but instead faults the plaintiffs for failing to press other claims. He says that the class contains people who "should have gotten a [fee] waiver but didn't," as well as others with additional potential individualized claims. ECF No. 116, at 8. But this Court rejected that argument in certifying the class, explaining that it poses no barrier to certification because "a claim to eliminate exemptions would be independent from the claim in this case," so "this class action will not interfere with other plaintiffs' ability to pursue a claim for elimination of exemptions." ECF No. 33, at 15. Accordingly, the Court should deny Mr. Pines's motion in its entirety.

        Respectfully submitted,

        */s/ Deepak Gupta*
        DEEPAK GUPTA (D.C. Bar No. 495451)
        JONATHAN E. TAYLOR (D.C. Bar No. 1015713)
        **GUPTA WESSLER PLLC**
        2001 K Street, NW, Suite 850 N
        Washington, DC 20006
        Phone: (202) 888-1741 / Fax: (202) 888-7792
        *deepak@guptawessler.com, jon@guptawessler.com*

        WILLIAM H. NARWOLD (D.C. Bar No. 502352)
        Meghan S.B. Oliver (D.C. Bar No. 493416)
        Elizabeth Smith (D.C. Bar No. 994263)
        **MOTLEY RICE LLC**
        401 9th Street, NW, Suite 1001
        Washington, DC 20004
        (202) 232-5504
        *bnarwold@motleyrice.com, moliver@motleyrice.com*

September 10, 2021        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2021, I filed this response through the Court's CM/ECF system. All parties required to be served have been served.

*/s/ Deepak Gupta*
Deepak Gupta