UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et al., <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civ. A. No. 16-745 (PLF) |

**DEFENDANT'S RESPONSE TO MICHAEL PINES'S MOTION
FOR INTERVENTION, TO MODIFY THE CLASS CERTIFICATION
ORDER, AND FOR SANCTIONS**

Defendant responds as follows to the motion for intervention, to modify the class certification order, and for sanctions filed by Michael Pines.

The movant, Mr. Pines, is an alleged class member who has filed a motion to intervene in this litigation apparently based on his belief that class counsel are not adequately representing his interests. (ECF No. 116, Pl. Mot. 12)  In that regard, he asserts that "class action attorneys will not even allow him to participate in discussions outside of court or cooperate in other ways." (*Id*.)  Defendant is not in a position to respond to that specific allegation, but concurs with the Plaintiffs' position, as set forth in the response filed by class counsel, that Mr. Pines has not met his burden to warrant his intervention. (ECF No. 122 at 2-3)

Mr. Pines also includes in his motion a request to modify the class certification order, although what he appears to be requesting is that the Court de-certify the class and dismiss the case so that he can "add the claims set forth in his Complaint in Intervention in this case to the action to be filed in the bankruptcy court in Sacramento." (ECF No. 116, Pl. Mot. at 9)  This Court certified the class by

order dated January 24, 2017, over Defendant's objections. Defendant continues to preserve its objections to that certification order and, without waiving those objections, takes no position on Mr. Pines's specific request because he lacks standing to make such arguments unless the court first allows him to intervene (and, as addressed above, he has failed to establish that his intervention is warranted). As regards the issue of sanctions, Mr. Pines has identified no basis to seek sanctions from the Defendant, or its counsel, who have appropriately and diligently represented the Defendant against the claims asserted in this litigation.

In the Court's order dated September 14, 2021, the Court directed the Defendant to "also address the concerns about delay" raised by Mr. Pines in his filings at docket entry numbers 120 and 121. Although it is difficult to discern Mr. Pines's assertions in that regard, Defendant disagrees with any suggestion by Mr. Pines that there has been undue delay in the progress of this litigation or that "[c]ounsel has wasted 5 years of this court's time and that of the court of appeal." (ECF No. 121 at 3; see also ECF No. 120 at 11-12)

In the initial stages of this case, the parties briefed, and the Court ruled on, a motion for class certification filed by Plaintiffs, and also had before it cross-motions for summary judgment as well as numerous other motions as reflected on the docket. On March 31, 2018, the Court entered an order denying Plaintiffs' motion for summary judgment and granting in part, and denying in part, Defendant's cross-motion. In August 2018, the Court certified its summary decision for interlocutory appeal and stayed the case pending the outcome of that appeal. The mandate from the Federal Circuit on that appeal issued on September 28, 2020, remanding the case back to this Court for further proceeding and, in a status report dated December 23, 2020, the parties advised the Court that they proposed engaging in a period of mediation and requested that the Court stay the case through June 25, 2021. (ECF No. 112) The Court granted the requested stay and, since that time, the parties have

filed periodic status reports regarding their continued settlement efforts and the Court has extended the stay to allow those discussions to continue. Thus, Mr. Pines's assertions of undue delay are misplaced.

        Respectfully submitted,

        CHANNING D. PHILLIPS, D.C. BAR#415793
        Acting United States Attorney

        BRIAN P. HUDAK
        Acting Chief, Civil Division

        By: _____/s/_____
        JEREMY S. SIMON, D.C. BAR #447956
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-2528
        Jeremy.simon@usdoj.gov

        Counsel for Defendant

## CERTIFICATE OF SERVICE

  I hereby certify that, on this 1st day of October 2021, I caused to be served the foregoing on Michael T. Pines by email to Mr. Pines, utilizing the email address appearing on the motion to intervene.

                ___/s/_____
                Jeremy S. Simon