UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et al., ) ) ) ) Plaintiffs, ) v. ) UNITED STATES OF AMERICA, ) ) Defendant. ) | Civ. A. No. 16-0745 (PLF) |

### DEFENDANT'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT ORDER DATED OCTOBER 12, 2021

In the Court's order dated October 12, 2021, the Court directed the parties to "file supplemental briefs addressing: (1) whether, to the parties' knowledge, Mr. Pines is in fact a member of the class in this case; (2) if so, whether Mr. Pines has opted out of the class, and noting any applicable deadlines for opting out; and (3) setting forth the legal standard for a motion for intervention by a class member."

*As to the first issue*, Defendant states that, based on the review of records maintained by the Administrative Office of the United States Courts, Mr. Pines did pay fees for the use of PACER within the period set forth in the Court's order dated January 24, 2017, and thus would appear to be a member of the class as defined in that order.

*The second issue* concerns a matter that would be within the knowledge of Plaintiffs' counsel, rather than information available to Defendant, and thus Defendant assumes that Plaintiffs will address that issue in their submission.

*As to the final issue*, the standard for a motion for intervention by a class member appears to be governed by the same standard applicable to intervention generally, that is, the standards set forth

in Federal Rule of Civil Procedure ("Rule") 24(a) (intervention as a matter of right) and Rule 24(b) (permissive intervention).  *See, e.g.*, *Moten v. Bricklayers, Masons & Plasterers Int'l Union of Am.*, 543 F.2d 224, 228 (D.C. Cir. 1976); *Harrington v. Sessions (In re Brewer)*, 863 F.3d 861, 872 (D.C. Cir. 2017); *Hartman v. Duffy*, 158 F.R.D. 525, 531 (D.D.C. 1994); *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001), *rev'd on other grounds*, 536 U.S. 1 (2002); *Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982); *Etters v. Bennett*, Civ. A. No. No. 09-3187, 2011 U.S. Dist. LEXIS 84431 at *5-8 (E.D.N.C. Aug. 1, 2011).

Thus, to intervene of right pursuant to Rule 24(a), an unnamed class member must satisfy all four of the following requirements: "(1) the motion for intervention must be timely; (2) intervenors must have an interest in the subject of the action; (3) their interest must be impaired or impeded as a practical matter absent intervention; and (4) the would-be intervenor's interest must not be adequately represented by any other party."  *Harrington*, 863 F.3d at 872 (citing Fed. R. Civ. P. 24(a)(2)).

Under Rule 24(b), a court may permit an unnamed class member to intervene if the unnamed class member makes a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion" under this standard, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

Thus, "[i]ntervention, whether of right or permissive, must be timely" and, "[i]f untimely, it must be denied."  *Moten*, 543 F.2d at 228.  Relevant factors include the time elapsed since the unnamed class member learned of the litigation, as well as "'the related circumstances, including the purpose for which intervention is sought, the necessity for intervention as a means of preserving the applicant's rights, and the improbability of prejudice to those already parties in the case.'"  *Id.*; *see*

*also Harrington*, 863 F.3d at 872 ("A nonparty must timely move for intervention once it becomes clear that failure to intervene would jeopardize her interest in the action.")

        Respectfully submitted,

        CHANNING D.  PHILLIPS, D.C. BAR#415793
        Acting United States Attorney

        BRIAN P. HUDAK
        Acting Chief, Civil Division

        By: _____/s/_____
        JEREMY S. SIMON, D.C. BAR #447956
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-2528
        Jeremy.simon@usdoj.gov

        Counsel for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 26th day of October 2021, I caused to be served the foregoing on Michael T. Pines by email to Mr. Pines, utilizing the email address appearing on the motion to intervene.


                                                            ____/s/_____
                                                             Jeremy S. Simon