IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, NATIONAL CONSUMER LAW CENTER, and ALLIANCE FOR JUSTICE, for themselves and all others similarly situated,<br>　　　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　*Defendant*. | Case No. 16-cv-00745-PLF |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO THIS COURT'S ORDER REGARDING MICHAEL PINES'S MOTION FOR INTERVENTION, TO MODIFY THE CLASS DEFINITION, AND FOR SANCTIONS**

On October 12, 2021, this Court ordered the parties "to file supplemental briefs addressing (1) whether, to the parties' knowledge, [proposed intervenor Michael] Pines is in fact a member of the class in this case; (2) if so, whether Mr. Pines has opted out of the class, and noting any applicable deadlines for opting out; and (3) setting forth the legal standard for a motion for intervention by a class member." The plaintiffs' answers to these questions are as follows:

**1.** When we filed our response to Mr. Pines's intervention motion on September 10, 2021, we had not yet been able to confirm whether he was a class member. We had confirmed that he received a PACER bill during the class period and that he had received class notice via the email address associated with his PACER account, but we had not been able to ascertain from the government whether he had paid any PACER fees during the class period. Since the Court's order, the government has informed us that Mr. Pines paid at least some PACER fees during the class period and is therefore a member of the class certified by this Court on January 24, 2017.

**2.** Class notice was successfully sent to the email address associated with Michael Pines's PACER account on May 19, 2017. As explained in the notice and consistent with this Court's

1

order approving the class-notice plan, *see* ECF No. 44, all class members had until July 17, 2017, to opt out of the class. Mr. Pines did not do so.

**3.** A class member's motion to intervene is governed by the standards set forth in Rule 24. *See Barnes v. District of Columbia*, 274 F.R.D. 314, 319 (D.D.C. 2011) (reciting and applying the same Rule 24 standards when an individual unnamed class member sought intervention). In *Barnes*, the court denied intervention as of right under Rule 24(a)(2) because, even assuming all the other Rule 24(a)(2) factors were satisfied, "the named plaintiffs can adequately represent the interest of the entire class—including [the prospective intervenor]." *Id.* The court also denied permissive intervention under Rule 24(b) because it found that "permitting [the class member] to intervene would unduly delay the adjudication of the original parties' rights." *Id.* Both rationales apply here.

As for the first, "[t]here is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members." *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1005 (8th Cir. 2020). Mr. Pines offers no basis for overcoming this presumption here. He pledges to object to any potential future class-action settlement, sight unseen, and to renew his objections on appeal if the settlement is approved. But the Supreme Court has squarely held that there is no need for class members to intervene simply to preserve their right to object to (or appeal the approval of) a class-action settlement. *See Devlin v. Scardelletti*, 536 U.S. 1, 11–14 (2002). And "[t]he goals of Rule 23 would be seriously hampered if [intervention] were permitted" by "absent class members who merely express dissatisfaction with specific aspects of the proposed settlement" (or here, a future hypothetical settlement). *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005).

As to the second, Mr. Pines's motion is untimely and granting it would unduly delay the final resolution of the proceedings. He filed his motion more than four years after the opt-out period ended. Although "[t]he time frame in which a class member may file a motion to intervene

challenging the adequacy of class representation must be at least as long as the time in which s/he may opt-out of the class," *id.* at 314, Mr. Pines cites no authority supporting the timeliness of a motion filed so many years after the opt-out period closed. Nor does he offer any justification for allowing him to intervene at this late hour solely for the purpose of trying to derail a potential settlement or delay settlement payments to class members. The authority cuts firmly in the opposite direction. *See, e.g., Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) ("We are not persuaded that Objectors' motion was timely, because the motion was filed after four years of ongoing litigation, on the eve of settlement, and threatened to prejudice settling parties by potentially derailing settlement talks, and especially where Objectors' concerns could largely be addressed through the normal objection process."); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001).

Respectfully submitted,

*/s/ Deepak Gupta*
DEEPAK GUPTA (D.C. Bar No. 495451)
JONATHAN E. TAYLOR (D.C. Bar No. 1015713)
**GUPTA WESSLER PLLC**
2001 K Street, NW, Suite 850 N
Washington, DC 20006
Phone: (202) 888-1741 / Fax: (202) 888-7792
*deepak@guptawessler.com, jon@guptawessler.com*

WILLIAM H. NARWOLD (D.C. Bar No. 502352)
Meghan S.B. Oliver (D.C. Bar No. 493416)
Elizabeth Smith (D.C. Bar No. 994263)
**MOTLEY RICE LLC**
401 9th Street, NW, Suite 1001
Washington, DC 20004
(202) 232-5504
*bnarwold@motleyrice.com, moliver@motleyrice.com*

October 26, 2021         *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2021, I filed this supplemental brief through the Court's CM/ECF system. All parties required to be served have been served.

*/s/ Deepak Gupta*
Deepak Gupta