UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et al., )<br><br>Plaintiffs, )<br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Civ. A. No. 16-0745 (PLF) |

**DEFENDANT'S RESPONSE TO MICHAEL PINES'
MOTION TO REACTIVATE PINES' PACER ACCOUNT**

On October 21, 2021, this Court accepted for filing the motion of proposed intervenor, Michael Pines, to reactivate his PACER account and for an exemption from PACER fees. Pines alleges that, without the requested relief, he will be unable to make filings in this case and in other matters pending in other federal district courts. As discussed below, the activation status of Pines' PACER account is not a matter properly before this Court. Moreover, to the extent Pines seeks CM/ECF filing privileges in this Court, that is an issue that is distinct from the activation status of his PACER account.

A. **Whether To Reactivate Pines' PACER Account Is Not An Issue Properly Before This Court.**

This case concerns alleged overcharges to PACER users during a distinct time period set forth in the Court's order dated January 24, 2017. It does not concern any issues regarding whether any account has been improperly deactivated for non-payment. That is an issue that is governed by PACER's Policies and Procedures, which PACER users are required to read and acknowledge as part of the account registration process.

During registration, PACER users must acknowledge that they understand there is a charge for accessing information in PACER and that by registering for a PACER account, they assume responsibility for all fees incurred through the usage of that account. Additionally, the PACER Policies and Procedures indicate that (1) the PACER Service Center and/or a U.S. federal court reserve(s) the right to (1) suspend service to any account in which the amount due is not paid by the due date; (2) reject an account registration request that the PACER Service Center determines to be related to an existing PACER account with a past-due balance; (3) deny accounts to requesters who have delinquent debts to any federal government agency, in accordance with 31 U.S.C. § 3720B(a); and (4) suspend service to an account at any time that the PACER Service Center or a U.S. federal court determines the action is necessary to prevent fraud or to maintain the security of its computer systems and networks. The PACER Policies and Procedures are also posted outside of the registration process screens, so that users may refer to them at any time online at https://pacer.uscourts.gov/policy-procedures.

According to the Administrative Office's ("AO") records, Pines has two PACER accounts, the status of which is as follows. The first of Pines' PACER accounts was created on December 26, 2007, and deactivated for non-payment of fees on September 6, 2012, in accordance with the PACER Policies and Procedures. Pines was permitted to open a second PACER account on March 31, 2021, despite the prior delinquent account, and that account also has been deactivated in connection with Pines' dispute over payment for PACER usage.  Pines references that dispute on page 3 of his motion.  That dispute, therefore, post-dates the period at issue in this lawsuit and also pertains to an account that was opened and de-activated after the time period at issue in this lawsuit.

The AO maintains that it has acted in accordance with PACER Policies and Procedures in deactivating Pines' PACER account.  Although Pines may disagree with that assessment, that is not

an issue that is properly before this Court. Accordingly, the Court should deny Pines' motion to the extent it requests such relief.

B.  **The AO Has No Role In The Decision Whether To Grant Or Deny CM/ECF Filing Privileges.**

The decision to grant or deny CM/ECF filing privileges to a particular user is a matter left solely to the discretion of each individual court, regardless of which version of CM/ECF the court uses. The AO plays no role in these determinations. Each court has its own application and decision process for granting CM/ECF filing privileges, and users must apply separately in each jurisdiction in which they wish to file. Litigants without CM/ECF filing privileges in a jurisdiction are not precluded from filing in that jurisdiction. Instead, they must follow that court's local rules to file via alternative means.

Although a PACER account is required for CM/ECF filing, it is the AO's understanding that a PACER account that is in an "inactive" status for non-payment can be utilized to electronically file in jurisdictions where the user has been granted NextGen CM/ECF filing privileges. PACER users with accounts in an "inactive" status can also continue to use the site's "Manage My Account" features. Inactive account status precludes only searching and document retrieval. Members of the public can view court documents at each court's public terminals without the need for a PACER account. Additionally, each attorney of record in a case or pro se litigant (regardless of PACER account status) receives one free copy of documents filed in cases in which they have appeared via the hyperlink in the Notice of Electronic Filing.

Thus, to the extent Pines seeks CM/ECF filing privileges in this Court, that is an issue that is distinct from the activation status of Pines' PACER account. The AO takes no position on whether this Court should afford CM/ECF filing privileges to Pines other than to observe that, should this

Court deny Pines' pending request to intervene, there would be no apparent need for Pines to require CM/ECF filing privileges in this Court.

                                            Respectfully submitted,

                                            CHANNING D. PHILLIPS, D.C. BAR#415793
                                            Acting United States Attorney

                                            BRIAN P. HUDAK
                                            Acting Chief, Civil Division

                                            By: _____/s/_____
                                            JEREMY S. SIMON, D.C. BAR #447956
                                            Assistant United States Attorney
                                            555 4th Street, N.W.
                                            Washington, D.C. 20530
                                            (202) 252-2528
                                            Jeremy.simon@usdoj.gov

                                            Counsel for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that, on this 1st day of November 2021, I caused to be served the foregoing on Michael T. Pines by email to Mr. Pines, utilizing the email address appearing on the motion to intervene.


                                           ___/s/_____
                                           Jeremy S. Simon