UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 16-0745 (PLF) |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

The Court has before it a pro se Motion for Intervention and for Leave to File Complaint in Intervention, Motion to Modify Class Certification Order, and for Sanctions ("Pines Mot.") [Dkt. No. 116], filed by putative plaintiff-intervenor Michael T. Pines. Plaintiffs National Veterans Legal Services Program, et al., and defendant the United States oppose the motion. See Plaintiffs' Response to Michael Pines's Motion for Intervention, to Modify the Class Definition, and for Sanctions ("Pl. Opp.") [Dkt. No. 122]; Defendant's Response to Michael Pines's Motion for Intervention, to Modify the Class Certification Order, and for Sanctions ("Def. Opp.") [Dkt. No. 124]. Upon careful consideration of the parties' papers, the relevant rules, and the applicable case law, the Court will deny Mr. Pines's motion in all respects.

Mr. Pines has also submitted via email to the Clerk's Office several additional requests for relief, which he suggests are related to this case. Because the Court concludes that Mr. Pines is not entitled to intervene, it will deny as moot his other requests, with the exception of his application to proceed without prepaying fees or costs, which the Court will grant.

## I. BACKGROUND

This case is proceeding as a class action on behalf of "[a]ll individuals and entities who have paid fees for the use of PACER between April 21, 2010, and April 21, 2016, excluding class counsel in this case and federal government entities." Nat'l Veterans Legal Servs. Program v. United States ("NVLSP Class Cert. Op."), 235 F. Supp. 3d 32, 39 (D.D.C. 2017). The United States confirms that Mr. Pines paid PACER fees during the class period and therefore is a member of the class. Defendant's Supplemental Brief in Response to Court Order Dated October 12, 2021 ("Def. Suppl.") [Dkt. No. 126] at 1. Plaintiffs represent that "[c]lass notice was successfully sent to the email address associated with Michael Pines's PACER account on May 19, 2017," and that Mr. Pines did not opt out by the deadline provided in that notice. Plaintiffs' Supplemental Brief in Response to This Court's Order ("Pl. Suppl.") [Dkt. No. 127] at 1-2.

Mr. Pines asserts that he learned of the class action sometime in August of 2020. Pines Mot. at 10, 12. He seeks to intervene because, he says, he "was precluded from negotiations so any settlement based on previous discussions would be improper as not negotiated fairly," id. at 10, and "the class action attorneys will not even allow him to participate in discussions outside of court or cooperate in other ways," id. at 12. He expresses concern that if the Court approves a class settlement, he may face "questions regarding res judicata and the scope of the class release" if he "raises similar claims – or claims based on similar facts – in a subsequent case." Id. at 9. Mr. Pines asserts that he is entitled to intervene as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, and in the alternative, that the Court should authorize permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Id. at 11-12.

Mr. Pines also seeks to modify the class certification order, arguing that a class action is not "superior to other types of actions" in this case, Pines Mot. at 5, because "[t]he obvious way to calculate damages in light of court rulings to date," id. at 3, "would not result in

the class members receiving appropriate compensation," id. at 4.  He further argues that "potential plaintiffs may have all kinds of claims against the government related to the operation of Pacer, and . . . there is not even a way to calculate the type of damages the class action seeks." Id. at 10. Finally, Mr. Pines asks the Court to award $25,000 in sanctions "against both plaintiff and defense counsel," because he was not "given the opportunity to participate when he demanded it in August 2020," and as a result, "he will have to spend large amounts of time" getting up to speed on the case. Id. at 13.

## II. DISCUSSION

### A. Intervention of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure grants a right of intervention to a party who, upon timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2).  Courts consider four factors in deciding whether a party has a right to intervene:  (1) the timeliness of the motion; (2) whether the party claims an interest relating to the subject of the action; (3) whether disposition of the action without the party may impair or impede the applicant's ability to protect that interest; and (4) whether the party's interest is adequately represented by the existing parties.  Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731-32 (D.C. Cir. 2003).

