# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 21-5204**  **September Term, 2021**

**1:16-cv-00745-PLF**

**Filed On:** November 15, 2021

In re: Michael T. Pines,

       Petitioner

    **BEFORE:** Rao and Walker, Circuit Judges, and Sentelle, Senior Circuit Judge

## O R D E R

Upon consideration of the corrected petition for writ of mandamus and the supplement thereto, the motion for leave to proceed in forma pauperis, the emergency motion to reactivate PACER account, and the opposition thereto, it is

**ORDERED** that the motion for leave to proceed in forma pauperis be granted. It is

**FURTHER ORDERED** that the petition for writ of mandamus be dismissed. Under the All Writs Act, 28 U.S.C. § 1651 (1982), federal courts may issue all writs "necessary or appropriate in aid of their respective jurisdictions." "[A]uthority under the All Writs Act 'extends to those cases which are within [a court's] appellate jurisdiction although no appeal has been perfected.'" In re Tennant, 359 F.3d 523, 527 (D.C. Cir. 2004) (internal citation omitted) (dismissing petition because court had "no future appellate jurisdiction that a writ of mandamus could protect"). Here, the Federal Circuit has exclusive jurisdiction over any appeal arising from the case which is the subject of the instant petition. See 28 U.S.C. § 1295(a)(2). Thus, there is no basis upon which the underlying case could be brought within this court's appellate jurisdiction. It is

**FURTHER ORDERED** that the emergency motion to reactivate PACER account be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

### Per Curiam

                                  **FOR THE COURT:**
                                  Mark J. Langer, Clerk

                    BY: /s/

                                  Lynda M. Flippin
                                  Deputy Clerk