# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM, NATIONAL
CONSUMER LAW CENTER, and
ALLIANCE FOR JUSTICE, for themselves
and all others similarly situated,

    *Plaintiffs*,

    v.

UNITED STATES OF AMERICA,

    *Defendant.*

Civ. A. No. 16-0745 (PLF)

# CLASS ACTION SETTLEMENT AGREEMENT

For the purpose of disposing of the plaintiffs' claims in this case without any further judicial proceedings on the merits and without there being any trial or final judgment on any issue of law or fact, and without constituting an admission of liability on the part of the defendant, and for no other purpose except as provided herein, the parties stipulate and agree as follows:

## Background and Definitions

1.    The plaintiffs challenge the lawfulness of fees charged by the federal government to access to records through the Public Access to Court Electronic Records program or "PACER." The lawsuit claims that the fees are set above the amount permitted by statute and seeks monetary relief under the Little Tucker Act, 28 U.S.C. § 1346(a) in the amount of the excess fees paid. The government contends that all such fees are lawful.

2.    The complaint was filed on April 21, 2016. ECF No. 1. On January 24, 2017, this Court certified a nationwide class under Federal Rule of Civil Procedure ("Rule") 23(b)(3) and a single class claim alleging that PACER fees exceeded the amount authorized by statute and seeking

recovery of past overpayments. ECF Nos. 32, 33. The Court also appointed Gupta Wessler PLLC and Motley Rice LLC (collectively, "Class Counsel") as co-lead class counsel. *Id.*

3.      "Plaintiffs" or "Class Members," as used in this agreement, are defined to include all persons or entities who paid PACER fees between April 22, 2010, and May 31, 2018 ("the Class Period"). Excluded from that class are: (i) entities that have already opted out; (ii) federal agencies; and (iii) Class Counsel.

4.      The class originally certified by this Court consists only of individuals and entities who paid fees for use of PACER between April 21, 2010, and April 21, 2016 (with the same three exceptions noted in the previous paragraph). Plaintiffs who were not included in that original class definition—that is to say, PACER users who were not included in the original class and who paid fees for use of PACER between April 22, 2016, and May 31, 2018—shall be provided with notice of this action and an opportunity to opt out of the class.

5.      On April 17, 2017, the Court entered an order approving the plaintiffs' proposed plan for providing notice to potential class members. ECF No. 44. The proposed plan designated KCC as Class Action Administrator ("Administrator"). Notice was subsequently provided to all Class Members included in the original class, and they had until July 17, 2017, to opt out of the class, as explained in the notice and consistent with the Court's order approving the notice plan. The notice referenced in paragraph 4 above shall be provided by the Administrator.

6.      On March 31, 2018, the Court issued an opinion on the parties' cross-motions for summary judgment on liability. ECF No. 89; *see Nat'l Veterans Legal Servs. Program v. United States*, 291 F. Supp. 3d 123, 126 (D.D.C. 2018). While briefing cross-motions on liability, the parties "reserv[ed] the damages determination for" a later point "after formal discovery." *Id.* at 138.

7.      On August 13, 2018, the Court certified its March 31, 2018, summary-judgment decision for interlocutory appeal to the Federal Circuit under 28 U.S.C. § 1292(b). ECF Nos. 104,

105; see *Nat'l Veterans Legal Servs. Program v. United States*, 321 F. Supp. 3d 150, 155 (D.D.C. 2018).

8.   On August 6, 2020, the Federal Circuit affirmed this Court's decision on the parties' motions for summary judgment and remanded the case to this Court for further proceedings. *See Nat'l Veterans Legal Servs. Program v. United States*, 968 F.3d 1340, 1343 (Fed. Cir. 2020).

9.   Following the Federal Circuit's decision, the parties agreed to engage in mediation to discuss the possibility of settling Plaintiffs' claims. On December 29, 2020, this Court stayed the proceedings through June 25, 2021, and it has repeatedly extended that stay since then as the parties have made progress on negotiating a global settlement.

10.   On May 3, 2021, the parties participated in a day-long private mediation session in an attempt to resolve Plaintiffs' claims. Since then, the parties have engaged in numerous follow-up conversations via phone and email to come to an agreement on resolving the claims.

