# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL SERVICES
PROGRAM, NATIONAL CONSUMER
LAW CENTER, and ALLIANCE FOR
JUSTICE, for themselves and all others
similarly situated,

                 *Plaintiffs*,

    v.

UNITED STATES OF AMERICA,

                 *Defendant*.

Case No. 1:16-cv-00745-PLF

## PLAINTIFFS' PROPOSED NOTICE PLAN

Plaintiffs National Veterans Legal Services Program, National Consumer Law Center, and Alliance for Justice, on behalf of themselves and the Plaintiff Class, hereby submit the following Proposed Notice Plan in support of Plaintiffs' Motion for Preliminary Approval of Class Settlement.

## BACKGROUND

On April 17, 2017, this Court approved Plaintiffs' Unopposed Motion for Approval of Revised Plan of Class Notice and Class Notice Documents. ECF No. 44. Plaintiffs subsequently used PACER billing records to provide notice of this class action to all individuals and entities who paid PACER fees between April 21, 2010 and April 21, 2016 ("Initial Class Members"). On July 27, 2022, the parties entered into a Settlement Agreement. The parties agreed to extend the class period through May 31, 2018. Class Members who paid PACER fees for the first time between April 22, 2016 and May 31, 2018 ("Additional Class Members"), have not received notice or been provided an opportunity to opt out. Because of this, Plaintiffs' Proposed Notice Plan includes email

notice and postcard notice for both Initial Class Members and Additional Class Members, and a long-form website notice for both groups. The email and postcard notice documents are the same in all material respects with the only exception being the opt-out rights provided to the Additional Class Members.

With respect to identifying Class Members and creating a class mailing list, Federal Rule of Civil Procedure 23(c)(2)(B) provides that the Court must "direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts." Here, the Class Members can easily be identified through the PACER billing records. As it did before, Defendant will provide Plaintiffs a database including at least the names, postal addresses, email addresses, phone numbers, and PACER-assigned account number of all individuals who have paid PACER fees ("the PACER Fee Database") during the class period. Defendant will also provide the "Firm Name" for each of the account-holders.

Plaintiffs have retained KCC Class Action Services LLC ("KCC" or "Administrator") to serve as claims administrator. KCC has executed more than 7,000 notice programs in the United States and Canada, and has served as claims administrator for a wide variety of cases, including ones involving state governments and the federal government.

## PROPOSED PLAN

1.  To the extent they are not already produced, within fourteen days from the entry of an order approving this Plan, Defendant shall produce to Plaintiffs the names, postal addresses, email addresses, phone numbers, PACER-assigned account numbers, and firm name of all individuals or entities who have paid PACER fees during the class period ("Notice Data"). For purposes of this paragraph, "individuals and entities" is defined as all PACER users except the

following: (1) any user who, during the quarter billed, is on the master Department of Justice list for that billing quarter; (2) any user with an @uscourts.gov email address extension; or (3) any user whose PACER bill is sent to and whose email address extension is shared with a person or entity that received PACER bills for more than one account, provided that the shared email address extension is one of the following: @oig.hhs.gov, @sol.doi.gov, @state.gov, @bop.gov, @uspis.gov, @cbp.dhs.gov, @ussss.dhs.gov, @irscounsel.treas.gov, @dol.gov, @ci.irs.gov, @ice.dhs.gov, @ssa.gov, @psc.uscourts.gov, @sec.gov, @ic.fbi.gov, @irs.gov, and @usdoj.gov.[1]

2.   Within thirty days from the later of (a) entry of an order approving this plan, or (b) Plaintiffs' receipt of the Notice Data from Defendant, the Administrator shall cause the email notices to be disseminated, in substantially the same form as Exhibits 1 and 2 by sending them out via email to all Class Members. The Initial Class Members will be emailed Exhibit 1. The Additional Class Members will be emailed Exhibit 2. The email notices shall direct Class Members to a website maintained by the Administrator. The sender of the email shall appear to recipients as "PACER Fees Class Action Administrator," and the subject line of the email will be "PACER Fees – Notice of Class Action Settlement."

