UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et al., )<br><br>Plaintiffs, )<br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Civ. A. No. 16-0745 (PLF) |

### DEFENDANT'S RESPONSE TO MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Defendant United States of America files this response to Plaintiffs' Motion for Preliminary Approval of Class Settlement to advise the Court that the United States supports the granting of the motion.

The United States has previously set forth in filings before this Court its position as to why it maintained that it was lawful to utilize PACER fee revenue on certain initiatives related to public access that ultimately were found by this Court to fall outside the scope of the statutory authorization for use of such revenues (those initiatives continue but are now funded through appropriated funds). The United States refers the Court to those filings, and the rulings of this Court and that of the Federal Circuit, for the relevant background to this settlement.

In light of that background, the uncertainty that continued litigation presents to all parties, and the extensive negotiations that have led to the settlement, the United States agrees with Plaintiffs that the settlement is fair, reasonable and adequate. As observed in Plaintiffs' motion, moreover, the settlement is structured to be consistent with the longstanding efforts of the Administrative Office of the U.S. Courts (the "Administrative Office") to promote access to court electronic records by

members of the public and to reduce the financial burden on individual users. (Mot. at 20) In that regard, the United States further notes that PACER fees have not been increased since 2011 and, in January 2020, the Judicial Conference doubled the fee waiver from $15 to $30 per user each quarter.

The United States offers the following points of clarification with respect to the terms of the proposed order accompanying Plaintiffs' motion.[1] First, the proposed order requires objections by "Class Members" to any request for fees and expenses to be filed no later than 30 days prior to the settlement hearing. (Proposed Order ¶ 18) The United States requests that that paragraph be clarified to specify that any response by the United States to the request for fees and expenses, as reserved in paragraph 28 of the Settlement Agreement, would be subject to the same filing deadline.

Second, regarding the production of the "Notice Data" specified in paragraph 12 of the proposed order, the existing Protective Order (ECF No. 41) will need to be modified to encompass the extended class period before the Administrative Office can provide that information to Plaintiffs' counsel. Undersigned counsel for Defendant will work with Plaintiffs' counsel to submit a proposed modification to the existing Protective Order in advance of the period for production of the "Notice Data" set forth in paragraph 12 of the proposed order. The Administrative Office, moreover, will utilize the same efforts as previously used when similar data was provided in connection with the prior Order Approving Plan of Class Notice (ECF No. 44) to exclude from that data the three categories of users identified in paragraph 12 of the proposed order, but, under the Settlement Agreement, the Claims Administrator bears the responsibility to determine the PACER users

---

[1] Defendant notes that the notification provision in the Class Action Fairness Act, 28 U.S.C. § 1715(b), does not apply in class actions in which the United States is the named Defendant. *See* 28 U.S.C. § 1715(f) ("Nothing in this section shall be construed to expand the authority of, or impose any obligations, duties, or responsibilities upon, Federal or State officials.")

identified in that data to be provided notice and the "United States shall be free of any liability based on errors in this data."  (Settlement Agreement ¶ 14)

        Respectfully submitted,

        MATTHEW M. GRAVES, D.C. BAR #481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division

        By: _____/s/_____
        JEREMY S. SIMON, D.C. BAR #447956
        Assistant United States Attorney
        601 D. Street, N.W.
        Washington, D.C. 20530
        (202) 252-2528
        Jeremy.simon@usdoj.gov

        Counsel for the United States of America