# EXHIBIT 5

<u>United States District Court for the District of Columbia</u>

**If you paid fees to access federal court records on PACER at any time between April 21, 2010 and May 31, 2018, a proposed class action settlement may affect your rights.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Nonprofit groups have sued the United States government alleging that the United States government has unlawfully charged users of the Public Access to Court Electronic Records ("PACER") system more than necessary to cover the costs of providing public access to federal court records.

- The Court has allowed the lawsuit to be a class action on behalf of all persons or entities that paid PACER fees between April 21, 2010 and May 31, 2018, excluding class counsel in this case, federal agencies, and persons or entities who have opted out.

- The parties have decided to settle the case for $125,000,000.

- If you are a member of the Settlement Class, your legal rights are affected whether or not you act. Read this notice carefully.

**If you paid PACER fees between April 21, 2010 and April 21, 2016, you were previously provided an opportunity to exclude yourself. You have two options now:**

| LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT IF YOU PAID PACER FEES BETWEEN APRIL 21, 2010 AND APRIL 21, 2016 | |
|---|---|
| **DO NOTHING** | You do not have to do anything to receive money from the settlement. You will automatically receive a share of the settlement, assuming the Court grants final approval of the settlement. |
| **OBJECT** | You may object to any aspect of the proposed settlement. Your written objection must be submitted by [date], and contain the information set out in Question 12. If you object, you may also request in writing to appear at the Fairness Hearing. Further detail is provided in Questions 12-14. |

- Your options are further explained in this notice.

**If you first paid PACER fees between April 22, 2016 and May 31, 2018, you have three options:**

| LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT IF YOU PAID PACER FEES FOR THE FIRST TIME BETWEEN APRIL 22, 2016 AND MAY 31, 2018 | |
|---|---|
| **DO NOTHING** | By doing nothing you remain part of the class action settlement and will automatically receive a share of the common fund assuming the Court grants final approval of the settlement. By doing nothing you give up any rights to sue the United States separately about the same claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | You have the right to not be part of this settlement by excluding yourself or "opting out" of the settlement and the Class. If you exclude yourself, you cannot get any money from the settlement, but you will keep your right to separately sue the United States over the legal issues in this case. You must ask to be excluded by [date]. |
| **OBJECT** | If you do not opt out of the settlement, you may object to any aspect of the settlement. Your written objection must be submitted by [date], and contain the information set out in Question 12. If you object, you may also request in writing to appear at the Fairness Hearing. Further detail is provided in Questions 12-14. |

- Your options are further explained in this notice.

**Any questions? Read on or call [number]**

| WHAT DOES THIS NOTICE CONTAIN? |
|---|

**BASIC INFORMATION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Page 3**
  1. Why did I receive this notice?
  2. What is this lawsuit about?
  3. Why did the parties decide to settle?
  4. Why is it called a proposed class action settlement?

**WHO IS IN THE CLASS ACTION SETTLEMENT?.** . . . . . . . . . . . . . . . **Pages 3, 4**
  5. How do I know if I am part of the class action settlement?
  6. What if I am not sure whether I am a Settlement Class Member?

**THE SETTLEMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Page 4**
  7. How will the settlement money be divided?
  8. What if there are unclaimed or undistributed funds?

**HOW TO GET MONEY FROM THE SETTLEMENT.** . . . . . . . . . . . . . . **Pages 4, 5**
  9. Do I have to do anything to get money from the settlement?
  10. When will I get my check?
  11. Where will my check be sent?

**OBJECTING TO THE SETTLEMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . .**Page 5**
  12. How do I tell the Court if I do not like the settlement?

**THE COURT'S FAIRNESS HEARING.** . . . . . . . . . . . . . . . . . . . . . . . . . .**Page 6**
  13. When and where will the Court decide whether to approve the settlement?
  14. Do I have to come to the hearing?

**THE LAWYERS REPRESENTING THE CLASS.** . . . . . . . . . . . . . . . . . . **Page 6**
  15. Do Settlement Class Members have a lawyer in this case?
  16. If I am a Settlement Class Member, should I get my own lawyer?
  17. How will the lawyers be paid?

**GETTING MORE INFORMATION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Page 6**
  18. Are more details available?

# BASIC INFORMATION

### 1. Why did I receive this notice?

According to the records of the Administrative Office of the United States Courts, which runs PACER, PACER fees were paid for your PACER account between April 21, 2010 and May 31, 2018, inclusive. This notice explains that the parties have entered into a proposed class action settlement that may affect you. You may have legal rights and options that you may exercise before the Court decides to grant final approval of the settlement. Judge Paul Friedman of the United States District Court for the District of Columbia is overseeing this class action. The lawsuit is known as *National Veterans Legal Services Program, et al. v. United States*, Civil Action No. 1:16-cv-00745-PLF.

