IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM, NATIONAL
CONSUMER LAW CENTER, and
ALLIANCE FOR JUSTICE, for themselves
and all others similarly situated,
    *Plaintiffs*,

  v.

UNITED STATES OF AMERICA,
    *Defendant.*

Case No. 1:16-cv-00745-PLF

**[PROPOSED] ORDER GRANTING PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

After considering Plaintiffs' Revised Motion for Preliminary Approval of Class Settlement ("Plaintiffs' Motion"),

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion is GRANTED.

2. After a preliminary review, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (a) resulted from arm's-length negotiations between experienced counsel overseen by an experienced mediator; (b) eliminates the risk, costs, delay, inconvenience, and uncertainty of continued litigation; (c) involves the previously certified Class of individuals and entities who paid PACER fees between April 21, 2010 and April 21, 2016, but also a proposed additional Settlement Class of individuals and entities who paid PACER fees between April 22, 2016 and May 31, 2018; (d) does not provide undue preferential treatment to Class Representatives or to segments of the Class; (e) does not provide excessive compensation to counsel for the Class; and (f) is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement

to the Class. Accordingly, the Court preliminarily approves the Settlement, subject to further consideration at the Settlement Hearing described below.

3. A hearing (the "Settlement Hearing") shall be held before this Court on October 12, 2023, at 10:00 a.m. in the Ceremonial Courtroom (Courtroom 20) at the United States District Court for the District of Columbia, 333 Constitution Avenue NW, Washington D.C. 20001 for the following purposes:

   a. to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;
   b. to determine whether judgment should be entered, dismissing the Complaint on the merits and with prejudice;
   c. to consider the fee and expense application;
   d. to consider Class Members' objections to the Settlement, or the application for fees and expenses, if any;
   e. to rule upon such other matters as the Court may deem appropriate.

4. The Court may adjourn the Settlement Hearing without further notice to the members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter its judgment approving the Settlement, and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the fee and expense application.

5. The Court will consider comments or objections to the Settlement or the request for fees and expenses, only if such comments or objections and any supporting papers are submitted to the Court at least thirty days prior to the Settlement Hearing according to the procedure described in the website notice. Attendance at the Settlement Hearing is not necessary, but any person wishing to be heard orally in opposition to the Settlement is required to indicate in their written objection whether they intend to appear at the Settlement Hearing.

6. All opening briefs and documents in support of the Settlement and any fee and expense application, shall be filed no later than forty-five days before the Settlement Hearing. Replies to any objections shall be filed at least nine days prior to the Settlement Hearing.

7. The revised Settlement Class satisfies Rule 23 and is certified for the same reasons set forth in the Court's prior class certification order. The Settlement Class is defined as:

> All persons or entities who paid PACER Fees between April 21, 2010 and May 31, 2018, excluding persons or entities that have already opted out, federal agencies, and Class Counsel.

8. The notice documents advising the previously certified Class Members ("Initial Class Members") of the Settlement are hereby approved as to form and content. Exhibit 1 (2010-2016 email notice); Exhibit 3 (2010-2016 postcard notice).

9. The notice documents advising the Additional Class Members of the Settlement and providing for opt-out rights are hereby approved as to form and content. Exhibit 2 (2016-2018 email notice); Exhibit 4 (2016-2018 postcard notice).

10. The long-form website notice advising the Class Members of the Settlement and providing for opt-out rights for the Additional Class Members is hereby approved as to form and content. Exhibit 5.

11. The publication notice advising the Class Members of the Settlement and providing for opt-out rights for the Additional Class Members is hereby approved as to form and content. Exhibit 6.

12. The firm of KCC Class Action Services LLC ("KCC" or "Administrator") is appointed to supervise and administer the notice procedure.

13. To the extent they are not already produced, within fourteen days from the entry of this order, Defendant shall produce to Plaintiffs the names, postal addresses, email addresses, phone

numbers, PACER-assigned account numbers, and firm name of all individuals or entities with a PACER account that paid PACER fees during the class period ("Notice Data"). For purposes of this paragraph, "individuals and entities" is defined as all PACER users except the following: (1) any user who, during the quarter billed, is on the master Department of Justice list for that billing quarter; (2) any user with an @uscourts.gov email address extension; or (3) any user whose PACER bill is sent to and whose email address extension is shared with a person or entity that received PACER bills for more than one account, provided that the shared email address extension is one of the following: @oig.hhs.gov, @sol.doi.gov, @state.gov, @bop.gov, @uspis.gov, @cbp.dhs.gov, @ussss.dhs.gov, @irscounsel.treas.gov, @dol.gov, @ci.irs.gov, @ice.dhs.gov, @ssa.gov, @psc.uscourts.gov, @sec.gov, @ic.fbi.gov, @irs.gov, and @usdoj.gov.[1]

