IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et al.<br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Defendant.* | Case No. 16-745 |

# DECLARATION OF RENÉE BURBANK

I, Renée Burbank, declare as follows:

1.  I am the Director of Litigation at the National Veterans Legal Services Program (NVLSP), a national nonprofit organization that seeks to ensure that American veterans and active-duty personnel receive the full benefits to which they are entitled for disabilities resulting from their military service. Over the years, the organization has represented thousands of veterans in court cases, educated countless people about veterans-benefits law, and brought numerous class-action lawsuits challenging the legality of rules, practices, and policies of the U.S. Department of Veterans Affairs and U.S. Department of Defense. NVLSP believes firmly in the importance of ensuring that veterans who are navigating the federal court system—like unrepresented or under-represented litigants in general—should have free and open access to judicial records.

2.  Before joining NVLSP in July 2021, I was a Clinical Lecturer and Robert M. Cover Clinical Teaching Fellow at Yale Law School, teaching and supervising students in both the Veterans Legal Services Clinic and the Peter Gruber Rule of Law Clinic. In that capacity, I supervised advocacy on behalf of veterans and oversaw class-action litigation. While at Yale, I wrote a comprehensive article on illegal-exaction claims against the federal

1

government, *Illegal Exactions*, 87 TENN. L. REV. 315 (2020). The article has been cited multiple times in published decisions by the U.S. Court of Federal Claims. Before teaching at Yale, I was a litigator in the U.S. Department of Justice, where I worked on complex commercial litigation at both the trial and appellate levels. In that capacity, I served as lead or co-counsel on a variety of class actions brought against the federal government, including the landmark illegal-exaction case *Starr Int'l Co. v. United States*, 121 Fed. Cl. 428 (2015), *affirmed in part and vacated in part*, 856 F.3d 953 (Fed. Cir. 2017). I am a graduate of Harvard Law School (J.D., *cum laude*, 2009) and the University of Chicago (B.A., Honors in the College, 2004) and clerked for the Honorable David B. Sentelle of the U.S. Court of Appeals for the D.C. Circuit.

3. In my capacity as Director of Litigation of NVLSP, I have advised many veterans on their legal rights, including in disputes with the federal government over fees and other payments, and I am quite familiar with the difficulties in obtaining monetary relief against the United States in court. In all, I have served as counsel in over two dozen class-action cases in my career—all of them involving claims against the federal government—and am familiar with the resources, time, and money required to successfully pursue class-action claims. I offer this declaration in support of the plaintiffs' motion for final approval of the class-action settlement in this case, including the plaintiffs' request for attorneys' fees and a service award for NVLSP.

4. NVLSP has actively served as a named plaintiff in this class action for more than seven years, since it was filed. When I joined NVLSP, the parties had already begun settlement discussions and made significant headway toward an eventual resolution, but they had not yet reached an agreement. Although I was already familiar with the public filings in the case because of my academic research on illegal-exaction law, I had to spend time getting

up to speed on additional developments so I could advise NVLSP on the negotiations and improve any eventual settlement for the benefit of the organization, its clients, and all PACER users. In addition to reviewing case filings and other relevant materials, I had several calls with class counsel, where I made suggestions that improved the terms of the settlement.

5. Before I joined NVLSP, Barton Stichman, our former Executive Director, reviewed and commented on draft pleadings, consulted on litigation strategy, provided a declaration in support of class certification, participated in discovery, received updates on motion practice and court rulings from class counsel, and actively engaged in the class-action settlement process. Mr. Stichman also engaged in substantial due diligence before deciding that NVSLP would join this litigation as a named plaintiff. As an organization that often represents others in litigation before the federal courts, the decision to sue the federal court system was not a decision NVLSP made lightly. The organization was well aware, at the time it decided to sue, that it would be challenging a fee structure set by the Judicial Conference of the United States, the judiciary's policymaking body. NVLSP would not have authorized its participation in this lawsuit had it not been convinced that class counsel were particularly skilled and that the aims of the litigation were in the public interest.

6. Since the settlement in this case was announced, NVLSP has received numerous inquiries from potential class members, possibly because NVLSP is listed first on the case caption, which has required additional attorney and administrative staff time. All told, I estimate that my attorney colleagues and I have spent more than 25 hours working on this litigation on NVLSP's behalf during the seven years that the case has been pending, with several more hours spent by non-attorney administrative staff. I understand that counsel will seek a service award for NVLSP of $10,000. At our market billing rates, the value of attorney time incurred by NVLSP greatly exceeds that amount.

7.  Based on my active participation in this litigation and my expertise in illegal-exaction cases and class actions against the government, I am convinced that the proposed settlement in this case is fair, adequate, and reasonable. And, in light of the considerable risk, expense, and seven-year duration of this litigation, and the impressive results achieved, I find class counsel's request for attorneys' fees comprising about 19% of the common-fund to be reasonable under the circumstances. NVLSP fully supports the motion for final approval and the motion for fees, costs, and awards.

8.  This was a uniquely risky and difficult case—a nationwide class action against the federal judiciary, seeking millions of dollars on the basis of an entirely novel legal theory, invoking a statute whose meaning had never been litigated, and based upon a relatively obscure cause of action. When this case was filed, many aspects of illegal-exaction claims remained unresolved in the courts, including basic concepts about the required elements of a claim, how damages are calculated, and even the legal basis for such claims. *See generally Illegal Exactions*, 87 TENN. L. REV. at 340–45 (describing areas of illegal-exaction case law still unresolved as of 2020). Class counsel, however, displayed exceptional tenacity and litigation skill in navigating these murky waters. Against all odds, the litigation succeeded at every turn. It sparked public interest in the need to reform PACER fees, spurred legislative action, and delivered a landmark settlement to which NVLSP is proud to have contributed. We are hopeful that this litigation will serve as a blueprint for holding the judiciary accountable and, over the long term, will contribute to transparency and openness in the federal courts.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on August 18, 2023.

/s/ *Renee Burbank*
Renée Burbank