IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, et al.<br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Defendant*. | Case No. 16-745 |

**DECLARATION OF STUART T. ROSSMAN**

I, Stuart T. Rossman, declare as follows:

1. I am the Litigation Director of the National Consumer Law Center (NCLC), a national nonprofit organization that seeks to achieve consumer justice and economic security for low-income and other disadvantaged Americans through policy analysis, advocacy, litigation, expert-witness services, and training for consumer advocates throughout the nation. I am also the co-editor of NCLC's treatise, *Consumer Class Actions*, and for many years coordinated NCLC's annual symposium on class actions. In addition, I am a past Co-Chair of the Board of the National Association of Consumer Advocates, which publishes the *Standards and Guidelines for Litigating and Settling Consumer Class Actions*, 299 F.R.D. 160, first published in 1998 and updated most recently in 2023. I am a graduate of Harvard Law School (J.D., *cum laude*, 1978) and the University of Michigan (B.A. *magna cum laude*, 1975) and a visiting lecturer at the University of Michigan Law School, where I have regularly taught a seminar on class actions. In my capacity as Litigation Director of the NCLC, I have co-counseled with and advised many attorneys on class-action cases around the country and am well acquainted with the resources, time and money required to successfully pursue class-action claims. I offer this declaration in support of the plaintiffs'

1

motion for final approval of the class-action settlement in this case, including the plaintiffs' request for a service award for NCLC.

2. NCLC has actively served as a named plaintiff in this class action for more than seven years, since the inception of the case. As an organization that often participates in litigation before the federal courts, we did not make the decision to sue the federal judiciary lightly. We were well aware, at the time we decided to sue, that we would be challenging a fee structure set by the Judicial Conference of the United States, presided over by the Chief Justice. We would not have decided to authorize suit had we not been convinced that class counsel were exceptionally skilled and that the aims of the litigation were worthwhile and in the public interest. Before recommending that NCLC join this litigation, I led NCLC's extensive due diligence to determine the risks, obstacles, and merits of the case, in collaboration with NCLC's Litigation Steering Committee. This included an independent review of legal memoranda, detailed questions for class counsel, and careful consideration of the implications for pro se individuals and the intricacies of the PACER, ECF, and Next Gen systems, among other things.

3. Throughout this litigation, I reviewed and commented on draft pleadings, consulted on litigation strategy, provided a declaration in support of class certification, participated in discovery, received updates on motion practice and court rulings from class counsel, and actively engaged in the class-action settlement process. Over the past seven years, I have spent more than 25 hours working on this litigation on NCLC's behalf. I understand that counsel will seek a service award for NCLC of $10,000. At my current billing rates, the amount of attorney time incurred by NCLC greatly exceeds that amount.

4. This was a uniquely risky and difficult case—a nationwide class action against the federal judiciary, seeking millions of dollars on the basis of an entirely novel

legal theory, invoking a statute whose meaning had never been litigated. But class counsel were equal to the task and the tenacity and litigation skill they displayed was uniquely strong. Against all odds, the litigation succeeded at every turn. It sparked public interest in the need to reform PACER fees, spurred legislative action, and delivered a landmark settlement of which we are proud to have contributed.

5. In my view, based on my active participation in this litigation and my decades of experience with class-action settlements, the proposed settlement in this case is fair, adequate, and reasonable. I understand that class counsel is seeking a fee equal to about 19% of the common fund. In light of the considerable risk, expense, and duration of this litigation, and the impressive results achieved against all odds, I find the request to be reasonable under the circumstances and fully support it.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on August 14, 2023.  */s/ Stuart T. Rossman*

　　　　　　　　　　　　　　　　　Stuart T. Rossman, BBO No. 430640