## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM, NATIONAL CONSUMER LAW CENTER, and ALLICANCE FOR JUSTICE, for themselves and all others similarly situated, *Plaintiffs,* v. UNITED STATES OF AMERICA, *Defendant.* | Case No. 16-745-PLF |

## DECLARATION OF WILLIAM B. RUBENSTEIN IN SUPPORT OF CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES

1.      I am the Bruce Bromley Professor of Law at Harvard Law School and have been recognized as a leading national expert on class action law and practice. Class Counsel[1] seek a fee approximately 19% of the $125 million common fund generated by their efforts.[2] As part of their submission in support of that request, Class Counsel provided the Court with their lodestar

---

[1] By order dated January 24, 2017, Chief Judge Huvelle certified a class and ordered "that Gupta Wessler PLLC and Motley Rice LLC are appointed as co-lead class counsel."  Order, *Nat'l Veterans Legal Services Program v. United States of America*, No. 1:16-cv-0745-ESH (D.D.C. Jan. 24, 2017), ECF No. 32 at 1.  I used the shorthand "Class Counsel" to refer to these "co-lead class counsel" throughout this Declaration.

[2] Plaintiffs' Motion for Final Approval of Class Settlement and For Attorneys' Fees, Costs, and Service Awards, *Nat'l Veterans Legal Services Program v. United States of America*, No. 1:16-cv-0745-PLF (D.D.C. Aug. 28, 2023), ECF No. 158.

1

information (hourly billing rates and total hours).[3]  In response, the Defendant has, *inter alia,* [a] noted that Class Counsel's hourly rates are higher than those found in the U.S. Attorney's Office Fitzpatrick Matrix and [b] accordingly stated that "the Court may wish to inquire as to the basis for counsels' rates, and determine whether a reduction in line with prevailing market rates pursuant to the Fitzpatrick Matrix rate is appropriate."[4]  Class Counsel have retained me to address this issue.  After setting forth my qualifications to serve as an expert (Part I, *infra*), I provide the Court with empirical data which would enable it to find that Class Counsel's proposed billing rates are reasonable.  Specifically:

- ***Class Counsel's proposed billing rates are consistent with those utilized in large class action cases in this District*** (Part II, *infra*).  My research assistants compiled a database consisting of hourly rates contained in all available court-approved fee petitions in this District (and D.C.-based Court of Federal Claims matters) since 2010 in cases with settlement funds greater than $100 million (185 data points from 6 cases).  The billing rates Class Counsel propose for partners and partnership-track attorneys here are slightly (9.3%) above the rates in the comparison set.  This is impressive in that the lead lawyers in this case are among the most successful class action lawyers in the country, with one (Deepak Gupta) achieving that status at a remarkably early point in his career.  Their rates are appropriately at the high end of the comparison set.

- ***Data from large class actions cases are more appropriate comparators than blended matrix rates***.  (Part III, *infra*).  The Defendant directs the Court to rates found in the Fitzpatrick Matrix.  Professor Fitzpatrick created the Matrix by collecting rates from 84 separate cases and then generating a single blended rate for each year of an attorney's experience.  My research assistants and I delved into the data underlying the Fitzpatrick Matrix – all of which is available on-line – and found that only 8 of the 84 cases are class actions and many of the remaining 76 are routine fee-shifting matters.

---

[3] Declaration of Deepak Gupta, *Nat'l Veterans Legal Services Program v. United States of America*, No. 1:16-cv-0745-PLF (D.D.C. Aug. 28, 2023), ECF No. 158-5 at 22-23 [hereinafter "Gupta Dec."]; Declaration of Meghan S.B. Oliver, *Nat'l Veterans Legal Services Program v. United States of America*, No. 1:16-cv-0745-PLF (D.D.C. Aug. 28, 2023), ECF No. 158-6 at 5-6.

[4] Defendant's Response to Plaintiffs' Motion for Final Approval of Class Settlement and Attorneys' Fees, Costs, and Service Awards, *Nat'l Veterans Legal Services Program v. United States of America*, No. 1:16-cv-0745-PLF (D.D.C. Aug. 28, 2023), ECF No. 159 at 7 [hereinafter Def. Br.].

The 8 class action cases had, on average, more than 12 times as many docket entries as the non-class action cases. Most importantly, the hourly rates in the Matrix's 8 class action cases were roughly 44% higher than the hourly rates in its non-class action cases. Indeed, the rates Class Counsel propose here are nearly identical to – on average .65% higher than – the rates in the Matrix's 8 class action cases. A matrix generated by blending rates across a diverse set of cases may serve efficiency goals in high volume situations, where repeat-playing attorneys undertake relatively similar work case-to-case. The United States Attorney's Office (USAO) itself explains the purpose of the Matrix in these terms, offering that if prevailing litigants utilize Matrix rates, the USAO – as the paying party – will not contest those rates; Matrix rates serve as timesaving, litigation-avoiding safe harbors. That blended rates serve that function does not mean they are therefore the prevailing rates in the community for the services rendered in a particular case: as the Matrix's own underlying data show, its blended rates are not a good proxy for the rates class action lawyers in this District bill – and courts in this District approve – in class action cases.

2.      In sum, data from commensurate cases provide strong empirical support for the conclusion that the hourly rates Class Counsel propose are within the normal range and these data are better points of comparison than Matrix rates blended from a database consisting almost entirely of smaller and more mundane fee-shifting matters.

## I.
## BACKGROUND AND QUALIFICATIONS[5]

3.      I am the Bruce Bromley Professor of Law at Harvard Law School. I graduated from Yale College, *magna cum laude*, in 1982 and from Harvard Law School, *magna cum laude*, in 1986. I clerked for the Hon. Stanley Sporkin in the U.S. District Court for the District of Columbia following my graduation from law school. Before joining the Harvard faculty as a tenured professor in 2007, I was a law professor at the UCLA School of Law for a decade, and an adjunct faculty member at Harvard, Yale, and Stanford Law Schools while a public interest lawyer during the preceding decade. I am admitted to practice law in the Commonwealth of

---

[5] My full c.v. is attached as Exhibit A.

3

Massachusetts, the State of California, the Commonwealth of Pennsylvania (inactive), the District

of Columbia (inactive), the U.S. Supreme Court, six U.S. Courts of Appeals, and four U.S. District

Courts.

4.      My principal area of scholarship is complex civil litigation, with a special emphasis

on class action law.  I am the author, co-author, or editor of five books and more than a dozen

scholarly articles, as well as many shorter publications (a fuller bibliography appears in my

appended c.v.).  Much of this work concerns various aspects of class action law.  Since 2008, I

have been the sole author of the leading national treatise on class action law, *Newberg on Class*

*Actions*.  Between 2008 and 2017, I re-wrote the entire multi-volume treatise from scratch as its

Fifth Edition and, subsequently, produced the treatise's Sixth Edition – *Newberg and Rubenstein*

*on Class Actions* – which was published in 2022.  As part of this effort, I wrote and published a

692-page volume (volume 5 of the Sixth Edition) on attorney's fees, costs, and incentive awards;

this is the most sustained scholarly treatment of class action attorney's fees and has been cited in

numerous federal court fee decisions.  For five years (2007–2011), I published a regular column

entitled "Expert's Corner" in the publication *Class Action Attorney Fee Digest*.  My work has been

excerpted in casebooks on complex litigation, as noted on my c.v.

5.      My expertise in complex litigation has been recognized by judges, scholars, and

lawyers in private practice throughout the country for whom I regularly provide consulting advice

and educational training programs.  Since 2010, the Judicial Panel on Multidistrict Litigation

(JPML) has annually invited me to give a presentation on the current state of class action law at

its MDL Transferee Judges Conference, and I have often spoken on the topic of attorney's fees to

the MDL judges.  The Federal Judicial Center invited me to participate as a panelist (on the topic

of class action settlement approval) at its March 2018 judicial workshop celebrating the 50th anniversary of the JPML, *Managing Multidistrict and Other Complex Litigation Workshop*.  The Second Circuit invited me to moderate a panel on class action law at the 2015 Second Circuit/Federal Judicial Center Mid-Winter Workshop.  The American Law Institute selected me to serve as an Adviser on a Restatement-like project developing the *Principles of the Law of Aggregate Litigation*.  In 2007, I was the co-chair of the Class Action Subcommittee of the Mass Torts Committee of the ABA's Litigation Section.  I am on the Advisory Board of the publication *Class Action Law Monitor*.  I have often presented continuing legal education programs on class action law at law firms and conferences.

6.      My teaching focuses on procedure and complex litigation.  I regularly teach the basic civil procedure course to first-year law students, and I have taught a variety of advanced courses on complex litigation, remedies, and federal litigation.  I have received honors for my teaching activities, including: the Albert M. Sacks-Paul A. Freund Award for Teaching Excellence, as the best teacher at Harvard Law School during the 2011–2012 school year; the Rutter Award for Excellence in Teaching, as the best teacher at UCLA School of Law during the 2001–2002 school year; and the John Bingham Hurlbut Award for Excellence in Teaching, as the best teacher at Stanford Law School during the 1996–1997 school year.

7.      My academic work on class action law follows a significant career as a litigator.  For nearly eight years, I worked as a staff attorney and project director at the national office of the American Civil Liberties Union (ACLU) in New York City.  In those capacities, I litigated dozens of cases on behalf of plaintiffs pursuing civil rights matters in state and federal courts throughout the United States.  I also oversaw and coordinated hundreds of additional cases being litigated by

ACLU affiliates and cooperating attorneys in courts around the country. I therefore have personally initiated and pursued complex litigation, including class actions.

8. I have been retained as an expert witness in more than 100 cases and as an expert consultant in about another 30 or so cases. These cases have been in state and federal courts throughout the United States; most have been class actions and other complex matters, and many have been MDL proceedings. I have been retained to testify as an expert witness on issues ranging from the propriety of class certification, to the reasonableness of settlements and fees, to the preclusive effect of class action judgments. I have been retained by counsel for plaintiffs, for defendants, and for objectors.

