IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL SERVICES PROGRAM, NATIONAL CONSUMER LAW CENTER, and ALLIANCE FOR JUSTICE, for themselves and all others similarly situated,
*Plaintiffs*,

v.

UNITED STATES OF AMERICA,
*Defendant*.

Case No. 1:16-cv-00745-PLF

## **DECLARATION OF MEGHAN S.B. OLIVER**

I, Meghan S.B. Oliver, declare as follows:

1. I am a member of the law firm of Motley Rice LLC ("Motley Rice"). I submit this declaration in further support of Class Counsel's application for an award of attorneys' fees in connection with services rendered in the above-captioned class action. I have personal knowledge of the matters set forth herein, based upon my active participation in all pertinent aspects of this Litigation, my review of the firm's litigation files, and consultation with other Motley Rice personnel who worked on this case. I could and would testify competently to matters set forth herein if called upon to do so.

2. The government has suggested that the U.S. Attorney's Office's "Fitzpatrick Matrix" would be a better measure of the market rates for our attorneys' work than our actual billing rates. For all the reasons explained by Professor Fitzpatrick himself in his supplemental declaration, we do not agree that the Matrix is relevant here. But we have nevertheless recalculated our lodestar using the Matrix. Below is a revised summary lodestar chart which lists (1) the name

of each timekeeper in my firm who devoted more than 20 hours to the case; (2) their title or position (e.g, member, associate, paralegal); (3) the total number of hours they worked on the case from its inception through and including August 17, 2023; (4) their current hourly rate; (5) their rate according to the Fitzpatrick Matrix; (6) their lodestar (at their current rates); and (7) their lodestar using the Fitzpatrick rates:

| Name | Title | Total Hours | Current Rate | Total Lodestar | Fitzpatrick Rate | Fitzpatrick Lodestar |
|---|---|---|---|---|---|---|
| Narwold, William | Member | 714.75 | $1,250 | $893,437.50 | $807 | $576,803.25 |
| Oliver, Meghan | Member | 570.45 | $950 | $541,927.50 | $726 | $414,146.70 |
| Tinkler, William | Associate | 139.15 | $550 | $76,532.50 | $664 | $92,395.60 |
| Loper, Charlotte | Associate | 348.40 | $525 | $182,910.00 | $536 | $186,742.40 |
| Bobbitt, Ebony | Associate | 86.90 | $525 | $45,622.50 | $520 | $45,188.00 |
| Rublee, Laura | Staff Attorney | 184.20 | $500 | $92,100.00 | $807 | $148,649.40 |
| Janelle, Alice | Legal Secretary | 48.60 | $380 | $18,468.00 | $220 | $10,692.00 |
| Shaarda, Lynn | Paralegal | 27.40 | $350 | $9,590.00 | $220 | $6,028.00 |
| **TOTAL** | | | | $1,847,830.50 | | $1,480,645.35 |

3.   In addition to this lodestar, at the time that we filed the Motion for Final Approval of Class Settlement and for Attorneys' Fees, Costs, and Service Awards we also estimated $500,000 for Motley Rice's projected future work. The reasonableness of that conservative estimate has only been further confirmed since we filed the motion. Motley Rice has already incurred more than $60,000 worth of additional lodestar since filing the motion, even when calculated using Fitzpatrick Matrix rates. Since filing, we have spent additional time responding to class-member inquiries (*e.g., When can I expect to receive a check? Am I a class member? I've moved several*

*times; how will I get my check? Etc*.). Since we sent notice of the settlement this summer, Motley Rice has responded to roughly 300 email inquiries and calls from class members, many of which included multiple contacts with the individuals, and contacts to KCC.[1] We expect to continue to receive inquiries from class members over the coming months.

4. Since the payment notification functionality went live on the website, we have received over 800 payment notifications, including over 460 notifications from individuals that someone else paid on their behalf, and over 400 notifications from individuals or entities that they paid someone else's PACER fees ("payer notifications"). We have not yet processed those notifications, but are pleased that we have not received any disputes in response to payer notifications submitted. In the coming weeks and months we will work with KCC to process those notifications.

5. Since filing our final approval motion, we have continued to address data issues, including most recently, conferring with the government on discrepancies between the data provided by the government in 2017 and the data provided by the government in 2023. We expect there are likely to be additional data issues and questions as notifications are processed, and KCC begins to calculate settlement shares and issue checks. Based on our experience with past class-action settlements, we also expect to see a substantial uptick in class-member contacts after checks are issued.

---

[1] My initial declaration relied on a dated version of KCC's not-to-exceed estimate, and incorrectly stated that KCC's original not-to-exceed estimate was $977,000. ECF 158-6. The correct estimate should have been $1,002,000. That number now has been revised further based on unforeseen data complexities and administration issues. *See* Declaration of Gio Santiago at ¶ 4 (Oct. 2, 2023).

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed in Mount Pleasant, SC, on October 3, 2023.   <u>*/s/ Meghan S.B. Oliver*_____</u>
                                                      Meghan S. B. Oliver