UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL
SERVICES PROGRAM , et al

     Plaintiffs

v.

UNITED STATES OF AMERICA

     Defendant(s)

--------------------------------

CASE NO. 1:16-cv-00745-PLF
J: Paul L. Friedman

DON KOZICH, Individually
     Plaintiff-Class Member,
v.
UNITED STATES OF AMERICA
     Defendant(s)

--------------------------------

## PLAINTIFF-CLASS MEMBER DON KOZICH'S
## VERIFIED OBJECTIONS TO SETTLEMENT
## AND MOTION TO APPEAR TELEPHONICALLY OR BY ZOOM

Pursuant to Fed.R.Civ.P. 24 and LCvR 7(j),  and 28 USC § 1331 and 1346(a), the

Plaintiff-Class Member Don Kozich submits his <u>Verified</u> Objections to Settlement and

Motion to Appear Telephonically or by ZOOM, and under penalty of perjury, declares

that he has read the Motion, and that the facts stated in it are true, and in support of this

motion states,

### I. KOZICH'S EXHIBITS (Exhibit "____")

For this Verified Motion, Kozich relies on the attached Exhibits.

**RECEIVED**

OCT 6  2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## II. STANDING

The complaint and any pending settlement are limited in scope and appear to address only some but not all of those PACER users who have **paid** excessive PACER user fees but do not address all of those PACER users who have paid excessive PACER fees or those PACER users who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into illegal collection, or all.

Kozich is before this court because he is a Class Member but is not listed as a class member by the Defendant because the Defendant with its blinders on purposely never listed Kozich as a class member because the Defendant allegedly could not find where Kozich ever paid PACER fees (Exhibit "D", pg 8). But Kozich paid PACER fees (Exhibit "A"). Kozich believes the Defendant purposely never listed Kozich as a class member that paid excessive PACER fees because doing so would open a Pandora's box and makes the Defendant liable for untold additional millions of dollars in excessive fees that unidentified class members have paid.

Additionally besides paying excessive PACER fees for copy costs, Kozich also paid excessive fees in searching Federal Cases outside of the Southern District of Florida. PACER charged Kozich excessive fees because he was searching cases throughout the country, i.e. Washington, Oregon, California, etc., having to do with federally subsidized Low Income Housing Tax Credit (LIHTC) apartment communities.

2

For the quarter FY 2010 PACER had a Net Profit of $26,611,517 (Exhibit E) and for the period 4/21/10-5/31/18 (a total of 37 quarters) had a Net Profit of $984,626.129 (37 X $26,611,517). The Settlement of $125,000,000 is a mere drop in the bucket compared to PACER's $981,626,120 net profit for charging excessive user fees. Moreover, with the $125,000,000 Settlement the Defendant just received a slap on the wrist. The compound interest alone on the $984,626,129 in net profits received by PACER for charging excessive user fees that the Defendant earned far exceed the $125,000,000 settlement.

As it now stands the $125,000,000 Settlement is one-sided. It is refunding only those persons who paid more than $350 in excessive PACER fees but is not paying those persons who paid less than $350 in excessive PACER fees. The settlement only benefits the large corporations, large law offices and large non-profits that spent large amounts paying excessive PACER fees but does nothing for the small or medium size corporation, law firm or non-profit. The old bur still true adage comes into play, "Large Corporations control the world." i.e. Microsoft, Monsanto, Apple, Amazon, eBay, etc. Kozich has not seen an accounting of how much money the Defendant should refund to persons who paid less than $350 in excessive PACER fees or for that matter what is the time frame or quarters that the Defendant has been charging excessive PACER fees. Kozich is certain the time frame far exceeds 37 quarters.

The Settlement should be much higher to include those who paid less than $350 in excessive Pacer fees and to act as a deterrent and the Defendant should be paying

3

interest and penalties for knowingly charging excessive fees which monies should go to the users. Otherwise the Defendant will knowingly just continue to charge excessive user fees.

Therefore, Kozich has standing to object to the settlement as Plaintiff and a Class Member in this case.

### III. RELIEF SOUGHT

Kozich is before this court as a Limited Class Member and Amicus:

   a. As a class member because he utilized PACER and paid excessive PACER user fees (Exhibit "A").

   b. As a limited class member because PACER closed Kozich's account and put it into collection because he had an outstanding balance of $354.60 plus $94.26 in illegal collection fees for a total of $448.86 (Exhibit "B") owed to PACER resulting from PACER overcharging excessive fees, and not allowing free looks and copy and paste to pro se persons while allowing attorneys free looks and free copy and paste.

### A. Pursuant to LCvR 7(o):

   1. **The Nature of Kozich's interest:** The complaint and any pending settlement are limited in scope and appear to **address only some but not all** of those PACER users who paid PACER excessive user fees but do not address **all** of those PACER users who have paid excessive PACER user fees or have **not** paid or are delinquent in the payment of excessive user

4

fees or have been cut-off from utilizing PACER and their account put into collection, or all.

