Geoffrey Miller
216 SE Atlantic Drive
Lantana, Florida 33462-1902
917-575-5656
geoffreypmiller@gmail.com

August 8, 2023

Honorable Paul L. Friedman
United States District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001
DCD_PACERFeesSettlement@dcd.uscourts.gov

In re: Civil Action No. 16-745-PLF: Objection to Proposed Settlement in National Veterans Legal Services Program, et. al. v. United States of America

Dear Judge Friedman:

I am a member of the class in the above-referenced action (Account ID 1033281). I write to object to the proposed settlement.

I have no problem with the total cash compensation or with the proposed maximum of 20% of the common fund for attorney fees, expenses, representative plaintiff awards and claims administration. I do object, however, to the proposed plan of allocation.

As I understand it, each class member will receive a minimum payment from the net settlement fund equal to the lesser of $350 or the total amount paid in PACER fees by that class member during the class period. The remainder of the fund will be allocated pro rata to class members who paid more than $350 in PACER fees.

This formula for distribution discriminates between two subparts of the class otherwise identically situated: class members who paid $350 or less in PACER fees and class members who paid more than $350 in fees. The former will receive the full amount of the fees; the latter will receive some (presumably significantly lower) percentage of their fees.

This discrimination between larger and smaller claimants cannot be justified on grounds of administrative necessity. In other cases, processing of small claims can be infeasible because of the administrative costs of making small distributions. This is not the case here because the

1

settlement contemplates that small claimants will be paid in full – even if they have only a few dollars or pennies in charges.

Nor can the discrimination be justified on the ground that small claimants are unlikely to file claim forms. As I understand this settlement, claim forms will not be required because the defendant has the necessary information on class members and the amounts of their claims.

The rationale for discriminating between larger and smaller claims seems based, rather, on a wish to favor smaller users or a sense of what is likely to receive a positive reception in the public eye. Neither of these is a valid basis for favoring one set of litigants over another when both are identically situated in all respects other than the size of their claims.

The class action is designed to conserve on litigation costs and provide access to justice for people with small claims. The proposed plan of allocation has nothing to do with these objectives because all class members have received access to justice and a more equal plan of distribution would have no impact on litigation costs.

Plaintiffs' counsel faced a conflict of interest as soon as they began to negotiate a settlement that discriminated between class members based on the size of their claims. Interclass conflicts can be tolerated when there are valid reasons for proceeding – but here it appears that there was no reason to structure the settlement this way other than an intention to distribute the benefits of the settlement on a basis other than legal entitlement. Redistribution of wealth may be admirable from an ethical perspective, but is not a valid reason for the court to approve a settlement that invidiously discriminates between class members otherwise identically situated.

The proposed plan of allocation under Federal Rule 23 is in tension with the Rules Enabling Act, 28 U.S.C. § 2071-2077, because, by providing different treatment to litigants with identical legal claims, it arguably abridges their right to be treated equally before the law.

I do not know the size of the overcharges I have incurred through my use of PACER during the class period, and therefore do not know whether I am in the favored or disfavored part of the class. Even if I fall in the favored category, I believe I have standing to object to the settlement. Rule 23(e)(5)(A) provides that "*any class member* may object to the proposal if it requires court approval under this subdivision (e)." There is no requirement that a class member must be harmed by the provision of a settlement to which the class member objects. If there were such a bar, and if I fall in the favored group, then I request that this objection be treated as that of a friend of the court.

In light of the foregoing, I request that this Court consider sending the proposed settlement back to the parties with instructions to work towards a negotiated resolution that does not invidiously discriminate between larger and smaller claimants.

Sincerely,

Geoffrey Miller

Cc: Gupta Wessler PLLC
2001 K Street, N.W.
Suite 850 North
Washington, D.C. 20006
deepak@guptawessler.com

Derek Hammond
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Derek.Hammond@usdoj.gov