APPEAL,STAYED,TYPE–E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:16–cv–00745–PLF</u>
## *Internal Use Only*

| | |
|---|---|
| NATIONAL VETERANS LEGAL SERVICES PROGRAM et al v. UNITED STATES OF AMERICA | Date Filed: 04/21/2016 |
| | Jury Demand: None |
| Assigned to: Judge Paul L. Friedman | Nature of Suit: 890 Other Statutory Actions |
| Case in other court:  USCA for the Federal Circuit, 19–01083–SJ | Jurisdiction: U.S. Government Defendant |
| USCA for the Federal Circuit, 18–00154–CP | |
| USCA for the Federal Circuit, 18–00155–CP | |
| USCA for the Federal Circuit, 19–01081–SJ | |
| 21–05291 | |

Cause: 28:1346 Tort Claim

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **NATIONAL VETERANS LEGAL SERVICES PROGRAM** | represented by | **Jonathan E. Taylor** |

**NATIONAL VETERANS LEGAL SERVICES PROGRAM**

represented by

**Jonathan E. Taylor**
GUPTA WESSLER PLLC
1900 L Sreet, NW
Suite 312
Washington, DC 20036
(202) 888–1741
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meghan S.B. Oliver**
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
843–216–9492
Email: moliver@motleyrice.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William H. Narwold**
1 Corporate Center
20 Church Street
17th Floor
Hartford, CT 06103
860–882–1676
Fax: 860–882–1682
Email: bnarwold@motleyrice.com

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth S. Smith**
MOTLEY RICE, LLC
401 9th Street, NW
Suite 1001
Washington, DC 20004
(202) 386–9627
Fax: (843) 216–9350
Email: esmith@motleyrice.com
*ATTORNEY TO BE NOTICED*

**Deepak Gupta**
GUPTA WESSLER LLP
2001 K Street, NW
Suite 850 North
Washington, DC 20006
202–888–1741
Fax: 202–888–7792
Email: deepak@guptawessler.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NATIONAL CONSUMER LAW CENTER**        represented by   **Jonathan E. Taylor**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meghan S.B. Oliver**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William H. Narwold**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth S. Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Deepak Gupta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALLIANCE FOR JUSTICE**                represented by   **Jonathan E. Taylor**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meghan S.B. Oliver**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William H. Narwold**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth S. Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Deepak Gupta**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNITED STATES OF AMERICA**          represented by   **Brenda A. Gonzalez Horowitz**
DOJ–USAO
U.S. Department of Justice
601 D Street NW
Washington, DC 20530
(202) 252–2512
Email: brenda.gonzalez.horowitz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Derek S. Hammond**
COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street, NW
Washington, DC 20581
202–418–5000
Email: dhammond@cftc.gov
*TERMINATED: 07/03/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy S. Simon**

DOJ–USAO
Patrick Henry Building
601 D. Street, N.W.
Washington, DC 20530
(202) 252–2528
Email: jeremy.simon@usdoj.gov
*TERMINATED: 03/29/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Aaron Caplen**
DOJ–USAO
601 D Street, NW
Washington, DC 20530
(202) 252–2523
Email: rcaplen@gmail.com
*TERMINATED: 03/29/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian J. Field**
SCHAERR JAFFE LLP
1717 K Street, NW
Suite 900
Washington, DC 20006
(202) 787–1060
Fax: (202) 776–0136
Email: bfield@schaerr–jaffe.com
*TERMINATED: 06/03/2021*

**William Mark Nebeker**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2536
Fax: (202) 252–2599
Email: mark.nebeker@usdoj.gov
*TERMINATED: 06/02/2021*

V.

**Interested Party**

**ROSEMARIE HOWELL**          represented by   **ROSEMARIE HOWELL**
9504 N.E. 5th Street
Vancouver, WA 98664
(360) 953–0798
PRO SE

**Interested Party**

**ROB RAWSON**                represented by

**ROB RAWSON**
P.O. Box 632
Sanford, FL 32772–0632
PRO SE

**Interested Party**

**TROY LAW, PLLC**                    represented by   **John Troy**
TROY LAW, PLLC
41–25 Kissena Boulevard, Suite 110
Flushing, NY 11355
718–762–2332
Email: johntroy@troypllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**ERIC ALAN ISAACSON**                represented by   **ERIC ALAN ISAACSON**
6580 Avenida Mirola
La Jolla, CA 92037
(858) 263–9581
PRO SE

**Movant**

**DON KOZICH**                        represented by   **DON KOZICH**
P.O. Box 2032
Fort Lauderdale, FL 33303–2032
(954) 709–0537
Email: dtkctr@gmail.com
PRO SE

**Movant**

**MICHAEL T. PINES**                  represented by   **MICHAEL T. PINES**
619–771–5302
PRO SE

**Amicus**

**REPORTERS COMMITTEE FOR**           represented by   **Bruce D. Brown**
**FREEDOM OF THE PRESS**              REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St, NW
Suite 1020
Washington, DC 20005
(202) 795–9301
Fax: (202) 795–9310
Email: bbrown@rcfp.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

5

| | | |
|---|---|---|
| **AMERICAN ASSOCIATION OF LAW LIBRARIES** | represented by | **Sasha Samberg–Champion** RELMAN COLFAX PLLC 1225 19th Street NW Suite 600 Washington, DC 20036 202–728–1888 Email: ssamberg–champion@relmanlaw.com *LEAD ATTORNEY* *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |

Amicus

| | | |
|---|---|---|
| **JOSEPH I. LIEBERMAN** | represented by | **Mark Bailen** LAW OFFICES OF MARK I BAILEN 1250 Connecticut Avenue, NW Suite 700 Washington, DC 20036 (202) 656–0422 Fax: (202) 261–3508 Email: mb@bailenlaw.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

Amicus

| | | |
|---|---|---|
| **AMERICAN SOCIETY OF NEWSPAPER EDITORS** | represented by | **Bruce D. Brown** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

Amicus

| | | |
|---|---|---|
| **ASSOCIATED PRESS MEDIA EDITORS** | represented by | **Bruce D. Brown** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

Amicus

| | | |
|---|---|---|
| **ASSOCIATION OF ALTERNATIVE NEWS MEDIA** | represented by | **Bruce D. Brown** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

Amicus

| | | |
|---|---|---|
| **CENTER FOR INVESTIGATIVE REPORTING** | represented by | **Bruce D. Brown** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

Amicus

| | | |
|---|---|---|
| **FIRST AMENDMENT COALITION** | represented by | **Bruce D. Brown** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**FIRST LOOK MEDIA WORKS, INC.**    represented by   **Bruce D. Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**INTERNATIONAL**                  represented by   **Bruce D. Brown**
**DOCUMENTARY ASSOCIATION**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**INVESTIGATIVE REPORTING**        represented by   **Bruce D. Brown**
**WORKSHOP**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**MEDIA CONSORTIUM**               represented by   **Bruce D. Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**MPA**                            represented by   **Bruce D. Brown**
*The Association of Magazine Media*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**NATIONAL PRESS**                 represented by   **Bruce D. Brown**
**PHOTOGRAPHERS ASSOCIATION**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**ONLINE NEWS ASSOCIATION**        represented by   **Bruce D. Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**RADIO TELEVISION DIGITAL**       represented by   **Bruce D. Brown**

NEWS ASSOCIATION                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**REPORTERS WITHOUT BORDERS**          represented by  **Bruce D. Brown**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**SEATTLE TIMES COMPANY**              represented by  **Bruce D. Brown**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**SOCIETY OF PROFESSIONAL**            represented by  **Bruce D. Brown**
**JOURNALISTS**                                           (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**TULLY CENTER FOR FREE**              represented by  **Bruce D. Brown**
**SPEECH**                                               (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**DEBORAH BEIM**                       represented by  **Sasha Samberg–Champion**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**THOMAS BRUCE**                       represented by  **Sasha Samberg–Champion**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**PHILLIP MALONE**                     represented by  **Sasha Samberg–Champion**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

8

**Amicus**

| | |
|---|---|
| **JONATHAN ZITTRAIN** | represented by **Sasha Samberg–Champion** |
| | (See above for address) |
| | *LEAD ATTORNEY* |
| | *PRO HAC VICE* |
| | *ATTORNEY TO BE NOTICED* |

**Amicus**

| | |
|---|---|
| **DARRELL ISSA** | represented by **Mark Bailen** |
| *Congressman* | (See above for address) |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/21/2016 | 1 | COMPLAINT against All Defendants *United States of America* ( Filing fee $ 400 receipt number 0090–4495374) filed by NATIONAL VETERANS LEGAL SERVICES PROGRAM, ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER. (Attachments: # 1 Civil Cover Sheet, # 2 Summons to United States Attorney General, # 3 Summons to U.S. Attorney for the District of Columbia)(Gupta, Deepak) (Entered: 04/21/2016) |
| 04/21/2016 | 2 | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Gupta, Deepak) (Entered: 04/21/2016) |
| 04/21/2016 | | Case Assigned to Judge Ellen S. Huvelle. (jd) (Entered: 04/22/2016) |
| 04/22/2016 | 3 | SUMMONS (2) Issued Electronically as to UNITED STATES OF AMERICA, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Consent Forms)(jd) (Entered: 04/22/2016) |
| 04/26/2016 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/26/2016. Answer due for ALL FEDERAL DEFENDANTS by 6/25/2016. (Gupta, Deepak) (Entered: 04/26/2016) |
| 04/26/2016 | 5 | NOTICE of Appearance by Elizabeth S. Smith on behalf of All Plaintiffs (Smith, Elizabeth) (Entered: 04/26/2016) |
| 04/26/2016 | 6 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– William H. Narwold, :Firm– Motley Rice LLC, :Address– 20 Church Street, 17th Floor, Hartford, CT 06103. Phone No. – 860–882–1676. Fax No. – 860–882–1682 Filing fee $ 100, receipt number 0090–4500590. Fee Status: Fee Paid. by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Smith, Elizabeth) (Entered: 04/26/2016) |
| 04/26/2016 | | MINUTE ORDER granting 6 Motion for Leave to Appear Pro Hac Vice: It is hereby ORDERED that the motion for leave to appear pro hac vice is GRANTED; and it is further ORDERED that William H. Narwold is admitted pro hac vice for the purpose |

| | | |
|---|---|---|
| | | of appearing in the above–captioned case. Signed by Judge Ellen S. Huvelle on April 26, 2016. (AG) (Entered: 04/26/2016) |
| 05/02/2016 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 05/02/2016. (Gupta, Deepak) (Entered: 05/02/2016) |
| 05/02/2016 | 8 | MOTION to Certify Class by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Declaration of Deepak Gupta, # 2 Declaration of William Narwold, # 3 Declaration of Jonathan Taylor, # 4 Text of Proposed Order)(Gupta, Deepak) (Entered: 05/02/2016) |
| 05/16/2016 | 9 | NOTICE of Appearance by William Mark Nebeker on behalf of UNITED STATES OF AMERICA (Nebeker, William) (Entered: 05/16/2016) |
| 05/16/2016 | 10 | Unopposed MOTION for Extension of Time to File Response/Reply as to 8 MOTION to Certify Class by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Nebeker, William) (Entered: 05/16/2016) |
| 05/17/2016 | | MINUTE ORDER: It is hereby ORDERED that defendant's unopposed 10 Motion for Extension of Time to File Response/Reply is GRANTED, and defendant's Response is due by July 11, 2016. Signed by Judge Ellen S. Huvelle on May 17, 2016. (lcesh2 ) (Entered: 05/17/2016) |
| 06/27/2016 | 11 | MOTION to Dismiss *Or, In The Alternative*, MOTION for Summary Judgment by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit (1 through 5), # 2 Text of Proposed Order)(Nebeker, William) (Entered: 06/27/2016) |
| 07/08/2016 | 12 | Joint MOTION for Extension of Time to File Response/Reply as to 8 MOTION to Certify Class , 11 MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Text of Proposed Order)(Gupta, Deepak) (Entered: 07/08/2016) |
| 07/08/2016 | | MINUTE ORDER granting 12 Motion for Extension of Time to File Response re 8 MOTION to Certify Class and 11 MOTION to Dismiss: Upon consideration of the parties' joint motion to extend the briefing schedule, it is hereby ORDERED that the motion is GRANTED; it is FURTHER ORDERED that the time within which the defendant may file a memorandum of points and authorities in response to plaintiffs' motion for class certification is further extended though July 25, 2016, and no additional extensions shall be granted; and it isFURTHER ORDERED that the time within which the plaintiffs may file a memorandum of points and authorities in response to defendant's motion to dismiss is initially extended though July 29, 2016. Signed by Judge Ellen S. Huvelle on July 7, 2016. (AG) (Entered: 07/08/2016) |
| 07/25/2016 | 13 | Memorandum in opposition to re 8 MOTION to Certify Class filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Declaration Garcia, # 3 Text of Proposed Order)(Nebeker, William) (Entered: 07/25/2016) |
| 07/26/2016 | 14 | MOTION to Stay *Discovery* by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Nebeker, William) (Entered: 07/26/2016) |
| 07/29/2016 | 15 | RESPONSE re 11 MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES |

| | | |
|---|---|---|
| | | PROGRAM. (Attachments: # <u>1</u> Exhibit Govt's MTD in Fisher, # <u>2</u> Exhibit Complaint in NVLSP v. USA, # <u>3</u> Exhibit Complaint in Fisher)(Gupta, Deepak) (Entered: 07/29/2016) |
| 08/04/2016 | <u>16</u> | Unopposed MOTION for Extension of Time to File Response/Reply as to <u>11</u> MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment by UNITED STATES OF AMERICA (Attachments: # <u>1</u> Text of Proposed Order)(Nebeker, William) (Entered: 08/04/2016) |
| 08/04/2016 | <u>17</u> | REPLY to opposition to motion re <u>8</u> MOTION to Certify Class filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 08/04/2016) |
| 08/05/2016 | | MINUTE ORDER granting <u>16</u> Unopposed Motion for Extension of Time to File Reply re <u>11</u> MOTION to Dismiss *Or, In The Alternative*, MOTION for Summary Judgment : Upon consideration of the Unopposed Motion For An Enlargement Of Time, And Memorandum In Support Thereof, and for the reasons set forth in support thereof, it is hereby ORDERED that the motion is GRANTED; and it is FURTHER ORDERED that the time within which Defendant may file a reply to Plaintiffs' opposition to the pending Motion To Dismiss Or, In The Alternative, For Summary Judgment is enlarged up to and including August 16, 2016. Signed by Judge Ellen S. Huvelle on August 5, 2016. (AG) (Entered: 08/05/2016) |
| 08/09/2016 | <u>18</u> | Joint MOTION for Scheduling Order by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # <u>1</u> Text of Proposed Order)(Narwold, William) (Entered: 08/09/2016) |
| 08/16/2016 | | MINUTE ORDER: It is hereby ORDERED that the <u>18</u> Joint Motion for Scheduling Order is GRANTED. Signed by Judge Ellen S. Huvelle on August 16, 2016. (lcesh2) (Entered: 08/16/2016) |
| 08/16/2016 | | MINUTE ORDER: It is hereby ORDERED that defendant's <u>14</u> Motion to Stay is DENIED as moot. Signed by Judge Ellen S. Huvelle on August 16, 2016. (lcesh2) (Entered: 08/16/2016) |
| 08/16/2016 | <u>19</u> | SCHEDULING ORDER: The parties' <u>18</u> Joint Motion for Proposed Phased Schedule is hereby GRANTED. See Order for details. Signed by Judge Ellen S. Huvelle on August 16, 2016. (lcesh2) (Entered: 08/16/2016) |
| 08/16/2016 | <u>20</u> | REPLY to opposition to motion re <u>11</u> MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment filed by UNITED STATES OF AMERICA. (Attachments: # <u>1</u> Declaration Second Garcia)(Nebeker, William) (Entered: 08/16/2016) |
| 08/17/2016 | <u>21</u> | MOTION for Leave to File *Sur–Reply* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # <u>1</u> Exhibit Sur–Reply, # <u>2</u> Statement of Facts, # <u>3</u> Text of Proposed Order)(Gupta, Deepak) (Entered: 08/17/2016) |
| 08/17/2016 | <u>22</u> | RESPONSE re <u>21</u> MOTION for Leave to File *Sur–Reply* filed by UNITED STATES OF AMERICA. (Attachments: # <u>1</u> Text of Proposed Order)(Nebeker, William) (Entered: 08/17/2016) |
| 10/01/2016 | <u>23</u> | |

| | | |
|---|---|---|
| | | NOTICE OF SUPPLEMENTAL AUTHORITY by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Exhibit Opinion in Fisher v. United States)(Gupta, Deepak) (Entered: 10/01/2016) |
| 12/05/2016 | | MINUTE ORDER granting in part and denying in part 21 Plaintiffs' Motion for Leave to File Sur–Reply: It is hereby ORDERED that plaintiffs may file [21–2] Plaintiffs' Concise Statement of Genuine Issues of Material Fact, but plaintiffs may not file [21–1] Plaintiffs' Sur–Reply. A sur–reply is unnecessary because plaintiffs seek to reply to a statement that defendant originally presented in its motion to dismiss. Signed by Judge Ellen S. Huvelle on December 5, 2016. (lcesh2) (Entered: 12/05/2016) |
| 12/05/2016 | 24 | ORDER denying 11 Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment for the reasons stated in the accompanying Memorandum Opinion. Signed by Judge Ellen S. Huvelle on December 5, 2016. (lcesh2) (Entered: 12/05/2016) |
| 12/05/2016 | 25 | MEMORANDUM OPINION in support of 24 Order Denying 11 Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Signed by Judge Ellen S. Huvelle on December 5, 2016. (lcesh2) (Entered: 12/05/2016) |
| 12/05/2016 | 26 | SUPPLEMENTAL MEMORANDUM (Statement of Genuine Issues of Material Fact) to re 11 MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (znmw) (Entered: 12/06/2016) |
| 12/15/2016 | | MINUTE ORDER Setting Hearing on Motion: It is hereby ORDERED that a motion hearing on 8 Plaintiffs' MOTION to Certify Class is set for 1/18/2017 at 02:30 PM in Courtroom 23A before Judge Ellen S. Huvelle. Signed by Judge Ellen S. Huvelle on December 15, 2016. (lcesh2) (Entered: 12/15/2016) |
| 12/19/2016 | 27 | ANSWER to Complaint by UNITED STATES OF AMERICA.(Nebeker, William) (Entered: 12/19/2016) |
| 01/18/2017 | | Minute Entry for proceedings held before Judge Ellen S. Huvelle: Motion Hearing held on 1/18/2017, re 8 MOTION to Certify Class, heard and taken under advisement. (Court Reporter Scott Wallace) (gdf) (Entered: 01/18/2017) |
| 01/20/2017 | 28 | AFFIDAVIT re 8 MOTION to Certify Class *of Daniel L. Goldberg* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 01/20/2017) |
| 01/20/2017 | 29 | AFFIDAVIT re 8 MOTION to Certify Class *of Stuart Rossman* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 01/20/2017) |
| 01/20/2017 | 30 | AFFIDAVIT re 8 MOTION to Certify Class *of Barton F. Stichman* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 01/20/2017) |
| 01/20/2017 | 31 | AFFIDAVIT re 8 MOTION to Certify Class *of Deepak Gupta (Second)* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, |

| | | NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Gupta, Deepak) (Entered: 01/20/2017) |
|---|---|---|
| 01/24/2017 | 32 | ORDER granting 8 Plaintiffs' Motion to Certify Class for the reasons stated in the accompanying Memorandum Opinion. See Order for details. Signed by Judge Ellen S. Huvelle on January 24, 2017. (lcesh2) (Entered: 01/24/2017) |
| 01/24/2017 | 33 | MEMORANDUM OPINION in support of 32 Order Granting 8 Plaintiffs' Motion to Certify Class. Signed by Judge Ellen S. Huvelle on January 24, 2017. (lcesh2) (Entered: 01/24/2017) |
| 01/24/2017 | 34 | SCHEDULING ORDER: See Order for deadlines and details. Signed by Judge Ellen S. Huvelle on January 24, 2017. (lcesh2) (Entered: 01/24/2017) |
| 02/14/2017 | 35 | TRANSCRIPT OF PROCEEDINGS before Judge Ellen S. Huvelle held on 1–18–17; Page Numbers: (1–29). Date of Issuance:1–29–17. Court Reporter/Transcriber Scott Wallace, Telephone number 202–354–3196, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 3/7/2017. Redacted Transcript Deadline set for 3/17/2017. Release of Transcript Restriction set for 5/15/2017.(Wallace, Scott) (Entered: 02/14/2017) |
| 02/21/2017 | 36 | NOTICE of Appearance by Brian J. Field on behalf of All Defendants (Field, Brian) (Entered: 02/21/2017) |
| 02/23/2017 | 37 | Unopposed MOTION For Approval of Plan of Class Notice by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Exhibit 1 – Email Notice, # 2 Exhibit 2 – Postcard Notice, # 3 Exhibit 2 – Website Notice, # 4 Text of Proposed Order)(Narwold, William) (Entered: 02/23/2017) |
| 02/28/2017 | 38 | RESPONSE re 37 Unopposed MOTION For Approval of Plan of Class Notice filed by UNITED STATES OF AMERICA. (Nebeker, William) (Entered: 02/28/2017) |
| 03/31/2017 | 39 | NOTICE of Joint Filing of Proposed Order by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM re 37 Unopposed MOTION For Approval of Plan of Class Notice (Attachments: # 1 Text of Proposed Order)(Narwold, William) (Entered: 03/31/2017) |
| 03/31/2017 | 40 | Consent MOTION for Protective Order by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Text of Proposed Order)(Narwold, William) (Entered: 03/31/2017) |

| 04/03/2017 | 41 | STIPULATED PROTECTIVE ORDER granting 40 Motion for Protective Order. Signed by Judge Ellen S. Huvelle on April 3, 2017. (lcesh2) (Entered: 04/03/2017) |
|---|---|---|
| 04/13/2017 | 42 | Unopposed MOTION for Approval of Revised Plan of Class Notice and Class Notice Documents by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Exhibit 1 – Email Notice, # 2 Exhibit 1–A – BLACKLINE Email Notice, # 3 Exhibit 2 – Postcard Notice, # 4 Exhibit 2–A – BLACKLINE Postcard Notice, # 5 Exhibit 3 – Website Notice, # 6 Exhibit 3–A – BLACKLINE Website Notice, # 7 Exhibit 4 – Online Exclusion, # 8 Exhibit 5 – Printable Exclusion, # 9 Exhibit 6 – Proposed Order, # 10 Exhibit 6–A – BLACKLINE Proposed Order)(Narwold, William) (Entered: 04/13/2017) |
| 04/14/2017 | 43 | NOTICE *of Filing of Revised Notice Documents* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Exhibit 1 Revised Email Notice, # 2 Exhibit 1A Revised and Blacklined Email Notice, # 3 Exhibit 2 Revised Postcard Notice, # 4 Exhibit 2A Revised and Blacklined Postcard Notice)(Narwold, William) (Entered: 04/14/2017) |
| 04/17/2017 | 44 | ORDER granting 42 Plaintiffs' Unopposed Motion for Approval of Revised Plan of Class Notice and Class Notice Documents: See Order for details. Signed by Judge Ellen S. Huvelle on April 17, 2017. (lcesh2) (Entered: 04/17/2017) |
| 04/17/2017 | | MINUTE ORDER finding as moot 37 Motion for Approval of Class Notice in light of approval of 42 Motion for Approval of Revised Class Notice. Signed by Judge Ellen S. Huvelle on April 17, 2017. (AG) (Entered: 04/17/2017) |
| 05/22/2017 | 45 | NOTICE to Exclude by ROSEMARIE HOWELL re 44 ORDER granting 42 Plaintiffs' Unopposed Motion for Approval of Revised Plan of Class Notice and Class Notice Documents (jf) (Entered: 05/24/2017) |
| 06/15/2017 | 46 | MOTION for Order for Exclusion by ROB RAWSON. "Let this be filed" signed by Judge Ellen Segal Huvelle on 06/09/2017 (jf) Modified event title on 6/16/2017 (znmw). (Entered: 06/15/2017) |
| 06/15/2017 | | MINUTE ORDER: It is hereby ORDERED that the Clerk shall mail a copy of 46 NOTICE of and MOTION For An Order For Exclusion filed by ROB RAWSON to the PACER Fees Class Action Administrator, P.O. Box 43434, Providence, RI 02940–3434. Signed by Judge Ellen S. Huvelle on June 15, 2017. (lcesh2) (Entered: 06/15/2017) |
| 07/05/2017 | 47 | NOTICE of Change of Address by Deepak Gupta (Gupta, Deepak) (Entered: 07/05/2017) |
| 07/05/2017 | 48 | Unopposed MOTION for Extension of Time to File *Motion for Summary Judgment* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Text of Proposed Order)(Gupta, Deepak) (Entered: 07/05/2017) |
| 07/05/2017 | | MINUTE ORDER granting 48 Unopposed Motion for Extension of Time to File Motion for Summary Judgment: Upon consideration of the plaintiffs' unopposed motion to extend the briefing schedule, it is hereby ORDERED that the motion is GRANTED; and it is FURTHER ORDERED that the time within which the plaintiffs may file their motion for summary judgment solely on the issue of liability, i.e., |