When a class member moves to intervene in a class action, the issue is "correctly framed . . . as whether the would-be intervenors [a]re adequately represented." Twelve John Does v. District of Columbia, 117 F.3d 571, 575 (D.C. Cir. 1997); see also In re Cmty. Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005) ("In the class action context, the second and third prongs of

the Rule 24(a)(2) inquiry [concerning interest in the litigation and impairment of that interest] are satisfied by the very nature of Rule 23 representative litigation.").  To prevail, therefore, Mr. Pines must show that "the named plaintiffs cannot [adequately] represent his interests," Barnes v. District of Columbia, 274 F.R.D. 314, 319 (D.D.C. 2011), either because they "have antagonistic or conflicting interests with the unnamed members of the class" or because they do not "appear able to vigorously prosecute the interests of the class through qualified counsel," Twelve John Does v. District of Columbia, 117 F.3d at 575.

Mr. Pines has not made such a showing.  "When the Court certified the class in this case [], it necessarily found that 'the representative parties will fairly and adequately protect the interests of the class.'"  Barnes v. District of Columbia, 274 F.R.D. at 316 (quoting FED. R. CIV. P. 23(a)(4)).  Judge Huvelle, who presided over this case prior to her retirement, concluded that "the nonprofit organizations who are named plaintiffs in this case make particularly good class representatives," because "[t]hey are interested in reducing PACER fees not only for themselves but also for their constituents . . . . [they] exist to advocate for consumers, veterans, and other public-interest causes . . . . [and] organizational representatives with experience can provide more vigilant and consistent representation than individual representatives." NVLSP Class Cert. Op., 235 F. Supp. 3d at 42 (quotation marks omitted).

These characteristics remain salient to representing the interests of the class today. The class representatives have vigorously and effectively advocated on behalf of the class during the course of this litigation.  They obtained a finding of liability against the United States in this Court, which the Federal Circuit affirmed on appeal.  See Nat'l Veterans Legal Servs. Program v. United States, 291 F. Supp. 3d 123, 140 (D.D.C. 2018) ("[T]he Court . . . finds the defendant liable for certain costs that post-date the passage of the E-Government Act."); Nat'l Veterans Legal Servs. Program v. United States, 968 F.3d 1340, 1357 (Fed. Cir. 2020) ("[W]e agree with

the district court's determination that the government is liable for the amount of [PACER] fees used to cover [certain categories of] expenses."). The parties now are engaged in settlement discussions and recently represented that they "have reached an agreement in principle on proposed terms to resolve the matter, subject to Defendant obtaining approval of the proposed terms of settlement from the United States Department of Justice." Nov. 15, 2021 Joint Status Report [Dkt. No. 129] at 1. Nothing in Mr. Pines's submissions indicates that the named plaintiffs are in any way failing to fulfill their role on behalf of the class.

Mr. Pines's motion focuses instead on his desire to provide input on settlement negotiations and case strategy. Mr. Pines asserts that he "has been trying to work with counsel" and has "tried to discuss [a] settlement," but that "the class action attorneys will not even allow him to participate in discussions outside of court or cooperate in other ways." Pines Mot. at 12; see also Declaration of Michael T. Pines in Support of Motions to Modify Class Certification and to Intervene and for Sanctions ("Pines Decl.") [Dkt. No. 116-1] ¶ 96 ("Had I been permitted to be involved in settlement discussions, I had some ideas that might have been helpful."). As a class member, Mr. Pines is entitled to receive certain information about the class action, including information about opting out of the class and about any settlement or compromise. See FED. R. CIV. P. 23(c)(2), (e)(1). Mr. Pines "will have the right to object to any settlement [that] the parties may reach." Pl. Opp. at 3; see also FED. R. CIV. P. 23(e)(5). He is not, however, entitled to "work with counsel," Pines Mot. at 12, or "be involved in settlement discussions," Pines Decl. ¶ 96. The fact that Mr. Pines may disagree with class counsel's approach does not mean that class representation is inadequate, because a class action by its nature entails delegating certain litigation functions to class representatives and class counsel.