**Common Fund Payment and Release**

11.   Plaintiffs have offered to settle this action in exchange for a common-fund payment by the United States in the total amount of one hundred and twenty-five million dollars ($125,000,000.00) (the "Aggregate Amount") inclusive of monetary relief for Plaintiffs' claims, interest, attorney fees, litigation expenses, administration costs, and any service awards to Class Representatives. Subject to this Court's approval, as set forth in paragraph 33, Plaintiffs' offer has been accepted by the United States.

12.   Following the Court's order granting final approval of the settlement, as described in the "Fairness Hearing" portion of this agreement, and only after the appeal period for that order has expired, the United States shall pay the Aggregate Amount to the Administrator for deposit in the Settlement Trust, as referenced in paragraph 16.

13. Upon release of the Aggregate Amount from the U.S. Department of the Treasury's Judgment Fund, Plaintiffs and all Class Members release, waive, and abandon, as to the United States, its political subdivisions, its officers, agents, and employees, including in their official and individual capacities, any and all claims, known or unknown, that were brought or could have been brought against the United States for purported overcharges of any kind arising from their use of PACER during the Class Period. This release does not cover any claims based on PACER usage after May 31, 2018, nor any of the claims now pending in *Fisher v. United States*, No. 15-1575 (Fed. Cl.). But the amount of settlement funds disbursed to any Class Member in this case shall be deducted in full from any monetary recovery that the Class Member may receive in *Fisher*. The Administrative Office of the U.S. Courts ("Administrative Office") represents that, apart from *Fisher*, it is aware of no other pending PACER-fee lawsuit pertaining to claims based on PACER usage on or before May 31, 2018.

**Information**

14. Within 30 days of a final order approving the settlement, Class Counsel shall provide to the Administrative Office the PACER account numbers of Class Counsel and all individuals who have opted out of the Class. Within 90 days of a final order approving the settlement, the Administrative Office shall make available to the Administrator the records necessary to determine the total amount owed to each Class Member, and the last known address or other contact information of each Class Member contained in its records. Should the Administrative Office need more than 90 days to do so, it will notify the Administrator and Class Counsel and provide the necessary information as quickly as reasonably possible. The Administrator shall bear sole responsibility for making payments to Class Members, using funds drawn from the Settlement Trust, as provided below. In doing so, the Administrator will use the data that the Administrative Office

currently possesses for each Class Member, and the United States shall be free of any liability based on errors in this data (*e.g.*, inaccurate account information, incorrect addresses, etc.).

15. The PACER account information provided in accordance with the previous paragraph shall be provided pursuant to the terms of the Stipulated Protective Order issued in this lawsuit on April 3, 2017 (ECF No. 41) as modified to encompass such information and shall be subject to the terms of the Stipulated Protective Order. The parties agree to jointly request that the Court extend the Stipulated Protective Order to encompass such information prior to the 90-day period set forth in the previous paragraph.

### Disbursement of the Aggregate Amount

16. The Administrator shall establish a Settlement Trust, designated the "PACER Class Action Settlement Trust," to disburse the proceeds of the settlement. The administration and maintenance of the Settlement Trust, including responsibility for distributing the funds to Class Members using methods that are most likely to ensure that Class Members receive the payments, shall be the sole responsibility of the Administrator. Class Members will not be required to submit a claim form or make any attestation to receive their payments. The only obligation of the United States in connection with the disbursement of the Aggregate Amount will be: (i) to transfer the Aggregate Amount to the Administrator once the Court has issued a final order approving the settlement and the appeal period for that order has expired, and (ii) to provide the Administrator with the requisite account information for PACER users, as referenced in paragraph 14. The United States makes no warranties, representations, or guarantees concerning any disbursements that the Administrator makes from the Settlement Trust, or fails to make, to any Class Member. If any Class Member has any disagreement concerning any disbursement, the Class Member shall resolve any such concern with the Administrator.

17. The Settlement Trust is intended to be an interest-bearing Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. The Administrator shall be solely responsible for filing all informational and other tax returns as may be necessary. The Administrator shall also be responsible for causing payments to be made from the Settlement Trust for any taxes owed with respect to the funds held by the Settlement Trust. The Administrator shall timely make all such elections and take such other actions as are necessary or advisable to carry out this paragraph.