3.   Contemporaneous with the emailing of the notices and continuing through the date of the settlement hearing, the Administrator shall display on the internet website dedicated to this case, www.pacerfeesclassaction.com, the long-form notice in substantially the same form as Exhibit 5. The Administrator will continue to maintain the website and respond to inquiries by Class Members as necessary. The website will include the printable Exclusion Request form, the online

---

[1] For example, accounting@dol.gov at 200 Constitution Avenue, NW, Washington, DC 20210 receives bills for johndoe1@dol.gov, johndoe2@dol.gov, and janedoe1@dol.gov. None of those email addresses (accounting@dol.gov, johndoe1@dol.gov, johndoe2@dol.gov, and janedoe1@dol.gov) would receive notice.

Exclusion Request form, Plaintiffs' Class Action Complaint, Defendant's Answer, the Order on the Motion for Class Certification, the Memorandum Opinion on the Motion for Class Certification, the District Court's summary judgment opinion, the Federal Circuit's summary judgment opinion, the Settlement Agreement, the Court's order preliminarily approving the settlement, certifying the class, and approving Plaintiffs' notice plan and notice documents, and any other relevant documents. The website will also include the ability for Class Members to check the status of their refund check if the Court grants final approval of the settlement and update their mailing address.

4.   Within thirty days from the entry of an order approving this plan, the Administrator shall make available to Class Members telephone support to handle any inquiries from Class Members.

5.   Within forty-five days from the later of (a) the date of this order, or (b) Plaintiffs' receipt of the Notice Data from Defendant, the Administrator shall cause the postcard notices to be disseminated, in substantially the same form as Exhibits 3 and 4 by sending them out via U.S. mail to all Class Members: (1) without an email address; or (2) for whom email delivery was unsuccessful. The Initial Class Members will be mailed Exhibit 3. The Additional Class Members will be mailed Exhibit 4. The postcard notice will direct Class Members to the website maintained by the Administrator.

6.   Additional Class Members can ask to be excluded from the settlement by: (1) sending an Exclusion Request in the form of a letter; (2) completing and submitting the online Exclusion Request form; or (3) sending an Exclusion Request form by mail. Ninety days after the entry of this Order, the opt-out period for the Additional Class Members will expire.

7.    Class Members can object to the Settlement or the request for fees and expenses by submitting their comments or objections and any supporting papers to the United States District Court for the District of Columbia. Such comments or objections must be submitted at least thirty days prior to the settlement hearing.

8.    Pursuant to the Federal Rules of Civil Procedure, this Plan sets forth the best notice that is practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of due process and all other applicable laws.

Dated:  October 11, 2022

Respectfully submitted,

*/s/ Deepak Gupta*

Deepak Gupta
Jonathan E. Taylor
GUPTA WESSLER PLLC
2001 K Street, NW, Suite 850 North
Washington, DC 20006
(202) 888-1741
*deepak@guptawessler.com*
*jon@guptawessler.com*

William H. Narwold
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT  06103
(860) 882-1676
*bnarwold@motleyrice.com*

Meghan S.B. Oliver
Charlotte E. Loper
MOTLEY RICE LLC
28 Bridgeside Boulevard

Mount Pleasant, SC 29464
(843) 216-9000
*moliver@motleyrice.com*
*cloper@motleyrice.com*

*Counsel for Plaintiffs National Veterans Legal Services Program, National Consumer Law Center, Alliance for Justice, and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I electronically filed the foregoing document through this Court's CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Deepak Gupta*

# EXHIBIT 1

**If you paid fees to access federal court records on PACER at any time between April 21, 2010 and May 31, 2018, a proposed class action settlement may affect your rights.**

Nonprofit groups filed this lawsuit against the United States, claiming that the government has unlawfully charged PACER users more than necessary to cover the cost of providing public access to federal court records. The lawsuit, *National Veterans Legal Services Program, et al. v. United States*, Case No. 1:16-cv-00745-PLF, is pending in the U.S. District Court for the District of Columbia. This notice is to inform you that the parties have decided to settle the case for $125,000,000. This amount is referred to as the common fund. The settlement has been preliminarily approved by the Court.