### 2. What is this lawsuit about?

This lawsuit alleges that the government has unlawfully charged users of Public Access to Court Electronic Record ("PACER") system more than necessary to cover the costs of providing public access to federal court records.

In the lawsuit, the Plaintiffs say that Congress authorized the Administrative Office of the U.S. Courts to charge PACER fees only to the extent necessary to cover the costs of providing the service, but that the federal courts are charging more than that.  You can read the Plaintiffs' Class Action Complaint and the Defendant's Answer [here].

### 3. Why did the parties decide to settle?

The parties have agreed to settle to avoid the cost and risk of litigation. The parties have engaged in extensive, arm's-length negotiations with the assistance of a mediator. After carefully considering the facts and applicable law and the risks, costs, delay, inconvenience, and uncertainty of continued and protracted litigation, Class Counsel have concluded that it is in the best interest of the Class to compromise and settle the lawsuit. Class Counsel have also determined that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Settlement Class Members. This settlement does not impact any claims based on PACER usage after May 31, 2018, or any of the claims now pending in *Fisher v. United States*, No. 15-1575 (Fed. Cl.). You can read the Settlement Agreement [here].

### 4. Why is it called a proposed class action settlement?

It is called a proposed class action settlement because it cannot become final until it is approved by the Court. Proposed class action settlements typically are reviewed by a court twice: once for preliminary approval and once for final approval. Here, the Court has given the proposed settlement preliminary approval, and has conditionally certified a Settlement Class. However, the Court cannot decide whether to finally approve the proposed settlement until the final Fairness Hearing (described below in response to Questions 13 and 14).

# WHO IS IN THE CLASS ACTION SETTLEMENT?

### 5. How do I know if I am part of the class action settlement?

To see if you will be affected by the proposed class action settlement or if you can receive money from it, you first have to determine if you are a Settlement Class Member.

The Settlement Class means all persons or entities who paid PACER Fees between April 21, 2010 and May 31, 2018, excluding class counsel in this case, federal government agencies, and persons and entities who have opted out. If an entity paid your PACER fees on your behalf, that entity is a member of the class. No later than [insert date for 60 days after dissemination of email notice] you should notify the claims administrator and designate the proper payer to receive the settlement payment [here]. If you accept payment of any settlement proceeds, you are verifying that you paid the PACER fees and are the proper recipient of the settlement funds.

If you directly paid PACER fees on someone else's behalf (e.g., as an employer on behalf of an employee), you may be a Class Member, and may notify the claims administrator that you paid PACER fees on someone else's behalf [here]. That notification must be made no later than [insert date for 60 days after dissemination of email notice].

### 6. What if I am not sure whether I am a Settlement Class Member?

If you are still not sure whether you are included, you can call or write to the claims administrator in this case, at the phone number or address listed in Question 18.

## THE SETTLEMENT

### 7. How will the settlement money be divided?

The United States has agreed to pay $125,000,000 to settle the lawsuit. This is referred to as the common fund. All attorneys' fees, expenses, incentive awards, and claims-administration costs will be deducted from the common fund. Combined, this amount will be no more than 20% of the common fund. The remaining amount will be distributed to the Class as follows:

Each Class Member (i.e., payer of PACER fees) will receive a minimum payment amount equal to the lesser of $350 or the total amount paid in PACER fees by that Class Member for use of PACER during the Class Period (April 21, 2010 through and including May 31, 2018). The remainder will be allocated pro rata (based on the amount of PACER fees paid in excess of $350 during the Class Period) to all Class Members who paid more than $350 in PACER fees during the Class Period.

### 8. What if there are unclaimed or undistributed funds?

If, despite the claims administrator's best efforts, there are unclaimed or undistributed funds, there will be a second distribution. The only Class Members who are eligible for a second distribution are those who: (1) paid a total amount of more than $350 in PACER fees for use of PACER during the Class Period; and (2) deposited or otherwise collected their payment from the first distribution. The administrator shall determine how many Class Members meet this requirement, and then distribute to each Class Member an equal allocation of the unclaimed or undistributed funds. No Class Member may receive a total recovery (combining the first and second distributions) that exceeds the total amount of PACER fees that the Class Member paid for use of PACER during the Class Period.