14. Within thirty days from the later of (a) the date of this order, or (b) Plaintiffs' receipt of the Notice Data from Defendant, the Administrator shall provide the publication notice, in substantially the same form as Exhibit 6, to American Bankers Association ("ABA"), *Banking Journal, The Slant,* and Cision PR Newswire for publication.

15. Within thirty days from the later of (a) the date of this order, or (b) Plaintiffs' receipt of the Notice Data from Defendant, the Administrator shall cause the email notices to be disseminated, in substantially the same form as Exhibits 1 and 2, by sending them out via email to all Class Members. The Initial Class Members will be emailed Exhibit 1. The Additional Class Members will be emailed Exhibit 2. The email notices shall direct Class Members to a website maintained by the Administrator. The sender of the email shall appear to recipients as "PACER

---

[1] For example, accounting@dol.gov at 200 Constitution Avenue, NW, Washington, DC 20210 receives bills for johndoe1@dol.gov, johndoe2@dol.gov, and janedoe1@dol.gov. None of those email addresses (accounting@dol.gov, johndoe1@dol.gov, johndoe2@dol.gov, and janedoe1@dol.gov) would receive notice.

4

Fees Class Action Administrator," and the subject line of the email shall be "PACER Fees – Notice of Class Action Settlement."

16. Contemporaneous with the emailing of the notices and continuing through the date of the Settlement Hearing, the Administrator shall display on the internet website dedicated to this case, www.pacerfeesclassaction.com, the long-form notice in substantially the same form as Exhibit 5. The Administrator shall continue to maintain the website and respond to inquiries by Class Members as necessary. The website will include the printable Exclusion Request form, the online Exclusion Request form, Plaintiffs' Class Action Complaint, Defendant's Answer, the Order on the Motion for Class Certification, the Memorandum Opinion on the Motion for Class Certification, the District Court's summary judgment opinion, the Federal Circuit's summary judgment opinion, the Settlement Agreement, this order, and any other relevant documents. The website will include the ability for Class Members to check the status of their refund check if the Court grants final approval of the settlement and update their mailing address. The website will also allow accountholders to notify the Administrator that an entity paid PACER fees on their behalf, and will allow payers to notify the Administrator that they paid PACER fees on an accountholder's behalf. These changes must be made on the website no later than 60 days after dissemination of email notice.

17. Within thirty days from the entry of this order, the Administrator shall make available to Class Members telephone support to handle any inquiries from Class Members.

18. Within forty-five days from the later of (a) the date of this order, or (b) Plaintiffs' receipt of the Notice Data from Defendant, the Administrator shall cause the postcard notices to be disseminated, in substantially the same form as Exhibits 3 and 4 by sending them out via U.S. mail to all Class Members: (1) without an email address; or (2) for whom email delivery was unsuccessful. The Initial Class Members will be mailed Exhibit 3. The Additional Class Members will be mailed

Exhibit 4. The postcard notices will direct Class Members to the website maintained by the Administrator.

19. Additional Class Members can ask to be excluded from the settlement by: (1) sending an Exclusion Request in the form of a letter; (2) completing and submitting the online Exclusion Request form; or (3) sending an Exclusion Request form by mail. Ninety days after the entry of this order, the opt-out period for the Additional Class Members will expire.

20. Class Members can object to the Settlement or the request for fees and expenses by submitting their comments or objections and any supporting papers to the United States District Court for the District of Columbia according to the procedure described in the website notice. Such comments or objections must be submitted at least thirty days prior to the settlement hearing. Any response by the United States to Plaintiffs' request for fees and expenses, as reserved in paragraph 28 of the Settlement Agreement, must be submitted at least thirty days prior to the settlement hearing.

21. The Court finds that the dissemination of the notice under the terms and in the forms provided for constitutes the best notice practicable under the circumstances, that it is due and sufficient notice for all purposes to all persons entitled to such notice, and that it fully satisfies the requirements of due process and all other applicable laws.

**IT IS SO ORDERED.**

_____  
Date

_____  
The Honorable Paul L. Friedman  
Senior United States District Judge