9. Courts have appointed me to serve as an expert in complex fee matters:

- In 2015, the United States Court of Appeals for the Second Circuit appointed me to argue for affirmance of a district court order that significantly reduced class counsel's fee request in a large, complex securities class action, a task I completed successfully when the Circuit summarily affirmed the decision on appeal.[6]

- In 2017, the United States District Court for the Eastern District of Pennsylvania appointed me to serve as an expert witness on certain attorney's fees issues in the National Football League (NFL) Players' Concussion Injury Litigation (MDL 2323). In my final report to the Court, I recommended, *inter alia*, that the Court should cap individual retainer agreements at 22%, a recommendation that the Court adopted.[7]

- In 2018, the United States District Court for the Northern District of Ohio appointed me to serve as an expert consultant to the Court on complex class action and common benefit fees issues in the National Prescription Opiate Litigation (MDL 2804).

---

[6] *See In re IndyMac Mortg.-Backed Sec. Litig.*, 94 F. Supp. 3d 517 (S.D.N.Y. 2015), *aff'd sub nom. DeValerio v. Olinski*, 673 F. App'x 87 (2d Cir. 2016).

[7] *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323-AB, 2018 WL 1658808, at *1 (E.D. Pa. Apr. 5, 2018) ("I adopt the conclusions of Professor Rubenstein and order that IRPAs' fees be capped at 22% plus reasonable costs.").

- The United States District Courts for the Southern District of New York and the Eastern District of Pennsylvania have both appointed me to serve as a mediator to resolve complex matters in class action cases, including fee issues.

10.     Courts have often relied on my expert witness testimony in fee matters.[8]

11.     I have been retained in this case to provide an opinion concerning the issues set forth in the first paragraph, above.  I am being compensated for providing this expert opinion.  I was paid a flat fee in advance of rendering my opinion, so my compensation is in no way contingent upon the content of my opinion.

12.     In analyzing these issues, I have discussed the case with the counsel who retained me.  I have also reviewed documents from this litigation, including all of the documents posted at

---

[8] *See, e.g.*, *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014); *Benson v. DoubleDown Interactive, LLC*, No. 18-CV-0525-RSL, 2023 WL 3761929, at *2 (W.D. Wash. June 1, 2023); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2022 WL 18108387, at *7 (E.D. Va. Nov. 8, 2022); *Reed v. Light & Wonder, Inc.*, No. 18-CV-565-RSL, 2022 WL 3348217, at *1-2 (W.D. Wash. Aug. 12, 2022); *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, No. 12-CV-0256 (LAK), 2021 WL 2453972 (S.D.N.Y. June 15, 2021); *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021); *Kater v. Churchill Downs Inc.*, No. 15-CV-00612-RSL, 2021 WL 511203, at *1-*2 (W.D. Wash. Feb. 11, 2021); *Wilson v. Playtika Ltd.*, No. 18-CV-5277-RSL, 2021 WL 512230, at *1-*2 (W.D. Wash. Feb. 11, 2021); *Wilson v. Huuuge, Inc.*, No. 18-CV-5276-RSL, 2021 WL 512229, at *1-*2 (W.D. Wash. Feb. 11, 2021); *Amador v. Baca*, No. 210CV01649SVWJEM, 2020 WL 5628938, at *13 (C.D. Cal. Aug. 11, 2020); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *10 (S.D. Ill. Dec. 16, 2018); *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 WL 6305785, at *5 (M.D.N.C. Dec. 3, 2018); *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323-AB, 2018 WL 1658808, at *4 (E.D. Pa. Apr. 5, 2018); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 3175924, at *3 (N.D. Cal. July 21, 2017); *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069, 2017 WL 1369741, at *5 (N.D. Ill. Apr. 10, 2017), *aff'd sub nom. Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *9 (S.D.N.Y. Sept. 2, 2015); *Asghari v. Volkswagen Grp. of Am., Inc.*, No. 13-CV-02529 MMM, 2015 WL 12732462, at *44 (C.D. Cal. May 29, 2015); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591-JWL, 2015 WL 2165341, at *5 (D. Kan. May 8, 2015); *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010); *Commonwealth Care All v. Astrazeneca Pharm. L.P.*, No. CIV.A. 05-0269 BLS 2, 2013 WL 6268236, at *2 (Mass. Super. Aug. 5, 2013).

the case website,[9] the full docket of the case on PACER, as well as all of the publicly available

documents associated with the Fitzpatrick Matrix.[10]   Finally, I have reviewed the case law and

scholarship relevant to the issues herein.[11]

## II.
## EVIDENCE SUPPORTING THE REASONABLENESS OF THE HOURLY RATES CLASS COUNSEL EMPLOY

13.      The *Manual for Complex Litigation* states:

> What constitutes a reasonable hourly rate varies according to geographic area and
> the attorney's experience, reputation, practice, qualifications, and customary
> charge.  The rate should reflect what the attorney would normally command in the
> relevant marketplace.[12]

Applying these principles, this section analyzes the rates Class Counsel propose for their partners

and partnership-track attorneys.

14.      My research assistants and I created a database of approved fee petitions filed in

large fund class actions in the District of the District of Columbia and in the Court of Federal

---

[9]      PACER    Fees    Class    Action,    Court    Documents    link,    available    at
https://www.pacerfeesclassaction.com/Docs.aspx.

[10] United States Department of Justice, U.S. Attorneys, District of Columbia, Divisions, Civil
Division, Attorney's Fees (encompassing links to the Fitzpatrick Matrix, 2013-2023; Supporting
Materials; Declaration of Brian T. Fitzpatrick; Declaration Exhibit A; Declaration Exhibit B
Declaration   Exhibit   C;   Former   Attorney's   Fees   Matrices,   available   at
https://www.justice.gov/usao-dc/civil-division.

[11] I am also a class member in this case, so I have followed the case with interest.

[12] *Manual for Complex Litigation (Fourth)*, § 14.122 (2004) (citing *Blum v. Stenson*, 465 U.S. 886,
895 (1984) ("'[R]easonable fees' . . . are to be calculated according to the prevailing market rates
in the relevant community . . . ."); *Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard
Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

Claims (for District of Columbia cases) since 2010,[13] and then delved into those petitions to find the hourly rates that lawyers were billing. Specifically, we searched for all class actions [a] approved by courts in this District or in the Court of Federal Claims using District of Columbia rates [b] with settlement values of $100 million or more and [c] with fee petitions providing hourly rate data available on PACER (Westlaw or Bloomberg). Using this approach, we identified 6 applicable cases, listed in Table 1, below; no case meeting these criteria was excluded and in none of these 6 cases did the courts disprove counsel's hourly rates. The Court will recognize the names of many of these cases as the large, well-known class actions in this District.

**TABLE 1**
**D.C. BASED LARGE FUND CLASS ACTIONS**

| Case Name | Forum (Fee Year) | Settlement Amount |
|---|---|---|
| *Cobell v. Salazar* | D.D.C. (2011) | $1.512 billion |
| *Haggart v. US* | Fed. Cl. (2020) | $110 million |
| *In re Fannie Mae* | D.D.C. (2013) | $153 million |
| *Keepseagle v. Vilsack* | D.D.C. (2011) | $760 million |
| *Kifafi v. Hilton* | D.D.C. (2012) | $146.75 million |
| *Mercier v. US* | Fed. Cl. (2021) | $160 million |

---

[13] I undertake this form of hourly rate analysis regularly and typically utilize a shorter time frame. However, there are fewer large class action cases in the District of Columbia than other Districts where class actions often arise (N.D. Cal. and S.D.N.Y. in particular), so we were required to go further back in time. In doing so, however, we captured most of the major class actions that this District has hosted across the past decade or so.

My team reviewed the lodestar submissions in each of the 6 cases and extracted 185 individual hourly rates of partners and associates (partnership-track attorneys) to employ in our analysis.[14] We adjusted all these rates to 2023 dollars using the U.S. Bureau of Labor Statistics' Producer Price Index-Office of Lawyers (PPI-OL) index.[15]  We also obtained the year of admission to the bar for each of the 185 identified attorneys.

15.    Once each timekeeper's experience level had been identified and all of the dollar amounts had been set to 2023 levels, we plotted the rates, with the x-axis representing the number of years since the timekeeper was admitted to the bar and the y-axis representing the timekeeper's hourly rate.  The resulting scatter plot, set forth below in Graph 1, provides a snapshot of hourly rates utilized in fee petitions in large fund D.C.-based class actions, with the blue line sketching the trend of rates across experience levels.

---

[14] We also included one lawyer designated as "counsel," but we did not include lawyers referred to as contract or staff attorneys.  The latter types of attorneys are typically paid in ways unrelated to their years of experience.

[15] This price database can be accessed here: https://www.bls.gov/ppi/databases/.  To specifically access the PPI-OL, first click on "One Screen" in the "Industry Data" row below "PPI Databases." Then select "541110 Offices of lawyers" as the industry and "541110541110 Offices of lawyers" as the product.

**GRAPH 1**
**HOURLY RATES IN D.C. LARGE FUND CLASS ACTIONS**



16.     We next plotted the rates employed by Class Counsel in their lodestar submission.

Specifically, for each of the 13 partnership-track lawyers (partners and associates) in their lodestar,

Class Counsel's fee petition supplied a name and proposed hourly rate;[16] my team then found the

---

[16] Class Counsel utilize their rates as of 2023 for all time spent on the litigation.  This approach
comports with Supreme Court precedent authorizing the use of current rates as "an appropriate
adjustment for delay in payment."  *Missouri v. Jenkins*, 491 U.S. 274, 283–84 (1989).   The
Defendant suggests something errant in this approach, noting that *Jenkins* was a [a] protracted [b]
fee-shifting case.  Def. Br. at 4-5 ("However, a significant number of those cases, including
*Missouri v. Jenkins*, dealt specifically with fee shifting under 42 U.S.C. § 1988 in protracted civil
rights litigation. This case cannot be compared to those cases . . .").  But this case surely hits the
"protracted" mark, as it will be close to 8 years (from the filing of the initial complaint in the spring
of 2016 until any final approval will vest here) during which Class Counsel have not been paid;
and courts regularly accept current hourly rates in lodestar cross-check submissions in common

year of law school graduation each such timekeeper.[17]   We plotted these rates onto the same type of x-y axis that we had employed for the comparison set.  The resulting scatter plot, set forth below in Graph 2, provides a snapshot of Class Counsel's rates, with the red line sketching the trend of the rates across experience levels.

### GRAPH 2
### CLASS COUNSEL'S PROPOSED HOURLY RATES



_____

fund cases, not just fee-shifting matters.  Indeed, I am unaware of any precedent holding that *Jenkins* applies only in fee-shifting matters, nor should it, as *Jenkins*'s reasoning (that counsel have not been paid for years) applies no differently when the client is paying than it does when fees are shifted to the adversary.