2. **Reason(s) Why Kozich's And Similarly Situated Persons' Position are Not Adequately Represented by a Party:** The complaint and any pending settlement are limited in scope and appear to **address only some but not all** of those PACER users who paid excessive PACER user fees and do not address those PACER users who have **not** paid or are delinquent in the payment of excessive PACER user fees or have been cut-off from utilizing PACER and their account put into collection, or all

3. **Reason(s) Why the Matters Asserted Are Relevant to the Disposition of the Case:** The case cannot be fully and fairly adjudicated without including those PACER users who have paid and those who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into collection, or all

4. **Statement of Position of Each Party As to the Amicus:** All parties are opposed to the Amicus. The Plaintiffs because it requires the Plaintiffs to open the class to PACER users who have paid and those who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into collection, or all. The Defendant naturally because opening the class to include users who have paid and those who have **not** paid the excessive PACER user fees opens

5

the Defendant to higher damages.

## B. Motion to Appear Telephonically or by ZOOM:

1. Kozich is before this court pro se and IFP, and resides in Fort Lauderdale, FL.

2. Kozich requests telephonic appearance or ZOOM to explain, clarify and answer any questions that the court may have regarding the facts and circumstance surrounding PACER fees.

## C. Motion to Deem date of Service to be Date of Filing:

Because he does not have access to ECF, Kozich also requests that with all of his filings, that the court deem the date of service to be the date of filling.

### IV. ARGUMENT

The complaint and any pending settlement are limited in scope and appear to address only some but not all of those PACER users who have **paid** excessive PACER user fees but do not address all of those PACER users who have paid excessive PACER fees or those PACER users who have **not** paid or are delinquent in the payment of excessive user fees or have been cut-off from utilizing PACER and their account put into illegal collection, or all.

For the quarter FY 2010 PACER had a Net Profit of $26,611,517 (Exhibit E) and for the period 4/21/10-5/31/18 (a total of 37 quarters) had a Net Profit of $984,626.129 (37 X $26,611,517). The Settlement of $125,000,000 is a mere drop in the bucket compared to PACER's $981,626,120 net profit for charging excessive user

fees. Moreover, with the $125,000,000 Settlement the Defendant just received a slap on the wrist. The compound interest alone on the $984,626,129 in net profits received by PACER for charging excessive user fees that the Defendant earned far exceed the $125,000,000 settlement.

As it now stands the $125,000,000 Settlement is one-sided. It is refunding only those persons who paid more than $350 in excessive PACER fees but is not paying those persons who paid less than $350 in excessive PACER fees. The settlement only benefits the large corporations, large law offices and large non-profits that spent large amounts paying excessive PACER fees but does nothing for the small or medium size corporation, law firm or non-profit. The old bur still true adage comes into play, "Large Corporations control the world." i.e. Microsoft, Monsanto, Apple, Amazon, eBay, etc. Kozich has not seen an accounting of how much money the Defendant should refund to persons who paid less than $350 in excessive PACER fees or for that matter what is the time frame or quarters that the Defendant has been charging excessive PACER fees. Kozich is certain that the time frame for PACER charging excessive fees far exceeds 37 quarters.

The Settlement should be much higher to include those who paid less than $350 in PACER excessive fees and to act as a deterrent and the Defendant should be paying interest and penalties for knowingly charging excessive fees which monies should go to the users. Otherwise the Defendant will knowingly just continue to charge excessive user fees.

Kozich also objects to the settlement because the Defendant has purposely not included as a class member or disclosed all persons, such as Kozich, who paid excessive PACER fees so as to evade reimbursing millions of dollars in excessive PACER fees.

Motley Rice LLC relied on the Defendant to identify Class Members which is like having a fox watch the henhouse. Naturally the Defendant is going to minimize its liability and provide a list of Class Members that will produce the least amount of liability.

Kozich requests the Court deny or set aside the settlement, reopen the case and require that the Defendant include as a class member and disclose all persons, including Kozich, who paid excessive PACER fees and disclose the total amount that PACER charged in excessive fees and the time frame or quarters that it charged excessive fees. .

## PRESERVATION OF CLAIMS, DEFENSES, COUNTERCLAIMS AND RESERVATION OF RIGHTS

With the filing of this Motion, Kozich does not waive any claims, defenses or counterclaims which may be available to him and reserves all rights and privileges available to him.

## V. CONCLUSION

**WHEREFORE**, Kozich respectfully requests an order of court,

1. Granting his Verified Objection to the Settlement, deny or set aside the settlement, reopen the case and require that the Defendant disclose all persons, including Kozich, who paid PACER excessive fees and disclose the total amount it charged in excessive fees and the time frame or quarters that PACER charged excessive fees.

8

**2.** That the court deem the date of service of Kozich's papers to be the date of

filling.

**3.** That the court grant Kozich's Motion to Appear telephonically or by ZOOM.

4. Or such further and other relief deemed just and equitable.

## VERIFICATION DECLARATION
I DECLARE under penalty of perjury that the statements made in this motion are true and correct to the best of my knowledge.

/S/ Don Kozich
Don Kozich, Plaintiff-Class Member

I HEREBY CERTIFY that the foregoing was filed with the court on 10/6/23.

/S/ Don Kozich

Case Administrator
202.354.3174
202.354.3190

dcd_intake@dcd.uscourts.gov

Don Kozich, Plaintiff-Class Member
PO Box 2032
Fort Lauderdale, FL 33303
954.709.0537
dtkctr@gmail.com

## CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel or parties of record in accordance with the Service List attached.

/S/ Don Kozich
Don Kozich, Plaintiff-Class Member