| | | |
|---|---|---|
| | | whether the fees charged to access records through PACER violate the E–Government Act of 2002, Pub. L. No. 107–347, § 205(e), 116 Stat. 2899, 2915 (Dec. 17, 2002) (28 U.S.C. § 1913 note), is extended through August 28, 2017; and it is FURTHER ORDERED that the defendant shall file its opposition 20 days after this date, on September 18, 2017, and the plaintiffs' reply is due 10 days after that, on September 28, 2017, consistent with this Courts scheduling order entered on January 24, 2017. Signed by Judge Ellen S. Huvelle on July 5, 2017. (AG) (Entered: 07/05/2017) |
| 07/07/2017 | | Set/Reset Deadlines: Plaintiff's Summary Judgment motion due by 8/28/2017. Response to Motion for Summary Judgment due by 9/18/2017. Plaintiff's Reply in support of Motion for Summary Judgment due by 9/28/2017. (hs) (Entered: 07/07/2017) |
| 07/17/2017 | 49 | MOTION for Leave to File Amicus Curiae, MOTION to Appear by Phone, by DON KOZICH (Attachments: # 1 Exhibit Application to Proceed In Forma Pauperis)(jf) Modified text on 7/19/2017 (znmw). (Entered: 07/18/2017) |
| 07/19/2017 | 50 | SUPPLEMENT re 45 NOTICE to Exclude by ROSEMARIE HOWELL re 44 ORDER granting 42 Plaintiffs' Unopposed Motion for Approval of Revised Plan of Class Notice and Class Notice Documents filed by ROSEMARIE HOWELL. (jf) (Entered: 07/19/2017) |
| 08/24/2017 | 51 | NOTICE of Change of Address by Elizabeth S. Smith (Smith, Elizabeth) (Entered: 08/24/2017) |
| 08/28/2017 | 52 | MOTION for Summary Judgment *as to Liability* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Declaration Declaration of Jonathan Taylor, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E, # 7 Exhibit Exhibit F, # 8 Exhibit Exhibit G, # 9 Exhibit Exhibit H, # 10 Exhibit Exhibit I, # 11 Exhibit Exhibit J, # 12 Exhibit Exhibit K, # 13 Exhibit Exhibit L, # 14 Exhibit Exhibit M, # 15 Declaration Declaration of Thomas Lee and Michael Lissner, # 16 Statement of Facts Plaintiffs' Statement of Undisputed Material Facts)(Gupta, Deepak) (Entered: 08/28/2017) |
| 09/05/2017 | 53 | MOTION for Leave to File *Amicus Curiae Brief* by REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Proposed Order, # 3 Certificate of Corporate Disclosure)(Brown, Bruce) (Entered: 09/05/2017) |
| 09/05/2017 | 54 | NOTICE of Appearance by Sasha Samberg–Champion on behalf of AMERICAN ASSOCIATION OF LAW LIBRARIES (Samberg–Champion, Sasha) (Entered: 09/05/2017) |
| 09/05/2017 | 55 | MOTION for Leave to File *Brief Amici Curiae* by AMERICAN ASSOCIATION OF LAW LIBRARIES (Attachments: # 1 Proposed Brief, # 2 Text of Proposed Order)(Samberg–Champion, Sasha) (Entered: 09/05/2017) |
| 09/05/2017 | 56 | MOTION for Leave to File *Amicus Curiae Brief* by JOSEPH I. LIEBERMAN (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Text of Proposed Order)(Bailen, Mark) (Entered: 09/05/2017) |
| 09/13/2017 | 57 | MOTION for Extension of Time to File Response/Reply by UNITED STATES OF AMERICA (Field, Brian) (Entered: 09/13/2017) |

| 09/13/2017 | | MINUTE ORDER granting 53 55 56 Movants' Motions for Leave to File Briefs as Amicus Curiae: Upon consideration of the above–referenced motions, plaintiffs' consent and defendant's representation that it will not oppose, it is hereby ORDERED that the motions are GRANTED and movants are granted leave to file briefs as amicus curiae. Signed by Judge Ellen S. Huvelle on September 13, 2017. (AG) (Entered: 09/13/2017) |
|---|---|---|
| 09/13/2017 | 58 | RESPONSE re 57 MOTION for Extension of Time to File Response/Reply filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 09/13/2017) |
| 09/13/2017 | 59 | AMICUS BRIEF by REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, AMERICAN SOCIETY OF NEWSPAPER EDITORS, ASSOCIATED PRESS MEDIA EDITORS, ASSOCIATION OF ALTERNATIVE NEWS MEDIA, CENTER FOR INVESTIGATIVE REPORTING, FIRST AMENDMENT COALITION, FIRST LOOK MEDIA WORKS, INC., INTERNATIONAL DOCUMENTARY ASSOCIATION, INVESTIGATIVE REPORTING WORKSHOP, MEDIA CONSORTIUM, MPA, NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, ONLINE NEWS ASSOCIATION, RADIO TELEVISION DIGITAL NEWS ASSOCIATION, REPORTERS WITHOUT BORDERS, SEATTLE TIMES COMPANY, SOCIETY OF PROFESSIONAL JOURNALISTS, TULLY CENTER FOR FREE SPEECH. (znmw) (Entered: 09/14/2017) |
| 09/13/2017 | 60 | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by AMERICAN SOCIETY OF NEWSPAPER EDITORS, ASSOCIATED PRESS MEDIA EDITORS, ASSOCIATION OF ALTERNATIVE NEWS MEDIA, CENTER FOR INVESTIGATIVE REPORTING, FIRST AMENDMENT COALITION, FIRST LOOK MEDIA WORKS, INC., INTERNATIONAL DOCUMENTARY ASSOCIATION, INVESTIGATIVE REPORTING WORKSHOP, MEDIA CONSORTIUM, MPA, NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, ONLINE NEWS ASSOCIATION, RADIO TELEVISION DIGITAL NEWS ASSOCIATION, REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, REPORTERS WITHOUT BORDERS, SEATTLE TIMES COMPANY, SOCIETY OF PROFESSIONAL JOURNALISTS, TULLY CENTER FOR FREE SPEECH identifying Other Affiliate SYRACUSE UNIVERSITY for TULLY CENTER FOR FREE SPEECH; Other Affiliate AMERICAN UNIVERSITY SCHOOL OF COMMUNICATION for INVESTIGATIVE REPORTING WORKSHOP; Corporate Parent MCCLATCHY COMPANY for SEATTLE TIMES COMPANY. (znmw) (Entered: 09/14/2017) |
| 09/13/2017 | 61 | AMICUS BRIEF by AMERICAN ASSOCIATION OF LAW LIBRARIES, DEBORAH BEIM, THOMAS BRUCE, PHILLIP MALONE, JONATHAN ZITTRAIN. (znmw) (Entered: 09/14/2017) |
| 09/13/2017 | 62 | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by AMERICAN ASSOCIATION OF LAW LIBRARIES. (See Docket Entry 61 to view document). (znmw) (Entered: 09/14/2017) |
| 09/13/2017 | 63 | AMICUS BRIEF by JOSEPH I. LIEBERMAN, DARRELL ISSA. (znmw) (Entered: 09/14/2017) |
| 09/14/2017 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting in part and denying in part <u>57</u> defendant's Motion for Extension of Time to File Response re <u>52</u> plaintiffs' MOTION for Summary Judgment *as to Liability*: Upon consideration of defendant's motion, plaintiff's partial consent and partial opposition thereto, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that defendant shall have until November 2, 2017, to file its response to plaintiffs' motion for summary judgment; and it is further ORDERED that plaintiffs reply is due by November 13, 2017. Signed by Judge Ellen S. Huvelle on September 14, 2017. (AG) (Entered: 09/14/2017) |
| 09/25/2017 | <u>64</u> | Verified MOTION For Free Access To Pacer by DON KOZICH (jf) (Entered: 09/27/2017) |
| 09/29/2017 | <u>65</u> | RESPONSE re <u>64</u> MOTION For Free Access To Pacer filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 09/29/2017) |
| 10/02/2017 | <u>66</u> | ORDER DENYING as moot <u>64</u> Motion for Free Access to PACER Until Final Disposition of this Case. Signed by Judge Ellen S. Huvelle on October 2, 2017. (lcesh2,) (Entered: 10/02/2017) |
| 10/10/2017 | <u>67</u> | MOTION to Clarify Minute Order dated 09/13/2017 by DON KOZICH (jf) (Entered: 10/13/2017) |
| 10/17/2017 | <u>68</u> | ORDER denying <u>49</u> Motion for Leave to File Amicus Brief and to Appear Telephonically; denying as moot <u>67</u> Motion to Clarify: see Order for details. Signed by Judge Ellen S. Huvelle on October 17, 2017. (lcesh2) (Entered: 10/17/2017) |
| 10/30/2017 | <u>69</u> | Unopposed MOTION for Extension of Time to File Response/Reply as to <u>52</u> MOTION for Summary Judgment *as to Liability* by UNITED STATES OF AMERICA (Attachments: # <u>1</u> Text of Proposed Order)(Nebeker, William) (Entered: 10/30/2017) |
| 10/30/2017 | <u>72</u> | STRIKEN PURSUANT TO MINUTE ORDER FILED ON 11/9/17.....Verified MOTION with Briefing by ROSEMARIE HOWELL (Attachments: # <u>1</u> Appendix 1, # <u>2</u> Appendix 2, # <u>3</u> Appendix 3)(jf) Modified on 11/12/2017 (zgdf). (Entered: 11/08/2017) |
| 10/31/2017 | | MINUTE ORDER granting <u>69</u> Unopposed Motion for Extension of Time to File Response re <u>52</u> MOTION for Summary Judgment as to Liability: Upon Consideration of the Unopposed Motion For An Enlargement Of Time, AndMemorandum In Support Thereof in response thereto, and for the reasons set forth in support thereof, it is hereby ORDERED that the motion should be and is hereby GRANTED; and it is FURTHER ORDERED that Defendant file its opposition to Plaintiff's Motion For Summary Judgment As To Liability (ECF No. <u>52</u>) on or before November 17, 2017; and it is FURTHER ORDERED that Plaintiffs may respond to Defendant's filing on or before December 5, 2017. Signed by Judge Ellen S. Huvelle on October 31, 2017. (AG) (Entered: 10/31/2017) |
| 10/31/2017 | <u>70</u> | MOTION for Reconsideration re <u>68</u> Order on Motion for Miscellaneous Relief, Order on Motion for Leave to File, Order on Motion to Clarify by DON KOZICH (Attachments: # <u>1</u> Exhibit)(jf) (Entered: 11/01/2017) |
| 11/06/2017 | <u>71</u> | ORDER denying <u>70</u> Motion for Reconsideration of October 17, 2017 Order Denying Petitioners Motion for Clarification of September 13, 2017 Order and Denying |

| | | |
|---|---|---|
| | | Petitioners Motion to File Amicus Curiae; and granting Movant access to documents filed in this case. See Order for details. Signed by Judge Ellen S. Huvelle on November 6, 2017. (lcesh2) (Entered: 11/06/2017) |
| 11/09/2017 | | MINUTE ORDER: It is hereby ORDERED that Rosemarie Howell's Verified Motion with Briefing <u>72</u> is STRICKEN from the docket as filed without leave of Court; it is further ORDERED that leave to file is denied because Rosemarie Howell has opted out of the class, see ECF 45; and it is further ORDERED that the Clerk shall return the motion to Rosemarie Howell, along with a copy of this Minute Order. Signed by Judge Ellen S. Huvelle on November 9, 2017. (lcesh2) (Entered: 11/09/2017) |
| 11/17/2017 | <u>73</u> | Cross MOTION for Summary Judgment by UNITED STATES OF AMERICA (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Declaration Decl. of W. Skidgel, # <u>3</u> Statement of Facts, # <u>4</u> Text of Proposed Order)(Field, Brian) (Entered: 11/17/2017) |
| 11/17/2017 | <u>74</u> | Memorandum in opposition to re <u>52</u> MOTION for Summary Judgment *as to Liability* filed by UNITED STATES OF AMERICA. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Declaration Decl. of W. Skidgel, # <u>3</u> Statement of Facts, # <u>4</u> Text of Proposed Order)(Field, Brian) (Entered: 11/17/2017) |
| 12/05/2017 | <u>75</u> | REPLY to opposition to motion re <u>52</u> MOTION for Summary Judgment *as to Liability*, filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Attachments: # <u>1</u> Statement of Facts Response to Defendant's Statement of Facts)(Gupta, Deepak) Modified to remove link on 12/6/2017 (znmw). (Entered: 12/05/2017) |
| 12/05/2017 | 76 | Memorandum in opposition to re <u>73</u> Cross MOTION for Summary Judgment filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (See Docket Entry <u>75</u> to view document). (znmw) (Entered: 12/06/2017) |
| 12/08/2017 | <u>77</u> | MOTION for Extension of Time to File Response/Reply as to <u>73</u> Cross MOTION for Summary Judgment by UNITED STATES OF AMERICA (Field, Brian) (Entered: 12/08/2017) |
| 12/08/2017 | | MINUTE ORDER granting in part and denying in part <u>77</u> defendant's opposed Motion for Extension of Time to File Reply re <u>73</u> Cross Motion for Summary Judgment: Upon consideration of the above–referenced motion, and the entire record herein, it is hereby ORDERED that the motion is GRANTED IN PART AND DENIED IN PART; and it is further ORDERED that defendant shall have until January 5, 2018, to file its reply in support of its cross–motion for summary judgment. Signed by Judge Ellen S. Huvelle on December 8, 2017. (lcesh2) (Entered: 12/08/2017) |
| 12/12/2017 | <u>78</u> | LEAVE TO FILE DENIED– Declaration of Amended Service. This document is unavailable as the Court denied its filing. "Leave To File Denied" Signed by Judge Ellen S. Huvelle on 12/12/2017. (jf) (Entered: 12/15/2017) |
| 01/05/2018 | <u>79</u> | REPLY to opposition to motion re <u>73</u> Cross MOTION for Summary Judgment filed by UNITED STATES OF AMERICA. (Field, Brian) (Entered: 01/05/2018) |
| 02/27/2018 | | MINUTE ORDER Setting Hearing on Motions: It is hereby ORDERED that a hearing on <u>52</u> plaintiffs' MOTION for Summary Judgment as to Liability and <u>73</u> defendant's Cross MOTION for Summary Judgment is set for Monday, March 19, |

| | | |
|---|---|---|
| | | 2017, at 11:00 a.m. in Courtroom 23A before Judge Ellen S. Huvelle. Signed by Judge Ellen S. Huvelle on February 27, 2018. (AG) (Entered: 02/27/2018) |
| 03/01/2018 | 80 | Consent MOTION to Continue *Motions Hearing* by UNITED STATES OF AMERICA (Field, Brian) (Entered: 03/01/2018) |
| 03/02/2018 | | MINUTE ORDER granting in part and denying in part 80 Consent Motion to Continue: Upon consideration of the Consent Motion to Continue, it is hereby ORDERED that the motion is granted in part and denied in part; and it is further ORDERED that the Summary Judgment Motions Hearing presently set for 3/19/2018 is CONTINUED TO 3/21/2018 at 11:00 AM in Courtroom 23A. Signed by Judge Ellen S. Huvelle on March 2, 2018. (AG) (Entered: 03/02/2018) |
| 03/15/2018 | 81 | NOTICE *Of Filing* by UNITED STATES OF AMERICA re 52 MOTION for Summary Judgment *as to Liability*, Order Setting Hearing on Motion, 73 Cross MOTION for Summary Judgment (Attachments: # 1 Exhibit Tabs 1 through 40)(Nebeker, William) (Entered: 03/15/2018) |
| 03/21/2018 | 82 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Meghan Oliver, :Firm– Motley Rice LLC, :Address– 28 Bridgeside Blvd, Mt. Pleasant, SC 29464. Phone No. – 843–216–9492. Fax No. – 843–216–9430 Filing fee $ 100, receipt number 0090–5382765. Fee Status: Fee Paid. by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Declaration Declaration of Meghan Oliver, # 2 Text of Proposed Order Proposed Order)(Smith, Elizabeth) (Entered: 03/21/2018) |
| 03/21/2018 | | MINUTE ORDER: It is hereby ORDERED that the hearing on plaintiffs' MOTION for Summary Judgment as to Liability and defendant's Cross MOTION for Summary Judgment is CONTINUED from Wednesday, March 21, 2018, to Friday, March 23, 2018, at 1:30 p.m. in Courtroom 23A before Judge Ellen S. Huvelle. Signed by Judge Ellen S. Huvelle on March 21, 2018. (AG) (Entered: 03/21/2018) |
| 03/21/2018 | | MINUTE ORDER granting 82 Unopposed Motion for Leave to Appear Pro Hac Vice: Upon consideration of the above–referenced motion, it is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that Meghan Oliver is admitted pro hac vice for the purpose of appearing in the above–captioned case. Signed by Judge Ellen S. Huvelle on March 21, 2018. (AG) (Entered: 03/21/2018) |
| 03/21/2018 | 83 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jonathan Taylor, :Firm– Gupta Wessler PLLC, :Address– jon@guptawessler.com. Phone No. – 2028881741. Fax No. – 2028887792 *Address: 1900 L Street NW, Suite 312, Washington DC 20036* Filing fee $ 100, receipt number 0090–5383035. Fee Status: Fee Paid. by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Declaration of Jonathan Taylor, # 2 Text of Proposed Order)(Gupta, Deepak) (Entered: 03/21/2018) |
| 03/21/2018 | | MINUTE ORDER granting 83 Unopposed Motion for Leave to Appear Pro Hac Vice: Upon consideration of the Unopposed MOTION for Leave to Appear Pro Hac Vice, it is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that Jonathan Taylor is admitted pro hac vice for the purpose of appearing in proceedings in the above–captioned case. Counsel is reminded that pursuant to LCvR 83.2(c)(2) "An attorney who engages in the practice of law from an office located in the District of Columbia must be a member of the District of |

| | | |
|---|---|---|
| | | Columbia Bar and the Bar of this Court to file papers in this Court." Signed by Judge Ellen S. Huvelle on March 21, 2018. (AG) (Entered: 03/21/2018) |
| 03/22/2018 | | Set/Reset Hearings: Motion Hearing set for 3/23/2018 at 1:30 PM in Courtroom 23A before Judge Ellen S. Huvelle. (gdf) (Entered: 03/22/2018) |
| 03/23/2018 | | Minute Entry; for proceedings held before Judge Ellen S. Huvelle: Oral Arguments held on 3/23/2018. Plaintiffs' 52 MOTION for Summary Judgment as to Liability and Defendant's 73 Cross MOTION for Summary Judgment; heard and Taken Under Advisement. (Court Reporter Lisa Griffith) (hs) (Entered: 03/23/2018) |
| 03/24/2018 | 84 | NOTICE by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit Ex. A, # 2 Exhibit Ex. B, # 3 Exhibit Ex. C, # 4 Exhibit Ex. D, # 5 Exhibit Ex. E, # 6 Exhibit Ex. F, # 7 Exhibit Ex. G)(Field, Brian) (Entered: 03/24/2018) |
| 03/28/2018 | 85 | RESPONSE *to Defendant's supplemental authority* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM re 84 Notice (Other) (Gupta, Deepak) Modified event title on 3/29/2018 (znmw). (Entered: 03/28/2018) |
| 03/29/2018 | 86 | RESPONSE re 85 Notice (Other) filed by UNITED STATES OF AMERICA. (Field, Brian) (Entered: 03/29/2018) |
| 03/29/2018 | 87 | REPLY re 86 Response to Document filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 03/29/2018) |
| 03/31/2018 | 88 | ORDER denying 52 plaintiffs' Motion for Summary Judgment; granting in part and denying in part 73 defendant's Motion for Summary Judgment; and setting Status Conference for 4/18/2018 at 03:00 PM in Courtroom 23A. Joint status report due by April 16, 2018. Signed by Judge Ellen S. Huvelle on March 31, 2018. (AG) (Entered: 03/31/2018) |
| 03/31/2018 | 89 | MEMORANDUM OPINION accompanying Order, ECF No. 88 , denying 52 plaintiffs' Motion for Summary Judgment and granting in part and denying in part defendant's Cross–Motion for Summary Judgment. Signed by Judge Ellen S. Huvelle on March 31, 2018. (AG) Modified on 4/2/2018 to remove attachment. Attachment docketed separately for opinion posting purposes.(ztnr) (Entered: 03/31/2018) |
| 03/31/2018 | 90 | ATTACHMENT to 89 Memorandum & Opinion Signed by Judge Ellen S. Huvelle on March 31, 2018. (ztnr) (Entered: 04/02/2018) |
| 04/02/2018 | | Set/Reset Deadlines: Joint Status Report due by 4/16/2018. (gdf) (Entered: 04/02/2018) |
| 04/16/2018 | 91 | Joint STATUS REPORT *Proposing a Schedule to Govern Further Proceedings* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Narwold, William) (Entered: 04/16/2018) |
| 04/18/2018 | | Minute Entry for proceedings held before Judge Ellen S. Huvelle: Status Conference held on 4/18/2018. Status Report due by 5/11/2018. Status Conference set for 5/18/2018 at 1:30 PM in Courtroom 23A before Judge Ellen S. Huvelle. (Court Reporter Lisa Griffith) (gdf) (Entered: 04/18/2018) |
| 04/18/2018 | 92 | |

| | | |
|---|---|---|
| | | ORDER setting Status Conference for May 18, 2018, at 1:30 p.m. in Courtroom 23A. Joint Status Report due by May 11, 2018. See order for details. Signed by Judge Ellen S. Huvelle on April 18, 2018. (AG) (Entered: 04/18/2018) |
| 04/26/2018 | 93 | MOTION for Extension of Time to *File Status Report*, MOTION to Continue *Status Conference* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Field, Brian) (Entered: 04/26/2018) |
| 04/27/2018 | | MINUTE ORDER denying 93 Motion for Extension of Time to file Status Report; granting in part and denying in part 93 Motion to Continue Status Conference: Upon consideration of defendant's motion, plaintiffs' opposition thereto, and the entire record herein, it is hereby ORDERED that defendant's motion for an extension of time to file a status report is DENIED; and it is further ORDERED that defendant's motion to continue the Status Conference presently set for May 18, 2018, is GRANTED IN PART AND DENIED IN PART; and it is further ORDERED that the Status Conference presently scheduled for May 18, 2018, is RESCHEDULED to May 17, 2018, at 11:00 a.m. in Courtroom 23A. Signed by Judge Ellen S. Huvelle on April 27, 2018. (AG) (Entered: 04/27/2018) |
| 05/11/2018 | 94 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Field, Brian) (Entered: 05/11/2018) |
| 05/17/2018 | 95 | TRANSCRIPT OF PROCEEDINGS before Judge Ellen S. Huvelle held on 3–23–18; Page Numbers: 1–121. Date of Issuance:5–17–18. Court Reporter/Transcriber Lisa Griffith, Telephone number (202) 354–3247, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 6/7/2018. Redacted Transcript Deadline set for 6/17/2018. Release of Transcript Restriction set for 8/15/2018.(Griffith, Lisa) (Entered: 05/17/2018) |
| 05/17/2018 | 96 | TRANSCRIPT OF PROCEEDINGS before Judge Ellen S. Huvelle held on 4–18–18; Page Numbers: 1–38. Date of Issuance:5–17–18. Court Reporter/Transcriber Lisa Griffith, Telephone number (202) 354–3247, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due |

| | | |
|---|---|---|
| | | 6/7/2018. Redacted Transcript Deadline set for 6/17/2018. Release of Transcript Restriction set for 8/15/2018.(Griffith, Lisa) (Entered: 05/17/2018) |
| 05/17/2018 | | Minute Entry for proceedings held before Judge Ellen S. Huvelle on 5/17/18 : Status Conference held. Order to be issued. Joint Status Report due by 7/13/18. Further Status Conference set for 7/18/18 at 12:00 PM in Courtroom 23A before Judge Ellen S. Huvelle. (Court Reporter: Lisa Griffith) (kk) (Entered: 05/17/2018) |
| 05/17/2018 | 97 | ORDER re discovery and future proceedings. Joint Status Report due by 7/13/2018. Status Conference set for 7/18/2018 at 12:00 PM in Courtroom 23A before Judge Ellen S. Huvelle. See order for details. Signed by Judge Ellen S. Huvelle on May 17, 2018. (AG) (Entered: 05/17/2018) |
| 07/13/2018 | 98 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Field, Brian) (Entered: 07/13/2018) |
| 07/13/2018 | 99 | MOTION for Certification for interlocutory appeal, MOTION to Stay by UNITED STATES OF AMERICA (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Field, Brian). Added MOTION to Stay on 7/17/2018 (jf). (Entered: 07/13/2018) |
| 07/18/2018 | | Minute Entry for proceedings held before Judge Ellen S. Huvelle: Status Conference held on 7/18/2018. Parties should submit a report by the C.O.B. on Friday, 7/20/18. (Court Reporter: Scott Wallace) (gdf) (Entered: 07/19/2018) |
| 07/20/2018 | 100 | NOTICE *Regarding Annual Courtroom Technology Expenditures* by UNITED STATES OF AMERICA (Field, Brian) (Entered: 07/20/2018) |
| 07/20/2018 | 101 | Joint STATUS REPORT by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 07/20/2018) |
| 07/27/2018 | 102 | RESPONSE re 99 MOTION for Certification for interlocutory appeal MOTION to Stay filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 07/27/2018) |
| 08/02/2018 | 103 | REPLY to opposition to motion re 99 MOTION for Certification for interlocutory appeal MOTION to Stay filed by UNITED STATES OF AMERICA. (Field, Brian) (Entered: 08/02/2018) |
| 08/13/2018 | 104 | ORDER granting in part and denying in part 99 defendant's Motion for to Certify Orders for Interlocutory Appeal; amending Order filed on March 31, 2018, ECF No. 88 , to certify for interlocutory appeal for the reasons stated in an accompanying Memorandum Opinion, ECF No. 105 ; and granting 99 unopposed Motion to Stay. See order for details. Signed by Judge Ellen S. Huvelle on August 13, 2018. (AG) (Entered: 08/13/2018) |
| 08/13/2018 | 105 | MEMORANDUM OPINION accompanying August 13, 2018 Order, ECF No. 104 , re certification of March 31, 2018 Order, ECF No. 88 for interlocutory appeal. Signed by Judge Ellen S. Huvelle on August 13, 2018. (AG) (Entered: 08/13/2018) |
| 08/20/2018 | 106 | TRANSCRIPT OF PROCEEDINGS before Judge Ellen S. Huvelle held on 7–18–18; Page Numbers: 1–21. Date of Issuance:7–18–18. Court Reporter/Transcriber Scott Wallace, Telephone number 202–354–3196, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order |

| | | |
|---|---|---|
| | | Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 9/10/2018. Redacted Transcript Deadline set for 9/20/2018. Release of Transcript Restriction set for 11/18/2018.(Wallace, Scott) (Entered: 08/20/2018) |
| 08/23/2018 | | USCA for the Federal Circuit Case Number 18–154–CP (zrdj) (Entered: 08/23/2018) |
| 08/23/2018 | | USCA for the Federal Circuit Case Number 18–155–CP (zrdj) (Entered: 08/23/2018) |
| 10/16/2018 | | USCA for the Federal Circuit Case Number 19–1081–SJ (zrdj) (Entered: 10/18/2018) |
| 10/16/2018 | | USCA for the Federal Circuit Case Number 19–1083–SJ (zrdj) (Entered: 10/18/2018) |
| 11/28/2018 | 107 | NOTICE OF GRANT OF PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(B)by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. Filing fee $ 505, receipt number 0090–5811958. Fee Status: Fee Paid. Parties have been notified. (Attachments: # 1 USCA Order)(Narwold, William) Modified on 11/29/2018 to correct docket event/text (jf). (Entered: 11/28/2018) |
| 11/29/2018 | 108 | Transmission of the Notice of Grant of Permission to Appeal Under 28 U.S.C. § 1292(B)and Docket Sheet to Federal Circuit. The appeal fee was paid this date re 107 Notice of Appeal to the Federal Circuit. (jf) (Entered: 11/29/2018) |
| 09/10/2020 | 109 | ENTERED IN ERROR.....Case randomly reassigned to Judge Christopher R. Cooper. Judge Ellen S. Huvelle is no longer assigned to the case. (rj) Modified on 9/11/2020 (rj). (Entered: 09/11/2020) |
| 09/10/2020 | 110 | Case directly reassigned to Judge Paul L. Friedman by consent. Judge Christopher R. Cooper is no longer assigned to the case. (rj) (Entered: 09/11/2020) |
| 09/28/2020 | 111 | MANDATE of USCA as to 107 Notice of Appeal to the Federal Circuit, filed by ALLIANCE FOR JUSTICE, NATIONAL VETERANS LEGAL SERVICES PROGRAM, NATIONAL CONSUMER LAW CENTER ; USCA Case Number 19–1081, 19–1083. (Attachments: # 1 USCA Judgment)(zrdj) (Entered: 09/29/2020) |
| 12/11/2020 | | MINUTE ORDER: In view of the recent decision by the United States Court of Appeals for the Federal Circuit remanding this case for further proceedings, it is ORDERED that the parties file a joint status report on or before December 23, 2020 addressing how they wish to proceed. Signed by Judge Paul L. Friedman on 12/11/2020. (lceg) (Entered: 12/11/2020) |
| 12/23/2020 | 112 | Joint STATUS REPORT by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 12/23/2020) |