Mr. Pines also appears to disagree with the scope of the claims being pursued, noting that "people have suffered other types of damages caused by Pacer which the action does

not seek to redress." Pines Mot. at 2; see also id. at 8. Yet Judge Huvelle certified a single class claim in this case: "that the fees charged for accessing court records through the PACER system are higher than necessary to operate PACER and thus violate the E-Government Act, entitling plaintiffs to monetary relief from the excessive fees under the Little Tucker Act." Jan. 24, 2017 Order [Dkt. No. 32] at 1. The fact that class counsel have not pursued other arguments that go beyond the certified claim does not suggest that their representation is deficient.

Even if Mr. Pines could show that class counsel and the named plaintiffs do not adequately represent his interests in this case, his motion is not timely. "A nonparty must timely move for intervention once it becomes clear that failure to intervene would jeopardize her interest in the action." Harrington v. Sessions (In re Brewer), 863 F.3d 861, 872 (D.C. Cir. 2017). According to plaintiffs, "[c]lass notice was successfully sent to the email address associated with Michael Pines's PACER account on May 19, 2017." Mr. Pines therefore should have been aware of this class action more than four years before he moved to intervene.

Mr. Pines asserts that he "only found out about this action in August 2020." Pines Mot. at 12. Even if Mr. Pines could show that he was not properly notified on May 19, 2017, he still allowed a year to elapse before seeking to intervene on August 11, 2021. He suggests that when he "heard nothing" from counsel, Pines Decl. ¶ 54, he "decided to take a new legal approach," id. ¶ 55, implying that he moved to intervene after it became apparent that he would not achieve his desired result by contacting class counsel. This does not justify a twelve-month delay while the case progressed and the parties engaged in settlement negotiations. See In re Lorazepam & Clorazepate Antitrust Litig. v. Mylan Labs ("In re Lorazepam"), 205 F.R.D. 363, 368 (D.D.C. 2001) (finding motion to intervene untimely where the purported intervenor "waited nine months to file th[e] motion, pointing to Class Counsel's [] refusals to cooperate as its only explanation for doing so"); Allen v. Bedolla, 787 F.3d 1218, 1222 (9th

Cir. 2015) (finding a motion to intervene untimely that was "filed after four years of ongoing

litigation, on the eve of settlement, and threatened to prejudice settling parties by potentially

derailing settlement talks").

Mr. Pines is not entitled to intervene as of right under Rule 24(a)(2) because he has

not demonstrated that his interests are inadequately represented and because his motion to

intervene is not timely.

### B.  Permissive Intervention

Pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, a court has

discretion to permit a party to intervene upon timely motion where the intervening party "has a

claim or defense that shares with the main action a common question of law or fact." FED. R. CIV.

P. 24(b)(1)(B).  The D.C. Circuit has articulated three requirements that a putative intervenor

ordinarily must meet: "(1) an independent ground for subject matter jurisdiction; (2) a timely

motion; and (3) a claim or defense that has a question of law or fact in common with the main

action." E.E.O.C. v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998); see also

Envt'l. Defense v. Leavitt, 329 F. Supp. 2d 55, 66 (D.D.C. 2004).  A court's decision pursuant to

Rule 24(b) is discretionary and a district court may "deny a motion for permissive intervention

even if the movant establishe[s]" all three of these requirements. E.E.O.C. v. Nat'l Children's

Ctr., Inc., 146 F.3d at 1048.  In exercising its discretion, "the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED.

R. CIV. P. 24(b)(3).

The Court concludes that permissive intervention is not warranted under

Rule 24(b).  First, Mr. Pines's motion is not timely for the reasons set forth above.  Second, while

Mr. Pines's submission may share some "question[s] of law or fact in common with the main

action," E.E.O.C. v. Nat'l Children's Ctr., Inc., 146 F.3d at 1046, he also raises numerous issues

and arguments that that go far beyond the scope of the class claim. See Pines Mot. at 8

("[P]laintiffs who have claims against Pacer might have many varied claims . . . . They should

have all their fees reimbursed."); Pines Decl. ¶ 94 (seeking $10,000 for each time Mr. Pines

logged into PACER during the class period); Pines Decl. ¶¶ 3-6 ("I have been exposing bad

conduct by the 'Too Big To Fail Banks' and the complicity of the federal and state governments

since about 2010 . . . . As a result, I was disbarred, put in jail, prison, and mental hospitals but was

innocent of any wrongdoing. The proposed legal action concerns this."); see also id. ¶¶ 39-42

(describing eviction action and subsequent court proceedings).