18. As approved by the Court, the Administrator shall disburse the proceeds of the settlement as follows: The Administrator shall retain from the Settlement Trust all notice and administration costs actually and reasonably incurred, which includes actual costs of publication, printing, and mailing the notice, as well as the administrative expenses actually incurred and fees reasonably charged by the Administrator in connection with providing notice and processing the submitted claims. The Administrator shall distribute any service awards approved by the Court to the named plaintiffs, and any attorney fees and costs approved by the Court to Class Counsel, as set forth in the "Fairness Hearing" portion of this agreement. After the amounts for attorney fees, expenses, service awards, and notice and administration costs have been paid from the Aggregate Amount, the remaining funds shall be distributed to the class ("Remaining Amount"). The Remaining Amount shall be no less than 80% of the Aggregate Amount, or $100,000,000.

19. *First Distribution.* The Administrator shall allocate the Remaining Amount among Class Members as follows: First, the Administrator shall allocate to each Class Member a minimum payment amount equal to the lesser of $350 or the total amount paid in PACER fees by that Class Member for use of PACER during the Class Period. Second, the Administrator shall add together each minimum payment amount for each Class Member, which will produce the Aggregate Minimum Payment Amount. Third, the Administrator shall then deduct the Aggregate Minimum Payment Amount from the Remaining Amount and allocate the remainder pro rata (based on the

amount of PACER fees paid in excess of $350 during the Class Period) to all Class Members who paid more than $350 in PACER fees during the Class Period.

20. Thus, under the formula for the initial allocation: (a) each Class Member who paid a total amount less than or equal to $350 in PACER fees for use of PACER during the Class Period would receive a payment equal to the total amount of PACER fees paid by that Class Member for PACER use during the Class Period; and (b) each Class Member who paid more than $350 in PACER fees for use of PACER during the Class Period would receive a payment of $350 plus their allocated pro-rata share of the total amount left over after the Aggregate Minimum Payment is deducted from the Remaining Amount.

21. The Administrator shall complete disbursement of each Class Member's individual share of the recovery, calculated in accordance with the formula set forth in the previous two paragraphs, within 90 days of receipt of the Aggregate amount, or within 21 days after receiving from the Administrative Office the information set forth in paragraph 14 above, whichever is later. The Administrator shall complete disbursement of the amounts for attorney fees and litigation expenses to Class Counsel, and service awards to the named plaintiffs, within 30 days of the receipt of the Aggregate Amount.

22. The Administrator shall keep an accounting of the disbursements made to Class Members, including the amounts, dates, and outcomes (*e.g.*, deposited, returned, or unknown) for each Class Member, and shall make all reasonable efforts, in coordination with Class Counsel, to contact Class Members who do not deposit their payments within 90 days of the payment being made to them.

23. ***Second Distribution.*** If, despite these efforts, unclaimed or undistributed funds remain in the Settlement Trust one year after the United States has made the payment set forth in paragraph 12, those funds ("the Remaining Amount After First Distribution") shall be distributed to

Class Members as follows. First, the only Class Members who will be eligible for a second distribution will be those who (1) paid a total amount of more than $350 in PACER fees for use of PACER during the Class Period, and (2) deposited or otherwise collected their payment from the first distribution, as confirmed by the Administrator. Second, the Administrator shall determine the number of Class Members who satisfy these two requirements and are therefore eligible for a second distribution. Third, the Administrator shall then distribute to each such Class Member an equal allocation of the Remaining Amount After First Distribution, subject to the caveat that no Class Member may receive a total recovery (combining the first and second distributions) that exceeds the total amount of PACER fees that the Class Member paid for use of PACER during the Class Period. The entire amount of the Remaining Amount After First Distribution will be allocated in the Second Distribution. To the extent a payment is made to a Class Member by the Administrator by check, any check that remains uncashed following one year after the United States has made the payment set forth in paragraph 12 shall be void, and the amounts represented by that uncashed check shall revert to the Settlement Trust for the Second Distribution. Prior to making the Second Distribution, the Administrator will notify in writing the Administrative Office's Office of General Counsel and the Administrative Office's Court Services Office at the following addresses that unclaimed or undistributed funds remain in the Settlement Trust.