**Why am I receiving this notice?** You are receiving this notice because you paid PACER fees between April 21, 2010 and May 31, 2018. This notice explains that the parties have entered into a proposed class action settlement that may affect you. You may have legal rights and options that you may exercise before the Court decides to grant final approval of the settlement.

**What is this lawsuit about?** The lawsuit alleges that federal courts have been charging unlawfully excessive PACER fees. It alleges that Congress has authorized the federal courts to charge PACER fees only to the extent necessary to cover the costs of providing public access to federal court records, and that the fees for use of PACER exceed its costs. The lawsuit further alleges that the excess PACER fees have been used to pay for projects unrelated to PACER. The government denies these claims and contends that the fees are lawful. The parties have agreed to settle.

**Who represents me?** The Court has appointed Gupta Wessler PLLC and Motley Rice LLC to represent the Class as Class Counsel. You do not have to pay Class Counsel or anyone else in order to participate. Class Counsel's fees and expenses will be deducted from the common settlement fund. You may hire your own attorney, if you wish, at your own expense.

**What are my options?**

　　**OPTION 1. Do nothing.** You do not have to do anything to receive money from the settlement. You will automatically receive a share of the common fund assuming the Court grants final approval of the settlement.

　　**OPTION 2. Object or go to a hearing.** You may object to any aspect of the proposed settlement. Your written objection must be postmarked by _____ and filed and mailed as set out in the *Notice of Proposed Class Action Settlement* referred to below. You also may request in writing to appear at the final hearing.

**How do I get more information?** This is only a summary of the proposed settlement. For a more detailed *Notice of Proposed Class Action Settlement*, additional information on the lawsuit and proposed settlement, and a copy of the settlement agreement, visit www.pacerfeesclassaction.com, call 1-000-000-0000, or write to: PACER Fees Class Action Administrator, P.O. Box 301134, Los Angeles, CA, 90030-1134.

# EXHIBIT 2

**If you paid fees to access federal court records on PACER at any time between April 21, 2010 and May 31, 2018, a proposed class action settlement may affect your rights.**

Nonprofit groups filed this lawsuit against the United States, claiming that the government has unlawfully charged users of PACER (the Public Access to Court Electronic Records system) more than necessary to cover the cost of providing public access to federal court records. The lawsuit, *National Veterans Legal Services Program, et al. v. United States*, Case No. 1:16-cv-00745-PLF, is pending in the U.S. District Court for the District of Columbia. This notice is to inform you that the parties have decided to settle the case for $125,000,000. This amount is referred to as the common fund. The settlement has been preliminarily approved by the Court.

**Why am I receiving this notice?** You are receiving this notice because you first paid PACER fees between April 22, 2016 and May 31, 2018. This notice explains that the parties have entered into a proposed class action settlement that may affect you. You may have legal rights and options that you may exercise before the Court decides to grant final approval to the settlement.

**What is this lawsuit about?** The lawsuit alleges that federal courts have been charging unlawfully excessive PACER fees. It alleges that Congress has authorized the federal courts to charge PACER fees only to the extent necessary to cover the costs of providing public access to federal court records, and that the fees for use of PACER exceed its costs. The lawsuit further alleges that the excess PACER fees have been used to pay for projects unrelated to PACER. The government denies these claims and contends that the fees are lawful. The parties have agreed to settle.

**Who represents me?** The Court has appointed Gupta Wessler PLLC and Motley Rice LLC to represent the Class as Class Counsel. You do not have to pay Class Counsel or anyone else to participate. Class Counsel's fees and expenses will be deducted from the common fund. You may hire your own attorney, if you wish, at your own expense.