If, after the second distribution, there are still unclaimed or undistributed funds, these funds shall revert unconditionally to the U.S. Department of the Treasury.

## HOW TO GET MONEY FROM THE SETTLEMENT

**9. Do I have to do anything to get money from the settlement?**

No. You do not have to do anything to get money from the settlement. You will receive a check with your share of the common fund, assuming the Court grants final approval of the settlement.

Refund forms for settlement payments submitted to the PACER Service Center will not be processed. All settlement payments will be processed by the claims administrator.

**10. When will I get my check?**

If the Court grants final approval of the settlement, you will receive a check after final approval, but not sooner than 180 days after receipt of the settlement funds or information necessary to distribute payment.

**11. Where will my check be sent?**

If the Court grants final approval of the settlement, your check will be sent to the address that was provided to Class Counsel by the Administrative Office of the United States Courts. If you need to update your address, please click [here].

## OBJECTING TO THE SETTLEMENT

**12. How do I tell the Court if I do not like the settlement?**

You can object to any part of the settlement. All objections must be in writing and include a signed, sworn statement that:

(a) identifies the case number;

(b) describes the basis for the objection, including citations to legal authority and evidence supporting the objection;

(c) contains the objector's name, address, and telephone number and, if represented by counsel, the name, address, email address, and telephone number of counsel; and

(d) indicates whether the objector intends to appear at the Fairness Hearing.

The objection must be sent to the Court by email to:

DCD_PACERFeesSettlement@dcd.uscourts.gov or by first-class mail to the following address:

> The Honorable Paul L. Friedman
> United States District Court for the District of Columbia
> 333 Constitution Avenue, NW Washington, D.C. 20001

You should write on the first page of the letter in large or underlined letters: "Civil Action No. 16-745-PLF: Objection to Proposed Settlement in National Veterans Legal Services Program, et al. v. United States of America."

At the same time, copies of the objection must be emailed or mailed by first-class mail to:

Gupta Wessler PLLC
2001 K Street, NW, Suite 850 North

Washington, D.C. 20006
deepak@guptawessler.com

Derek Hammond
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
Derek.Hammond@usdoj.gov

All objections must be submitted at least thirty days prior to the Fairness Hearing or by [date].

Any Class Members who do not make and serve written objections in the manner provided shall be deemed to have waived such objections and shall forever be foreclosed from making any objections (by appeal or otherwise) to the settlement.

## THE COURT'S FAIRNESS HEARING

### 13. When and where will the Court decide whether to approve the settlement?

On [date], the Court will hold a public Fairness Hearing to determine whether the settlement is fair, adequate, and reasonable and should be finally approved, with judgment entered accordingly. The Court will also consider the application for an award of attorneys' fees and expense reimbursement. The location and format of this hearing has yet to be determined, and this hearing may be continued or rescheduled by the Court without further notice to the Settlement Class Members so you should check the website for updates. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlement. It is unknown how long this decision will take.

### 14. Do I have to come to the hearing?

No, Class Counsel will answer any questions from the Court. But, any Class Member who submits a timely objection to the proposed settlement may appear in person or through counsel at the Fairness Hearing and be heard to the extent allowed by the Court.

## THE LAWYERS REPRESENTING THE CLASS

### 15. Do Settlement Class Members have a lawyer in this case?

Yes, the Court decided that the law firms of Gupta Wessler PLLC of Washington, D.C. and Motley Rice LLC of Mount Pleasant, South Carolina are qualified to represent all Class Members. These law firms are called Class Counsel. They are experienced in handling other class actions. More information about Gupta Wessler and Motley Rice, their practices, and their lawyers' experience is available at www.guptawessler.com and www.motleyrice.com.

### 16. If I am a Settlement Class Member, should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

| 17. How will the lawyers be paid? |
|---|

Class Counsel will ask the Court for fees and expenses. If the Court grants Class Counsel's request, Class Counsel's fees and expenses will be deducted from the common fund. By participating in the Class, you agree to pay Class Counsel up to 20% of the total recovery in attorney's fees and expenses with the total amount to be determined by the Court.

## GETTING MORE INFORMATION

| 18. Are more details available? |
|---|

[Here] you will find the documents filed in this case including the Court's Order Certifying the Class, Plaintiffs' Complaint, Defendant's Answer to the Complaint, a copy of the Settlement Agreement, and the Court's order preliminarily approving the settlement. You may also obtain more information by calling [number], or by writing to: PACER Fees Class Action Administrator, P.O. Box 301134, Los Angeles, CA 90030-1134.  You may speak to one of the lawyers by calling [number].