[17] We employed the year of law school graduation for the present lawyers, as a number of them were admitted to the bar a year or two later but gained relevant experience during federal clerkships; graduation data was also more readily available for these lawyers than the comparison set.  As explained below, *see* note 19, *infra,* this choice did not meaningfully alter the comparison. The Fitzpatrick Matrix similarly uses year of law school graduation as its measure of experience. Declaration of Brian T. Fitzpatrick at 6, available at https://www.justice.gov/usao-dc/page/file/1504381/download [hereinafter Fitzpatrick Dec.].

17.    Finally, we aggregated Graphs 1 and 2 onto a single scatterplot, Graph 3, with District of Columbia rates in blue and Class Counsel's proposed rates in red.

**GRAPH 3**
**CLASS COUNSEL'S PROPOSED HOURLY RATES COMPARED TO HOURLY RATES IN D.C. LARGE FUND CLASS ACTIONS**



18.    As is visually evident in Graph 3, the two trend lines track one another closely. When the differences between the trend lines are compared,[18] Class Counsel's trend line is on average 9.3% above the trend line for rates in fee petitions approved in other large fund class

---

[18] We compared the distance between the two trend lines at the 13 points for which Class Counsel have a timekeeper and took the average of those 13 comparisons.

actions.[19]  That Class Counsel are charging rates roughly comparable to the norm in the present

case is impressive.  These firms are among the leading class action law and plaintiff-side firms in

the United States, and the lawyers who worked on this case possess years of experience, have track

records of success, and can be counted among the elite of the profession generally and this area of

law specifically.  Given that the comparison set is also composed of large fund cases, those

adjectives likely apply to many of the lawyers in that set as well.  And indeed, Class Counsel's

proposed rates are quite close to the comparison set at most experience levels, with Class Counsel

proposing hourly rates for the newest attorneys at levels less than 10% above the norm.  It is Class

Counsel's leading lawyers whose rates are slightly higher than the 9.3% average:  Gupta, with just

over two decades of experience, has accomplished more than most lawyers do in a lifetime, as

noted in his Declaration;[20] while Narwold, with 44 years of experience, has participated in as many

class actions as any active lawyer in the United States.  As the Court can see, these two (highest

red) dots alone draw the red trendline upward – but appropriately so.

---

[19] If we use only the year of admission for Class Counsel's lawyers, rather than their year of graduation from law school, the trend line is 12.8%, rather than 9.3%, above the comparison trend line).  This difference is immaterial for purposes of this comparison and does not alter my opinion.

[20] Gupta Dec. at ¶ 46 ("I am the founding principal of Gupta Wessler LLP, a boutique law firm that focuses on Supreme Court, appellate, and complex litigation on behalf of plaintiffs and public-interest clients. I am also a Lecturer on Law at Harvard Law School, where I teach the Harvard Supreme Court Litigation Clinic and regularly teach courses on the American civil-justice system. I am a public member of the American Law Institute and an elected member of the Administrative Conference of the United States . . . I have led high-stakes litigation before the U.S. Supreme Court, all thirteen federal circuits, and numerous state and federal courts nationwide. I have also testified before the U.S. Senate, the U.S. House of Representatives, and the Presidential Commission on the Supreme Court. Much of my advocacy has focused on ensuring access to justice for consumers, workers, and communities injured by corporate or governmental wrongdoing.").

19.     In sum, this empirical evidence demonstrates that the rates Class Counsel employ in their lodestar submission are in line with rates found in fee petitions approved by District of Columbia (and Court of Federal Claims) judges overseeing large fund class actions over the past 13 years.

### III.
### RATES FROM CLASS ACTION CASES ARE MORE APPROPRIATE COMPARATORS THAN THE FITZPATRIC MATRIX's BLENDED RATES

20.     The Defendant's brief points out that the rates Class Counsel bill are generally higher, in some cases significantly so, than the rates found in the Fitzpatrick Matrix.[21]   In my opinion, rates from class action cases are more appropriate comparators for Class Counsel's rates than the blended rates set forth in the Matrix for four reasons.

21.     *First,* after generating a data base of rates drawn from 84 recent fee petitions in this District, Professor Fitzpatrick created the Matrix by assigning a single rate to each level of experience; each rate is therefore blended from the rates found in the 84 separate cases.  But when I reviewed the entire PACER docket in each of Professor Fitzpatrick's 84 cases, I found that only 8 were class action cases and that many of the remaining 74 cases were routine fee-shifting matters.[22]  One crude reflection of this is the number of docket entries per case:  in the 74 non-

---

[21] Def. Br. at 5-6.

[22] Two cases in Professor Fitzpatrick's database were Fair Labor Standards Act (FLSA) cases.  I remove those cases from the rest of my analysis because it is difficult to characterize them as either class action or non-class action matters.  *See* 7 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* §§ 24:36 to 24:38 6th ed. & Supp. Dec. 2023) (examining on-going judicial debate about the difference between FLSA "certification" and Rule 23 class certification) [hereinafter "*Newberg and Rubenstein on Class Actions*"].  However, when we included the 2 FLSA cases as either class suits or non-class suits, they had no material effect on the conclusions that follow.

class action cases, the mean is 100 entries per case, with the median case having 54 entries, and more than 70% of those (54 out of 74) having fewer than 100 docket entries; for instance, more than 10% of the cases (8 out of 74) are simple Freedom of Information Act (FOIA) appeals, averaging about 42 docket entries each.  By contrast, the average number of docket entries in the 8 class action cases is 1,207, with the median at 884.[23]  Although Professor Fitzpatrick labels the Matrix rates as appropriate for "complex federal litigation,"[24] my own review of the dockets for the cases that comprise the Matrix suggests that most lack the level of novelty and complexity found in most class action cases, including this one.

22.     *Second*, using the same scatterplot approach described in Part II, my research assistants compared the rates in the Matrix's 74 non-class action cases (396 data points) to the rates in its 8 class action cases (242 data points).  What we found (when comparing the distance between the trendlines at the 242 points for which there were class action rates) was that the rates in the Matrix's 8 class action cases are on average 43.98% higher than the rates in its 74 non-class action cases.  This scatterplot is set forth below as Graph 4, with the class action rates in red and the non-class action rates in orange.

---

[23] The 2 middle cases of the 8 class action matters have 850 and 918 docket entries and 884 is the midpoint of those 2.

[24] Fitzpatrick Dec. at 3 ("The cases included in the data set used to generate the hourly rate matrix constitute complex federal litigation, which caselaw establishes as encompassing a broad range of matters tried in federal court.").

**GRAPH 4**
**MATRIX CLASS ACTION RATES COMPARED TO MATRIX NON-CLASS RATES**



23.    *Third,* then, when the proposed rates in this case are plotted against the class action rates in the Fitzpatrick Matrix, the rates in this case are, on average, precisely the same as (only .65% above) the Matrix's class action rates.  What this means is that the *relevant* data that underlie the Matrix actually provide strong empirical evidence *in support of* the rates that Class Counsel propose here.

24.    *Fourth,* using the blended Matrix rates as a point of comparison – as the Defendant's Brief implies is appropriate – confuses both the content and purpose of the Matrix.

- *Blended content.*  A rate matrix reflects something like Esperanto content, blending rates from diverse cases into one flat spreadsheet.  Such blended rates might be a good tool for high-volume, repeat-player situations where the differences across cases are relatively immaterial and the same attorneys often re-appear.  Using a matrix approach

saves the fee-petitioning lawyers, their adversaries, and the courts, significant work.[25] But as the Matrix's own data show, in class action cases, blended matrix rates have little correlation with the actual hourly rates courts normally approve.

- *Litigation-avoidance goal.*  Consistent with its blended nature, the stated goal of the Matrix is to pretermit the need for rate-related litigation across a run of cases. Specifically, the United States Attorney's Office – the party that will be *paying* the fees – explains that "[f]or matters in which a prevailing party agrees to payment pursuant to this fee matrix, [it] will not request that a prevailing party offer the additional evidence that the law otherwise requires."[26]  In other words, the Matrix is an offer, in an adversarial situation, by one side to the other of a litigation safe harbor; as such, it is something of a compromise, like any dispute resolution offer.

25.    Given this context, it becomes clear that proffering the Matrix as a litigation safe harbor is quite different than deploying the Matrix as evidence, which is what the Defendant attempts to do here.  The Defendant's brief implies that the Matrix provides the right billing rates for this case, in other words, that these rates are those used "in the community for similar services."[27]  But the Defendant makes no attempt to show that – other than to note that some courts have preferred the Fitzpatrick Matrix to other matrices or fee approaches in other cases – while

---

[25] This is particularly true when the matrix is updated regularly and carefully constructed, which the Fitzpatrick Matrix is, as compared to the prior *Laffey* Matrix.  While I have long been a critic of the *Laffey* Matrix, *see* 5 *Newberg and Rubenstein on Class Actions* § 15:43; William B. Rubenstein, *Reasonable Rates: Time To Reload The (Laffey) Matrix,* 2 Class Action Attorney Fee Digest 47 (February 2008), available at https://billrubenstein.com/wp-content/uploads/2019/08/Rubenstein_Feb08_column.pdf, Professor Fitzpatrick's rebooting of the matrix provides an empirical basis more recent, robust, and thorough than the now 40-year old data upon which the original *Laffey* Matrix was based.

[26] U.S. Attorney's Office for the District of Columbia, Civil Division, The Fitzpatrick Matrix, Explanatory Notes, at 2 (Note 3), available at https://www.justice.gov/usao-dc/page/file/1504396/download.  *See also id.*, at 1 (Note 1) ("This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared to assist with resolving requests for attorney's fees . . .").

[27] *Id.* (citing *Eley v. District of Columbia*, 793 F.3d 97, 104 (D.C. Cir. 2015) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995) (requiring "evidence that [the] 'requested rates are in line with those prevailing in the community for similar services'")).

nonetheless alleging that Class Counsel's rates are "above-market" and that the Matrix represents "prevailing market rates."[28]  It is one thing for a party on the hook for fees to publish fee levels it pledges not to contest, but a different thing entirely for that party to assert that these blended safe harbor rates are "prevailing market rates" in all cases.  Given the Defendant's general self-interest,[29] the blended safe harbor rates are entitled to no special deference in *litigated* rate disputes but should be put to the same test as any other proposal:  do they accurately reflect prevailing rates in the community for services similar to those provided *in this case*.  As shown in Part I and by the Matrix's own data, the Matrix's blended rates clearly do not reflect prevailing rates in this community for class action practitioners.