| 12/29/2020 | | MINUTE ORDER: In light of the parties joint status report 112 , this matter is STAYED until June 25, 2021. The parties shall file a joint status report on or before June 18, 2021 updating the Court on the status of any mediation. Signed by Judge Paul L. Friedman on 12/29/2020. (lceg) (Entered: 12/29/2020) |
|---|---|---|
| 12/29/2020 | | Set/Reset Deadlines: Status Report due by 6/18/2021. (tj) (Entered: 12/29/2020) |
| 06/02/2021 | 113 | NOTICE OF SUBSTITUTION OF COUNSEL by Robert Aaron Caplen on behalf of UNITED STATES OF AMERICA Substituting for attorney W. Mark Nebeker (Caplen, Robert) (Entered: 06/02/2021) |
| 06/03/2021 | 114 | NOTICE OF SUBSTITUTION OF COUNSEL by Jeremy S. Simon on behalf of UNITED STATES OF AMERICA Substituting for attorney Brian J. Field (Simon, Jeremy) (Entered: 06/03/2021) |
| 06/16/2021 | 115 | Joint STATUS REPORT by NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Narwold, William) (Entered: 06/16/2021) |
| 06/16/2021 | | MINUTE ORDER: In light of 115 the parties' joint status report, this matter is STAYED until September 23, 2021. The parties shall file a joint status report on or before September 16, 2021, updating the Court on the progress of their discussions. Signed by Judge Paul L. Friedman on June 16, 2021. (lcaf) (Entered: 06/16/2021) |
| 08/26/2021 | 116 | MOTION to Intervene, MOTION to Modify by MICHAEL T. PINES. (Attachments: # 1 Declaration redacted)(ztd); ("Leave to file Granted" signed 8/26/2021 by Judge Paul L. Friedman) Modified on 10/1/2021 (znmw). Added MOTION for Sanctions on 10/1/2021 (znmw). (Entered: 08/27/2021) |
| 08/26/2021 | 117 | SEALED DOCUMENT (MOTION FOR INTERVENTION AND LEAVE TO FILE) filed by MICHAEL T. PINES. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration)(ztd);("Leave to File Granted – Document Under Seal" signed 8/26/2021 by Judge Paul L. Friedman) (Entered: 08/27/2021) |
| 08/27/2021 | | MINUTE ORDER: Counsel for the parties are directed to file responses to 116 Mr. Pines' motion to intervene on or before September 10, 2021. Signed by Judge Paul L. Friedman on August 27, 2021. (lcaf) (Entered: 08/27/2021) |
| 09/08/2021 | 118 | MOTION for Extension of Time to *File Response to Motion for Intervention, to Modify Class Certification Order, and for Sanctions* by UNITED STATES OF AMERICA. (Attachments: # 1 Proposed Order)(Simon, Jeremy) Modified event on 9/9/2021 (ztd). (Entered: 09/08/2021) |
| 09/09/2021 | 119 | ORDER granting 118 defendant's motion for extension of time up to and including October 1, 2021 within which to respond to motion for intervention, to modify class certification order and for sanctions. Signed by Judge Paul L. Friedman on September 9, 2021. (MA) (Entered: 09/09/2021) |
| 09/09/2021 | 120 | Memorandum in opposition to re 118 MOTION for Extension of Time to File Response/Reply filed by MICHAEL T. PINES. (ztd) (Entered: 09/10/2021) |
| 09/09/2021 | 121 | NOTICE by MICHAEL T. PINES (ztd) (Entered: 09/10/2021) |
| 09/10/2021 | 122 | RESPONSE re 116 MOTION to Intervene MOTION for Leave to File filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) |

| | | |
|---|---|---|
| | | (Entered: 09/10/2021) |
| 09/14/2021 | | MINUTE ORDER: The Court has reviewed 121 Mr. Pines' notice requesting reconsideration of 119 the Court's order granting the government an extension of time up to October 1, 2021 in which to respond to the motion to intervene. The Court concludes that Mr. Pines has not demonstrated that he will suffer prejudice as a result of the extension of time, and the government has established good cause for the extension of time. The Court therefore will not alter the deadline for the government's response to the motion to intervene. The government, in its response to the motion to intervene, is directed to also address the concerns about delay raised in 120 121 Mr. Pines' notices. Signed by Judge Paul L. Friedman on September 14, 2021. (lcaf) (Entered: 09/14/2021) |
| 09/15/2021 | 123 | Joint STATUS REPORT by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Narwold, William) (Entered: 09/15/2021) |
| 09/17/2021 | | MINUTE ORDER: In light of the parties' representations concerning settlement discussions in 123 the joint status report, the stay in this case is extended through November 22, 2021. The parties shall file a joint status report on or before November 15, 2021, notifying the Court of the progress of their discussions. Signed by Judge Paul L. Friedman on September 17, 2021. (lcaf) (Entered: 09/17/2021) |
| 10/01/2021 | 124 | RESPONSE re 116 MOTION to Intervene MOTION for Leave to File filed by UNITED STATES OF AMERICA. (Simon, Jeremy) (Entered: 10/01/2021) |
| 10/12/2021 | | MINUTE ORDER: The Court has reviewed the parties' briefs 122 124 in opposition to 116 Mr. Pines's Motion for Intervention, Motion to Modify Class Certification Order, and for Sanctions. On or before October 26, 2021, the parties are directed to file supplemental briefs addressing (1) whether, to the parties' knowledge, Mr. Pines is in fact a member of the class in this case; (2) if so, whether Mr. Pines has opted out of the class, and noting any applicable deadlines for opting out; and (3) setting forth the legal standard for a motion for intervention by a class member. Signed by Judge Paul L. Friedman on October 12, 2021. (lcaa) (Entered: 10/12/2021) |
| 10/21/2021 | 125 | Emergency MOTION for Order to Reactivate PACER Account by MICHAEL T. PINES. "Let this be filed," signed by Judge Paul L. Friedman on 10/21/2021. (znmw) (Entered: 10/25/2021) |
| 10/26/2021 | 126 | SUPPLEMENTAL MEMORANDUM to re Order,, *(Supplemental Brief In Response To Court Order Dated October 12, 2021)* filed by UNITED STATES OF AMERICA. (Simon, Jeremy) (Entered: 10/26/2021) |
| 10/26/2021 | 127 | RESPONSE TO ORDER OF THE COURT re Order,, *REGARDING MICHAEL PINESS MOTION FOR INTERVENTION, TO MODIFY THE CLASS DEFINITION, AND FOR SANCTIONS* filed by NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 10/26/2021) |
| 11/01/2021 | 128 | RESPONSE re 125 MOTION for Order *(Defendant's Response to Michael Pines' Motion to Reactivate Pines' PACER Account)* filed by UNITED STATES OF AMERICA. (Simon, Jeremy) (Entered: 11/01/2021) |
| 11/15/2021 | 129 | Joint STATUS REPORT by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Narwold, William) (Entered: 11/15/2021) |

| 11/15/2021 | 131 | PER CURIAM ORDER of USCA (certified copy) filed re: petitioner Michael T. Pines, granting motion for in forma pauperis; dismissing petition for writ of mandamus; dismissing as moot motion to reactivate Pacer account; USCA Case Number 21–5204. (znmw) (Entered: 11/16/2021) |
| --- | --- | --- |
| 11/16/2021 | | MINUTE ORDER: In light of the parties' representations concerning settlement discussions in 129 the Joint Status Report, the stay in this case is extended through January 27, 2022. The parties shall file a further joint status report on or before January 20, 2022 notifying the Court of the progress of their settlement efforts. Signed by Judge Paul L. Friedman on November 16, 2021. (lcaa) (Entered: 11/16/2021) |
| 11/16/2021 | 130 | MEMORANDUM OPINION AND ORDER denying 116 Mr. Pines pro se Motion for Intervention and for Leave to File Complaint in Intervention, Motion to Modify Class Certification Order, and for Sanctions; denying as moot Mr. Pines Motion for Pretrial Conference and to Appoint a Special Master; denying as moot 125 Mr. Pines Emergency Motion for Order to Reactivate PACER Account; and granting Mr. Pines Application to Proceed in District Court Without Prepaying Fees or Costs. The Clerk of the Court is directed to file that application on the docket in this case. Signed by Judge Paul L. Friedman on November 16, 2021. (MA) (Entered: 11/16/2021) |
| 11/16/2021 | | Set/Reset Deadlines: Joint Status Report due by 1/20/2022 (hs) (Entered: 11/16/2021) |
| 12/16/2021 | 132 | NOTICE OF APPEAL as to 130 Memorandum & Opinion by MICHAEL T. PINES. Fee Status: IFP. Parties have been notified. (znmw) Modified fee status on 12/17/2021 (znmw). (Entered: 12/17/2021) |
| 12/17/2021 | 133 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee was not paid because it was filed in forma pauperis re 132 Notice of Appeal. (znmw) (Entered: 12/17/2021) |
| 12/27/2021 | | USCA Case Number 21–5291 for 132 Notice of Appeal filed by MICHAEL T. PINES. (zjf) (Entered: 12/27/2021) |
| 01/20/2022 | 134 | Joint STATUS REPORT by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Narwold, William) (Entered: 01/20/2022) |
| 01/21/2022 | | MINUTE ORDER: In consideration of the joint status report 134 filed on January 20, 22, it is hereby ORDERED that the parties shall file a further joint status report on or before April 1, 2022, and that the stay of proceedings is extended through April 8, 2022. Signed by Judge Paul L. Friedman on January 21, 2022. (MA) (Entered: 01/21/2022) |
| 04/01/2022 | 135 | Joint STATUS REPORT by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 04/01/2022) |
| 05/17/2022 | 136 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Simon, Jeremy) (Entered: 05/17/2022) |
| 05/18/2022 | | MINUTE ORDER: In consideration of the parties' 135 joint status report and 136 joint status report, it is hereby ORDERED that the parties shall file a further joint status report on or before June 30, 2022, and that the stay of proceedings is extended from April 8, 2022 through July 12, 2022. Signed by Judge Paul L. Friedman on May 18, 2022. (lcjr) (Entered: 05/18/2022) |

| 06/29/2022 | 137 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Simon, Jeremy) (Entered: 06/29/2022) |
|---|---|---|
| 06/30/2022 | | MINUTE ORDER: In consideration of the parties' 137 joint status report, it is hereby ORDERED that the parties shall file a further joint status report on or before August 12, 2022, and that the stay of proceedings is extended from July 12, 2022, to August 26, 2022. Signed by Judge Paul L. Friedman on June 30, 2022. (ATM) (Entered: 06/30/2022) |
| 08/12/2022 | 138 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Simon, Jeremy) (Entered: 08/12/2022) |
| 08/12/2022 | | MINUTE ORDER: In consideration of the parties' 138 joint status report, it is hereby ORDERED that the plaintiffs shall file a motion for an order approving settlement notice to the class, pursuant to Fed. R. Civ. P. 23(e)(1), on or before September 26, 2022, and that the stay of proceedings is extended from August 12, 2022 to September 26, 2022. Signed by Judge Paul L. Friedman on August 12, 2022. (lcjr) (Entered: 08/12/2022) |
| 09/22/2022 | 139 | Joint STATUS REPORT by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) (Entered: 09/22/2022) |
| 09/22/2022 | | MINUTE ORDER: In consideration of the parties' 139 joint status report, it is hereby ORDERED that the plaintiffs shall file a motion for an order approving settlement notice to the class, pursuant to Fed. R. Civ. P. 23(e)(1), on or before October 15, 2022, and that the stay of proceedings is extended from September 22, 2022 to October 15, 2022. Signed by Judge Paul L. Friedman on September 22, 2022. (ATM) (Entered: 09/22/2022) |
| 10/11/2022 | 140 | MOTION for Settlement *Preliminary Approval* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Attachments: # 1 Text of Proposed Order Proposed Order)(Gupta, Deepak) (Entered: 10/11/2022) |
| 10/11/2022 | 141 | DECLARATION *of Deepak Gupta* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM re 140 MOTION for Settlement *Preliminary Approval* filed by ALLIANCE FOR JUSTICE, NATIONAL VETERANS LEGAL SERVICES PROGRAM, NATIONAL CONSUMER LAW CENTER. (Attachments: # 1 Exhibit Settlement Agreement, # 2 Exhibit Supplemental Settlement Agreement, # 3 Exhibit Proposed Notice Plan, # 4 Exhibit KCC (Administrator) Declaration)(Gupta, Deepak) (Entered: 10/11/2022) |
| 10/28/2022 | 142 | RESPONSE re 140 MOTION for Settlement *Preliminary Approval (Defendant's Response to Motion for Preliminary Approval of Class Settlement)* filed by UNITED STATES OF AMERICA. (Simon, Jeremy) (Entered: 10/28/2022) |
| 11/14/2022 | 143 | MANDATE of USCA as to 132 Notice of Appeal to DC Circuit Court filed by MICHAEL T. PINES ; USCA Case Number 21−5291. (Attachment: # 1 USCA Order September 28, 2022)(zjm) (Entered: 11/15/2022) |
| 11/28/2022 | | MINUTE ORDER: The parties shall appear for a status conference on December 6, 2022 at 9:00 a.m. via Zoom videoconference, the details of which will be provided the morning of or in advance of the hearing. Signed by Judge Paul L. Friedman on |

| | | |
|---|---|---|
| | | November 28, 2022. (lceh) (Entered: 11/28/2022) |
| 11/29/2022 | | Set/Reset Hearings: Status Conference set for 12/6/2022 at 9:00 AM before Judge Paul L. Friedman via zoom video. (tj) (Entered: 11/29/2022) |
| 12/06/2022 | | Minute Entry for proceedings held Via Videoconference (ZOOM) before Judge Paul L. Friedman: Status Conference held on 12/6/2022.Parties Updated The Court In Regards To The Current Posture Of This Matter. Parties Will Confer And Contact The Court's Chambers In Regards To The Next Status Conference Date. (Court Reporter TAMMY NESTOR.) (mac) (Entered: 12/06/2022) |
| 12/07/2022 | | MINUTE ORDER: The parties shall appear for a status conference on January 12, 2023 at 10:00 a.m. via Zoom videoconference, the details of which will be provided the morning of or in advance of the hearing. Signed by Judge Paul L. Friedman on December 7, 2022. (lceh) (Entered: 12/07/2022) |
| 12/12/2022 | | Set/Reset Hearings: Status Conference set for 1/12/2023 at 10:00 AM before Judge Paul L. Friedman via zoom video. (tj) (Entered: 12/12/2022) |
| 01/11/2023 | 144 | STIPULATION *(Stipulated Supplement to Protective Order)* by UNITED STATES OF AMERICA. (Simon, Jeremy) (Entered: 01/11/2023) |
| 01/11/2023 | | MINUTE ORDER: The status conference scheduled for January 12, 2023 at 10:00 a.m. is hereby VACATED. The Court will reschedule the status conference for a later date. Signed by Judge Paul L. Friedman on January 11, 2023. (lceh) (Entered: 01/11/2023) |
| 01/13/2023 | 145 | TRANSCRIPT OF PROCEEDINGS before Judge Paul L. Friedman held on 12/6/22; Page Numbers: 1–10. Court Reporter/Transcriber Tammy Nestor, Telephone number 2023543127, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript m ay be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/3/2023. Redacted Transcript Deadline set for 2/13/2023. Release of Transcript Restriction set for 4/13/2023.(Nestor, Tammy) (Entered: 01/13/2023) |
| 01/17/2023 | | MINUTE ORDER: The parties shall appear for a status conference on February 22, 2023 at 11:00 a.m. via Zoom videoconference, the details of which will be provided the morning of or in advance of the hearing. Signed by Judge Paul L. Friedman on January 17, 2023. (lceh) (Entered: 01/17/2023) |
| 02/02/2023 | 146 | ORDER approving 144 Stipulated Supplement to 41 Protective Order. Signed by Judge Paul L. Friedman on February 2, 2023. (lceh) (Entered: 02/02/2023) |

| 02/22/2023 | | Minute Entry for proceedings held before Judge Paul L. Friedman: Status Conference held on 2/22/2023. Parties inform the court of the status of this action with regard to settlement. Next Status Conference is set for 4/5/2023 at 10:00 AM in before Judge Paul L. Friedman via zoom video. (Court Reporter: Sara Wick) (tj) (Entered: 02/22/2023) |
|---|---|---|
| 03/29/2023 | 147 | NOTICE OF SUBSTITUTION OF COUNSEL by Derek S. Hammond on behalf of All Defendants Substituting for attorney Jeremy S. Simon and Robert A. Caplen (Hammond, Derek) (Entered: 03/29/2023) |
| 04/05/2023 | | Minute Entry for Zoom Status Conference proceeding held on 4/5/23 before Judge Paul L. Friedman. The parties updated the Court on the status of the case. A revised Motion for Settlement Preliminary Approval due within a week. Court Reporter: Stacy Heavenridge (zgf) (Entered: 04/05/2023) |
| 04/12/2023 | 148 | Amended MOTION for Settlement *Preliminary Approval* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Attachments: # 1 Text of Proposed Order)(Gupta, Deepak) (Entered: 04/12/2023) |
| 04/12/2023 | 149 | DECLARATION *of Deepak Gupta* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM re 148 Amended MOTION for Settlement *Preliminary Approval* filed by ALLIANCE FOR JUSTICE, NATIONAL VETERANS LEGAL SERVICES PROGRAM, NATIONAL CONSUMER LAW CENTER. (Attachments: # 1 Exhibit Settlement Agreement, # 2 Exhibit First Amendment to Settlement Agreement, # 3 Exhibit Second Amendment to Settlement Agreement, # 4 Exhibit Revised Notice Plan & Exhibits 1–6, # 5 Exhibit KCC Supplemental Declaration)(Gupta, Deepak) (Entered: 04/12/2023) |
| 04/26/2023 | 150 | RESPONSE re 148 Amended MOTION for Settlement *Preliminary Approval* filed by UNITED STATES OF AMERICA. (Hammond, Derek) (Entered: 04/26/2023) |
| 04/27/2023 | 151 | REPLY to opposition to motion re 148 Amended MOTION for Settlement *Preliminary Approval Reply in Further Support of Plaintiffs' Revised Motion for Preliminary Approval of Class Settlement [ECF No. 148]* filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Attachments: # 1 Proposed Order)(Narwold, William) (Entered: 04/27/2023) |
| 05/08/2023 | 152 | NOTICE *of Submission of Revised Proposed Order and Revised Notice Documents* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM re 148 Motion for Settlement (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Revised Proposed Order)(Narwold, William) (Entered: 05/08/2023) |
| 05/08/2023 | 153 | ORDER granting plaintiffs' 148 Revised Motion for Preliminary Approval of Class Settlement. The Court shall convene a Settlement Hearing on October 12, 2023, at 10:00 a.m. in the Ceremonial Courtroom (Courtroom 20) at the United States District Court for the District of Columbia, 333 Constitution Avenue, NW, Washington, D.C. 20001. See Order for details. Signed by Judge Paul L. Friedman on May 8, 2023. (ATM) (Entered: 05/08/2023) |
| 05/10/2023 | | |

| | | |
|---|---|---|
| | | Set/Reset Hearings: Settlement Conference set for 10/12/2023 at 10:00 AM in Ceremonial Courtroom before Judge Paul L. Friedman. (tj) (Entered: 05/10/2023) |
| 06/07/2023 | 154 | MOTION to Amend/Correct *the Opt–Out Deadline* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Attachments: # 1 Proposed Order)(Narwold, William) (Entered: 06/07/2023) |
| 06/07/2023 | 155 | ORDER granting 154 Motion to Amend the Opt–Out Deadline. See Order for details. Signed by Judge Paul L. Friedman on June 7, 2023. (lceh) (Entered: 06/07/2023) |
| 06/28/2023 | | Set/Reset Deadlines: Opt–Out deadline 8/20/2023. (tj) (Entered: 06/28/2023) |
| 07/03/2023 | 156 | NOTICE OF SUBSTITUTION OF COUNSEL by Brenda A. Gonzalez Horowitz on behalf of UNITED STATES OF AMERICA Substituting for attorney Derek S. Hammond (Gonzalez Horowitz, Brenda) (Entered: 07/03/2023) |
| 08/08/2023 | 157 | NOTICE of Appearance by John Troy on behalf of TROY LAW, PLLC (Troy, John) (Entered: 08/08/2023) |
| 08/28/2023 | 158 | MOTION for Settlement *Final Approval*, MOTION for Attorney Fees *, Costs, and Expenses* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Attachments: # 1 Declaration of NVLSP, # 2 Declaration of NCLC, # 3 Declaration of AFJ, # 4 Declaration of Brian Fitzpatrick, # 5 Declaration of Deepak Gupta, # 6 Declaration of Meghan Oliver, # 7 Declaration of Gio Santiago, # 8 Text of Proposed Order)(Gupta, Deepak) (Entered: 08/28/2023) |
| 09/12/2023 | 159 | RESPONSE re 158 MOTION for Settlement *Final Approval* MOTION for Attorney Fees *, Costs, and Expenses* filed by UNITED STATES OF AMERICA. (Gonzalez Horowitz, Brenda) (Entered: 09/12/2023) |
| 09/21/2023 | | MINUTE ORDER: In light of the 153 Order granting plaintiffs' 148 Revised Motion for Preliminary Approval of Class Settlement, plaintiffs' original 140 Motion for Preliminary Approval of Class Settlement is hereby DENIED AS MOOT. Signed by Judge Paul L. Friedman on September 21, 2023. (lceh) (Entered: 09/21/2023) |
| 10/03/2023 | 160 | REPLY to opposition to motion re 158 MOTION for Settlement *Final Approval* MOTION for Attorney Fees *, Costs, and Expenses* filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Attachments: # 1 Declaration of Brian Fitzpatrick, # 2 Declaration of William Rubenstein, # 3 Declaration of Deepak Gupta, # 4 Declaration of Meghan Oliver, # 5 Declaration of Gio Santiago)(Gupta, Deepak) (Entered: 10/03/2023) |
| 10/04/2023 | 161 | ORDER changing Settlement Hearing location. The Settlement Hearing will be held on October 12, 2023, at 10:00 a.m. (Eastern Daylight Time) in Courtroom 29 in the William B. Bryant Annex to the United States District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington, D.C. 20001. See Order for details. Signed by Judge Paul L. Friedman on October 4, 2023. (lcak) (Entered: 10/04/2023) |
| 10/04/2023 | 162 | ORDER setting Settlement Hearing procedures. See Order for details. Signed by Judge Paul L. Friedman on October 4, 2023. (lcak) (Entered: 10/04/2023) |
| 10/06/2023 | 163 | |

| | | OBJECTION re 162 Order, Memorandum & Opinion filed by DON KOZICH. (Attachments: # 1 Exhibits, # 2 Certificate of Service)(zjm) (Entered: 10/11/2023) |
|---|---|---|
| 10/06/2023 | 164 | MOTION for Leave to Appear by Telephone or Zoom by DON KOZICH. (See Docket Entry 163 to view document) (zjm) (Entered: 10/11/2023) |
| 10/11/2023 | 165 | RESPONSE re 163 OBJECTION *Final Approval* MOTION for Attorney Fees , *Costs, and Expenses* filed by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM. (Gupta, Deepak) Modified on 10/12/2023 to correct event/ docket link (zjm). (Entered: 10/11/2023) |
| 10/11/2023 | | Set/Reset Hearings: Settlement Hearing set for 10/12/2023 at 10:00 AM in Courtroom 29A– In Person (Audio Line Available) before Judge Paul L. Friedman. (tj) (Entered: 10/11/2023) |
| 10/11/2023 | | MINUTE ORDER granting Don Kozich's 164 Motion to Appear Telephonically or by Zoom. Zoom details will be sent in advance of the Settlement Hearing. Signed by Judge Paul L. Friedman on October 11, 2023. (lcak) (Entered: 10/11/2023) |
| 10/11/2023 | 166 | NOTICE *of Filing of Objections* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Exhibit Greenspan Objection, # 2 Exhibit Jiggetts Objection, # 3 Exhibit Miller Objection, # 4 Exhibit Kozich Objection, # 5 Exhibit Isaacson Objection, # 6 Exhibit Isaacson Written Statement)(Gupta, Deepak) (Entered: 10/11/2023) |
| 10/12/2023 | | Minute Entry for proceedings held before Judge Paul L. Friedman: Settlement Hearing held on 10/12/2023. The court takes all filings and oral argument under consideration. (Court Reporter: Elizabeth Saint Loth.) (tj) (Entered: 10/12/2023) |
| 10/13/2023 | 167 | NOTICE of Appearance by Meghan S.B. Oliver on behalf of ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Oliver, Meghan) (Entered: 10/13/2023) |
| 10/13/2023 | 168 | NOTICE *Notice of Submission of Payment Notification Forms* by ALLIANCE FOR JUSTICE, NATIONAL CONSUMER LAW CENTER, NATIONAL VETERANS LEGAL SERVICES PROGRAM (Attachments: # 1 Exhibit 1 – Account Holder Notification Form, # 2 Exhibit 2 –Payer Notification Form, # 3 Exhibit 3 – USO Payment Notification – Email Template, # 4 Exhibit 4 – Dispute Form)(Narwold, William) (Entered: 10/13/2023) |
| 03/20/2024 | 169 | OPINION granting Plaintiffs' 158 Motion for Final Approval of Class Settlement and for Attorneys' Fees, Costs, and Service Awards. See Opinion for details. Signed by Judge Paul L. Friedman on March 20, 2024. (ATM) (Entered: 03/20/2024) |
| 03/20/2024 | 170 | FINAL JUDGMENT AND ORDER granting 158 Plaintiffs' Motion for Final Approval of Class Settlement and for Attorneys' Fees, Costs, and Service Awards. See Final Judgment and Order for details. Signed by Judge Paul L. Friedman on March 20, 2024. (ATM) (Entered: 03/20/2024) |
| 04/18/2024 | 171 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 170 Memorandum & Opinion,, Order, 169 Memorandum & Opinion by ERIC ALAN ISAACSON. Filing fee $ 605, receipt number 207171. Fee Status: Fee Paid. Parties have been notified. (zjm) (Entered: 04/24/2024) |



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATIONAL VETERANS LEGAL )   Civil No. 16-745-PLF
SERVICES PROGRAM, NATIONAL )
CONSUMER LAW CENTER, and )   NOTICE OF APPEAL
ALLIANCE FOR JUSTICE, for themselves )
and all others similarly situated, )   OF CLASS MEMBER AND OBJECTOR
                                    )
                                    )   ERIC ALAN ISAACSON
          Plaintiffs, )
                                    )
     vs. )
                                    )
UNITED STATES OF AMERICA, )
                                    )
          Defendant. )
_____ )

     Notice is hereby given that Eric Alan Isaacson, a Class Member and Objector in the above-named case, hereby appeals to the United States Court of Appeals for the Federal Circuit from the OPINION (DE169), and the FINAL JUDGMENT AND ORDER ON FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS (DE170), that were entered March 20, 2024, as well as from any prior rulings, opinions, or orders that merge therein.