   In addition, allowing Mr. Pines to intervene could seriously disrupt the settlement

discussions, which may resolve this case, and therefore could derail a final resolution of the

parties' rights.  In the context of a motion to intervene in a class action, "the Court must strike [] a

'balance between keeping class litigation manageable and allowing affected parties to be

adequately heard.'" In re Lorazepam, 205 F.R.D. at 367 (quoting Twelve John Does v. Disrict of

Columbia, 117 F.3d at 575).  As plaintiffs explain, this case has proceeded through class

certification, summary judgment on liability, and an appeal to the Federal Circuit, and the parties

are now engaged in mediation toward "a potential global settlement." Pl. Opp. at 1-2.  Mr. Pines

"now asks the Court to undo all this," id. at 2, by seeking to modify the class certification order

despite "not identify[ing] any defect in the class definition or class claim," id. at 3.

   Mr. Pines "has already shown [] willingness . . . to delay the proceedings,"

including by moving to decertify the class, seek sanctions, and raise factual issues and legal

arguments outside the scope of the class claim. Barnes v. District of Columbia, 274 F.R.D. at 319

(finding that intervention would "unduly delay the adjudication of the original parties' rights"

where the putative intervenor had filed a motion for declaratory judgment, a motion to stay

proceedings pending adjudication of his motions, and had requested "essentially all of the discovery" in the case). Mr. Pines suggests that if allowed to intervene he would "subpoena any and all emails by and among counsel to find out what they have said and what has happened," and acknowledges that "[i]t is difficult for Pines to determine what amount of excess costs and expenses he will incur." Pines Mot. at 13. He also suggests that he "intend[s] to object to any settlement and [counsel] might be wasting time and energy trying to settle until after the court heard the motion to decertify." Pines Decl. ¶ 52.

Given the advanced posture of this case, the nature of the intervention that Mr. Pines states that he intends to pursue, and the fact that Mr. Pines has not established that he is inadequately represented, the Court concludes that the "balance between keeping class litigation manageable and allowing affected parties to be adequately heard," In re Lorazepam, 205 F.R.D. at 367, weighs against intervention. The Court therefore will deny Mr. Pines's request.

### C. Modification of Class Certification Order, Sanctions, and Other Relief

Because the Court concludes that Mr. Pines may not intervene in this case, it will deny as moot his requests to modify the class certification order and for sanctions.

Mr. Pines also submitted via email to the Clerk's Office a Motion for Pretrial Conference and to Appoint a Special Master, an Application to Proceed in District Court Without Prepaying Fees or Costs, and an Emergency Motion for Order to Reactivate PACER Account [Dkt. No. 125], which the Court granted leave to be filed on the docket. Because the Court denies Mr. Pines's motion to intervene, and Mr. Pines therefore is not a party to this case, it also denies as moot the motion for pretrial conference and to appoint a special master, and the motion to reactivate PACER account.

The Court will grant Mr. Pines's application to proceed without prepaying costs and will direct the Clerk's Office to file that application on the docket. That application would not be moot if Mr. Pines seeks to appeal this order. In addition, the Court finds that Mr. Pines has shown that he is unable to pay the filing fees in the court of appeals. See 28 U.S.C. § 1915(a)(1).

## III.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Mr. Pines's pro se Motion for Intervention and for Leave to File Complaint in Intervention, Motion to Modify Class Certification Order, and for Sanctions [Dkt. No. 116] is DENIED; it is

FURTHER ORDERED that Mr. Pines's Motion for Pretrial Conference and to Appoint a Special Master is DENIED as moot; it is

FURTHER ORDERED that Mr. Pines's Emergency Motion for Order to Reactivate PACER Account [Dkt. No. 125] is DENIED as moot; and it is

FURTHER ORDERED that Mr. Pines's Application to Proceed in District Court Without Prepaying Fees or Costs is GRANTED and the Clerk of the Court is directed to file that application on the docket in this case.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  11/16/21