    If to the Administrative Office's Court Services Office:

    Administrative Office of the U.S. Courts
    Thurgood Marshall Federal Judiciary Building
    Court Services Office
    One Columbus Circle, N.E., Ste. 4-500
    Washington, DC 20544

    If to the Administrative Office's Office of General Counsel:

    Administrative Office of the U.S. Courts
    Thurgood Marshall Federal Judiciary Building
    Office of General Counsel

       One Columbus Circle, N.E. Ste. 7-290
       Washington, DC 20544

24.     Class Members who are eligible to receive a second distribution shall have three months from the time of the distribution to deposit or otherwise collect their payments. If, after this three-month period expires, unclaimed or undistributed funds remain in the Settlement Trust, those funds shall revert unconditionally to the U.S. Department of the Treasury. Upon expiration of this three month period, the Administrator will notify in writing the Administrative Office's Office of General Counsel and the Administrative Office's Court Services Office at the addresses referenced in paragraph 23 of this reverter. Instructions to effectuate the reverter will be provided to the Administrator following receipt of such notice, and the Administrator agrees to promptly comply with those instructions. The three-month period will run for all Class Members eligible to receive a second distribution from the date the earliest distribution is made of a second distribution to any Class Member eligible for such a distribution. Upon request, the Administrator will notify the Administrative Office's Office of General Counsel and the Administrative Office's Court Services Office of the date the three-month period commenced. To the extent a payment in connection with the Second Distribution is made to a Class Member by the Administrator by check, any check that remains uncashed following this three-month period shall be void, and the amounts represented by that uncashed check shall revert to the Settlement Trust for reverter to the United States.

25.     The Class Representatives have agreed to a distribution structure that may result in a reverter to the U.S. Treasury for purposes of this settlement only.

26.     Neither the parties nor their counsel shall be liable for any act or omission of the Administrator or for any mis-payments, overpayments, or underpayments of the Settlement Trust by the Administrator.

**Fairness Hearing**

27. As soon as possible and in no event later than 60 days after the execution of this agreement, Class Counsel shall submit to the Court a motion for an Order Approving Settlement Notice to the Class under Rule 23(e). The motion shall include (a) a copy of this settlement agreement, (b) the proposed form of the order, (c) the proposed form of notice of the settlement to be mailed to Class Members and posted on an internet website dedicated to this settlement by the Administrator, and (d) the proposed form of notice to be mailed to Class Members who were not included in the original class definition certified by the Court on January 24, 2017, as discussed in paragraph 4, and posted on the same website, advising them of their right to opt out. The parties shall request that a decision on the motion be made promptly on the papers or that a hearing on the motion be held at the earliest date available to the Court.

28. Under Rule 54(d)(2), and subject to the provisions of Rule 23(h), Plaintiffs will apply to the Court for an award of attorney fees and reimbursement of litigation expenses, and for service awards for the three Class Representatives in amounts not to exceed $10,000 per representative. These awards shall be paid out of the Aggregate Amount. When combined, the total amount of attorney fees, service awards, and administrative costs shall not exceed 20% of the Aggregate Amount. With respect to the attorney fees and service awards, the Court will ultimately determine whether the amounts requested are reasonable. The United States reserves its right, upon submission of Class Counsel's applications, to advocate before the Court for the use of a lodestar cross-check in determining the fee award, and for a lower service award for the Class Representatives should Plaintiffs seek more than $1,000 per representative. Plaintiffs' motion for an award of attorney fees and litigation expenses shall be subject to the approval of the Court and notice of the motion shall be provided to Class Members informing them of the request and their right to object to the motion, as required by Rule 23(h).

29. Within 30 days of the Court's entry of the Order Approving Settlement Notice to the Class, the Administrator shall mail or cause to be mailed the Notice of Class Action Settlement by email or first-class mail to all Class Members. Contemporaneous with the mailing of the notice and continuing through the date of the Fairness Hearing, the Administrator shall also display on an internet website dedicated to the settlement the relevant case documents, including the settlement notice, settlement agreement, and order approving the notice. The Notice of Class Action Settlement shall include an explanation of the procedures for allocating and distributing funds paid pursuant to this settlement, the date upon which the Court will hold a "Fairness Hearing" under Rule 23(e), and the date by which Class Members must file their written objections, if any, to the settlement.