**What are my options?**

OPTION 1. **Do nothing. Stay in the settlement.** By doing nothing, you remain part of this class action settlement. You will be legally bound by all orders and judgments of this Court, and will automatically receive a share of the common fund assuming the Court grants final approval of the settlement. You do not have to do anything further to receive your share. By doing nothing you give up any rights to sue the United States government separately about the same claims in this lawsuit.

OPTION 2. **Exclude yourself from the settlement.** Alternatively, you have the right to not be part of this settlement by excluding yourself or "opting out" of the settlement and Class. If you exclude yourself, you cannot get any money from the settlement, but you will keep your right to separately sue the United States government over the legal issues in this case. If you do not wish to stay in the Class, you must request exclusion in one of the following ways:

1. Send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *National Veterans Legal Services Program, et al.*, Case No. 1:16-cv-00745-PLF. Be sure to include your name, address, telephone number, email address, and signature. You must mail your Exclusion Request, **postmarked by _____** to: PACER Fees Class Action Administrator, P.O. Box 301134, Los Angeles, CA 90030-1134.

2. Complete and submit online the Exclusion Request form found here by _____**.**

3. Send an "Exclusion Request" Form, available here, by mail. You must mail your Exclusion Request form, **postmarked by _____** to: PACER Fees Class Action Administrator, P.O. Box 301134, Los Angeles, CA 90030-1134.

If you choose to exclude yourself from the lawsuit, you should talk to a lawyer soon because your claims may be subject to a statute of limitations which sets a deadline for filing the lawsuit within a certain period of time.

OPTION 3. **Stay in the Class and object or go to a hearing.** If you do not opt out of the settlement, you may object to any aspect of the proposed settlement. Your written objection must be **postmarked by _____** and filed and mailed as set out in the *Notice of Proposed Class Action Settlement* referred to below. You also may request in writing to appear at the final hearing.

**How do I get more information?** This is only a summary of the proposed settlement. For a more detailed *Notice of Proposed Class Action Settlement*, additional information on the lawsuit and proposed settlement, and a copy of the settlement agreement, visit www.pacerfeesclassaction.com, call 1-000-000-0000, or write to: PACER Fees Class Action Administrator, P.O. Box 301134, Los Angeles, CA 90030-1134.

# EXHIBIT 3

**To All PACER Users Who Paid Fees to Access Federal Court Records Between April 21, 2010 and May 31, 2018**

Class Action Administrator
P.O. Box 301134
Los Angeles, CA 90030-1134

First-Class
Mail
US Postage
Paid
Permit #___

**Your Rights Might Be Affected By a Proposed Class Action Settlement**

\*100000001\*

Postal Service: Please do not mark barcode

The back of this card provides a summary of the action.

TDA—100000001    1

First1 Last1
c/o
Addr2
Addr1
City, ST  Zip «Country»

---

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*National Veterans Legal Services Program, et al. v. United States*, 1:16-cv-00745-PLF

Nonprofit groups filed a class action lawsuit against the United States claiming that the government has unlawfully charged PACER users more than necessary to cover the costs of providing public access to federal court records through PACER. This notice is to inform you that the parties have decided to settle the case for $125,000,000. This amount is referred to as the common fund. The settlement has been preliminarily approved by the Court.

**Why am I receiving this notice?** You are receiving this notice because you paid PACER fees between April 21, 2010 and May 31, 2018. This notice explains that the parties have entered into a proposed class action settlement that may affect you. You may have legal rights and options that you may exercise before the Court decides to grant final approval to the settlement.

**What is this lawsuit about?** The lawsuit alleges that federal courts have been charging unlawfully excessive PACER fees. It alleges that Congress has authorized the federal courts to charge PACER fees only to the extent necessary to cover the costs of providing public access to federal court records, and that the fees for use of PACER exceed its costs. The lawsuit further alleges that the excess PACER fees have been used to pay for projects unrelated to PACER. The government denies these claims and contends that the fees are lawful. The parties have agreed to settle.