26.     In sum, the blended rates in the Fitzpatrick Matrix may serve as a helpful means for avoiding rate disputes in high volume situations, where repeat-playing attorneys undertake relatively similar work case-to-case.  But, as the rates found in the Matrix's 8 class action cases demonstrate, the blended rates are not a good reference point for class action cases.

* * *

---

[28] Def. Br. at 6-7.

[29] 5 *Newberg and Rubenstein on Class Actions*, at § 15:43 ("[I]t is particularly peculiar that courts often rely on the version of the matrix produced by the U.S. Attorney's Office for the District of Columbia, as that that office is not a neutral purveyor of the matrix: given that the government is typically the defendant in fee-shifting cases and, thus, generally the party responsible for paying the fees, it is self-interested and has an incentive to present low hourly rates. Not surprisingly, therefore, the rates calculated by the USAO are typically well below market rates in most parts of the country.").

27.     I have testified that:

- Data drawn from comparable class actions in this District – in my own dataset and in the 8 class action cases in the Fitzpatrick Matrix database – provide strong support for the conclusion that the hourly billing rates Class Counsel employ in their lodestar cross-check are reasonable.

- Rates drawn from class actions are better points of comparison for Class Counsel's billing rates in this case than are blended rates drawn from a matrix, which is meant to serve as a means for avoiding rate disputes in repeat, high volume, cookie-cutter litigation.

October 2, 2023

_____

William B. Rubenstein

# EXHIBIT A

`

# PROFESSOR WILLIAM B. RUBENSTEIN

Harvard Law School - AR323                                    (617) 496-7320
1545 Massachusetts Avenue                         rubenstein@law.harvard.edu
Cambridge, MA 02138

### ACADEMIC EMPLOYMENT

HARVARD LAW SCHOOL, CAMBRIDGE MA
    Bruce Bromley Professor of Law                                 2018-present
    Sidley Austin Professor of Law                                   2011-2018
    Professor of Law                                                 2007-2011
    Bruce Bromley Visiting Professor of Law                          2006-2007
    Visiting Professor of Law                             2003-2004, 2005-2006
    Lecturer in Law                                                  1990-1996
        *Courses*:     Civil Procedure; Class Action Law; Remedies
        *Awards*:     2012 Albert M. Sacks-Paul A. Freund Award for Teaching Excellence
        *Membership*: American Law Institute; American Bar Foundation Fellow

UCLA SCHOOL OF LAW, LOS ANGELES CA
    Professor of Law                                                 2002-2007
    Acting Professor of Law                                          1997-2002
        *Courses*:     Civil Procedure; Complex Litigation; Remedies
        *Awards*:     2002 Rutter Award for Excellence in Teaching
                    Top 20 California Lawyers Under 40, *Calif. Law Business* (2000)

STANFORD LAW SCHOOL, STANFORD CA
    Acting Associate Professor of Law                                1995-1997
        *Courses*:     Civil Procedure; Federal Litigation
        *Awards*:     1997 John Bingham Hurlbut Award for Excellence in Teaching

YALE LAW SCHOOL, NEW HAVEN CT
    Lecturer in Law                                                  1994, 1995

BENJAMIN N. CARDOZO SCHOOL OF LAW, NEW YORK NY
    Visiting Professor                                               Summer 2005

### LITIGATION-RELATED EMPLOYMENT

AMERICAN CIVIL LIBERTIES UNION, NATIONAL OFFICE, NEW YORK NY
    Project Director and Staff Counsel                               1987-1995
    -Litigated impact cases in federal and state courts throughout the United States.
    -Supervised a staff of attorneys at the national office, oversaw work of ACLU attorneys
    around the country and coordinated work with private cooperating counsel nationwide.
    -Significant experience in complex litigation practice and procedural issues; appellate
    litigation; litigation coordination, planning and oversight.

HON. STANLEY SPORKIN, U.S. DISTRICT COURT, WASHINGTON DC
    Law Clerk                                                        1986-87

PUBLIC CITIZEN LITIGATION GROUP, WASHINGTON DC
    Intern                                                          Summer 1985

EDUCATION

HARVARD LAW SCHOOL, CAMBRIDGE MA
      J.D., 1986, *magna cum laude*

YALE COLLEGE, NEW HAVEN CT
      B.A., 1982, *magna cum laude*
        Editor-in-Chief, YALE DAILY NEWS

SELECTED COMPLEX LITIGATION EXPERIENCE

*Professional Service and Highlighted Activities*

◊   *Author,* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019))

◊   *Speaker,* Judicial Panel on Multidistrict Litigation, Multidistrict Litigation (MDL) Transferee Judges Conference, Palm Beach, Florida (provided presentation to MDL judges on recent developments in class action law and related topics (2010, 2011, 2013-2019)

◊   *Panelist,* Federal Judicial Center, *Managing Multidistrict Litigation and Other Complex Litigation Workshop* (for federal judges) (March 15, 2018)

◊   *Amicus curiae,* authored *amicus* brief on proper approach to incentive awards in class action lawsuits in conjunction with motion for rehearing *en banc* in the United States Court of Appeals for the Eleventh Circuit (*Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020))

◊   *Amicus curiae,* authored *amicus* brief in United States Supreme Court on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos*, 139 S. Ct. 1041 (2019))

◊   *Amicus curiae,* authored *amicus* brief in California Supreme Court on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc.*, 376 P.3d 672, 687 (Cal. 2016) (noting reliance on *amicus* brief))

◊   *Amicus curiae,* authored *amicus* brief in the United States Supreme Court filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011))

◊   *Adviser,* American Law Institute, *Project on the Principles of the Law of Aggregate Litigation*, Philadelphia, Pennsylvania

◊   *Advisory Board, Class Action Law Monitor* (Strafford Publications), 2008-

◊   *Co-Chair,* ABA Litigation Section, Mass Torts Committee, Class Action Sub-Committee, 2007

◊   *Planning Committee,* American Bar Association, Annual National Institute on Class Actions Conference, 2006, 2007

◊   *"Expert's Corner"* (Monthly Column)*, Class Action Attorney Fee Digest,* 2007-2011

## Judicial Appointments

◊   *Co-Mediator.*   Appointed by the United States District Court for the Eastern District of Pennsylvania to help mediate a complex attorney's fees issue (*In re National Football League Players' Concussion Injury Litigation*, Civil Action No. 2:12-md-02323 (E.D. Pa. June-September 2022))

◊   *Mediator.*   Appointed by the United States District Court for the Southern District of New York to mediate a set of complex issues in civil rights class action (*Grottano v. City of New York*, Civil Action No. 15-cv-9242 (RMB) (May 2020-January 2021))

◊   *Expert consultant.*   Appointed by the United States District Court for the Northern District of Ohio, and Special Master, as an expert consultant on class certification and attorney's fees issues in complex multidistrict litigation (*National Prescription Opiate Litigation,* MDL 2804, Civil Action No. 1:17-md-2804 (N.D. Ohio Aug. 13, 2018; June 29, 2019; March 10, 2020))

◊   *Expert witness.*   Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D. Pa. April 5, 2018))

◊   *Appellate counsel.*   Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom.*, *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016))

## Expert Witness

◊   Submitted expert witness declarations concerning reasonableness of – and proper approach to – attorney's fees in context of issue class action judgment (*James, et al., v. PacifiCorp, et al.,* Civil Action No. 20CV33885 (Oregon Circuit Court, Multnomah Cty. 2023))

◊   Retained as an expert witness concerning reasonableness of attorney's fee request (*In re Wells Fargo & Company Securities Litigation*, Case No. 1:20-cv-04494-GHW (S.D.N.Y. 2023))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*In re Facebook, Inc. Consumer Privacy User Profile Litigation,* Civil Action No. 3:18-cv-02843-VC (N.D. Cal. 2023))

◊   Submitted expert witness declaration concerning constitutionality of proposed procedures for resolving aggregate claims within a bankruptcy proceeding (*In re PG&E Corporation and Pacific Gas and Electric Company,* Bankruptcy Case No. 19-30088 (N.D. Cal. Bankrpt. 2023))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Health Republic Insurance Company v. United States,* Civil Action No. 1:16-cv-0259C (Ct. Fed. Cl. 2023))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Benson, et al. v. DoubleDown Interactive, LLC, et al.,* Civil Action No. 2:18-cv-00525 (W.D. Wash. 2023))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fees request (*In re Twitter Inc. Securities Litigation,* Case No. 4:16-cv-05314 (N.D. Cal. October 13, 2022))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Ferrando v. Zynga Inc.,* Civil Action No. 2:22-cv-00214 (W.D. Wash. 2022))

◊   Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Lyft, Inc. Securities Litigation,* Case No. 4:19-cv-02690 (N.D. Cal. August 19, 2022))

◊   Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re:  Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836, 2:18-md-2836 (E.D. Va. July 12, 2022))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Reed v. Scientific Games Corp.,* Civil Action No. 2:18-cv-00565 (W.D. Wash. 2022))

◊   Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Micro Focus International PLC Securities Litigation,* Master File No. 1:18-cv-06763 (S.D.N.Y., May 4, 2022))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Americredit Financial Services, Inc., d/b/a/ GM Financial v. Bell,* No. 15SL-AC24506-01 (Twenty-First Judicial Circuit Court, St. Louis County, Missouri, March 13, 2022))

◊   Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re:  Marjory Stoneman Douglas High School Shooting FTCA Litigation*, Case No. 0:18-cv-62758 (S.D. Fla. February 7, 2022))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc*., No. 12-CV-0256 (LAK), 2021 WL 2453972(S.D.N.Y. June 15, 2021))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Kater v. Churchill Downs,* Civil Action No. 2:15-cv-00612 (W.D. Wash. 2020))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Playtika, LTD,* Civil Action No. 3:18-cv-05277 (W.D. Wash. 2020))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Huuuge,* Civil Action No. 3:18-cv-005276 (W.D. Wash. 2020))

◊   Submitted expert witness declarations and testified at fairness hearing concerning (1) reasonableness of attorney's fee request and (2) empirical data confirming robustness of class claims rate (*In re*