    DATED:  April 17, 2024

Respectfully Submitted,

Eric Alan Isaacson

LAW OFFICE OF ERIC ALAN ISAACSON
6580 Avenida Mirola
La Jolla, CA 92037-6231
Telephone: (858) 263-9581
email: ericalanisaacson@icloud.com

RECEIVED
Mail Room

APR 18 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that the foregoing statement that on April 17, 2024, I served my Notice of Appeal from the OPINION (DE169), and the FINAL JUDGMENT AND ORDER ON FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS (DE170), by placing true and correct copies of said Notice in sealed envelopes, placed in the US mail with first-class postage prepaid, addressed to each of the following:

The Honorable Paul L. Friedman
U.S. District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

DCDPACERFeesSettlement@dcd.uscourts.gov

Deepak Gupta
Gupta Wessler PLLC
2001 K Street, NW, Suite 850
North Washington, DC 20006

deepak@guptawessler.com

Brenda Gonzáles Horowitz
Assistant United States Attorney
Patrick Henry Building
601 D Street, N.W.
Washington, DC 20530

brenda.gonzalez.horowitz@usdoj.gov

Eric Alan Isaacson
(pro se)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NATIONAL VETERANS LEGAL SERVICES
PROGRAM, NATIONAL CONSUMER LAW
CENTER, and ALLIANCE FOR JUSTICE, for
themselves and all others similarly situated,
            *Plaintiffs*,

v.

UNITED STATES OF AMERICA,
            *Defendant*.

Civil Action No. 16-0745 (PLF)

**FINAL JUDGMENT AND ORDER ON FINAL APPROVAL OF CLASS
SETTLEMENT, ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS**

This matter came before the Court on October 12, 2023 for a hearing pursuant to the

Order of this Court, dated May 8, 2023, on the application of the Settling Parties for approval

of the Settlement set forth in the Class Action Settlement Agreement, as amended. Due and

adequate notice having been given to the Class as required in the Order, the Court having

considered all papers filed and proceedings held herein, and for the reasons explained in this

Court's Opinion issued today, and good cause having been shown, IT IS HEREBY ORDERED,

ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Settlement

Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement

Agreement, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all

parties to the Litigation, including all members of the Class.

3.      Excluded from the Class is any person who timely and validly sought exclusion

from the Class, as identified in Exhibit 1 hereto.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Agreement, and finds that:

a.      in light of the benefits to the Class and the complexity and expense of further litigation, the Settlement Agreement is, in all respects, fair, reasonable, and adequate and in the best interests of the Class;

b.      there was no collusion in connection with the Settlement Agreement;

c.      Class Representatives and Class Counsel had adequately represented the Class;

d.      the Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel;

e.      the relief provided for the Class is adequate, having taken into account (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class, including the use of billing data maintained by the Administrative Office of the U.S. Courts and the notification and dispute procedures on the class website; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

f.      the Settlement Agreement treats Class Members equitably relative to each other; and

g.      the record is sufficiently developed and complete to have enabled Class Representatives and Defendant to have adequately evaluated and considered their positions.

5.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions set forth in this Order. Except as to any individual claim of those persons who have validly and

timely requested exclusion from the Class, the Litigation and all claims alleged therein are dismissed with prejudice as to the Class Representatives, and the other Class Members, as defined in the Settlement Agreement.

6.      No person shall have any claim against the Class Representatives, Class Counsel, or the Claims Administrator, or any other person designated by Class Counsel, based on determinations or distributions made substantially in accordance with the Settlement Agreement or order of this Court.

7.      Upon release of the Aggregate Amount of $125,000,000 from the U.S. Department of the Treasury's Judgment Fund, the Class Representatives, and each of the Class Members not timely and validly excluded, shall be deemed to have and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed as to the United States, its political subdivisions, its officers, agents, and employees, including in their official and individual capacities, any and all claims, known or unknown, that were brought or could have been brought against the United States for purported overcharges of any kind arising from their use of PACER during the Class Period, with prejudice on the merits, whether or not the Class Representatives, or each of the Class Members ever obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation and the Agreement are not released.

8.      The distribution and publication of notice of the settlement as provided for in this Court's Order of May 8, 2023, constituted the best notice practicable under the circumstances, including individual notice to Class Members in the data maintained by the Administrative Office of the U.S. Courts. This notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and due process. No Class Member is relieved from the terms of the Settlement

Agreement, including the releases provided for, based on the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the approval hearing. It is hereby determined that all members of the Class are bound by this Judgment, except those persons listed in Exhibit 1 to this Judgment.

9.      Any order entered regarding any fee and expense application, any appeal from any such order, or any reversal or modification of any such order shall not affect or delay the finality of the Final Judgment in this litigation.

10.      Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any released claim, or of any wrongdoing or liability of the United States; or (b) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by plaintiffs were not valid or that the amount recoverable would not have exceeded the Aggregate Amount of $125,000,000 in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. The United States may file the Settlement Agreement or this Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.      The United States shall pay $125,000,000 into the PACER Class Action Settlement Trust upon the expiration of the period to appeal from this Order.

12.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or

distribution from the Aggregate Amount paid by the United States in settlement of this litigation; (b) disposition of the PACER Class Action Settlement Trust; (c) hearing and determining any fee and expense application; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

13.      The Court finds that during the course of the Litigation, plaintiffs and the United States, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.      In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and shall be vacated; and in such event, all orders entered and releases delivered in connection with this Order and Final Judgment shall be null and void and shall be vacated, and the parties shall revert to their respective positions in the Litigation as of July 12, 2022.

15.      Plaintiffs ask that the Court grant their request for 20% of the settlement fund to cover attorney's fees, notice and settlement costs, litigation expenses, and service awards. That request is granted. Specifically, the Court hereby (1) awards $10,000 to each class representative, (2) awards $29,654.98 to class counsel to reimburse litigation expenses, (3) orders that $1,077,000 of the common fund be set aside to cover notice and settlement-administration costs, and (4) awards the remaining amount ($23,863,345.02) to class counsel as attorney's fees.

16.      Upon consideration of this submission and the entire record before the Court, and for the reasons stated in the Opinion issued this same day, the Court finds that the attorney's fees, costs and expenses, and service awards, as agreed by the parties, are fair and reasonable pursuant to paragraph VI(A) of the Settlement Agreement and Federal Rule of Civil Procedure 23(e)(2)(C) (iii), (h).

17.     The parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Settlement Agreement, provided that such amendments, modifications, and expansions of the Settlement Agreement are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Settlement Agreement.

18.     Without further order of the Court, the parties to the Settlement Agreement may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

20.     The Court's orders entered during this litigation relating to the confidentiality of information shall survive the settlement and resolution and dismissal of this litigation.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 3|20|24

6

# EXHIBIT 1

| ClaimID | Year First Notice Sent |
|---|---|
| 10034328-7 | 2023 |
| 10035184-0 | 2023 |
| 10037459-0 | 2023 |
| 10040932-6 | 2023 |
| 10041843-0 | 2023 |
| 10049120-0 | 2023 |
| 10049953-8 | 2023 |
| 10061501-5 | 2023 |
| 10065649-8 | 2023 |
| 10066366-4 | 2023 |
| 10083140-0 | 2023 |
| 10084333-6 | 2023 |
| 10085991-7 | 2023 |
| 10095277-1 | 2023 |
| 10113350-2 | 2023 |
| 10116080-1 | 2023 |
| 10118614-2 | 2023 |
| 10132009-4 | 2023 |
| 10133913-5 | 2023 |
| 10141727-6 | 2023 |
| 10147158-0 | 2023 |
| 10152565-6 | 2023 |
| 10173016-0 | 2023 |
| 10176126-0 | 2023 |
| 10182150-6 | 2023 |
| 10185685-7 | 2023 |
| 10189089-3 | 2023 |
| 10192998-6 | 2023 |
| 10196979-1 | 2023 |
| 10197284-9 | 2023 |
| 10203395-1 | 2023 |
| 10016846-9 | 2023 |
| 10052120-7 | 2023 |
| 10133913-5 | 2023 |
| 10000447701 | 2017 |
| 10000707701 | 2017 |
| 10002821401 | 2017 |
| 10005011601 | 2017 |
| 10005499701 | 2017 |
| 10005664701 | 2017 |
| 10006372001 | 2017 |
| 10007313001 | 2017 |
| 10008363801 | 2017 |
| 10008769301 | 2017 |
| 10008798001 | 2017 |
| 10009012601 | 2017 |

8

| | |
|---|---|
| 10009273101 | 2017 |
| 10010171901 | 2017 |
| 10010221901 | 2017 |
| 10011076901 | 2017 |
| 10011551201 | 2017 |
| 10012220601 | 2017 |
| 10012456201 | 2017 |
| 10013915201 | 2017 |
| 10014611901 | 2017 |
| 10015286701 | 2017 |
| 10016324501 | 2017 |
| 10017909501 | 2017 |
| 10018775401 | 2017 |
| 10018943001 | 2017 |
| 10020415601 | 2017 |
| 10023376401 | 2017 |
| 10026066401 | 2017 |
| 10026930801 | 2017 |
| 10028461901 | 2017 |
| 10028932001 | 2017 |
| 10029603801 | 2017 |
| 10029844801 | 2017 |
| 10032537301 | 2017 |
| 10032704701 | 2017 |
| 10033616401 | 2017 |
| 10035469501 | 2017 |
| 10036014201 | 2017 |
| 10036567001 | 2017 |
| 10037093701 | 2017 |
| 10039315901 | 2017 |
| 10040300101 | 2017 |
| 10041710301 | 2017 |
| 10042162301 | 2017 |
| 10042250001 | 2017 |
| 10043184701 | 2017 |
| 10043617101 | 2017 |
| 10044286901 | 2017 |
| 10044493301 | 2017 |
| 10045532301 | 2017 |
| 10046948601 | 2017 |
| 10048740301 | 2017 |
| 10050286601 | 2017 |
| 10050994001 | 2017 |
| 10053464801 | 2017 |
| 10054856801 | 2017 |
| 10054968801 | 2017 |
| 10057104901 | 2017 |

9

| | |
|---|---|
| 10058481001 | 2017 |
| 10060415801 | 2017 |
| 10063799101 | 2017 |
| 10063923901 | 2017 |
| 10064479001 | 2017 |
| 10064600101 | 2017 |
| 10065803901 | 2017 |
| 10066151801 | 2017 |
| 10067057001 | 2017 |
| 10067820801 | 2017 |
| 10069992301 | 2017 |
| 10071549701 | 2017 |
| 10071662301 | 2017 |
| 10071925901 | 2017 |
| 10072056001 | 2017 |
| 10072482601 | 2017 |
| 10073102801 | 2017 |
| 10075224001 | 2017 |
| 10075273101 | 2017 |
| 10075352801 | 2017 |
| 10075769801 | 2017 |
| 10077286901 | 2017 |
| 10077932301 | 2017 |
| 10077997901 | 2017 |
| 10078550501 | 2017 |
| 10080612001 | 2017 |
| 10081622801 | 2017 |
| 10082241101 | 2017 |
| 10083173401 | 2017 |
| 10084766301 | 2017 |
| 10085064901 | 2017 |
| 10085996301 | 2017 |
| 10086464801 | 2017 |
| 10087257801 | 2017 |
| 10087762001 | 2017 |
| 10089389201 | 2017 |
| 10089507401 | 2017 |
| 10090051301 | 2017 |
| 10090174801 | 2017 |
| 10090236401 | 2017 |
| 10090480401 | 2017 |
| 10091442101 | 2017 |
| 10092739701 | 2017 |
| 10093180701 | 2017 |
| 10095383901 | 2017 |
| 10095879501 | 2017 |
| 10096283001 | 2017 |

| | |
|---|---|
| 10096482501 | 2017 |
| 10096522201 | 2017 |
| 10097267601 | 2017 |
| 10100271301 | 2017 |
| 10100599401 | 2017 |
| 10101080101 | 2017 |
| 10101868001 | 2017 |
| 10101941501 | 2017 |
| 10102590701 | 2017 |
| 10103010101 | 2017 |
| 10105763501 | 2017 |
| 10105855001 | 2017 |
| 10107851101 | 2017 |
| 10108906501 | 2017 |
| 10111320101 | 2017 |
| 10112826501 | 2017 |
| 10114817301 | 2017 |
| 10115231001 | 2017 |
| 10115433101 | 2017 |
| 10116343501 | 2017 |
| 10117151101 | 2017 |
| 10118423201 | 2017 |
| 10118950301 | 2017 |
| 10119125001 | 2017 |
| 10119759701 | 2017 |
| 10121185501 | 2017 |
| 10121819901 | 2017 |
| 10122205101 | 2017 |
| 10122629901 | 2017 |
| 10123395401 | 2017 |
| 10124592001 | 2017 |
| 10125315101 | 2017 |
| 10125364301 | 2017 |
| 10126285101 | 2017 |
| 10126752601 | 2017 |
| 10126762901 | 2017 |
| 10127924301 | 2017 |
| 10129225901 | 2017 |
| 10131063801 | 2017 |
| 10133388201 | 2017 |
| 10133687101 | 2017 |
| 10133958601 | 2017 |
| 10134825301 | 2017 |
| 10134968301 | 2017 |
| 10135144601 | 2017 |
| 10135756401 | 2017 |
| 10136099001 | 2017 |

11

| | |
|---|---|
| 10136855001 | 2017 |
| 10137251601 | 2017 |
| 10137528101 | 2017 |
| 10137903101 | 2017 |
| 10139299001 | 2017 |
| 10140073101 | 2017 |
| 10140505401 | 2017 |
| 10140555801 | 2017 |
| 10141339701 | 2017 |
| 10141594101 | 2017 |
| 10141736601 | 2017 |
| 10143024301 | 2017 |
| 10143222701 | 2017 |
| 10143236701 | 2017 |
| 10143458301 | 2017 |
| 10145173801 | 2017 |
| 10147350301 | 2017 |
| 10149014801 | 2017 |
| 10149717901 | 2017 |
| 10149718001 | 2017 |
| 10152536901 | 2017 |
| 10152625801 | 2017 |
| 10153428001 | 2017 |
| 10153618501 | 2017 |
| 10153754201 | 2017 |
| 10153756601 | 2017 |
| 10153779701 | 2017 |
| 10156471501 | 2017 |
| 10157012001 | 2017 |
| 10157124001 | 2017 |
| 10158021601 | 2017 |
| 10158209201 | 2017 |
| 10158298501 | 2017 |
| 10158888401 | 2017 |
| 10159890701 | 2017 |
| 10159891901 | 2017 |
| 10160015001 | 2017 |
| 10160315001 | 2017 |
| 10161686701 | 2017 |
| 10161894301 | 2017 |
| 10161898001 | 2017 |
| 10161944301 | 2017 |
| 10162799301 | 2017 |
| 10163708101 | 2017 |
| 10164776101 | 2017 |
| 10165562901 | 2017 |
| 10167227501 | 2017 |

12

| | |
|---|---|
| 10171950401 | 2017 |
| 10174000101 | 2017 |
| 10174868101 | 2017 |
| 10175374301 | 2017 |
| 10175548001 | 2017 |
| 10176373601 | 2017 |
| 10176919201 | 2017 |
| 10177057101 | 2017 |
| 10177956201 | 2017 |
| 10178536701 | 2017 |
| 10178913001 | 2017 |
| 10182011201 | 2017 |
| 10182792101 | 2017 |
| 10185798601 | 2017 |
| 10185857701 | 2017 |
| 10185858901 | 2017 |
| 10185874701 | 2017 |
| 10186179501 | 2017 |
| 10188095901 | 2017 |
| 10188321301 | 2017 |
| 10188669001 | 2017 |
| 10190279701 | 2017 |
| 10190402201 | 2017 |
| 10190457501 | 2017 |
| 10190550601 | 2017 |
| 10190625001 | 2017 |
| 10191926801 | 2017 |
| 10192316801 | 2017 |
| 10192357001 | 2017 |
| 10192847601 | 2017 |
| 10192879801 | 2017 |
| 10192963801 | 2017 |
| 10194141901 | 2017 |
| 10197285401 | 2017 |
| 10199679201 | 2017 |
| 10199890901 | 2017 |
| 10204292501 | 2017 |
| 10205252901 | 2017 |
| 10205690001 | 2017 |
| 10206206701 | 2017 |
| 10207278401 | 2017 |
| 10207584001 | 2017 |
| 10207639001 | 2017 |
| 10207782401 | 2017 |
| 10207896801 | 2017 |
| 10208191801 | 2017 |
| 10208513401 | 2017 |

13

| | |
|---|---|
| 10209552801 | 2017 |
| 10209592901 | 2017 |
| 10209627201 | 2017 |
| 10209638701 | 2017 |
| 10210263601 | 2017 |
| 10210694001 | 2017 |
| 10210945001 | 2017 |
| 10212706201 | 2017 |
| 10212823601 | 2017 |
| 10213182001 | 2017 |
| 10214228201 | 2017 |
| 10214823501 | 2017 |
| 10214922701 | 2017 |
| 10216477001 | 2017 |
| 10217089701 | 2017 |
| 10217396501 | 2017 |
| 10219369101 | 2017 |
| 10219889501 | 2017 |
| 10221713001 | 2017 |
| 10221823701 | 2017 |
| 10222565501 | 2017 |
| 10222645301 | 2017 |
| 10223006701 | 2017 |
| 10224013901 | 2017 |
| 10225094701 | 2017 |
| 10225657301 | 2017 |
| 10225834001 | 2017 |
| 10226300001 | 2017 |
| 10227002801 | 2017 |
| 10229283801 | 2017 |
| 10229428801 | 2017 |
| 10229838501 | 2017 |
| 10230357501 | 2017 |
| 10231975301 | 2017 |
| 10232606001 | 2017 |
| 10234539901 | 2017 |
| 10234608201 | 2017 |
| 10235129601 | 2017 |
| 10236098401 | 2017 |
| 10236449701 | 2017 |
| 10237057601 | 2017 |
| 10237680301 | 2017 |
| 10237912901 | 2017 |
| 10238284001 | 2017 |
| 10238489701 | 2017 |
| 10240243701 | 2017 |
| 10240374001 | 2017 |

14

| | |
|---|---|
| 10240773301 | 2017 |
| 10241983801 | 2017 |
| 10242752501 | 2017 |
| 10243338001 | 2017 |
| 10243778601 | 2017 |
| 10244498501 | 2017 |
| 10245781501 | 2017 |
| 10247787501 | 2017 |
| 10248160001 | 2017 |
| 10248356501 | 2017 |
| 10249090901 | 2017 |
| 10252117701 | 2017 |
| 10252888301 | 2017 |
| 10253744601 | 2017 |
| 10253873601 | 2017 |
| 10254792001 | 2017 |
| 10254933301 | 2017 |
| 10255719601 | 2017 |
| 10255720201 | 2017 |
| 10256855801 | 2017 |
| 10258835101 | 2017 |
| 10259957901 | 2017 |
| 10260649301 | 2017 |
| 10260794101 | 2017 |
| 10261595001 | 2017 |
| 10261762401 | 2017 |
| 10261872001 | 2017 |
| 10261931101 | 2017 |
| 10264115801 | 2017 |
| 10264948001 | 2017 |
| 10266425001 | 2017 |
| 10266442001 | 2017 |
| 10267627601 | 2017 |
| 10268262801 | 2017 |
| 10270268801 | 2017 |
| 10270866601 | 2017 |
| 10270975001 | 2017 |
| 10271070301 | 2017 |
| 10272628001 | 2017 |
| 10275055501 | 2017 |
| 10275578401 | 2017 |
| 10275752501 | 2017 |
| 10276905901 | 2017 |
| 10276939401 | 2017 |
| 10278126601 | 2017 |
| 10279936201 | 2017 |
| 10280532501 | 2017 |

15

| | |
|---|---|
| 10280979301 | 2017 |
| 10281698001 | 2017 |
| 10282170701 | 2017 |
| 10283751001 | 2017 |
| 10283870701 | 2017 |
| 10285227301 | 2017 |
| 10285840801 | 2017 |
| 10286029401 | 2017 |
| 10286805001 | 2017 |
| 10290375001 | 2017 |
| 10290479001 | 2017 |
| 10290610501 | 2017 |
| 10290828001 | 2017 |
| 10290963501 | 2017 |
| 10291126501 | 2017 |
| 10292602501 | 2017 |
| 10293085501 | 2017 |
| 10293375301 | 2017 |
| 10293436801 | 2017 |
| 10293529401 | 2017 |
| 10293741201 | 2017 |
| 10293742401 | 2017 |
| 10293743601 | 2017 |
| 10293744801 | 2017 |
| 10293752701 | 2017 |
| 10293754001 | 2017 |
| 10293755201 | 2017 |
| 10293756401 | 2017 |
| 10293767901 | 2017 |
| 10294485401 | 2017 |
| 10294549401 | 2017 |
| 10299634901 | 2017 |
| 10299939901 | 2017 |
| 10302542001 | 2017 |
| 10303226501 | 2017 |
| 10303651901 | 2017 |
| 10303892901 | 2017 |
| 10304105901 | 2017 |
| 10304591001 | 2017 |
| 10304647101 | 2017 |
| 10304775001 | 2017 |
| 10306101001 | 2017 |
| 10307986501 | 2017 |
| 10308360101 | 2017 |
| 10308965201 | 2017 |
| 10309480501 | 2017 |
| 10310113501 | 2017 |

16

| | |
|---|---|
| 10310527001 | 2017 |
| 10311774001 | 2017 |
| 10314669601 | 2017 |
| 10315147301 | 2017 |
| 10315819401 | 2017 |
| 10316350501 | 2017 |
| 10316465001 | 2017 |
| 10318066701 | 2017 |
| 10318659101 | 2017 |
| 10318663301 | 2017 |
| 10319721701 | 2017 |
| 10319867201 | 2017 |
| 10320106301 | 2017 |
| 10320188901 | 2017 |
| 10320630901 | 2017 |
| 10321188301 | 2017 |
| 10322023901 | 2017 |
| 10322689801 | 2017 |
| 10323321001 | 2017 |
| 10323716101 | 2017 |
| 10323788401 | 2017 |
| 10324271501 | 2017 |
| 10324930801 | 2017 |
| 10325317801 | 2017 |
| 10326900901 | 2017 |
| 10327238001 | 2017 |
| 10331800801 | 2017 |
| 10332566901 | 2017 |
| 10332936501 | 2017 |
| 10333954101 | 2017 |
| 10334751301 | 2017 |
| 10335736101 | 2017 |
| 10335880801 | 2017 |
| 10336323301 | 2017 |
| 10336522901 | 2017 |
| 10336907701 | 2017 |
| 10337218001 | 2017 |
| 10337518101 | 2017 |
| 10337600801 | 2017 |
| 10338330001 | 2017 |
| 10338463701 | 2017 |
| 10340665701 | 2017 |
| 10342676001 | 2017 |
| 10342826401 | 2017 |
| 10343027101 | 2017 |
| 10344487701 | 2017 |
| 10345305201 | 2017 |

17

| | |
|---|---|
| 10347913201 | 2017 |
| 10352035101 | 2017 |
| 10355032001 | 2017 |
| 10356012901 | 2017 |
| 10358553901 | 2017 |
| 10358696901 | 2017 |
| 10360334701 | 2017 |
| 10362064301 | 2017 |
| 10362238001 | 2017 |
| 10363633001 | 2017 |
| 10363834901 | 2017 |
| 10364037001 | 2017 |
| 10364629201 | 2017 |
| 10364748001 | 2017 |
| 10365380601 | 2017 |
| 10365649201 | 2017 |
| 10366285601 | 2017 |
| 10366975901 | 2017 |
| 10367643001 | 2017 |
| 10369316601 | 2017 |
| 10370723201 | 2017 |
| 10371138701 | 2017 |
| 10371143001 | 2017 |
| 10371370001 | 2017 |
| 10374877501 | 2017 |
| 10375560301 | 2017 |
| 10376252801 | 2017 |
| 10378049001 | 2017 |
| 10378215101 | 2017 |
| 10380385301 | 2017 |
| 10380974001 | 2017 |
| 10381918601 | 2017 |
| 10382676201 | 2017 |
| 10383373001 | 2017 |
| 10385190201 | 2017 |
| 10385642001 | 2017 |
| 10386520201 | 2017 |
| 10388149901 | 2017 |
| 10388499301 | 2017 |
| 10389454801 | 2017 |
| 10390691501 | 2017 |
| 10390736101 | 2017 |
| 10391800001 | 2017 |
| 10392971001 | 2017 |
| 10393677401 | 2017 |
| 10393723701 | 2017 |
| 60000001101 | 2017 |