30. Any Class Member may express to the Court his or her views in support of, or in opposition to, the fairness, reasonableness, and adequacy of the proposed settlement. If a Class Member objects to the settlement, such objection will be considered only if received no later than the deadline to file objections established by the Court in the Order Approving Settlement Notice to the Class. The objection shall be filed with the Court, with copies provided to Class Counsel and counsel for the United States, and the objection must include a signed, sworn statement that (a) identifies the case number, (b) describes the basis for the objection, including citations to legal authority and evidence supporting the objection, (c) contains the objector's name, address, and telephone number, and if represented by counsel, the name, address, email address, and telephone number of counsel, and (d) indicates whether objector intends to appear at the Fairness Hearing.

31. Class Counsel and counsel for the United States may respond to any objection within 21 days after receipt of the objection.

32. Any Class Member who submits a timely objection to the proposed settlement may appear in person or through counsel at the Fairness Hearing and be heard to the extent allowed by the Court. Any Class Members who do not make and serve written objections in the manner

11

provided in paragraph 30 shall be deemed to have waived such objections and shall forever be foreclosed from making any objections (by appeal or otherwise) to the proposed settlement.

33. After the deadlines for filing objections and responses to objections have lapsed, the Court will hold the Fairness Hearing at which it will consider any timely and properly submitted objections made by Class Members to the proposed settlement. The Court will decide whether to approve the settlement and enter a judgment approving the settlement and dismissing this lawsuit in accordance with the settlement agreement. The parties shall request that the Court schedule the Fairness Hearing no later than 150 days after entry of the Court's Order Approving Settlement Notice to the Class.

34. If this settlement is not approved in its entirety, it shall be void and have no force or effect.

### Miscellaneous Terms

35. This agreement is for the purpose of settling Plaintiffs' claims in this action without the need for further litigation, and for no other purpose, and shall neither constitute nor be interpreted as an admission of liability on the part of the United States.

36. Each party fully participated in the drafting of this settlement agreement, and thus no clause shall be construed against any party for that reason in any subsequent dispute.

37. In the event that a party believes that the other party has failed to perform an obligation required by this settlement agreement or has violated the terms of the settlement agreement, the party who believes that such a failure has occurred must so notify the other party in writing and afford it 45 days to cure the breach before initiating any legal action to enforce the settlement agreement or any of its provisions.

38. The Court shall retain jurisdiction for the purpose of enforcing the terms of this settlement agreement.

39. Plaintiffs' counsel represent that they have been and are authorized to enter into this agreement on behalf of Plaintiffs and the class.

40. Undersigned defense counsel represents that he has been authorized to enter into this agreement by those within the Department of Justice with appropriate settlement authority to authorize the execution of this agreement.

41. This document constitutes a complete integration of the agreement between the parties and supersedes any and all prior oral or written representations, understandings, or agreements among or between them.

<REMAINDER OF PAGE LEFT BLANK; SIGNATURES PAGES TO FOLLOW>

AGREED TO ON BEHALF OF PLAINTIFFS:

_____
DEEPAK GUPTA (D.C. Bar No. 495451)
JONATHAN E. TAYLOR (D.C. Bar No. 1015713)
**GUPTA WESSLER PLLC**
2001 K Street, NW, Suite 850 N
Washington, DC 20006
Phone: (202) 888-1741 / Fax: (202) 888-7792
*deepak@guptawessler.com, jon@guptawessler.com*

WILLIAM H. NARWOLD (D.C. Bar No. 502352)
Meghan S.B. Oliver (D.C. Bar No. 493416)
Elizabeth Smith (D.C. Bar No. 994263)
**MOTLEY RICE LLC**
401 9th Street, NW, Suite 1001
Washington, DC 20004
(202) 232-5504
*bnarwold@motleyrice.com, moliver@motleyrice.com*

*Attorneys for Plaintiffs*

Date: 07/27/2022

14

AGREED TO FOR THE UNITED STATES:

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____  7-12-22
JEREMY S. SIMON, D.C. BAR #447956           Dated
Assistant United States Attorney
601 D. Street, NW
Washington, DC 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

Attorneys for the United States of America