**Who represents me?** The Court has appointed Gupta Wessler PLLC and Motley Rice LLC as Class Counsel. You may hire your own attorney, if you wish, at your own expense.

**What are my options?** You do not have to do anything to receive a share of the common fund. You will automatically receive a share of the common fund assuming the Court grants final approval of the settlement. You may object to any aspect of the proposed settlement. You must object by ___. If you object, you may also request to appear at the final hearing.

**For more information: 1-___-___-____ or www.pacerfeesclassaction.com**

By Order of the U.S. District Court, Dated: _____    _____

# EXHIBIT 4

**To All PACER Users Who Paid Fees to Access Federal Court Records Between April 22, 2016 and May 31, 2018**

**Your Rights Might Be Affected By a Proposed Class Action Settlement**

The back of this card provides a summary of the action.

Class Action Administrator
P.O. Box 301134
Los Angeles, CA 90030-1134

First-Class
Mail
US Postage
Paid
Permit #__

*100000001*

Postal Service: Please do not mark barcode

TDA—100000001    1

First1 Last1
c/o
Addr2
Addr1
City, ST  Zip «Country»

---

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*National Veterans Legal Services Program, et al. v. United States*, **1:16-cv-00745-PLF**

Nonprofit groups filed a class action lawsuit against the United States claiming that the government has unlawfully charged PACER users more than necessary to cover the costs of providing public access to federal court records through PACER. This notice is to inform you that the parties have decided to settle the case for $125,000,000. This amount is referred to as the common fund. The settlement has been preliminarily approved by the Court.

**Am I included?** You are included in the Settlement Class if you paid PACER fees between April 21, 2010 and May 31, 2018.

**Why am I receiving this notice?** You are receiving this notice because you paid PACER fees for the first time between April 22, 2016 and May 31, 2018. This notice explains that the parties have entered into a proposed class action settlement that may affect you. You may have legal rights and options that you may exercise before the Court decides to grant final approval to the settlement.

**What is this case about?** The lawsuit alleges that federal courts have been charging unlawfully excessive PACER fees. It alleges that Congress has authorized the federal courts to charge PACER fees only to the extent necessary to cover the costs of providing public access to federal court records, and that the fees for use of PACER exceed its costs. The lawsuit further alleges that the excess PACER fees have been used to pay for projects unrelated to PACER. The government denies these claims and contends that the fees are lawful. The parties have agreed to settle.

**Who represents me?** The Court has appointed Gupta Wessler PLLC and Motley Rice LLC as Class Counsel. You may hire your own attorney, if you wish, at your own expense.

**What are my options?** You do not have to do anything to receive a share of the common fund. You will receive a share of the common fund assuming the Court grants final approval of the settlement. By participating in the settlement, you will be legally bound by all orders and judgments of the Court, and you will give up any rights to sue the United States separately about the same claims in this lawsuit. *If you do not want to be part of the settlement and the Class,* you must ask to be excluded by _____. If you ask to be excluded, you will not be able to get any money from this lawsuit. You will not be bound by any of the Court's decisions and you will keep your right to sue the United States separately about the claims in this lawsuit. If you do not ask to be excluded, you may object to any aspect of the proposed settlement. You must object by _____. You may also request to appear at the final hearing.

**For more information: 1-___-___-____ or www.pacerfeesclassaction.com**

By Order of the U.S. District Court, Dated: _____    _____

# EXHIBIT 5

## <u>United States District Court for the District of Columbia</u>

**If you paid fees to access federal court records on PACER at any time between April 21, 2010 and May 31, 2018, a proposed class action settlement may affect your rights.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Nonprofit groups have sued the United States government alleging that the United States government has unlawfully charged users of the Public Access to Court Electronic Records ("PACER") system more than necessary to cover the costs of providing public access to federal court records.

- The Court has allowed the lawsuit to be a class action on behalf of all persons or entities that paid PACER fees between April 21, 2010 and May 31, 2018, excluding class counsel in this case, federal agencies, and persons or entities who have opted out.