*Facebook Biometric Information Privacy Litigation,* Civil Action No. 3:15-cv-03747-JD (N.D. Cal. (2020))

◊   Retained as an expert witness on issues regarding the Lead Plaintiff/Lead Counsel provisions of the Private Securities Litigation Reform Act of 1995 (PSLRA) (*In re Apple Inc. Securities Litigation.,* Civil Action No. 4:19-cv-02033-YGR (N.D. Cal. (2020))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Amador v. Baca*, Civil Action No. 2:10-cv-01649 (C.D. Cal. February 9, 2020))

◊   Submitted an expert witness declaration concerning reasonableness of class action settlement (*In re: Columbia Gas Cases*, Civil Action No. 1877CV01343G (Mass. Super. Ct., Essex County, February 6, 2020))

◊   Submitted an expert witness declaration, and reply declaration, concerning reasonableness of attorney's fee request (*Hartman v. Pompeo*, Civil Action No. 1:77-cv-02019 (D.D.C. October 10, 2019; February 28, 2020))

◊   Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re:  Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724, 16-MD-2724 (E.D. Pa. May 15, 2019))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request, relied upon by court in awarding fees (*Hale v. State Farm Mut. Auto. Ins. Co*., 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018))

◊   Submitted expert witness affidavit and testified at fairness hearing concerning second phase fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294 (New Hampshire Superior Court, Merrimack County (2018))

◊   Submitted expert witness report – and rebutted opposing expert – concerning class certification issues for proposed class action within a bankruptcy proceeding (*In re Think Finance,* Case No. 17-33964 (N.D. Tex. Bankrpt. 2018))

◊   Submitted an expert witness declaration concerning specific fee issues raised by Court at fairness hearing and second declaration in response to report of Special Master (*In re Anthem, Inc. Data Breach Litigation,* Case No. 15-MD-02617-LHK (N.D. Cal. 2018))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request following plaintiffs' verdict at trial in consumer class action (*Krakauer v. Dish Network, L.L.C.,* Civil Action No. 1:14-cv-00333 (M.D.N.C. 2018))

◊   Submitted three expert witness declarations and deposed by/testified in front of Special Master in investigation concerning attorney's fee issues (*Arkansas Teacher Ret. Sys. v. State St. Bank & Trust Co.*, Civ. Action No. 1:11-cv-10230 (D. Mass. 2017-18))

◊   Retained as an expert witness on issues regarding the preclusive effect of a class action judgment on later cases (*Sanchez v. Allianz Life Insurance Co. of N. Amer.,* Case No. BC594715 (California Superior

Court, Los Angeles County (2018))

◊   Retained as an expert witness and submitted report explaining meaning of the denial of a motion to dismiss in American procedure to foreign tribunals (*In re Qualcomm Antitrust Matter,* declaration submitted to tribunals in Korea and Taiwan (2017))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 3.0-liter settlement, referenced by court in awarding fees (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 3175924 (N.D. Cal. July 21, 2017))

◊   Retained as an expert witness concerning impracticability of joinder in antitrust class action (*In re Celebrex (Celecoxib) Antitrust Litigation,* Civ. Action No. 2-14-cv-00361 (E.D. Va. (2017))

◊   Submitted an expert witness declaration and deposed concerning impracticability of joinder in antitrust class action (*In re Modafinil Antitrust Litigation,* Civ. Action No. 2-06-cv-01797 (E.D. Pa. (2017))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 2.0-liter settlement (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 1047834 (N.D. Cal., March 17, 2017))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Aranda v. Caribbean Cruise Line, Inc.,* 2017 WL 1368741 (N.D. Ill., April 10, 2017))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*McKinney v. United States Postal Service*, Civil Action No. 1:11-cv-00631 (D.D.C. (2016))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed fee mediation (2016)

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Geancopoulos v. Philip Morris USA Inc.,* Civil Action No. 98-6002-BLS1 (Mass. Superior Court, Suffolk County))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed fee mediation (2016)

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Gates v. United Healthcare Insurance Company,* Case No. 11 Civ. 3487 (S.D.N.Y. 2015))

◊   Retained as an expert trial witness on class action procedures and deposed prior to trial in matter that settled before trial (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015))

◊   Retained as an expert witness concerning adequacy of putative class representatives in securities class action (*Medoff v. CVS Caremark Corp.,* Case No. 1:09-cv-00554 (D.R.I. (2015))

◊   Submitted an expert witness declaration concerning reasonableness of proposed class action settlement, settlement class certification, attorney's fees, and incentive awards (*Fitzgerald Farms, LLC v. Chespeake Operating, L.L.C.,* Case No. CJ-2010-38, Dist. Ct., Beaver County, Oklahoma (2015))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Asghari v. Volkswagen Grp. of Am., Inc.*, 2015 WL 12732462 (C.D. Cal. May 29, 2015))

◊   Submitted an expert witness declaration concerning propriety of severing individual cases from class action and resulting statute of repose ramifications (*In re: American   International Group, Inc. 2008 Securities Litigation,* 08-CV-4772-LTS-DCF (S.D.N.Y. (2015))

◊   Retained by Fortune Global 100 Corporation as an expert witness on fee matter that settled before testimony (2015)

◊   Submitted an expert witness declaration and testified at Special Master proceeding concerning reasonableness of attorney's fee allocation in sealed fee mediation (2014-2015)

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*In re: Hyundai and Kia Fuel Economy Litigation,* MDL 13-02424 (C.D. Cal. (2014))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Ammari Electronics v. Pacific Bell Directory*, Case No. RG0522096, California Superior Court, Alameda County (2014))

◊   Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Deutsche Bank Securities, Inc.,* Case No. CGC-10-497839, California Superior Court, San Francisco County (2014))

◊   Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Credit Suisse Securities (USA) LLC,* Case No. CGC-10-497840, California Superior Court, San Francisco County (2014))

◊   Retained as expert witness on proper level of common benefit fee in MDL (*In re Neurontin Marketing and Sales Practice Litigation,* Civil Action No. 04-10981, MDL 1629 (D. Mass. (2014))

◊   Submitted an expert witness declaration concerning Rule 23(g) selection of competing counsel, referenced by court in deciding issue (*White v. Experian Information Solutions, Inc.,* 993 F. Supp. 2d

1154 (C.D. Cal. (2014))

◊   Submitted an expert witness declaration concerning proper approach to attorney's fees under California law in a statutory fee-shifting case (*Perrin v. Nabors Well Services Co.,* Case No. 1220037974, Judicial Arbitration and Mediation Services (JAMS) (2013))

◊   Submitted an expert witness declaration concerning fairness and adequacy of proposed nationwide class action settlement (*Verdejo v. Vanguard Piping Systems,* Case No. BC448383, California Superior Court, Los Angeles County (2013))

◊   Retained as an expert witness regarding fairness, adequacy, and reasonableness of proposed nationwide consumer class action settlement   (*Herke v. Merck,* No. 2:09-cv-07218, MDL Docket No. 1657 (*In re Vioxx Products Liability Litigation*) (E. D. La. (2013))

◊   Retained as an expert witness concerning ascertainability requirement for class certification and related issues (*Henderson v. Acxiom Risk Mitigation, Inc.,* Case No. 3:12-cv-00589-REP (E.D. Va. (2013))

◊   Submitted an expert witness declaration concerning reasonableness of class action settlement and performing analysis of Anet expected value@ of settlement benefits, relied on by court in approving settlement (*In re Navistar Diesel Engine Products Liab. Litig.*, 2013 WL 10545508 (N.D. Ill. July 3, 2013))

◊   Submitted an expert witness declaration concerning reasonableness of class action settlement and attorney's fee request (*Commonwealth Care All. v. Astrazeneca Pharm. L.P.*, 2013 WL 6268236 (Mass. Super. Aug. 5, 2013))

◊   Submitted an expert witness declaration concerning propriety of preliminary settlement approval in nationwide consumer class action settlement (*Anaya v. Quicktrim, LLC,* Case No.  CIVVS 120177, California Superior Court, San Bernardino County (2012))

◊   Submitted expert witness affidavit concerning fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294, New Hampshire Superior Court, Merrimack County (2012))

◊   Submitted expert witness declaration and deposed concerning class certification issues in nationwide fraud class action, relied upon by the court in affirming class certification order (*CVS Caremark Corp. v. Lauriello,* 175 So. 3d 596, 609-10 (Ala. 2014))

◊   Submitted expert witness declaration in securities class action concerning value of proxy disclosures achieved through settlement and appropriate level for fee award (*Rational Strategies Fund v. Jhung,* Case No. BC 460783, California Superior Court, Los Angeles County (2012))

◊   Submitted an expert witness report and deposed concerning legal malpractice in the defense of a class action lawsuit (*KB Home v. K&L Gates, LLP,* Case No. BC484090, California Superior Court, Los Angeles County (2011))

◊   Retained as expert witness on choice of law issues implicated by proposed nationwide class certification (*Simon v. Metropolitan Property and Cas. Co.,* Case No. CIV-2008-1008-W (W.D. Ok. (2011))

**A-8**

◊   Retained, deposed, and testified in court as expert witness in fee-related dispute (*Blue, et al. v. Hill,*Case No. 3:10-CV-02269-O-BK (N.D. Tex. (2011))

◊   Retained as an expert witness in fee-related dispute (*Furth v. Furth*, Case No. C11-00071-DMR (N.D. Cal. (2011))

◊   Submitted expert witness declaration concerning interim fee application in complex environmental class action (*DeLeo v. Bouchard Transportation,* Civil Action No. PLCV2004-01166-B, Massachusetts Superior Court (2010))

◊   Retained as an expert witness on common benefit fee issues in MDL proceeding in federal court (*In re Vioxx Products Liability Litigation*, MDL Docket No. 1657 (E.D. La. (2010))

◊   Submitted expert witness declaration concerning fee application in securities case, referenced by court in awarding fee (*In re AMICAS, Inc. Shareholder Litigation,* 27 Mass. L. Rptr. 568 (Mass. Sup. Ct. (2010))

◊   Submitted an expert witness declaration concerning fee entitlement and enhancement in non-common fund class action settlement, relied upon by the court in awarding fees (*Parkinson v. Hyundai Motor America*, 796 F.Supp.2d 1160, 1172-74 (C.D. Cal. 2010))