18

| | |
|---|---|
| 60000004701 | 2017 |
| 60000005901 | 2017 |
| 60000006001 | 2017 |
| 60000007201 | 2017 |
| 60000008401 | 2017 |
| 60000009601 | 2017 |
| 60000010201 | 2017 |
| 60000011401 | 2017 |
| 60000012601 | 2017 |
| 60000013801 | 2017 |
| 60000014001 | 2017 |
| 60000015101 | 2017 |
| 60000016301 | 2017 |
| 60000017501 | 2017 |
| 60000018701 | 2017 |
| 60000019901 | 2017 |
| 60000020501 | 2017 |
| 60000021701 | 2017 |
| 60000022901 | 2017 |
| 60000023001 | 2017 |
| 60000024201 | 2017 |
| 60000025401 | 2017 |
| 60000026601 | 2017 |
| 60000027801 | 2017 |
| 60000028001 | 2017 |
| 60000029101 | 2017 |
| 60000030801 | 2017 |
| 60000031001 | 2017 |
| 60000032101 | 2017 |
| 60000033301 | 2017 |
| 60000034501 | 2017 |
| 60000035701 | 2017 |
| 60000036901 | 2017 |
| 60000037001 | 2017 |
| 60000038201 | 2017 |
| 60000039401 | 2017 |
| 60000040001 | 2017 |
| 60000041201 | 2017 |
| 60000042401 | 2017 |
| 60000043601 | 2017 |
| 60000045001 | 2017 |
| 60000046101 | 2017 |
| 60000047301 | 2017 |
| 60000048501 | 2017 |
| 60000049701 | 2017 |
| 60000050301 | 2017 |
| 60000051501 | 2017 |

19

| | |
|---|---|
| 60000052701 | 2017 |
| 60000053901 | 2017 |
| 60000054001 | 2017 |
| 60000055201 | 2017 |
| 60000056401 | 2017 |
| 60000057601 | 2017 |
| 60000058801 | 2017 |
| 60000060601 | 2017 |
| 60000064301 | 2017 |
| 60000065501 | 2017 |
| 60000067901 | 2017 |
| 60000070901 | 2017 |
| 60000071001 | 2017 |
| 60000073401 | 2017 |
| 60000074601 | 2017 |
| 60000075801 | 2017 |
| 60000076001 | 2017 |
| 60000077101 | 2017 |
| 60000078301 | 2017 |
| 60000079501 | 2017 |
| 60000080101 | 2017 |
| 60000081301 | 2017 |
| 60000082501 | 2017 |
| 60000083701 | 2017 |
| 60000084901 | 2017 |
| 60000085001 | 2017 |
| 60000086201 | 2017 |
| 60000087401 | 2017 |
| 60000088601 | 2017 |
| 60000090401 | 2017 |
| 60000091601 | 2017 |
| 60000092801 | 2017 |
| 60000093001 | 2017 |
| 60000094101 | 2017 |
| 60000095301 | 2017 |
| 60000096501 | 2017 |
| 60000097701 | 2017 |
| 60000099001 | 2017 |
| 60000100301 | 2017 |
| 60000101501 | 2017 |
| 60000102701 | 2017 |
| 60000103901 | 2017 |
| 60000104001 | 2017 |
| 60000105201 | 2017 |
| 60000106401 | 2017 |
| 60000107601 | 2017 |
| 60000108801 | 2017 |

| | |
|---|---|
| 60000109001 | 2017 |
| 60000111801 | 2017 |
| 60000112001 | 2017 |
| 60000113101 | 2017 |
| 60000115501 | 2017 |
| 60000116701 | 2017 |
| 60000117901 | 2017 |
| 60000118001 | 2017 |
| 60000119201 | 2017 |
| 60000120901 | 2017 |
| 60000121001 | 2017 |
| 60000122201 | 2017 |
| 60000123401 | 2017 |
| 60000124601 | 2017 |
| 60000126001 | 2017 |
| 60000127101 | 2017 |
| 60000128301 | 2017 |
| 60000129501 | 2017 |
| 60000130101 | 2017 |
| 60000133701 | 2017 |
| 60000134901 | 2017 |
| 60000136201 | 2017 |
| 60000137401 | 2017 |
| 60000138601 | 2017 |
| 60000139801 | 2017 |
| 60000140401 | 2017 |
| 60000141601 | 2017 |
| 60000142801 | 2017 |
| 60000143001 | 2017 |
| 60000144101 | 2017 |
| 60000145301 | 2017 |
| 60000146501 | 2017 |
| 60000147701 | 2017 |
| 60000149001 | 2017 |
| 60000150701 | 2017 |
| 60000152001 | 2017 |
| 60000153201 | 2017 |
| 60000154401 | 2017 |
| 60000155601 | 2017 |
| 60000156801 | 2017 |
| 60000157001 | 2017 |
| 60000158101 | 2017 |
| 60000159301 | 2017 |
| 60000160001 | 2017 |
| 60000161101 | 2017 |
| 60000162301 | 2017 |
| 60000163501 | 2017 |

21

| | |
|---|---|
| 60000165901 | 2017 |
| 60000166001 | 2017 |
| 60000168401 | 2017 |
| 60000169601 | 2017 |
| 60000170201 | 2017 |
| 60000171401 | 2017 |
| 60000172601 | 2017 |
| 60000173801 | 2017 |
| 60000174001 | 2017 |
| 60000175101 | 2017 |
| 60000176301 | 2017 |
| 60000177501 | 2017 |
| 60000178701 | 2017 |
| 60000179901 | 2017 |
| 60000180501 | 2017 |
| 60000181701 | 2017 |
| 60000182901 | 2017 |
| 60000183001 | 2017 |
| 60000184201 | 2017 |
| 60000186601 | 2017 |
| 60000187801 | 2017 |
| 60000188001 | 2017 |
| 60000189101 | 2017 |
| 60000190801 | 2017 |
| 60000191001 | 2017 |
| 60000192101 | 2017 |
| 60000193301 | 2017 |
| 60000194501 | 2017 |
| 60000195701 | 2017 |
| 60000196901 | 2017 |
| 60000197001 | 2017 |
| 60000198201 | 2017 |
| 60000199401 | 2017 |
| 60000200701 | 2017 |
| 60000202001 | 2017 |
| 60000203201 | 2017 |
| 60000204401 | 2017 |
| 60000205601 | 2017 |
| 60000206801 | 2017 |
| 60000207001 | 2017 |
| 60000208101 | 2017 |
| 60000209301 | 2017 |
| 60000210001 | 2017 |
| 60000211101 | 2017 |
| 60000212301 | 2017 |
| 60000213501 | 2017 |
| 60000215901 | 2017 |

22

| | |
|---|---|
| 60000216001 | 2017 |
| 60000217201 | 2017 |
| 60000218401 | 2017 |
| 60000219601 | 2017 |
| 60000220201 | 2017 |
| 60000221401 | 2017 |
| 60000223801 | 2017 |
| 60000224001 | 2017 |
| 60000225101 | 2017 |
| 60000228701 | 2017 |
| 60000229901 | 2017 |
| 60000230501 | 2017 |
| 60000231701 | 2017 |
| 60000233001 | 2017 |
| 60000235401 | 2017 |
| 60000236601 | 2017 |
| 60000237801 | 2017 |
| 60000238001 | 2017 |
| 60000239101 | 2017 |
| 60000241001 | 2017 |
| 60000242101 | 2017 |
| 60000243301 | 2017 |
| 60000244501 | 2017 |
| 60000245701 | 2017 |
| 60000246901 | 2017 |
| 60000247001 | 2017 |
| 60000248201 | 2017 |
| 60000249401 | 2017 |
| 60000250001 | 2017 |
| 60000251201 | 2017 |
| 60000252401 | 2017 |
| 60000253601 | 2017 |
| 60000254801 | 2017 |
| 60000255001 | 2017 |
| 60000256101 | 2017 |
| 60000257301 | 2017 |
| 60000258501 | 2017 |
| 60000259701 | 2017 |
| 60000260301 | 2017 |
| 60000261501 | 2017 |
| 60000262701 | 2017 |
| 60000263901 | 2017 |
| 60000264001 | 2017 |
| 60000265201 | 2017 |
| 60000266401 | 2017 |
| 60000267601 | 2017 |
| 60000268801 | 2017 |

23

| | |
|---|---|
| 60000271801 | 2017 |
| 60000272001 | 2017 |
| 60000273101 | 2017 |
| 60000274301 | 2017 |
| 60000276701 | 2017 |
| 60000277901 | 2017 |
| 60000279201 | 2017 |
| 60000280901 | 2017 |
| 60000281001 | 2017 |
| 60000282201 | 2017 |
| 60000284601 | 2017 |
| 60000287101 | 2017 |
| 60000288301 | 2017 |
| 60000289501 | 2017 |
| 60000290101 | 2017 |
| 60000292501 | 2017 |
| 60000293701 | 2017 |
| 60000294901 | 2017 |
| 60000295001 | 2017 |
| 60000296201 | 2017 |
| 60000297401 | 2017 |
| 60000298601 | 2017 |
| 60000299801 | 2017 |
| 60000300001 | 2017 |
| 60000302401 | 2017 |
| 60000303601 | 2017 |
| 60000305001 | 2017 |
| 60000307301 | 2017 |
| 60000308501 | 2017 |
| 60000310301 | 2017 |
| 60000311501 | 2017 |
| 60000312701 | 2017 |
| 60000313901 | 2017 |
| 60000314001 | 2017 |
| 60000315201 | 2017 |
| 60000316401 | 2017 |
| 60000317601 | 2017 |
| 60000318801 | 2017 |
| 60000319001 | 2017 |
| 60000320601 | 2017 |
| 60000321801 | 2017 |
| 60000322001 | 2017 |
| 60000323101 | 2017 |
| 60000324301 | 2017 |
| 60000325501 | 2017 |
| 60000326701 | 2017 |
| 60000327901 | 2017 |

24

| | |
|---|---|
| 60000328001 | 2017 |
| 60000329201 | 2017 |
| 60000330901 | 2017 |
| 60000331001 | 2017 |
| 60000332201 | 2017 |
| 60000333401 | 2017 |
| 60000334601 | 2017 |
| 60000335801 | 2017 |
| 60000336001 | 2017 |
| 60000337101 | 2017 |
| 60000338301 | 2017 |
| 60000339501 | 2017 |
| 60000340101 | 2017 |
| 60000341301 | 2017 |
| 60000342501 | 2017 |
| 60000348601 | 2017 |
| 60000349801 | 2017 |
| 60000350401 | 2017 |
| 60000351601 | 2017 |
| 60000352801 | 2017 |
| 60000353001 | 2017 |
| 60000354101 | 2017 |
| 60000356501 | 2017 |
| 60000357701 | 2017 |
| 60000358901 | 2017 |
| 60000359001 | 2017 |
| 60000360701 | 2017 |
| 60000361901 | 2017 |
| 60000362001 | 2017 |
| 60000363201 | 2017 |
| 60000364401 | 2017 |
| 60000366801 | 2017 |
| 60000367001 | 2017 |
| 60000369301 | 2017 |
| 60000370001 | 2017 |
| 60000371101 | 2017 |
| 60000372301 | 2017 |
| 60000373501 | 2017 |
| 60000374701 | 2017 |
| 60000375901 | 2017 |
| 60000378401 | 2017 |
| 60000379601 | 2017 |
| 60000380201 | 2017 |
| 60000381401 | 2017 |
| 60000382601 | 2017 |
| 60000383801 | 2017 |
| 60000384001 | 2017 |

25

| | |
|---|---|
| 60000385101 | 2017 |
| 60000386301 | 2017 |
| 60000387501 | 2017 |
| 60000388701 | 2017 |
| 60000389901 | 2017 |
| 60000390501 | 2017 |
| 60000391701 | 2017 |
| 60000392901 | 2017 |
| 60000393001 | 2017 |
| 60000394201 | 2017 |
| 60000395401 | 2017 |
| 60000396601 | 2017 |
| 60000397801 | 2017 |
| 60000398001 | 2017 |
| 60000399101 | 2017 |
| 60000400401 | 2017 |
| 60000401601 | 2017 |
| 60000402801 | 2017 |
| 60000403001 | 2017 |
| 60000404101 | 2017 |
| 60000405301 | 2017 |
| 60000406501 | 2017 |
| 60000408901 | 2017 |
| 60000409001 | 2017 |
| 60000410701 | 2017 |
| 60000411901 | 2017 |
| 60000412001 | 2017 |
| 60000413201 | 2017 |
| 60000414401 | 2017 |
| 60000415601 | 2017 |
| 60000416801 | 2017 |
| 60000417001 | 2017 |
| 60000418101 | 2017 |
| 60000419301 | 2017 |
| 60000420001 | 2017 |
| 60000421101 | 2017 |
| 60000422301 | 2017 |
| 60000423501 | 2017 |
| 60000424701 | 2017 |
| 60000425901 | 2017 |
| 60000426001 | 2017 |
| 60000427201 | 2017 |
| 60000428401 | 2017 |
| 60000429601 | 2017 |
| 60000430201 | 2017 |
| 60000431401 | 2017 |
| 60000432601 | 2017 |

26

| | |
|---|---|
| 60000433801 | 2017 |
| 60000434001 | 2017 |
| 60000435101 | 2017 |
| 60000437501 | 2017 |
| 60000438701 | 2017 |
| 60000439901 | 2017 |
| 60000440501 | 2017 |
| 60000441701 | 2017 |
| 60000442901 | 2017 |
| 60000443001 | 2017 |
| 60000445401 | 2017 |
| 60000446601 | 2017 |
| 60000447801 | 2017 |
| 60000448001 | 2017 |
| 60000449101 | 2017 |
| 60000450801 | 2017 |
| 60000452101 | 2017 |
| 60000453301 | 2017 |
| 60000454501 | 2017 |
| 60000455701 | 2017 |
| 60000456901 | 2017 |
| 60000457001 | 2017 |
| 60000458201 | 2017 |
| 60000459401 | 2017 |
| 60000460001 | 2017 |
| 60000461201 | 2017 |
| 60000462401 | 2017 |
| 60000465001 | 2017 |
| 60000467301 | 2017 |
| 60000468501 | 2017 |
| 60000469701 | 2017 |
| 60000471501 | 2017 |
| 60000472701 | 2017 |
| 60000473901 | 2017 |
| 60000474001 | 2017 |
| 60000475201 | 2017 |
| 60000476401 | 2017 |
| 60000477601 | 2017 |
| 60000478801 | 2017 |
| 60000479001 | 2017 |
| 60000480601 | 2017 |
| 60000482001 | 2017 |
| 60000483101 | 2017 |
| 60000486701 | 2017 |
| 60000487901 | 2017 |
| 60000488001 | 2017 |
| 60000489201 | 2017 |

27

| | |
|---|---|
| 60000490901 | 2017 |
| 60000491001 | 2017 |
| 60000492201 | 2017 |
| 60000493401 | 2017 |
| 60000494601 | 2017 |
| 60000496001 | 2017 |
| 60000497101 | 2017 |
| 60000498301 | 2017 |
| 60000499501 | 2017 |
| 60000500801 | 2017 |
| 60000501001 | 2017 |
| 60000502101 | 2017 |
| 60000503301 | 2017 |
| 60000504501 | 2017 |
| 60000505701 | 2017 |
| 60000506901 | 2017 |
| 60000507001 | 2017 |
| 60000509401 | 2017 |
| 60000510001 | 2017 |
| 60000511201 | 2017 |
| 60000512401 | 2017 |
| 60000513601 | 2017 |
| 60000514801 | 2017 |
| 60000517301 | 2017 |
| 60000518501 | 2017 |
| 60000519701 | 2017 |
| 60000520301 | 2017 |
| 60000521501 | 2017 |
| 60000522701 | 2017 |
| 60000523901 | 2017 |
| 60000525201 | 2017 |
| 60000526401 | 2017 |
| 60000527601 | 2017 |
| 60000528801 | 2017 |
| 60000529001 | 2017 |
| 60000530601 | 2017 |
| 60000531801 | 2017 |
| 60000532001 | 2017 |
| 60000533101 | 2017 |
| 60000535501 | 2017 |
| 60000536701 | 2017 |
| 60000539201 | 2017 |
| 60000541001 | 2017 |
| 60000544601 | 2017 |
| 60000545801 | 2017 |
| 60000546001 | 2017 |
| 60000547101 | 2017 |

28

| | |
|---|---|
| 60000548301 | 2017 |
| 60000549501 | 2017 |
| 60000550101 | 2017 |
| 60000551301 | 2017 |
| 60000552501 | 2017 |
| 60000553701 | 2017 |
| 60000554901 | 2017 |
| 60000555001 | 2017 |
| 60000558601 | 2017 |
| 60000559801 | 2017 |
| 60000560401 | 2017 |
| 60000561601 | 2017 |
| 60000562801 | 2017 |
| 60000563001 | 2017 |
| 60000564101 | 2017 |
| 60000565301 | 2017 |
| 60000566501 | 2017 |
| 60000567701 | 2017 |
| 60000568901 | 2017 |
| 60000570701 | 2017 |
| 60000572001 | 2017 |
| 60000573201 | 2017 |
| 60000574401 | 2017 |
| 60000575601 | 2017 |
| 60000576801 | 2017 |
| 60000577001 | 2017 |
| 60000578101 | 2017 |
| 60000580001 | 2017 |
| 60000581101 | 2017 |
| 60000582301 | 2017 |
| 60000583501 | 2017 |
| 60000584701 | 2017 |
| 60000586001 | 2017 |
| 60000587201 | 2017 |
| 60000589601 | 2017 |
| 60000591401 | 2017 |
| 60000592601 | 2017 |
| 60000593801 | 2017 |
| 60000594001 | 2017 |
| 60000595101 | 2017 |
| 60000596301 | 2017 |
| 60000597501 | 2017 |
| 60000598701 | 2017 |
| 60000601301 | 2017 |
| 60000603701 | 2017 |
| 60000605001 | 2017 |
| 60000606201 | 2017 |

29

| | |
|---|---|
| 60000607401 | 2017 |
| 60000608601 | 2017 |
| 60000609801 | 2017 |
| 60000613001 | 2017 |
| 60000614101 | 2017 |
| 60000615301 | 2017 |
| 60000618901 | 2017 |
| 60000619001 | 2017 |
| 60000621901 | 2017 |
| 60000622001 | 2017 |
| 60000623201 | 2017 |
| 60000624401 | 2017 |
| 60000625601 | 2017 |
| 60000626801 | 2017 |
| 60000627001 | 2017 |
| 60000628101 | 2017 |
| 60000629301 | 2017 |
| 60000630001 | 2017 |
| 60000631101 | 2017 |
| 60000632301 | 2017 |
| 60000633501 | 2017 |
| 60000634701 | 2017 |
| 60000635901 | 2017 |
| 60000636001 | 2017 |
| 60000637201 | 2017 |
| 60000638401 | 2017 |
| 60000639601 | 2017 |
| 60000640201 | 2017 |
| 60000641401 | 2017 |
| 60000642601 | 2017 |
| 60000643801 | 2017 |
| 60000644001 | 2017 |
| 60000645101 | 2017 |
| 60000646301 | 2017 |
| 60000647501 | 2017 |
| 60000648701 | 2017 |
| 60000649901 | 2017 |
| 60000650501 | 2017 |
| 60000651701 | 2017 |
| 60000652901 | 2017 |
| 60000653001 | 2017 |
| 60000654201 | 2017 |
| 60000655401 | 2017 |
| 60000656601 | 2017 |
| 60000657801 | 2017 |
| 60000658001 | 2017 |
| 60000659101 | 2017 |

| | |
|---|---|
| 60000660801 | 2017 |
| 60000663301 | 2017 |
| 60000664501 | 2017 |
| 60000665701 | 2017 |
| 60000668201 | 2017 |
| 60000669401 | 2017 |
| 60000670001 | 2017 |
| 60000671201 | 2017 |
| 60000672401 | 2017 |
| 60000673601 | 2017 |
| 60000674801 | 2017 |
| 60000676101 | 2017 |
| 60000677301 | 2017 |
| 60000679701 | 2017 |
| 60000680301 | 2017 |
| 60000681501 | 2017 |
| 60000682701 | 2017 |
| 60000684001 | 2017 |
| 60000685201 | 2017 |
| 60000686401 | 2017 |
| 60000688801 | 2017 |
| 60000689001 | 2017 |
| 60000690601 | 2017 |
| 60000691801 | 2017 |
| 60000692001 | 2017 |
| 60000693101 | 2017 |
| 60000694301 | 2017 |
| 60000695501 | 2017 |
| 60000696701 | 2017 |
| 60000697901 | 2017 |
| 60000698001 | 2017 |
| 60000699201 | 2017 |
| 60000700501 | 2017 |
| 60000701701 | 2017 |
| 60000702901 | 2017 |
| 60000703001 | 2017 |
| 60000704201 | 2017 |
| 60000705401 | 2017 |
| 60000706601 | 2017 |
| 60000707801 | 2017 |
| 60000708001 | 2017 |
| 60000709101 | 2017 |
| 60000710801 | 2017 |
| 60000711001 | 2017 |
| 60000712101 | 2017 |
| 60000713301 | 2017 |
| 60000714501 | 2017 |

31

| | |
|---|---|
| 60000715701 | 2017 |
| 60000716901 | 2017 |
| 60000717001 | 2017 |
| 60000718201 | 2017 |
| 60000719401 | 2017 |
| 60000720001 | 2017 |
| 60000721201 | 2017 |
| 60000722401 | 2017 |
| 60000723601 | 2017 |
| 60000724801 | 2017 |
| 60000725001 | 2017 |
| 9000003201 | 2017 |
| 9000004501 | 2017 |
| 9000005801 | 2017 |
| 9000006001 | 2017 |
| 9000007301 | 2017 |
| 9000008601 | 2017 |
| 9000009901 | 2017 |
| 9000010801 | 2017 |
| 10136788001 | 2017 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
NATIONAL VETERANS LEGAL                 )
SERVICES PROGRAM, NATIONAL              )
CONSUMER LAW CENTER, and                )
ALLIANCE FOR JUSTICE, for themselves    )
and all others similarly situated,      )
                                        )
        v.                              )        Civil Action No. 16-0745 (PLF)
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Defendant.                      )
_____)

OPINION

For over fifteen years, PACER fees – the per-page fees that the federal judiciary charges the public for online access to court documents – have been a subject of controversy. As a result of the litigation in this case, the United States will return over $100 million of these fees to users of PACER. Today, this litigation substantially comes to a close.

The Court has before it a motion of class representatives National Veterans Legal Services Program, National Consumer Law Center, and Alliance for Justice (the "Named Plaintiffs") for final approval of a settlement agreement that would resolve the pending claims of hundreds of thousands of plaintiffs and reimburse them for PACER fees that the judiciary unlawfully used to fund certain non-PACER services. Counsel for the Named Plaintiffs also request attorney's fees, costs, and service awards.

After careful consideration of the arguments made by the Named Plaintiffs and by the government, and of the comments and objections by interested persons submitted to the Court and made at the hearing held on October 12, 2023, the Court will approve the settlement

agreement and award $23,863,345.02 in attorney's fees, $1,106,654.98 in costs, and $30,000 in

service awards.[1]

---

[1]     The filings and attachments considered by the Court in connection with this matter include:  Complaint ("Compl.") [Dkt. No. 1]; Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment ("Mot. to Dismiss") [Dkt. No. 11]; Plaintiffs' Unopposed Motion for Approval of Revised Plan of Class Notice and Class Notice Documents, Exhibit 3 ("Class Cert. Web Notice") [Dkt. No. 42-5]; Notice of Filing of Revised Notice Documents, Exhibit 1 ("Class Cert. Email Notice") [Dkt. No. 43-1]; Plaintiffs' Motion for Summary Judgment as to Liability ("Pls.' Summ. J. Mot.") [Dkt. No. 52]; Declaration of Jonathan E. Taylor, Exhibit B ("1997 AO Report") [Dkt. No. 52-3]; Declaration of Jonathan E. Taylor, Exhibit E ("Jud. Conf. Letter") [Dkt. No. 52-6]; Declaration of Jonathan E. Taylor, Exhibit H ("Lieberman Letter") [Dkt. No. 52-9]; Plaintiffs' Statement of Undisputed Material Facts ("Pls.' Facts") [Dkt. No. 52-16];  Defendant's Cross-Motion for Summary Judgment ("Def.'s Summ. J. Mot.") [Dkt. No. 74]; Declaration of Wendell A. Skidgel Jr. ("Skidgel Decl.") [Dkt. No. 74-2]; Defendant's Statement of Material Facts as to Which There is No Genuine Dispute and Response to Plaintiffs' Statement of Undisputed Material Facts ("Def.'s Facts") [Dkt. No. 74-3]; Declaration of Wendell A. Skidgel Jr. ("2d Skidgel Decl.") [Dkt. No. 81-1]; Notice of Submission of Revised Proposed Order and Revised Notice Documents, Exhibit 5 ("Sett. Web Notice") [Dkt. No. 152-5]; Plaintiffs' Motion for Final Approval of Class Settlement and for Attorneys' Fees, Costs, and Service Awards ("Pls.' Sett. Mot.") [Dkt. No. 158]; Declaration of Renée Burbank ("Burbank Decl.") [Dkt. No. 158-1]; Declaration of Stuart T. Rossman ("Rossman Decl.") [Dkt. No. 158-2]; Declaration of Rakim Brooks ("Brooks Decl.") [Dkt. No. 158-3]; Declaration of Brian T. Fitzpatrick ("Fitzpatrick Decl.") [Dkt. No. 158-4]; Declaration of Deepak Gupta ("Gupta Decl.") [Dkt. No. 158-5]; Declaration of Meghan S.B. Oliver ("Oliver Decl.") [Dkt. No. 158-6]; Declaration of Gio Santiago Regarding Implementation of Settlement Notice Program ("KCC Decl.") [Dkt. No. 158-7]; Defendant's Response to Plaintiffs' Motion for Final Approval of Class Settlement and for Attorneys' Fees, Costs, and Service Awards ("Def.'s Resp.") [Dkt. No. 159]; Plaintiffs' Reply in Support of Motion for Final Approval of Class Settlement and for Attorneys' Fees, Costs, and Service Awards ("Pls.' Reply") [Dkt. No. 160]; Supplemental Declaration of Brian T. Fitzpatrick ("Fitzpatrick Supp. Decl.") [Dkt. No. 160-1]; Declaration of William B. Rubenstein in Support of Class Counsel's Motion for Attorneys' Fees ("Rubenstein Supp. Decl.") [Dkt. No. 160-2]; Supplemental Declaration of Deepak Gupta ("Gupta Supp. Decl.") [Dkt. No. 160-3]; Declaration of Meghan S.B. Oliver ("Oliver Supp. Decl.") [Dkt. No. 160-4]; Declaration of Gio Santiago Regarding Settlement Administration Costs ("KCC Supp. Decl.") [Dkt. No. 160-5]; Plaintiff-Class Member Don Kozich's Verified Objections to Settlement and Motion to Appear Telephonically or by Zoom ("Kozich Obj. and Mot.") [Dkt. No. 163]; Plaintiffs' Response to Objection of Don Kozich ("Resp. to Kozich Obj.") [Dkt. No. 165]; and Plaintiffs' Notice of Filing of All Objections Received to Date ("Compiled Objs.") [Dkt. No. 166].

        The Court also reviewed the following objections to the settlement agreement: Objection of Aaron Greenspan ("Greenspan Obj.") [Dkt. No. 166-1]; Objection of Alexander Jiggetts ("Jiggetts Obj.") [Dkt. No. 166-2]; Objection of Geoffrey Miller ("Miller Obj.") [Dkt.