- The parties have decided to settle the case for $125,000,000.

- If you are a member of the Settlement Class, your legal rights are affected whether or not you act. Read this notice carefully.

**If you paid PACER fees between April 21, 2010 and April 21, 2016, you were previously provided an opportunity to exclude yourself. You have two options now:**

| LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT IF YOU PAID PACER FEES BETWEEN APRIL 21, 2010 AND APRIL 21, 2016 | |
|---|---|
| **DO NOTHING** | You do not have to do anything to receive money from the settlement. You will automatically receive a share of the settlement, assuming the Court grants final approval of the settlement. |
| **OBJECT** | You may object to any aspect of the proposed settlement. Your written objection must be submitted by ____, and contain the information set out in Question 12. If you object, you may also request in writing to appear at the Fairness Hearing. Further detail is provided in Questions 12-14. |

- Your options are further explained in this notice.

**If you first paid PACER fees between April 22, 2016 and May 31, 2018, you have three options:**

| LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT IF YOU PAID PACER FEES FOR THE FIRST TIME BETWEEN APRIL 22, 2016 AND MAY 31, 2018 | |
|---|---|
| **DO NOTHING** | By doing nothing you remain part of the class action settlement and will automatically receive a share of the common fund assuming the Court grants final approval of the settlement. By doing nothing you give up any rights to sue the United States separately about the same claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | You have the right to not be part of this settlement by excluding yourself or "opting out" of the settlement and the Class. If you exclude yourself, you cannot get any money from the settlement, but you will keep your right to separately sue the United States over the legal issues in this case. You must ask to be excluded by ____ |
| **OBJECT** | If you do not opt out of the settlement, you may object to any aspect of the settlement. Your written objection must be submitted by ____, and contain the information set out in Question 12. If you object, you may also request in writing to appear at the Fairness Hearing. Further detail is provided in Questions 12-14. |

- Your options are further explained in this notice.

**Any questions? Read on or call ___**

## WHAT DOES THIS NOTICE CONTAIN?

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Page 3**
    1.  Why did I receive this notice?
    2.  What is this lawsuit about?
    3.  Why did the parties decide to settle?
    4.  Why is it called a proposed class action settlement?

**WHO IS IN THE CLASS ACTION SETTLEMENT?** . . . . . . . . . . . . . . **Pages 3, 4**
    5.  How do I know if I am part of the class action settlement?
    6.  What if I am not sure whether I am a Settlement Class Member?

**THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Page 4**
    7.  How will the settlement money be divided?
    8.  What if there are unclaimed or undistributed funds?

**HOW TO GET MONEY FROM THE SETTLEMENT** . . . . . . . . . . . . . **Pages 4, 5**
    9.  Do I have to do anything to get money from the settlement?
    10. When will I get my check?
    11. Where will my check be sent?

**OBJECTING TO THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . **Page 5**
    12. How do I tell the Court if I do not like the settlement?

**THE COURT'S FAIRNESS HEARING** . . . . . . . . . . . . . . . . . . . . . . . . . . **Page 6**
    13. When and where will the Court decide whether to approve the settlement?
    14. Do I have to come to the hearing?

**THE LAWYERS REPRESENTING THE CLASS** . . . . . . . . . . . . . . . . . **Page 6**
    15. Do Settlement Class Members have a lawyer in this case?
    16. If I am a Settlement Class Member, should I get my own lawyer?
    17. How will the lawyers be paid?

**GETTING MORE INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Page 6**
    18. Are more details available?

# BASIC INFORMATION

### 1. Why did I receive this notice?

According to the records of the Administrative Office of the United States Courts, which runs PACER, you paid PACER fees between April 21, 2010 and May 31, 2018, inclusive. This notice explains that the parties have entered into a proposed class action settlement that may affect you. You may have legal rights and options that you may exercise before the Court decides to grant final approval of the settlement. Judge Paul Friedman of the United States District Court for the District of Columbia is overseeing this class action. The lawsuit is known as *National Veterans Legal Services Program, et al. v. United States*, Civil Action No. 1:16-cv-00745-PLF.