◊   Submitted an expert witness declaration concerning class action fee allocation among attorneys (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊   Submitted an expert witness declaration concerning settlement approval and fee application in wage and hour class action settlement (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊   Submitted an expert witness declaration concerning objectors' entitlement to attorney's fees (*Rodriguez v. West Publishing Corp.,* Case No. CV-05-3222 (C.D. Cal. (2010))

◊   Submitted an expert witness declaration concerning fairness of settlement provisions and processes, relied upon by the Ninth Circuit in reversing district court's approval of class action settlement (*Radcliffe v. Experian Inform. Solutions Inc.*, 715 F.3d 1157, 1166 (9th Cir. 2013))

◊   Submitted an expert witness declaration concerning attorney's fees in class action fee dispute, relied upon by the court in deciding fee issue (*Ellis v. Toshiba America Information Systems, Inc.*, 218 Cal. App. 4th 853, 871, 160 Cal. Rptr. 3d 557, 573 (2d Dist. 2013))

◊   Submitted an expert witness declaration concerning common benefit fee in MDL proceeding in federal court (*In re Genetically Modified Rice Litigation*, MDL Docket No. 1811 (E.D. Mo. (2009))

◊   Submitted an expert witness declaration concerning settlement approval and fee application in national MDL class action proceeding (*In re Wal-Mart Wage and Hour Employment Practices Litigation*, MDL Docket No.1735 (D. Nev. (2009))

**A-9**

◊   Submitted an expert witness declaration concerning fee application in national MDL class action proceeding, referenced by court in awarding fees (*In re Dept. of Veterans Affairs (VA) Data Theft Litigation*, 653 F. Supp.2d 58 (D.D.C. (2009))

◊   Submitted an expert witness declaration concerning common benefit fee in mass tort MDL proceeding in federal court (*In re Kugel Mesh Products Liability Litigation*, MDL Docket No. 1842 (D. R.I. (2009))

◊   Submitted an expert witness declaration and supplemental declaration concerning common benefit fee in consolidated mass tort proceedings in state court (*In re All Kugel Mesh Individual Cases*, Master Docket No. PC-2008-9999, Superior Court, State of Rhode Island (2009))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Warner v. Experian Information Solutions, Inc.*, Case No.   BC362599, California Superior Court, Los Angeles County (2009))

◊   Submitted an expert witness declaration concerning process for selecting lead counsel in complex MDL antitrust class action (*In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL Docket No. 1869 (D. D.C. (2008))

◊   Retained, deposed, and testified in court as expert witness on procedural issues in complex class action (*Hoffman v. American Express*, Case No. 2001-022881, California Superior Court, Alameda County (2008))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Salsgiver v. Yahoo! Inc.*, Case No. BC367430, California Superior Court, Los Angeles County (2008))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Voight v. Cisco Systems, Inc.*, Case No. 106CV075705, California Superior Court, Santa Clara County (2008))

◊   Retained and deposed as expert witness on fee issues in attorney fee dispute (*Stock v. Hafif,* Case No. KC034700, California Superior Court, Los Angeles County (2008))

◊   Submitted an expert witness declaration concerning fee application in consumer class action (*Nicholas v. Progressive Direct*, Civil Action No. 06-141-DLB (E.D. Ky. (2008))

◊   Submitted expert witness declaration concerning procedural aspects of national class action arbitration (*Johnson v. Gruma Corp.,* JAMS Arbitration No. 1220026252 (2007))

◊   Submitted expert witness declaration concerning fee application in securities case (*Drulias v. ADE Corp.,* Civil Action No. 06-11033 PBS (D. Mass. (2007))

◊   Submitted expert witness declaration concerning use of expert witness on complex litigation matters in criminal trial (*U.S. v. Gallion, et al*., No. 07-39 (E. D. Ky. (2007))

◊   Retained as expert witness on fees matters (*Heger v. Attorneys' Title Guaranty Fund, Inc.,* No. 03-L-398, Illinois Circuit Court, Lake County, IL (2007))

◊   Retained as expert witness on certification in statewide insurance class action (*Wagner v. Travelers Property Casualty of America*, No. 06CV338, Colorado District Court, Boulder County, CO (2007))

◊   Testified as expert witness concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corporate Derivative Litigation*, Case No. 01098905, California Superior Court, Santa Barbara Cty, CA (2006))

◊   Submitted expert witness declaration concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corp. Corporate Derivative Litigation*, Case No. CV-03-11 RSWL (C.D. Cal. (2006))

◊   Retained as expert witness as to certification of class action (*Canova v. Imperial Irrigation District*, Case No. L-01273, California Superior Court, Imperial Cty, CA (2005))

◊   Retained as expert witness as to certification of nationwide class action (*Enriquez v. Edward D. Jones & Co.,* Missouri Circuit Court, St. Louis, MO (2005))

◊   Submitted expert witness declaration on procedural aspects of international contract litigation filed in court in Korea (*Estate of Wakefield v. Bishop Han & Jooan Methodist Church* (2002))

◊   Submitted expert witness declaration as to contested factual matters in case involving access to a public forum (*Cimarron Alliance Foundation v. The City of Oklahoma City,* Case No. Civ. 2001-1827-C (W.D. Ok. (2002))

◊   Submitted expert witness declaration concerning reasonableness of class certification, settlement, and fees (*Baird v. Thomson Elec. Co.*, Case No. 00-L-000761, Cir. Ct., Mad. Cty, IL (2001))

*Expert Consultant*

◊   Retained as a consulting expert in complex MDL/class action concerning attorney's fees issues (2023)

◊   Retained as an expert in confidential matter pending in international arbitration forum concerning litigation financing issues in complex litigation (2022-2023)

◊   Retained as an expert in matter pending in several federal courts concerning attorney's fees in class action setting (2022-2023)

◊   Retained as an expert witness on class action issues in complex mass tort MDL (*In re Roundup Products Liability Litigation,* Civil Action No. 3:16-md-02741-VC (N.D. Cal. (2020))

◊   Provided expert consulting services to Harvard Law School Predatory Lending and Consumer Protection Clinic concerning complex class action issues in bankruptcy (*In re: ITT Educational Services Inc.,* Case No. 16-07207-JMC-7A (Bank. S.D. Ind. 2020))

◊   Provided expert consulting services to law firm concerning complex federal procedural and bankruptcy issues (*Homaidan v. Navient Solutions, LLC*, Adv. Proc. No. 17-1085 (Bank. E.D.N.Y 2020))

**A-11**

◊    Provided expert consulting services to the ACLU on multi-district litigation issues arising out of various challenges to President Trump's travel ban and related policies (*In re American Civil Liberties Union Freedom of Information Act Requests Regarding Executive Order 13769*, Case Pending No. 28, Judicial Panel on Multidistrict Litigation (2017); *Darweesh v. Trump*, Case No. 1:17-cv-00480-CBA-LB (E.D.N.Y. (2017))

◊    Provided expert consulting services to law firm regarding billing practices and fee allocation issues in nationwide class action (2016)

◊    Provided expert consulting services to law firm regarding fee allocation issues in nationwide class action (2016)

◊    Provided expert consulting services to the ACLU of Southern California on class action and procedural issues arising out of challenges to municipality's treatment of homeless persons with disabilities (*Glover v. City of Laguna Beach*, Case No. 8:15-cv-01332-AG-DFM (C.D. Cal. (2016))

◊    Retained as an expert consultant on class certification issues (*In re: Facebook, Inc., IPO Securities and Derivative Litigation*, No. 1:12-md-2389 (S.D.N.Y. 2015))

◊    Provided expert consulting services to lead class counsel on class certification issues in nationwide class action (2015)

◊    Retained by a Fortune 100 Company as an expert consultant on class certification issues

◊    Retained as an expert consultant on class action and procedure related issues (*Lange et al v. WPX Energy Rocky Mountain LLC*, Case No. 2:13-cv-00074-ABJ (D. Wy. (2013))

◊    Retained as an expert consultant on class action and procedure related issues (*Flo & Eddie, Inc., v. Sirius XM Radio, Inc.*, Case No. CV 13-5693 (C.D. Cal. (2013))

◊    Served as an expert consultant on substantive and procedural issues in challenge to legality of credit card late and over-time fees (*In Re Late Fee and Over-Limit Fee Litigation*, 528 F.Supp.2d 953 (N.D. Cal. 2007), *aff'd*, 741 F.3d 1022 (9th Cir. 2014))

◊    Retained as an expert on Class Action Fairness Act (CAFA) removal issues and successfully briefed and argued remand motion based on local controversy exception (*Trevino, et al. v. Cummins, et al.*, No. 2:13-cv-00192-JAK-MRW (C. D. Cal. (2013))

◊    Retained as an expert consultant on class action related issues by consortium of business groups (*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010*, MDL No. 2179 (E.D. La. (2012))

◊    Provided presentation on class certification issues in nationwide medical monitoring classes (*In re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323, Case No. 2:12-md-02323-AB (E.D. Pa. (2012))

◊    Retained as an expert consultant on class action related issues in mutli-state MDL consumer class action

(*In re Sony Corp. SXRD Rear Projection Television Marketing, Sales Practices & Prod. Liability Litig.*, MDL No. 2102 (S.D. N.Y. (2009))

◊   Retained as an expert consultant on class action certification, manageability, and related issues in mutli-state MDL consumer class action (*In re Teflon Prod. Liability Litig.*, MDL No. 1733 (S.D. Iowa (2008))

◊   Retained as an expert consultant/co-counsel on certification, manageability, and related issues in nationwide anti-trust class action (*Brantley v. NBC Universal*, No.- CV07-06101 (C.D. Cal. (2008))

◊   Retained as an expert consultant on class action issues in complex multi-jurisdictional construction dispute (*Antenucci, et al., v. Washington Assoc. Residential Partner, LLP, et al.,* Civil No. 8-04194 (E.D. Pa. (2008))

◊   Retained as an expert consultant on complex litigation issues in multi-jurisdictional class action litigation (*McGreevey v. Montana Power Company*, No. 08-35137, U.S. Court of Appeals for the Ninth Circuit (2008))

◊   Retained as an expert consultant on class action and attorney fee issues in nationwide consumer class action (*Figueroa v. Sharper Image*, 517 F.Supp.2d 1292 (S.D. Fla. 2007))

◊   Retained as an expert consultant on attorney's fees issue in complex class action case (*Natural Gas Anti-Trust Cases Coordinated Proceedings*, D049206, California Court of Appeals, Fourth District (2007))