2

I. BACKGROUND

*A. Origin and History of PACER Fees*

Before the late 1980s, federal courts operated on paper.  If members of the public wanted to view court dockets or filings, they had to travel to the courthouses where those records physically existed.  Then, in 1988, the judiciary "authorized an experimental program of electronic access for the public to court information."  JUD. CONF. OF THE U.S., REPORT OF THE PROCEEDINGS 83 (Sept. 14, 1988), www.uscourts.gov/file/1642/download [perma.cc/HKS6-4B34].  This experiment gave rise to the Public Access to Court Electronic Records system, or "PACER."  Pls.' Facts ¶ 1.  PACER allows the public to access court documents without the need to review physical records or travel to the courthouse to access them.  25 Years Later, PACER, Electronic Filing Continue to Change Courts, U.S. CTS. (Dec. 9, 2013), www.uscourts.gov/news/2013/12/09/25-years-later-pacer-electronic-filing-continue-change-courts [perma.cc/92NB-8BM7].

Originally, PACER worked via a dial-up phone connection and users were charged fees by the minute.  25 Years Later, PACER, Electronic Filing Continue to Change Courts, supra.  But in 1998, PACER moved online, and the judiciary started charging users on a per-page basis.  See Def.'s Facts ¶ 16.  Around the same time, the judiciary began to use PACER

No. 166-3]; Objection of Eric Isaacson ("Isaacson Obj.") [Dkt. No. 166-5]; and Written Statement of Eric Alan Isaacson of Intent to Appeal in Person at the October 12, 2023, Final-Approval Hearing ("Isaacson Stmt.") [Dkt. No. 166-6].

The Court also reviewed the following prior opinions in this case:  Nat'l Veterans Legal Servs. Program v. United States, Civil Action No. 16-0745, 2016 WL 7076986 (D.D.C. Dec. 5, 2016) ("Motion to Dismiss Op."); Nat'l Veterans Legal Servs. Program v. United States, 235 F. Supp. 3d 32 (D.D.C. 2017) ("Class Certification Op."); Nat'l Veterans Legal Servs. Program v. United States, 291 F. Supp. 3d 123 (D.D.C. 2018) ("Summary Judgment Op."); and Nat'l Veterans Legal Servs. Program v. United States, 968 F.3d 1340 (Fed. Cir. 2020) ("Federal Circuit Op.").

3

fees to pay for programs other than PACER, like Case Management / Electronic Case Filing ("CM/ECF"), a new system that allowed parties to file documents electronically.  See 1997 AO Report at 36; Pls.' Facts ¶ 9.  By fiscal year 2000, the judiciary was using the fees to pay for PACER-related costs, CM/ECF-related costs, and Electronic Bankruptcy Noticing ("EBN") costs.  2d Skidgel Decl. ¶ 31; id. tab 30; see Summary Judgment Op., 291 F. Supp. 3d at 131.

In 2002, Congress passed the E-Government Act, a statute whose broad purpose was to improve electronic services and processes in government.  See E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899.  As relevant to this litigation, the Act amended the statutory note to 28 U.S.C. § 1913 ("Section 1913 Note") so that it read:

> COURT FEES FOR ELECTRONIC ACCESS TO INFORMATION
>
> [. . . .]
>
> (a)  The Judicial Conference may, only to the extent necessary, prescribe reasonable fees . . . for collection by the courts . . . for access to information available through automatic data processing equipment.  These fees may distinguish between classes of persons, and shall provide for exempting persons or classes of persons from the fees, in order to avoid unreasonable burdens and to promote public access to such information.  The Director of the Administrative Office of the United States Courts, under the direction of the Judicial Conference of the United States, shall prescribe a schedule of reasonable fees for electronic access to information which the Director is required to maintain and make available to the public.
>
> (b)  The Judicial Conference and the Director shall transmit each schedule of fees prescribed under paragraph (a) to the Congress at least 30 days before the schedule becomes effective.  All fees hereafter collected by the Judiciary under paragraph (a) as a charge for services rendered shall be deposited as offsetting collections . . . to reimburse expenses incurred in providing these services.

28 U.S.C. § 1913 note (internal quotation marks omitted); see E-Government Act of 2002, § 205(e).  The Senate Governmental Affairs Committee explained:

4

> The Committee intends to encourage the Judicial Conference to move from a fee structure in which electronic docketing systems are supported primarily by user fees to a fee structure in which this information is freely available to the greatest extent possible. For example, the Administrative Office of the United States Courts operates an electronic public access service, known as PACER, that allows users to obtain case and docket information from Federal Appellate, District and Bankruptcy courts, and from the U.S. Party/Case Index. Pursuant to existing law, users of PACER are charged fees that are higher than the marginal cost of disseminating the information.

S. REP. NO. 107-174 at 23 (June 24, 2002).  At that point, PACER fees were set at $0.07 per page.  See Skidgel Decl. Ex. G at 64.

But PACER fees continued to rise.  Effective January 2005, the Judicial Conference increased fees to $0.08 per page.  Jud. Conf. Letter at 1.  The Director of the Administrative Office of the United States Courts explained that the increase was "predicated upon Congressional guidance that the judiciary is expected to use PACER fee revenue to fund CM/ECF operations and maintenance."  Id.

By the end of 2006, the judiciary had accumulated $32.2 million of excess revenue from PACER fees.  Pls.' Facts ¶ 16; Summary Judgment Op., 291 F. Supp. 3d at 134. For that reason, the judiciary further expanded the categories of programs that would be funded by the fees.  See Summary Judgment Op., 291 F. Supp. 3d at 134-35.  These programs included CM/ECF, EBN, courtroom technology upgrades, an online Jury Management System ("Web Juror"), a Violent Crime Control Act ("VCCA") notification system, and a study to determine the feasibility of providing access to state court documents through CM/ECF (the "State of Mississippi Study").  2d Skidgel Decl. tab 11, tab 12; see Summary Judgment Op., 291 F. Supp. 3d at 135.  In 2012, the judiciary increased PACER fees to $0.10 per page.  Pls.' Facts at ¶ 22.

5

PACER fees have been controversial since at least 2008.  That year, a group of activists attempted to download significant portions of the court documents available on PACER and make them available for free.  John Schwartz, <u>An Effort to Upgrade a Court Archive System to Free and Easy</u>, N.Y. TIMES (Feb. 12. 2009), www.nytimes.com/2009/02/13/us/13records.html. These activists, along with scholars and public officials, argued that PACER fees make it difficult for the public to access information integral to understanding our country's law and legal system.  <u>E.g.</u>, Timothy B. Lee, <u>The Case Against PACER: Tearing Down the Courts' Paywall</u>, ARSTECHNICA (Apr. 9, 2009), www.arstechnica.com/tech-policy/2009/04/case-against-pacer [perma.cc/X52V-RYQT]; <u>see also</u> Pls.' Sett. Mot. at 5 ("High PACER fees hinder equal access to justice, impose often insuperable barriers for low-income and pro se litigants, discourage academic research and journalism, and thereby inhibit public understanding of the courts.").

In 2009, Senator Joe Lieberman, sponsor of the E-Government Act, expressed concern that the judiciary may have been violating the Act by collecting PACER fees "well higher than" the cost of funding PACER.  Lieberman Letter at 1.  Still, this trend continued. From the beginning of fiscal year 2010 to the end of fiscal year 2016, the judiciary collected more than $920 million in PACER fees; the total amount collected annually increased from about $102.5 million in 2010 to $146.4 million in 2016.  <u>See</u> Pls.' Facts ¶¶ 28, 46, 62, 80, 98, 116, 134.

### B.  Procedural History

The current litigation began in April 2016, when the Named Plaintiffs filed a class-action lawsuit against the United States alleging that the judiciary had violated the

E-Government Act by charging excessive PACER fees.  Compl. ¶¶ 1-3, 34.[2]  The Named

Plaintiffs alleged jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a).  Id. ¶ 33.  The

Named Plaintiffs were, and still are, represented by Gupta Wessler LLP and Motley Rice LLC

("Class Counsel").

      The United States moved to dismiss.  See Mot. to Dismiss.  The government

argued that the Court lacked jurisdiction, id. at 15-19, that the Named Plaintiffs could not sue

without first alerting the PACER Service Center, id. at 13-15, and that other similar class action

lawsuits challenging PACER fees should be litigated first under the "first-to-file rule."  Id.

at 12-13.  This Court denied the motion to dismiss.  See Motion to Dismiss Op., 2016

WL 7076986.  In January 2017, the Court certified a class.  See Class Certification Op., 235 F.

Supp. 3d 32.  The class consisted of "[a]ll individuals and entities who have paid fees for the use

of PACER between April 21, 2010, and April 21, 2016, excluding class counsel in this case and

federal government entities."  Id. at 39.  These class members were given notice and an

opportunity to opt out.  Gupta Decl. ¶ 14; see Order Approving Plan of Class Notice ("1st Notice

Appr.") [Dkt. No. 44].  The parties then engaged in informal discovery, which clarified what

categories of expenses were funded by PACER fees.  Gupta Decl. ¶ 15.

      In August 2017, the Named Plaintiffs filed a motion seeking "summary

adjudication of the defendant's liability, reserving the damages determination for after formal

discovery."  Pls.' Summ. J. Mot. at 1.  The United States then filed a cross-motion for summary

judgment as to liability.  Def.'s Summ. J. Mot. at 1.  In these motions, the parties asked the Court

to decide the central question in the case:  Under the E-Government Act, what categories of

---

[2]     Judge Ellen Segal Huvelle presided over this case until her retirement, at which
time the case was reassigned to the undersigned.

expenses may be funded by PACER fees?  See id. at 1-2; Pls.' Summ. J. Mot. at 1.  The Named

Plaintiffs argued that the Act "prohibits the [judiciary] from charging more in PACER fees than

is necessary to recoup the total marginal cost of operating PACER," so none of the additional

categories of expenses were permitted.  Pls.' Summ. J. Mot. at 11.  The United States urged a

broader reading of the statute which would allow the judiciary to "charge fees, as it deems

necessary, for the provision of information to the public through electronic means," making all of

the additional categories of expenses lawful.  Def.'s Summ. J. Mot. at 11.

 The Court rejected both positions, holding that the government's interpretation of

the E-Government Act was too broad, but that the Named Plaintiffs' interpretation was too

narrow.  See Summary Judgment Op., 291 F. Supp. 3d at 141-44.  The Court concluded that the

judiciary "properly used PACER fees to pay for CM/ECF and EBN, but should not have used

PACER fees to pay for the State of Mississippi Study, VCCA, Web-Juror, and most of the

expenditures for [c]ourtroom [t]echnology."  Id. at 146.  Using PACER fees to pay for these

expenses was improper because the programs failed to further "the public's ability to access

information on the federal court's CM/ECF docketing system."  Id. at 150.

 The parties cross-appealed to the United States Court of Appeals for the Federal

Circuit.  In August 2020, the Federal Circuit affirmed this Court's interpretation.  See Federal

Circuit Op., 968 F.3d at 1359.  The Federal Circuit wrote that Judge Huvelle "got it just right" in

interpreting the E-Government Act to "limit[] PACER fees to the amount needed to cover

expenses incurred in services providing public access to federal court electronic docketing

information."  Id. at 1343, 1350.  The Named Plaintiffs' interpretation failed because it

"combine[d] part of the first sentence of paragraph (a) [of the Section 1913 Note] ('The Judicial

Conference may, only to the extent necessary, prescribe reasonable fees . . . .') with two parts of

the last sentence of paragraph (b) ('to reimburse expenses incurred in providing' the 'services rendered,' which plaintiffs construe to mean PACER access), paying little heed to the substantial amount of text in between." Id. at 1350. Instead, the full text of the Section 1913 Note, along with its legislative history, made clear that the E-Government Act "limits the use of PACER fees to expenses incurred in providing (1) electronic access for members of the public (2) to information stored on a federal court docketing system." Id. at 1351-52.[3]

Applying this interpretation to the contested categories of expenses, the Federal Circuit agreed with this Court that it was unlawful for the judiciary to use PACER fees to pay for the State of Mississippi Study, VCCA, Web-Juror, and most courtroom technology expenses. Federal Circuit Op., 968 F.3d at 1358. The appellate court declined to decide whether it was lawful for PACER fees to fund all CM/ECF expenditures, holding that the issue was not properly before it and remanding to this Court for further proceedings. Id. at 1358-59.

After remand, the parties began settlement discussions. See Gupta Decl. ¶¶ 23-24. Even after the Federal Circuit ruling, the government took the position that it did not owe damages to class members because the class could not prove that PACER fees would have been lower if the judiciary had refrained from making the unlawful expenditures. Id. ¶ 23. The government also maintained that all CM/ECF expenditures were properly funded by PACER fees. Id. The Named Plaintiffs disagreed with both positions. Id.

In May 2021, the parties engaged in an all-day mediation session with Professor Eric Green. Gupta Decl. ¶ 25. During the mediation, the parties agreed to a common-fund settlement structure and the United States made a "final offer" for the total amount of the fund.

---

[3]     The Federal Circuit also held that the Little Tucker Act granted jurisdiction over the lawsuit because the E-Government Act was sufficiently "money-mandating." Federal Circuit Op., 968 F.3d at 1347-49.

9

Id. ¶ 26.  Over the next few weeks, Professor Green continued to mediate, and the parties agreed on a fund amount of $125 million.  See id. ¶ 27.  Reaching agreement on the remaining sticking points – including how the fund would be distributed, what would happen to unclaimed money, and the scope of the release of legal claims – took many months more.  Id. ¶¶ 27-28.  In July 2022, the parties executed a settlement agreement, which they amended once in September 2022 and again in April 2023 (collectively, the "Agreement").  Id. ¶ 28; see id. Ex. A ("Sett. Agreement"); id. Ex. B ("First Supp. Agreement"); id. Ex. C ("Second Supp. Agreement").

On May 8, 2023, the Court granted preliminary approval of the Agreement and scheduled a hearing to consider final approval for October 12, 2023 (the "Settlement Hearing"). See Order Granting Plaintiffs' Revised Motion for Preliminary Approval of Class Settlement ("Prelim. Approval") [Dkt. No. 153] at ¶¶ 1, 3.  At that time, the Court certified a revised settlement class.  Id. ¶ 7.  The settlement class included all members of the original class who did not opt out, plus those meeting the same criteria who had paid PACER fees before May 2018 but after the original class was certified.  Id.  The Court directed that notice of the Agreement and its terms be provided to the settlement class.  Id. ¶¶ 15, 16, 18.  Using the government's PACER registration data, the claims administrator identified members of the class to be notified.  Id. ¶ 13; KCC Decl. ¶¶ 5-7.

In July 2023, the claims administrator sent the court-approved settlement notice, both through email and through postcards, to over 500,000 PACER account holders.  KCC Decl. ¶¶ 8-11.  These notices provided class members with the settlement amount, an overview of the litigation, information about opting out and submitting objections, and a link to additional information and the full Agreement on a website dedicated to the settlement.  Id. Ex. B; see PACER FEES CLASS ACTION, www.pacerfeesclassaction.com [https://perma.cc/N4L5-AYHS].

10

Objections could be filed by mailing or emailing Class Counsel and the Court.  See Sett. Web Notice at 5.  Because some class members already had the opportunity to opt out when the original class was certified, the notice sent to them did not include the option to opt out.  KCC Decl. ¶8; see id. Ex. A.  The claims administrator also issued publication notice through a widely disseminated press release and a banking newsletter.  Id. ¶¶ 12, 13.

There were a few hiccups in the notice process.  First, the initial notice omitted some class members who were part of the original class.  KCC Decl. ¶ 15.  Second, the notice sent to some members of the original class incorrectly indicated that they had another opportunity to opt out.  Id. ¶ 16.  The settlement administrator corrected both mistakes and sent new notices on August 7, 2023.  Id. ¶¶ 15, 16.  Thirty-three individuals timely opted out of the settlement class.[4]  Five individuals filed objections.  See Compiled Objs.[5]

On August 28, 2023, the Named Plaintiffs moved for final approval of the class settlement and for attorney's fees, costs, and service awards.  Pls.' Sett. Mot.  The Court held the Settlement Hearing on October 12, 2023.  Class Counsel, as well as representatives for each of the three Named Plaintiffs, gave statements in support of the Agreement.  Two objectors spoke in opposition to the Agreement.  Then the Court gave the parties an opportunity to respond to

---

[4]    While the Named Plaintiffs initially stated that thirty-four individuals timely opted out, Pls.' Sett. Mot. at 13, the parties clarified at the Settlement Hearing that they had included a duplicate in their count and that the correct number is thirty-three.  In addition, the parties clarified at the Settlement Hearing that sixteen individuals attempted to opt out after the opt out deadline.  But none of these sixteen individuals were actually eligible to opt out, as all were either part of the original class and had the opportunity to opt out in 2017, or were federal employees who were never part of the class to begin with.  See id.

[5]    These individuals were:  Aaron Greenspan, Alexander Jiggetts, Geoffrey Miller, Don Kozich, and Eric Isaacson. Of the written objections, two of the five were timely (Mr. Miller's and Mr. Isaacson's), and one of the three untimely objections was filed by an individual who is likely not a class member (Mr. Kozich).  Nevertheless, the Court has considered all five objections filed.

11

written and oral objections.  Finally, the Court heard from the parties and from objectors on the issue of attorney's fees.

## II.  THE SETTLEMENT AGREEMENT

The Agreement creates a common fund of $125 million and provides for the distribution of at least 80% of that fund to the hundreds of thousands of persons or entities who paid PACER fees between April 21, 2010 and May 31, 2018 (the "Class Period").

### A.  The Settlement Class and Fund

The settlement class includes all persons or entities who paid PACER fees in the period beginning six years before the Named Plaintiffs filed their original complaint (April 22, 2010) and ending on the date the judiciary stopped using PACER fees to fund prohibited expenses (May 31, 2018) – with the exception of those who opted out, of federal agencies, and of Class Counsel.  Sett. Agreement ¶ 3; First Supp. Agreement; see Pls.' Sett. Mot. at 11.  This class includes at least several hundred thousand members.  See Class Certification Op., 235 F. Supp. 3d at 39.

The settlement common fund totals $125 million.  Sett. Agreement ¶ 11.  From this fund, at least 80%, or $100 million, is to be distributed to class members.  Id. ¶ 18.  Up to 20%, or $25 million, is to be used for attorney's fees, litigation expenses, and service awards for the class representatives.  Id. ¶ 28.  As to the attorney's fees and service awards, the Agreement specifies that "the Court will ultimately determine whether the amounts requested are reasonable."  Id.  The Agreement further specifies that service awards cannot exceed $10,000 per class representative.  Id.

### B.  Fund Allocation and Distribution to Class Members

The Agreement allocates the common fund to class members through a two-step calculation.  See Sett. Agreement ¶ 19.  First, all class members are allocated either $350 or, if they paid less than $350 in PACER fees during the Class Period, the actual amount that they paid.  Id.  Second, class members who paid over $350 receive, in addition to the first $350, a pro rata allocation of the remaining common fund.  Id.  This pro rata allocation compares the amount that a given class member paid over $350 to the amounts that other class members paid over $350, and allots the remaining common fund accordingly.  See id.  To illustrate the calculation, if a class member paid $100 in PACER fees during the Class Period, they will get all of it back.  See id. ¶¶ 19, 20.  But if a class member paid $1000 in PACER fees during the Class Period, they will get $350 plus an amount from the remaining common fund proportional to the additional $650 that they paid.  See id.  If there is unclaimed money after these allocations are distributed to class members, then the rest of the common fund will be distributed to class members who have not been fully reimbursed for the PACER fees they paid during the Class Period and who successfully collected their first distribution.  Id. ¶ 23.

In contrast to most class action settlements, class members will not need to submit claims to get their share of this common fund.  See Pls.' Sett. Mot. at 13.  Instead, the claims administrator will use the information provided to them by the government – which has comprehensive records of PACER registrants and the fees they paid – to identify class members and distribute their payments.  See id.; Sett. Agreement ¶¶ 14, 21, 23; KCC Decl. ¶¶ 5-7.  The claims administrator will disburse the first set of payments within 180 days of receiving the settlement fund from the government, and will distribute any remaining money three months after that.  Second Supp. Agreement ¶ 21; Sett. Agreement ¶ 24.

## III.  FAIRNESS

Under Rule 23 of the Federal Rules of Civil Procedure, no class action may be dismissed, settled, or compromised without the approval of the Court.  FED. R. CIV. P. 23(e).  Before giving its approval, the Court must direct the provision of adequate notice to all members of the class, conduct a hearing, and find, after notice and a hearing, that the settlement is "fair, reasonable, and adequate."  Id.; see Thomas v. Albright, 139 F.3d 227, 231 (D.C. Cir. 1998); In re Black Farmers Discrimination Litig., 856 F. Supp. 2d 1, 26 (D.D.C. 2011).  In performing this task, the Court must protect the interests of those unnamed class members whose rights may be affected by the settlement of the action.  See WILLIAM B. RUBENSTEIN, 4 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 13:40 (6th ed. 2023).

To determine whether a settlement is fair, reasonable, and adequate, the Court "looks to the 'paramount twin elements of procedural and substantive fairness.'"  Mercier v. United States, 156 Fed. Cl. 580, 584 (2021) (quoting Courval v. United States, 140 Fed. Cl. 133, 139 (2018) (internal quotation marks omitted)).  The Federal Rules instruct the Court to consider a variety of factors in doing so.  The first two of these factors are procedural:  whether "(A) the class representatives and class counsel have adequately represented the class; [and] (B) the proposal was negotiated at arm's length."  FED. R. CIV. P. 23(e)(2).  The remaining factors are substantive; the Court is to consider whether:

> (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Id.

Having carefully considered the parties' arguments and all of the objections that have been filed with the Court and expressed at the Settlement Hearing, the Court concludes that the settlement is fair, reasonable, and adequate.

### A. Procedural Fairness

The Court finds that the Named Plaintiffs and Class Counsel have more than "adequately represented" the class. See FED. R. CIV. P. 23(e)(2)(A). The Named Plaintiffs are nonprofit organizations who pay PACER fees despite their nonprofit status, and whose members experienced real burdens because of the fees. Class Certification Op., 235 F. Supp. 3d at 42. These characteristics made them "particularly good class representatives." Id. The two law firms representing the class, in tandem, have extensive experience both in class actions and in lawsuits against the federal government. See Gupta Decl. ¶¶ 45-48, 50-55, 59-61; see also infra Section IV.B.1.

The Named Plaintiffs and Class Counsel have vigorously litigated this case for nearly eight years, over seven of them after the class was certified. See Gupta Decl. ¶¶ 11-13. They engaged in informal discovery, argued (and, in part, won) summary judgment, and successfully defended the summary judgment ruling on appeal. See id. ¶¶ 14-21; see also infra Section IV.B.2. After remand, they engaged in extensive settlement negotiations with the government. Gupta Decl. ¶¶ 23-28.

By all accounts, these settlement negotiations happened at "arm's length," indicating no collusion between the parties. See FED. R. CIV. P. 23(e)(2)(B). Negotiations came at a point in the litigation where liability was resolved but there were still significant questions about the possibility, and amount, of damages. The negotiations were thus neither "too early to be suspicious nor too late to be a waste of resources." In re Vitamins Antitrust Litig., 305 F.

15

Supp. 2d 100, 105 (D.D.C. 2004).  And because of "significant informal discovery, . . . the

parties were well-positioned to mediate their claims."  Radosti v. Envision EMI, LLC, 717 F.

Supp. 2d 37, 56 (D.D.C. 2010).  The negotiations took place over nearly two years but came

together "after a lengthy mediation session that was presided over by an experienced mediator,"

indicating skilled negotiating on both sides.  See id.  Further evidence that the negotiations were

at arm's length and not collusive is provided by the positions taken by the parties during

settlement negotiations and the compromises ultimately reached.  See infra at 24.

        The notice requirements of Rule 23 were also satisfied.  When the Court

preliminarily approved the settlement, it "direct[ed] notice in a reasonable manner to all class

members who would be bound by the proposal."  FED. R. CIV. P. 23(e)(1)(B); see Prelim.

Approval ¶¶ 15, 16, 18.  The Court also found the planned notice to be "the best notice

practicable under the circumstances," Prelim. Approval ¶ 21, as was required for the individuals

and entities who were not part of the originally certified class.  See FED. R. CIV. P. 23(c)(2)(B).

The claims administrator adequately executed this notice.  Using the government's PACER

registration data, it identified over 500,000 potential class members and sent them court-

approved notices, both through email and through postcards.  KCC Decl. ¶¶ 5-7, 8-11; see

Prelim. Approval ¶ 13; see also FED. R. CIV. P. 23(c)(2)(B) (requiring, for new class members,

"individual notice to all members who can be identified through reasonable effort").  The claims

administrator also issued publication notice.  KCC Decl. ¶¶ 12, 13.  Each form of notice directed

class members to additional information on the dedicated settlement website.  See id. Exs. A-H.

While there were a few errors in the notice process – the initial notice omitted some class

members and gave some class members incorrect information – the claims administrator

promptly corrected these errors and gave recipients sufficient time to opt out or object.

16

Id. ¶¶ 15-18.[6]  The notice also satisfied Rule 23's substantive requirements for new class

members.  The emails, postcards, and publications, along with the dedicated settlement website:

> clearly and concisely state[d] in plain, easily understood language:
> (i) the nature of the action; (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses; (iv) that a class member
> may enter an appearance through an attorney if the member so
> desires; (v) that the court will exclude from the class any member
> who requests exclusion; (vi) the time and manner for requesting
> exclusion; and (vii) the binding effect of a class judgment on
> members under Rule 23(c)(3).

See FED. R. CIV. P. 23(c)(2)(B).  The Court finds that this notice was more than sufficient and

was "reasonably calculated, under all the circumstances, to apprise interested parties of the

pendency of the action and afford them an opportunity to present their objections."  Haggart v.

Woodley, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016) (quoting Mullane v. Cent. Hanover Bank &

Tr. Co., 339 U.S. 306, 314 (1950)).

After class members were given notice, they had over a month (and most had over

two months) to file written objections.  See KCC Decl. ¶¶ 10, 15; Prelim. Approval ¶¶ 3, 20.

Objections could be filed by mailing or emailing Class Counsel and the Court.  See Sett. Web

Notice at 5.  Only five individuals filed written objections.  On October 12, 2023, the Court held

the Settlement Hearing.  After the parties' opening statements, the Court heard objections to the

settlement.  No one spoke who had not already submitted a written objection.  Then, the Court

gave the parties an opportunity to respond to objections.  Finally, the Court heard from the

parties and from objectors on the issue of attorney's fees.