### 2. What is this lawsuit about?

This lawsuit alleges that the government has unlawfully charged users of Public Access to Court Electronic Record ("PACER") system more than necessary to cover the costs of providing public access to federal court records.

In the lawsuit, the Plaintiffs say that Congress authorized the Administrative Office of the U.S. Courts to charge PACER fees only to the extent necessary to cover the costs of providing the service, but that the federal courts are charging more than that.  You can read the Plaintiffs' Class Action Complaint and the Defendant's Answer here.

### 3. Why did the parties decide to settle?

The parties have agreed to settle to avoid the cost and risk of litigation. The parties have engaged in extensive, arm's-length negotiations with the assistance of a mediator. After carefully considering the facts and applicable law and the risks, costs, delay, inconvenience, and uncertainty of continued and protracted litigation, Class Counsel have concluded that it is in the best interest of the Class to compromise and settle the lawsuit. Class Counsel have also determined that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Settlement Class Members. This settlement does not impact any claims based on PACER usage after May 31, 2018, or any of the claims now pending in *Fisher v. United States*, No. 15-1575 (Fed. Cl.). You can read the Settlement Agreement here.

### 4. Why is it called a proposed class action settlement?

It is called a proposed class action settlement because it cannot become final until it is approved by the Court. Proposed class action settlements typically are reviewed by a court twice: once for preliminary approval and once for final approval. Here, the Court has given the proposed settlement preliminary approval, and has conditionally certified a Settlement Class. However, the Court cannot decide whether to finally approve the proposed settlement until the final Fairness Hearing (described below in response to Questions 13 and 14).

# WHO IS IN THE CLASS ACTION SETTLEMENT?

### 5. How do I know if I am part of the class action settlement?

To see if you will be affected by the proposed class action settlement or if you can receive money from it, you first have to determine if you are a Settlement Class Member.

The Settlement Class means all persons or entities who paid PACER Fees between April 21, 2010 and May 31, 2018, excluding class counsel in this case, federal government agencies, and persons and entities who have opted out.

**6. What if I am not sure whether I am a Settlement Class Member?**

If you are still not sure whether you are included, you can call or write to the claims administrator in this case, at the phone number or address listed in Question 18.

# THE SETTLEMENT

**7. How will the settlement money be divided?**

The United States has agreed to pay $125,000,000 to settle the lawsuit. This is referred to as the common fund. All attorneys' fees, expenses, incentive awards, and claims-administration costs will be deducted from the common fund. Combined, this amount will be no more than 20% of the common fund. The remaining amount will be distributed to the Class as follows:

Each Class Member will receive a minimum payment amount equal to the lesser of $350 or the total amount paid in PACER fees by that Class Member for use of PACER during the Class Period (April 21, 2010 through and including May 31, 2018). The remainder will be allocated pro rata (based on the amount of PACER fees paid in excess of $350 during the Class Period) to all Class Members who paid more than $350 in PACER fees during the Class Period.

**8. What if there are unclaimed or undistributed funds?**

If, despite the claims administrator's best efforts, there are unclaimed or undistributed funds, there will be a second distribution. The only Class Members who are eligible for a second distribution are those who: (1) paid a total amount of more than $350 in PACER fees for use of PACER during the Class Period; and (2) deposited or otherwise collected their payment from the first distribution. The Administrator shall determine how many Class Members meet this requirement, and then distribute to each Class Member an equal allocation of the unclaimed or undistributed funds. No Class Member may receive a total recovery (combining the first and second distributions) that exceeds the total amount of PACER fees that the Class Member paid for use of PACER during the Class Period.

If, after the second distribution, there are still unclaimed or undistributed funds, these funds shall revert unconditionally to the U.S. Department of the Treasury.

# HOW TO GET MONEY FROM THE SETTLEMENT

**9. Do I have to do anything to get money from the settlement?**

No. You do not have to do anything to get money from the settlement. You will receive a check with your share of the common fund, assuming the Court grants final approval of the settlement.