◊   Retained as an expert consultant on remedies and procedural matters in complex class action (*Sunscreen Cases*, JCCP No. 4352, California Superior Court, Los Angeles County (2006))

◊   Retained as an expert consultant on complex preclusion questions in petition for review to California Supreme Court (*Mooney v. Caspari,* Supreme Court of California (2006))

◊   Retained as an expert consultant on attorney fee issues in complex common fund case (*In Re DietDrugs (Phen/Fen) Products Liability Litigation* (E. D. Pa. (2006))

◊   Retained as an expert consultant on procedural matters in series of complex construction lien cases (*In re Venetian Lien Litigation*, Supreme Court of the State of Nevada (2005-2006))

◊   Served as an expert consultant on class certification issues in countywide class action (*Beauchamp v. Los Angeles Cty. Metropolitan Transp. Authority*, (C.D. Cal. 2004))

◊   Served as an expert consultant on class certification issues in state-wide class action (*Williams v. State of California*, Case No. 312-236, Cal. Superior Court, San Francisco)

◊   Served as an exert consultant on procedural aspects of complex welfare litigation (*Allen v. Anderson*, 199 F.3d 1331 (9th Cir. 1999))

## Ethics Opinions

◊   Retained to provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2017))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2013))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2011))

◊   Provided expert opinion on issues of professional ethics in implicated by nationwide class action practice (*In re Professional Responsibility Inquiries* (2010))

◊   Provided expert opinion on issues of professional ethics implicated by complex litigation matter (*In re Professional Responsibility Inquiries* (2010))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2007))

## Publications on Class Actions & Procedure

◊   NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019)

◊   *Deconstitutionalizing Personal Jurisdiction:   A Separation of Powers Approach,* Harvard Public Law Working Paper No. 20-34, https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3715068.

◊   *The Negotiation Class:   A Cooperative Approach to Class Actions Involving Large Stakeholders,* 99 TEXAS L. REV.73 (2020) (with Francis E. McGovern)

◊   *Profit for Costs*, 63 DEPAUL L. REV. 587 (2014) (with Morris A. Ratner)

◊   *Procedure and Society: An Essay for Steve Yeazell,* 61 U.C.L.A. REV. DISC. 136 (2013)

◊   *Supreme Court Round-Up – Part II*, 5 CLASS ACTION ATTORNEY FEE DIGEST 331 (September 2011)

◊   *Supreme Court Round-Up – Part I*, 5 CLASS ACTION ATTORNEY FEE DIGEST 263 (July-August 2011)

◊   *Class Action Fee Award* Procedures, 5 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2011)

◊   *Benefits of Class Action Lawsuits*, 4 CLASS ACTION ATTORNEY FEE DIGEST 423 (November 2010)

◊   *Contingent Fees for Representing the Government: Developments in California Law*, 4 CLASS ACTION ATTORNEY FEE DIGEST 335 (September 2010)

◊   *Supreme Court Roundup*, 4 CLASS ACTION ATTORNEY FEE DIGEST 251 (July 2010)

◊   *SCOTUS Okays Performance Enhancements in Federal Fee Shifting Cases – At Least In Principle,* 4 CLASS ACTION ATTORNEY FEE DIGEST 135 (April 2010)

◊   *The Puzzling Persistence of the AMega-Fund@ Concept*, 4 CLASS ACTION ATTORNEY FEE DIGEST 39 (February 2010)

◊   *2009: Class Action Fee Awards Go Out With A Bang, Not A Whimper*, 3 CLASS ACTION ATTORNEY FEE DIGEST 483 (December 2009)

◊   *Privatizing Government Litigation: Do Campaign Contributors Have An Inside Track?*, 3 CLASS ACTION ATTORNEY FEE DIGEST 407   (October 2009)

◊   *Supreme Court Preview*, 3 CLASS ACTION ATTORNEY FEE DIGEST 307 (August 2009)

◊   *Supreme Court Roundup*, 3 CLASS ACTION ATTORNEY FEE DIGEST 259 (July 2009)

◊   *What We Now Know About How Lead Plaintiffs Select Lead Counsel (And Hence Who Gets Attorney's Fees!) in Securities Cases*, 3 CLASS ACTION ATTORNEY FEE DIGEST 219 (June 2009)

◊   *Beware Of Ex Ante Incentive Award Agreements*, 3 CLASS ACTION ATTORNEY FEE DIGEST 175 (May 2009)

◊   *On What a "Common Benefit Fee" Is, Is Not, and Should Be*, 3 CLASS ACTION ATTORNEY FEE DIGEST 87 (March 2009)

◊   *2009: Emerging Issues in Class Action Fee Awards*, 3 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2009)

◊   *2008:   The Year in Class Action Fee Awards*, 2 CLASS ACTION ATTORNEY FEE DIGEST 465 (December 2008)

◊   *The Largest Fee Award – Ever!*, 2 CLASS ACTION ATTORNEY FEE DIGEST 337 (September 2008)

◊   *Why Are Fee Reductions Always 50%?: On The Imprecision of Sanctions for Imprecise Fee Submissions*, 2 CLASS ACTION ATTORNEY FEE DIGEST 295 (August 2008)

◊   *Supreme Court Round-Up,* 2 CLASS ACTION ATTORNEY FEE DIGEST 257 (July 2008)

◊   *Fee-Shifting For Wrongful Removals: A Developing Trend?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 177 (May 2008)

◊   *You Cut, I Choose:   (Two Recent Decisions About) Allocating Fees Among Class Counsel,* 2 CLASS ACTION ATTORNEY FEE DIGEST 137 (April 2008)

◊   *Why The Percentage Method?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 93 (March 2008)

◊   *Reasonable Rates: Time To Reload The (*Laffey*) Matrix,* 2 CLASS ACTION ATTORNEY FEE DIGEST 47 (February 2008)

◊   *The "Lodestar Percentage" A New Concept For Fee Decisions?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2008)

◊   *Class Action Practice Today: An Overview, in* ABA SECTION OF LITIGATION, CLASS ACTIONS TODAY 4 (2008)

◊   *Shedding Light on Outcomes in Class Actions*, *in* CONFIDENTIALITY, TRANSPARENCY, AND THE U.S. CIVIL JUSTICE SYSTEM 20-59 (Joseph W. Doherty, Robert T. Reville, and Laura Zakaras eds. 2008) (with Nicholas M. Pace)

◊   *Finality in Class Action Litigation: Lessons From Habeas,* 82 N.Y.U. L. REV. 791 (2007)

◊   *The American Law Institute's New Approach to Class Action Objectors' Attorney's Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 347 (November 2007)

◊   *The American Law Institute's New Approach to Class Action Attorney's Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 307 (October 2007)

◊   *"The Lawyers Got More Than The Class Did!":  Is It Necessarily Problematic When Attorneys Fees Exceed Class Compensation?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 233 (August 2007)

◊   *Supreme Court Round-Up,* 1 CLASS ACTION ATTORNEY FEE DIGEST 201 (July 2007)

◊   *On The Difference Between Winning and Getting Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 163 (June 2007)

◊   *Divvying Up The Pot: Who Divides Aggregate Fee Awards, How, and How Publicly?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 127 (May 2007)

◊   *On Plaintiff Incentive Payments,* 1 CLASS ACTION ATTORNEY FEE DIGEST 95 (April 2007)

◊   *Percentage of What?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 63 (March 2007)

◊   *Lodestar v. Percentage: The Partial Success Wrinkle,* 1 CLASS ACTION ATTORNEY FEE DIGEST 31 (February 2007) (with Alan Hirsch)

◊   *The Fairness Hearing:  Adversarial and Regulatory Approaches*, 53 U.C.L.A. L. REV. 1435 (2006) (excerpted in THE LAW OF CLASS ACTIONS AND OTHER AGGREGATE LITIGATION 447-449 (Richard A. Nagareda ed., 2009))

◊   *Why Enable Litigation?  A Positive Externalities Theory of the Small Claims Class Action*, 74 U.M.K.C. L. REV. 709 (2006)

◊   *What a "Private Attorney General" Is – And Why It Matters*, 57 VAND. L. REV.  2129(2004) (excerpted

in COMPLEX LITIGATION 63-72 (Kevin R. Johnson, Catherine A. Rogers & John Valery White eds., 2009)).

◊   *The Concept of Equality in Civil Procedure*, 23 CARDOZO L. REV. 1865 (2002) (selected for the Stanford/Yale Junior Faculty Forum, June 2001)

◊   *A Transactional Model of Adjudication*, 89 GEORGETOWN  L.J. 371 (2000)

◊   *The Myth of Superiority*, 16 CONSTITUTIONAL COMMENTARY 599 (1999)

◊   *Divided We Litigate:  Addressing Disputes Among Clients and Lawyers in Civil Rights Campaigns*, 106 YALE L. J. 1623 (1997) *(*excerpted in COMPLEX LITIGATION 120-123 (1998))

## Selected Presentations

◊   *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 24, 2023 (scheduled)

◊   *Opioid Litigation:   What's New and What Does it Mean for Future Litigation?,* RAND Institute for Civil Justice and RAND Kenneth R. Feinberg Center for Catastrophic Risk Management and Compensation, RAND Corporation, October 22, 2020

◊   *The Opioid Crisis:  Where Do We Go From Here?"* Clifford Symposium 2020, DePaul University College of Law, Chicago, Illinois, May 28-29, 2020)

◊   *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2019

◊   *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 31, 2018

◊   *Attorneys' Fees Issues,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2018

◊   *Panelist,* Federal Judicial Center, Managing Multidistrict Litigation and Other Complex Litigation Workshop (for federal judges) (March 15, 2018)

◊   *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 1, 2017

◊   *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2016

◊   *Judicial Power and its Limits in Multidistrict Litigation,* American Law Institute, Young Scholars Medal Conference, *The Future of Aggregate Litigation*, New York University School of Law, New York, New York, April 12, 2016

◊   *Class Action Update & Attorneys' Fees Issues Checklist,* MDL Transferee Judges Conference, Palm Beach, Florida, October 28, 2015

◊   *Class Action Law,* 2015 Ninth Circuit/Federal Judicial Center Mid-Winter Workshop, Tucson, Arizona,

January 26, 2015

◊   *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2014

◊   *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2013

◊   *Class Action Remedies,* ABA 2013 National Institute on Class Actions, Boston, Massachusetts, October 23, 2013