---

[6]     Objector Don Kozich contends that he did not receive notice of the settlement.
Kozich Obj. and Mot. at 2.  While no method of notice is perfect, Mr. Kozich's failure to receive
notice was likely proper.  Mr. Kozich does not appear to be a member of the class.  He
incurred PACER fees during the Class Period, but he did not pay those fees during the Class Period, and
thus is ineligible for relief.  Resp. to Kozich Obj. at 1.

Objector Eric Isaacson has questioned a few procedural aspects of the Settlement Hearing.  First, he argues that discussing the proper award of attorney's fees after the time scheduled for objectors to speak deprives objectors of due process and runs afoul of the Federal Rules, Isaacson Stmt. at 7, which instruct the Court to consider "the terms of any proposed award of attorney's fees" in evaluating the adequacy of "the relief provided for the class" in the proposed settlement.  FED. R. CIV. P. 23(e)(2)(C)(iii).  Second, Mr. Isaacson argues that objectors at the hearing should have been given the opportunity to cross-examine declarants who provided support for Class Counsel's requested fees.  Isaacson Stmt. at 7.[7]

Both of these arguments overstate an objector's role in the class settlement process.  While the Court must consider – and has considered – the arguments of any class member who objects to the settlement, the Court need not give objectors the opportunity to speak at every possible point in the hearing; nor does the Court need to give objectors the opportunity to probe declarations or exhibits through cross-examination or other means.  See 4 RUBENSTEIN, supra, § 13:42.  Moreover, to assuage Mr. Isaacson's concerns, the Court allowed him to speak during the portion of the hearing addressing attorney's fees, in addition to his opportunity to speak during the portion of the hearing during which the reasonableness of the settlement was discussed.

---

[7]     Mr. Isaacson further objects that "the settling parties arranged with the court to keep class members' objections off the public record."  Isaacson Stmt. at 3.  This objection has no factual basis.  Though the objections the Court received through email were not automatically docketed, they were available upon request.  In fact, at Mr. Isaacson's request, Class Counsel filed all objections to the public docket.  See Compiled Objs.

18

### B. Substantive Fairness

In considering a proposed class action settlement, the Court must compare the benefits afforded to class members under the settlement with the likely recovery that plaintiffs would have realized if they pursued the resolution of their claims through litigation in court. Thomas v. Albright, 139 F.3d at 231; see In re Black Farmers Discrimination Litig., 856 F. Supp. 2d at 30.  The Court must look at the settlement as a whole and should not reject a settlement merely because individual class members claim that they would have received more by litigating rather than settling.  Thomas v. Albright, 139 F.3d at 231.  The Court should scrutinize the terms of the settlement carefully, but should also keep in mind "the interest in encouraging settlements, particularly in class actions, which are often complex, drawn out proceedings demanding a large share of finite judicial resources."  Christensen v. United States, 65 Fed. Cl. 625, 629 (2005) (quoting Mayfield v. Barr, 985 F.2d 1090, 1092 (D.C. Cir. 1993)).  And "the opinion of 'experienced and informed counsel should be afforded substantial consideration by [the C]ourt in evaluating the reasonableness of a proposed settlement.'"  Prince v. Aramark Corp., 257 F. Supp. 3d 20, 26 (D.D.C. 2017) (quoting In re Lorazepam & Clorazepate Antitrust Litig., Civil Action No. 99-0790, 2003 WL 22037741, at *6 (D.D.C. June 16, 2003)).

In its analysis of the Agreement's substantive fairness, the Court is guided by the substantive factors enumerated in the Federal Rules of Civil Procedure:  whether "the relief provided for the class is adequate, taking into account" various subfactors, and whether "the proposal treats class members equitably relative to each other."  FED. R. CIV. P. 23(e)(2).

### 1.  Whether the Relief is Adequate

The relief the settlement provides to class members is substantial.  The majority of class members will receive a full refund for the PACER fees they paid during the Class

Period.  Gupta Decl. ¶ 43.  Although the minority of class members – those who paid over $350 in fees during the Class Period – will likely not receive a full refund, they may receive substantially more than $350.  See Sett. Agreement ¶ 19.  In addition, the "proposed method of distributing relief to the class" is efficient.  See FED. R. CIV. P. 23(e)(2)(C)(ii).  There are no claims to process, and class members will receive the relief even if they have never contacted Class Counsel or the claims administrator.  See Pls.' Sett. Mot. at 13.

       Contrast this substantial relief with the potential "costs, risks, and delay of trial and appeal."  See FED. R. CIV. P. 23(e)(2)(C)(i).  The Federal Circuit's liability ruling in this case found some, but not all, of the PACER fees collected during the Class Period to be unlawful. Federal Circuit Op., 968 F.3d at 1350-51, 1357.  It left open the question of the extent to which it was lawful for the judiciary to fund CM/ECF through PACER fees.  See id. at 1358.  And the ruling effectively set the maximum possible recoverable damages for the class at around $500 million.  Fitzpatrick Decl. ¶ 20.

       Even putting aside the costs of trial and potential further appeal, the path to obtaining this $500 million would have been anything but smooth.  "[T]here are several reasons to think a full recovery is unrealistic."  In re APA Assessment Fee Litig., 311 F.R.D. 8, 19 (D.D.C. 2015).  After the Federal Circuit's ruling, the government continued to assert that the class had no claim to damages because class members could not prove that – but for the unlawful expenditures – PACER fees would have been lower.  Gupta Decl. ¶ 23.  Moreover, even if class members would not have had to prove damages with specificity, the amount of potentially recoverable damages still would have been uncertain.  Much of the potential recovery came from fees the judiciary used to pay for CM/ECF services, Fitzpatrick Decl. ¶ 20, and the Federal Circuit explicitly declined to rule on how much of these services were appropriately funded

<div align="center">20</div>

through PACER fees.  Federal Circuit Op., 968 F.3d at 1358.  The recoverability of a sizable portion of the potential damages was thus an open question at the time of settlement.

In other words, at the point of the litigation at which the parties agreed on the terms of their settlement, it would have been a substantial risk to class members to proceed to trial.  Evidence could have shown that all of the judiciary's CM/ECF expenditures were lawful.  Or the government could have convinced the Court of its position on damages.  In that case, the Named Plaintiffs would have faced the difficult task of proving that the judiciary would have chosen to charge lower PACER fees had its expenditures been limited to the lawful categories.  The common fund amount – roughly a quarter of the potential recovery if every legal and factual issue had gone the plaintiffs' way – was impressively large in comparison to the risks of continuing to litigate.

Some objectors see a quarter of the maximum potential recovery as an unimpressive figure.  See Isaacson Obj. at 3 (calling the settlement "remarkably mediocre"); Greenspan Obj. at 1 (asserting that the settlement should have fully reimbursed PACER users).  These views do not properly account for the formidable arguments that were available to the government if the case had proceeded to trial.  In addition, Objector Aaron Greenspan asserts that the common fund amount is too low because the judiciary can only legally charge for the marginal cost of document transmission, and that marginal cost is zero.  Greenspan Obj. at 1.  But the Court has explicitly rejected an interpretation of the E-Government Act that would limit lawful fees to those necessary to pay the marginal cost of operating PACER.  Summary Judgment Op., 291 F. Supp. 3d at 140-43.  Instead, the judiciary can use PACER fees to fund the full cost of providing public access to federal court electronic docketing information, including fixed costs.  See Federal Circuit Op., 968 F.3d at 1349-52.

<center>21</center>

Other objectors argue that the Agreement is unreasonable because of its provision regarding attorney's fees, expenses, and service awards.  See Isaacson Obj. at 9-17; Greenspan Obj. at 1-2.  The Court has conducted a full analysis of the proper fee awards below.  See infra Section IV.  For now, it suffices to say that the fees provision of the Agreement is reasonable. See FED. R. CIV. P. 23(e)(2)(C)(iii) (instructing courts to consider the provisions of settlement agreements that relate to attorney's fees).  The Agreement does not fix an amount of attorney's fees or service awards.  Instead, it sets an upper limit on both – Class Counsel was able to request up to 20% of the common fund for attorney's fees, expenses, and service awards, including no more than $10,000 per service award for each class representative.  Sett. Agreement ¶ 28.  The Agreement leaves to the Court the ultimate determinations of how much to award.  Id. Rather than setting an unreasonably high amount of attorney's fees or service awards, the Agreement thus caps the amount the Court has the opportunity to approve as reasonable.

Finally, the relative paucity of objections to the Agreement is a strong indicator of the adequacy of the relief.  See In re Black Farmers Discrimination Litig., 856 F. Supp. 2d at 29; Mercier v. United States, 156 Fed. Cl. at 597.  As Class Counsel notes, the settlement class is comprised of hundreds of thousands of PACER users and is "perhaps the most litigious group of people and entities ever assembled in a single class action, . . . including sophisticated data aggregators, federal-court litigators, and law firms of every stripe."  Pls.' Reply at 1.  Of this group, only thirty-three opted out of the class, and only five have objected to the settlement.  In light of the terms of the Agreement and class members' lack of opposition to them, the Court finds the settlement relief adequate.

22

2.   Whether the Settlement Treats Class Members Equitably

The Court concludes that the Agreement "treats class members equitably relative to each other." FED. R. CIV. P. 23(e)(2)(D).  While it treats those who paid $350 or less in PACER fees during the Class Period differently from those who paid more than $350, this difference in treatment is fair and justified.

The requirement of intra-class equity exists to ensure that "class counsel ha[s not] sold out some of the class members at the expense of others, or for their own benefit." 4 RUBENSTEIN, supra, § 13:56.  If class counsel prioritizes settling a case over vigorously advocating for all class members' claims, counsel may agree to provide some (more powerful or more vocal) class members more relief than they deserve while giving other class members less than they deserve.  To ensure that class counsel has not done so, it falls upon the Court to determine whether similarly situated class members are treated similarly and whether "dissimilarly situated class members are not arbitrarily treated as if they were similarly situated." Id.

There is absolutely no indication that Class Counsel "sold out" any group of class members in this case.  The Agreement strikes a balance between two competing goals:  First, to give relief to small-scale PACER users – the non-lawyer members of the public and individual law practitioners who were most affected by having to pay unlawful fees; the full reimbursement of all PACER fees paid up to $350 makes it more likely that small-scale users will be wholly compensated.  See Sett. Agreement ¶ 20.  And second, to treat all class members – including large-scale users like law firms – equitably based on what they actually paid.  The pro rata allocation above $350 makes it more likely that the sizable fees paid by large-scale users will be adequately accounted for.  See id.  The Agreement thus does a good job of treating similarly

situated class members similarly, while accounting for the differences between dissimilarly situated class members.

The details the parties have provided about the settlement negotiations further support the reasonableness of the Agreement's common fund distribution. As to the allocation of settlement funds, the Named Plaintiffs initially took the position that the fund should be distributed on an exclusively pro rata basis. Gupta Decl. ¶ 28. The government countered that, before the pro rata allocation, class members should first be fully reimbursed up to a large amount. Id. It grounded this position in the E-Government Act's authorization to "'distinguish between classes of persons' in setting PACER fees . . . 'to avoid unreasonable burdens and to promote public access to'" electronic docketing information. Id. (quoting 28 U.S.C. § 1913 note). Consistent with the judiciary's policy of offering waivers and other pricing mechanisms to make PACER cheaper for some groups of users, the government wanted more of the settlement fund to go to reimbursing those who used PACER less. See id. The $350 figure reflected a compromise between the Named Plaintiffs' position and the government's position. Far from "selling out" class members, the different treatment of different groups within the class reflects vigorous negotiation on both sides, and reflects the text of the E-Government Act.

A number of the objectors dispute the reasonableness of the distribution. Mr. Isaacson argues that too much of the common fund is allocated pro rata, unfairly favoring large-scale users over small-scale users. Isaacson Obj. at 4-5. Objector Geoffrey Miller argues that too much of the common fund is allocated to fully reimbursing users who paid $350 or less, unfairly favoring small-scale users over large-scale users. Miller Obj. at 1-2.[8] As Class Counsel

---

[8]     Mr. Miller also objects that "[t]he proposed plan of allocation under Federal Rule 23 is in tension with the Rules Enabling Act, 28 U.S.C. §[§] 2071-2077, because, by providing different treatment to litigants with identical legal claims, it arguably abridges their

points out, these arguments cannot both be correct, and the fact that each of them was made indicates, if anything, a good compromise.  See Pls.' Reply at 4.  Moreover, the structure of the distribution is on sound legal footing.  "Neither the Federal Rules of Civil Procedure nor the Supreme Court requires that settlements offer a pro rata distribution to class members . . . ."  Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp., 497 F.3d 615, 629 (6th Cir. 2007).  At the same time, courts routinely approve settlements providing for pro rata distributions of common funds because such distributions directly account for the differences in the value of the claims of different class members.  See, e.g., In re APA Assessment Fee Litig., 311 F.R.D. at 13; In re Facebook Biometric Info. Priv. Litig., 522 F. Supp. 3d 617, 629 (N.D. Cal. 2021); In re Telik, Inc. Sec. Litig., 576 F. Supp. 2d 570, 580-81 (S.D.N.Y. 2008).

    The fact that two objectors (Mr. Isaacson and Mr. Miller) hold these contradictory positions is understandable.  A class member who paid substantially more than $350 in PACER fees, but substantially less than a large-scale user, may look at large-scale users and feel disappointed that these users are getting so much more in absolute dollars.  And a large-scale user may look at a class member who paid $350 or less in PACER fees and find it unfair that that class member is getting fully reimbursed by the Agreement, while the large-scale user is not.  At bottom, however, this dissatisfaction arises from the amount of the common fund, not its allocation.  There is simply not enough money in the common fund to reimburse every class member for all of what they paid in PACER fees – nor should there be, as some of the fees were

---

right to be treated equally before the law."  Miller Obj. at 2.  But the Rules Enabling Act is irrelevant to allocations between class members in common-fund settlements.  Instead, as applied to class actions, the Rules Enabling Act prevents courts from "giving plaintiffs and defendants different rights in a class proceeding than they could have asserted in an individual action." Tyson Foods, Inc. v. Bouaphakeo, 577 U.S. 442, 458 (2016).

lawful.  No settlement is perfect.  But the Court finds that the difference in how this settlement treats different class members is justified, fair, and equitable.

Mr. Isaacson raises another issue of equity.  He points out that many of the institutional class members are law firms, and that these firms have likely already been reimbursed – by their clients or through settlement agreements in other cases – for PACER fees paid during the Class Period.  Isaacson Obj. at 4-7.  Because these law firms have already been reimbursed, he argues, it is inequitable to treat them like other class members, particularly like individuals who never received reimbursement.  See id. at 4.[9]

This argument makes some sense in the abstract.  While a reasonable settlement hypothetically could differentiate between law firm class members who had been reimbursed for their PACER fees and other class members who had not been reimbursed for their PACER fees, there were good reasons not to do so here.  First, prior to settlement, the claims of the law firms that had been reimbursed by their clients were just as valid as the claims of other class members. See S. Pac. Co. v. Darnell-Taenzer Lumber Co., 245 U.S. 531, 533 (1918).  In fact, the law firm class members were likely the only plaintiffs who could have brought claims against the government to recover the relevant PACER fees.  Their clients could not have brought such claims because damages under the Little Tucker Act are available only to those who paid unlawful fees to the government, to those who paid unlawful fees to others "at the direction of

---

[9]     Mr. Isaacson further argues that the common fund allocations to many large-scale claimants are improper because entities whose aggregated claims total over $10,000 fall outside of Little Tucker Act jurisdiction.  Isaacson Obj. at 7-8.  This argument misunderstands the law. "A suit in district court under the Little Tucker Act may seek over $10,000 in total monetary relief, as long as the right to compensation arises from separate transactions for which the claims do not individually exceed $10,000."  Class Certification Op., 235 F. Supp. 3d at 38 (citing Am. Airlines, Inc. v. Austin, 778 F. Supp. 72, 76-77 (D.D.C. 1991); Alaska Airlines v. Austin, 801 F. Supp. 760, 762 (D.D.C. 1992); United States v. Louisville & Nashville R.R. Co., 221 F.2d 698, 701 (6th Cir. 1955)).

26

the government to meet a governmental obligation," see Aerolineas Argentinas v. United States,

77 F.3d 1564, 1573 (Fed. Cir. 1996), or to those against whom the government took action,

related to unlawful fees, that had a "direct and substantial impact."  See Ontario Power

Generation, Inc. v. United States, 369 F.3d 1298, 1303 (Fed. Cir. 2004) (quoting Casa de

Cambio Comdiv S.A., de C.V. v. United States, 291 F.3d 1356, 1361 (Fed. Cir. 2002)).  Because

clients who reimbursed law firms for unlawful PACER fees do not appear to fit into any of these

categories, it would have been difficult – perhaps impossible – for them to recover anything from

the government.  Instead, once law firm class members have received their distributions under

the Agreement, clients may have claims against them – to recover what the clients paid to the

law firms in PACER fees – through sources of law unrelated to class actions, like contract law or

state statutes.  See In re AT&T Mobility Wireless Data Servs. Sales Tax Litig., 789 F. Supp. 2d

935, 967 (N.D. Ill. 2011) (approving a settlement even though some class members had been

reimbursed for unlawful fees).  That is between lawyers and their clients and beyond the scope of

this litigation.

    Second, it makes sense to leave disputes concerning reimbursement to law firm

class members and the clients who reimbursed them, rather than to the claims administrator.  It is

true, as Mr. Isaacson points out, that law firms often bill clients for PACER fees.  Isaacson Obj.

at 4; see, e.g., Decastro v. City of New York, Civil Action No. 16-3850, 2017 WL 4386372, at

*10 (S.D.N.Y. Sept. 30, 2017).  But it would be complicated and burdensome for the claims

administrator to sort through billing records to determine what happened with respect to each set

of PACER fees billed.  Sometimes, firms write fees off.  Sometimes, clients do not pay.  And if a

client paid part, but not all, of their bills, it may not even be possible for the claims administrator

to figure out what portion of a client's payment went towards PACER charges.  On the other

hand, law firm class members are better equipped to determine which of their clients to reimburse for PACER charges, and by how much.  If the clients believe the firms to be unlawfully withholding reimbursement, they can sue.  More likely, law firms and clients will resolve any disputes over reimbursement out of court.  Allowing this process to play out does not make the settlement inequitable.

In short, the benefits offered to class members by the Agreement are substantial, and the likely outcome for the class if the case were to proceed to trial is uncertain.  The Court is convinced that the Agreement is fair, reasonable, and adequate.

## IV.  ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  FED. R. CIV. P. 23(h). Here, the Agreement authorizes attorney's fees, costs, and services awards, but limits the amount the Court can award for these categories combined to no more than 20% of the common fund, or $25 million.  Sett. Agreement ¶ 28.  The Agreement further specifies that service awards cannot exceed $10,000 per Named Plaintiff.  Id.

Class Counsel effectively requests the maximum amount allowed by the settlement:  $1,106,654.98 in costs, $30,000 in service awards ($10,000 for each of the three Named Plaintiffs), and $23,863,345.02 – the difference between the $25 million cap and the

28

other two amounts – in attorney's fees.  Pls.' Sett. Mot. at 4.[10]  The government does not oppose

their request.[11]

        The Court must independently determine the reasonableness of the requested fees,

costs, and service awards.  After carefully considering the submissions of the parties, the relevant

Federal Rule, and the case law, and after considering all of the objections that have been filed

with the Court and expressed at the Settlement Hearing, the Court awards the full amount

requested by Class Counsel in fees, costs, and service awards.

### A.  Legal Background

### 1.  Attorney's Fees

        "The 'common fund doctrine' allows an attorney whose efforts created, increased

or preserved a fund 'to recover from the fund the costs of his litigation, including attorneys'

fees.'"  In re Baan Co. Sec. Litig., 288 F. Supp. 2d 14, 16 (D.D.C. 2003) (quoting Vincent v.

Hughes Air West, Inc., 557 F.2d 759, 769 (9th Cir.1977)).  In common-fund cases, courts have a

duty to "ensure that claims for attorneys' fees are reasonable, in light of the results obtained."

Rogers v. Lumina Solar, Inc., Civil Action No. 18-2128, 2020 WL 3402360, at *11 (D.D.C. June

19, 2020) (K.B. Jackson, J.) (quoting In re Black Farmers Discrimination Litig., 953 F. Supp. 2d

82, 87 (D.D.C. 2013)).  The Court's independent scrutiny of an award's reasonableness is

particularly important in common-fund cases because "the conflict between a class and its

---

[10]      The $1,106,654.98 that Class Counsel requests in costs is comprised of
$29,654.98 in attorney expenses and $1,077,000 in settlement-administration and noticing costs.
Pls.' Sett. Mot. at 4.

[11]      In its briefs, the government raised concerns about the size of the requested fees.
Def.'s Resp. at 4-7.  At the Settlement Hearing, however, the government indicated that Class
Counsel's reply brief had alleviated their concerns.

attorneys may be most stark where a common fund is created and the fee award comes out of, and thus directly reduces, the class recovery." Democratic Cent. Comm. of D.C. v. Washington Metro. Area Transit Comm'n, 3 F.3d 1568, 1573 (D.C. Cir. 1993) (quoting Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 524 (1st Cir. 1991)).  Thus, in common-fund cases, the court acts "as fiduciary for the beneficiaries" of the fund "because few, if any, of the action's beneficiaries actually are before the court at the time the fees are set" and because "there is no adversary process that can be relied upon in the setting of a reasonable fee." In re Dep't of Veterans Affs. (VA) Data Theft Litig., 653 F. Supp. 2d 58, 60 (D.D.C. 2009) (quoting Court Awarded Attorney Fees, Report of the Third Circuit Task Force, 108 F.R.D. 237, 251 (1985)).

Courts have identified two approaches to calculating reasonable attorney's fees in common-fund cases. The first is the "percentage-of-the-fund method, through which 'a reasonable fee is based on a percentage of the fund bestowed on the class.'" Health Republic Ins. Co. v. United States, 58 F.4th 1365, 1371 (Fed. Cir. 2023) (quoting Blum v. Stenson, 465 U.S. 886, 900 n.16 (1984)).  The second is the lodestar method, "through which the court calculates the product of reasonable hours times a reasonable rate, and then adjusts that 'lodestar' result, if warranted, on the basis of such factors as the risk involved and the length of the proceedings." Id. (cleaned up).

While courts have discretion to use either method, fee awards in common-fund cases are "typically based on some percentage of the common fund." Moore v. United States, 63 Fed. Cl. 781, 786 (2005).  The lodestar method, by contrast, generally is used in fee-shifting cases. Health Republic Ins. Co. v. United States, 58 F.4th at 1371.  Many courts of appeals have expressed an explicit preference for using the percentage method in common-fund cases. 5 RUBENSTEIN, supra, § 15:64 & n.15; see, e.g., Swedish Hosp. Corp. v. Shalala, 1 F.3d 1261,

<center>30</center>

1271 (D.C. Cir. 1993); see also In re Baan Co. Sec. Litig., 288 F. Supp. 2d at 17.  This is because

the percentage method "helps to align more closely the interests of the attorneys with the

interests of the parties," Democratic Cent. Comm. of Dist. of Columbia v. Washington Metro.

Area Transit Comm'n, 3 F.3d at 1573, by discouraging inflation of attorney hours and promoting

"efficient prosecution and early resolution of litigation, which clearly benefits both litigants and

the judicial system."  Trombley v. Nat'l City Bank, 826 F. Supp. 2d 179, 205 (D.D.C. 2011)

(quoting In re Lorazepam & Clorazepate Antitrust Litig., 205 F.R.D. 369, 383 (D.D.C. 2002)).

The lodestar method, on the other hand, may give attorneys "an incentive to run up" "the number

of hours they have billed," which could "prolong[] litigation unnecessarily and hence defer[] the

class's compensation."  5 RUBENSTEIN, supra, § 15:65; see Swedish Hosp. Corp. v. Shalala, 1

F.3d at 1268.

 When using the percentage-of-the-fund method, the Federal Circuit has identified

the following factors to consider:

> (1) the quality of counsel; (2) the complexity and duration of the
> litigation; (3) the risk of nonrecovery; (4) the fee that likely would
> have been negotiated between private parties in similar cases;
> (5) any class members' objections to the settlement terms or fees
> requested by class counsel; (6) the percentage applied in other class
> actions; and (7) the size of the award.

Health Republic Ins. Co. v. United States, 58 F.4th at 1372 (quoting Moore v. United States, 63

Fed. Cl. at 787).  In addition, "as settlement amounts increase in magnitude, the percentage of

fees awarded should decrease."  Haggart v. United States, 116 Fed. Cl. 131, 147 (2014).  This is

because "[i]n many instances the increase [in recovery] is merely a factor of the size of the class

and has no direct relationship to the efforts of counsel."  Id. (alterations in original) (quoting In

re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions, 148 F.3d 283, 339 (3d Cir. 1998)).

31

Courts sometimes employ a "lodestar cross-check" when they use the percentage method.  See 5 RUBENSTEIN, supra, § 15:85.  In a lodestar cross-check, "the reasonableness of a potential percentage-of-the-fund fee is checked by dividing the proposed fee award by the lodestar calculation, resulting in a lodestar multiplier, and when this implicit multiplier is too great, the court should reconsider its calculation under the percentage-of-recovery method, with an eye toward reducing the award."  Health Republic Ins. Co. v. United States, 58 F.4th at 1372 (cleaned up).  While "the resulting multiplier need not fall within any pre-defined range, . . . courts must take care to explain how the application of a multiplier is justified by the facts of a particular case, . . . [and] must provide sufficient analysis and consideration of multipliers used in comparable cases to justify the award made."  Id. at 1375 (cleaned up).  That said, lodestar cross-checks "need entail neither mathematical precision nor bean-counting," as "district courts may rely on summaries submitted by the attorneys and need not review actual billing records."  In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 306-07 (3d Cir. 2005).  Although not required, the Federal Circuit has strongly suggested using a lodestar cross-check, "at least as a general matter."  Health Republic Ins. Co. v. United States, 58 F.4th at 1374 n.2.

## 2.  Costs and Service Awards

Rule 23 contemplates recovery of "nontaxable costs," FED. R. CIV. P. 23(h), the "reasonable expenses normally charged to a fee paying client."  5 RUBENSTEIN, supra, § 16:5; see Quimby v. United States, 107 Fed. Cl. 126, 135 (2012).  And "[i]t is well settled that counsel who have created a common fund for the benefit of a class are entitled to be awarded for out-of-pocket costs reasonably incurred in creating the fund."  Mercier v. United States, 156 Fed. Cl. at 593.  Aside from being reasonable, such expenses must be adequately documented. 5 RUBENSTEIN, supra, § 16:10.