**10. When will I get my check?**

If the Court grants final approval of the settlement, you will receive a check approximately _____ weeks from the date of approval.

**11. Where will my check be sent?**

If the Court grants final approval of the settlement, your check will be sent to the address that was provided to Class Counsel by the Administrative Office of the United States Courts. If you need to update your address, please click here.

# OBJECTING TO THE SETTLEMENT

**12. How do I tell the Court if I do not like the settlement?**

You can object to any part of the settlement. All objections must be in writing and include a signed, sworn statement that:

(a) identifies the case number;

(b) describes the basis for the objection, including citations to legal authority and evidence supporting the objection;

(c) contains the objector's name, address, and telephone number and, if represented by counsel, the name, address, email address, and telephone number of counsel; and

(d) indicates whether the objector intends to appear at the Fairness Hearing.

The objection must be sent by first-class mail to the Court at the following address:

> The Honorable Paul L. Friedman
> United States District Court for the District of Columbia
> 333 Constitution Avenue, NW Washington, D.C. 20001

You should write on the first page of the letter, in large or underlined letters: "Civil Action No. 16-745-PLF: Objection to Proposed Settlement in National Veterans Legal Services Program, et al. v. United States of America."

Copies of the objections must also be mailed at the same time by first class mail to:

Gupta Wessler PLLC
2001 K Street, NW, Suite 850 North
Washington, D.C. 20006

Jeremy Simon
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530

All objections must be submitted at least thirty days prior to the Fairness Hearing or by _____.

Any Class Members who do not make and serve written objections in the manner provided shall be deemed to have waived such objections and shall forever be foreclosed from making any objections (by appeal or otherwise) to the settlement.

# THE COURT'S FAIRNESS HEARING

**13. When and where will the Court decide whether to approve the settlement?**

On _____, the Court will hold a public Fairness Hearing to determine whether the settlement is fair, adequate, and reasonable and should be finally approved, with judgment entered accordingly. The Court will also consider the application for an award of attorneys' fees and expense reimbursement. The location and format of this hearing has yet to be determined, and this hearing may be continued or rescheduled by the Court without further notice to the Settlement Class Members so you should check the website for updates. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlement. It is unknown how long this decision will take.

**14. Do I have to come to the hearing?**

No, Class Counsel will answer any questions from the Court. But, any Class Member who submits a timely objection to the proposed settlement may appear in person or through counsel at the Fairness Hearing and be heard to the extent allowed by the Court.

# THE LAWYERS REPRESENTING THE CLASS

**15.  Do Settlement Class Members have a lawyer in this case?**

Yes, the Court decided that the law firms of Gupta Wessler PLLC of Washington, D.C. and Motley Rice LLC of Mount Pleasant, South Carolina are qualified to represent all Class Members. These law firms are called Class Counsel. They are experienced in handling other class actions. More information about Gupta Wessler and Motley Rice, their practices, and their lawyers' experience is available at www.guptawessler.com and www.motleyrice.com.

**16.  If I am a Settlement Class Member, should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel are working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**17. How will the lawyers be paid?**

Class Counsel will ask the Court for fees and expenses. If the Court grants Class Counsel's request, Class Counsel's fees and expenses will be deducted from the common fund. By participating in the Class, you agree to pay Class Counsel up to 20% of the total recovery in attorney's fees and expenses with the total amount to be determined by the Court.

# GETTING MORE INFORMATION

**18. Are more details available?**

Here you will find the documents filed in this case including the Court's Order Certifying the Class, Plaintiffs' Complaint, Defendant's Answer to the Complaint, a copy of the Settlement Agreement, and the Court's order preliminarily approving the settlement. You may also obtain more information by calling 1-000-000-0000, or by writing to: PACER Fees Class Action Administrator, P.O. Box 301134, Los Angeles, CA 90030-1134.  You may speak to one of the lawyers by calling 1-800-000-0000.