◊   *The Public Life of the Private Law: The Logic and Experience of Mass Litigation – Conference in Honor of Richard Nagareda,* Vanderbilt Law School, Nashville, Tennessee, September 27-28, 2013

◊   *Brave New World: The Changing Face of Litigation and Law Firm Finance*, Clifford Symposium 2013, DePaul University College of Law, Chicago, Illinois, April 18-19, 2013

◊   *Twenty-First Century Litigation: Pathologies and Possibilities: A Symposium in Honor of Stephen Yeazell,* UCLA Law Review, UCLA School of Law, Los Angeles, California, January 24-25, 2013

◊   *Litigation's Mirror: The Procedural Consequences of Social Relationships,* Sidley Austin Professor of Law Chair Talk, Harvard Law School, Cambridge, Massachusetts, October 17, 2012

◊   *Alternative Litigation Funding (ALF) in the Class Action Context – Some Initial Thoughts*, Alternative Litigation Funding: A Roundtable Discussion Among Experts, George Washington University Law School, Washington, D.C., May 2, 2012

◊   *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Brooklyn Law School Faculty Workshop, Brooklyn, New York, April 2, 2012

◊   *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Loyola Law School Faculty Workshop, Los Angeles, California, February 2, 2012

◊   *Recent Developments in Class Action Law and Impact on MDL Cases,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2011

◊   *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 26, 2010

◊   *A General Theory of the Class Suit*, University of Houston Law Center Colloquium, Houston, Texas, February 3, 2010

◊   *Unpacking The "Rigorous Analysis" Standard,* ALI-ABA 12th Annual National Institute on Class Actions, New York, New York, November 7, 2008

◊   *The Public Role in Private Law Enforcement: Visions from CAFA*, University of California (Boalt Hall) School of Law Civil Justice Workshop, Berkeley, California, February 28, 2008

◊   *The Public Role in Private Law Enforcement: Visions from CAFA*, University of Pennsylvania Law Review Symposium, Philadelphia, Pennsylvania, Dec. 1, 2007

◊   *Current CAFA Consequences: Has Class Action Practice Changed?,* ALI-ABA 11th Annual National Institute on Class Actions, Chicago, Illinois, October 17, 2007

◊   *Using Law Professors as Expert Witnesses in Class Action Lawsuits,* ALI-ABA 10th Annual National Institute on Class Actions, San Diego, California, October 6, 2006

◊   *Three Models for Transnational Class Actions*, Globalization of Class Action Panel, International Law Association 2006 Conference, Toronto, Canada, June 6, 2006

◊   *Why Create Litigation?:   A Positive Externalities Theory of the Small Claims Class Action*, UMKC Law Review Symposium, Kansas City, Missouri, April 7, 2006

◊   *Marks, Bonds, and Labels:   Three New Proposals for Private Oversight of Class Action Settlements*, UCLA Law Review Symposium, Los Angeles, California, January 26, 2006

◊   Class Action Fairness Act, Arnold & Porter, Los Angeles, California, December 6, 2005

◊   ALI-ABA 9th Annual National Institute on Class Actions, Chicago, Illinois, September 23, 2005

◊   Class Action Fairness Act, UCLA Alumni Assoc., Los Angeles, California, September 9, 2005

◊   Class Action Fairness Act, Thelen Reid & Priest, Los Angeles, California, May 12, 2005

◊   Class Action Fairness Act, Sidley Austin, Los Angeles, California, May 10, 2005

◊   Class Action Fairness Act, Munger, Tolles & Olson, Los Angeles, California, April 28, 2005

◊   Class Action Fairness Act, Akin Gump Strauss Hauer Feld, Century City, CA, April 20, 2005

SELECTED OTHER LITIGATION EXPERIENCE

*United States Supreme Court*

◊   Served as *amicus curiae* and authored *amicus* brief on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos*, No. 17-961, October Term 2018)

◊   Co-counsel on petition for writ of *certiorari* concerning application of the voluntary cessation doctrine to government defendants (*Rosebrock v. Hoffman*, 135 S. Ct.1893 (2015))

◊   Authored *amicus* brief filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011)

◊   Co-counsel in constitutional challenge to display of Christian cross on federal land in California's Mojave preserve (*Salazar v. Buono*, 130 S. Ct. 1803 (2010))

◊   Co-authored *amicus* brief filed on behalf of constitutional law professors arguing against constitutionality of Texas criminal law (*Lawrence v. Texas*, 539 U.S. 558 (2003))

◊   Co-authored *amicus* brief on scope of *Miranda* (*Illinois v. Perkins*, 496 U.S. 292 (1990))

*Attorney's Fees*

◊   Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D.Pa. April 5, 2018))

◊   Appointed by the United States District Court for the Northern District of Ohio as an expert consultant on common benefit attorney's fees issues in complex multidistrict litigation, with result that the Court adopted recommendations (*In re: Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2020 WL 8675733 (N.D. Ohio June 3, 2020))

◊   Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom.*, *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016)).

◊   Co-counsel in appeal of common benefit fees decision arising out of mass tort MDL (*In re Roundup Prod. Liab. Litig.*, Civil Action No. 21-16228, 2022 WL 16646693 (9th Cir, 2022))

◊   Served as *amicus curiae* and co-authored *amicus* brief on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 504, 376 P.3d 672, 687 (2016))

*Consumer Class Action*

◊   Co-counsel in challenge to antenna-related design defect in Apple's iPhone4 (*Dydyk v. Apple Inc.*, 5:10-cv-02897-HRL, U.S. Dist. Court, N.D. Cal.) (complaint filed June 30, 2010)

◊   Co-class counsel in $8.5 million nationwide class action settlement challenging privacy concerns raised by Google's Buzz social networking program (*In re Google Buzz Privacy Litigation*, 5:10-cv-00672-JW, U.S. Dist. Court, N.D. Cal.) (amended final judgment June 2, 2011)

*Disability*

◊   Co-counsel in successful ADA challenge ($500,000 jury verdict) to the denial of health care in emergency room (*Howe v. Hull*, 874 F. Supp. 779, 873 F. Supp 72 (N.D. Ohio 1994))

*Employment*

◊   Co-counsel in challenges to scope of family benefit programs (*Ross v. Denver Dept. of Health*, 883 P.2d 516 (Colo. App. 1994)); *(Phillips v. Wisc. Personnel Com'n*, 482 N.W.2d 121 (Wisc. 1992)*)*

*Equal Protection*

◊   Co-counsel in (state court phases of) successful challenge to constitutionality of a Colorado ballot initiative, Amendment 2 (*Evans v. Romer*, 882 P.2d 1335 (Colo. 1994))

◊   Co-counsel (and *amici*) in challenges to rules barring military service by gay people (*Able v. United States*, 44 F.3d 128 (2d Cir. 1995); *Steffan v. Perry*, 41 F.3d 677 (D.C. Cir. 1994) (*en banc*))

◊   Co-counsel in challenge to the constitutionality of the Attorney General of Georgia' firing of staff attorney (*Shahar v. Bowers*, 120 F.3d 211 (11ᵗʰ Cir. 1997))

*Fair Housing*

◊   Co-counsel in successful Fair Housing Act case on behalf of group home (*Hogar Agua y Vida En el Desierto v. Suarez-Medina*, 36 F.3d 177 (1st Cir. 1994))

*Family Law*

◊   Co-counsel in challenge to constitutionality of Florida law limiting adoption (*Cox v. Florida Dept. of Health and Rehab. Srvcs.*, 656 So.2d 902 (Fla. 1995))

◊   Co-authored *amicus* brief in successful challenge to Hawaii ban on same-sex marriages (*Baehr v. Lewin*, 852 P.2d 44 (Haw. 1993))

*First Amendment*

◊   Co-counsel in successful challenge to constitutionality of Alabama law barring state funding foruniversity student groups (*GLBA v. Sessions*, 930 F.Supp. 1492 (M.D. Ala. 1996))

◊   Co-counsel in successful challenge to content restrictions on grants for AIDS education materials (*Gay Men's Health Crisis v. Sullivan*, 792 F.Supp. 278 (S.D.N.Y. 1992))

*Landlord / Tenant*

◊   Lead counsel in successful challenge to rent control regulation (*Braschi v. Stahl Associates Co.*, 544 N.E.2d 49 (N.Y. 1989))

*Police*

◊   Co-counsel in case challenging DEA brutality (*Anderson v. Branen*, 27 F.3d 29 (2d Cir. 1994))

*Prison Conditions*

◊   Co-counsel in appeal of class certification decision in damages class action arising out of conditions in St. Louis City Jail, *Cody, et al v. City of St. Louis,* Civil Action No. 22-2348 (8th Cir. 2023) (pending)

### *Racial Equality*

◊   Co-authored *amicus* brief for constitutional law professors challenging constitutionality of Proposition 209 *(Coalition for Economic Equity v. Wilson*, 110 F.3d 1431 (9th Cir. 1997))

### SELECTED OTHER PUBLICATIONS

### *Editorials*

◊   *Follow the Leaders*, NEW YORK TIMES, March 15, 2005

◊   *Play It Straight*, NEW YORK TIMES, October 16, 2004

◊   *Hiding Behind the Constitution*, NEW YORK TIMES, March 20, 2004

◊   *Toward More Perfect Unions,* NEW YORK TIMES, November 20, 2003 (with Brad Sears)

◊   *Don't Ask, Don't Tell, Don't Believe It*, NEW YORK TIMES, July 20, 1993

◊   *AIDS: Illness and Injustice*, WASH. POST, July 26, 1992 (with Nan D. Hunter)

### BAR ADMISSIONS

◊   Massachusetts (2008)
◊   California (2004)
◊   District of Columbia (1987) (inactive)
◊   Pennsylvania (1986) (inactive)

◊   U.S. Supreme Court (1993)

◊   U.S. Court of Appeals for the First Circuit (2010)
◊   U.S. Court of Appeals for the Second Circuit (2015)
◊   U.S. Court of Appeals for the Fifth Circuit (1989)
◊   U.S. Court of Appeals for the Ninth Circuit (2004)
◊   U.S. Court of Appeals for the Eleventh Circuit (1993)
◊   U.S. Court of Appeals for the D.C. Circuit (1993)

◊   U.S. District Courts for the Central District of California (2004)
◊   U.S. District Court for the District of the District of Columbia (1989)
◊   U.S. District Court for the District of Massachusetts (2010)
◊   U.S. District Court for the Northern District of California (2010)