32

Service awards, also known as "incentive" or "case-contribution" awards, are distributions from the common fund to class representatives in recognition of their service to the class and their role in the litigation.  See 5 RUBENSTEIN, supra, § 17:1.  Service awards "recognize the unique risks incurred and additional responsibility undertaken by named plaintiffs in class actions,"  Mercier v. United States, 156 Fed. Cl. at 589, and also compensate class representatives for expenses and work performed by in-house counsel.  See In re Lorazepam & Clorazepate Antitrust Litig., 205 F.R.D. at 400.  Service awards must be reasonable and proportionate to class representatives' role in the case.  See 5 RUBENSTEIN, supra, § 17:13.

### B.  Reasonableness of Requested Attorney's Fees

Class Counsel and the government agree that the Court should use the percentage-of-the-fund method to assess the reasonableness of the requested fees.  Pls.' Sett. Mot. at 27; Def.'s Resp. at 8-9.  Mr. Isaacson argues that the Court should use the lodestar method and award fees not exceeding Class Counsel's lodestar.  Isaacson Obj. at 9-10.  He relies primarily on Supreme Court precedent discussing fee-shifting cases and on precedent predating Rule 23 and the modern class action lawsuit.  Id.  But as the D.C. Circuit has noted, "the latest guidance from the High Court counsels the use of a percentage-of-the-fund methodology."  Swedish Hosp. Corp. v. Shalala, 1 F.3d at 1268 (citing Blum v. Stenson, 465 U.S. at 900 n.16); see also In re Home Depot Inc., 931 F.3d 1065, 1085 (11th Cir. 2019) ("[T]he Supreme Court precedent requiring the use of the lodestar method in statutory fee-shifting cases does not apply to common-fund cases."); In re BioScrip, Inc. Sec. Litig., 273 F. Supp. 3d 474, 479-89 (S.D.N.Y. 2017) (Nathan, J.) (rejecting similar arguments made by Mr. Isaacson).  For these reasons, and because the percentage method promotes efficiency and ensures that class counsel is compensated primarily based on the result achieved, the Court will use the percentage method.

33

The government urges the Court to also employ a lodestar cross-check.  Def.'s Resp. at 7.  Class Counsel points out, rightly, that a lodestar cross-check is not required, but it stops short of arguing that the Court should refrain from doing one.  Pls.' Sett. Mot. at 35; see id. at 36-37; Pls.' Reply at 10.  The Court will add a lodestar cross-check to its percentage-method analysis to confirm that the fee awarded properly accounts for the effort Class Counsel expended to litigate the case.  The Court will first analyze the percentage requested using each of the above-described Federal Circuit factors, and then will conduct a lodestar cross-check.

### 1.   The Quality of Counsel

As the Court has stated before, "[t]here is no dispute about the competency of class counsel."  Class Certification Op., 235 F. Supp. 3d at 43.  Gupta Wessler is one of the nation's leading plaintiff and public interest appellate boutiques, and also has extensive experience in complex litigation against the federal government.  See Gupta Decl. ¶¶ 46-48, 50-55, 59-61.  Motley Rice is a leading class-action law firm.  Id. ¶ 45.  In dividing case responsibilities, each firm took charge of what it does best – Gupta Wessler led the briefing, argument, research, and legal analysis, and Motley Rice led the case management, discovery, and settlement administration.  Id.  These two firms have "thoroughly impress[ive] . . . qualifications" and class members undoubtedly "benefit[ted] from the wealth of experience" they brought to the case.  Steele v. United States, Civil Action No. 14-2221, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) (describing groups of attorneys including current members of Class Counsel).

### 2.   The Complexity and Duration of the Litigation

The litigation was reasonably complex.  As in most class actions, the litigation involved a motion to dismiss, disputes regarding class certification, and cross-motions for summary judgment.  <u>See</u> Motion to Dismiss Op., 2016 WL 7076986; Class Certification Op., 235 F. Supp. 3d 32; Summary Judgment Op., 291 F. Supp. 3d 123.  But unlike most class actions, this case required appellate argument both as to a novel theory of jurisdiction and as to the most important merits issue in the case.  <u>See</u> Federal Circuit Op., 968 F.3d at 1343.  After remand, Class Counsel engaged in lengthy settlement negotiation with the government.  Gupta Decl. ¶¶ 23-28.  And even after the parties reached an agreement, Class Counsel put significant effort into answering class members' questions.  Gupta Supp. Decl. ¶¶ 2, 3.  All told, Class Counsel worked on this case for nearly eight years.  <u>See</u> Gupta Decl. ¶¶ 11, 12.

Mr. Isaacson asserts that this case was easy to litigate because it involved an issue of statutory construction that was ultimately settled by the Federal Circuit.  Isaacson Obj. at 14.  But this argument ignores the fact that it was Class Counsel's very efforts that caused the Federal Circuit to construe the statute in a way that would allow the class to recover.  The unsettled interpretation of the E-Government Act at the outset of the litigation speaks to the complexity of the case, not against it.

### 3.   The Risk of Nonrecovery

There was an exceptionally high risk of nonrecovery in this case.  As one of the attorneys representing the class describes, before this lawsuit, "litigation against the federal judiciary was not seen as a realistic way to bring about reform of the PACER fee regime" – both because "the judiciary has statutory authority to charge at least some amount in fees" and because "the fees were still assumed to be beyond the reach of litigation."  Gupta Decl. ¶ 7.  He

points out correctly that the Administrative Procedure Act – which normally provides

jurisdiction and a waiver of sovereign immunity for lawsuits against agencies – explicitly

exempts the federal judiciary from its reach.  See id.; 5 U.S.C. § 551(1)(B).

   Even after Class Counsel identified their alternative and ultimately successful

strategy of arguing that the Little Tucker Act provided the necessary jurisdiction and waiver of

sovereign immunity, there was still a significant risk of nonrecovery for class members.  To

show illegal exaction under the Little Tucker Act, the Named Plaintiffs had to "demonstrate that

the statute or provision causing the exaction itself provides, either expressly or by necessary

implication, that the remedy for its violation entails a return of money unlawfully exacted."

Federal Circuit Op., 968 F.3d at 1348 (internal quotation marks omitted) (quoting Norman v.

United States, 429 F.3d 1081, 1095 (Fed. Cir. 2005)).  But the E-Government Act, which Class

Counsel argued caused the exaction, "nowhere explicitly requires payment of damages by the

government for overcharging users."  Id.  Thus, before even getting to the merits, Class Counsel

had to fight an uphill interpretive battle.

   On the merits, Class Counsel's argument was similarly difficult.  Take, for

example, the one sentence in the E-Government Act that explicitly spoke to PACER fees:  "The

Judicial Conference may, only to the extent necessary, prescribe reasonable fees . . . for

collection by the courts under those sections for access to information available through

automatic data processing equipment."  28 U.S.C. § 1913 note.  As the Federal Circuit

acknowledged, far from supporting its ultimate holding, this sentence "supports the

government's interpretation, as it authorizes charging fees for electronic access to information

without any express restrictions."  Federal Circuit Op., 968 F.3d at 1351.  Nevertheless, Class

Counsel persuaded the Federal Circuit that the rest of the statute, and its context, imposed

restrictions on the sorts of electronic information dissemination for which the judiciary could use PACER fees.  See id. at 1352-57.

Finally, there was litigation risk even after the Federal Circuit held that the E-Government Act did impose such restrictions.  See supra Section III.B.1.  Whether the judiciary could use PACER fees to pay for all of CM/ECF was still an open question.  See Federal Circuit Op., 968 F.3d at 1358.  And the government made plausible arguments that the class could not recover damages without an additional evidentiary showing.  See Gupta Decl. ¶ 23.  Until the moment the Named Plaintiffs reached a settlement with the government, there was a significant risk of nonrecovery.

4.   The Fee that Likely Would Have Been Negotiated in Similar Cases

The Court is to consider what fee "likely would have been negotiated between private parties in similar cases."  Health Republic Ins. Co. v. United States, 58 F.4th at 1372 (quoting Moore v. United States, 63 Fed. Cl. at 787).  The truth is that there are few "similar cases" with which to compare this case:  a class action lawsuit against the federal judiciary for charging too much in fees that it is explicitly authorized to charge at least in part.  See infra Section IV.B.6.  Still, it is worth noting that the percentage award Class Counsel requests here is below the typical 33% contingency fee.  And as Class Counsel points out, each Named Plaintiff signed a retainer agreement providing for a contingency fee of up to 33% of the common fund, Gupta Decl. ¶ 65, and each class member who was also part of the original class agreed to a contingency fee of up to 30% by declining to opt out.  Class Cert. Email Notice; Class Cert. Web Notice at 7; see 1st Notice Appr.  At the same time, the Court takes these agreements with a grain of salt.  Each plaintiff in a class action "typically has a small interest in the overall controversy" and thus "has no incentive to negotiate a competitive rate with class counsel."

37

5 RUBENSTEIN, supra, § 15:74.  And while one third of the recovery may be the typical fee in cases with relatively few plaintiffs, it is not the standard for large class actions where the size of the class is one of the main determinants of the size of the recovery.  This factor thus has minimal bearing on the reasonableness of Class Counsel's requested fee.  See Mercier v. United States 156 Fed. Cl. at 592 ("Even if some other class members had agreed to a 33.3% contingency fee, they almost certainly would have evaluated the fee's reasonableness in terms of their own recoveries, overlooking the economies of scale that class counsel enjoyed by representing thousands of similarly situated plaintiffs.").

5.  Class Members' Objections to the Settlement Terms or Fees Requested by Class Counsel

Most of the objections to the Agreement or the requested fees have already been discussed in the context of the fairness of the settlement, see supra Section III, or with regard to another fee approval factor.  See supra Section IV.B.2.  Mr. Isaacson raises several additional arguments regarding attorney's fees.  First, Mr. Isaacson argues that the Court should not consider the supplemental declarations of Professor William Rubenstein and Professor Brian Fitzpatrick because Class Counsel submitted these declarations after the deadline for class members to file objections.  Isaacson Stmt. at 3.  Second, Mr. Isaacson quibbles with the content of these supplemental declarations.  Id. at 3-6.

Strictly construed, Mr. Isaacson's first argument lacks merit.  Under the Federal Rules of Civil Procedure, the only relevant requirement is that notice of a motion for attorney's fees must be "directed to class members in a reasonable manner" so that class members "may object to the motion."  FED. R. CIV. P. 23(h).  The Advisory Committee notes that, "[i]n setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion."  Id. advisory committee's note (2003).

38

Rule 23 thus requires only that class members have sufficient time to respond to the fee <u>motion</u> and accompanying evidence, not to evidence submitted in response or reply.  Here, Class Counsel submitted their motion for attorney's fees over two weeks before the objection deadline, giving objectors sufficient time to respond.  <u>See</u> Pls.' Sett. Mot.

That said, it is a fair point that class members lack a meaningful opportunity to object to attorney's fees requests if counsel submits declarations raising new bases of support for the requested fees after the objection deadline.  And the professors' supplemental declarations do just that.  Professor Fitzpatrick's declaration provides information about why the Fitzpatrick Matrix should not be used as Mr. Isaacson suggests.  <u>See</u> Fitzpatrick Supp. Decl. ¶¶ 4-6. Professor Rubenstein's declaration examines the data used in the Fitzpatrick Matrix and comes to certain conclusions about reasonable fees based on a subset of that data.  <u>See</u> Rubenstein Supp. Decl. ¶¶ 13-26.  Neither of these points was raised in the professors' original declarations, which accompanied Class Counsel's fees motion.

Based on Mr. Isaacson's objections, the Court will not rely on the supplemental declarations of Professor Fitzpatrick or Professor Rubenstein in assessing the reasonableness of Class Counsel's requested fees.  Because the Court will not rely on the declarations, it need not address Mr. Isaacson's arguments about their content.

### 6.   The Percentage Applied in Other Class Actions

Thirty years ago, the D.C. Circuit noted that "a majority of common fund class action fee awards fall between twenty and thirty percent."  <u>Swedish Hosp. Corp. v. Shalala</u>, 1 F.3d at 1272.  This remains true today.  <u>See</u> 5 RUBENSTEIN, <u>supra</u>, § 15:83 (summary of empirical studies on common fund fee awards finding means between 22% and 27% and medians between 24% and 29%).  For cases in which the common fund is especially large, fee

awards tend towards the low end of this range.  The latest comprehensive study on class action fee awards, using data from 2009-2013, reports that the mean percentage awarded from common funds greater than $67.5 million is 22.3%.  Theodore Eisenberg et al., <u>Attorneys' Fees in Class Actions: 2009-2013</u>, 92 N.Y.U. L. REV. 937, 948 (2017).

Although it is difficult to locate good comparisons to the settlement in this case, the comparisons that the Court did find are in line with these statistics.  Two cases involving insufficient pay by the Department of Veterans Affairs provide the closest analogues.  In <u>Quimby v. United States</u>, a class of over 40,000 health professionals formerly employed by the Department alleged that they were deprived of additional pay that they earned for working undesirable shifts.  <u>Quimby v. United States</u>, 107 Fed. Cl. at 128-29.  As this Court has done in this case, the Court of Claims granted in part and denied in part cross-motions for summary judgment on the government's liability.  <u>Id</u>. at 128.  The class ultimately settled with the government in 2012 – after eleven years of contentious litigation – and the settlement agreement provided for a common fund of $74 million.  <u>See id</u>. at 133.  The Court of Claims granted class counsel's request for 30% of the common fund in attorney's fees, <u>id</u>. at 132, 135, reasoning that the attorneys obtained "excellent results," <u>id</u>. at 133 (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983)), and that "[t]he complexity of this litigation, the government's opposition to the Court's ruling on the merits, and the absence of controlling precedent concerning many of the issues presented together indicate that continued litigation would have created substantial uncertainty for members of the class."  <u>Id</u>.

The plaintiffs in <u>Mercier v. United States</u> brought similar claims.  <u>See</u> <u>Mercier v. United States</u>, 156 Fed. Cl. 580.  There, a class of over 3,000 nurses and physician assistants sued the Department of Veterans Affairs, alleging that they were deprived of overtime pay.  <u>Id</u>.

at 583.  The Court of Claims granted the government's motion to dismiss, but was reversed on appeal.  Id.  The litigation continued.  Id.  The class settled with the government in 2021 – after eight years of litigation – and the settlement agreement provided for a common fund of $160 million.  Id. at 583-84.  Class counsel requested 30% of the common fund in attorney's fees.  Id. at 590.  In analyzing the reasonableness of this request, the Court of Claims found that class counsel was skilled and experienced, that the litigation was complex, and that the risk of nonrecovery was substantial.  Id. at 591.  But because the common fund was so large (in part due to the size of the class itself), the court rejected class counsel's request and awarded 20% of the fund instead of the requested 30%.  Id. at 592-93.  The court found that the awarded percentage would "protect[] the interests of the class members but also provide[] ample compensation to counsel for their excellent work in this case" and "encourage other counsel to take on the representation of plaintiffs in similar cases."  Id. at 593.

        Here, the requested percentage is 19.1%.  It is smaller than the percentage the Court of Claims awarded in Quimby, a complex case that lasted longer than this one – and where, as here, the government opposed the court's rulings on novel issues of law.  See Quimby v. United States, 107 Fed. Cl. at 128-133.  It is approximately what the Court of Claims awarded in Mercier, another complex case, of similar duration to this one – and where, as here, counsel for the class successfully litigated issues of liability on appeal.  See Mercier v. United States 156 Fed. Cl. at 583-84, 591-93.  Furthermore, according to the most recent comprehensive study on class action fee awards, the requested percentage is around the average for common funds in the range of the fund created by this settlement.  See Eisenberg et al., supra, at 948.  Because the requested fee award fits neatly within the relevant statistical range and aligns with the best case analogues, this factor strongly counsels in favor of approval of the attorney's fees request.

<center>41</center>

7.   The Size of the Award

The size of the requested fee award – nearly $24 million – is large.  But "so is the class members' total recovery."  See Raulerson v. United States, 108 Fed. Cl. 675, 680 (2013) (approving fee award of approximately $11 million).  Three additional considerations convince the Court that the absolute size of the requested award is not a cause for concern.  First, $24 million is nowhere near the highest amounts courts have awarded in attorney's fees in common-fund cases.  See, e.g., 52 Fikes Wholesale, Inc. v. HSBC Bank USA, N.A., 62 F.4th 704, 723-24 (2d Cir. 2023) (affirming fee award of approximately $523 million); In re Equifax Inc. Customer Data Sec. Breach Litig., 999 F.3d 1247, 1281 (11th Cir. 2021) (affirming fee award of $77.5 million); see also Eisenberg et al., supra, at 943-44 (finding yearly average fee awards between $37.9 million and $124 million in common-fund cases with recoveries greater than $100 million).  Second, $24 million is close to the absolute size of the fees awarded in the closest comparator cases identified above.  See Mercier v. United States 156 Fed. Cl. at 593 (awarding $32 million in fees); Quimby v. United States, 107 Fed. Cl. at 135 (awarding approximately $22 million in fees).  And third, the Court's lodestar cross-check, performed below, directly accounts for the size of the fee award by comparing it to the amount of effort that Class Counsel expended in this case.  As a result, this factor does not move the needle in either direction.

8.   Lodestar Cross-Check

The Federal Circuit has noted a "norm of . . . multipliers in the range of 1 to 4" in lodestar cross-checks of reasonable fee requests.  Health Republic Ins. Co. v. United States, 58 F.4th at 1375.  Statistics show that, between 2009 and 2013, the mean lodestar multiplier was 1.48.  Eisenberg et al., supra, at 965 tbl.12.  For cases with common funds over $67.5 million, the mean multiplier was 2.72.  Id. at 967 tbl.13.  Multipliers significantly above this

42

mean may be cause for concern.  In <u>Mercier</u>, for example, the Court of Claims found a multiplier of 4.4 to be too high, but a multiplier of 2.95 to result in "a very generous but reasonable recovery."  <u>Mercier v. United States</u>, 156 Fed. Cl. at 592; <u>see</u> <u>also</u> 5 RUBENSTEIN, <u>supra</u>, § 15:87 ("Empirical evidence of multipliers across many cases demonstrates that most multipliers are in the relatively modest 1-2 range; this fact counsels in favor of a presumptive ceiling of 4, or slightly above twice the mean.").

Here, Class Counsel estimates their lodestar at $6,031,678.25 based on the hourly rates that the firms' attorneys charge in non-contingency cases.  Gupta Decl. ¶¶ 63, 64; Oliver Decl. ¶¶ 12, 13.  Both the government and Mr. Isaacson suggest that Class Counsel's lodestar should be estimated using the hourly rates in the U.S. Attorney's Office Fitzpatrick Matrix, instead of using Class Counsel's actual rates.  Def.'s Resp. at 5-7; Isaacson Obj. at 12-13.  But the Fitzpatrick Matrix was not designed to be used for lodestar cross-checks in common fund class actions; instead, "[t]he matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover 'reasonable' attorney's fees."  U.S. ATT'Y'S OFF. FOR D.C., THE FITZPATRICK MATRIX, Explanatory Note 2, www.justice.gov/usao-dc/page/file/ 1504361/download [https://perma.cc/EVQ5-NNMC]; <u>see</u>, <u>e.g.</u>, <u>J.T. v. District of Columbia</u>, 652 F. Supp. 3d 11, 26-27, 31-36 (D.D.C. 2023) (using Fitzpatrick Matrix to calculate reasonable attorney's fees under the fee-shifting provision of the Individuals with Disabilities Education Act).  Mr. Isaacson also asserts that the Court should require Class Counsel to submit itemized records of hours billed in order to make "appropriate deductions."  Isaacson Obj. at 12.  But the Court declines to engage in the "bean-counting" that it has been cautioned against, and instead

<div align="center">43</div>

will "rely on summaries submitted by the attorneys." In re Rite Aid Corp. Sec. Litig., 396 F.3d at 306-07.[12]

In addition, the government argues that Class Counsel's use of current billing rates "fail[s] to account [for the fact] that the litigation began in 2016, with class certification in 2017, when rates for both firms presumably were lower." Def's Resp. at 4. But courts routinely use current billing rates for lodestar cross-checks, even when the attorneys requesting fees charged lower rates at the outset of litigation. See, e.g., Bakhtiar v. Info. Res., Inc., Civil Action No. 17-4559, 2021 WL 4472606, at *9 (N.D. Cal. Feb. 10, 2021); In re Apollo Grp. Inc. Sec. Litig., Civil Action No. 04-2147, 2012 WL 1378677, at *7 & n.2 (D. Ariz. Apr. 20, 2012). Until fees are awarded, class action attorneys work on a case without pay. Using current billing rates, which are almost always higher than historical rates, accounts for this delay in payment. See James v. District of Columbia, 302 F. Supp. 3d 213, 226-28 (D.D.C. 2018) (citing Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542, 556 (2010)); cf. Stetson v. Grissom, 821 F.3d 1157, 1166 (9th Cir. 2016) (when calculating attorney's fees using the lodestar method, rather than the percentage-of-the-fund method, in common-fund cases, "[t]he lodestar should be computed either using an hourly rate that reflects the prevailing rate as of the date of the fee request, to compensate class counsel for delays in payment inherent in contingency-fee cases, or using historical rates and compensating for delays with a prime-rate enhancement").

Dividing Class Counsel's requested fees ($23,863,345.02) by their estimated lodestar ($6,031,678.25) results in a multiplier of 3.96. Put another way, Class Counsel's

---

[12]   The Court agrees with the government, as it represented at the Settlement Hearing, that any concerns about Class Counsel's future time estimate included in their estimated lodestar have been addressed through Class Counsel's supplemental declarations. See Gupta Supp. Decl. ¶¶ 2-3; Oliver Supp. Decl. ¶¶ 3-5.

requested fee award would compensate them at slightly below four times their hourly rates for the work they performed in this case.  This multiplier is within the normal range of one to four – although, admittedly, on the high end of it.  The Court believes that a multiplier of this magnitude is warranted due to the risk Class Counsel took on in agreeing to litigate the case.  Class Counsel provided exceptional service to the class for over seven years, all the while in danger of being paid nothing (or close to it).  And multipliers of this size, or even higher, are by no means unheard of.  See 5 RUBENSTEIN, supra, § 15:89 (noting "roughly 70 reported cases with multipliers over 4"); e.g., Kane Cnty., Utah v. United States, 145 Fed. Cl. 15, 20 (2019) (multiplier of 6.13 for attorney's fee award of approximately $6 million, one third of the common fund); Geneva Rock Prod., Inc. v. United States, 119 Fed. Cl. 581, 595 (2015) (multiplier of 5.39 for attorney's fee award of approximately $4 million, 17.5% of the common fund).  After all, when counsel in a class action request a reasonable percentage of a common fund, the lodestar cross-check must remain a cross-check of that percentage, and no more.  "[T]he point is not to identify the precise outdoor temperature at noon but to know whether or not a coat might be necessary when venturing out for lunch."  5 RUBENSTEIN, supra, § 15:87.  Here, the temperature is just fine.

The Court will award the full amount of attorney's fees requested by Class Counsel.  In addition to reflecting a reasonable lodestar multiplier, the fees requested reflect a percentage of the fund around the average for common funds of similar size – even though Class Counsel's representation, and the result they achieved for the class, were well above average.  Class Counsel did an exceptional job in novel litigation with a high risk of nonrecovery.  For these reasons, their fee request is warranted.

### C. *Expenses and Service Awards*

Class Counsel requests $10,000 for each of the three Named Plaintiffs as service awards. Pls.' Sett. Mot. at 40-41. Mr. Isaacson objects that awards of this type are unlawful under nineteenth-century Supreme Court precedent. Isaacson Obj. at 14-15; see Trustees v. Greenough, 105 U.S. 527 (1882); Cent. R.R. & Banking Co. v. Pettus, 113 U.S. 116 (1885). The "overwhelming majority" of circuits disagree with Mr. Isaacson's interpretation of these cases. Moses v. N.Y. Times Co., 79 F.4th 235, 253 (2d Cir. 2023) (collecting cases). Mr. Isaacson urges the Court to adopt the reasoning of the Eleventh Circuit, the one outlier from this modern consensus. See Johnson v. NPAS Sols., LLC, 975 F.3d 1244, 1255 (11th Cir. 2020). But even the Eleventh Circuit – and the Supreme Court cases on which Mr. Isaacson relies – acknowledges that "[a] plaintiff suing on behalf of a class can be reimbursed for attorneys' fees and expenses incurred in carrying on the litigation." Id. at 1257; see Trustees v. Greenough, 105 U.S. at 537; Cent. R.R. & Banking Co. v. Pettus, 113 U.S. at 122-23. And each Named Plaintiff in this case has expended over $10,000 worth of attorney time and expenses in leading this litigation. See Burbank Decl. ¶ 6; Rossman Decl. ¶ 3; Brooks Decl. ¶ 2. Thus, the Court finds the award to the Named Plaintiffs here appropriate. As one of the attorneys representing the class stated in his declaration:

> [E]xperienced in-house lawyers [for the Named Plaintiffs] performed invaluable work that was necessary to prosecute this case effectively and ethically. Had they not performed that work on the litigation, the same work would have had to be performed by class counsel or, perhaps more likely, by other outside counsel hired by each organization at far greater expense.

Gupta Supp. Decl. ¶ 7.

The Court also approves Class Counsel's request for $29,654.98 in attorney expenses and $1,077,000 in settlement administration costs.  Pls.' Sett. Mot. at 40.  As documented by Class Counsel, the attorney expense reimbursements requested include travel, food, lodging, court fees, Westlaw/Lexis fees, photocopying, printing, and mail services; they also include the plaintiffs' portion of the cost of mediation services.  Oliver Decl. ¶¶ 14-18.  The settlement administration amount was calculated based on the noticing expenses, as well as the "not-to-exceed" amount quoted by the settlement administrator.  Id. ¶ 19; KCC Supp. Decl. ¶ 4.  The Court finds these expenses and administration costs to be reasonable and adequately documented.

## V.  CONCLUSION

The Named Plaintiffs and the United States have reached an historic settlement agreement in this case that reimburses PACER users for $100 million of the fees they paid within a period of over eight years.  The Agreement reimburses many small-scale PACER users for all of the fees they paid during this period.  And it reimburses large-scale users substantially, and in proportion to what they paid.  The Court finds the Agreement to be fair, reasonable, and adequate.

Before reaching a settlement in this unique case, Class Counsel impressively litigated for nearly eight years.  They took the case from an untested idea, to a certified class action, to a win on partial summary judgment, to a successful appeal.  They negotiated with the federal government to deliver to the class much of the recovery the class sought – although, as with any compromise, not all of it.  The Court approves Class Counsel's full request for attorney's fees, costs, and service awards.

Plaintiffs' Motion for Final Approval of Class Settlement and for Attorneys' Fees, Costs, and Service Awards [Dkt. No. 158] is hereby GRANTED.  The Final Judgment and Order on Final Approval of Class Settlement, Attorney's Fees, Costs, and Service Awards will issue this same day.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 3|20|24

48